**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

TROOPER 1,

Plaintiff,

v.

NEW YORK STATE POLICE, ANDREW CUOMO and MELISSA DEROSA,

Defendants.

---------------------------------------------------------X

Case No.: 22-cv-00893

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO PROCEED ANONYMOUSLY PURSUANT TO FRCP RULE 10(a)**

**WIGDOR LLP**

Valdi Licul
John S. Crain

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
vlicul@wigdorlaw.com
jcrain@wigdorlaw.com

*Counsel for Plaintiff*

Plaintiff Trooper 1 ("Plaintiff" or "Trooper 1"), by and through her undersigned counsel, Wigdor LLP, hereby files this Memorandum of Law in Support of Plaintiff's Motion to Proceed Anonymously Pursuant to Federal Rule of Civil Procedure ("FRCP") 10(a) (the "Motion").

**FACTUAL BACKGROUND**

Defendant Governor Andrew Cuomo (the "Governor") is angry that the numerous women he has sexually harassed over the years have reported his unlawful conduct. The Governor and his former top aide, Defendant Melissa DeRosa ("DeRosa"),[1] have been on a warpath of retaliation, sharing a victim's confidential personnel information with reporters, secretly recording conversations with victims and, most recently, threatening to bring ethics and criminal charges against the victims and their lawyers. Unless constrained to maintain the anonymity of Trooper 1, whose identity has been kept secret to date during investigations by both the State Attorney General and the State Assembly, there can be little doubt that Defendants will continue their retaliation against Trooper 1 as well.

Defendants have long had notice of Trooper 1's true identity. Declaration of Valdi Licul ("Licul Decl.") at ¶ 2. Plaintiff has substantial privacy interests in her identity remaining anonymous, and she would suffer significant psychological harm if she is forced to reveal her identity to the public. Further, Defendants will suffer no prejudice if Plaintiff is permitted to pursue her claims anonymously. And, as a suit against the government and government decision-makers, there are no private parties whose reputation will be damaged by Plaintiff's anonymity. Accordingly, Plaintiff's Motion to Proceed Anonymously should be granted.

---

[1] Cuomo, DeRosa and the New York State Police ("NYSP") are collectively referred to as Defendants.

## ARGUMENT

It is well-settled that a court may allow a plaintiff to proceed anonymously in judicial proceedings where the plaintiff has a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189 (2d Cir. 2008) (alteration adopted). In balancing these respective interests, a court may consider the following "non-exhaustive" factors:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or, even more critically, to innocent nonparties;
>
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of disclosing the plaintiff's identity;
>
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly given his or her age;
>
> (5) whether the suit is challenging the actions of the government or that of private parties;
>
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
>
> (7) whether the plaintiff's identity has thus far been kept confidential;
>
> (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity;
>
> (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

> (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

Id. (internal quotation marks, citations and alterations omitted).

A district court is not required to list each of the factors or use any particular formula as long as the court balanced the interests at stake in reaching its conclusion. See id. at 191, n.4. Here, these factors favor permitting Plaintiff to proceed anonymously.

## I. PLAINTIFF'S IDENTIFICATION POSES A RISK OF RETALIATORY ECONOMIC AND MENTAL HARM

The second and third factors here weigh heavily in favor of allowing Plaintiff to proceed anonymously. Plaintiff's experiences with the Governor, as detailed in her Complaint, have been deeply humiliating. As a result, Plaintiff has sought mental health treatment and would certainly experience significant harm if she is forced to reveal her identity to the public.

