# BRACEWELL

March 16, 2022

**VIA ECF**

Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: <u>Trooper 1 v. New York State Police, et al., No: 22-cv-00893 (LDH)(TAM)</u>

Dear Judge DeArcy Hall:

      We represent Melissa DeRosa and Richard Azzopardi and submit this letter to request a pre-motion conference. As discussed below, we intend to file motions on behalf of both defendants seeking to dismiss the amended complaints as to them for failure to state a claim.

A.    <u>Melissa DeRosa</u>

      1.    Melissa DeRosa is named in the third and fifth causes of action for discrimination in violation of the New York State Human Rights Law and the New York City Human Rights Law. The gravamen of the two claims is (1) that former Governor Andrew Cuomo sexually harassed Trooper 1 by directing sexually explicit comments to her and touching her inappropriately and (ii) that Ms. DeRosa, a senior staffer to the former Governor, aided and abetted his unlawful conduct by persuading the <u>Times Union</u> not to publish a story which would have reported that Trooper 1 had been assigned to the Governor's security detail despite the fact that she didn't meet its qualifications. Amended Complaint ¶¶ 62-67.

      The discrimination claims against Ms. DeRosa should be dismissed because nowhere is it alleged that she knew Governor Cuomo was harassing Trooper 1 (assuming that he was). An allegation of such knowledge is the <u>sine qua non</u> of aiding and abetting liability. <u>See</u>, e.g., <u>McHenry v. Fox News</u>, 510 F. Supp. 3d 51, 77 (S.D.N.Y. 2020)(dismissing aiding and abetting claim for "lack[] [of] non-conclusory allegation that [individual defendant] knew of [employer's] harassment of [plaintiff] while it was on-going"); <u>Olsen v. Suffolk County</u>, 2016 WL 5395846 *17 (E.D.N.Y.)(dismissing NYSHRL discrimination claim because it did not "allege that [individual defendants] were actually aware of any harassment"); <u>Conde v. Sisley Cosmetics USA, Inc.</u>, 2012 WL 1883508 *6 (S.D.N.Y.)(Sullivan, J.)(dismissing NYCHRL discrimination claim because it "fail[ed] to plausibly allege that [defendant] was even aware of the alleged discriminatory . . . conduct").

**Paul Shechtman**
Partner

T:+1.212.508.6107    F: +1.800.404.3970
1251 Avenue of the Americas, 49th Floor, New York, New York 10020-1100
paul.shechtman@bracewell.com    bracewell.com

AUSTIN  CONNECTICUT  DALLAS  DUBAI  HOUSTON  LONDON  NEW YORK  SAN ANTONIO  SEATTLE  WASHINGTON, DC

Nor can it plausibly be inferred that Ms. DeRosa knew of Governor Cuomo's allegedly harassing conduct. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)(plaintiff must allege "enough facts to state a claim for relief that is plausible on its face"). If Governor Cuomo was sexually harassing Trooper 1, it is unimaginable that he would have told anyone on his senior staff about his unlawful conduct. Indeed, the amended complaint alleges that he told Trooper 1 not to "tell anyone about our conversations." ¶ 38.

2.  The fourth and six causes of action allege that Ms. DeRosa "retaliated against Plaintiff for protesting discrimination on the basis of sex." ¶¶ 176, 186.[1] Ms. DeRosa allegedly retaliated against Trooper 1 on November 12, 2021, after Trooper 1 had testified against Governor Cuomo and after Trooper 1's counsel had sent a "demand letter to Ms. DeRosa asserting [Trooper 1's] legal rights." ¶ 152-153. Ms. DeRosa's alleged retaliatory act was to "accus[e] Trooper 1 of 'extortion' and threaten[] legal action" against her. ¶ 154.[2]

The retaliation provisions of the State and City Human Rights Law reach persons "engaged in . . . employment, housing or public accommodation." Chen v. CHzM Companies, Ltd., 2012 WL 4473293 *6 (S.D.N.Y.). In November 2021, when the alleged retaliatory act occurred, Ms. DeRosa was out of government service. See ¶ 14 (Ms. DeRosa "resigned in August 2021"). Her words did not (and could not) constitute an adverse employment action, nor were they reasonably likely to deter Trooper 1 from engaging in protected activity. They were an expression of outrage by a private citizen at a front-page story that accused her of having an extra-marital affair with her boss, the source of which was Trooper 1. Such outrage is not retaliation.

