**WIGDOR LLP**
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Valdi Licul**
vlicul@wigdorlaw.com

March 23, 2022

<u>VIA ECF</u>

Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: <u>Trooper 1 v. Cuomo, *et al.*</u>; Case No. 22-cv-00893 (LDH)(TAM)

Dear Judge DeArcy Hall:

We represent Plaintiff Trooper 1 ("Plaintiff" or "Trooper 1") in connection with her claims against Defendants New York State Police, Andrew Cuomo, Melissa DeRosa and Richard Azzopardi. We write in response to Defendants DeRosa and Azzopardi's (together, "Defendants") request for a pre-motion conference ("PMC Ltr."). <u>See</u> Dkt. No. 16.

**I. <u>THE MOTION TO DISMISS STANDARD</u>**

A plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Importantly, a court must "assume [the] veracity" of the allegations and draw all "reasonable inference[s]" in the plaintiff's favor. <u>Id.</u> at 678-79. Moreover, the plaintiff is not required to plead "specific evidence" explaining how the defendant's conduct was unlawful, <u>Arista Records, LLC v. Doe 3</u>, 604 F. 3d 110, 119-21 (2d Cir. 2010), but only facts sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." <u>Twombly</u>, 550 U.S. at 555.

**II. <u>THE COMPLAINT PLAUSIBLY ALLEGES THAT DEROSA AIDED AND ABETTED THE FORMER GOVERNOR'S HARASSMENT</u>**

DeRosa claims that she cannot be held liable because she was unaware of the former Governor's harassment. The argument both misapprehends the law and misreads the Amended Complaint ("AC"), Dkt. No. 7.



New York state and city laws make it unlawful to subject an employee to "unwanted gender-based conduct, " McHenry v. Fox News Network, LLC, No. 19 Civ. 11294 (PAE), 2020 WL 7480622, at *6 (S.D.N.Y. Dec. 18, 2020) (citations omitted), including, "[u]nwelcome sexual advances." Redd v. N.Y. Div. of Parole, 678 F.3d 166, 175 (2d Cir. 2012) (quoting Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 65 (1986)). Importantly, "evidence of the harassment of women other than" the specific plaintiff "is relevant to show the existence of a hostile work environment." Perry v. Ethan Allen, Inc., 115 F.3d 143, 151 (2d Cir. 1997).

Both laws also make it unlawful for "any person" to "aid and abet" such discrimination. N.Y. Exec. Law § 296(6); N.Y.C. Admin. Code. 8-107(6). To be liable, "an individual need not [her]self actually take part in the primary violation." Schaper v. Bronx Lebanon Hosp. Ctr., 408 F. Supp. 3d 379, 395 (S.D.N.Y. 2019). Thus, for example, "failure to investigate [discrimination] can constitute 'active participation' to support an aiding and abetting claim." Delisi v. Nat'l Ass'n of Pro. Women, Inc., 48 F. Supp. 3d 492, 496 (E.D.N.Y. 2014).

Here, the AC plausibly alleges that DeRosa aided and abetted the hostile work environment created by the former Governor. DeRosa was "the Governor's chief of staff," AC at ¶ 14, and was closely involved with his interactions with his numerous victims. She not only advised the former Governor about how to interact with his victims, id. at ¶ 146, but actively sought to gather "dirt" on them to hide the former Governor's misdeeds. Id. at ¶¶ 148-49. Her conduct with respect to Trooper 1 was no different. Amidst swirling public accusations of the former Governor's sexual improprieties in late 2020, a reporter wanted to know why the New York State Police had changed its eligibility rules to authorize Trooper 1 to be reassigned to the former Governor's personal security detail. Id. at ¶¶ 63-64. "To conceal the Governor's unlawful conduct, the Governor and his cohorts responded with a false and misleading statement." Id. at ¶ 65. "DeRosa was specifically involved in hiding the Governor's behavior" and yelled at the reporter to deter him from running the story. Id. at ¶ 66. These allegations are more than sufficient to make it plausible that DeRosa aided and abetted the former Governor's unlawful behavior.[1]

### III. THE COMPLAINT STATES CONDUCT THAT WOULD DISSUADE A REASONABLE EMPLOYEE

DeRosa and Azzopardi further contend that they are immune from charges of retaliation because (1) they were private citizens at the time they publicly accused Trooper 1 of extortion and (2) such an accusation does not amount to an adverse employment action.

