**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

March 31, 2022

99 GARNSEY ROAD
PITTSFORD, NEW YORK 14534
585.419.8800

**DANIEL J. MOORE**
MEMBER
DIRECT:   585.419.8626
FAX:      585.419.8801
DMOORE@HARRISBEACH.COM

**VIA ECF**

Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      RE:    **Trooper 1 v. New York State Police, et al.**
                **USDC-EDNY Case No. 22-cv-00893 (LDH)(TAM)**

Dear Judge DeArcy Hall:

      This firm represents Defendant New York State Police ("NYSP") with respect to the above matter and we submit this letter to request a pre-motion conference. For the reasons discussed below, we intend to file a motion on behalf of the NYSP to dismiss Plaintiff Trooper 1's Amended Complaint (see Dkt. No. 4) as it pertains to the NYSP. We respectfully submit that the Amended Complaint fails to state a claim pursuant to Fed. R. Civ. P. (12)(b)(6) and should be dismissed on this ground.

      Plaintiff Trooper 1 has named the NYSP, her employer, in her third cause of action, alleging it discriminated against her based on her sex in violation of the New York State Human Rights Law, Executive Law §§ 290 *et seq.* (the "NYSHRL"). See Dkt. No. 4, ¶¶ 170-174. In brief, Trooper 1's Amended Complaint sets forth allegations that she was sexually harassed by former Governor Andrew Cuomo while she was assigned to the Protective Service Unit, a division of the NYSP charged with protecting the Governor.

      Plaintiff's NYSHRL claim against the NYSP, an agency of New York State, should be dismissed because it is barred by the Eleventh Amendment of the United States Constitution.[1] The Eleventh Amendment bars actions asserted by private persons against a state in federal courts "absent waiver or valid abrogation" of the state's sovereign immunity. See Matsko v. New York, No. 5:18-CV-00857 (MAD/TWD), 2022 U.S. Dist. LEXIS 7996, at *34 (N.D.N.Y. Jan 14, 2022); citing Virginia Off. for Protec. and Advoc. v. Stewart, 563 U.S 247, 254, 131 S. Ct. 1632, 179 L. Ed. 2d 675 (2011).

---

[1] The Eleventh Amendment provides:

> *The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.*

U.S. Const. Amend. XI.

Hon. LaShann DeArcy Hall
March 31, 2022
Page 2

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

It is well settled that "suits against state agencies . . . are functionally equivalent to suits against the State." Salu v. Miranda, 830 Fed. Appx. 341, 346-47 (2d Cir. 2020), cert. denied 141 S. Ct. 2643, 209 L. Ed. 2d 762 (2021). Moreover, courts in the Second Circuit have repeatedly held that "New York State has not consented to be sued in federal court under the NYSHRL." See Báez v. New York, 629 Fed. Appx. 116, 118 (2d Cir. 2015); see also Winokur v. Off. of Ct. Admin., 190 F. Supp. 2d 444, 450-451 (E.D.N.Y. 2002); Smith v. State Univ. of NY, No. 1:00-CV-1454 (FJS/RFT), 2003 U.S. Dist. LEXIS 6835, at *22 (N.D.N.Y. April 23, 2003). Further, "[i]n assessing whether NYSHRL claims against nonconsenting state defendants can be adjudicated in federal courts, district courts in this Circuit have consistently found that the NYSHRL does not include a waiver of the State's sovereign immunity to suit in federal court." See Nunez v. Cuomo, No. 11-CV-3457 (DLI) (LB), 2012 U.S. Dist. LEXIS 110867, at *62 (E.D.N.Y. Aug. 7, 2012); quoting Winokur 190 F. Supp. 2d at 451 (internal quotation marks omitted).

Accordingly, the Eleventh Amendment bars Plaintiff's NYSHRL claim against the NYSP. See, e.g., Oliver v. New York State Police, No. 1:17-CV-01157 EAW, 2019 U.S. Dist. LEXIS 18488, at *28 (W.D.N.Y. Feb. 5, 2019) (dismissing state law claims against state agency defendants, including the NYSP, because "sovereign immunity prevents the Court from considering any of Plaintiff's state law claims"); see also Matsko, No. 5:18-CV-00857 (MAD/TWD), 2022 U.S. Dist. LEXIS 7996, at *35 (dismissing NYSHRL claim against State defendants, including the NYSP, because "the Eleventh Amendment bars th[e] Court from adjudicating Plaintiff's NYSHRL claim against the State Defendant.").

For these reasons, New York State Police seek a pre-motion conference. We appreciate the Court's consideration of this request.

Respectfully submitted,

*s/Daniel J. Moore*

Daniel J. Moore

cc:   All Counsel of Record (via ECF)