# GLAVIN PLLC
156 West 56th Street, Ste. 2004
New York, New York 10019
646-693-5505

April 18, 2022

**VIA ECF**
Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Trooper 1 v. New York State Police, et al.</u>, 22 Civ. 893 (LDH)(TAM)

Dear Judge DeArcy Hall:

      We represent former Governor Andrew Cuomo in the above-referenced matter and submit this letter to request a pre-motion conference. In her Amended Complaint, Trooper 1 brings six separate causes of action against Governor Cuomo arising out of allegations that the Governor discriminated against her on the basis of her sex. Governor Cuomo denies Trooper 1's allegations that he created a hostile work environment and denies that he ever discriminated against Trooper 1 on the basis of her sex. Governor Cuomo will respond to Trooper 1's allegations and expects to be vindicated at or before trial.

      In the meantime, though, as discussed below, we intend to move pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing certain claims against Governor Cuomo.

***Motion to Dismiss***

      Two of Trooper 1's claims—the Fourth and Sixth causes of action—are for retaliation under the New York State Human Rights Law, N.Y. Exec. L. § 290 *et seq.* ("NYSHRL") and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 *et seq.* ("NYCHRL"). Trooper 1's theory appears to be that Governor Cuomo took actions "intended to retaliate against [her] and dissuade her from continuing to pursue her legal claims." Am. Compl. ¶ 159. The Amended Complaint does not remotely come close to alleging a prima face case for retaliation against Governor Cuomo.

      To demonstrate a prima facie case of retaliation under the NYSHRL, Trooper 1 must establish: "(1) that she participated in an activity protected by Title VII, (2) that her participation was known to her employer, (3) that ***her employer thereafter subjected her to a materially adverse employment action***, and (4) that there was a causal connection between the protected activity and the adverse employment action." *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 552 (2d Cir. 2010) (emphasis added). Although the definition of protected activities is somewhat broader under the NYCHRL, and although the NYCHRL requires only a showing "that something happened that was reasonably likely to deter a person from engaging in protected activity," rather than a material

adverse employment action, the elements are otherwise the same. *McHenry v. Fox News Network LLC*, 510 F. Supp. 3d 51, 67 (S.D.N.Y. 2020) (citations omitted).

In her Amended Complaint, Trooper 1 alleges that Governor Cuomo "threatened criminal charges against his victims and ethics charges against their attorneys," Am. Compl. ¶ 158. She supports this assertion by pointing to statements Governor Cuomo made via Twitter on February 10, 2022 in connection with the Attorney General's investigation and Report, and evidence that the Attorney General ignored and/or did not disclose.

Those statements were made long after Governor Cuomo's August 24, 2021 resignation, however, so there is no conceivable argument that he was Trooper 1's employer at the time.[1] The retaliation provisions do not reach all private citizens; instead, they reach only persons "engaged in . . . employment, housing, or public accommodation." *Chin v. CH2M Companies, Ltd.*, 12-cv-4010, 2012 WL 4473293 at *6 (S.D.N.Y. Sept. 28, 2012). Thus, under no circumstance are the alleged statements actionable as retaliation under either the NYSHRL or the NYCHRL.

Moreover, it is not a fair inference that the statements were intended to or did retaliate against Trooper 1 for providing testimony to investigators or bringing this lawsuit. With respect to the alleged February 10, 2022 tweet criticizing the Attorney General's investigation and report, for example, there is no mention—either explicitly or implicitly—of either Trooper 1 or her attorneys. As Governor Cuomo has made clear in various submissions, the Attorney General's investigation and report—which the Amended Complaint cites liberally and upon which many of Trooper 1's allegations are based—were biased and deeply flawed. *See, e.g.*, Former Governor Andrew Cuomo's Application to Amend, Correct, and Supplement the August 3, 2021 "Report of Investigation into Allegations of Sexual Harassment by Governor Andrew M. Cuomo" (Oct. 20, 2021). It is not at all reasonable to infer that statements criticizing that process were somehow an effort to retaliate against Trooper 1 for providing testimony.

Likewise, Trooper 1's allegation that on February 17, 2022, the day she filed this lawsuit, Mr. Azzopardi, Governor Cuomo's spokesman and co-defendant, tweeted a statement defending against the claims also cannot support a claim for retaliation. Am. Compl. ¶ 159. Statements such as these, made by a non-employer defendant to a public lawsuit concerning that lawsuit, do not constitute retaliation for purposes of the NYSHRL or the NYCHRL. To find otherwise would completely muzzle non-employer defendants in discrimination cases in violation of the First Amendment and New York's litigation privilege. *See HC2, Inc. v. Delaney*, 510 F. Supp. 3d 86, 105 (S.D.N.Y. 2020) (Statements made concerning a lawsuit are "absolutely privileged as long as they are pertinent to the subject of the litigation.") (quoting *In re Swift*, 94–10285–CEC, 2016 WL 355515, at *4 (Bankr. E.D.N.Y. Jan. 28, 2016)).

Because the allegations in the Amended Complaint do not state a claim for retaliation against Governor Cuomo, Counts Four and Six should be dismissed.

---

[1] Governor Cuomo denies the allegation that he was ever Trooper 1's employer. She was instead employed at all times by the New York State Police.

Respectfully submitted,


By: /s/ Rita M. Glavin
      Rita M. Glavin
Glavin PLLC
156 West 56th Street, Ste. 2004
New York, NY 10019
Tel: 646.693.5505
Email: rglavin@glavinpllc.com

*Attorney for Governor Andrew Cuomo*