**WIGDOR LLP**

ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Valdi Licul**
vlicul@wigdorlaw.com

April 25, 2022

**VIA ECF**

Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Trooper 1 v. Cuomo, *et al.*; Case No. 22-cv-00893 (LDH)(TAM)

Dear Judge DeArcy Hall:

We represent Plaintiff Trooper 1 ("Plaintiff" or "Trooper 1") in connection with her claims against Defendants New York State Police, Andrew Cuomo, Melissa DeRosa and Richard Azzopardi (together, "Defendants"). We write in response to Defendant Andrew Cuomo's ("Cuomo" or the "Governor") request for a pre-motion conference ("PMC Ltr."). See Dkt. No. 24.

## I.   THE MOTION TO DISMISS STANDARD

A plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Importantly, a court must "assume [the] veracity" of the allegations and draw all "reasonable inference[s]" in the plaintiff's favor. Id. at 678-79. Moreover, the plaintiff is not required to plead "specific evidence" explaining how the defendant's conduct was unlawful. Arista Records, LLC v. Doe 3, 604 F. 3d 110, 119-21 (2d Cir. 2010).

## II.   CUOMO MAY BE HELD INDIVIDUALLY LIABLE

City law makes it unlawful for "any person . . . to retaliate . . . in any manner against any person because such person has . . . opposed" discrimination. N.Y.C. Admin. Code § 8-107(7). The State Law uses identical language. N.Y. Exec. Law § 296(7). A retaliatory act need not be a traditional employment action such as dismissal. Rather, an action is retaliatory if it "could well dissuade a reasonable worker from making or supporting a charge of discrimination." U.S. v. New York City Dep't of Educ., 407 F. Supp. 3d 365, 402 (S.D.N.Y. 2018) (quoting Burlington N. & Santa Fe Ry.



Co. v. White, 548 U.S. 53, 57, 126 (2006)); see N.Y.C. Admin. Code § 8-107(7) ("the retaliatory or discriminatory act or acts complained of must be reasonably likely to deter a person from engaging in protected activity"). Such retaliatory acts may include filing, or threatening to file, civil or criminal charges against the discrimination victim. See, e.g., Yankelevitz v. Cornell Univ., No. 95 Civ. 4593 (PKL), 1996 WL 447749, at *5 (S.D.N.Y. Aug. 7, 1996) (holding that filing of counterclaim could be retaliatory as a matter of law, and collecting examples of post-employment retaliatory acts).

There is no doubt that Trooper 1 engaged in numerous instances of protected activity. She testified before state investigators about the former Governor's sexual harassment. She also hired counsel who, in turn, sent a demand letter to former Governor Cuomo. She then filed this action to protect her rights. See Mondschein v. NY 101, Inc., No. 18 Civ. 5607 (AMD)(CLP), 2020 WL 1275471, at *3 (E.D.N.Y. Mar. 17, 2020) ("The informal complaints, pre-suit demand letter and the filing of an EEOC charge are all protected activities."). In response, Defendants accused Trooper 1 of committing extortion. Amended Complaint at ¶¶ 154, 159. Governor Cuomo, through his "spokesman" (whom he then re-Tweeted), accused Trooper 1 of an attempt to "extort" a settlement and "cheap cash extortions." Indeed, the former Governor and his protectors have gone so far as to threaten criminal charges against his accusers and ethics charges against attorneys involved in uncovering his pattern of sexual harassment. Id. at ¶¶ 157-58. Any reasonable person, let alone a law enforcement officer such as Trooper 1, is likely to be deterred or dissuaded from protesting sexual harassment under these circumstances.

Nor does it matter that former Governor Cuomo was not Trooper 1's employer at the literal time of his most recent acts of retaliation. The anti-retaliation laws protect victims of discrimination even where, as here, there is no existing employment relationship. See Eckhart v. Fox News Network, LLC, No. 20 Civ. 5593 (RA), 2021 WL 4124616, at *23 (S.D.N.Y. Sep. 9, 2021) (former Fox News employee who published nude photographs of the plaintiff could be liable for retaliation, though neither he nor plaintiff was employed by Fox at the time of the filing). To permit Defendant Cuomo's retaliation in this case would punish employees who complain successfully. A successful complaint, leading to the termination of a discriminator, would give the discriminator carte blanche to retaliate. That would cut against the purpose of the Local Laws, to uproot, deter and remediate all discrimination and retaliation.

### III.   CUOMO'S STATEMENTS ARE NOT PRIVILEGED

Former Governor Cuomo also claims he did not intend to retaliate, but, instead, only to respond to the accusations against him. He argues that his statements were absolutely privileged against a claim of retaliation.

But the former Governor did not merely respond to defend himself. He instead lashed out and made serious threats to take action against his accusers, including Trooper 1. Any reasonable person would understand that if she continues to assert her rights, she is placing herself in jeopardy.



Hon. LaShann DeArcy Hall  
April 25, 2022  
Page 3

Nor are the former Governor's retaliatory statements privileged.  His earlier threats of criminal actions and ethical sanctions did not take place during or in anticipation of any litigation.  Moreover, his later threats and accusations of extortion, unlike in HC2, Inc. v. Delaney, 510 F. Supp. 3d 86, 105 (S.D.N.Y. 2020), were not "made in judicial or quasi-judicial proceedings," Front, Inc. v. Khalil, 24 N.Y.3d 713, 718, 28 N.E.3d 15, 18 (2015), but in public fora and on social media, and do not enjoy the absolute privilege afforded to court filings.

Respectfully submitted,

Valdi Licul

cc:    All Counsel of Record (*via* ECF)