# GLAVIN PLLC
156 West 56th Street, #2004
New York, NY 10019
646-693-5505

May 31, 2022

**VIA ECF**
U.S. Magistrate Judge Taryn A. Merkl
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>Trooper 1 v. New York State Police, et al.</u>, 22-CV-893(LDH)(TAM)

Judge Merkl:

I represent former Governor Andrew M. Cuomo ("Governor Cuomo"), a defendant in the above-referenced matter, and write regarding the proposed discovery scheduling order, Dkt. 33, and to inform the Court of the reasons for: (1) seeking a fact discovery deadline of January 11, 2023 (longer than the presumptive three and a half months after the first requests for documents as well as interrogatories); and (2) the defense's need to take more than ten depositions, and as many as twenty depositions.  A conference is scheduled in this matter for June 6.

First, on the issue of the January 11, 2023 fact-discovery deadline, I will be in trial in New York State Supreme Court, *People v. The Trump Corporation et al.*, Ind. No. 1473/2021, from late summer into the fall.  Given the trial preparation involved, as well as the anticipated length of this complicated white collar trial, my time to devote to discovery in this matter will be limited.  In addition, we expect litigation on subpoenas we intend to issue to the New York State Attorney General's Office and the New York Assembly Judiciary Committee for all evidence gathered underlying their respective reports—which the Amended Complaint makes extensive allegations about, quotes, and heavily relies upon.  *See, e.g.*, Am. Compl. ¶¶ 1-2, 4-7, 75-159. Counsel for Trooper 1 consents to accommodating my schedule and the January 11, 2023 deadline.

Second, we are prepared to discuss the need for more than the ten depositions prescribed under Fed. R. Civ. P. 30(a)(2) at the June 6 conference. To refute allegations specific only to Trooper 1, we must depose a number of current and former New York State Troopers. The Amended Complaint, however, makes specific additional allegations about Governor Cuomo regarding eleven women—lifting from the Attorney General's Report—which necessitates the defense deposing those women to refute the allegations.  Had the Complaint focused solely on Plaintiff Trooper 1, and not included allegations about ten additional women, we could have agreed to take no more than the ten depositions as required by Rule 30.  We have discussed this issue with Plaintiff's counsel, and Mr. Licul does not consent to our request for more than ten depositions.

Respectfully submitted,

/s/ Rita M. Glavin
Rita M. Glavin

cc: All Counsel via ECF