# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

eabramowitz@maglaw.com
212-880-9500

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU
CURTIS B. LEITNER

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

June 6, 2022

**By ECF**

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Trooper 1 v. New York State Police, et al.*, 22-cv-00893 (LDH) (TAM)

Dear Judge DeArcy Hall:

  We represent defendants, Melissa DeRosa and Richard Azzopardi. In accordance with Local Civil Rule 37.3 and Your Honor's Individual Practices, we respectfully request a pre-motion conference in anticipation of filing a motion on behalf of Ms. DeRosa and Mr. Azzopardi to stay discovery pending the resolution of their anticipated motion to dismiss plaintiff's amended complaints in their entirety as to them. In the interests of time, given that the parties will be appearing before the Court for a pre-motion conference scheduled for June 14, we respectfully suggest that the issue of a stay of discovery also be discussed during that conference, if the Court deems that appropriate. Alternatively, we request that the Court permit defendants to file the proposed motion to stay discovery without a conference.

  Courts have discretion to stay discovery while a dispositive motion, such as a motion to dismiss, is pending. *See Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (finding that the district court did not abuse its discretion in granting a protective order to prevent further discovery prior to the court's decision on the motion to dismiss). A stay of discovery is warranted where the moving party makes "a showing of 'good cause.'" *AA Med. P.C. v. Almansoori*, 20-CV-03852 (DG) (JMW), 2022 WL 624627, at *2 (E.D.N.Y. Mar. 3, 2022) (citing *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006)). Specifically, "courts typically consider: '(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Judge LaShann DeArcy Hall
June 6, 2022
Page 2

responding to it; and (3) the risk of unfair prejudice to the party opposing the stay.'" *Id*. Further, a stay of discovery pending resolution of a potentially dispositive motion is appropriate where the motion appears "to have substantial grounds" or "do[es] not appear to be without foundation in law." *Chrysler Cap. Corp. v. Century Power Corp.*, 137 F.R.D. 209, 210-11 (S.D.N.Y. 1991).

As Ms. DeRosa and Mr. Azzopardi's anticipated motion to dismiss will show, plaintiff's claims against them are baseless and warrant dismissal. As discussed in Ms. DeRosa and Mr. Azzopardi's pre-motion letter (Dkt. No. 16), the discrimination and retaliation claims against Ms. DeRosa should be dismissed because: (1) plaintiff does not allege that Ms. DeRosa knew Governor Cuomo was harassing her (assuming that he was) and, therefore, plaintiff cannot establish aiding and abetting liability, (2) plaintiff can point to no evidence that Ms. DeRosa knew of Governor Cuomo's allegedly harassing conduct, and (3) Ms. DeRosa could not have retaliated against Trooper 1 as plaintiff alleges because Ms. DeRosa was out of government service at the time of the alleged retaliatory act. Likewise, as stated in defendants' pre-motion letter, Mr. Azzopardi could not have retaliated against Trooper 1 or dissuaded her from continuing to pursue her legal claims, because at the time of the tweet cited by plaintiff, Governor Cuomo and Mr. Azzopardi were private citizens with no ability to affect Trooper 1's employment or deter her from pursuing this case.[1]

Further, the potential breadth of discovery and burden of responding to discovery also supports a stay of discovery pending the Court's determination of defendants' anticipated motion to dismiss. *See Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-CV-5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) ("In considering a motion for a stay of discovery pending a dispositive motion, a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion."). And consistent with Rule 1 of the Federal Rules of Civil Procedure, which directs that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding," Ms. DeRosa and Mr. Azzopardi should not be encumbered with costly discovery as parties in this case while their anticipated motion to dismiss has substantial grounds and a solid foundation in law.[2]

---

[1] Ms. DeRosa and Mr. Azzopardi have presented meritorious arguments in their pre-motion letter justifying dismissal of Trooper 1's amended complaints pursuant to Rule 12(b)(6), and their anticipated motion will set forth in detail the multiple reasons for why each of the claims against them must be dismissed in their entirety. Ms. DeRosa and Mr. Azzopardi incorporate by reference each of the arguments set forth in their pre-motion letter (see Dkt. No. 16).

[2] While discovery requests have not yet been served in this case, the parties will likely be required to pay for full forensic examination of their phones and time-consuming review. Moreover, it is widely recognized that "e-discovery can cost tens or hundreds of thousands of dollars in even fairly typical cases." *See e.g.,* Scott A. Moss, *Litigation Discovery Cannot Be Optimal but Could Be Better: The Economics of Improving Discovery Timing in a Digital Age*, 58 DUKE L.J. 889, 894 (2009). Finally, to the extent plaintiff argues that a stay is not appropriate because Ms. DeRosa and Mr. Azzopardi will be required to respond to discovery requests as third-party witnesses

Morvillo Abramowitz Grand Iason & Anello P.C.

Judge LaShann DeArcy Hall
June 6, 2022
Page 3

      Finally, a stay of discovery as to Ms. DeRosa and Mr. Azzopardi will not prejudice plaintiff and there is no basis to believe that evidence would be jeopardized by a stay. *See Bethpage Water Dist. v. Northrop Grumman Corp.*, No. 13-CV-6362 (SJF) (WDW), 2014 WL 6883529, at *3 (E.D.N.Y. Dec. 3, 2014) (granting a partial stay of discovery upon finding: "any marginal impact on the evidence and/or memories of witnesses does not outweigh the substantial burden and expense of conducting time-consuming fact and expert discovery on all issues in this case pending a decision on a potentially dispositive motion.").

      During a call on May 24, 2022, this firm asked plaintiff's counsel if he would consent to a stay of discovery pending our motion to dismiss. Plaintiff's counsel informed us that he would not consent.

      In view of the foregoing, Ms. DeRosa and Mr. Azzopardi request an opportunity to move this Court for an order staying all discovery as to them pending the resolution of their anticipated motion to dismiss. They further respectfully request that the Court hold a conference on their request at the same time of the June 14, 2022 pre-motion conference on the filing of their motion to dismiss.

      Thank you for your consideration of this matter.

      Sincerely,

      /s/ Elkan Abramowitz
      Elkan Abramowitz

CC:    Counsel of Record (by ECF)

---

with respect to plaintiff's claims against New York State Police and Governor Cuomo, that argument does not negate the requested stay. As courts long have recognized, "[i]t cannot be said that the burden and expense of discovery . . . as nonparties is comparable to the discovery in which they will be required to engage should the motions to dismiss be denied." *Nat'l Rifle Ass'n of Am. v. Cuomo*, No. 118-CV-566 (TJM) (CFH), 2020 WL 7338588, at *5 (N.D.N.Y. Dec. 14, 2020).