UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
TROOPER 1,

                        Plaintiff,

          -against-

NEW YORK STATE POLICE et al.,

                       Defendants.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
22-CV-893 (LDH) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

       On February 17, 2022, Trooper 1 ("Plaintiff"), a member of former New York Governor Andrew Cuomo's Protective Service Unit, initiated this action alleging that former Governor Cuomo sexually harassed her and other state employees. (*See* Complaint ("Compl."), ECF No. 1.) The complaint names as Defendants the New York State Police ("NYSP"), former Governor Andrew Cuomo ("former Governor Cuomo"), Melissa DeRosa ("DeRosa"), and Richard Azzopardi ("Azzopardi") (collectively referred to as "Defendants"). (*See id.*; *see also* Amended Complaint ("Am. Compl."); ECF No. 7.) Plaintiff is claiming, among other things, discrimination and retaliation in violation of the federal Equal Protection Clause, the New York State Human Rights Law, and the New York City Human Rights Law. (*See* Am. Compl., ECF No. 7.)

       Currently before this Court is Plaintiff's motion to proceed using a pseudonym. (Pl.'s Mot. to Proceed Using a Pseudonym ("Pl.'s Mot."), ECF No. 3.) For the reasons discussed herein, the Court grants Plaintiff's motion, without prejudice to Defendants to raise opposition at a later stage in the litigation.[1]

---

[1] A motion to proceed under a pseudonym is a non-dispositive pre-trial motion within a magistrate judge's jurisdiction. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); E.D.N.Y. Local

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

As noted above, Plaintiff is a member of the NYSP and was on former Governor Cuomo's Protective Service Unit ("PSU") starting in January 2018. (*See* Am. Compl., ECF No. 7, ¶¶ 3, 11, 20, 29.) Plaintiff alleges that former Governor Cuomo sexually harassed her and several other people while he was in office. (*Id.* ¶¶ 3, 31–61, 68–143.)

Plaintiff filed her motion to proceed using a pseudonym on February 17, 2022, the same day she filed the complaint. (*See* Pl.'s Mot., ECF No. 3; Pl.'s Mem. in Supp. of Mot. ("Pl.'s Mem."), ECF No. 3-1; Declaration of Valdi Licul, ECF No. 3-2; Compl., ECF No. 1.) On February 18, 2022, Plaintiff filed an amended complaint. (Am. Compl., ECF No. 7.) On March 7, 2022, Defendants DeRosa and Azzopardi filed an initial response to Plaintiff's motion, indicating their consent. (DeRosa and Azzopardi Resp., ECF No. 12.) On March 22, 2022, former Governor Cuomo filed a motion to extend the time for him to answer Plaintiff's amended complaint and respond to the motion to proceed using a pseudonym. (Mot. to Extend, ECF No. 18.) On March 23, 2022, the Court granted former Governor Cuomo's motion and set a deadline of April 18, 2022, for his response to the instant motion. (March 23, 2022 ECF Order.) On April 18, 2022, former Governor Cuomo responded, stating that he "does not oppose Plaintiff's motion." (Cuomo Resp., ECF No. 23.)

On June 6, 2022, the Court held an initial conference that included a brief discussion regarding Plaintiff's motion. (*See* June 6, 2022 ECF Minute Entry and Order.) During the conference, Defendants NYSP and former Governor Cuomo confirmed that

---

R. 72.2; *cf. Doe v. Cornell Univ.*, No. 19-CV-1189 (MAD) (ML), 2021 WL 6128807, at *1 (N.D.N.Y. Sept. 22, 2021).

[2] The Court assumes general familiarity with the substance and history of the case and includes only the background relevant to the instant motion.

they do not oppose Plaintiff's motion presently but reserve their rights to oppose the motion as litigation proceeds. (*Id.*) On June 6, 2022, Defendants DeRosa and Azzopardi filed a letter disagreeing with the premise of Plaintiff's motion but consenting to Plaintiff's motion "for the foreseeable future without prejudice to subsequently objecting should the facts and circumstances warrant." (DeRosa and Azzopardi Letter, ECF No. 36 (June 6, 2022).)

