**WIGDOR LLP**

ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Valdi Licul**
vlicul@wigdorlaw.com

June 13, 2022

**VIA ECF**

The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: Trooper 1 v. Cuomo, *et al.*; Case No. 22-cv-00893 (LDH) (TAM)

Dear Judge DeArcy Hall:

We represent Plaintiff Trooper 1 in this employment discrimination action. We submit this letter in opposition to Defendants Melissa DeRosa ("DeRosa") and Richard Azzopardi's ("Azzopardi") (together, "Defendants")[1] request to stay discovery ("Stay Ltr."), Dkt. No. 35. For the reasons stated below, the request should be denied.

**I. THE LEGAL STANDARD**

A stay of discovery in a civil case "is an extraordinary remedy." Trustees of Plumbers and Pipefitters Nat. Pension Fund v. Transworld Mechanical, Inc., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995). And while a court has the discretion to issue a stay for "good cause," Fed. R. Civ. P. 26(c), "[t]he mere filing of a motion to dismiss does not constitute 'good cause' for the issuance of a stay." Hollins v. U.S. Tennis Ass'n, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006); see Kirschner v. J.P. Morgan Chase Bank, N.A., No. 17 Civ. 6334 (PGG) (SLC), 2020 WL 230183, at *2 (S.D.N.Y. Jan. 15, 2020) ("Courts do not routinely stay discovery 'simply on the basis that a motion to dismiss has been filed.'") (quoting Moran v. Flaherty, No. 92 Civ. 3200 (PKL), 1992 WL 276913, at *1 (S.D.N.Y. Sep. 25, 1992)). Rather, "it is the moving party's burden to establish a clear case of hardship or inequity in being required to go forward." In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig., 99 F. Supp. 3d 288, 315 (E.D.N.Y. 2015) (citing Trikona Advisors Ltd. v. Kai-Lin Chuang, No. 12 Civ. 3886, 2013 WL 1182960, at *2 (E.D.N.Y. Mar. 20, 2013)). In making this determination, a court may consider the underlying merits of the motion, the burden of discovery and the risk of unfair prejudice to the party opposing the stay. Guiffre v. Maxwell, No. 15 Civ. 7433 (RWS), 2016 WL 254932, at *1 (S.D.N.Y. Jan. 20, 2016). Here, the factors clearly weigh against a stay of discovery.

---

[1] For ease of reference, Defendants here only refers to DeRosa and Azzopardi. The remaining defendants in this action, the New York State Police and Andrew Cuomo ("Cuomo"), do not seek a stay of discovery.



I.      **THE MOTION TO DISMISS LACKS MERIT**

To obtain a stay, Defendants DeRosa and Azzopardi must assert "substantial arguments for dismissal" or a "strong showing that plaintiff's claims are unmeritorious." Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013).[2]  They cannot do so here.

DeRosa argues that there is no allegation she was aware of former Governor Andrew Cuomo's conduct.  To be liable as an aider and abettor, however, "an individual need not [her]self actually take part in the primary violation." Schaper v. Bronx Lebanon Hosp. Ctr., 408 F. Supp. 3d 379, 395 (S.D.N.Y. 2019).  Thus, for example, "failure to investigate [discrimination] can constitute 'active participation' to support an aiding and abetting claim." Delisi v. Nat'l Ass'n of Pro. Women, Inc., 48 F. Supp. 3d 492, 496 (E.D.N.Y. 2014).  Here the Amended Complaint alleges significant knowledge of an involvement in the Governor's harassment of Trooper 1, as his chief of staff and a political ally determined to combat and bury complaints against the Governor.  Amended Complaint, Dkt. No. 7 ("AC"), at ¶¶ 14, 63-66, 146-49.

Both Defendants argue that they were not Plaintiff Trooper 1's "employers."  Letter to request a premotion conference, Dkt. No. 7.  But neither the New York State Human Rights Law (the "State Law") nor the New York City Human Rights Law (the "City Law") are limited only to those in a direct and ongoing employment relationship with a plaintiff.  Instead, the City Law makes it unlawful for "any person . . . to retaliate . . . in any manner against any person because such person has . . . opposed" discrimination.  N.Y.C. Admin. Code § 8-107(7).  Similarly, the State Law makes it unlawful for any "person" to aid and abet retaliation.  N.Y. Exec. Law § 296(6).  Unlike 42 U.S.C. § 1983, neither statute requires that the retaliator be a state actor.  Nor must the retaliator be an employer.  Thus, a claim "may be made against a defendant who has no control or authority over plaintiff."  Dunson v. Tri-Maintenance & Contractors, Inc., 171 F. Supp. 2d 103, 114 (E.D.N.Y. 2001).  The question is whether Defendants' actions "could well dissuade a reasonable worker from making or supporting a charge of discrimination."  U.S. v. New York City Dep't of Educ., 407 F. Supp. 3d 365, 402 (S.D.N.Y. 2018) (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 57, 126 (2006)); see N.Y.C. Admin. Code § 8-107(7) ("the retaliatory or discriminatory act or acts complained of must be reasonably likely to deter a person from engaging in protected activity").

