UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TROOPER 1, <br><br> Plaintiff, <br><br> v. <br><br> NEW YORK STATE POLICE, ANDREW CUOMO, MELISSA DEROSA, and RICHARD AZZOPARDI, <br><br> Defendants. | 22-cv-00893 (LDH) (TAM) |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF GOVERNOR CUOMO'S MOTION TO DISMISS

Date of Service: September 2, 2022

Rita M. Glavin

GLAVIN PLLC
156 West 56th Street, Ste. 2004
New York, NY 10019
Tel: (646) 693-5505
rglavin@glavinpllc.com


Theresa Trzaskoma
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: (212) 202-2600
Fax: (212) 202-4156
ttrzaskoma@shertremonte.com

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ...................................................................................................................... 2

    I.   Governor Cuomo's Motion is Proper Under Rule 12. ....................................... 2

    II.  Plaintiff Has Not Plausibly Pled Retaliation Under Either the NYSHRL or the NYCHRL. ........................................................................................................ 4

        A.   Governor Cuomo's Comments Were Reasonable Defensive Measures Made in the Context of Pending Litigation. ............................................. 4

        B.   Plaintiff Has Not and Cannot Allege an Employment Relationship Sufficient to Sustain a Retaliation Claim. .................................................. 6

        C.   Plaintiff Does Not Allege Causation. ........................................................ 9

        D.   Plaintiff Cannot Avail Herself of the Protections of the NYCHRL. ......... 9

CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Areu v. Fox News Network, LLC*, No. 20-CV-8678 (RA), 2021 WL 4124226 (S.D.N.Y. Sept. 9, 2021) ............................................................................................................................... 5

*Avgerinos v. Palmyra-Macedon Cent. Sch. Dist.*, 690 F. Supp. 2d 115 (W.D.N.Y. 2010) ............ 3

*Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670 (S.D.N.Y. 2001) ................................... 8

*Conn. Light & Power Co. v. Sec'y of U.S. Dep't of Lab.*, 85 F.3d 89 (2d Cir. 1996) ................... 8

*Crews v. City of Mt. Vernon*, 567 F.3d 860 (7th Cir. 2009) ......................................................... 5

*DeVore v. Neighborhood Hous. Servs. of Jamaica, Inc.*, 15-CV-6218 (PKC), 2017 WL 1034787 (E.D.N.Y. Mar. 16, 2017) ............................................................................................ 5

*Doe v. Bloomberg, L.P.*, 36 N.Y.3d 450 (2021) ........................................................................... 7

*E.E.O.C. v. Bloomberg L.P.*, 967 F. Supp. 2d 816 (S.D.N.Y. 2013) ......................................... 6, 9

*Fraser v. MTA Long Island Rail Rd.*, 307 F. Supp. 3d 105 (E.D.N.Y. 2018) .............................. 9

*Giugliano v. FS2 Capital Partners, LLC*, No. 14-cv-7240, 2015 WL 5124796 (E.D.N.Y. Sept. 1, 2015) ................................................................................................................................. 3

*Hoffman v. Parade Publications*, 15 N.Y.3d 285 (2010) ........................................................... 10

*Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429 (S.D.N.Y. 2018) ...................... 5

*Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166 (2d Cir. 2005) ................................................ 8

*L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419 (2d Cir. 2011) .............................................. 6

*Langley v. Pinkerton's Inc.*, 220 F. Supp. 2d 575 (M.D. La. 2002) .............................................. 7

*Lax v. City Univ. of New York*, No. 16-CV-799 (LDH), 2020 WL 6161253 (E.D.N.Y. Oct. 21, 2020), *aff'd*, No. 20-3906-CV, 2022 WL 103315 (2d Cir. Jan. 11, 2022) ......................... 5, 9

*Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666 (E.D.N.Y. 2017) ............................................ 3

*O'Connor v. Smith & Laquercia, LLP*, No. 08-CV-4559 (ENV)(MDG), 2010 WL 3614898 (E.D.N.Y. Sept. 9, 2010) .......................................................................................................... 4

