UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TROOPER 1,

                Plaintiff,

    v.

NEW YORK STATE POLICE, ANDREW CUOMO, MELISSA DEROSA and RICHARD AZZOPARDI,

                Defendants.

Case No.: 22-cv-00893 (LDH) (TAM)

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MELISSA DEROSA AND RICHARD AZZOPARDI'S <u>MOTION TO DISMISS</u>

Elkan Abramowitz
Catherine M. Foti
Rachel Fleig-Goldstein
Joseph Stern

MORVILLO ABRAMOWITZ
GRAND IASON & ANELLO P.C.
565 Fifth Avenue
New York, New York 10017

*Attorneys for Defendants*
  *Melissa DeRosa and Richard*
  *Azzopardi*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................. 2

    I.    THE AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST MS. DEROSA FOR AIDING AND ABETTING THE ALLEGED HARASSMENT ...................... 2

        A.  The Amended Complaint Does Not Allege a Claim for Hostile Work Environment as to Ms. DeRosa .................................................................................................................. 2

        B.  Trooper 1 Does Not Plausibly Allege that Ms. DeRosa Participated in the Alleged Harassment, as Required Under an Aiding and Abetting Discrimination Theory ................. 3

    II.    THE AMENDED COMPLAINT FAILS TO ALLEGE THAT MS. DEROSA OR MR. AZZOPARDI RETALIATED AGAINST TROOPER 1 .......................................................... 5

        A.  The Retaliation Claim under the NYSHRL Must Be Dismissed Because There Was No Adverse Employment Action .................................................................................................. 5

        B.  Plaintiff Fails to Allege the Supposed Retaliation Impacted her in New York City ....... 7

        C.  The Amended Complaint Fails to Allege an Employment or Economic Relationship Between the Parties .................................................................................................................. 8

        D.  Ms. DeRosa and Mr. Azzopardi's Remarks Would Not Dissuade a Reasonable Person from Engaging in Protected Activity. ....................................................................................... 8

CONCLUSION ........................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Perry v. Ethan Allen, Inc.*,
115 F.3d 143 (2d Cir. 1997) ............................................................................................... 3

*Laurin v. Pokoik*,
2005 WL 2230457 (S.D.N.Y. Sept. 13, 2005) .................................................................... 3

*Burbar v. Inc. Vill. of Garden City*,
961 F. Supp. 2d 462 (E.D.N.Y. 2013) ............................................................................... 10

*Burlington Northern and Santa Fe Ry. Co. v. White*,
548 U.S. 53 (2006) .............................................................................................................. 6

*Delisi v. Nat'l Ass'n of Pro. Women, Inc.*,
48 F. Supp. 3d 492 (E.D.N.Y. 2014) ................................................................................... 4

*Dillon v. Ned Mgmt., Inc.*,
85 F. Supp. 3d 639 (E.D.N.Y. 2015) ................................................................................... 3

*Feingold v. New York*,
366 F.3d 138 (2d Cir. 2004) ................................................................................................ 3

*Forrest v. Jewish Guild for the Blind*,
3 N.Y.3d 295 (2004) ............................................................................................................ 6

*Friederick v. Passfeed, Inc.*,
2022 WL 992798 (S.D.N.Y. Mar. 31, 2022) ....................................................................... 4

*Greenbelt Co-op. Pub. Ass'n v. Bresler*,
398 U.S. 6 (1970) .............................................................................................................. 10

*Hoffman v. Parade Publ'ns*,
15 N.Y.3d 285 (2010) ......................................................................................................... 8

*Jian Zhong Li v. Oliver King Enterprises, Inc.*,
2015 WL 4643145 (S.D.N.Y. Aug. 4, 2015) ....................................................................... 7

*Jute v. Hamilton Sundstrand Corp.*,
420 F.3d 166 (2d Cir. 2005) ................................................................................................ 7

*Malena v. Victoria's Secret Direct, LLC*,
  886 F. Supp. 2d 349 (S.D.N.Y. 2012) ............................................................................ 4

