# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

eabramowitz@maglaw.com
(212) 880-9500

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

October 3, 2022

**By ECF**
The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Trooper 1 v. New York State Police, et al.*, 22-CV-893(LDH)(TAM)

Dear Judge DeArcy Hall:

      This firm represents Melissa DeRosa and Richard Azzopardi in the above-captioned matter. I submit this letter to inform the Court about a significant development in the subsequent history of one of the cases we address in the memorandum of law we submitted in connection with Ms. DeRosa and Mr. Azzopardi's motion to dismiss.

      In our memorandum of law, Dkt. No. 50, we noted that Plaintiff relied in part on the decision in *Eckhart v. Fox News Network, LLC*, No. 20-CV-5593 (RA), 2021 WL 4124616 (S.D.N.Y. Sept. 9, 2021) in her pre-motion letter opposing Governor Cuomo's letter requesting a conference with the Court to discuss filing a motion to dismiss the Plaintiff's retaliation claim, Dkt. No. 25. In the *Eckhart* decision cited by Plaintiff, Judge Abrams had denied a motion to dismiss retaliation claims even though the plaintiff and defendant no longer shared an employment relationship. In their initial memorandum in support of their to dismiss the retaliation claims brought by Trooper 1 in this case, Ms. DeRosa and Mr. Azzopardi argued that reliance on that original *Eckhart* decision was misplaced because, among other things, there was a motion for reconsideration pending in *Eckhart* in which the defendant, Ed Henry, argued that the Court had been mistaken to sustain the retaliation claim in that case given the fact that the parties were not employed by the same employer and had no ongoing economic relationship at the time of the alleged retaliation. *See* Dkt. No. 50 at 21. As Ms. DeRosa and Mr. Azzopardi noted in their initial memorandum, the *Eckhart* decision was the subject of reconsideration, and

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Honorable LaShann DeArcy Hall
October 3, 2022
Page 2

on September 29, 2022, Judge Abrams did reconsider her decision and granted in relevant part the motion for reconsideration, holding that an individual cannot be held liable for retaliation under the NYSHRL or the NYCHRL unless there is an employment or ongoing economic relationship between the plaintiff and defendant.  I am enclosing a copy of the decision for the Court's consideration.

      Specifically, in *Eckhart*, the plaintiff claimed that the defendant Ed Henry retaliated against her by filing what the court referred to as "intimate photographs" on the public docket, even though they shared no employment relationship at the time.  Initially, the court denied Henry's motion to dismiss the retaliation claims.  However, in his motion for reconsideration, Henry presented the same argument as Ms. DeRosa and Mr. Azzopardi presented in their motion to dismiss in this case ; namely, that an individual cannot be held liable for retaliation under the NYSHRL or the NYCHRL where there is no employment or ongoing economic relationship between the plaintiff and defendant.  As noted, on reconsideration, Judge Abrams ultimately agreed and granted the motion to dismiss the retaliation claims, noting that "[r]etaliation claims under both [the NYSHRL and NYCHRL] are confined to the employment context, or at the very least, to situations where the parties had an 'ongoing economic relationship.'" *Eckhart v. Fox News Network, LLC*, 20-CV-5593 (RA) (S.D.N.Y.), ECF No. 215 at 2 (quoting *Schmitt v. Artforum Int'l Mag., Inc.*, 178 A.D.3d 578, 584 (N.Y. App. Div. 2019)).  In this case, neither Ms. DeRosa nor Mr. Azzopardi were employed by the same employer as Trooper 1 at the time of the alleged retaliation.  Accordingly, as Judge Abrams did in *Eckhart,* this Court should dismiss the retaliation claims for failure to allege an ongoing employment or economic relationship.

      We thank the Court for its attention to this letter.

Respectfully submitted,

Elkan Abramowitz

Cc:    All counsel (via ECF)

Enclosure

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 09/29/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JENNIFER ECKHART,

                Plaintiff,

v.

FOX NEWS NETWORK, LLC, and ED HENRY,

                Defendants.

