# WIGDOR LLP
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Valdi Licul**
vlicul@wigdorlaw.com

October 11, 2022

**VIA ECF**

The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Trooper 1 v. Cuomo, *et al.*; Case No. 22-cv-00893 (LDH) (TAM)

Dear Judge DeArcy Hall:

We represent the Plaintiff Trooper 1 and write in response to Defendants' recent letters regarding Eckhart v. Fox News Network, LLC, 20 Civ. 5593 (RA), 2022 WL 4579121 (S.D.N.Y. Sept. 29, 2022). All three individual defendants, Andrew Cuomo, Melissa DeRosa and Richard Azzopardi, cite Eckhart for the proposition that they were free to retaliate against Trooper 1 because they were not employed by New York State at the time they lashed out at Trooper 1. They are wrong.

As a threshold matter, Eckhart is not binding on this court. Ins. Co. of N. Am. v. Zaglool, et al., 526 F. Supp. 2d 361, 371 (E.D.N.Y. 2007). Rather, this Court must "predict how the New York Court of Appeals would rule on this" issue. Century Surety Co. v. Metropolitan Transit Auth., 20-1474 Civ., 2021 WL 4538633, at *2 (2d Cir. Oct. 5, 2021). Here, New York's highest court has recently made clear that while individuals may not be held liable as "employers" under the local statutes, they "may incur liability" for their own unlawful actions, including "for retaliation against protected conduct." Doe v. Bloomberg, L.P., 36 N.Y.3d 450, 459 (2021). Thus, for example, a corporate "shareholder," who "exist[s] separate and distinct" from the corporate employer, id. at 461 (quoting Billy v. Consolidated Mach. Tool Corp., 51 N.Y. 2d 152, 163 (1980)), may nevertheless be held liable for both discriminating and retaliating against an employee who has engaged in protected activity. Contrary to Eckhart, the victim is not required to show some existing "employment relationship" or "ongoing economic relationship" to prove her retaliation claim. Eckhart, 2022 WL 4579121, at *2.

To be sure, as the Eckhart court recognized, "[r]etaliation claims under [the local] statutes are confined to the employment context." Id. But this requirement is met where, as here, the plaintiff can show that the individual defendant retaliated against her for protesting employment discrimination (as opposed to discrimination in some other, non-employment context). As explained in Plaintiff's opposition briefs, Mots. in Opp'n, Dkt. No. 46 at 14-16, Dkt. No. 51 at 16-18, this nexus to employment does not vanish merely because the plaintiff or the individual defendant are no longer affiliated with the employer. Simply put, a sexual harasser (Cuomo) and his enabler (DeRosa) sued for discrimination do not

suddenly become free to victimize the plaintiff a second time because they have been ousted for their unlawful conduct.[1]

Further, the local statutes do not require that the aiders and abettors of the unlawful retaliatory conduct (DeRosa and Azzopardi) be engaged in any type of employment relationship, past or present, with their victim. See N.Y.C. Admin. Code § 8-107(6) ("It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any acts forbidden under this chapter, or attempt to do so.") (emphasis added); N.Y. Exec. Law § 296(6) ("It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so.")

For these reasons, we respectfully request that Defendants' motions to dismiss be denied.

Respectfully submitted,

Valdi Licul

cc: All Counsel of Record (*via* ECF)

---

1 Importantly, Cuomo and DeRosa, like Trooper 1, were state employees at the time of the harassment and thus "engaged" in employment. N.Y.C. Admin. Code § 8-107(7); N.Y. Exec. Law § 296(7). Schmitt v. Artforum Int'l Mag., Inc., 178 A.D.3d 578 (2019), cited by Eckhart, is not to the contrary. While an "ongoing economic relationship" is sufficient to establish that the individual defendant was "engaged" in employment, it not the only way to meet this requirement. Retaliating against plaintiff for asserting discrimination claims also establishes the requisite "nexus between the retaliatory harm alleged and a relationship characterized in some manner as one of employment, past or present." Id. at 584.