# WIGDOR LLP
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Valdi Licul**
vlicul@wigdorlaw.com

January 6, 2023

**VIA ECF**

The Honorable Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Trooper 1 v. Cuomo, *et al.*</u>; Case No. 22-cv-00893 (LDH) (TAM)

Dear Judge Merkl:

We represent the Plaintiff Trooper 1 ("Plaintiff" or "Trooper 1") and write jointly with Defendants New York State Police ("NYSP"), former Governor Andrew Cuomo ("Governor Cuomo"), Melissa DeRosa ("DeRosa") and Richard Azzopardi ("Azzopardi") (together, "Defendants") to jointly request an extension of discovery from the current deadline of January 11, 2023, to July 11, 2023. This is the parties' first request, and the reasons for the request are set forth below.

**I.**     **<u>Remaining Discovery Disputes Between Trooper 1 and Defendant NYSP</u>**

Trooper 1 sought records of internal sexual-harassment complaints against the following individuals, whose names were disclosed in the course of document discovery: Michael J. Woytach; David R. Claytor, Gideon Twumasi Ankrah, Jacqueline S. Schraff, Philip H. Fouche, Michael J. Drake and Louis J. Ambrosio. NYSP objected on four grounds to each request and refused to produce further documents. Trooper 1 further sought the disclosure of all documents concerning the recent resignation of Kevin Bruen. NYSP objected on four grounds to this request and refused to produce further documents. Because NYSP has not completed its initial production of documents pursuant to Electronically Stored Information ("ESI") searches, the issue cannot be fully resolved until those documents are produced, but, subsequent to a meet and confer, the parties differ on the discoverability of the documents requested, and Plaintiff anticipates bringing a motion to compel. NYSP anticipates making the final ESI productions very shortly.

**II.**     **<u>Remaining Discovery Disputes Between Trooper 1 and Melissa DeRosa and Richard Azzopardi</u>**

After DeRosa and Azzopardi produced the documents they had already produced to the State Attorney General ("AG") and the Assembly, pursuant to Magistrate Judge Merkl's August 2, 2022 discovery Order, the parties met and conferred about outstanding discovery on November 15, 2022. Trooper 1 noted a variety of categories of responsive documents that she believes were not included in those



productions.  Counsel for DeRosa and Azzopardi explained that it was their understanding, based on Judge Merkl's August 2 Order, that they had complied with their discovery obligations to date and that if Trooper 1 sought additional documents, the parties would be willing to meet and confer.  DeRosa, Azzopardi and Trooper 1 did so and DeRosa and Azzopardi took the position that because Cuomo would be producing responsive text messages and communications between or among Cuomo, DeRosa and Azzopardi, see infra, III, they did not need to duplicate that production.  However, after further productive conversation, DeRosa and Azzopardi agreed to search the documents Cuomo was not producing for documents responsive to Trooper 1's Document Request addressed to DeRosa or Azzopardi.[1]  In addition, Plaintiff has requested that DeRosa and Azzopardi search for communications for the dozens of correspondents listed in Cuomo's initial disclosures.  Currently DeRosa and Azzopardi have objected to this request, but the parties have agreed to continue their discussion and attempt to come to a resolution of their dispute on this issue.  DeRosa and Azzopardi, however, have agreed to conduct searches based on approved key words for communications relating to the women identified in the AG's Report and in the Amended Complaint as allegedly being subject to some form of harassment by the former Governor.

### III.     Discovery Status between Trooper 1 and Governor Cuomo

Several months ago, we learned from counsel to Governor Cuomo that in August 2022, while Governor Cuomo was operating a boat in the Nantucket Sound, Governor Cuomo's iPhone accidentally fell from his shirt pocket, hit the boat, and fell into the ocean.  This lost iPhone had been imaged on March 20, 2021 but not more recently.[2]  Because the lost iPhone contained potentially responsive text messages post-dating March 2021, counsel for Governor Cuomo agreed to take certain steps. First, counsel determined that Governor Cuomo may have had potentially responsive text messages with Azzopardi and DeRosa.[3]  Governor Cuomo's counsel then contacted Azzopardi and

---

[1]     Counsel for DeRosa and Azzopardi also agreed that they would locate and produce the privilege log accompanying the AG and Assembly productions, which they have done.

[2]     According to Governor Cuomo's counsel, his iPhone was imaged on March 20, 2021 in connection with the New York State Attorney General's Office ("OAG") investigation and in response to a broad subpoena to Governor Cuomo.  Governor Cuomo's counsel informed us that all responsive records from that iPhone were produced to OAG.  In addition, Governor Cuomo's counsel informed us that a blackberry ("Blackberry 1") that Governor Cuomo used was also imaged in April 2021, and all materials responsive to the OAG subpoena from Blackberry 1 were produced in connection with the OAG investigation.  Governor Cuomo's counsel further advised us that a second blackberry that Governor Cuomo used from April 2021 to September 2021 ("Blackberry 2") was imaged in connection with this lawsuit.  Finally, Governor Cuomo's counsel advised us that they have reviewed these imaged devices and have produced or are producing all responsive, nonprivileged documents to Trooper 1.

[3]     The parties are engaged in ongoing discussions over the scope of discoverable information that may have been lost, apart from texts with DeRosa and Azzopardi.



The Hon. Taryn A. Merkl
January 6, 2023
Page 3

DeRosa's attorneys and asked for all their text messages with Governor Cuomo. Governor Cuomo's counsel has obtained those materials, is reviewing them, and has agreed to produce any responsive text messages to us. Second, Governor Cuomo's counsel provided us the name of the person who was on the boat with Governor Cuomo and witnessed the loss of the phone. Third, Governor Cuomo's counsel agreed to furnish a declaration from Governor Cuomo confirming the circumstances surrounding the loss of the iPhone. Fourth, Governor Cuomo's counsel provided us with records reflecting the purchase of a replacement iPhone in August 2022.

In addition, during a prior meet and confer, counsel for Governor Cuomo sought to confirm that Trooper 1 does not have any text messages related to her claims, including text messages concerning the conditions of her employment by the NYSP. We indicated that Trooper 1 had searched her phone and had confirmed that she had no responsive communications. Subsequent to the meet and confer, we reconfirmed with our client that Trooper 1 does not have responsive text messages. Governor Cuomo intends to serve interrogatories on Trooper 1 concerning this issue.

Counsel for Governor Cuomo informed us that they expect to complete his document production to Trooper 1 by January 31, 2023. The parties will then meet and confer as to outstanding objections and the completeness of document productions.

Therefore, the parties jointly request that the Court set a date for final document productions of February 17, 2023 and a date for the end of fact discovery of July 11, 2023. The parties further request that the date for initial dispositive motions be reset for August 11, 2023.

Respectfully submitted,

Valdi Licul

cc:     All Counsel of Record (*via* ECF)