# WIGDOR LLP
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Valdi Licul**
vlicul@wigdorlaw.com

March 3, 2023

**VIA ECF**

The Honorable Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:      Trooper 1 v. Cuomo, *et al.*; Case No. 22-cv-00893 (LDH) (TAM)

Dear Judge Merkl:

We represent Plaintiff Trooper 1 ("Plaintiff" or "Trooper 1") in the above-captioned matter. The parties write jointly pursuant to section 3(A) of your Honor's rules to request a conference on two outstanding discovery issues. This letter sets forth the Parties' respective positions.

## I.    Plaintiff's Position

Plaintiff, a New York State trooper assigned to protect former Governor Andrew Cuomo (the "former Governor"), brought this action because she was sexually harassed by the former Governor in violation of federal and local anti-discrimination laws. The New York State Police ("NYSP") does not deny that the former Governor sexually harassed almost a dozen women, Answer to Amended Complaint, dated May 5, 2022, Dkt. No. 26 ("NYSP Answer") at ¶ 1, including Trooper 1. Id. at ¶¶ 4, 42, 161.[1] Rather, the NYSP has taken the position that it "exercised reasonable care to prevent and promptly correct any unlawful discriminatory . . . behavior or conduct," and that Trooper 1 "failed to take advantage of the available preventative or corrective opportunities." Id. at ¶ 201. Moreover, the NYSP relies on its anti-discrimination "policies and practices" as a defense to Trooper 1's claims. Id. at ¶ 205.

---

[1] The NYSP claims it "lack[s] sufficient information" to determine whether the former Governor engaged in sexual harassment. This response appears to be a cleverly worded effort to avoid answering honestly, given that New York State concluded, after an exhaustive investigation, that the former Governor engaged in sexual harassment in violation of federal and local laws. In other words, the NYSP, which is an agency of the state, has no "good faith" basis to deny the allegations of misconduct or even to claim ignorance. Fed. R. Civ. P. 8(b)(3), (4).



The Hon. Taryn A. Merkl
March 3, 2023
Page 2

Despite Trooper 1's hostile work environment claim and NYSP's attempt to rely on the effectiveness of its anti-discrimination policies as a defense, NYSP has refused to produce documents concerning (1) more than half-a-dozen complaints of sex discrimination within its ranks[2] and (2) the unexpected resignation of the NYSP's Superintendent amidst a scandal concerning the mishandling of employee complaints.  The parties met and conferred but were unable to resolve this discovery dispute.

There can little doubt that the requested information is relevant.  It is well settled that "harassment experienced by other employees is relevant to hostile work environment claims."  Belvin v. Electchester, No. 17 Civ. 6303, 2022 WL 10586743, at *6 (E.D.N.Y. Oct. 18, 2022) (Garaufis, J.) (quoting DeMarco v. West Hills Montessori, 350 F. App'x 592, 593 (2d Cir. 2009)).  "Since one of the critical inquiries with respect to a hostile work environment claim is the nature of the environment itself, evidence of the general work atmosphere is relevant.  Thus, . . . in a hostile workplace case, the trier of fact must examine the totality of the circumstances, including evidence of . . . harassment directed at employees other than plaintiff."  Id. (quoting Perry v. Ethan Allen, Inc., 115 F.3d 143, 150-51 (2d Cir. 1997)) (emphasis added).  As such, courts routinely order disclosure of other complaints of discrimination.  See Sasikumar v. Brooklyn Hosp. Ctr., No. 09 Civ. 5632 (ENV) (RML), 2011 WL 1642585, at *3 (E.D.N.Y. May 2, 2011) (ordering production of four years of discrimination complaints); Peterson v. City Coll. of City Univ. of New York, 160 F.R.D. 22, 24 (S.D.N.Y. 1994) (compelling discovery of internal complaints without any stated limitation); Culkin v. Pitney Bowes, Inc., 225 F.R.D. 69, 71 (D. Conn. 2004) (three years of records, without any limitation on the department or unit from which such records could be sought).

