UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------X

TROOPER 1,

                Plaintiff,

      v.                                              22-CV-00893 (LDH) (TAM)

NEW YORK STATE POLICE, ANDREW
CUOMO, MELISSA DEROSA and RICHARD
AZZOPARDI,

                Defendants.

------------------------------------X

# AMENDED
# CONFIDENTIALITY ORDER

It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings, including with respect to any documents or information produced by a nonparty pursuant to subpoena:

(a) The following documents and information may be designated as "confidential," provided such documents are not public and have not previously been disclosed by the producing party[1] to anyone except those in its employment or those retained by it or in the course of carrying out or cooperating with a government investigation:

    (i) Sensitive Information and Data, such as documents, testimony or electronically stored information that can reasonably be construed as revealing a party's non-public confidential personal, proprietary or investigative information; or documents containing private or confidential personal information, specifically including personnel records or information regarding applicants, employees, former employees, or confidential informants of Defendant New York State Police other than the Plaintiff; or documents or data containing information received

---

[1] For purposes of this order, producing party is defined as any party or nonparty making a production of documents or information in this matter.

1

in confidence from third parties; or documents containing information which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure; or information which comprises highly sensitive information relating to criminal investigations, investigation techniques, or other law enforcement related procedures or techniques, or personnel information pertaining to past or current New York State Police employees.

    (ii)    Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records.

    (iii)    Medical and Legal Records, including medical files and reports.

    (iv)    Non-public criminal history.

    (v)    Trooper 1's true name and any information that could be used to identify Trooper 1. This clause (v) shall remain in effect only so long as the Court's Order concerning anonymity (ECF No. 37) remains in effect. Defendants continue to reserve all rights to challenge Trooper 1's ability to proceed on an anonymous basis.

(b) If any producing party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make an application to the Court. Such application shall only be granted for good cause shown.

(c) An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "confidential" on each page.

If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "confidential," and incorporate by reference the appended material into the responses.

At the time of a deposition or within ten (10) days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript that contain confidential matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this ten-

day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter.

(d) Documents designated "confidential" shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel, and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation. Each person who is permitted to see confidential documents, who is not a party or an attorney for a party, shall be required to sign an agreement to be bound by this Order, attached hereto as Exhibit A. The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation.

(e) Review of the confidential documents and information by counsel, experts, or consultants in the litigation shall not waive the confidentiality of the documents or objections to production.

(f) The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the producing party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order.

(g) If a party believes that a document, information, or material designated or sought to be designated confidential by the producing party does not warrant such designation, either in whole or in part, the objecting party shall first make a good faith effort to resolve such a dispute with the producing party. If the producing party does not agree to de-designate such document, information, or material within seven (7) days of the written request, the objecting party may apply to the Court for a determination as to whether the designation is appropriate. If no such application is filed, the documents or materials shall continue to be treated as confidential. If such application is filed, the documents, information, or materials shall continue to be treated as confidential unless and until the Court rules otherwise. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(h) Nothing in this Order will prevent any party from producing any confidential

material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such party gives written notice to the producing party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 calendar days before any disclosure, provided that nothing herein requires any party to be in default of any subpoena. Upon receiving such notice, the producing party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing party deems it appropriate to do so.

(i) If the parties wish to move to file a document under seal, they must comply with the Eastern District of New York's Steps for E-Filing Sealed Documents in Civil cases, located at:
https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV.pdf.

(j) Within a reasonable period after the conclusion of the litigation, all confidential material shall be returned to the respective producing parties or destroyed by the recipients, provided, however, that attorneys that the parties have specifically retained for this action may retain an archival copy of all materials that have been filed in this action, even if such filings include confidential material.

(k) In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(l) Any party filing any paper or other document containing Trooper 1's true name shall redact the text of that name before filing the paper or document on the public docket. This clause (l) shall remain in effect only so long as the Court's Order concerning anonymity (ECF No. 37) remains in effect. Defendants continue to reserve all rights to challenge Trooper 1's ability to proceed on an anonymous basis.

(m) This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

Dated: April 21, 2023                WIGDOR LLP


                                     /s/ Valdi Licul
                                        Valdi Licul
                                        John S. Crain

                                     85 Fifth Avenue
                                     New York, New York 10003
                                     T: (212) 257-6800
                                     F: (212) 257-6800
                                     vlicul@wigdorlaw.com
                                     jcrain@wigdorlaw.com

                                     Counsel for Plaintiff Trooper 1

Dated: April 21, 2023                HARRIS BEACH PLLC


                                     /s/ Joshua D. Steele
                                        Joshua D. Steele
                                        Daniel J. Moore

                                     99 Garnsey Road
                                     Pittsford, New York 14534
                                     T: (585) 419-8800
                                     F: (585) 419-8801
                                     jsteele@HarrisBeach.com
                                     DMoore@HarrisBeach.com

                                     Counsel for Defendant New York State Police

Dated: April 21, 2023                GLAVIN PLLC


                                      /s/ Rita Glavin
                                         Rita Glavin
                                      156 West 56th Street, Suite 2004
                                      New York, New York 10019
                                      T: (646) 693-5505
                                      rglavin@glavinpllc.com

|  |  |
|---|---|
|  | Counsel for Defendant Andrew Cuomo |
| Dated: April 21, 2023 | SHER TERMONTE LLP |
|  | /s/ *Theresa Trzaskoma* |
|  | Theresa Trzaskoma |
|  | 90 Broad Street, 23rd Floor<br>New York, New York 10004<br>T: (212) 202-2600<br>F: (212) 202-4156<br>ttrzaskoma@shertremonte.com |
|  | Counsel for Defendant Andrew Cuomo |
| Dated: April 21, 2023 | MORVILLO ABRAMOWITZ GRAND IASON<br>& ANELLO P.C. |
|  | /s/ *Elkan Abramowitz* |
|  | Elkan Abramowitz<br>Catherine Foti |
|  | 565 Fifth Avenue<br>New York, New York 10017<br>T: (212) 856-9600<br>F: (212) 856-9494<br>eabramowitz@maglaw.com<br>cfoti@maglaw.com |
|  | Counsel for Defendants Melissa DeRosa and Richard Azzopardi |

**SO ORDERED.**

Dated: Brooklyn, New York
April 24, 2023

*Taryn A. Merkl*

TARYN A. MERKL
United States Magistrate Judge
Eastern District of New York

6

**EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled: _____ have been designated as confidential. I have been informed that any such documents or information labeled "confidential" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____
[Print Name]

_____    Dated: _____
[Signature]

Signed in the presence of:

_____
[Attorney]