# GLAVIN PLLC
156 West 56th Street, Ste. 2004
New York, New York 10019
646-693-5505

April 26, 2023

**VIA CM/ECF**
Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Trooper 1 v. New York State Police, et al.*, 22-CV-893(LDH)(TAM)

Dear Judge DeArcy Hall:

      We represent former Governor Andrew M. Cuomo ("Governor Cuomo") in the above-referenced matter and write in response to the April 6, 2023 letter filed by Plaintiff's counsel alerting the Court to supplemental authority "relevant to the pending Motions to Dismiss." Dkt. 66. Plaintiff's letter attaches a recent decision from the Southern District of New York: *Johnson v. Everyrealm, Inc.*, -- F. Supp. 3d --, 22 Civ. 6669 (PAE), 2023 WL 2216173 (S.D.N.Y. Feb. 24, 2023). While Plaintiff offers this decision for the premise that "the [New York City Human Rights Law] applies where some of the harassing conduct occurred in New York," and to rebut arguments made in Defendants' motions to dismiss, Plaintiff's position is flawed in two respects.

      First, the premise for which Plaintiff offers *Johnson* is nowhere to be found in the decision itself. Plaintiff claims that *Johnson* holds that the New York City Human Rights Law ("NYCHRL") "applies where some of the harassing conduct occurred in New York." Dkt. 66. In *Johnson*, however, it was not that *some* conduct occurred in New York City, but that "the bulk of [the employer's] sexual harassment of Johnson occurred in New York City, where Johnson was assigned to work two weeks a month," at the employer's New York City offices. 2023 WL 2216173, at *15. Indeed, the court observed that the case "involve[d] face-to-face harassment in New York City between the alleged harasser and a plaintiff who had ongoing part-time work responsibilities in the City." *Id.* at *16. *Johnson* is thus a far cry from numerous other decisions dismissing NYCHRL claims where out-of-city plaintiffs remotely interacted with third parties or defendants based in New York City." *Id.* (citing *Lambui v. Collins*, No. 14 Civ. 6457 (JS) (AYS), 2015 WL 5821589, at *5 (E.D.N.Y. Sept. 30, 2015) (no impact in New York City where "most" alleged conduct occurred elsewhere) (additional citations omitted). Governor Cuomo likewise made the same point in his motion papers. *See* Dkt. 45-1 at 23–24; Dkt. 47 at 9–10.

      Second, the facts and circumstances in *Johnson* are distinguishable from those here in significant respects. In this case, Governor Cuomo seeks to dismiss claims for retaliation, and the

The Honorable LaShann DeArcy Hall
April 26, 2023
Page 2

factual allegations underlying those claims have nothing to do with New York City.[1] Indeed, the court in *Johnson* confirmed that where a non-resident attempts to avail themselves of the NYCHRL's protections, "the impact must have been felt by the plaintiff in New York City." 2023 WL 2216173, at *15. As set forth in our motion papers, *see* Dkt. 45-1 at 23–24; Dkt. 47 at 9–10, Trooper 1 does not plead that she was, at any time, a resident of New York City, that she worked in New York City, or that she felt the impact of the alleged retaliation in New York City. In *Johnson*, by contrast, the plaintiff alleged numerous instances of harassment that occurred while he was working in New York City, including that his employer's CEO and coworkers encouraged him to have sex with coworkers or business contacts, mocked his girlfriend during and after the company party, and made numerous sexually suggestive and inappropriate comments. 2023 WL 2216173, at *4–*9.

Plaintiff's attempt to massage *Johnson*'s holding into a more favorable one is unavailing, and the *Johnson* decision's reasoning is entirely consistent with the arguments made in Governor Cuomo's motion papers: that a non-resident plaintiff must show that he or she felt the *impact* of the challenged conduct in New York City, and infrequent, tangential connections with New York City are not enough to avail oneself of the protections of the NYCHRL.

We thank the Court for its attention to this matter.

                                                                                       Respectfully submitted,

                                                                                       */s/ Rita M. Glavin*
                                                                                       Rita M. Glavin

cc:       Counsel of Record (via ECF)

---

[1] Unlike the case at bar, *Johnson* did not involve retaliation claims, which the court specifically acknowledged. 2023 WL 2216173, at *11. Thus, while the *Johnson* court considered the impact requirement in the context of other claims of discrimination, the court did not analyze the question of whether there is a New York City impact when there is a claim of retaliation against an employee who does not reside or work in New York City at the time of the alleged retaliatory act.