# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

cfoti@maglaw.com
212-880-9530

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

April 26, 2023

**Via ECF**

The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Trooper 1 v. New York State Police, et. al.*, 22-CV-893 (LDH)(TAM)

Dear Judge DeArcy Hall:

    This firm represents Melissa DeRosa and Richard Azzopardi in the above-captioned matter, and we write on behalf of our clients to join in the letter filed by former Governor Andrew M. Cuomo ("Governor Cuomo") today responding to the April 6, 2023 letter filed by Plaintiff concerning additional authority "relevant to the pending Motions to Dismiss." *See* Dkt. Nos. 66, 69.

    Like Governor Cuomo, Ms. DeRosa and Mr. Azzopardi seek dismissal of Plaintiff's retaliation claims under the New York City Human Rights Law ("NYCHRL"), *inter alia*, because Plaintiff has not alleged facts demonstrating an "impact of the employment action . . . felt by *the plaintiff* in [New York City]." *See* Memorandum in Support of Motion to Dismiss, Dkt. No. 50 at 19-20 (explaining that (1) "Plaintiff has not alleged in the Amended Complaint how she was impacted by Ms. DeRosa's [and Mr. Azzopardi's alleged actions] in New York City" and (2) "Plaintiff is not employed in New York City").

    Given the above, we agree with Governor Cuomo that the reasoning in *Johnson v. Everyrealm, Inc.* is consistent with the arguments made in Defendants' motion papers regarding

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

the NYCHRL, and that Plaintiff's characterization of *Johnson's* holding is incorrect. *See* -- F. Supp. 3d --, 22 Civ. 6669 (PAE), 2023 WL 2216173 (S.D.N.Y. Feb. 24, 2023).

    We thank the Court for its attention to this matter.

                                                        Sincerely,

                                                        /s/ Catherine Foti
                                                        Catherine Foti

cc:      Counsel of Record (via ECF)