# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

cfoti@maglaw.com
212-880-9530

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

May 4, 2023

**Via ECF**

The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Trooper 1 v. New York State Police, et. al.*, 22-CV-893 (LDH)(TAM)

Dear Judge DeArcy Hall:

    We represent Defendants Melissa DeRosa and Richard Azzopardi in the above-captioned matter, and we write on behalf of all Parties to confirm that the Second Amended Complaint, which Plaintiff filed on Thursday, April 27, 2023 (Dkt. No. 71), does not affect our clients' or former Governor Andrew M. Cuomo's (collectively "the Moving Parties") pending motions to dismiss.  *See* Dkt. Nos. 45, 48.

    As Plaintiff explained in her letter motion seeking permission to amend (Dkt. 65), after filing the Amended Complaint, she received a right to sue letter from the EEOC, allowing her to assert claims under Title VII.  As Plaintiff further explained, the only difference between her Amended Complaint and her Second Amended Complaint was the addition of one discrimination claim asserted only against the first named defendant, the New York State Police, and also establishing that the Title VII claims provide the Court with proper jurisdiction and venue over this action in addition to the Equal Protection Clause claims. *See* Dkt. No. 71. Therefore, the Second Amended Complaint contained no changes to the claims asserted against the Moving Parties nor to the allegations asserted against them.  Accordingly, the Moving Parties' arguments in support of Defendants' pending motions to dismiss and the Plaintiff's arguments in opposition apply equally to the Second Amended Complaint.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

   I now write with all Parties' consent to request that the Court confirm that the Second Amended Complaint does not affect the Moving Parties' pending motions to dismiss.[1]  *See, e.g., Pettaway v. National Recovery Solutions, LLC*, 955 F.3d 299, 303-04 (2d Cir. 2020) ("[W]hen a plaintiff properly amends her complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint.").  Given the fact that the pending motions apply equally to the Second Amended Complaint, the Parties respectfully ask the Court for an order clarifying that the Moving Parties' pending motions will be evaluated as motions to dismiss the Second Amended Complaint and to confirm that the motions do not need to be refiled.

   We appreciate the Court's attention to this matter.

                   Sincerely,

                   /s/ Catherine Foti
                   Catherine Foti

cc:  The Honorable Taryn A. Merkl (via ECF)
    Counsel of Record (via ECF)

---

[1] In her April 25, 2023 docket order granting the Plaintiff permission to file her Second Amended Complaint, Judge Merkl indicated that amended "answers" to the Second Amended Complaint are due on May 16, 2023.  Given that the New York State Police was the only defendant to file an answer to the Amended Complaint, we understand Judge Merkl's order to be addressed specifically to the State Police and that the Moving Parties retain the right to file responses, other than answers, to the Second Amended Complaint if your Honor decides that the motions need to be refiled.