**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

_____

|  |  |  |
|---|---|---|
| TROOPER 1, | ) | Civil No. 1:22-cv-00893 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NEW YORK STATE POLICE, ANDREW | ) | |
| CUOMO, MELISSA DEROSA, and | ) | |
| RICHARD AZZOPARDI, | ) | |
| | ) | |
| Defendants. | ) | |

_____

---

**MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY CHARLOTTE BENNETT'S**
**MOTION TO QUASH DEFENDANT ANDREW CUOMO'S SUBPOENAS**

---

Ever since Charlotte Bennett came forward publicly with her allegations of sexual harassment and retaliation against Defendant Andrew Cuomo, he and his enablers have relentlessly sought to retaliate against Ms. Bennett and destroy her personal and professional life, including by publicly smearing her. Ms. Bennett, non-party to this action, respectfully moves pursuant to Federal Rules of Civil Procedure 45(d)(3) and 26(c)(1), to quash the subpoenas served on her, and the subpoena on Hamilton College, by Defendant Cuomo in *Trooper 1 v. New York State Police et al.*, No. 1:22-cv-00893 (E.D.N.Y. filed February 17, 2022). Separately, Ms. Bennett writes to join in Trooper 1's and in non-party Lindsey Boylan's respective Motions to Quash Defendant Andrew Cuomo's Subpoena, filed today. These subpoenas are not relevant to Trooper 1's claims, are solely for purposes of harassment, and represent yet another attempt by Defendant Cuomo to weaponize the legal system to attack the women he has harassed.

**TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................................i

TABLE OF AUTHORITIES.........................................................................................ii

PRELIMINARY STATEMENT ...................................................................................1

BACKGROUND ............................................................................................................3

    I.   The Trooper 1 Action and the Improper Subpoenas to Charlotte Bennett and Hamilton College...........................................................................................................3

    II.  Ms. Bennett's Objections to the Subpoenas..........................................................5

LEGAL STANDARD.....................................................................................................6

ARGUMENT..................................................................................................................7

    I.   Ms. Bennett Has Standing to Move to Quash the Subpoenas...............................7

    II.  Defendant Cuomo's Subpoenas Seek Exclusively Irrelevant Material................8

    III. Defendant Cuomo's Subpoenas were Served for Improper Purposes..............11

        A.  Federal Rule of Evidence 412 Precludes Discovery of Ms. Bennett's Prior Sexual Behavior......................................................................................................12

        B.  Defendant Cuomo's Subpoenas Are Prohibited by Federal Rules of Evidence 404 and 608...............................................................................................................14

    IV. Defendant Cuomo's Subpoenas are Not Proportional and Would Impose an Undue Burden......................................................................................................................16

## TABLE OF AUTHORITIES

**Cases**

*Hughes v. Twenty-First Century Fox, Inc.*,
  327 F.R.D. 55 (S.D.N.Y. 2018) ...................................................................................passim

*Acosta v. Fusilli at Miller Place, Inc.*,
  No. 18-MC-426 (DRH) (SIL), 2018 WL 3302183 (E.D.N.Y. July 5, 2018) ........................... 6

*Alexander v. New York City Dep't of Educ.*,
  339 F.R.D. 372 (S.D.N.Y. 2021) ...................................................................................... 9

*Alvarado v. GC Dealer Servs. Inc.*,
  18-cv-2915 (SJF) (SIL), 2018 WL 6322188 (E.D.N.Y. Dec. 3, 2018) ................................. 20

*Bennett v Cuomo et al.*,
  No. 1:22-cv-07846 (VSB) (S.D.N.Y. filed September 4, 2022) ............................................ 2

*Bhatt v. Lalit Patel Physician P.C.*,
  No. 18-cv-2063 (ILG) (SJB), 2020 WL 13048694 (E.D.N.Y. Oct. 19, 2020) ....................... 8

*Breaking Media, Inc. v. Jowers*,
  No. 21 Misc. 194 (KPF), 2021 WL 1299108 (S.D.N.Y. Apr. 7, 2021) .................................. 7

*Burger v. Litton Indus., Inc.*,
  No. 91-cv-0918 (WK) (AJP), 1995 WL 476712 (S.D.N.Y. Aug. 10, 1995) .......................... 15

*Chamblee v. Harris & Harris, Inc.*,
  154 F. Supp. 2d 670 (S.D.N.Y. 2001) ............................................................................... 13

*Cuomo v. Boylan*,
  No. 23-mc-01587 (LDH) (E.D.N.Y. filed June 9, 2023) ...................................................... 11

*Funk v. Belneftekhim*,
  No. 14-cv-0376 (BMC), 2018 WL 11169668 (E.D.N.Y. May 31, 2018) ............................... 7

*Gibbons v. Food Lion, Inc.*,
  No. 98-1197-CIV-T-23F, 1999 WL 33226474 (M.D. Fla. Feb. 19, 1999) ............................ 16

*Henry v. Bristol Hosp., Inc.*,
  No. 3:13-cv-00826 (SRU), 2020 WL 1158464 (D. Conn. Mar. 10, 2020) ............................. 7

*Holt v. Welch Allyn, Inc.*,
  No. 95-CV-1135, 2000 WL 98118 (N.D.N.Y. Jan. 11, 2000) .............................................. 13

*In re Alper Holdings USA, Inc.*,
398 B.R. 736, 754 (S.D.N.Y. 2008)........................................................................... 11

