# Exhibit 1

# TAB 1

EXHIBIT

1



## SUBPOENA DUCES TECUM

## THE PEOPLE OF THE STATE OF NEW YORK
### <u>GREETINGS</u>

**TO**:    Lindsey Boylan
c/o Jill Basinger
Glaser Weil Fink Howard Avchen & Shapiro LLP
10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067

     **YOU ARE HEREBY COMMANDED,** under Executive Law § 63(8), N.Y. Civil Practice Law and Rules § 2302(a) and/or other statutes, to deliver and turn over to the Special Deputies to the First Deputy Attorney General, on ***the 10th day of May, 2021, at 9:30 a.m.,*** or any agreed upon adjourned date or time, at One Liberty Plaza, 38th Floor, New York, New York 10006, all documents and information requested in the attached Schedule in accordance with the instructions and definitions contained therein.

     **TAKE NOTICE** that the Attorney General deems the documents and information commanded by this Subpoena to be relevant and material to an investigation and inquiry undertaken in the public interest.

     **TAKE FURTHER NOTICE** that Your disobedience of this Subpoena, by failing to deliver the documents and information requested in the attached Schedule on the date, time and place stated above or on any agreed upon adjourned date or time, ***may subject You to penalties and other lawful punishment*** under Executive Law § 63(8), New York Civil Practice Law and Rules § 2308 and other statutes.

**WITNESS, The Honorable Letitia James,** Attorney General of the State of New York, this 29th day of April, 2021.

By: _____

Joon H. Kim
Jennifer Kennedy Park
Abena Mainoo
Special Deputies to the
  First Deputy Attorney General
joon.kim@ag.ny.gov
(646) 939-9688
jennifer.park@ag.ny.gov
(646) 908-8464
abena.mainoo@ag.ny.gov
(646) 357-6641

By:     /s/ Anne L. Clark_____

Anne L. Clark
Yannick Grant
Special Deputies to the
  First Deputy Attorney General
anne.clark@ag.ny.gov
(347) 491-0530
yannick.grant@ag.ny.gov
(646) 942-6727

<u>**SCHEDULE**</u>

**A. General Definitions and Rules of Construction**

1.  "<u>All</u>" means each and every.

2.  "<u>Any</u>" means any and all.

3.  "<u>And</u>" and "<u>or</u>" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Subpoena all information or Documents that might otherwise be construed to be outside of its scope.

4.  "<u>Communication</u>" means any conversation, discussion, letter, email, call, text message, instant message, memorandum, meeting, or message (or post or comment directed at a specified person, such as a reply to a post or a post tagged with a username) received on or sent from any social media account You control (including but not limited to Facebook, Instagram and Twitter), note or other transmittal of information or message, whether transmitted in writing, orally, electronically or by any other means, and shall include any Document that abstracts, digests, transcribes, records or reflects any of the foregoing.

5.  "<u>Concerning</u>" means, directly or indirectly, in whole or in part, relating to, referring to, describing, evidencing or constituting.

6.  "<u>Custodian</u>" means any Person or Entity that, as of the date of this Subpoena, maintained, possessed, or otherwise kept or controlled such Document.

7.  "<u>Document</u>" is used herein in the broadest sense of the term and means all records and other tangible media of expression of whatever nature however and wherever created, produced or stored (manually, mechanically, electronically or otherwise), including without limitation all versions whether draft or final, all annotated or nonconforming or other copies, electronic mail ("email"), instant messages, text messages, Blackberry or other wireless device messages, posts on any social media account You control (including but not limited to Facebook, Instagram and Twitter), all other Communications, voicemail, calendars, date books, appointment books, diaries, books, papers, files, notes, confirmations, accounts statements, correspondence, memoranda, reports, records, journals, registers, analyses, code (*e.g.*, C/C++/C#, SQL, JavaScript), algorithms, code repositories (*e.g.*, GitHub), commit messages, audit logs, data or databases (*e.g.*, Oracle, postgres or other SQL or non-SQL systems), plans, manuals, policies, telegrams, faxes, telexes, wires, telephone logs, telephone messages, message slips, minutes, notes or records or transcriptions of conversations or Communications or meetings, tape recordings, videotapes, disks, and other electronic media, microfilm, microfiche, storage devices, press releases, contracts, agreements, notices and summaries. Any non-identical version of a Document constitutes a separate Document within this definition, including without limitation drafts or copies bearing any notation, edit, comment, marginalia, underscoring,

highlighting, marking, commit messages, or any other alteration of any kind resulting in any difference between two or more otherwise identical Documents. In the case of Documents bearing any notation or other marking made by highlighting ink, the term Document means the original version bearing the highlighting ink, which original must be produced as opposed to any copy thereof.

