# SHER TREMONTE LLP

July 31, 2023

**BY ECF**

Hon. Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: *Cuomo v. Office of the N.Y. State Attorney Gen.*, No. 22-mc-03044 (LDH) (TAM)*; Trooper 1 v. NYSP et al.*, No. 22-cv-893 (LDH) (TAM)

Dear Judge Merkl:

On behalf of our client former Governor Andrew M. Cuomo, we are filing today a Motion for Reconsideration ("MFR") of the Court's July 21 Discovery Order (OAG MTC ECF No. 37). Portions of the MFR relating to the July 10, 2023 deposition of Ana Liss-Jackson will be redacted from the publicly filed version of the MFR because Ms. Liss-Jackson's counsel designated deposition testimony concerning her prior statements to the OAG as "Confidential" under the Protective Order.[1] For the reasons explained below, pursuant to the Protective Order, we respectfully request that the Court confirm the testimony is <u>not</u> confidential so that we can file an unredacted version of the MFR on the public docket.[2]

We do not believe that deposition testimony concerning Ms. Liss-Jackson's prior testimony to the OAG, including the information cited in the MFR, is confidential. Our view is that because the OAG already released Ms. Liss-Jackson's OAG testimony transcript to the public (with limited redactions), any deposition testimony concerning the already-public portions of the OAG testimony should also be made public.

Nevertheless, Ms. Liss-Jackson's attorney, Donald Rehkopf, informed us that his client's deposition testimony relating to prior statements she made to the OAG should be

---

[1] Ms. Liss-Jackson already agreed that any deposition testimony she gave regarding matters in the public domain, including but not limited to her prior statements to reporters or on public media outlets, is not confidential. Thus, Mr. Rehkopf has confirmed that the only current dispute regarding the confidentiality of Ms. Liss-Jackson's deposition is as to the OAG investigative testimony.

[2] Governor Cuomo previously raised this confidentiality dispute in the context of a July 18 letter in further support of our Motion to Compel the AG's Compliance with Subpoenas, OAG MTC ECF No. 35, T1 ECF No. 94, which the Court declined to consider. We therefore withdraw the prior sealing letter.

confidential.[3] Specifically, Mr. Rehkopf expressed concern that Ms. Liss-Jackson is prohibited from agreeing to public disclosure of such deposition testimony under NY Penal Law §215.70, which prohibits the disclosure of <u>grand jury materials</u>.[4] However, the OAG investigation was not a grand jury investigation and Ms. Liss-Jackson never appeared before a grand jury. Instead, as Your Honor is aware, the OAG investigation was conducted pursuant to Executive Law §63(8) and pursuant to New York's Civil Practice Law and Rules, as provided under that statute. As such, NY Penal Law §215.70, and concerns about grand jury secrecy, are therefore wholly inapplicable.[5] Moreover, the OAG already exercised its authority to release Ms. Liss-Jackson's prior testimony (albeit without asking for Ms. Liss-Jackson's consent).

We therefore request that the Court grant our application and confirm that Ms. Liss-Jackson's deposition testimony relating to her publicly released testimony to the OAG is not confidential and that it can be made public.[6] We note that Mr. Rehkopf previously advised us that he would take no position on our seeking such relief from the Court, and we note that he did not weigh in on our prior letter.

Respectfully submitted,

*/s/ Theresa Trzaskoma*

Theresa Trzaskoma

cc (by email): Donald Rehkopf, Esq.

---

[3] While Mr. Rehkopf asserted this categorical confidentiality designation, he did not, as the Protective Order requires, designate the specific portions of testimony that he believes fall under this category. This failure to comply with the Protective Order is yet another reason to grant this request.

[4] *See* N.Y. Penal L. §215.70 ("A person is guilty of unlawful grand jury disclosure when, being a grand juror, a public prosecutor, a grand jury stenographer, a grand jury interpreter, a police officer or a peace officer guarding a witness in a grand jury proceeding, or a clerk, attendant, warden or other public servant having official duties in or about a grand jury room or proceeding, or a public officer or public employee, he intentionally discloses to another the nature or substance of any grand jury testimony, or any decision, result or other matter attending a grand jury proceeding which is required by law to be kept secret, except in the proper discharge of his official duties or upon written order of the court. Nothing contained herein shall prohibit a witness from disclosing his own testimony. Unlawful grand jury disclosure is a class E felony.").

[5] Ms. Liss-Jackson's concerns are unfounded because, as reflected in the statute set forth at the end of n.2 above, a grand jury witness is specifically permitted to disclose her own testimony.

[6] Ms. Liss-Jackson also designated as confidential certain text messages between her and Lindsey Boylan. Governor Cuomo reserves the right to challenge that designation as well.