Moreover, the Governor and DeRosa have shown through their conduct over the past several years that they will use every tool at their disposal to lash out at those who challenge their abuses. When they still had the power of the Governor's office, they immediately released the confidential personnel file of Lindsey Boylan when she went to the press in 2020. Complaint at ¶¶ 2, 145. DeRosa tried to have another Executive Chamber employee recorded, after that employee publicly voiced her support of Boylan. Id. at ¶¶ 2, 146. Even out of the office, they have continued a race to the bottom to retaliate with every means at their disposal. DeRosa has taken to Twitter to accuse Trooper 1 of "extortion" after Trooper 1 sent a demand letter prior to the instant action. Id. at ¶¶ 6, 152. And the Governor has threatened disciplinary charges against the attorneys who investigated him; hinted that these allegations "may expand;" and said he will make "submissions" to "relevant district attorneys" related to "perjury" and "witness tampering," meaning he intends to pursue criminal charges against those who have tried to hold him

accountable. Id. at ¶¶ 148, 153, 154, 156. There can be little doubt that, if free to disclose Trooper 1's name publicly, the two will continue their campaign of intimidation against Trooper 1 and, perhaps, even, her family, colleagues and friends, by defaming her and attacking her interests however they can.

## II. THE SUIT CHALLENGES THE ACTIONS OF THE GOVERNMENT

In suits challenging the actions of the government, the plaintiff's interest in anonymity is "particularly strong." EW v. N.Y. Blood Ctr., 213 F.R.D. 108, 111 (E.D.N.Y. 2003). "In such circumstances the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of h[er] rights." Id. That is because "the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." Id.

Here, Plaintiff is challenging the actions of NYSP, a government agency, and former government offices. Plaintiff is part of a distinct minority of public employees willing to step forward with claims of sexual harassment. Moreover, the Governor was, during his tenure, one of the most popular governors in the history of the state. He exercised a close control over many of the state's institutions during his time in office. There likely remains a network of state employees who owe their employment or advancement to him, risking a political backlash towards Trooper 1 that could threaten her career were she forced to proceed publicly. As explained above, both the Governor and DeRosa have shown that they are inclined towards public campaigns of harassment and retaliation against those who challenge them, and there is significant concern that they would leverage their influence to undermine Trooper 1's government employment. Moreover, the State has no interest in protecting its reputation, and

government investigators have already publicized the allegations herein as to the Governor and DeRosa, who face no additional reputational harm from the instant Complaint.

## III. DEFENDANTS WOULD NOT BE PREJUDICED BY ALLOWING PLAINTIFF TO PURSUE HER CLAIMS ANONYMOUSLY

Additionally, Defendants would not be prejudiced if Plaintiff pressed her claim anonymously. This is not a case in which the defendants do not know the plaintiff's identity. Licul Decl. at ¶ 2. Plaintiff's counsel has confidentially disclosed Plaintiff's name to the respective counsel for Defendants. Id.; see Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678 (11th Cir. 2001) (finding no prejudice where plaintiff offered to disclose her identity to defendants). Further, Defendants will have access to Plaintiff's employment records, and will still have the right to depose or confer with any and all witnesses, conduct full discovery in accordance with the FRCP and obtain any and all documents. There is neither potential prejudice to Defendants nor a possibility of confusion of identities.

## IV. PLAINTIFF HAS KEPT HER IDENTITY CONFIDENTIAL THROUGH NUMEROUS GOVERNMENTAL INVESTIGATIONS

Further, Plaintiff has kept her identity confidential. Indeed, the State Attorney General, State Assembly and numerous prosecutors have investigated the Governor's conduct. And, although these investigations have been much publicized, in each case, these government officials have taken great care to respect Plaintiff's right to anonymity by refusing to identify her.

## V. THE PUBLIC WILL NOT BE PREJUDICED IF PLAINTIFF PROCEEDS ANONYMOUSLY

"[P]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." Doe v. Stegall, 653 F.2d 180, 185 (5th Cir. 1981). Moreover, the details of Trooper 1's case are well known and available to anyone with internet access, through the reports of the State Attorney General and the State Assembly. Anyone with an

internet connection can learn all of her relevant employment history and the entire background of this case, and Trooper 1's name adds nothing to the public conversation about Defendants' misconduct in office and gender discriminatory policies.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Leave to Proceed Anonymously in its entirety, and all other relief this Court deems just and appropriate.

Dated: February 17, 2022
New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: ______________________________
Valdi Licul
John S. Crain

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
vlicul@wigdorlaw.com
jcrain@wigdorlaw.com

*Counsel for Plaintiff*