---

[1] Under the NYSHRL, a retaliation claim requires a showing that plaintiff engaged in a protected activity and the defendant took an "adverse employment action" in response. McMenemy v. City of Rochester, 241 F.3d 279, 282-3 (2d Cir. 2001)(emphasis added). Under the NYCHRL, the retaliation "need not result in . . . a materially adverse change in the terms of employment . . . but must be reasonably likely to deter a person from engaging in protected activity." The NYCHRL, however, "is not a general civility code." Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 112-3 (2d Cir. 2013).

[2] Ms. DeRosa's remarks came after the New York Post reported a portion of Trooper 1's testimony in the Attorney General's investigation, namely that Trooper 1 had heard rumors that Governor Cuomo and Ms. DeRosa were seen "making out on the sidewalk like high schoolers." See "Ex-Gov. Cuomo, married aide DeRosa allegedly caught 'making out': trooper," New York Post, Nov. 12, 2021. The article printed Ms. DeRosa's response: "It's beyond the pale for this trooper . . . who has already attempted to extort money from me [a reference to the September 28 demand letter] to make these accusations based on false rumors and for them to be printed in a newspaper. Not only is this ludicrous, it's hurtful and potentially actionable." See Global Network Communications, Inc. v. City of New York, 458 F.3d 150, 156-7 (2d Cir. 2006)(a court may consider outside material "integral to [the] complaint" to "prevent[] plaintiffs from generating complaints invulnerable to Rule 12(b)(6) simply by clever drafting").

Cf. Greenbelt Cooperative Publishing Association Inc. v. Bresler, 398 U.S. 6, 14 (1970)(describing the word "blackmail" as "no more than rhetorical hyperbole, a vigorous epithet used by those who considered [plaintiff's] negotiating position extremely unreasonable").

B.     Richard Azzopardi

Richard Azzopardi is also named in the fourth and sixth causes of action for retaliating against Trooper 1. Other than paragraph 15, which identifies Mr. Azzopardi as former Governor Cuomo's spokesman, the amended complaint says only this about him:

> True to form, on February 17, 2022, the same day Trooper 1 filed this action, Azzopardi, the Governor's spokesman, tweeted a statement attacking Trooper 1 and her attorneys, accusing them of an attempt to "extort" a settlement and "cheap cash extortions." This statement, falsely accusing the Governor's victim and her attorneys of a crime for trying to protect her civil rights, was intended to retaliate against Trooper 1 and dissuade her from continuing to pursue her legal claims.

¶ 159.[3]

At the time of the tweet, Governor Cuomo and Mr. Azzopardi were private citizens with no ability to affect Trooper 1's employment. Nor could it plausibly be said that Mr. Azzopardi's words were likely to deter Trooper 1 from pursuing this case. They were the predictable response of a spokesman defending his principal. See Melman v. Montefiore Med. Center, 98 A.D.3d 107, 129 (1st Dept. 2012)(a person cannot "be deemed to have retaliated against plaintiff simply by denying that [he] was discriminating against [her]"); Dixon v. Int'l Bhd. of Police Officers, 504 F.3d 73, 84 (1st Cir. 2007)(a "person . . . accused of discrimination must be allowed to defend himself or herself").

\* \* \*

For these reasons, Ms. DeRosa and Mr. Azzopardi seek a pre-motion conference.

Respectfully submitted,

/s/ Paul Shechtman

Paul Shechtman

PS:wr

---

[3] Paragraphs 15 and 159 were added to the original complaint the day after it was filed; they are the only additions to it.