City law makes it unlawful for "any person . . . to retaliate . . . in any manner against any person because such person has . . . opposed" discrimination. N.Y.C. Admin. Code § 8-107(7). Similarly, state law make is unlawful for any "person" to aid and abet retaliation. N.Y. Exec. Law § 296(6). Unlike 28 U.S.C. § 1983, neither statute requires that the retaliator be a state actor. Nor must the

---

[1] DeRosa's dubious contention that she was unaware of the former Governor's behavior and, therefore, cannot be held liable, is a classic factual dispute that is for a jury to decide.



retaliator be an employer.  Thus, a claim "may be made against a defendant who has no control or authority over plaintiff."  Dunson v. Tri-Maintenance & Contractors, Inc., 171 F. Supp. 2d 103, 114 (E.D.N.Y. 2001).

Further, the retaliatory act need not be a traditional employment action such dismissal.  Rather, an action is retaliatory if it "could well dissuade a reasonable worker from making or supporting a charge of discrimination."  U.S. v. New York City Dep't of Educ., 407 F. Supp. 3d 365, 402 (S.D.N.Y. 2018) (quoting Burlington N. and Santa Fe Ry. Co. v. White, 548 U.S. 53, 57, 126 (2006)); see N.Y.C. Admin. Code § 8-107(7) ("the retaliatory or discriminatory act or acts complained of must be reasonably likely to deter a person from engaging in protected activity").  Such retaliatory acts may include filing, or threatening to file, civil or criminal charges against the discrimination victim.  See, e.g., Yankelevitz v. Cornell Univ., No. 95 Civ. 4593 (PKL), 1996 WL 447749, at *5 (S.D.N.Y. Aug. 7, 1996) (holding that filing of counterclaim could be retaliatory as a matter of law, and collecting examples of post-employment retaliatory acts).

Here, Trooper 1 easily makes out a retaliation claim against DeRosa and Azzopardi.  First, there is no doubt that Trooper 1 engaged in numerous instances of protected activity.  She testified before state investigators about the manner in which the former Governor sexually harassed her.  She also hired counsel who, in turn, sent a demand letter to DeRosa.  She then filed this action to protect her rights.  See Mondschein v. NY 101, Inc., No. 18 Civ. 5607 (AMD)(CLP), 2020 WL 1275471, at *3 (E.D.N.Y. Mar. 17, 2020) ("The informal complaints, pre-suit demand letter and the filing of an EEOC charge are all protected activities.").  In response, Defendants accused Trooper 1 of committing extortion.  AC at ¶¶ 154, 159.  DeRosa accused Trooper 1 of having "attempted to extort [her] for money."  Azzopardi, admittedly acting as the former Governor's "spokesman," accused Trooper 1 of an attempt to "extort" a settlement and "cheap cash extortions."  Indeed, the former Governor and his protectors have gone so far as to threaten criminal charges against his accusers and ethics charges against attorneys involved uncovering his pattern of sexual harassment.  Id. at ¶¶ 157-58.  Any reasonable person, let alone a law enforcement officer such as Trooper 1, is likely to be deterred or dissuaded from protesting sexual harassment under these circumstances.[2]

Respectfully submitted,

Valdi Licul

cc:     All Counsel of Record (*via* ECF)

---

[2]     DeRosa's argument that she was merely expressing "outrage" hardly helps her position.  See Delvile v. Firmenich Inc., 920 F. Supp. 2d 446, 466 (S.D.N.Y. 2013) ("anger" at plaintiff for protesting discrimination "may well constitute direct causal evidence" of retaliation).