For the reasons set forth herein, the Court grants Plaintiff's motion to proceed using a pseudonym without prejudice to Defendants to raise opposition prior to trial.

## DISCUSSION

### I. Legal Standards

Federal Rule of Civil Procedure 10(a) requires that the title of a complaint name all the parties to the action. Fed. R. Civ. P. 10(a). This requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008). However, "in limited circumstances, courts may grant an exception to this rule and allow a plaintiff to proceed under a pseudonym when the plaintiff's 'interest in anonymity' outweighs 'both the public interest in disclosure and any prejudice to the defendant.'" *Doe v. City Univ. of New York*, No. 21-CV-9544 (NRB), 2021 WL 5644642, at *2 (S.D.N.Y. Dec. 1, 2021) (quoting *Sealed Plaintiff*, 537 F.3d at 189). The Second Circuit has established a non-exhaustive list of ten factors for courts to consider when balancing these interests. These factors are:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly

3

>vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 190 (internal quotation marks, citations, and alterations omitted). Courts are not required to "list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id*. at 191 n.4.

## II. Analysis

As an initial matter, the Court notes that Defendants do not oppose Plaintiff's motion to proceed using a pseudonym at this juncture. (Cuomo Resp., ECF No. 23; DeRosa and Azzopardi Letter, ECF No. 36.) Former Governor Cuomo explained that he "has been aware of Plaintiff's identity for some time and has not publicly disclosed it — as Plaintiff notes." (Cuomo Resp., ECF No. 23.) Former Governor Cuomo also stated that he "does not intend to engage in (nor has he engaged in) a 'campaign of intimidation' against Plaintiff, as alleged in her motion papers." (*Id.* (citing Pl.'s Mem., ECF No. 3-1, at 4–5).) However, former Governor Cuomo and Defendants DeRosa and Azzopardi seek the right "to revisit the issue." (*Id.*; *see also* DeRosa and Azzopardi Letter, ECF No. 36.) Courts in this circuit have allowed parties to revisit a ruling on a motion to proceed anonymously as the case progresses. *See Does 1-2 v. Hochul*, No. 21-CV-5067 (AMD) (TAM), 2022 WL 836990, at \*10 (E.D.N.Y. March 18, 2022); *Rapp v. Fowler*, 537 F. Supp. 3d 521, 531 (S.D.N.Y. 2021).

After balancing the interests at stake, the Court grants Plaintiff's motion without prejudice to Defendants to raise opposition to the motion at a later stage of the case.

*Sealed Plaintiff* Factors

As the Second Circuit has explained, the *Sealed Plaintiff* factors are designed to ensure that courts "balance plaintiff's interest in proceeding anonymously against the interests of defendants and the public." *Sealed Plaintiff*, 537 F.3d at 191. Balancing these factors here, the Court finds that Plaintiff has justified proceeding anonymously.

### A. Nature of the Litigation

The first *Sealed Plaintiff* factor deals with whether the litigation implicates highly sensitive or personal matters. *Id*. at 190. Plaintiff's complaint alleges several instances of sexual harassment (*see* Am. Compl., ECF No. 7, ¶¶ 31–61), which courts have found to be "highly sensitive and of an extremely personal nature . . . ." *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019). Therefore, the Court finds that the first *Sealed Plaintiff* factor favors granting Plaintiff's motion.

### B. Risks of Identification

The next three *Sealed Plaintiff* factors task the Court with assessing the potential risks associated with identifying the anonymous party, including the potential for retaliatory physical or mental harm, and the severity of such harms. *Sealed Plaintiff*, 537 F.3d at 190.[3] Plaintiff argues that she "has sought mental health treatment and would certainly experience significant harm if she is forced to reveal her identity to the public." (Pl.'s Mem., ECF No. 3-1, at 4.) Additionally, Plaintiff claims that former

---

[3] The Court notes that the fourth *Sealed Plaintiff* factor, whether Plaintiff is particularly vulnerable in light of her age, does not support Plaintiff's proceeding anonymously because as a member of the NYSP, Plaintiff is certainly above the age of eighteen. *Sealed Plaintiff*, 537 F.3d at 190. However, that one factor does not outweigh other *Sealed Plaintiff* factors that fall in favor of granting Plaintiff's motion.