Both Defendants, acting in their individual capacities, retaliated against Trooper 1 for her protected activities.  In response to Trooper 1 retaining counsel, Defendants accused Trooper 1 of committing extortion.  AC at ¶¶ 154, 159.  DeRosa accused Trooper 1 of having "attempted to extort [her] for money."  Id. at ¶ 154.  Azzopardi, admittedly acting as the former Governor's "spokesman," accused Trooper 1 of an attempt to "extort" a settlement and "cheap cash extortions."  Id. at ¶ 159.  Indeed, the former Governor and his protectors have gone so far as to threaten criminal charges against his accusers and ethics charges against attorneys involved in uncovering his pattern of sexual harassment.

---

[2]     Defendants' argument that a stay should be granted where the motion "do[es] not appear to be without foundation in law," Stay Ltr. at p. 2, has been rejected.  Hong Leong Finance Ltd. (Singapore), 297 F.R.D. at 72.  Such a lenient standard would "result in unnecessary discovery delay in many cases."  Id. (quoting Clemons v. Hayes, No. 2:10 Civ. 01163 (KJD) (GWF), 2011 WL 2112006, at *3 ( D. Nev. May 26, 2011).



Id. at ¶¶ 157-58. Any reasonable person, let alone a law enforcement officer such as Trooper 1, is likely to be deterred or dissuaded from protesting sexual harassment under these circumstances.

In short, Defendants have failed to show that Plaintiff's claims "are utterly devoid of merit," Republic of Turkey v. Christie's, Inc., 316 F. Supp. 3d 675, 678 (S.D.N.Y. 2018), or that Plaintiff has "no logical argument" in her favor. Hong Leong Fin. Ltd. (Singapore), 297 F.R.D. at 73. Accordingly, the stay request should be denied for this reason alone.

## I.     DISCOVERY WOULD NOT BE BURDENSOME

Defendants' mere "conclusory allegations" that discovery will be burdensome "are insufficient to establish good cause for staying discovery." Diaz v. Local 338 of Retail, Wholesale Dept. Store Union, United Food And Commercial Workers, No. 13 Civ. 7187 (SJF) (SIL), 2014 WL 4384712, at *2 (E.D.N.Y. Sep. 3, 2014). Defendants here do little more than claim that Defendants will be "encumbered with costly discovery" because they will have to search their phones for responsive information. Stay Ltr. at p. 2. But this is hardly the chore Defendants make it out to be. As a threshold matter, it is likely that these Defendants have substantially completed these searches as part of the Attorney General's investigation where they gave testimony. Any requirement that they supplement this information is hardly daunting.[3]

Moreover, even if their motion to dismiss was meritorious (which it is not), DeRosa and Azzopardi would still be required participate in discovery as non-party witnesses. As the Amended Complaint explains, DeRosa was aware of the complaints of discrimination against Cuomo and spearheaded efforts to bury these accusations, including burying a story that Cuomo manipulated eligibility rules so that Trooper 1 could be added to his security detail. Both she and Azzopardi then lashed out at Trooper, accusing her of extortion, after she asserted her legal rights.

## II.    THERE WILL BE PREJUDICE TO TROOPER 1

In assessing "the risk of unfair prejudice," courts weigh only prejudice to the party opposing the stay. Kirschner, 2020 WL 230183, at *3. Here, Plaintiff is entitled to a "speedy" resolution of her claims. Fed. R. Civ. P. 1. Delaying discovery as to these two Defendants, who would otherwise be witnesses even if they were there not parties, serves no legitimate purpose other than delay. It neither narrows the issues or the scope of discovery, nor does it "potentially dispos[e] of the entire action." Bethpage Water Dist, 2014 WL 6883529, at *2. Indeed, it simply gums up the process of moving this litigation towards a resolution.

---

[3]     Bethpage Water Dist. V. Northrop Grumman Corp., No. 13 Civ. 6362 (SJF) (WDW), 2014 WL 6883529 (E.D.N.Y. Dec. 3, 2014), cited by Defendants, hardly advances their position. There, the Plaintiff in a "groundwater contamination case" sought documents from "1930 to the present." Id. at *3. Defendants' "preliminary assessment" identified "more than 350,000 documents, totaling approximately 3,000,000 pages for review." Id. Nat'l Rifle Assoc. of Am. v. Cuomo, 1:18 Civ. 566 (TJM) (CFH), 2020 WL 7338588 (N.D.N.Y. Dec. 14, 2020), is similarly unavailing. There, the court granted a stay where, inter alia, there were "over 50,000 documents" to review and the parties were required to hire a Special Master for in camera review of documents "at a cost over $50,000." Id. at *3. Defendants have not, nor can they, make such a showing here.



The Hon. LaShann DeArcy Hall<br>
June 13, 2022<br>
Page 4

Accordingly, Plaintiff respectfully requests that the motion for stay of discovery be denied.

Respectfully submitted,

Valdi Licul

cc: All Counsel of Record (*via* ECF)