*Perrin v. Conn. Dep't of Correction*, No. 3:16-cv-643 (JAM), 2016 WL 6594070 (D. Conn. Nov. 7, 2016) ........................................................................................................................... 5

*Satan Wears Suspenders, Inc. v. Jaar*, No. 21 CIV. 812 (ER), 2022 WL 2181449 (S.D.N.Y. June 16, 2022) ......................................................................................................................... 3

*Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406 (2d Cir. 2008) ........................................ 4

*Syeed v. Bloomberg L.P.*, 568 F. Supp. 3d 314 (S.D.N.Y. 2021) ............................................... 10

*Wermann v. Excel Dentistry, P.C.*, No. 13 Civ. 7028, 2014 WL 846723 (S.D.N.Y. Feb. 25, 2014) ........................................................................................................................................ 8

Defendant Governor Cuomo,[1] by and through his undersigned counsel, respectfully submits this reply in further support of his Motion to Dismiss the Retaliation Claims of the Amended Complaint (the "Motion").[2]

## PRELIMINARY STATEMENT

As set forth in the Motion, Plaintiff's Retaliation Claims under the NYSHRL and the NYCHRL are not viable. Plaintiff defends these claims by arguing that (i) the Court should not consider information directly referenced in and integral to the Amended Complaint; (ii) her allegations support an inference of retaliation despite the fact that statement at issue did not threaten her in any way; and (iii) Governor Cuomo can be liable for retaliation even though he was never her employer and even though the alleged act of retaliation occurred after he was no longer in office. None of Plaintiff's arguments has any merit.

First, there is no basis under Rule 12 to dismiss the Motion outright simply because it included certain information outside the four corners of the Amended Complaint. Plaintiff deliberately chose to cloak her claims in two lengthy public reports and deliberately included numerous allegations about related public events. As explained in the Motion, this Court can. and indeed should, take judicial notice of facts that are a matter of public record, particularly where doing so provides critical context for evaluating the plausibility of Plaintiff's Retaliation Claims.

Second, there is no reasonable inference that the February 17, 2022 tweet addressing Plaintiff's lawsuit constituted a threat or effort to intimidate her; it was instead a reasonable defensive measure to the litigation. Although Plaintiff points to other allegations in the Amended

---

[1] For ease of reference, we use terms as they are defined in Governor Cuomo's moving memorandum ("Mov. Mem.").

[2] As with our moving memorandum, we incorporate by reference the legal arguments made in the other individual Defendants' reply briefing to the extent those arguments apply to the Retaliation Claims against Governor Cuomo.

Complaint concerning statements made at other times, in other contexts, and about other people to argue that Governor Cuomo threatened and intimidated her, Opp. at 9, the menacing inferences she urges are not warranted. Instead, the only reasonable inference from the other communications referenced in the Amended Complaint is that these statements were directed to others (because they were), and related specifically and directly to Governor Cuomo's legitimate concerns about the flawed investigative process and the Attorney General's political bias.

Finally, Governor Cuomo cannot be liable for retaliation under the NYSHRL and NYCHRL because the alleged retaliatory act occurred when Governor Cuomo was a private citizen and he was never her employer. Plaintiff is simply incorrect that these statutes have such broad reach to cover conduct under these circumstances. Plaintiff is also incorrect that the NYCHRL extends to alleged conduct that has no impact in New York City.

## **ARGUMENT**

### I. GOVERNOR CUOMO'S MOTION IS PROPER UNDER RULE 12.

In his Motion, Governor Cuomo properly asserted that the Court may consider certain materials outside the four corners of the Amended Complaint—including government statements, webpages, Twitter posts, and news articles—because they are (i) integral to or incorporated by reference in the Amended Complaint, and (ii) proper subjects of judicial notice. Mov. Mem. at 6, n.4. Plaintiff contends that the Motion should be dismissed outright because certain documents "are neither attached to, referred to, nor relied upon" by the Amended Complaint. Opp. at 6. This is not incorrect.