*Melius v. Glacken*,
  94 A.D.3d 959 (2d Dep't 2012) ................................................................................... 10

*Miller v. City of Ithaca*,
  179 A.D.3d 1235 (3d Dep't 2020) ................................................................................. 6

*Mira v. Kingston*,
  218 F. Supp. 3d 229 (S.D.N.Y. 2016) ........................................................................... 7

*Oliver v. Penny*,
  2020 WL 7316125 (N.D.N.Y. Dec. 11, 2020) ............................................................... 7

*Quintero v. Angels of the World, Inc.*,
  2021 WL 4464123 (E.D.N.Y. Sept. 10, 2021) ............................................................... 3

*Schmitt v. Artforum Int'l Mag., Inc.*,
  178 A.D.3d 578 (1st Dep't 2019) .................................................................................. 8

*Spencer v. Int'l Shoppes, Inc.*,
  902 F. Supp. 2d 287 (E.D.N.Y. 2012) ........................................................................... 7

*Vangas v. Montefiore Med. Ctr.*,
  823 F.3d 174 (2d Cir. 2016) .......................................................................................... 8

*Wermann v. Excel Dentistry, P.C.*,
  2014 WL 846723 (S.D.N.Y. Feb. 25, 2014) .................................................................. 7

**Statutes**

N.Y. Penal Law § 155.05 .................................................................................................... 9

# PRELIMINARY STATEMENT

As Ms. DeRosa and Mr. Azzopardi demonstrated in their opening brief, Plaintiff's attempts to drag them into a lawsuit with former Governor Andrew Cuomo – despite the fact that neither of them is alleged to be involved in any of the complained-of harassment – fail as a matter of law. The arguments in Plaintiff's opposition brief do nothing to save her claims.

With respect to the aiding and abetting claims against Ms. DeRosa, Plaintiff now tries to argue that Ms. DeRosa contributed to the creation of an alleged hostile workplace even though she did not know about any of the harassment that Plaintiff alleges. This argument fails because Ms. DeRosa is not an employer to whom liability can be imputed and because Ms. DeRosa did not participate in the alleged conduct giving rise to Plaintiff's discrimination claims. As shown in the opening brief, because the Amended Complaint fails to allege that Ms. DeRosa participated in the alleged harassment, the aiding and abetting claims must fail.

With respect to the retaliation claims against Ms. DeRosa and Mr. Azzopardi, Plaintiff, among other things, (i) ignores the legal standard under both the NYSHRL and NYCHRL that there must be an employment or economic relationship between the parties (which there was not); (ii) confuses the standard for when the NYCHRL applies: it does not apply because there was no impact on Plaintiff in New York City; and (iii) misinterprets the long line of cases cited in the opening brief which demonstrate that when an individual uses the term "extortion" in this context, it is not an accusation of a crime and is not remotely retaliatory.

For the reasons set forth in our opening brief and below, the discrimination claims as to Ms. DeRosa and the retaliation claims as to Ms. DeRosa and Mr. Azzopardi should be dismissed.[1]

---

[1] Ms. DeRosa and Mr. Azzopardi incorporate by reference the legal arguments made in Governor Cuomo's reply briefing to the extent those arguments apply to claims against them.

# ARGUMENT

I. **THE AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST MS. DEROSA FOR AIDING AND ABETTING THE ALLEGED HARASSMENT**