---

20-CV-5593 (RA)

MEMORANDUM
OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

On September 9, 2021, the Court granted in part and denied in part Defendants' motions to dismiss. Defendant Ed Henry now moves for reconsideration of the Court's decisions denying his motion to dismiss Plaintiff Jennifer Eckhart's (1) retaliation claims pursuant to the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") based on Henry's filing of intimate photographs of her on the public docket; (2) claim against him for filing the same intimate photographs in violation of New York Civil Rights Law § 52-b, the state's so-called "Revenge Porn" statute; and (3) hostile work environment claims pursuant to the NYSHRL and the NYCHRL as untimely. Plaintiff opposes the motion. For the foregoing reasons, the Court hereby grants Henry's motion for reconsideration in part and denies it in part.

The Court assumes familiarity with the background of this case, as detailed at length in the Court's prior opinion. *Eckhart v. Fox News Network, LLC*, No. 20-CV-5593 (RA), 2021 WL 4124616 (S.D.N.Y. Sept. 9, 2021).

Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). To prevail, the movant must identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). A district court commits clear error when a reviewing court would be "left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (citation omitted). The standard on a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Ultimately, whether to grant or deny a motion for reconsideration is "committed to the sound discretion of the district court." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, 888 F. Supp. 2d 478, 483 (S.D.N.Y. 2012).

As an initial matter, Henry rightly notes that the Court made an inadvertent error in summarizing its holdings on the final page of its opinion by stating that "[t]he third cause of action as it pertains to . . . Eckhart's private photographs and messages (against Henry only)" survives. *See Eckhart*, 2021 WL 4124616 at *27. Plaintiff's third cause of action was a retaliation claim under Title VII against Fox News only. Because Eckhart did not allege this cause of action against Henry, and because individuals are not liable under Title VII, *Raspardo v. Carlone*, 770 F.3d 97, 113 (2d Cir. 2014), the Court now confirms that Henry's third cause of action survives only as it pertains to Eckhart's termination against Fox News, as is otherwise clear from the opinion.

The Court also agrees with Henry that he cannot be held liable for retaliation under the NYSHRL or the NYCHRL. Retaliation claims under both statutes are confined to the employment context, or at the very least, to situations where the parties had an "ongoing economic relationship." *Schmitt v. Artforum Int'l Mag., Inc.*, 178 A.D.3d 578, 584 (N.Y. App. Div. 2019); *see also, e.g.*, *McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d 51, 66 (S.D.N.Y. 2020) ("The NYSHRL, like Title VII, makes it unlawful for an employer to retaliate or discriminate against an

2

employee."); N.Y.C. Admin. Code § 8-107(1) (the NYCHRL applies only to "an employer or an employee or agent thereof").  At the time of the filing of the photographs, there was no employment relationship—nor any "ongoing economic relationship"—whatsoever between Henry and Eckhart.  Accordingly, Plaintiff's claims of retaliation against Henry under both the NYSHRL and the NYCHRL (*i.e.*, the fifth and eighth causes of action against Henry only) are hereby dismissed.

The Court next turns to Defendant's argument that it should reconsider its ruling denying Henry's motion to dismiss the claim against him for violating New York's Civil Rights Law § 52-b, the state's "Revenge Porn" law.  It declines to do so.  Admittedly, this has always presented a difficult question, and Defendant presents some compelling arguments as to why his filing of the intimate photographs of Eckhart on the public docket falls under the statute's exception for "lawful and common practices of . . . legal proceedings."  *Id.* § 52-b(3)(b).   Nevertheless, Henry has not provided a proper basis to reconsider this ruling at this time.

In short, Henry has failed to persuade the Court that Eckhart has not plausibly alleged that the filing of these photographs falls under the purview of § 52-b.  As explained in the prior ruling, the statute contains exceptions for the "dissemination or publication of an intimate still or video image made during lawful and common practices of law enforcement, legal proceedings or medical treatment."  *Id.*  The Court finds that, at this stage, Plaintiff has plausibly alleged that the filing of the intimate photos at issue here was not "lawful and common."  While the Court adheres to its prior ruling, it clarifies that the determination as to the factual question of whether this conduct was indeed "lawful and common" is for a later date.  The Court expects that at a subsequent stage of the case it—and/or a jury—will consider evidence on this point, as well as

3

more robust argument.  Nonetheless, at this stage, Plaintiff has plausibly alleged that the public filing of the intimate photos was not a "lawful and common" practice of a legal proceeding.[1]