The requested information is particularly necessary where, as here, a defendant has asserted the effectiveness of its anti-discrimination policies and practices as a potential defense.  To prevail, the NYSP must affirmatively demonstrate that it maintained "a proven, effective mechanism for reporting and resolving complaints of sexual harassment."  Faragher v. City of Boca Raton, 524 U.S. 775, 806 (1998) (emphasis added).  That numerous other women were subjected to harassment and that its highest-level appointee—other than the former Governor who has ultimate authority over the NYSP, including the power to appoint the Superintendent, N.Y. Exec. Law § 223,– abused the grievance procedure is unquestionably relevant.  Put simply, the NYSP should not be permitted to assert its policies as an affirmative defense but then block access to critical information establishing that its policies were, in fact, selectively enforced and ignored when convenient.

Ultimately, the NYSP may not be able to avail itself of the affirmative defense.  First, neither the New York State Human Rights Law, N.Y. Executive Law § 290 et seq. ("NYSHRL") nor the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 et seq. ("NYCHRL") recognize such a defense to liability.  See Zakrewska v. New School, 14 N.Y.3d 469, 470 (2010) ("the plain language of the

---

[2]      The NYSP submitted a summary chart of these complaints to the Equal Employment Opportunity Commission ("EEOC") as part of the agency's investigation into Trooper 1's discrimination charge.



The Hon. Taryn A. Merkl
March 3, 2023
Page 3

NYCHRL precludes the Faragher-Ellerth defense"); Ortiz v. Hempstead Union Free Sch. Dist., No. 17 Civ. 2990 (DRH) (AYS), 2021 WL 777016, at *3 n.1 (E.D.N.Y. Mar. 1, 2021) (("recent amendments to the NYSHRL . . . eliminate[d] . . . the Faragher-Ellerth" defense ). Second, the defense is "unavailable" where the harasser (in this case, the former Governor) "is the employer's proxy or alter ego." Townshend v. Benjamin Enterprises, Inc., 679 F.3d 41, 52 (2d Cir. 2012). Lastly, it appears that NYSP brass directed Trooper 1 not to report the former Governor's sexual harassment. Am. Compl. at ¶ 50 (supervisor who witnessed the former Governor's inappropriate comments not only did not report the harassment but sent a message to Trooper 1 saying "stays in the truck"). As such, the NYSP "knew or should have known of the conduct." Distasio v. Perkin Elmer Corp., 157 F.3d 55, 63 (2d Cir. 1998). Nonetheless, until the Court rules on the availability of the affirmative defense, Trooper 1 should not be blocked from accessing relevant information.

We therefore respectfully request an order compelling the NYSP to produce all documents concerning these other complaints of discrimination and the former Superintendent's resignation.

**II.     Defendant's Position**

This case involves employment claims of alleged sexual harassment by a third party, namely the then Governor of New York. Plaintiff does not allege, nor could she, that she complained about these allegations to her employer, NYSP. Her complaint further asserts a pattern and practice of harassment by the Governor of New York—not NYSP.

Defendant, NYSP, maintains that the law is both well established and patently clear on the limits of discovery requests is these types of cases. With respect to discovery requests for complaints of discrimination, harassment, and retaliation, courts within the Second Circuit, and particularly within the Eastern District of New York, have consistently limited the discovery to complaints "by employees *in plaintiff's employment department or unit.*" Babbitt v. Koeppel Nissan, Inc., Case No. 18-cv-5242, 2019 U.S. Dist. LEXIS 122649 at *11 (E.D.N.Y. July 23, 2019) (emphasis added) (citing Chen-Oster v. Goldman, Saks & Co., 293 F.R.D. 557, 562 (S.D.N.Y. 2013)); see also Sasikumar v. Brooklyn Hosp. CTR., No. 09-cv-5632, 2011 U.S. Dist. LEXIS 46768 (E.D.N.Y. April 29, 2011) (holding that the plaintiff's request for all complaints of discrimination was overbroad because "[i]n employment discrimination cases courts in this circuit have frequently narrowed broad discovery requests for past complaints to those made by employees in a particular department or division.") (citations omitted). For example, in Sinni v. Forrest Hills Hosp., the court noted that, similar to the present case, the employees in other departments have no nexus to the plaintiff's complaint and therefore such complaints are not discoverable. No. 09-cv-4572, 2011 U.S. Dist. LEXIS 28050 (E.D.N.Y. March 18, 2011); see also Sundaram v. Brookhaven Nat'l Lab., No. 94-cv-2330, 1996 U.S. Dist. LEXIS 22811 at *5 (E.D.N.Y. March 11, 1996) (court reasoned that "the typical boundary for gathering information about an employer's practice concerning employees other than plaintiff is the plaintiff's employing unit or work unit.").