*Ireh v. Nassau Univ. Med. Ctr.*,
No. CV 06-09 (LDW) (AKT), 2008 WL 4283344 (E.D.N.Y. Sept. 17, 2008)...................... 10

*Macklin v. Mendenhall*,
257 F.R.D. 596, 602 (E.D. Cal. 2009) ...................................................................... 16

*Malibu Media, LLC v. Doe*,
No. 15-cv-3504 (JFB) (SIL), 2016 WL 4444799 (E.D.N.Y. Aug. 23, 2016)........................... 6

*McGowan v. JPMorgan Chase Bank, N.A.*,
No. 18-cv-8680 (PAC) (GWG), 2020 WL 1974109 (S.D.N.Y. Apr. 24, 2020)...................... 11

*Meyer Corp. U.S. v. Alfay Designs, Inc.*,
No. CV 2010 3647 (CBA) (MDG), 2012 WL 3537001 (E.D.N.Y. Aug. 14, 2012)............. 8, 9

*Night Hawk Ltd. v. Briarpatch Ltd.*,
No. 03-cv-1382, 2003 WL 23018833 (S.D.N.Y. Dec. 23, 2003)................................................ 6

*Anderson v. Buena Board of Education*,
No. cv 17-06816 (JS), 2019 WL 1262647 (D.N.J. Mar. 19, 2019). .......................... 12, 13, 19

*Ogden v. All-State Career Sch.*,
299 F.R.D. 446 (W.D. Pa. 2014) ............................................................................. 16

*Outley v. City of New York*,
837 F.2d 587 (2d Cir. 1988).................................................................................... 17, 18

*Park W. Radiology v. CareCore Nat. LLC*,
547 F. Supp. 2d 320 (S.D.N.Y. 2008)...................................................................... 19

*Schoolcraft v. City of New York*,
No. 10 Civ. No. 6005 (RWS), 2012 WL 2161596 (S.D.N.Y. June 14, 2012).......................... 8

*Scoma v. City of N.Y.*,
No. 16-cv-6693 (KAM) (SJB), 2021 WL 1784385 (E.D.N.Y. May 4, 2021) (slip op.) .......... 18

*Shih v. Petal Card, Inc.*,
No. 18-cv-5495 (JFK) (BCM), 2021 WL 5279395 (S.D.N.Y. Nov. 12, 2021)...................... 20

*Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*,
No. cv 12-6383 (JFB) (AKT), 2017 WL 1133349 (E.D.N.Y. Mar. 24, 2017)...................... 21

*Trooper 1 v. New York State Police et al.*,
    No. 1:22-cv-00893 (E.D.N.Y. filed February 17, 2022)............................................ 1

*Tucker v. Interstate Home Loan Ctrs., Inc.*,
    No. 20-cv-01906 (JMA) (JMW), 2022 WL 4079580 (E.D.N.Y. Sept. 6, 2022)...................... 19

*Walker v. Schult*,
    365 F. Supp. 3d 266 (N.D.N.Y. 2019)...................................................... 18

*Warnke v. CVS Corp.*,
    265 F.R.D. 64, 66 (E.D.N.Y. 2010).......................................................... 10

*Zakrzewska v. New Sch.*,
    No. 06 Civ. 5463 (LAK), 2008 WL 126594 (S.D.N.Y. Jan. 7, 2008)........................... 15

**Statutes**

34 C.F.R. § 99.31(a)(9)(ii) ...................................................................... 1

Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g .............................. 1

Fed. R. Civ. P. 26(b)(1)......................................................................... 1, 9, 20

Fed. R. Civ. P. 45(d)(1)......................................................................... 2, 6, 7

Fed. R. Evid. 412(b)(2) ......................................................................... 14, 15

Fed. R. Evid. 608(b)............................................................................. 18

Fed. R. Evid. 404(b)............................................................................. 17

## PRELIMINARY STATEMENT

Charlotte Bennett – non-party to this action – brings this motion to forestall enforcement of the improper and harassing subpoenas directed to her and to Hamilton College by Defendant Cuomo in this underlying action filed in the Eastern District of New York (collectively, the "Subpoenas").  Ms. Bennett is not a party to this action and has not inserted herself into any part of this action.  Defendant Cuomo nonetheless served the Subpoenas on Ms. Bennett seeking documents and deposition testimony concerning, *inter alia*, "any allegations of sexual misconduct [Ms. Bennett has] made against anyone, including but not limited to those concerning: allegations [Ms. Bennett] made in 2017 against the Hamilton College student known as John Doe."  In addition, Defendant Cuomo noticed a subpoena to Hamilton College,[1] also a non-party to this action, seeking all documents concerning any allegations of sexual misconduct made by Ms. Bennett.  These Subpoenas are improper and should be quashed in their entirety for at least three reasons.

*First*, the information requested in the Subpoenas is irrelevant to Trooper 1's claims in this underlying action.  Federal Rule of Civil Procedure 26 limits discovery to that which "is relevant to any party's claim or defense *and* proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1) (emphasis added).  The discovery requested in the Subpoenas is neither relevant to a claim or defense in this action, nor proportional to the needs of the case.