8. "Entity" means without limitation any corporation, company, limited liability company or corporation, partnership, limited partnership, association, or other firm or similar body, or any unit, division, agency, department, or similar subdivision thereof.

9. "Identify" or "Identity," as applied to any Document means the provision in writing of information sufficiently particular to enable the Attorney General to request the Document's production through subpoena or otherwise, including but not limited to: (a) Document type (letter, memo, etc.); (b) Document subject matter; (c) Document date; and (d) Document author(s), addressee(s) and recipient(s). In lieu of identifying a Document, the Attorney General will accept production of the Document, together with designation of the Document's Custodian, and identification of each Person You believe to have received a copy of the Document.

10. "Identify" or "Identity," as applied to any Entity, means the provision in writing of such Entity's legal name, any d/b/a, former, or other names, any parent, subsidiary, officers, employees, or agents thereof, and any address(es) and any telephone number(s) thereof.

11. "Identify" or "Identity," as applied to any natural person, means and includes the provision in writing of the natural person's name, title(s), position(s), any aliases, place(s) of employment, telephone number(s), email address(es), mailing addresses and physical address(es).

12. "Person" means any natural person or any Entity.

13. "Sent" or "received" as used herein means, in addition to their usual meanings, the transmittal or reception of a Document by physical, electronic or other delivery, whether by direct or indirect means.

14. "Subpoena" means this subpoena and any schedules or attachments thereto.

15. The use of the singular form of any word used herein shall include the plural and vice versa. The use of any tense of any verb includes all other tenses of the verb.

## B. Particular Definitions

1. "Complainant" means You, Jessica Bakeman, Charlotte Bennett, Karen Hinton, Ana Liss, Alyssa McGrath, Anna Ruch, Sherry Vill, and any other individual who has made any Complaints known to You, any member of the Executive Chamber,

or the public, whether anonymously or otherwise. For the avoidance of doubt, to the extent additional allegations come to light following the issuance of this Subpoena, individuals who make such allegations should be included in this definition.

2.  "<u>Complaint</u>" means any and all complaints, allegations, comments, accusations, or other statements of workplace misconduct, sexual harassment, sex- or gender-based misconduct, or other behavior or comments of a sexual, abusive or otherwise inappropriate or uncomfortable nature, whether made formally or informally.

3.  "<u>Executive Chamber</u>" means the Executive Chamber of the State of New York, including but not limited to Governor Andrew M. Cuomo, and all other officers, directors, supervisors, personnel, employees, secretaries, interns, fellows, agents, contractors, consultants, representatives, and attorneys of the Executive Chamber, or any other Persons associated with or acting on behalf of the foregoing, or acting on behalf of any predecessors, successors, or affiliates of the foregoing at any point during the relevant time.

4.  "<u>Executive Office</u>" means any office within the New York State government in which employees and officers work directly with, work under the control of, answer to, or maintain direct contact with the Governor. This includes offices in Albany, Manhattan, and anywhere else in New York State.

5.  "<u>Governor</u>" means the New York State Governor Andrew M. Cuomo.

6.  "<u>Governor's Mansion</u>" means the official residence of the Governor, also known as the New York State Executive Mansion.

7.  "<u>New York Attorney General</u>" or "<u>Attorney General</u>" means the New York State Office of the Attorney General.

8.  "<u>Respondent</u>," "<u>You</u>," or "<u>Your</u>" means Lindsey Boylan and any agent, attorney, or other representative associated with or acting on behalf of You at any point during the relevant time.

9.  "<u>State</u>" or "<u>New York</u>" means the State of New York.

## C. Instructions

1.  <u>Preservation of Relevant Documents and Information; Spoliation.</u> You are reminded of Your obligations under law to preserve Documents and information relevant or potentially relevant to this Subpoena from destruction or loss, and of the consequences of, and penalties available for, spoliation of evidence. No agreement, written or otherwise, purporting to modify, limit or otherwise vary the terms of this Subpoena, shall be construed in any way to narrow, qualify, eliminate or otherwise diminish Your aforementioned preservation obligations.