5

Governor Cuomo and DeRosa, former Governor Cuomo's chief of staff, "have shown through their conduct over the past several years that they will use every tool at their disposal to lash out at those who challenge their abuses." (*Id.*) Plaintiff alleges multiple instances of retaliation, including former Governor Cuomo's threatening disciplinary charges against attorneys who have investigated him, and DeRosa's accusing Plaintiff of "extortion" after Plaintiff sent a demand letter in this case. (*Id.* at 4–5 (citing Compl., ECF No. 1, ¶¶ 6, 148, 152–54, 156).) In support of her motion, however, Plaintiff has not provided corroboration of Defendants' alleged retaliatory acts. In addition, Plaintiff has not provided "corroborating medical testimony," which many courts require to demonstrate psychological harm. *See Doe v. Freydin*, No. 21-CV-8371 (NRB), 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021) (discussing *Doe v. Smith* 105 F. Supp. 2d 40, 43–44 (E.D.N.Y. 1999)).

Generally speaking, "'the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity.'" *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405 (quoting *Abdel-Razeq v. Alvarez & Marsal, Inc.*, No. 14-CV-5601 (HBP), 2015 WL 7017431, at *3 (S.D.N.Y. Nov. 12, 2015)). Courts often require "more direct evidence linking disclosure of [a plaintiff's] name to a specific physical or mental injury . . . ." *Doe v. Gong Xi Fa Cai, Inc.*, No. 19-CV-2678 (RA), 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019). *Cf. Doe v. Trustees of Indiana Univ.*, No. 21-CV-2903 (JRS) (MJD), 2022 WL 36485, at *6 (S.D. Ind. Jan. 3, 2022) (rejecting plaintiff's argument concerning "harm in the form of emotional and reputational damages, economic injuries, the loss of educational and career opportunities and future earnings" (quotation marks omitted)).

Even though Plaintiff has not offered corroboration for her claimed risks of harm at this stage, in light of the allegations contained in the complaint and the high-profile nature of the case, "[h]aving the plaintiff's name in the public domain, especially in the

6

Internet age, could subject the plaintiff to future unnecessary interrogation, criticism, or psychological trauma, as a result of bringing this case." *Doe v. Cabrera*, 307 F.R.D. 1, 7 (D.D.C. 2014). As a result, the Court finds that a "chilling effect" could result from Plaintiff's being required to reveal her identity, which weighs in favor of permitting Plaintiff to continue anonymously. *See, e.g.*, *Doe v. Colgate Univ.*, No. 15-CV-1069 (LEK) (DEP), 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) ("The Court is also mindful of the potential chilling effect that forcing Plaintiff to reveal his identity would have on future plaintiffs facing similar situations."); *Cabrera*, 307 F.R.D. at 7.

For these reasons, the Court finds that Plaintiff has not offered evidence sufficient to establish the second *Sealed Plaintiff* factor concerning the risk of retaliatory physical and mental harm at this stage of the case. The Court does find, however, that the third factor, concerning the risk of other harms and the likely severity of those harms, favors Plaintiff.

### C. Prejudice to Defendants

The fifth and sixth *Sealed Plaintiff* factors address the defendants' identities, whether they will be prejudiced by plaintiff's anonymity, whether such prejudice (if any) differs at various stages of the litigation, and whether the court can mitigate such prejudice. *Sealed Plaintiff*, 537 F.3d at 190. As previously noted, one Defendant in the case is the NYSP, a governmental entity. Generally, in suits against the government, a plaintiff's interest in anonymity is "particularly strong," as institutional defendants are less likely to be prejudiced by a plaintiff's anonymity. *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003); *see also North Jersey Media Group Inc. v. Doe Nos. 1-5*, No. 12-CV-6152 (VM) (KNF), 2012 WL 5899331, at *7 (S.D.N.Y. Nov. 26, 2012) (finding that suits against the government "involve no injury to the Government's reputation" (quotation marks omitted)). As to the individual Defendants in this case, former

7

Governor Cuomo, DeRosa, and Azzopardi have all represented that they are aware of Plaintiff's identity and have not disclosed it, and that they do not presently object to Plaintiff's proceeding anonymously. (DeRosa and Azzopardi Resp., ECF No. 12; Cuomo Resp., ECF No. 23.) Because Defendants know Plaintiff's identity here, the Court finds that the potential prejudice to Defendants is low. *See Doe v. Cornell*, No. 19-CV-1189 (MAD) (ML), 2021 WL 6128807, at *7 (N.D.N.Y. Sept. 22, 2021).