Indeed, most of the documents that Plaintiff characterizes as "improper" are either integral to the Amended Complaint, or are documents that Plaintiff deliberately relied upon in framing her claims. Plaintiff complains, for example, that Governor Cuomo included in his Motion information concerning public statements by the Albany County District Attorney and by other prosecutors

who declined to pursue criminal charges against him. Opp. at 6. But Plaintiff herself made specific allegations concerning these very statements. *See* Am. Compl. ¶ 157. Likewise, Plaintiff argues that Governor Cuomo should not be permitted to rely on the Attorney General's press release (published on the OAG website, *see* Mov. Mem. at 6 n.3) describing her chosen investigators, Opp. at 6, but the Amended Complaint directly implicates the identity of the investigators because Plaintiff, in parroting the claims made in the Attorney General's Report, alleges an "exhaustive investigation by independent attorneys." *See* Am. Compl. ¶ 4; *see also id.* ¶ 6, ¶ 150 n.3. Further, although Plaintiff takes issue with Governor Cuomo attaching his publicly released written response to the Report, Opp. at 6, the Amended Complaint explicitly references Governor Cuomo's public pushback on the flawed investigations. *See* Am. Compl. ¶ 6. Further, courts in this Circuit regularly take judicial notice of similar official submissions that are in the public record. *See, e.g.*, *Avgerinos v. Palmyra-Macedon Cent. Sch. Dist.*, 690 F. Supp. 2d 115, 125 (W.D.N.Y. 2010) (taking judicial notice of Defendant's response to EEOC charge).

Aside from the fact that most of the information is referenced in or integral to the Amended Complaint, courts in this Circuit routinely find that documents like those referenced by Governor Cuomo are suitable for judicial notice. *See, e.g.*, *Giugliano v. FS2 Capital Partners, LLC*, No. 14-cv-7240, 2015 WL 5124796, at *6-7 (E.D.N.Y. Sept. 1, 2015); *Satan Wears Suspenders, Inc. v. Jaar*, No. 21 CIV. 812 (ER), 2022 WL 2181449, at *3 n.6 (S.D.N.Y. June 16, 2022); *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 673 (E.D.N.Y. 2017) (taking judicial notice of news articles where plaintiff does not challenge authenticity). While Plaintiff argues that the substance of these materials should not be considered because any "'judicial notice' is limited to 'the *fact* of' the postings and webpages," Opp. at 7, n.7 (emphasis in original), the case she cites for this proposition concerns taking judicial notice of court filings specifically to establish inquiry notice

3

and is therefore inapposite. *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008). This Court clearly has discretion to consider the materials in evaluating the plausibility of Plaintiff's claims and should do so in light of the very public nature of the circumstances surrounding the Retaliation Claims. In any event, there certainly is no basis to deny the Motion outright. If the Court deems any information to be extraneous, the Court can and should simply decline to consider it.

## II. PLAINTIFF HAS NOT PLAUSIBLY PLED RETALIATION UNDER EITHER THE NYSHRL OR THE NYCHRL.

In the Motion, Governor Cuomo demonstrated that the allegations in the Amended Complaint do not support a viable claim of retaliation against Plaintiff. In opposition, Plaintiff argues that (i) Governor Cuomo's statements were not reasonable defensive measures; (ii) Governor Cuomo can be held liable for retaliation directly as an individual or under an aiding and abetting theory, notwithstanding his status as a private citizen; (iii) she has plausibly pled causation between the alleged retaliatory statements and the protected activity; and (iv) the Amended Complaint alleges a sufficient "impact" in New York under the NYCHRL. Each of these arguments is flawed. Plaintiff's efforts to use the NYSHRL and NYCHRL law to chill Governor Cuomo, a private citizen, from defending himself must fail.

### A. Governor Cuomo's Comments Were Reasonable Defensive Measures Made in the Context of Pending Litigation.

As Governor Cuomo established in his Motion, "reasonable defensive measures" do not constitute unlawful retaliation under any relevant anti-discrimination law.[3] *See, e.g.*, Mov. Mem. at 15–16; *see also Areu v. Fox News Network, LLC*, No. 20-CV-8678 (RA), 2021 WL 4124226, at

---

[3] Though not relevant to the instant matter, given that Governor Cuomo has not asserted any sort of counterclaim, Plaintiff's assertion regarding the filing of retaliatory counterclaims conveniently ignores the fact that counterclaims asserted in good faith *do not* constitute retaliation. *See O'Connor v. Smith & Laquercia, LLP*, No. 08-CV-4559 (ENV)(MDG), 2010 WL 3614898, at *8–9 (E.D.N.Y. Sept. 9, 2010).

4

*16 (S.D.N.Y. Sept. 9, 2021) (filing sanctions motion and leaking cherry-picked emails to media were reasonable defensive measures and not sufficient to sustain retaliation claim).

Plaintiff argues that the February 17 tweet—which is the sole basis for her retaliation claims, Opp. at 17—was not a reasonable defensive measure because it was threatening and intimidating. But merely labeling the statement as a "threat" or an effort at "intimidation" does not make it so. *See Lax v. City Univ. of New York*, No. 16-CV-799 (LDH), 2020 WL 6161253, at *9 (E.D.N.Y. Oct. 21, 2020), *aff'd*, No. 20-3906-CV, 2022 WL 103315 (2d Cir. Jan. 11, 2022) (DeArcy Hall, J.) (finding that demand constituted reasonable defensive measure and, even if "demand" were construed as a threat to plaintiff, no retaliation claim would lie "without some accompanying negative consequence"). Nothing about the tweet suggests that Governor Cuomo intended to take any action against Plaintiff other than to defend against a meritless lawsuit.

None of the cases Plaintiff cites is to the contrary. *DeVore v. Neighborhood Hous. Servs. of Jamaica, Inc.*, for example, did not involve allegations of litigation-related statements but instead involved "retaliatory write-ups for infractions *that had not happened*." 15-CV-6218 (PKC), 2017 WL 1034787, at *10 (E.D.N.Y. Mar. 16, 2017) (emphasis added). *Perrin v. Conn. Dep't of Correction* likewise involved "demands on an employee to perform the physically impossible and initiation of a disciplinary action for a bogus claim of misconduct." No. 3:16-cv-643 (JAM), 2016 WL 6594070, at *2 (D. Conn. Nov. 7, 2016). Indeed, many of the cases Plaintiff cites in opposition are consistent with the principle that even colorful or forceful statements concerning a lawsuit are reasonable defensive measures. *See, e.g.*, *Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 449 (S.D.N.Y. 2018) (no retaliation where defense disclosed false narrative to media regarding plaintiff's affair as part of strategy to undermine her report that she was a rape victim); *see also Crews v. City of Mt. Vernon*, 567 F.3d 860, 870 (7th Cir. 2009) (disparaging comments

to the media stating the lawsuit had no merit were not actionable retaliation where isolated, outside of the workplace, and had no impact on conditions of plaintiff's employment). As in *E.E.O.C. v. Bloomberg L.P.*, Plaintiff has alleged nothing more than a "petty slight," made on behalf of Governor Cuomo in the context of pending litigation, and such an allegation does not constitute retaliation. 967 F. Supp. 2d 816, 848 (S.D.N.Y. 2013).

To bolster her argument that the February 17 tweet was somehow threatening, Plaintiff points to other conduct alleged in the Amended Complaint, including the February 10 tweet and other statements Governor Cuomo or his representatives made long before Plaintiff filed suit. According to Plaintiff, these prior statements "add context to the statement released on February 17," Opp. at 17, such that the February 17 tweet should be read as containing "an implicit threat of criminal prosecution" and "as part of a running campaign of retaliatory threats." But the inferences Plaintiff urges are not plausible because each of the other statements she relies upon, including those suggesting that certain witnesses made false statements, was directed at those specific individuals and not at Plaintiff. *Cf. L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

Even under liberal pleading standards, Plaintiff is not entitled to invent a threat where none was made.

### B. Plaintiff Has Not and Cannot Allege an Employment Relationship Sufficient to Sustain a Retaliation Claim.

As set forth in the Motion, Governor Cuomo cannot be held liable under any framework because (i) he was never Plaintiff's employer, and (ii) even if he had been an employer at one time, he certainly was not her employer in February 2021. Mov. Mem. at 18-21. None of Plaintiff's responses is persuasive. Opp. at 11–14.

First, Plaintiff asserts that direct liability can be imposed on an employer's "employees or

6

agents." But Governor Cuomo was not an employee or agent of the NYSP, and none of the cases stands for the notion that an individual who was never an employer, never an employee of the employer, and never an agent of the employer can be liable under the NYSHRL or NYCHRL. Indeed, *Doe v. Bloomberg, L.P.*, 36 N.Y.3d 450 (2021), on which Plaintiff relies, makes clear that the NYCHRL imposes direct liability only on individual non-employers who are "employees and agents [of the employer]." *See id.* at 459–60. *Doe* also confirms that under the NYSHRL, an individual who is *not* an employer "is not individually subject to suit under" the NYSHRL. *See id.* at 457–58. At the time of the February 17 tweet, Governor Cuomo was a private citizen with no connection whatsoever to Plaintiff's employer, and thus cannot be liable.

Second, Plaintiff's argument regarding "employer liability" appears to center on the harassment claims, and disputing the applicability of a case to which Governor Cuomo did not cite in his Motion. *See* Opp. at 12 (discussing *Patrowich*). Given that the Retaliation Claims rest entirely on conduct following Governor Cuomo's resignation, this argument is fighting a battle that, while relevant in the future, is not at issue in this Motion. In any event, Governor Cuomo reiterates that the NYSHRL and NYCHRL explicitly require the existence of an employment relationship. Mov. Mem. at 20–21. As explained in the Motion, the Amended Complaint does not contain allegations sufficient to support a finding that Governor Cuomo was Plaintiff's employer. He was simply the beneficiary of services performed by Plaintiff and other Troopers. Employees serving on a security detail for an entity or individual remain employees of their security company or police force, *not* of the individual or entity whom they protect. *See Langley v. Pinkerton's Inc.*, 220 F. Supp. 2d 575, 580 (M.D. La. 2002).

Third, Plaintiff suggests that Governor Cuomo can be held liable for retaliation on an aiding and abetting theory. It is unclear, however, how her argument and the line of cases she cites

7

conceivably relate to the Retaliation Claims. In particular, the argument that Governor Cuomo can be liable for retaliation both directly, as an employer (or agent of an employer), and indirectly, for aiding and abetting "the employer's conduct," Opp. at 14, makes no sense, given that her Retaliation Claims are based on a statement she attributes to Governor Cuomo. Opp. at 13–14, 14 n.11. The law does not permit aiding and abetting liability to be imposed on primary actors. *See Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670, 677, 677 n.1 (S.D.N.Y. 2001) (supervisor who was accused of harassing employee was primary actor, and, thus, could not be aider and abettor of his own actions for purposes of NYSHRL).

Finally, Plaintiff argues that former employees of an employer can bring claims for retaliation regardless of any "temporal qualifier." Opp. at 14. As explained in the Motion, however, the imposition of such liability requires some connection to the original employment relationship. *See Conn. Light & Power Co. v. Sec'y of U.S. Dep't of Lab.*, 85 F.3d 89, 94 (2d Cir. 1996) ("employee" may include former employee where alleged discrimination or retaliation is related to or arises out of the employment relationship). Indeed, the cases on which Plaintiff relies support this proposition. For example, in *Jute v. Hamilton Sundstrand Corp.*, the plaintiff alleged retaliation based on a former supervisor's false statement to a prospective employer that resulted in the rescindment of a job offer. 420 F.3d 166, 178–79 (2d Cir. 2005). Further cementing the connection to the original employment relationship, the prospective employer in *Jute* was a corporate affiliate of the former employer who specifically reached out to certain employees at the former employer's direction. *Id.* at 170. Plaintiff also relies on *Wermann v. Excel Dentistry, P.C.*, which involved an employer challenging a plaintiff's unemployment benefits mere weeks after her termination as a response to a demand letter. No. 13 Civ. 7028, 2014 WL 846723, at *1 (S.D.N.Y. Feb. 25, 2014). Plaintiff cannot reasonably aver that such conduct is at all comparable to general

media statements made in the context of pending litigation more than six months after the Governor resigned that do not relate at all to Plaintiff's current or former employment prospects, and thus her Retaliation Claims fail.

### C. Plaintiff Does Not Allege Causation.

As demonstrated in Governor Cuomo's Motion, there is no causation between the alleged retaliatory statement and protected activity. Mov. Mem. at 21–22. Plaintiff argues that the temporal proximity between the filing of the Amended Complaint and the February 17 tweet *per se* creates a presumption of causation. Opp. at 16–17. But cases discussing proximity as a proxy for causation consider the time period between an employer's knowledge of protected activity and *an adverse employment action*. *Fraser v. MTA Long Island Rail Rd.*, 307 F. Supp. 3d 105, 115 (E.D.N.Y. 2018) (reviewing time between protected activity and job rejections). As discussed *supra*, statements to the media do not constitute actionable retaliatory conduct, and nor do they constitute an adverse employment action sufficient to create an inference of causation. *See, e.g.*, *E.E.O.C. v. Bloomberg L.P.*, 967 F. Supp. 2d at 848 (no adverse effect from media statements); *Lax*, 2020 WL 6161253, at *9 (threat without accompanying negative consequence is not adverse employment action).

### D. Plaintiff Cannot Avail Herself of the Protections of the NYCHRL.

Finally, Plaintiff may not invoke the protection of the NYCHRL, as she has not plausibly alleged any impact of the alleged retaliation in New York City. Mov. Mem. at 23–24. Plaintiff contends that Governor Cuomo "misreads" *Hoffman v. Parade Publications*, stating that the NYCHRL applies to "those who live or work" in New York City, and that incidents of alleged harassment that occurred in New York City, coupled with her decision to file the lawsuit here, constituted a sufficient "impact." Opp. at 17–18. This argument is disingenuous. *Hoffman* affirmed the dismissal of an NYCHRL claim where a plaintiff had more contact with New York City than

Plaintiff herself alleges—they attended quarterly meetings in New York City, and were managed (and eventually terminated) from there. *Hoffman v. Parade Publications*, 15 N.Y.3d 285, 288, 290 (2010). Plaintiff does not plead that she regularly works in New York City (isolated or irregular trips to the city are not sufficient) or that she resides here. Further, even if certain incidents of alleged harassment took place in New York City, that has nothing to do with whether Plaintiff has stated a claim for retaliation under the NYCHRL. She simply has not pleaded, as she must, that she felt the impact of the alleged retaliation in New York City. *Syeed v. Bloomberg L.P.*, 568 F. Supp. 3d 314, 321 (S.D.N.Y. 2021). Nor does Plaintiff cite to any support for the proposition that the existence of her lawsuit in New York City supplies the requisite "impact." The mere fact that Plaintiff chose to bring her lawsuit in Brooklyn rather than where she lives or works does not bring her within the ambit of the NYCHRL's protections. Such a broad reading of the statute would contravene *Hoffman*'s caution against expanding the NYCHRL to "nonresidents who have, at most, tangential contacts with the city." *Hoffman*, 15 N.Y.3d at 290–91.

## CONCLUSION

For the foregoing reasons, Defendant Governor Cuomo respectfully requests that the Court dismiss the Fourth and Sixth causes of action of the Amended Complaint.

Dated: September 2, 2022
New York, New York

Respectfully submitted,

*/s/ Rita M. Glavin*

Rita M. Glavin
GLAVIN PLLC
156 West 56th Street, Ste. 2004
New York, NY 10019
Tel: (646) 693-5505
rglavin@glavinpllc.com

Theresa Trzaskoma
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: (212) 202-2600
Fax: (212) 202-4156
ttrzaskoma@shertremonte.com

*Counsel for former Governor
Andrew M. Cuomo*