A. **The Amended Complaint Does Not Allege a Claim for Hostile Work Environment as to Ms. DeRosa**

In her opening brief, Ms. DeRosa demonstrated that the Amended Complaint failed to allege any facts to support the claim that she was aware that Governor Cuomo was engaged in alleged acts of harassment directed toward Trooper 1. In response, Plaintiff argues that Ms. DeRosa created a hostile work environment and therefore, it is not necessary for Ms. DeRosa to have had knowledge of the alleged discrimination against Trooper 1. Memorandum of Law in Opposition to Ms. DeRosa and Mr. Azzopardi's Motion to Dismiss ("Opp.") at 6-7. This argument is neither supported by law nor by the facts alleged in the Amended Complaint. First, Trooper 1 does not allege that Ms. DeRosa participated in the conduct giving rise to her allegations against Governor Cuomo. Further, Trooper 1 cannot impute liability to Ms. DeRosa because Ms. DeRosa is not Trooper 1's employer. The cases that Plaintiff cites in support of her unfounded arguments regarding hostile workplace allegations are ones where the *employer* is alleged to be liable for the hostile work environment. *See* Opp. at 6. The New York State Police (NYSP) is Trooper 1's employer. Am. Compl. ¶ 11. Trooper 1 does not allege that Ms. DeRosa was Trooper 1's employer or that Ms. DeRosa had any control over Trooper 1's conditions of employment. As both Trooper 1 and Ms. DeRosa have testified, they barely knew one another and had very few interactions. *See* Ms. DeRosa and Mr. Azzopardi's Memorandum of Law in Support of their Motion to Dismiss ("Br.") at 7. Therefore, Trooper 1 cannot plausibly allege a "hostile work environment" claim against Ms. DeRosa.

Even assuming Plaintiff could establish all the necessary elements to establish that she had been subjected to a hostile work environment (which we in no way concede that she was),

Plaintiff obscures the standard for individual liability under a hostile work environment theory.[2] "Individual employees may be held liable under [the NYSHRL and] NYCHRL if they actually participated in the conduct giving rise to the discrimination claim." *Dillon v. Ned Mgmt., Inc.*, 85 F. Supp. 3d 639, 658 (E.D.N.Y. 2015) (internal quotation marks and citation omitted); *see Quintero v. Angels of the World, Inc.*, 2021 WL 4464123, at *7 (E.D.N.Y. Sept. 10, 2021) ("Under the NYSHRL, an individual may be held liable for his conduct in discriminating in the terms and conditions of employment if he is a supervisor who actually participates in the conduct giving rise to [the] discrimination.") (quoting *Feingold v. New York*, 366 F.3d 138, 157 (2d Cir. 2004)). Further, "to hold an individual defendant liable for creating a hostile work environment under [the NYSHRL or] NYCHRL, evidence must show that the claim relates *directly to the conduct and behavior of the individual*." *Dillon*, 85 F. Supp. 3d at 658 (emphasis added). Despite its reliance on troves of testimony taken by the AG during its investigation, the Amended Complaint contains no allegations of any conduct by Ms. DeRosa supporting a claim that Ms. DeRosa participated in any discriminatory conduct.

### B. Trooper 1 Does Not Plausibly Allege that Ms. DeRosa Participated in the Alleged Harassment, as Required Under an Aiding and Abetting Discrimination Theory

Aiding and abetting discrimination requires the defendant to have "actually participate[d] in the conduct giving rise to the plaintiff's [discrimination] claim." *Friederick v. Passfeed, Inc.*, 2022 WL 992798, at *9 (S.D.N.Y. Mar. 31, 2022) (quoting *Malena v. Victoria's Secret Direct,*

---

[2] The cases Plaintiff cites clearly reflect her attempts to stretch the law far beyond its conceivable application. *Perry v. Ethan Allen, Inc.* is about evidentiary exclusions for claims against an employer under Title VII and the Vermont Fair Employment Practices Act. 115 F.3d 143 (2d Cir. 1997) (concluding that exclusion was harmless error), while *Laurin v. Pokoik* addresses evidentiary issues in motions *in limine* and discusses Perry. 2005 WL 2230457, at *1 (S.D.N.Y. Sept. 13, 2005). Plaintiff seemingly cites these cases to argue that Plaintiff did not need to know about the alleged harassment of other women to assert a claim for hostile work environment. *See* Opp. at 6. Ms. DeRosa is not arguing that the Plaintiff needed to know about the alleged harassment of other women, but that the Amended Complaint needs to allege facts to support a claim that Ms. DeRosa knew about the alleged harassment ssuch that she knowingly participated in it. These cases have no relevance to the legal issue of whether Plaintiff has sufficiently alleged a discrimination claim against Ms. DeRosa.

*LLC*, 886 F. Supp. 2d 349, 366 (S.D.N.Y. 2012)). This requirement remains unchanged by Trooper 1's attempts to salvage her claims against Ms. DeRosa under a hostile work environment theory. As the cases that Plaintiff herself cites make clear, the law requires Ms. DeRosa to have had some knowledge of Trooper's 1 allegations or for Ms. DeRosa to have failed to investigate complaints by Trooper 1 (if Ms. DeRosa had been in a position to do so) to establish a claim for aiding and abetting.³ The Amended Complaint in this case alleges that: "DeRosa was specifically involved in hiding the Governor's behavior. DeRosa yelled at the editor of *The Times Union* and accused him of being sexist for even making the inquiry." Am. Compl. ¶ 66. However, nowhere does the Amended Complaint offer any factual support as to whether Ms. DeRosa knew or should have known about the Governor's alleged behavior or that she was hiding any such alleged behavior. Moreover, the allegations set forth in the Amended Complaint do not even support Plaintiff's suggestion that the *Times Union* article was about Governor Cuomo's alleged harassment of Trooper 1. As detailed in Ms. DeRosa's opening brief, the subject of the *Times Union* article apparently was whether Trooper 1 was unqualified for her position in the Governor's detail – suggesting that she was hired for her looks and not her abilities. There was no indication in any of the *Times Union's* questions to Ms. DeRosa that Trooper 1 had complained about being subject to any acts of harassment and no reason for Ms. DeRosa to believe that any comments she made to the *Times Union* would have any impact on

---

³ *Delisi v. Nat'l Ass'n of Pro. Women, Inc.*, 48 F. Supp. 3d 492 (E.D.N.Y. 2014), for example, supports Ms. DeRosa's argument that more than mere speculation is required to allege a claim for aiding and abetting. In *Delisi,* plaintiff complained to her employer's general counsel about the sexual harassment she suffered in June 2012. Those complaints were ignored, and the harassment continued until the plaintiff took a medical leave in July 2012, filing a letter with the EEOC soon thereafter. Upon the plaintiff's return in January 2013, the alleged harassment continued. The plaintiff again complained to the general counsel and was called a "liar" and no action was taken. The court found that the facts sufficiently alleged the general counsel "active participated" in the discrimination and thereby supported an aiding and abetting claim under the NYSHRL.

the continuation of an alleged pattern of harassment about which she had no knowledge.[4]

The facts in *Miotto v. Yonkers Pub. Sch.* and other cases cited by Plaintiff contrast significantly with what Plaintiff alleges here – that in December 2020, in or around the same time that Lindsay Boylan tweeted that Governor Cuomo had allegedly harassed her, the NYSP received an inquiry about "the circumstances of Trooper 1's transfer to the PSU" (Am. Compl. ¶¶ 63-67). Based on information the NYSP provided, Ms. DeRosa responded to the *Times Union* editor saying: "This woman, from everything I hear, is strong, smart, incredibly qualified, and does a phenomenal job. And you guys are trying to reduce her hiring to being about her looks." *See* Br. at 6; Am. Compl. ¶ 66. A claim that this conduct supports a cause of action for aiding and abetting harassment is without precedent and unsupported by law.[5] Plaintiff now tries to argue that she is entitled to infer that "DeRosa *did* know about Cuomo's harassment of Trooper 1 in particular," Opp. at 8, while still failing to allege any facts to support that conclusion. The Amended Complaint does not allege that Ms. DeRosa was present during any of the alleged harassing conduct, nor that Trooper 1 ever had a conversation with her about any of the alleged conduct. Trooper 1 herself acknowledges that she barely interacted with Ms. DeRosa. She should not now be able to tie Ms. DeRosa to such a serious allegation as aiding and abetting sexual harassment without more than a mere assumption.

## II. THE AMENDED COMPLAINT FAILS TO ALLEGE THAT MS. DEROSA OR MR. AZZOPARDI RETALIATED AGAINST TROOPER 1

### A. The Retaliation Claim under the NYSHRL Must Be Dismissed Because There Was No Adverse Employment Action

---

[4] Indeed, it is a mere assumption that Ms. DeRosa prevented the paper from publishing the article since it was Trooper 1's employer, the NYSP, who provided the history of Trooper 1's transfer to the PSU. Br. at 5-7.

[5] Additionally, the only other allegation in the Amended Complaint concerning Ms. DeRosa involves Ms. DeRosa supposedly looking into whether Kaitlin was working with Boylan (conduct the Amended Complaint fails to date) and messages that Chris Cuomo sent Ms. DeRosa, which took place after the *Times Union's* inquiry.

In their opening brief, Ms. DeRosa and Mr. Azzopardi clearly laid out the standard for a retaliation claim under the NYSHRL : A "plaintiff must show that (1) she has engaged in protected activity, (2) her employer was aware that she participated in such activity, (3) she suffered an adverse employment action based upon her activity, and (4) there is a causal connection between the protected activity and the adverse action." *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 313 (2004). Plaintiff's articulation of the law conveniently attempts to leave out an essential element of retaliation : namely, that the plaintiff must suffer an adverse *employment* action.

Under the NYSHRL, regardless of the severity of the alleged employment action – *i.e.,* whether it "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination," *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67–68 (2006) (internal quotation marks and citation omitted) – "[t]o state a prima facie case of retaliation under [the NYSHRL], a plaintiff must allege that his or her *employer* took adverse *employment* action as a result of engaging in a protected activity." *Miller v. City of Ithaca*, 179 A.D.3d 1235, 1238 (3d Dep't 2020); *see also* Br. at 18-19. Because Ms. DeRosa and Mr. Azzopardi were both private citizens and had no employment or other economic relationship whatsoever with Plaintiff at the time that each made their remark regarding Plaintiff's legal action (and was are not alleged to have *ever* been Plaintiff's employer), Plaintiff has not pleaded either that they were her employers nor that they took any adverse action employment action. Plaintiff attempts to conduct a lengthy exercise in statutory interpretation and cites certain cases in order to wish away this obstacle to her claims. *See* Opp. at 16-18. However, courts in this Circuit have been clear that "[t]he scope of post-employment conduct that does not have a direct connection to the former employee's employment prospects that has been recognized in this Circuit as potential unlawful retaliation … is … narrow." *Jian Zhong Li v. Oliver King*

6

*Enterprises, Inc.*, 2015 WL 4643145, at *3 (S.D.N.Y. Aug. 4, 2015). Retaliatory post-employment conduct unrelated to the former employee's employment prospects is limited to "instituting bad faith or groundless counterclaims or instituting bad faith litigation against the employee." *Id. See also id.* at *4 (noting that "Plaintiff has not cited a single post-employment retaliation case from this Circuit or elsewhere" involving anything outside the narrow circumstances described above, and that "the Court has found none."); *Mira v. Kingston*, 218 F. Supp. 3d 229, 236 (S.D.N.Y. 2016) *aff'd,* 715 F. App'x 28 (2d Cir. 2017) (no retaliation where alleged post-employment actions "do not relate to [the plaintiff's] new job or to any inability to procure employment"); *Oliver v. Penny*, 2020 WL 7316125, at *14 (N.D.N.Y. Dec. 11, 2020) *aff'd,* No. 21-111, 2022 WL 2165814 (2d Cir. June 16, 2022) (no retaliation where there were "no allegations that Defendants have, post-employment, engaged in blacklisting, or otherwise impaired her employment prospects.").[6] The Amended Complaint fails to allege that Plaintiff has suffered any employment-related harm and the alleged post-employment retaliatory actions do not relate to her employment in any way. Indeed, Plaintiff's employment prospects apparently have not been impaired whatsoever (nor apparently could they since she has remained anonymous throughout).

### B. Plaintiff Fails to Allege the Supposed Retaliation Impacted her in New York City

As set forth in Ms. DeRosa and Mr. Azzopardi's opening brief, the NYCHRL requires that the impact of the employment action "be felt *by the plaintiff* in NYC." *Vangas v. Montefiore Med. Ctr.*, 823 F.3d 174, 183 (2d Cir. 2016).[7]

---

[6] The cases cited by Plaintiff all fit into those categories. *See Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 178–79 (2d Cir. 2005); *Wermann v. Excel Dentistry, P.C.*, No. 13 Civ. 7028 (DAB), 2014 WL 846723, at *3 (S.D.N.Y. Feb. 25, 2014); *Spencer v. Int'l Shoppes, Inc.*, 902 F. Supp. 2d 287, 294–300 (E.D.N.Y. 2012).
[7] Oddly, Plaintiff claims that Ms. DeRosa and Mr. Azzopardi "misread" *Hoffman v. Parade Publ'ns*, 15 N.Y.3d 285 (2010), Opp. at 18; however, Ms. DeRosa and Mr. Azzopardi did not cite that case in their opening brief. *Vangas* cites the *Hoffman* case earlier in the opinion, and the cases are consistent.

7

Plaintiff here cannot bring a retaliation claim against Ms. DeRosa and Mr. Azzopardi under the NYCHRL because she has not pleaded any facts to support a claim that she was impacted by the alleged retaliatory remarks in New York City. *See* Br. at 19-20. Rather, Plaintiff improperly conflates where the alleged harassment took place with where the impact of the retaliation was felt, arguing that the "incidents of harassment occurred in New York City" and that "Trooper 1 engaged in protected activity in New York City." Opp. at 19. But where Plaintiff felt the impact of any alleged harassment or where she engaged in protected activity is completely irrelevant to the question of whether the NYCHRL applies to the retaliation claim. Plaintiff clearly did not feel any impact of Ms. DeRosa or Mr. Azzopardi's remarks in New York City and does not allege that she did.

### C. The Amended Complaint Fails to Allege an Employment or Economic Relationship Between the Parties

Furthermore, even if the NYCHRL is deemed to apply, Plaintiff does not rebut the authority cited in the opening brief that there must be an "ongoing economic relationship" between a plaintiff and defendant who formerly shared an employment relationship for there to be a viable retaliation claim. *See* Br. at 20-21; *Schmitt v. Artforum Int'l Mag., Inc.*, 178 A.D.3d 578, 584 (1st Dep't 2019). To ignore the employment aspect of the NYSHRL and NYCHRL, as Plaintiff wishes, is entirely untenable. Under the standard as Plaintiff would have it, any individual who has never met and has no connection to a person but criticizes that person's decision to bring a discrimination lawsuit could be sued for retaliation. That is not the law, and Plaintiff cites no authority that applies such an unsustainably broad standard.

### D. Ms. DeRosa and Mr. Azzopardi's Remarks Would Not Dissuade a Reasonable Person from Engaging in Protected Activity.

Finally, as explained in the opening brief, even disregarding all other reasons for why Plaintiff's claims fail, the retaliation claims must be dismissed because the allegedly retaliatory

8

remark that Ms. DeRosa and Mr. Azzopardi each made objectively would not dissuade a reasonable person from engaging in protected activity. *See* Br. at 21-25. To rebut this intuitive point, Plaintiff cites several cases for the proposition that "[t]hreats (including potential criminal prosecution) and false allegations are classic examples of actionable retaliatory acts that 'could well dissuade a reasonable worker.'" Opp. at 11-12. Ms. DeRosa's and Mr. Azzopardi's remarks – noting or allegedly implying that Plaintiff was attempting "extortion" through her litigation activity in connection with this action – cannot reasonably be understood to be threats of any kind (let alone threats of criminal prosecution) or to be false allegations. As a result, the cases cited by Plaintiff are all inapposite, since those cases involved actions that were clearly more severe than the remarks at issue here and amounted to actual threats of litigation, criminal prosecution, or "false allegations".

Although Plaintiff repeats that Ms. DeRosa's and Mr. Azzopardi's comments constitute accusations or imputations of "criminality," Opp. at 12-13, that is simply not a reasonable interpretation of what was said. As explained in the opening brief, "any reasonable reader of either of their statements would understand that the term 'extort' or 'extortion' was being used to describe their opinion of Plaintiff's litigation conduct as wholly meritless and their belief that Plaintiff did not have any plausible claims, and not an actual accusation that Plaintiff committed the technical crime of extortion codified in N.Y. Penal Law § 155.05." Br. at 23-24. Moreover, there is a litany of cases holding that statements using the term "extortion" or "blackmail" are not reasonably interpreted as factual accusations of criminal conduct. *See id.* at 24-25. Plaintiff attempts to rebut these cases by arguing that "Defendants' threats are not protected by the First Amendment," Opp. at 12, but that argument misconstrues Ms. DeRosa and Mr. Azzopardi's position and is completely irrelevant. Ms. DeRosa and Mr. Azzopardi's reference to defamation cases is relevant for the proposition that the use of the word extortion in and of itself does not

9

actually suggest an actual threat of prosecution but rather is a short-hand way to deny the underlying allegations.[8]

Recognizing the weakness of her retaliation claims that are premised on one standalone comment, Plaintiff tries to insert that "both [Ms. DeRosa's] and [Mr.] Azzopardi's statements must be viewed as part of an overall campaign by Cuomo." Opp. at 12. Plaintiff cites no authority for this proposition, nor does she plead in the Amended Complaint any connection between their statements and actions taken by Governor Cuomo. Similarly, elsewhere in her opposition brief, Plaintiff asserts a new allegation that "[Mr.] Azzopardi may also be held liable as an aider-abettor of Cuomo's retaliation." Opp. at 18. This statement likewise is pleaded nowhere in the Amended Complaint and Plaintiff cites no authority to support the proposition that Mr. Azzopardi could be liable for retaliation as an "agent" of Governor Cuomo. It is axiomatic that a "Plaintiff may not amend [her] complaint through motion papers." *Burbar v. Inc. Vill. of Garden City*, 961 F. Supp. 2d 462, 470 (E.D.N.Y. 2013). Plaintiff's slapdash, unsupported assertions should be disregarded.

## **CONCLUSION**

For the reasons stated herein and in Ms. DeRosa and Mr. Azzopardi's opening brief, Plaintiff fails to state a claim against Ms. DeRosa and Mr. Azzopardi and they should therefore be dismissed from this action with prejudice.

---

[8] Plaintiff's other attempts to distinguish the long line of cases cited by Ms. DeRosa and Mr. Azzopardi rely on feeble efforts to create nonexistent distinctions and fall well short. *See* Opp. at 13-14. Plaintiff has not cited any cases where a statement using the word "extortion" was deemed to be a retaliatory threat of criminal prosecution. For example, Plaintiff tries to distinguish *Greenbelt Co-op. Pub. Ass'n v. Bresler*, 398 U.S. 6, 14 (1970) and *Melius v. Glacken*, 94 A.D.3d 959, 960 (2d Dep't 2012) by stating that the uses of the terms "blackmail" or "extortion" in those cases were "rhetorical [and] non-specific." Opp at 14, n.5. That is precisely the manner in which the term "extortion" was used in Ms. DeRosa's and Mr. Azzopardi's statements. With respect to the other cases cited in the opening brief, Plaintiff only notes that in the context of those cases, the reader or listener could glean that the use of the word "extortion" was not meant as a literal accusation of a crime. *See id.*

10

Dated: September 2, 2022
 New York, New York

Respectfully submitted,

**MORVILLO ABRAMOWITZ
GRAND IASON & ANELLO P.C.**

By: /s/ Elkan Abramowitz
Elkan Abramowitz
Catherine M. Foti
Rachel Fleig-Goldstein
Joseph Stern

565 Fifth Avenue
New York, New York 10017
Phone: 212.856.9600; Fax: 212.856.9494
eabramowitz@maglaw.com
cfoti@maglaw.com
rfleig-goldstein@maglaw.com
jstern@maglaw.com

*Attorneys for Defendants Melissa DeRosa
 and Richard Azzopardi*