The Court notes that it remains unclear, among other things, whether Henry himself or his attorneys made the decision to file these photos to the public docket.  However, in light of the principles of agency, *see Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 58 (2d Cir. 2016); *Lamb v. Potter*, No. 08 Civ. 0477 (NRB), 2008 WL 4298510, at *2 (S.D.N.Y. Sept. 16, 2008) ("As an attorney is an agent for his client, the client is bound by a failure of that attorney within the scope of his agency."), as well as the relevant standard applicable on a motion to dismiss, this question does not alter the Court's conclusion that Eckhart has plausibly alleged that Henry violated the statute.

Further, while the Court has no reason to doubt the veracity of the affidavit of Ms. Foti, an officer of the court, it declines to consider either that or the other affidavit filed in connection with Henry's motion for reconsideration at this time.  Just as the Court did not consider the photographs on the motion to dismiss, so too it declines to now consider the affidavits.  *See DeLuca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54, 59–60 (S.D.N.Y. 2010).

There is no doubt that the factual allegations in the complaint are inflammatory, and the Court recognizes that Henry vehemently denies them.  He certainly has the right to defend himself publicly—and do so zealously.  But the Court has not denied him of that right.  It has not, for instance, imposed a gag order, or held that the photographs may not properly be considered at the

---

[1] Henry argues, *inter alia*, that he filed the photographs because they "were crucial documentary evidence in [his] possession undermining allegations of sex trafficking, sexual harassment, and rape," and that "evidence that the relationship with Ms. Eckhart was consensual undermined the sex trafficking claim." Def.'s Br. at 5.  The Court, however, remains of the view that the photographs could not have aided it in its determination of Henry's motion to dismiss any of Plaintiff's claims—including her claims of sex trafficking, sexual harassment, or rape.  Pending before the Court was a motion to dismiss—a motion on which it needed to accept all of Eckhart's well-pleaded factual allegations as true.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Court was not in a position to determine credibility, nor whether any aspect of their relationship was consensual.  Rather, it was required to accept Eckhart's version of the facts as true.  *See id.*

appropriate time.[2] Indeed, it may well be that at a later stage of the case, with the benefit of additional evidence, it becomes clear that the photos were indeed incorporated by reference into the complaint, that the decision to file them was made purely to defend Henry and not to harass, annoy, or alarm Eckhart, and/or that the publication of the photos was "lawful and common" under the statute's exception. But at this stage, where the Court must make all reasonable inferences in favor of Plaintiff, Henry has not presented a basis for it to reconsider its prior ruling.

Lastly, the Court turns to Defendant's argument that it should reconsider its ruling that Plaintiff's NYSHRL and NYCHRL hostile work environment claims were not barred by the statute of limitations. In its prior opinion, the Court found these claims to be timely because Henry engaged in conduct toward Eckhart within the limitations period that contributed to, and constituted a part of, a continuous course of harassment, thus plausibly alleging a continuing violation. *See Drew v. Plaza*, 688 F. Supp. 2d 270, 279 (S.D.N.Y. 2010) (to establish a continuing violation, conduct that occurred during the statutory limitations period need not itself amount to a hostile work environment, but rather "at least one act . . . contributing to the hostile work environment" must have occurred within the relevant time period). Henry has not provided a proper basis in either law or fact for the Court to reconsider this ruling. The motion for reconsideration of this ruling is therefore denied.

Accordingly, the Court grants Henry's motion for reconsideration with respect to Plaintiff's retaliation claims, but denies it with respect to the New York Civil Rights Law § 52-b and the hostile work environment statute of limitations arguments. Those claims, together with Plaintiff's claims for sex trafficking pursuant to 18 U.S.C. § 1591, *et seq.*, and Gender-Motivated

---

[2] To the extent that Henry seeks to submit these photographs at a later date in this litigation, he is directed to seek permission from the Court in advance of doing so.

Violence pursuant to N.Y.C. Admin. Code § 8-903 (2017), shall proceed against Henry. The Clerk of Court is respectfully directed to terminate the motion pending at docket 167.

SO ORDERED.

Dated: September 29, 2022
        New York, New York

                                            Ronnie Abrams
                                            United States District Judge