The cases relied upon by Plaintiff are manifestly inapposite and do nothing to undermine the well-settled precedent on this issue.  For example, Plaintiff relies primarily on Belvin v. Electchester, but the court in that case was ruling on a motion *in limine*, not a motion to compel.  No. 17 Civ. 6303, 2022 WL 10586743, at *6 (E.D.N.Y. Oct. 18, 2022).  Plaintiff also relies on Sasikumar v. Brooklyn Hosp. CTR. as an example of a court ordering disclosure of other complaints, but the court in that case also partially denied the motion to compel, appropriately observing that "[i]n employment discrimination cases courts in this circuit have frequently narrowed broad discovery requests for past complaints to those made by employees in a particular department or division."  No. 09-cv-5632, 2011 U.S. Dist. LEXIS 46768 (E.D.N.Y. April 29, 2011).  Defendant concedes that, in general, complaints of harassment made by other employees *could* be relevant, but that does not mean that *all* complaints are relevant.  As explained above, to be relevant, the sought-after complaints must involve similarly situated employees in the same department or unit.

The single claim against the NYSP in this lawsuit is an individual intentional discrimination claim.  See Amended Complaint ¶¶ 170-174.  Significantly, Plaintiff has not alleged, nor could she allege, that she made any internal complaints with the NYSP, or that she was retaliated against by the NYSP in any way.  The Complaint asserts that Governor Cuomo, not the NYSP, engaged in physical sexual harassment and retaliation against numerous females, only one of whom, the Plaintiff, was a member of the New York State Police.[3]  The scope of discovery, therefore, should be limited to the NYSP unit protecting Governor Cuomo (the "PSU").

The broad scope of discovery advocated for by Plaintiff has typically only been permitted in cases involving a "pattern and practice" claim.  See Chen-Oster, 293 F.R.D. at 562 ("Broader discovery is warranted when a plaintiff's claims are premised on a pattern or practice of discrimination at the organization-wide level, as opposed to specific allegations of discrimination made against an individual supervisor.").  There are, however, no pattern and practice allegations against the NYSP. See generally, Plaintiff's Complaint.  As the Second Circuit has explained, "pattern and practice disparate treatment claims focus on allegations of widespread acts of intentional discrimination" and require the plaintiff to "demonstrate that intentional discrimination was the defendant's standard operating procedure".  Reynolds v. Barrett, 685 F.3d, 193, 203 (2d Cir. 2012) (internal quotations omitted).  There are no allegations of wide-spread harassment within the NYSP in the Amended Complaint, nor are there allegations that intentional discrimination is the NYSP's normal operating procedure.  To the contrary, the allegations in this case focus solely on the acts of a third party, which are antithetical to a pattern and practice claim.  This is especially so given the unique role played by only one unit within NYSP that was designated to protect the Governor.

---

[3] Plaintiff's assertion that the Defendant "did not deny that the former Governor sexually harassed almost a dozen women" is a mischaracterization of the Defendant's Answer, which denied information sufficient to form a belief as to the truth or falsity of these allegations.  See Defendant's Answer, ¶¶ 1, 4, 42, 161.  Furthermore, Defendant adamantly denies Plaintiff's unsupported and surprising allegation that Defendant did not provide honest responses in its Answer to the Complaint.



The Hon. Taryn A. Merkl<br>
March 3, 2023<br>
Page 5

Based on the foregoing, Defendant asserts that Plaintiff's request to file a Motion to Compel should be denied in its entirety.

Respectfully submitted on behalf of the parties,

Valdi Licul

cc:     All Counsel of Record (*via* ECF)