---

[1] Hamilton College would be obligated to give notice to Ms. Bennett once served with a subpoena requesting records relating to her private student record.  *See* Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g (higher education institutions have a duty to protect the confidentiality of student records); 34 C.F.R. § 99.31(a)(9)(ii) (requiring universities to "make[] a reasonable effort" to notify students so they have an opportunity to object to the disclosure of their records, which includes providing students with both sufficient time and information to do so).  As Hamilton College has not notified Ms. Bennett of any such subpoena, we assume that this subpoena has not yet been served.

*Second*, the Subpoenas were served for improper purposes – to further harass and intimidate Ms. Bennett.  Defendant Cuomo has no business abusing the discovery process in this case to gather information about Ms. Bennett's allegations against him, or about Ms. Bennett's previous allegations of sexual assault, which, as a non-party, she has obviously not raised here. The subject matter of these Subpoenas necessarily involves a very private and very traumatic part of Ms. Bennett's life, and Defendant Cuomo's attempts to intimidate Ms. Bennett by forcing her to revisit these experiences are nothing short of intentionally malicious.

*Third*, the Subpoenas violate the requirements of Federal Rule of Civil Procedure 45 that restrict parties from imposing an "undue burden" on third parties.  Fed. R. Civ. P. 45(d)(1). These Subpoenas are blatant attempts to improperly leverage Trooper 1's case to further harass Defendant Cuomo's victims.  Defendant Cuomo has no good-faith basis to believe that Ms. Bennett or Hamilton College possess responsive information relevant to any of Trooper 1's claims in this underlying action.  To the extent Defendant Cuomo wishes to discover documents and communications relating to Ms. Bennett's allegations against him, Defendant Cuomo may serve any appropriate discovery on Ms. Bennett in her case against him in the Southern District of New York, *Bennett v Cuomo et al.*, No. 1:22-cv-07846 (VSB) (S.D.N.Y. filed September 4, 2022).  He has no reason to impose unnecessary and duplicative discovery costs on Ms. Bennett or Hamilton College.  Further, Defendant Cuomo's Subpoenas to Ms. Bennett and to Hamilton College unduly request information relating to her previous allegations of sexual assault, which is harassing and intentionally retraumatizing.  Neither Ms. Bennett nor Hamilton College is a party to this underlying litigation and neither has inserted themselves into Trooper 1's claims against Defendant Cuomo, and his attempts to drag them into this litigation are a see-through intimidation attempt that is both burdensome and harassing.

2

These defects amply demonstrate Ms. Bennett's entitlement to relief. The Court should grant this motion and quash these improper Subpoenas in their entirety.

## BACKGROUND

On August 24, 2021, Defendant Cuomo resigned in disgrace after a comprehensive and independent investigation by the New York State Attorney General found that he sexually harassed approximately a dozen women and retaliated against his victims. A separate investigation by the State Assembly confirmed these findings. Defendant Cuomo has since been sued by two of his victims, including Trooper 1 and Ms. Bennett.

Defendant Cuomo has been unable to mount a credible defense in either the *Trooper 1* litigation or the *Bennett v. Cuomo* litigation, and he now seeks to punish his victims further by peering into their sex lives and previous sexual assaults. Defendant Cuomo may request any appropriate discovery in the separate litigation in the Southern District of New York, wherein Ms. Bennett has brought her claims of sexual harassment and retaliation directly against him. Instead of doing so (indeed, he has refused to acknowledge Ms. Bennett's service of discovery in and chose instead to cast aspersions on Ms. Bennett's credibility, indicative of the great efforts he will go to smear his victims of his unlawful conduct), Defendant Cuomo has served subpoenas on Ms. Bennett and on her alma mater Hamilton College seeking information about any previous sexual assault she experienced. This intrusion into Ms. Bennett's privacy and into her trauma is both malicious and irrelevant to Trooper 1's claims against Defendant Cuomo.

I.  **The Trooper 1 Action and the Improper Subpoenas to Charlotte Bennett and Hamilton College.**

The Plaintiff in the underlying action, Trooper 1, has brought suit against Defendant Cuomo for sexual harassment and retaliation. In her pleadings, Trooper 1 references accusations made against Defendant Cuomo by a number of women, including Charlotte Bennett, who is not

3

a party to this action.  Defendant Cuomo responded to Ms. Bennett's public accusations with retaliation, antagonism, and attempts to smear her reputation.  He has responded to Trooper 1's complaint with more of the same, now issuing subpoenas to Ms. Bennett and to Hamilton College seeking information that has no relevance to this action and no proper purpose.

On May 5, 2023, Defendant Cuomo noticed a subpoena to Hamilton College requesting production of documents relating to "any allegations of sexual harassment or sexual misconduct made by Charlotte Bennett against any member of the Hamilton College community" including but not limited to the complaint Ms. Bennett made in 2017 against John Doe.  Ex. 1 [Request 1] ("the Hamilton subpoena").  The Hamilton subpoena set the date for compliance for May 22, 2023.

On June 1, 2023, Defendant Cuomo served two subpoenas on Ms. Bennett, one requesting production of documents and one to appear for a deposition.  Ex. 2–3 ("the Bennett subpoenas," collectively with the Hamilton subpoena, "the Subpoenas").  The Bennett subpoenas set the date for compliance for June 30, 2023, but counsel for Defendant Cuomo told counsel for Ms. Bennett via email that the date "is a placeholder and we are willing to work with you and your client to determine a convenient date."  Ex. 4.  Counsel for Ms. Bennett accepted service of Defendant Cuomo's Subpoenas on June 8, 2023, and expressed that the proposed deposition date of June 30, 2023, did not work for either Ms. Bennett or her counsel but that they would confer and propose dates for later in the summer.  *Id.*

The requests in both the Hamilton and Bennett document subpoenas have nothing to do with Trooper 1; they do not even mention Trooper 1.  Instead of seeking any discovery relevant to Trooper 1 or her claims, Defendant Cuomo seeks wide-ranging, intrusive, and irrelevant discovery about Ms. Bennett in the Bennett subpoenas, including:

4

- Documents relating to Ms. Bennett's allegations of sexual harassment or other misconduct she has made against Defendant Cuomo, including her involvement in the Office of the Attorney General ("OAG") Investigation and Report about allegations about Defendant Cuomo, and her involvement in the Assembly Judiciary Committee ("AJC") Report about allegations about Defendant Cuomo [Requests 1, 2];
- Documents relating to any interactions with Defendant Cuomo, including any posts on social media [Request 3];
- Documents relating to any allegations of sexual misconduct Ms. Bennett has made against anyone, including those she made while a student at Hamilton College against John Doe [Request 4];
- All communications with Alyssa McGrath, Brittany Commisso, Lindsey Boylan, Karen Hinton, or Alessandra Biaggi concerning Defendant Cuomo [Request 5]; and
- Documents regarding Ms. Bennett's changing job responsibilities while employed at the Executive Chamber [Request 6].

On June 5, 2023, Trooper 1 and Defendant Cuomo submitted a joint letter in which Plaintiff Trooper 1 asked the Court to, *inter alia*, quash subpoenas that request documents concerning Ms. Bennett as well as Lindsey Boylan, another victim of Defendant Cuomo's sexual harassment.  Doc. 78.  On June 6, 2023, the Court granted the parties "leave to file a discovery motion on the topics outlined in their letter if they are unable to resolve these issues without court intervention."  On June 13, 2023, Trooper 1 submitted a letter proposing a briefing schedule concerning the motions to quash subpoenas regarding Lindsey Boylan and Charlotte Bennett, and requested an extension of the July 11, 2023, discovery deadline.  Doc. 80.  The court granted the proposed briefing schedule and granted the parties' request for extension of time to complete fact discovery.

## II.    Ms. Bennett's Objections to the Subpoenas.

Ms. Bennett opposes all three Subpoenas, given their irrelevance to Trooper 1's claims and Defendant Cuomo's defenses, their intrusion into Ms. Bennett's past sexual history, and the undue burden they cause Ms. Bennett.

## LEGAL STANDARD

Under Rule 45, the Court "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).   A court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena. *See Acosta v. Fusilli at Miller Place, Inc.*, No. 18-MC-426 (DRH) (SIL), 2018 WL 3302183, at *3 (E.D.N.Y. July 5, 2018) (citation omitted).  The "party issuing the subpoena bears the initial burden of demonstrating 'that the information sought is relevant and material to the allegations and claims at issue in the proceedings.'" *Malibu Media, LLC v. Doe*, No. 15-cv-3504 (JFB) (SIL), 2016 WL 4444799, at *5 (E.D.N.Y. Aug. 23, 2016) (quoting *Night Hawk Ltd. v. Briarpatch Ltd.*, No. 03-cv-1382, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003)).

An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party, especially where the witness is a nonparty. *See, e.g.*, *Breaking Media, Inc. v. Jowers*, No. 21 Misc. 194 (KPF), 2021 WL 1299108, at *6 (S.D.N.Y. Apr. 7, 2021) ("[C]ourts also give special weight to the burden on non-parties of producing documents to parties involved in litigation.") (citations omitted); *Henry v. Bristol Hosp., Inc.*, No. 3:13-cv-00826 (SRU), 2020 WL 1158464, at *1 (D. Conn. Mar. 10, 2020) (same).   "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1); *Funk v. Belneftekhim*, No. 14-cv-0376 (BMC), 2018 WL 11169668, at *1 (E.D.N.Y. May 31, 2018).  "[C]ourts assess whether a subpoena presents an undue burden by weigh[ing] the burden to the subpoenaed party against the value of the information to the serving party" as well as by "evaluating that information's relevance, the need

of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Bhatt v. Lalit Patel Physician P.C.*, No. 18-cv-2063 (ILG) (SJB), 2020 WL 13048694, at *2 (E.D.N.Y. Oct. 19, 2020) (citations omitted).

## ARGUMENT

### I.     Ms. Bennett Has Standing to Move to Quash the Subpoenas.

Generally, a non-party has standing to quash a subpoena directed at themselves. *See Meyer Corp. U.S. v. Alfay Designs, Inc.*, No. CV 2010 3647 (CBA) (MDG), 2012 WL 3537001, at *1 (E.D.N.Y. Aug. 14, 2012); *see also Schoolcraft v. City of New York*, No. 10 Civ. No. 6005 (RWS), 2012 WL 2161596, at *11 (S.D.N.Y. June 14, 2012) (concluding that the non-party had standing to file a motion to quash).  In *Hughes v. Twenty-First Century Fox, Inc.*, the court found that the plaintiff had standing to move to quash a subpoena on non-party witnesses where those subpoenas sought information about the plaintiff's sexual history with other men.  327 F.R.D. 55, 57 (S.D.N.Y. 2018).

A non-party or party has standing to quash a subpoena directed at a non-party where the individual has a claim of "some personal right or privilege with regard to the documents sought." *Meyer Corp. U.S.*,  2012 WL 3537001, at *1 (E.D.N.Y. Aug. 14, 2012) (citations omitted).  Ms. Bennett clearly has a privacy interest over the Bennett subpoenas *and* the Hamilton subpoena. *See, e.g.*, *Alexander v. New York City Dep't of Educ.*, 339 F.R.D. 372, 374 (S.D.N.Y. 2021) (finding former employee had standing to quash subpoena requesting personnel records); *Hughes*, 327 F.R.D. at 57 (finding standing to quash subpoenas seeking documents relating to movant's sexual history).

Ms. Bennett is not a party to this underlying action, and yet Defendant Cuomo has served Subpoenas on her and on her alma mater Hamilton College.  These Subpoenas seek private and personal information from non-party witnesses about her sexual history, specifically about her previous experience with sexual violence, harassment, and assault.  Ms. Bennett has standing to move to quash the Subpoenas.

## II.    Defendant Cuomo's Subpoenas Seek Exclusively Irrelevant Material.

The information Defendant Cuomo seeks from Ms. Bennett and Hamilton College is utterly irrelevant to the claims brought by Trooper 1 in this action.  As the party seeking discovery, Defendant Cuomo bears the burden of establishing that his requests are "relevant" to a "claim or defense."  Fed. R. Civ. P. 26(b)(1).  "A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement."  *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010) (citations omitted); *Ireh v. Nassau Univ. Med. Ctr.*, No. CV 06-09 (LDW) (AKT), 2008 WL 4283344, at *5 (E.D.N.Y. Sept. 17, 2008) (same).  Defendant Cuomo fails to make that threshold showing of relevance.

Specifically, the Bennett document subpoena requests (i) information regarding Ms. Bennett's allegations of sexual harassment or other misconduct she has made against Defendant Cuomo, including her involvement in the OAG Investigation and Report and the AJC Report; (ii) information regarding Ms. Bennett's interactions with Governor Cuomo, including posts on social media; (iii) information regarding any allegations of sexual misconduct Ms. Bennett has made against anyone, including those she made while a student at Hamilton College against John Doe; (iv) all communications with Alyssa McGrath, Brittany Commisso, Lindsey Boylan, Karen Hinton, or Alessandra Biaggi concerning Defendant Cuomo; and (v) information regarding Ms. Bennett's changing job responsibilities while employed at the Executive Chamber.  Ex. 2–3.

8

And the Hamilton document subpoena requests information concerning *any* allegations of sexual misconduct made by Ms. Bennett against any member of the Hamilton College community, including allegations against John Doe.  Ex. 1.

Defendant Cuomo has offered only a lackluster explanation for why *one* category of information he seeks from Ms. Bennett – her so-called allegations of sexual misconduct – is relevant to his defenses in the Trooper 1 action.  *See* Doc. 78 at 6 (making the baseless argument that discovery will show that Ms. Bennett's prior allegations of sexual misconduct are false and implicate her credibility).  He provides *no explanation whatsoever* for why the broad swath of information he seeks as to Ms. Bennett's allegations of sexual harassment against Defendant Cuomo; Ms. Bennett's interactions with Defendant Cuomo; Ms. Bennett's communications with other individuals; or Ms. Bennett's changing job responsibilities are relevant to Trooper 1's case. *See McGowan v. JPMorgan Chase Bank*, *N.A.*, No. 18-cv-8680 (PAC) (GWG), 2020 WL 1974109, at *7 (S.D.N.Y. Apr. 24, 2020) ("To be entitled to discovery, it is not enough to point to an allegation made in a complaint or to a denial of that allegation.  Rather, the plaintiff must show that the allegation has relevance to a claim or defense.").  Further, in addition to being over-broad, much of what Defendant Cuomo seeks is publicly available via the OAG and AJC online reports, as pointed out in Ms. Boylan's Motion.  *See Cuomo v. Boylan*, No. 23-mc-01587 (LDH) (E.D.N.Y. filed June 9, 2023), Doc. 19 at 23-24 (noting that the parties "do not have a strong need for the information based on the significantly publicly available information").

Instead of seeking this information by requesting discovery from Ms. Bennett in her action in the Southern District of New York where Ms. Bennett has raised claims of sexual harassment and retaliation against Defendant Cuomo and three other defendants, Defendant Cuomo has engaged in a fishing expedition in this action.  *In re Alper Holdings USA, Inc*., 398

B.R. 736, 754 (S.D.N.Y. 2008) (discovery that is merely a "fishing expedition" serves no purpose where a defendant has yet to assert any defenses).  To the extent that Defendant Cuomo's requests for the above-defined categories of information (i), (ii), (iv), and (v), and his requests for information from Hamilton College, are relevant to his defenses against Ms. Bennett's claims, Defendant Cuomo can serve discovery in Ms. Bennett's pending action in the Southern District of New York.  He makes no argument as to why this over-broad discovery is relevant to this action because there is none.  Ms. Bennett did not witness Defendant Cuomo's sexual harassment of Trooper 1 and did not know about her complaints against Defendant Cuomo until the release of the New York Attorney General Report.

As to category (iii), as discussed *infra*, information regarding Ms. Bennett's prior allegations of sexual misconduct is not only irrelevant to the above-captioned matter, but also undiscoverable and inadmissible.  In *Anderson v. Buena Board of Education*, for example, the court denied a motion to compel discovery where defendants sought information about plaintiff's medical records for the purpose of determining whether she was being honest about a prior sexual assault.  No. cv 17-06816 (JS), 2019 WL 1262647, at *4 (D.N.J. Mar. 19, 2019).  The court discredited the defendants' argument, noting that whether the plaintiff was being honest about her prior sexual assault was "tangential to the issues in dispute and completely irrelevant to plaintiffs' claims and defendants' defenses."  *Id.*  In weighing whether the information was "proportional to the needs of the case," as required by Rule 26(b)(1), the court further noted that the information requested was disproportional to its importance and that there was "no indication the information in plaintiff's records is material to the case."  *Id.* at *5.  It concluded that the "embarrassing and intrusive burden that would be placed upon plaintiff by exposing her most sensitive records to defendants . . . outweighs any minimal relevancy."  *Id.*

As discussed further below, even if Defendant Cuomo were permitted to seek discovery related to this information, he would bear a heightened burden to demonstrate its admissibility, a burden he cannot meet.  There is no reason for Defendant Cuomo to needlessly peer into Ms. Bennett's sexual experiences to obtain information that would almost certainly be inadmissible in court.  *See, e.g.*, *Hughes*, 327 F.R.D. at 58 (granting motion to quash where defendants sought irrelevant information about plaintiff's sexual activities with other men); *see also Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670, 680 (S.D.N.Y. 2001) (evidence of plaintiff's sexual conduct outside the workplace is irrelevant and inadmissible); *Holt v. Welch Allyn, Inc.*, No. 95-CV-1135, 2000 WL 98118, at *1 (N.D.N.Y. Jan. 11, 2000) (same).

### III.    Defendant Cuomo's Subpoenas were Served for Improper Purposes.

Even if the Subpoenas did seek relevant material, they must still be quashed because they were brought for an improper purpose – to further harass and intimidate Ms. Bennett.  The Subpoenas seek information about Ms. Bennett's previous sexual behavior – information clearly inadmissible as evidence under Federal Rules of Evidence 412.

Furthermore, even if Defendant Cuomo were to claim he seeks the information requested in these Subpoenas to assess Ms. Bennett's credibility, Ms. Bennett's credibility is of no relevance to Trooper 1's claims against Defendant Cuomo.  Indeed, rather than serving any function in this underlying litigation, any challenge to Ms. Bennett's credibility continues the onslaught of Defendant Cuomo and his counsel in their attempts to smear the reputations of Ms. Bennett and his other victims in hopes of repairing Defendant Cuomo's reputation.  His attempts to bring Ms. Bennett's credibility into this underlying litigation would also violate Federal Rules of Evidence 404 and 608.

11

### A.  Federal Rule of Evidence 412 Precludes Discovery of Ms. Bennett's Prior Sexual Behavior.

The civil protections provided by Federal Rule of Evidence 412 are expansive: evidence offered in civil cases is admissible only if its probative value "substantially outweighs" its unfairly prejudicial effect as well as its "harm to any victim." Fed. R. Evid. 412(b)(2).  Rule 412 thereby protects *any* victim impacted by the attempted introduction of applicable evidence, and shifts the burden to the proponent, Defendant Cuomo, to demonstrate admissibility.  Defendant Cuomo oversimplifies the caselaw in his section of the joint letter filed with Trooper 1.  Doc. 78.

Rule 412(b)(2)'s balancing standard flips the typical burden on its head and puts the onus on the party seeking admissibility to demonstrate its probative value.  Importantly, it also adds weighing the victim's harm to the calculus.  As explained in the Advisory Committee's Note to Rule 412:

> First, [Rule 412] reverses the usual procedure spelled out in Rule 403 by shifting the burden to the proponent to demonstrate admissibility rather than making the opponent justify exclusion of the evidence.  Second, the standard expressed in subdivision (b)(2) is more stringent than in the original rule; it raises the threshold for admission by requiring that the probative value of the evidence substantially outweigh the specified dangers.  Finally, the Rule 412 test puts "harm to the victim" on the scale in addition to prejudice to the parties.

Fed. R. Evid. 412 Advisory Committee Note; *see also Burger v. Litton Indus., Inc.*, No. 91-cv-0918 (WK) (AJP), 1995 WL 476712, at *2 (S.D.N.Y. Aug. 10, 1995) ("The burden here is on defendants . . . and I find that defendants have not shown that the probative value of [plaintiff's]

answers to these questions about her sexual conduct 'substantially outweighs' the invasion of her privacy.").

Beyond admissibility, courts have concluded that they should consider the role of Rule 412's prohibitions on the admissibility of certain evidence when considering whether to even permit discovery:

> Courts quite properly are reluctant to permit discovery into such highly intimate matters. Individuals' privacy interests in such circumstances are important and deserving of protection. Moreover, there is a risk that permitting such discovery would deter some individuals from pursuing meritorious claims.

*Zakrzewska v. New Sch.*, No. 06 Civ. 5463 (LAK), 2008 WL 126594, at *2 (S.D.N.Y. Jan. 7, 2008); *see also Hughes*, 327 F.R.D. at 58 ("In view this Court's conclusion that the subpoenaed information is not relevant to the proffered defenses, this Court bars discovery pertaining to Hughes' sexual history with other men."); *Macklin v. Mendenhall*, 257 F.R.D. 596, 602 (E.D. Cal. 2009) ("[I]n the context of civil suits for sexual harassment, and absent extraordinary circumstances, inquiry into such areas [*i.e.*, complainant's past sexual behavior] should not be permitted, either in discovery or at trial.") (brackets in original) (citations omitted).

Thus, contrary to Defendant's Cuomo's argument that the inadmissibility of Rule 412 evidence "is not a basis to block discovery in the first place," Doc. 78 at 6, courts routinely prohibit discovery on this basis. *See, e.g.*, *Hughes*, 327 F.R.D. at 58 (barring discovery into plaintiff's sexual history); *Anderson*, 2019 WL 1262647, at *4 (denying motion to compel where defendants sought information about a plaintiff's prior sexual assault); *Ogden v. All-State Career Sch.*, 299 F.R.D. 446, 449 (W.D. Pa. 2014) (noting that "courts have issued protective orders where a defendant seeks roving discovery in such areas [related to a victim's sexual history]" and collecting cases); *Gibbons v. Food Lion, Inc.*, No. 98-1197-CIV-T-23F, 1999 WL 33226474, at *2 (M.D. Fla. Feb. 19, 1999) (noting that "[t]he majority of these courts have found that Rule

412 has significance in the resolution of a discovery dispute," and collecting cases).      Here,

Defendant Cuomo's Subpoenas unquestionably seek evidence protected by Rule 412 – both in

terms of the evidence's discoverability *and* admissibility.   He wants to know about all documents

or communications concerning "any allegations of sexual misconduct [Ms. Bennett has] made

against anyone" including any made against John Doe at Hamilton College.   This has absolutely

no relevance to whether Defendant Cuomo sexually harassed Trooper 1.   Defendant Cuomo

bears the burden of demonstrating that the purported probative value of his requests

"substantially outweighs" the danger of harm to "any victim."   His attempt to unearth Ms.

Bennett's previous allegations of sexual assault, especially in this case where she is a non-party

dragged into this underlying litigation solely due to Defendant Cuomo's intimidation and re-

traumatization campaign, is not permissible under Rule 412.

### B. Defendant Cuomo's Subpoenas Are Prohibited by Federal Rules of Evidence 404 and 608.

To the extent that Defendant Cuomo is seeking the information requested in his

Subpoenas to assess Ms. Bennett's credibility, her credibility is of no relevance to Trooper 1's

claims against Defendant Cuomo.   Furthermore, the Subpoenas are defective because they seek

irrelevant character evidence in violation of Federal Rules of Evidence 404(b), and improperly

attempt to undermine Ms. Bennett's credibility under Rule 608.

It is improper and pernicious for Defendant Cuomo to attack Ms. Bennett as

untrustworthy because she has been assaulted previously.   *See Outley v. City of New York*, 837

F.2d 587, 593 (2d Cir. 1988) (concluding defendant improperly questioned plaintiff "about prior

lawsuits" in an attempt to impeach his credibility "and to show his bias toward white police

officers").   In *Outley*, the Second Circuit excluded evidence of prior lawsuits and noted that

evidence of a plaintiff's prior lawsuits may be admissible only "where a party has filed a series

14

of fraudulent lawsuits and there is substantial evidence that the prior lawsuits amounted to a fraudulent pattern." *Id*. at 594; *see also Scoma v. City of N.Y.*, No. 16-cv-6693 (KAM) (SJB), 2021 WL 1784385, at *7 (E.D.N.Y. May 4, 2021) (slip op.) (noting that courts "have generally precluded evidence of prior lawsuits to show the plaintiff's litigiousness unless there was evidence that the prior lawsuits were fraudulently filed"). *See also Walker v. Schult*, 365 F. Supp. 3d 266, 281 (N.D.N.Y. 2019) (concluding that demonstrating that denials of grievances filed at other facilities does not *ipso facto* render those grievances fraudulent and that defendants failed to demonstrate a pattern of fraudulent activity, and excluding the evidence). Defendant Cuomo has provided no evidence of any prior fraudulent allegations of sexual harassment brought by Ms. Bennett; indeed, the *singular* set of allegations against John Doe by definition cannot form a "fraudulent pattern."[2] His attempt to peer into her previous sexual assaults is prohibited by Federal Rules of Evidence 404.

Furthermore, Defendant Cuomo's attempts to undermine Ms. Bennett's credibility is improper under Rule 608, which provides that, other than evidence of criminal convictions, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). Courts in this Circuit regularly quash subpoenas to non-parties when the stated purpose is to attack credibility. *See Tucker v. Interstate Home Loan Ctrs., Inc.*, No. 20-cv-01906 (JMA) (JMW), 2022 WL 4079580, at *4 (E.D.N.Y. Sept. 6, 2022) (quashing non-party subpoenas to prior employers for records sought to be used to attack plaintiff's credibility); *Park W. Radiology v. CareCore Nat. LLC*, 547 F. Supp. 2d 320, 322 (S.D.N.Y. 2008) (denying discovery of third

---

[2] We hope Defendant Cuomo's counsel understands that providing a citation to a lawsuit filed by the accused John Doe, wherein John Doe alleges that Ms. Bennett lied about her allegations against him, is not in itself evidence of fraud.

parties because the requests were "fishing expeditions" to find information that the third parties

were engaged in illegal and unethical activities with plaintiff).  Again, even where a defendant

claims that the sought-for discovery is relevant to his defenses to claims of sexual harassment,

including defenses based on credibility, courts have found that information not discoverable.

*See, e.g.*, *Hughes*, 327 F.R.D. at 58 (barring third-party discovery where defendants sought

information to counter plaintiff's claim that she was coerced into a sexual relationship);

*Anderson*, 2019 WL 1262647, at *4 (denying motion to compel where defendants sought

information about whether plaintiff was telling the truth about prior sexual assault).  Indeed, "[i]t

would obviously be intolerable for the party seeking disclosure to embark on an examination of

every statement ever made by a witness in the hope of unearthing a falsehood."  *Shih v. Petal

Card, Inc.*, No. 18-cv-5495 (JFK) (BCM), 2021 WL 5279395, at *4 (S.D.N.Y. Nov. 12, 2021)

(citation omitted).

  This Court should reject Defendant Cuomo's efforts to do just that: to pursue information

about any allegation of sexual misconduct Ms. Bennett has ever made in the hopes of

"unearthing a falsehood."

**IV. Defendant Cuomo's Subpoenas are Not Proportional and Would Impose an Undue Burden.**

  Even if the Subpoenas sought relevant information and were brought for a proper

purpose, neither of which is the case here, they should be quashed because the discovery

requested is not proportional to the needs of this case and would impose an undue burden on a

non-party.

  First, as argued above, the information requested has no relevance to this underlying

litigation, rendering the Subpoenas inherently disproportional and unduly burdensome.  Given

that Ms. Bennett's separate allegations against Defendant Cuomo, her communications with

Defendant Cuomo's other victims, and information about her previous allegations of sexual misconduct, all have nothing to do with Trooper 1's claims against Defendant Cuomo, the discovery sought is certainly not "important to resolv[ing] the issues between the parties," as required by Federal Rule of Civil Procedure 26(b).  Committee Notes on Rules – 2015 Amendment Fed. R. Civ. P. 26.  Indeed, Defendant Cuomo's attempt to dive into the sexual histories of his victims is likely to result only in wasteful mini-trials reaching issues not before this Court.  *See Alvarado v. GC Dealer Servs. Inc.*, 18-cv-2915 (SJF) (SIL), 2018 WL 6322188, at *4 (E.D.N.Y. Dec. 3, 2018) (denying motion to compel impeachment discovery that would be "of limited value, essentially creating a trial within a trial").

Second, the requests served upon Ms. Bennett are extremely broad and not confined to seeking information regarding Ms. Bennett's allegations of sexual harassment against Defendant Cuomo that appear in Trooper 1's Complaint.  Instead, the requests make vague requests for "all" communications between Ms. Bennett and several other victims of Defendant Cuomo's harassment; "all" documents or communications concerning Ms. Bennett's interactions with Defendant Cuomo, "including any posts on social media;" and "all" documents concerning her change in job responsibilities while employed at the Executive Chamber.  None of these requests specify a time limitation, and thus would require Ms. Bennett to produce communications that took place years after she was harassed by Defendant Cuomo.

Third, the actual burden on Ms. Bennett to review and produce the documents requested by Defendant Cuomo would be significant.  "[W]here the party moving to quash is a non-party to the pending litigation, that fact entitles the witness to consideration regarding expense and inconvenience."  *Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*, No. cv 12-6383 (JFB) (AKT), 2017 WL 1133349, at *3 (E.D.N.Y. Mar. 24, 2017) (citation omitted).  Defendant

Cuomo's subpoena requests are incredibly broad and span nearly a decade of Ms. Bennett's life, which would potentially require Ms. Bennett and her counsel to review thousands of documents. It is unreasonable and unduly burdensome, and certainly not proportional to the needs of the case, to require Ms. Bennett, a non-party, to have her attorneys spend hundreds of hours reviewing and producing documents that have no relevance to the actual dispute at issue. This is especially the case given that Defendant Cuomo may request discovery in Ms. Bennett's separate case against him filed in the Southern District of New York. There is no reason to grant Defendant Cuomo duplicative discovery where the Subpoenas in this action are irrelevant, brought for an improper purpose, and cause an undue burden on non-parties.

## CONCLUSION

For the above reasons, Ms. Bennett respectfully requests that the Court enter an order quashing the Subpoenas in their entirety.


Dated: June 30, 2023                          Respectfully submitted,


                                              _/s/ Laura S. Schnell_____

                                              Laura S. Schnell
                                              Herbert Eisenberg
                                              Eisenberg & Schnell LLP
                                              233 Broadway, Suite 2704
                                              New York, New York 10279
                                              Ph:     (212) 966-8900
                                              Email:  lschnell@eisenbergschnell.com
                                                      heisenberg@eisenbergschnell.com

                                              *Attorneys for Charlotte Bennett*

*On the Brief:*

Debra S. Katz
Rachel E. Green
Kayla Morin
Katz Banks Kumin LLP
11 Dupont Circle, NW, Suite 600
Washington, D.C. 20036
Ph:     (202) 299-1140
Email:  katz@katzbanks.com
        green@katzbanks.com
        morin@katzbanks.com

*Attorneys for Charlotte Bennett*