Nor shall You act, in reliance upon any such agreement or otherwise, in any manner inconsistent with Your preservation obligations under law. No agreement purporting to modify, limit or otherwise vary Your preservation obligations under law shall be construed as in any way narrowing, qualifying, eliminating or otherwise diminishing such aforementioned preservation obligations, nor shall You act in reliance upon any such agreement, unless a Special Deputy to the First Deputy Attorney General confirms or acknowledges such agreement in writing, or makes such agreement a matter of record in open court.

2. <u>Possession, Custody, and Control.</u>  The Subpoena calls for all responsive Documents or information in Your possession, custody or control. This includes, without limitation, Documents or information possessed or held by You or any of Your employees, staff, agents, representatives, consultants, attorneys, or Persons from whom You could request Documents or information. If Documents or information responsive to a request in this Subpoena are in Your control, but not in Your possession or custody, You shall promptly Identify the Person with possession or custody and notify that Person of the Person's obligation to preserve such Documents and provide them to You for production.

3. <u>Documents No Longer in Your Possession.</u>  If any Document requested herein was formerly in Your possession, custody or control but is no longer available, or no longer exists, You shall submit a statement in writing under oath that: (a) describes in detail the nature of such Document and its contents; (b) Identifies the Person(s) who prepared such Document and its contents; (c) Identifies all Persons who have seen or had possession of such Document; (d) specifies the date(s) on which such Document was prepared, transmitted or received; (e) specifies the date(s) on which such Document became unavailable; (f) specifies the reason why such Document is unavailable, including without limitation whether it was misplaced, lost, destroyed or transferred; and if such Document has been destroyed or transferred, the conditions of and reasons for such destruction or transfer and the Identity of the Person(s) requesting and performing such destruction or transfer; and (g) Identifies all Persons with knowledge of any portion of the contents of the Document.

4. <u>No Documents Responsive to Subpoena Requests.</u>  If there are no Documents responsive to any particular Subpoena request, You shall so state in writing under oath in the Affidavit of Compliance attached hereto, identifying the paragraph number(s) of the Subpoena request concerned.

5. <u>Format of Production.</u>  You shall produce Documents and information responsive to this Subpoena in the format requested by the Office of the New York State Attorney General, as set out in Attachments 1 and 2 or as otherwise agreed upon.

6. <u>Databases.</u>  To the extent that any data responsive to the requests herein is maintained in an electronic repository of records, such as a detailed transcription report, such information should be produced by querying the database for responsive information and generating a report or a reasonably usable and exportable electronic file (for example, *.csv and/or *.xls formats) for review.

If it is not possible to export data in this format, You must make the database available to the undersigned for meaningful inspection and review of the information.

7.  Existing Organization of Documents to be Preserved.  Regardless of whether a production is in electronic or paper format, each Document shall be produced in the same form, sequence, organization or other order or layout in which it was maintained before production, including but not limited to production of any Document or other material indicating filing or other organization.  Such production shall include without limitation any file folder, file jacket, cover or similar organizational material, as well as any folder bearing any title or legend that contains no Document.  Likewise, all Documents that are physically attached to each other in Your files shall remain so attached in any production; or if such production is electronic, shall be accompanied by notation or information sufficient to indicate clearly such physical attachment.

8.  Manner of Compliance – Custodians/Search Terms/Technology-Assisted Review.  Prior consultation with the Special Deputies to the First Deputy Attorney General is required concerning selection of custodians for document searches (whether electronic or otherwise) or for use of search term filters, predictive coding or other forms of technology-assisted review.  The Office of the Attorney General reserves the right to approve, disapprove, modify or supplement any proposed list of custodians, search terms, and/or review methodology.  The selection or use of custodians, search term filters, and/or technology-assisted review in no way relieves You of Your obligation to fully respond to these requests for Documents or information.

9.  Document Numbering.  All Documents responsive to this Subpoena, regardless of whether produced or withheld on ground of privilege or other legal doctrine, and regardless of whether production is in electronic or paper format, shall be numbered in the lower right corner of each page of such Document, without disrupting or altering the form, sequence, organization or other order or layout in which such Documents were maintained before production.  Such number shall comprise a prefix containing the producing Person's name or an abbreviation thereof, followed by a unique, sequential, identifying document control number.

10.  Privilege Placeholders.  For each Document withheld from production on ground of privilege or other legal doctrine, regardless of whether a production is electronic or in hard copy, You shall insert one or more placeholder page(s) in the production bearing the same document control number(s) borne by the Document withheld, in the sequential place(s) originally occupied by the Document before it was removed from the production.

11.  Privilege.  If You withhold or redact any Document responsive to this Subpoena on ground of any privilege or other legal doctrine, You shall submit with the Documents produced a statement in writing under oath, stating:  (a) the document

control number(s) of the Document withheld or redacted; (b) the type of Document; (c) the date of the Document; (d) the author(s) and recipient(s) of the Document; (e) the general subject matter of the Document; and (f) the legal ground for withholding or redacting the Document. If the legal ground for withholding or redacting the Document is attorney-client privilege, You shall indicate the name of the attorney(s) whose legal advice is sought or provided in the Document.

12. <u>Your Production Instructions to Be Produced.</u> You shall produce a copy of all written or otherwise recorded instructions prepared by You concerning the steps taken to respond to this Subpoena. For any unrecorded instructions given, You shall provide a written statement under oath from the Person(s) who gave such instructions that details the specific content of the instructions and any Person(s) to whom the instructions were given.

13. <u>Cover Letter, Index, and Identifying Information.</u> Accompanying any production(s) made pursuant to this Subpoena, You shall include a cover letter that shall at a minimum provide an index containing the following: (a) a description of the type and content of each Document produced therewith; (b) the paragraph number(s) of the Subpoena request(s) to which each such Document is responsive; (c) the Identity of the Custodian(s) of each such Document; and (d) the document control number(s) of each such Document. As further set forth in Attachment 2, information must also be included in the metadata and load files of each production concerning the identity of each Document's custodian, as well as information identifying the particular Document requests and/or information to which each document is responsive.

14. <u>Affidavit of Compliance.</u> A copy of the Affidavit of Compliance provided herewith shall be completed and executed by all natural persons supervising or participating in compliance with this Subpoena, and You shall submit such executed Affidavit(s) of Compliance with Your response to this Subpoena.

15. <u>Identification of Persons Preparing Production.</u> In a schedule attached to the Affidavit of Compliance provided herewith, You shall Identify the natural person(s) who prepared or assembled any productions or responses to this Subpoena. You shall further Identify the natural person(s) under whose personal supervision the preparation and assembly of productions and responses to this Subpoena occurred. You shall further Identify all other natural person(s) able to competently testify: (a) that such productions and responses are complete and correct to the best of such person's knowledge and belief; and (b) that any Documents produced are authentic, genuine and what they purport to be.

16. <u>Continuing Obligation to Produce.</u> This Subpoena imposes a continuing obligation to produce the Documents and information requested. Documents located or created, and information learned, acquired or created, at any time after Your response is due shall be promptly produced at the place specified in this Subpoena.

17.    No Oral Modifications.  No agreement purporting to modify, limit or otherwise vary this Subpoena shall be valid or binding, and You shall not act in reliance upon any such agreement, unless a Special Deputy to the First Deputy Attorney General confirms or acknowledges such agreement in writing, or makes such agreement a matter of record in open court.

18.    Time Period.  Unless otherwise specified, the time period covered by this Subpoena shall be from January 1, 2015 forward.

### D.  Documents to Be Produced

1.    Any and all Documents related to the Governor or any Complaint concerning the Governor, including any investigation thereof.

2.    Any and all Documents concerning Communications with or about a Complainant (other than You).

3.    Any and all Communications between any current or former member of the Executive Chamber and any Complainant since December 1, 2020.

4.    Any and all Documents concerning Your or any other Complainant's attendance at an event, appointment, or meeting at which the Governor was or would be present, including any at the Executive Offices or the Governor's Mansion.

5.    Any and all Documents concerning any Communications with the media or public or other public statements about any Complaint concerning the Governor.

6.    Documents sufficient to identify Your employment history in the Executive Chamber, including but not limited to the time period of Your employment, Your title(s), and Your position(s).

7.    A list of all Your electronic devices used for any Communication related to the Executive Chamber or the Governor, whether personally owned or supplied to you by the Executive Chamber, the State, or otherwise.

8.    A list of all Your email addresses or phone numbers used for any Communication related to the Governor, the Executive Chamber, or a Complaint concerning the Governor.

9.    A list of all Your usernames (or "handles") for any social media platform

on which You have sent, received, or otherwise prepared any Communication, post, or other document related to the Governor, the Executive Chamber, or a Complaint concerning the Governor.

## ATTACHMENT 1
### Electronic Document Production Specifications

Unless otherwise specified and agreed to by the Office of Attorney General, all responsive documents must be produced in LexisNexis® Concordance® format in accordance with the following instructions. Any questions regarding electronic document production should be directed to the Special Deputy to the First Deputy Attorney General whose telephone number appears on the subpoena.

1.  Concordance Production Components. A Concordance production consists of the following component files, which must be produced in accordance with the specifications set forth below in Section 7.

    A.  ***Metadata Load File.*** A delimited text file that lists in columnar format the required metadata for each produced document.

    B.  ***Extracted or OCR Text Files.*** Document-level extracted text for each produced document or document-level optical character recognition ("OCR") text where extracted text is not available.

    C.  ***Single-Page Image Files.*** Individual petrified page images of the produced documents in tagged image format ("TIF"), with page-level Bates number endorsements.

    D.  ***Opticon Load File.*** A delimited text file that lists the single-page TIF files for each produced document and defines (i) the relative location of the TIF files on the production media and (ii) each document break.

    E.  ***Native Files.*** Native format versions of non-printable or non–print friendly produced documents.

2.  Production Folder Structure. The production must be organized according to the following standard folder structure:
    - data\ (contains production load files)
    - images\ (contains single-page TIF files, with subfolder organization) \0001, \0002, \0003…
    - native_files\ (contains native files, with subfolder organization) \0001, \0002, \0003…
    - text\ (contains text files, with subfolder organization) \0001, \0002, \0003…

3.  De-Duplication. You must perform global de-duplication of stand-alone documents and email families against any prior productions pursuant to this or previously related subpoenas.

4.  Paper or Scanned Documents. Documents that exist only in paper format must be scanned to single-page TIF files and OCR'd. The resulting electronic files should

be pursued in Concordance format pursuant to these instructions. You must contact the Special Deputy to the First Deputy Attorney General whose telephone number appears on the subpoena to discuss (i) any documents that cannot be scanned, and (ii) how information for scanned documents should be represented in the metadata load file.

5.    Structured Data. Before producing structured data, including but not limited to relational databases, transactional data, and xml pages, you must first speak to the Special Deputy to the First Deputy Attorney General whose telephone number appears on the subpoena.   Structured data is data that has a defined length and format and includes, but is not limited to, relational databases, graphical databases, JSON files, or xml/html pages.

A.    Relational Databases

1.    Database tables should be provided in CSV or other delimited machine-readable, non-proprietary format, with each table in a separate data file. The preferred delimiter is a vertical bar "|". If after speaking with the Special Deputy to the First Deputy Attorney General and it is determined that the data cannot be exported from a proprietary database, then the data can be produced in the proprietary format so long as the Office of the Attorney General is given sufficient access to that data.

2.    Each database must have an accompanying Data Dictionary.

3.    Dates and numbers must be clearly and consistently formatted and, where relevant, units of measure should be explained in the Data Dictionary.

4.    Records must contain clear, unique identifiers, and the Data Dictionary must include explanations of how the files and records relate to one another.

5.    Each data file must also have an accompanying summary file that provides total row counts for the entire dataset and total row counts.

B.    Compression

1.    If Documents are provided in a compressed archive, only standard lossless compression methods (e.g., gzip, bzip2, and ZIP) shall be used. Media files should be provided in their original file format, with metadata preserved and no additional lossy encoding applied.

6. <u>Media and Encryption</u>.  All documents must be produced on CD, DVD, or hard-drive media.  After consultation with the Special Deputy to the First Deputy Attorney General, Documents may also be produced over a secure file transfer protocol (FTP) or a pre-approved cloud-based platform (*e.g.*, Amazon Web Services S3 bucket). All production media must be protected with a strong, randomly generated password containing at least 16 alphanumeric characters and encrypted using Advanced Encryption Standard with 256-bit key length (AES-256).  Passwords for electronic documents, files, compressed archives and encrypted media must be provided separately from the media.

7. <u>Production File Requirements</u>.

   A. ***Metadata Load File***
   - Required file format:
     - ASCII or UTF-8
     - Windows formatted CR + LF end of line characters, including full CR + LF on last record in file.
     - .dat file extension
     - Field delimiter: (ASCII decimal character 20)
     - Text Qualifier: þ (ASCII decimal character 254).  Date and pure numeric value fields do not require qualifiers.
     - Multiple value field delimiter: ; (ASCII decimal character 59)
   - The first line of the metadata load file must list all included fields.  All required fields are listed in Attachment 2.
   - Fields with no values must be represented by empty columns maintaining delimiters and qualifiers.
   - *Note:* All documents must have page-level Bates numbering (except documents produced only in native format, which must be assigned a document-level Bates number).  The metadata load file must list the beginning and ending Bates numbers (BEGDOC and ENDDOC) for each document.  For document families, including but not limited to emails and attachments, compound documents, and uncompressed file containers, the metadata load file must also list the Bates range of the entire document family (ATTACHRANGE), beginning with the first Bates number (BEGDOC) of the "parent" document and ending with the last Bates number (ENDDOC) assigned to the last "child" in the document family.
   - Date and Time metadata must be provided in separate columns.
   - Accepted date formats:
     - mm/dd/yyyy
     - yyyy/mm/dd
     - yyyymmdd
   - Accepted time formats:
     - hh:mm:ss (if not in 24-hour format, you must indicate am/pm)

        o  hh:mm:ss:mmm

**B.**    ***Extracted or OCR Text Files***
- You must produce individual document-level text files containing the full extracted text for each produced document.
- When extracted text is not available (for instance, for image-only documents) you must provide individual document-level text files containing the document's full OCR text.
- The filename for each text file must match the document's beginning Bates number (BEGDOC) listed in the metadata load file.
- Text files must be divided into subfolders containing no more than 500 to 1000 files.

**C.**    ***Single-Page Image Files (Petrified Page Images)***
- Where possible, all produced documents must be converted into single-page tagged image format ("TIF") files. See Section 7.E below for instructions on producing native versions of documents you are unable to convert.
- Image documents that exist only in non-TIF formats must be converted into TIF files. The original image format must be produced as a native file as described in Section 7.E below.
- For documents produced only in native format, you must provide a TIF placeholder that states "Document produced only in native format."
- Each single-page TIF file must be endorsed with a unique Bates number.
- The filename for each single-page TIF file must match the unique page-level Bates number (or document-level Bates number for documents produced only in native format).
- Required image file format:
  - o  CCITT Group 4 compression
  - o  2-Bit black and white
  - o  300 dpi
  - o  Either .tif or .tiff file extension.
- TIF files must be divided into subfolders containing no more than 500 to 1000 files. Where possible documents should not span multiple subfolders.

**D.**    ***Opticon Load File***
- Required file format:
  - o  ASCII
  - o  Windows formatted CR + LF end of line characters
  - o  Field delimiter: , (ASCII decimal character 44)
  - o  No Text Qualifier
  - o  .opt file extension

- The comma-delimited Opticon load file must contain the following seven fields (as indicated below, values for certain fields may be left blank):
  - ALIAS or IMAGEKEY – the unique Bates number assigned to each page of the production.
  - VOLUME – this value is optional and may be left blank.
  - RELATIVE PATH – the filepath to each single-page image file on the production media.
  - DOCUMENT BREAK – defines the first page of a document. The only possible values for this field are "Y" or blank.
  - FOLDER BREAK – defines the first page of a folder. The only possible values for this field are "Y" or blank.
  - BOX BREAK – defines the first page of a box. The only possible values for this field are "Y" or blank.
  - PAGE COUNT – this value is optional and may be left blank.
- *Example*:
  ABC00001,,IMAGES\0001\ABC00001.tif,Y,,,2
  ABC00002,,IMAGES\0001\ABC00002.tif,,,,
  ABC00003,,IMAGES\0002\ABC00003.tif,Y,,,1
  ABC00004,,IMAGES\0002\ABC00004.tif,Y,,,1

E. *Native Files*
- Non-printable or non–print friendly documents (including but not limited to spreadsheets, audio files, video files and documents for which color has significance to document fidelity) must be produced in their native format.
- The filename of each native file must match the document's beginning Bates number (BEGDOC) in the metadata load file and retain the original file extension.
- For documents produced only in native format, you must assign a single document-level Bates number and provide an image file placeholder that states "Document produced only in native format."
- The relative paths to all native files on the production media must be listed in the NATIVEFILE field of the metadata load file.
- Native files that are password-protected must be decrypted prior to conversion and produced in decrypted form. In cases where this cannot be achieved the document's password must be listed in the metadata load file. The password should be placed in the COMMENTS field with the format Password: <PASSWORD>.
- You may be required to supply a software license for proprietary documents produced only in native format.

| FIELD NAME | FIELD DESCRIPTION | FIELD VALUE EXAMPLE[1] |
|---|---|---|
| DOCID | Unique document reference (can be used for de-duplication). | ABC0001 or ###.######.### |
| BEGDOC | Bates number assigned to the first page of the document. | ABC0001 |
| ENDDOC | Bates number assigned to the last page of the document. | ABC0002 |
| BEGATTACH | Bates number assigned to the first page of the parent document in a document family (*i.e.*, should be the same as BEGDOC of the parent document, or PARENTDOC). | ABC0001 |
| ENDATTACH | Bates number assigned to the last page of the last child document in a family (*i.e.*, should be the same as ENDDOC of the last child document). | ABC0008 |
| ATTACHRANGE | Bates range of entire document family. | ABC0001 - ABC0008 |
| PARENTDOC | BEGDOC of parent document. | ABC0001 |
| CHILDDOCS | List of BEGDOCs of all child documents, delimited by ";" when field has multiple values. | ABC0002; ABC0003; ABC0004… |
| DOCREQ | List of particular Requests for Documents to be Produced in the subpoena | 1; 2; 3 . . . |
| INTERROG | List of particular Requests for Information or interrogatories in the subpoena | 1; 2; 3 . . . |
| COMMENTS | Additional document comments, such as passwords for encrypted files. | |

---

[1] Examples represent possible values and not required format unless the field format is specified in Attachment 1.

| NATIVEFILE | Relative file path of the native file on the production media. | .\Native_File\Folder\...\BEGDOC.ext |
|---|---|---|
| SOURCE | For scanned paper records this should be a description of the physical location of the original paper record. For loose electronic files this should be the name of the file server or workstation where the files were gathered. | Company Name, Department Name, Location, Box Number… |
| CUSTODIAN | Owner of the document or file. | Firstname Lastname, Lastname, Firstname, User Name; Company Name, Department Name... |
| FROM | Sender of the email. | Firstname Lastname < FLastname @domain > |
| TO | All to: members or recipients, delimited by ";" when field has multiple values. | Firstname Lastname < FLastname @domain >; Firstname Lastname < FLastname @domain >; … |
| CC | All cc: members, delimited by ";" when field has multiple values. | Firstname Lastname < FLastname @domain >; Firstname Lastname < FLastname @domain >; … |
| BCC | All bcc: members, delimited by ";" when field has multiple values | Firstname Lastname < FLastname @domain >; Firstname Lastname < FLastname @domain >; … |
| SUBJECT | Subject line of the email. | |
| DATERCVD | Date that an email was received. | mm/dd/yyyy, yyyy/mm/dd, or yyyymmdd |
| TIMERCVD | Time that an email was received. | hh:mm:ss AM/PM or hh:mm:ss |
| DATESENT | Date that an email was sent. | mm/dd/yyyy, yyyy/mm/dd, or yyyymmdd |

| TIMESENT | Time that an email was sent. | hh:mm:ss AM/PM or hh:mm:ss |
|---|---|---|
| CALBEGDATE | Date that a meeting begins. | mm/dd/yyyy, yyyy/mm/dd, or yyyymmdd |
| CALBEGTIME | Time that a meeting begins. | hh:mm:ss AM/PM or hh:mm:ss |
| CALENDDATE | Date that a meeting ends. | mm/dd/yyyy, yyyy/mm/dd, or yyyymmdd |
| CALENDTIME | Time that a meeting ends. | hh:mm:ss AM/PM or hh:mm:ss |
| CALENDARDUR | Duration of a meeting in hours. | 0.75, 1.5… |
| ATTACHMENTS | List of filenames of all attachments, delimited by ";" when field has multiple values. | AttachmentFileName.; AttachmentFileName.docx; AttachmentFileName.pdf; … |
| NUMATTACH | Number of attachments. | 1, 2, 3, 4…. |
| RECORDTYPE | General type of record. | IMAGE; LOOSE E-MAIL; E-MAIL; E-DOC; IMAGE ATTACHMENT; LOOSE E-MAIL ATTACHMENT; E-MAIL ATTACHMENT; E-DOC ATTACHMENT |
| FOLDERLOC | Original folder path of the produced document. | Drive:\Folder\...\...\ |
| FILENAME | Original filename of the produced document. | Filename.ext |
| DOCEXT | Original file extension. | html, xls, pdf |
| DOCTYPE | Name of the program that created the produced document. | Adobe Acrobat, Microsoft Word, Microsoft Excel, Corel WordPerfect… |
| TITLE | Document title (if entered). | |
| AUTHOR | Name of the document author. | Firstname Lastname; Lastname, First Name; FLastname |
| REVISION | Number of revisions to a document. | 18 |

| | | |
|---|---|---|
| DATECREATED | Date that a document was created. | mm/dd/yyyy, yyyy/mm/dd, or yyyymmdd |
| TIMECREATED | Time that a document was created. | hh:mm:ss AM/PM or hh:mm:ss |
| DATEMOD | Date that a document was last modified. | mm/dd/yyyy, yyyy/mm/dd, or yyyymmdd |
| TIMEMOD | Time that a document was last modified. | hh:mm:ss AM/PM or hh:mm:ss |
| FILESIZE | Original file size in bytes. | 128, 512, 1024… |
| PGCOUNT | Number of pages per document. | 1, 2, 10, 100… |
| IMPORTANCE | Email priority level if set. | Low, Normal, High |
| TIFFSTATUS | Generated by the Law Pre-discovery production tool (leave blank if inapplicable). | Y, C, E, W, N, P |
| DUPSTATUS | Generated by the Law Pre-discovery production tool (leave blank if inapplicable). | P |
| MD5HASH | MD5 hash value computed from native file (a/k/a file fingerprint). | BC1C5CA6C1945179FE E144F25F51087B |
| SHA1HASH | SHA1 hash value | B68F4F57223CA7DA358 4BAD7ECF111B8044F86 31 |
| MSGINDEX | Email message ID | |

# AFFIDAVIT OF COMPLIANCE WITH SUBPOENA

State of _____   &#125;
County of _____

I, _____, being duly sworn, state as follows:

1.     I am employed by Respondent in the position of _____ _____;

2.     Respondent's productions and responses to the Subpoena of the Attorney General of the State of New York, dated _____, 20_____ (the "Subpoena") were prepared and assembled under my personal supervision;

3.     I made or caused to be made a diligent, complete and comprehensive search for all Documents and information requested by the Subpoena, in full accordance with the instructions and definitions set forth in the Subpoena;

4.     Respondent's productions and responses to the Subpoena are complete and correct to the best of my knowledge and belief;

5.     No Documents or information responsive to the Subpoena have been withheld from Respondent's production and response, other than responsive Documents or information withheld on the basis of a legal privilege or doctrine;

6.     All responsive Documents or information withheld on the basis of a legal privilege or doctrine have been identified on a privilege log composed and produced in accordance with the instructions in the Subpoena;

7.     The Documents contained in Respondent's productions and responses to the Subpoena are authentic, genuine and what they purport to be;

8.     Attached is a true and accurate record of all persons who prepared and assembled any productions and responses to the Subpoena, all persons under whose personal supervision the preparation and assembly of productions and responses to the Subpoena occurred, and all persons able competently to testify: (a) that such productions and responses are complete and correct to the best of such person's knowledge and belief; and (b) that any Documents produced are authentic, genuine and what they purport to be; and

9.     Attached is a true and accurate statement of those requests under the Subpoena as to which no responsive Documents were located in the course of the aforementioned search.


_____          _____
Signature of Affiant                                              Date


_____
Printed Name of Affiant


*          *          *


Subscribed and sworn to before me this _____ day of _____, 20___.


_____, Notary Public


My commission expires: _____