### D. The Public's Interest in the Litigation & Alternative Mechanisms for Protecting Plaintiff's Confidentiality

The final four *Sealed Plaintiff* factors address whether a plaintiff's identity has been kept confidential thus far, the public's interest in the litigation vis-à-vis the plaintiff's identity, and whether there are alternative mechanisms for protecting plaintiff's confidentiality. *Sealed Plaintiff*, 537 F.3d at 190.

Regarding the confidentiality of Plaintiff's identity, her identity has been kept confidential to the public at large throughout various investigative and legal proceedings. (*See* Pl.'s Mem., ECF No. 3-1, at 6.) Plaintiff represents that while the State Attorney General, State Assembly, and numerous prosecutors have investigated former Governor Cuomo's conduct in publicized investigations, the government officials have refused to identify Plaintiff. (*Id.*) Therefore, this factor favors Plaintiff. *See Skyline Automobiles Inc.*, 375 F. Supp. 3d at 407 (explaining that "[i]f a plaintiff's confidentiality has not been maintained throughout the proceedings, there is less of a risk of harm should the plaintiff not be permitted to proceed under a pseudonym").

As for whether "the public's interest in the litigation is furthered" by requiring Plaintiff to disclose her identity, the Court finds that this factor also tilts toward Plaintiff. *Sealed Plaintiff*, 537 F.3d at 190. As the Honorable Gerard E. Lynch has observed:

8

> [W]hen a plaintiff challenges governmental or pseudogovernmental action, the judicial process serves as a significant check on abuse of public power. Thus, as the courts have noted, it is in the public interest that the price of access to the courts not be too high. Where litigants risk public scorn or even retaliation if their identities are made public, unpopular but valid complaints may not be pursued. The value of open proceedings disappears when there are no proceedings to be had.

*Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006) (citations omitted); *see also EW*, 213 F.R.D. at 111–12. Here, the Court finds that there is a substantial public interest in the litigation, and that this is a case where the price of access to the courts should "not be too high." *Del Rio*, 241 F.R.D. at 158. Accordingly, the eighth *Sealed Plaintiff* factor supports Plaintiff's motion. The ninth factor, however, does not further Plaintiff's argument given that this case principally concerns factual allegations, and does not seek "to raise an abstract question of law." *Id*.

Finally, as to the tenth factor, the Court does not find any alternative mechanisms for protecting Plaintiff's confidentiality in this case given the high level of interest the public and media would certainly have in Plaintiff given the nature of the allegations set forth in the Amended Complaint.

\* \* \* \* \*

In balancing the *Sealed Plaintiff* factors and the other considerations discussed above, the Court finds that Plaintiff's interest in anonymity presently outweighs the public's interest in full disclosure of her identity and possible prejudice to Defendants. *See Plaintiffs # 1-21 v. Cnty. of Suffolk,* 138 F. Supp. 3d 264, 277 (E.D.N.Y. 2015); *Doe 1 v. NorthShore Univ. HealthSystem*, No. 21-CV-5683, 2021 WL 5578790, at *10 (N.D. Ill. Nov. 30, 2021). The Court reaches this conclusion primarily because there is little to no cognizable prejudice to Defendants at this stage, balanced against a likelihood of harm to Plaintiff if she is required to reveal their identity. In addition, given the importance of the issues raised in the case, and the possible chilling effect that requiring Plaintiff to

9

disclose her identity could have, the Court finds that the public's interest in the litigation is furthered by granting Plaintiff's motion.

## CONCLUSION

For the reasons contained herein, Plaintiff's motion to proceed using a pseudonym (ECF No. 3) is granted without prejudice to Defendants to revisit this issue before trial.

**SO ORDERED.**

Dated: Brooklyn, New York
      June 9, 2022

*Taryn A. Merkl*
_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE