**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| TROOPER 1, | Civil No. 1:22-cv-00893(LDH)(TAM) |
| Plaintiff, | |
| v. | |
| NEW YORK STATE POLICE, ANDREW CUOMO, MELISSA DEROSA, and RICHARD AZZOPARDI, | |
| Defendants. | |

---

**NON-PARTY CHARLOTTE BENNETT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT ANDREW CUOMO'S CROSS-MOTION TO COMPEL AND REPLY IN SUPPORT OF CHARLOTTE BENNETT'S MOTION TO QUASH DEFENDANT ANDREW CUOMO'S SUBPOENAS**

---

**TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................... i

TABLE OF AUTHORITIES............................................................................ iii

PRELIMINARY STATEMENT ....................................................................... 1

BACKGROUND ................................................................................................ 4

   I.  Procedural History.................................................................................... 5

   II.  Ms. Bennett's Objections to the Subpoenas........................................... 6

LEGAL STANDARD.......................................................................................... 6

ARGUMENT....................................................................................................... 7

   I.  Ms. Bennett Has Standing to Move to Quash the Subpoenas............... 7

   II.  Defendant Cuomo's Subpoenas Seek Exclusively Irrelevant Material............................... 9

     A.  The Subpoenas Seek Information that Is Irrelevant to the Claims and
        Defenses in the *Trooper 1* Action.............................................. 10

     B.  Ms. Bennett's Credibility Is Not at Issue in the *Trooper 1* Action, and
        a Detour into Ms. Bennett's College Complaints is Wholly Gratuitous........................ 12

   III.  Even if the Requests Were Relevant to the *Trooper 1* Action, They Were
       Served for an Improper Purpose............................................................. 15

     A.  Federal Rule of Evidence 412 Curbs Discovery into Ms. Bennett's Past
        Sexual Behavior. ........................................................................ 16

     B.  Federal Rule of Evidence 404 Curbs Discovery into Ms. Bennett's Character............. 19

     C.  Federal Rule of Evidence 608 Curbs Discovery into Ms. Bennett's
        Character for Truthfulness. ......................................................... 21

IV. The Subpoenas Are Not Proportional to the Needs of the *Trooper 1* Action and Impose an Undue Burden on Ms. Bennett........................................................ 22

CONCLUSION................................................................................................................. 25

# TABLE OF AUTHORITIES

**Cases**

*Acosta v. Fusilli at Miller Place, Inc.*, No. 18-MC-426 (DRH) (SIL),
2018 WL 3302183 (E.D.N.Y. July 5, 2018)................................................................ 7

*Alvarado v. GC Dealer Servs. Inc.*, No. 18-cv-2915 (SJF) (SIL),
2018 WL 6322188 (E.D.N.Y. Dec. 3, 2018)...................................................... 14, 20

*Anderson v. Buena Bd. of Educ.*, No. cv-17-06816 (JS),
2019 WL 1262647 (D.N.J. Mar. 19, 2019).......................................................... 18

*Bennett v. Cuomo*, 22-cv-07846 (VSB) (S.D.N.Y. filed September 14, 2022)........................... 3

*Breaking Media, Inc. v. Jowers*, No. 21 MISC. 194 (KPF),
2021 WL 1299108 (S.D.N.Y. Apr. 7, 2021)........................................................ 22

*Burger v. Litton Indus., Inc.*, No. 91-cv-0918 (WK) (AJP),
1995 WL 476712 (S.D.N.Y. Aug. 10, 1995).......................................................... 17

*CFGenome, LLC v. Streck, Inc.*, No. 4:16-cv-3130,
2019 WL 3969178 (D. Neb. Aug. 22, 2019) ...................................................... 11

*Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670 (S.D.N.Y. 2001)............................... 18

*Cuomo v. Office of the N.Y. State Att'y Gen.*,
No. 1:22-mc-3044 (LDH) (TAM) (E.D.N.Y. filed October 12, 2022)....................................... 2

*Cuomo v. The N.Y. State Assembly Judiciary Comm.*,
No. 1:22-mc-03027 (LDH) (TAM) (E.D.N.Y. filed October 12, 2022)....................................... 2

*Doe v. Tr. of Hamilton Coll.*, No. 6:17-cv-01202 (MAD) (ATB)
(N.D.N.Y. filed October 30, 2017).................................................................. 13

*Elhannon LLC v. F.A. Bartlett Tree Expert Co.*, No. 2:14-cv-262,
2018 WL 6040687 (D. Vt. Nov. 19, 2018)............................................................ 14

*G.H. v. Marstiller*, No. 4:19-cv-431 (MW/CAS),
2020 WL 13228155 (N.D. Fla. Mar. 24, 2020) ...................................................... 8

*Ghonda v. Time Warner Cable, Inc.*, No. 16-cv-2610 (PKC),
2017 WL 395111 (E.D.N.Y. Jan. 27, 2017)........................................................... 15

*Gibbons v. Food Lion, Inc.*, No. 98-1197-cv-T-23F,
 1999 WL 33226474 (M.D. Fla. Feb. 19, 1999) ...................................................... 18

*Gov't Emps. Ins. Co. v. Dinesh Verma Med., P.C.*, No. 22-CV-2893 (GRB) (JMW),
 2023 WL 2771638 (E.D.N.Y. Apr. 3, 2023) ............................................................ 7

*Henry v. Morgan's Hotel Grp., Inc.*, No. 15-cv-1789 (ER) (JLC),
 2016 WL 303114 (S.D.N.Y. Jan. 25, 2016) ....................................................... 12, 19

*Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55 (S.D.N.Y. 2018) .................... 9, 16, 17

*In re Alper Holdings USA, Inc.*, 398 B.R. 736 (S.D.N.Y. 2008) .................................... 10

*In re Subpoena to Loeb & Loeb LLP*, No. 19 Misc. Civ. 241 (PAE),
 2019 WL 2428704 (S.D.N.Y. June 11, 2019) .................................................... 23, 24

*Ireh v. Nassau Univ. Med. Ctr.*, No. 06-cv-09 (LDW) (AKT),
 2008 WL 4283344 (E.D.N.Y. Sept. 17, 2008) ........................................................ 15

*Lifeguard Licensing Corp. v. Kozak*, No. 15-cv-8459 (LGS) (JCF),
 2016 WL 3144049 (S.D.N.Y. May 23, 2016) ......................................................... 10

*Macklin v. Mendenhall*, 257 F.R.D. 596 (E.D. Cal. 2009) .................................... 16, 18

*Marseet v. Rochester Inst. of Tech.*, No. 20-cv-7096FPG,
 2023 WL 1097969 (W.D.N.Y. Jan. 30, 2023) .......................................................... 8

*McGowan v. JPMorgan Chase Bank*, No. 18-cv-8680 (PAC) (GWG),
 2020 WL 1974109 (S.D.N.Y. Apr. 24, 2020) ......................................................... 11

*Outley v. City of New York*, 837 F.2d 587 (2d Cir. 1988) ............................................ 20

*Padilla v. Sacks & Sacks, LLP*, No. 19-cv-10021 (GBD) (KHP),
 2021 WL 4429785 (S.D.N.Y. Sept. 27, 2021) .................................................... 15, 21

*Performance Pulsation Control, Inc. v. Sigma Drilling Techs., LLC*,
 No. 4:17-cv-00450, 2018 WL 5636160 (E.D. Tex. Oct. 30, 2018) ............................ 8

*Rodriguez v. NNR Glob. Logistics USA Inc.*, No. cv-141766 (JFB) (AKT),
 2016 WL 11673310 (E.D.N.Y. Mar. 31, 2016) ...................................................... 19

*Scoma v. City of New York*, No. 16-cv-6693 (KAM) (SJB),
 2021 WL 1784385 (E.D.N.Y. May 4, 2021) ...................................................... 20, 21

*Shih v. Petal Card, Inc.*, No. 18-cv-5495 (JFK) (BCM),
 2021 WL 5279395 (S.D.N.Y. Nov. 12, 2021) ........................................................ 23

iv

*Silva v. Pioneer Janitorial Servs., Inc.*, No. CIV.A. 10-11264-JGD,
    2011 WL 4729783 (D. Mass. Oct. 4, 2011)................................................................. 18

*Trooper 1 v. New York State Police et al.*, No. 1:22-cv-00893
    (E.D.N.Y. filed February 17, 2022) ........................................................................... 1

*Tucker v. Interstate Home Loan Centers, Inc.*, No. 20-cv-01906 (JMA) (JMW),
    2022 WL 4079580 (E.D.N.Y. Sept. 6, 2022) ......................................................... 21

*U.S. Bank Nat. Ass'n v. PHL Variable Ins. Co.*, No. 12-cv-6811 (CM) (JCF),
    2012 WL 5395249 (S.D.N.Y. Nov. 5, 2012)..................................................... 23, 24

*United States v. Figueroa*, 548 F.3d 222 (2d Cir. 2008) ............................................. 22

*United States v. UBS Sec. LLC*, No. 118-cv-6369 (RPK) (PK),
    2020 WL 7062789 (E.D.N.Y. Nov. 30, 2020)......................................................... 10

*Warnke v. CVS Corp.*, 265 F.R.D. 64 (E.D.N.Y. 2010) ................................................. 7

*Wilshire v. Love*, No. 3:14-CV-08374, 2015 WL 1482251 (S.D.W. Va. Mar. 31, 2015) .............. 8

*Zakrzewska v. New Sch.*, No. 06-cv-5463 (LAK),
    2008 WL 126594 (S.D.N.Y. Jan. 7, 2008) ......................................................... 16, 18

**Statutes**

Federal Rule of Civil Procedure 26 ...............................................................passim

Federal Rule of Civil Procedure 45 .......................................................................... 6

Federal Rule of Evidence 404................................................................... 3, 19, 20

Federal Rule of Evidence 412................................................................... 3, 16, 18

Federal Rule of Evidence 608......................................................................... 3, 21

**Other Authorities**

Fed. R. Evid. 412 Advisory Committee Notes.................................................. 17, 19

STATE OF NEW YORK OFFICE OF THE ATTORNEY GENERAL,
    *Report of Investigation into Allegations of Sexual Harassment by
    Governor Andrew M. Cuomo* (Aug. 3, 2021), *available at*
    https://ag.ny.gov/sites/default/files/2021.08.03_nyag_-_investigative_report.pdf............ 13, 14

Charlotte Bennett, who is not a party to this action, respectfully submits this memorandum of law (i) in support of her Motion to Quash the document and deposition subpoenas served on her by Defendant Andrew Cuomo ("Defendant Cuomo") on June 1, 2023 (the "Bennett subpoenas"), and the document subpoena directed to Hamilton College by Defendant Cuomo and noticed on May 5, 2023 (the "Hamilton subpoena"), in the above-captioned matter (collectively, "the Subpoenas"), Doc. 83; and (ii) in opposition to Defendant Cuomo's Cross-Motion to Compel Ms. Bennett's compliance with the Bennett subpoenas, Doc. 95.

## PRELIMINARY STATEMENT

In response to Charlotte Bennett's Motion to Quash the subpoenas directed toward her and to Hamilton College, Defendant Cuomo launches a sweeping attack on Ms. Bennett's credibility and motives for accusing him of sexual harassment. In his opposition to her Motion to Quash the Subpoenas and separate Cross-Motion to Compel Ms. Bennett's compliance with the Bennett subpoenas, he argues that information about her complaints against Defendant Cuomo and prior sexual history are somehow relevant to his defenses in the instant action. His arguments are meritless for three reasons.

*First*, Defendant Cuomo has failed to explain how the information sought in the Subpoenas bears *any* relevance whatsoever to his defense in the instant action, *Trooper 1 v. New York State Police et al*., No. 1:22-cv-00893 (E.D.N.Y. filed February 17, 2022) (the "*Trooper 1* action"). Federal Rule of Civil Procedure 26(b)(1) ("Rule 26") provides, in relevant part, that a party may obtain discovery of any nonprivileged matter "*relevant* to any party's *claim or defense*." Fed. R. Civ. P. 26(b)(1) (emphasis added). As this Court noted in its July 21, 2023,

Order denying Cuomo's motion to compel and quashing his subpoena in two related matters,[1] the "claims in the *Trooper 1* case are specific to Trooper 1." Doc. 37 at 29, *Cuomo v. Office of the N.Y. State Att'y Gen.*, No. 1:22-mc-3044 (LDH) (TAM) (E.D.N.Y. filed October 12, 2022) ("OAG Action"). Defendant Cuomo does not attempt to explain – nor can he – how the information sought from Ms. Bennett will help him mount a defense to Trooper 1's claims of discrimination and retaliation, which are "specific causes of action brought by Trooper 1 solely on her own behalf." Doc. 37 at 29, OAG Action. Defendant Cuomo even admits that Ms. Bennett's allegations "are not sufficiently similar to Trooper 1's own claims." Doc. 96 at 9.

With respect to the documents related to Ms. Bennett's time at Hamilton College in particular, Defendant Cuomo seeks to generate a needless, irrelevant sideshow hoping to delve into Ms. Bennett's credibility. Relying on a lawsuit that settled without any findings, he presumes the truth of the allegations in that lawsuit and asks the Court to permit discovery into Ms. Bennett's sexual history on that basis. Yet not only did Trooper 1 *not* include any allegations about Ms. Bennett's Hamilton College experience in her operative amended complaint, but any such information about Ms. Bennett's experiences as a college student many years ago have no bearing on Ms. Bennett's allegations against Defendant Cuomo – let alone the *Trooper 1* action. If Defendant Cuomo is allowed to probe Ms. Bennett's credibility based on John Doe's unproven allegations in a now-dismissed lawsuit, will he also be permitted to depose

---

[1] The motions to compel sought to force the New York State Assembly Judiciary Committee and Office of the New York State Attorney General to comply with subpoenas requesting documents related to their investigations into complaints of sexual harassment against Defendant Cuomo. *See Cuomo v. Office of the N.Y. State Att'y Gen.*, No. 1:22-mc-03044 (LDH) (TAM) (E.D.N.Y. filed October 12, 2022) (the "OAG Action") and *Cuomo v. The N.Y. State Assembly Judiciary Comm.*, No. 1:22-mc-03027 (LDH) (TAM) (E.D.N.Y. filed October 12, 2022) (the "AJC Action"). This Court entered an order denying Cuomo's motion to compel the Office of the Attorney General to comply with his subpoena and granting the Assembly Judiciary Committee's cross-motion to quash on July 21, 2023. Doc. 37, OAG Action; Doc. 31, AJC Action. For simplicity's sake, when citing to the Court's July 21, 2023, Order, this memorandum will cite only to the order entered in the OAG Action.

John Doe, the other women who allegedly lodged complaints against him, and any Hamilton College officials involved in the decision to punish him?[2]  Such a detour from the core issues in Trooper 1's case would create a trial within a trial and would stretch the scope of permissible discovery well beyond what Rule 26 allows.

*Second*, even if the Subpoenas sought relevant information (which they do not), Defendant Cuomo served them for an improper purpose and in contravention of several Federal Rules of Evidence.  Specifically, his planned foray into Ms. Bennett's sexual history violates Federal Rule of Evidence 412 ("Rule 412"), which bars the admission of evidence offered to prove that a victim engaged in other sexual conduct or to prove a victim's sexual predisposition, and Federal Rule of Evidence 404 ("Rule 404"), which prohibits the use of evidence of a person's past wrongdoings to prove that on a particular occasion the person acted in accord with that person's character.  Moreover, his overarching goal of acquiring evidence from Ms. Bennett to attack her credibility runs afoul of Federal Rule of Evidence 608 ("Rule 608"), which disallows extrinsic evidence for the purpose of attacking a witness's character for truthfulness.  Courts have relied on each of these rules in considering whether *discovery* of certain evidence – not just admissibility – is appropriate, and this Court should do the same.

*Third*, the Subpoenas impose an undue burden and are not proportional to the needs of the *Trooper 1* action.  Rule 26 directs courts to consider "the importance of the discovery in resolving the issues" and "whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Defendant Cuomo's proposed discovery is not important to and has no role in resolving the issues at the heart of the *Trooper 1* action, and as

---

[2] Defendant Cuomo has already noticed subpoenas to John Doe and to David Wippman, Hamilton College's president, in *Bennett v. Cuomo*, 22-cv-07846 (VSB) (S.D.N.Y. filed September 14, 2022).  Exs. 4-5.

such, the burden it imposes on Ms. Bennett necessarily outweighs any "likely benefit" (of which there is none).

For these reasons, as discussed more fully below, the Court should grant Ms. Bennett's Motion to Compel, deny Defendant Cuomo's Cross-Motion to Compel, and quash the Subpoenas in their entirety.

## BACKGROUND

On August 3, 2021, the New York State Office of the Attorney General ("OAG") released a report based on a comprehensive and independent investigation that found that Defendant Cuomo sexually harassed and retaliated against several current and former New York State employees. Defendant Cuomo resigned as the Governor of New York three weeks later. A separate independent investigation by the New York State Assembly Judiciary Committee ("AJC") confirmed these findings, and Trooper 1 and Ms. Bennett have since sued Defendant Cuomo in federal court.

Defendant Cuomo seeks to use this lawsuit – the first filed by one of his victims – as a vehicle to obtain wide-ranging information into the OAG and AJC investigations and into the sexual history of his victims, including Lindsey Boylan and Ms. Bennett. He claims that the information he seeks from Ms. Bennett is essential to defending against Trooper 1's claims, deeming Ms. Bennett a "key witness" even though Ms. Bennett has no knowledge whatsoever of information relating to Trooper 1's claims and does not even know Trooper 1's identity. Indeed, although Trooper 1's complaint includes various background information about Defendant Cuomo's other victims, much of which appears to be gleaned from the publicly available OAG report, the lawsuit asserts claims of a "narrow scope" specific to Trooper 1 and brought "solely on her own behalf." Doc. 37 at 29, OAG Action.

# I.    Procedural History

Trooper 1 filed the instant lawsuit on February 17, 2022.  Doc. 1.  The operative second amended complaint was filed on April 27, 2023.  Doc. 71.

On May 5, 2023, Defendant Cuomo noticed a subpoena to Hamilton College requesting production of all documents and communications relating to, *inter alia*, "*any* allegations of sexual harassment or sexual misconduct made by Charlotte Bennett against any member of the Hamilton College community," including but not limited to the complaint Ms. Bennett made in 2017 against John Doe.  Ex. 1 (emphasis added).  The Hamilton subpoena set the date for compliance for May 22, 2023.  *Id.*  On June 1, 2023, Defendant Cuomo served two subpoenas on Ms. Bennett, one requesting production of documents and one to appear for a deposition.  Exs. 2-3.

The Hamilton subpoena requests documents relating to Ms. Bennett's allegations of sexual harassment or sexual misconduct against any member of the Hamilton College community, specifically:

- Documents relating to a complaint Ms. Bennett made against John Doe, a Hamilton College student, in 2017 that featured in the lawsuit *John Doe v. Hamilton College, et al.*, 17 Civ. 1202 (N.D.N.Y.);
- Any recordings of John Doe in connection with the complaint; and
- Documents relating to Ms. Bennett's interactions with Hamilton College administrators about her allegations, including related to any meetings with the president of Hamilton College.

Ex. 1.

The document subpoena directed toward Ms. Bennett requests documents relating to Ms. Bennett's complaint of sexual harassment against Defendant Cuomo and her complaint of sexual misconduct at Hamilton College, specifically:

- Documents relating to Ms. Bennett's allegations of sexual harassment or other misconduct she has made against Defendant Cuomo, including her involvement in

the OAG investigation and report about allegations about Defendant Cuomo, and her involvement in the AJC investigation and report about allegations about Defendant Cuomo;

- Documents relating to any interactions with Defendant Cuomo, including any posts on social media;
- Documents relating to any allegations of sexual misconduct Ms. Bennett has made against anyone, including those she made while a student at Hamilton College against John Doe;
- All communications with Alyssa McGrath, Brittany Commisso, Lindsey Boylan, Karen Hinton, or Alessandra Biaggi concerning Defendant Cuomo; and
- Documents regarding Ms. Bennett's changing job responsibilities while employed at the Executive Chamber.

Ex. 3.

In accordance with the Court's briefing schedule set on June 14, 2023, Ms. Bennett filed her Motion to Quash on June 30, 2023. Doc. 83. Defendant Cuomo filed his opposition to Ms. Bennett's motion on July 19, 2023, and simultaneously cross-moved to compel Ms. Bennett's compliance. Docs. 95, 96.

**II.      Ms. Bennett's Objections to the Subpoenas.**

Ms. Bennett moves to quash all three Subpoenas and opposes Defendant Cuomo's Motion to Compel her compliance with the two directed toward her because they seek irrelevant information, were served for improper purposes, and impose an undue burden and are not proportional to the needs of this case.

## LEGAL STANDARD

Ms. Bennett's Motion to Quash and Defendant Cuomo's Motion to Compel are governed by Federal Rule of Civil Procedure 45 ("Rule 45"). Under Rule 45, the Court "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). A party may also move under Rule 45 "for an order compelling production or inspection." *Id.* 45(d)(2)(B)(i). "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Gov't Emps. Ins.*

*Co. v. Dinesh Verma Med., P.C.*, No. 22-cv-2893 (GRB) (JMW), 2023 WL 2771638, at *1 (E.D.N.Y. Apr. 3, 2023) (citation omitted).

"A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010) (internal quotations and citation omitted). To that end, Rule 26 authorizes discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If the issuing party does not meet this threshold showing of relevance and proportionality, a court can quash the subpoena as outside the bounds of proper discovery. A court determining the propriety of a non-party subpoena must consider the requesting party's need of the evidence sought and the potential hardship to the party subject to the subpoena. *See Acosta v. Fusilli at Miller Place, Inc.*, No. 18-MC-426 (DRH) (SIL), 2018 WL 3302183, at *3 (E.D.N.Y. July 5, 2018).

## ARGUMENT

### I.  Ms. Bennett Has Standing to Move to Quash the Subpoenas.

Defendant Cuomo argues that Ms. Bennett does not have standing to quash the Hamilton subpoena because she lacks a privacy interest in the materials sought. Specifically, he asserts that Ms. Bennett waived her right to protection over the Hamilton materials because she publicly spoke about her experiences, some of which became the subject of a dismissed lawsuit. Defendant Cuomo further argues that he seeks information about Ms. Bennett's allegations of sexual misconduct, *not* her sexual history, information in which he posits she has no real privacy interest. His arguments have no basis in law or logic and must be rejected.

As a preliminary matter, courts have found that non-parties have standing to quash subpoenas that seek their private information, including educational records. *See, e.g.,*

*Wilshire v. Love*, No. 3:14-cv-08374, 2015 WL 1482251, at *4 (S.D.W. Va. Mar. 31, 2015) (finding standing to move to quash because a party "[c]learly . . . has a personal right in the confidential information contained in his education records"); *see also Marseet v. Rochester Inst. of Tech.*, No. 20-cv-7096 (FPG), 2023 WL 1097969, at *2 (W.D.N.Y. Jan. 30, 2023) (noting that the privacy concerns implicated in the Family Education Rights and Privacy Act have prompted courts to "impos[e] a higher burden on litigants moving to compel the disclosure of educational records") (citation omitted); *G.H. v. Marstiller*, No. 4:19-cv-431 (MW/CAS), 2020 WL 13228155, at *2 (N.D. Fla. Mar. 24, 2020) (noting that medical and education records both "invoke a personal right or privilege," and citing cases).

Nevertheless, Defendant Cuomo argues that Ms. Bennett's privacy right is not legitimate because she spoke publicly about reporting sexual misconduct at Hamilton College. His argument is yet another attempt to silence one of his victims and discredit Ms. Bennett for her willingness to speak out against sexual harassment and assault. Taken to its logical conclusion, Defendant Cuomo's reasoning would mean that any survivor's public statement would destroy her privacy right to some of the most intimate and private documents imaginable. Other than one out-of-circuit case that dealt with the confidentiality of business records, not private details about sexual experiences, *see Performance Pulsation Control, Inc. v. Sigma Drilling Techs., LLC*, No. 4:17-cv-00450, 2018 WL 5636160, at *3 (E.D. Tex. Oct. 30, 2018), Defendant Cuomo cannot muster any case support for his twisted argument.

His assertion that Ms. Bennett holds no privacy right in the Hamilton documents because they seek narrow information about her allegations of sexual misconduct is equally unavailing. The Hamilton Subpoena is decidedly *not* narrow. It seeks documents or communications concerning "*any* allegations of sexual harassment or sexual misconduct made by Charlotte

Bennett against *any* member of the Hamilton College community;" *any* documents relating to the *Doe* lawsuit; *any* documents or communications concerning her interactions with administrators about her allegations; and *any* documents or communications concerning any meetings with Hamilton College's president. Ex. 1 (emphasis added). And even if the requests were narrow, that would not mean that Ms. Bennett should automatically lose her privacy rights just because Defendant Cuomo sought a select range of documents.

Further to the point, Defendant Cuomo's attempt to distinguish information about Ms. Bennett's *allegations* of sexual harassment or misconduct from personal information about Ms. Bennett's *sexual history* is nonsensical. Ms. Bennett's prior complaint of sexual misconduct necessarily centers on her sexual history – Defendant Cuomo cannot argue otherwise. As Defendant Cuomo admits, he seeks the information to test Ms. Bennett's credibility. This directly involves an inquiry into *what* she experienced sexually and whether her complaints accurately reflected that experience. *See Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018) (granting motion to quash subpoena that sought information about plaintiff's "sexual history with other men"). For these reasons, Ms. Bennett has standing to move to quash the discovery of educational records that contain private, sensitive information about her sexual history.

## II.     Defendant Cuomo's Subpoenas Seek Exclusively Irrelevant Material.

Defendant Cuomo argues that the Subpoenas seek relevant information because Trooper 1 pleaded allegations about Ms. Bennett in her complaint and because the information sought is relevant to Ms. Bennett's credibility and motives in making a complaint against Defendant Cuomo. Yet, he admits that he needs to address the allegations related to Ms. Bennett because they "are not sufficiently similar to Trooper 1's own claims." Doc. 96 at 9. His

argument both distorts the Rule 26 standard for relevance and undercuts his own reasoning that somehow information about Ms. Bennett is essential to his own defense in this case.

### A. The Subpoenas Seek Information that Is Irrelevant to the Claims and Defenses in the *Trooper 1* Action.

Defendant Cuomo bears the burden of establishing that his requests are "relevant" to a "claim or defense" in the *Trooper 1* action. Fed. R. Civ. P. 26(b)(1). He cannot meet that burden. As noted in non-party Lindsey Boylan's memorandum in support of her motion to quash, Doc. 87 at 7 n.9, Defendant Cuomo has not filed an answer in the *Trooper 1* matter with defenses, making discovery into yet-to-be-asserted defense theories premature. *In re Alper Holdings USA, Inc.*, 398 B.R. 736, 754 (S.D.N.Y. 2008) (discovery is unwarranted where used "as a fishing expedition for evidence in search of a theory that has yet to be asserted"); *see also United States v. UBS Sec. LLC*, No. 118-cv-6369 (RPK) (PK), 2020 WL 7062789, at *9 (E.D.N.Y. Nov. 30, 2020) (noting that the court could not determine why certain documents sought were relevant to defendants' defenses because defendants had not filed an answer or stated their affirmative defenses); *Lifeguard Licensing Corp. v. Kozak*, No. 15-cv-8459 (LGS) (JCF), 2016 WL 3144049, at *3 (S.D.N.Y. May 23, 2016) (Rule 26(b) "does not provide for discovery of 'likely,' 'antcipated [sic],' or 'potential' claims or defenses.").

Even if Defendant Cuomo had asserted a defense, it stretches credulity to argue that materials responsive to the Subpoenas would be relevant to it. Although Defendant Cuomo repeatedly calls Ms. Bennett a "key witness" throughout his briefing, Trooper 1 has not identified her as such, and, as noted above, Ms. Bennett did not witness any of the events underlying Trooper 1's specific claims. Trooper 1's initial disclosures do identify Ms. Bennett as a person with knowledge about the allegations in the amended complaint, but specifically "the allegations *as they relate to Bennett*," and *not* as they relate to Trooper 1. Ex. 6 (emphasis

added).  And the only hint of reasoning Defendant Cuomo sets forth as to how information

sought from Ms. Bennett is relevant to his defense – that he seeks to prevent Trooper 1 from

admitting Ms. Bennett's allegations at trial because they are "not sufficiently similar to Trooper

1's own claims" – undermines their relevance to this action.  Doc. 96 at 9.

Defendant Cuomo makes much of the fact that Trooper 1 included allegations about Ms.

Bennett in her complaint, which he seems to think automatically entitles him to discovery.  Not

so.  Rule 26 provides that the scope of discovery is limited to nonprivileged matter "relevant to

any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).

To that end, allegations set forth in a complaint may be relevant to a claim or defense, but not

necessarily.  *See, e.g.*, *McGowan v. JPMorgan Chase Bank*, No. 18-cv-8680 (PAC) (GWG),

2020 WL 1974109, at *7 (S.D.N.Y. Apr. 24, 2020);[3] *cf. CFGenome, LLC v. Streck, Inc.*, No.

4:16-cv-3130, 2019 WL 3969178, at *8 (D. Neb. Aug. 22, 2019) ("A court need not permit

discovery as to every statement within a pleading.").

This Court rejected Defendant Cuomo's similar argument in his quest to obtain

documents from the OAG and AJC.  In those instances, Defendant Cuomo argued that because

the investigations and their reports featured in Trooper 1's complaint, he was entitled to

discovery into those investigations as well as their complainants and witnesses.  Doc. 21 at 2,

OAG Action; Doc. 19 at 14, AJC Action.  This Court rejected Defendant Cuomo's argument that

the documents he sought from the OAG were relevant to the *Trooper 1* action, faulting him for

failing to provide "any particularized analysis" as to why the documents related "to the claims at

---

[3] Defendant Cuomo attempts to distinguish *McGowan* by making a sideshow of the procedural nuances of that case.  Although *McGowan* did involve a defendant's denial of an allegation in an answer, rather than an allegation in a complaint, its admonition that "[t]o be entitled to discovery, it is not enough to point to an allegation made in a complaint or to a denial of that allegation" still rings true here. *McGowan*, 2020 WL 1974109, at *7.

issue in the *Trooper 1* case." Doc. 37 at 28, OAG Action.[4] The claims in Trooper 1's case, the Court wrote, "are specific to Trooper 1," and that amended complaint "ultimately states specific causes of action brought by Trooper 1 solely on her own behalf," not on behalf of Ms. Bennett or any other of Defendant Cuomo's victims. *Id.* at 29. This Court reasoned that the "narrow scope of the actual claims in the *Trooper 1* action" meant that the "much broader" OAG investigation was outside the scope of permissible discovery in the instant case. *Id.* at 29-30. The same reasoning applies here, where Defendant Cuomo seeks a broad intrusion into Ms. Bennett's experiences that bear no relevance to the narrow claims at issue in the *Trooper 1* action.

Finally, Defendant Cuomo's relevance argument with respect to the Hamilton documents is even less convincing. There is no mention of Ms. Bennett's alma mater in Trooper 1's amended complaint, and Defendant Cuomo's attempt to insert this information is a sideshow irrelevant to the claims and defenses in the *Trooper 1* action. *Cf. Henry v. Morgan's Hotel Grp., Inc.*, No. 15-cv-1789 (ER)(JLC), 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016) (information about a plaintiff's prior employment has "little if any bearing" on the issue of whether defendant in the *current case* violated discrimination laws).

### B. Ms. Bennett's Credibility Is Not at Issue in the *Trooper 1* Action, and a Detour into Ms. Bennett's College Complaints is Wholly Gratuitous.

Defendant Cuomo's parallel argument that he is entitled to discovery into Ms. Bennett's college experiences because Trooper 1 "put Ms. Bennett's credibility at issue in this lawsuit," Doc. 96 at 11, holds no water. *Defendant Cuomo*, not Trooper 1, is the one who has cast aspersions on Ms. Bennett's credibility and motives here, insinuating that she conspired with other victims in a coordinated effort to bring him down. This unfounded claim is completely

---

[4] This Court did not analyze relevance regarding the AJC Action, granting the AJC's motion to quash on legislative privilege grounds. Doc. 37 at 13 n.7, OAG Action.

irrelevant to the claims and defenses in the *Trooper 1* action and is a further inflammatory example of his ongoing effort to smear Ms. Bennett's reputation.

Defendant Cuomo bases his detour into Ms. Bennett's college experience on allegations in a lawsuit (to which she was not a party) that was dismissed before any findings were made.[5] In arguing that he is entitled to information underlying the complaint alleged in that lawsuit, Defendant Cuomo asserts that he holds "a reasonable basis" to believe that Ms. Bennett made a false report of sexual misconduct in college, and that she did so to strengthen other students' complaints. Doc. 96 at 11-12. He presumes that the allegations in a lawsuit that settled nearly five years ago with no factual findings can justify his intrusion into a wholly irrelevant, deeply personal and difficult period of Ms. Bennett's life. That is not the case.

Because Ms. Bennett's allegations against Defendant Cuomo are not at issue in the *Trooper 1* action, let alone any prior allegations against John Doe, neither is her credibility. In fact, Ms. Bennett has already been deemed credible as to her complaints against Defendant Cuomo. Specifically, when Ms. Bennett made her complaint of sexual harassment against Defendant Cuomo, Jill DesRosiers, Defendant Cuomo's Chief of Staff, and Judith Mogul, Special Counsel, found Bennett to be credible. STATE OF NEW YORK OFFICE OF THE ATTORNEY GENERAL, *Report of Investigation into Allegations of Sexual Harassment by Governor Andrew M. Cuomo* at 11 (Aug. 3, 2021), *available at* https://ag.ny.gov/sites/default/files/2021.08.03_nyag_-_investigative_report.pdf ("OAG Report"). The OAG confirmed that initial impression, finding "the level of detail and

---

[5] Defendant Cuomo also attaches the wrong version of the complaint in that case as an exhibit to his counsel's declaration. Doc. 97-2. An amended complaint was filed nearly a month later in that action. *See* Doc. 15, *Doe v. Tr. of Hamilton Coll.*, No. 6:17-cv-01202 (MAD) (ATB) (N.D.N.Y. filed October 30, 2017).

consistency in Ms. Bennett's account, her demeanor, and the circumstances of her allegations to be credible" as well as "supported by voluminous contemporaneous documents." *Id.* at 64.

The deep dive into Ms. Bennett's credibility that Defendant Cuomo desires also carries with it the strong chance to entangle additional non-parties, creating a wasteful trial within a trial about a matter that ultimately bears no relevance to this case. *See, e.g.*, *Alvarado v. GC Dealer Servs. Inc.*, No. 18-cv-2915 (SJF) (SIL), 2018 WL 6322188, at *4 (E.D.N.Y. Dec. 3, 2018) (denying motion to compel where defendant sought to create a "trial within a trial" about an issue purportedly relevant to plaintiff's credibility); *cf. Elhannon LLC v. F.A. Bartlett Tree Expert Co.*, No. 2:14-cv-262, 2018 WL 6040687, at *3 (D. Vt. Nov. 19, 2018) (noting that allowing evidence of defendant's prior claims and asking the jury to weigh the credibility of each would create "multiple mini-trials" and lead to "confusion and distraction," especially where none of the claims had "definitively been found fraudulent"). Defendant Cuomo notes that the *Doe* complaint features complaints from multiple women, who allegedly acted "in concert" to lodge false allegations against Doe. Doc. 96 at 12 n.7. Giving him the benefit of the doubt, Defendant Cuomo insinuates that Ms. Bennett did the same thing to him, suggesting that she conspired with Ms. Boylan to falsely and publicly accuse him of sexual harassment.[6] If the Court accepts Defendant Cuomo's absurd theory and allows him to pursue discovery into it, Defendant Cuomo very well may attempt to subpoena the other women who lodged complaints against Doe to determine whether they acted together with Ms. Bennett. And to try to discredit

---

[6] It bears mentioning that, as noted in the OAG Report, Ms. Bennett first reported Defendant Cuomo's sexual harassment of her on June 10, 2020, months before Ms. Boylan came forward publicly. OAG Report at 56. Moreover, the OAG Report found that "voluminous contemporaneous documents" corroborated Ms. Bennett's allegations, *id.* at 64, and that Ms. DesRosiers and Ms. Mogul found her credible at the time she complained to them, *id.* at 11. Thus, Defendant Cuomo's purported "theory" that Ms. Bennett coordinated with Ms. Boylan to lodge false accusations against him is not only irrelevant to the *Trooper 1* action, but also factually baseless given the timeline of when Ms. Bennett first reported his conduct and the contemporaneous documents and statements supporting her allegations at that time.

these women and Ms. Bennett, he will also likely need to subpoena Doe himself and the Hamilton administrators who he claims wronged him. This wasteful detour has no place in the *Trooper 1* action.

The cases Defendant Cuomo cites where courts have allowed discovery into past complaints involve *parties* in employment disputes and are inapposite here, where Defendant Cuomo requests a non-party's educational records. *See, e.g.*, *Padilla cv. Sacks & Sacks, LLP*, No. 19-cv-10021 (GBD) (KHP), 2021 WL 4429785, at *3 (S.D.N.Y. Sept. 27, 2021) (finding *plaintiff's* internal complaints at her prior employer relevant where complaints involved "similar allegations" to the instant case); *Ghonda v. Time Warner Cable, Inc.*, No. 16-cv-2610 (PKC), 2017 WL 395111, at *2-4 (E.D.N.Y. Jan. 27, 2017) (finding *plaintiff's* complaints discoverable where "plaintiff's own pleading affirmatively introduced into this lawsuit plaintiff's complaints of harassment" while at her former employer); *Ireh v. Nassau Univ. Med. Ctr.*, No. 06-cv-09 (LDW) (AKT), 2008 WL 4283344, at *6 (E.D.N.Y. Sept. 17, 2008) (finding, in a case in which plaintiff brought claims of race and national origin discrimination, that *plaintiff's* complaints of race and national origin discrimination at prior employer were relevant).

### III. Even if the Requests Were Relevant to the *Trooper 1* Action, They Were Served for an Improper Purpose.

Unsurprisingly, Defendant Cuomo rejects Ms. Bennett's contention that he served subpoenas on her to harass, intimidate, and silence her and other victims of sexual misconduct. Instead, he maintains that because Trooper 1 "brought Ms. Bennett into this litigation," he is entitled to a broad range of documents from her. Doc. 96 at 14. But Trooper 1 has not "brought" Ms. Bennett into the instant matter; Trooper 1's causes of action, as this Court recognized, are specific to her and brought "solely on her own behalf." Doc. 37 at 29, OAG

Action. Tellingly, Trooper 1 *agrees* that information about Ms. Bennett's sexual history is irrelevant and invasive. Doc. 82-1 at 1, 3.

The Court should not credit Defendant Cuomo's argument that he seeks information from Ms. Bennett for proper purposes at face value. His long track record of tarnishing his victims' reputations speaks to the contrary. The information requested in the Subpoenas is not only irrelevant, but outside the scope of Federal Rules of Evidence 412, 404, and 608, further supporting the conclusion that the information has no place in the *Trooper 1* action.

### A. Federal Rule of Evidence 412 Curbs Discovery into Ms. Bennett's Past Sexual Behavior.

Defendant Cuomo argues that Ms. Bennett's Rule 412 argument is unavailing because Rule 412 governs admissibility, not discoverability, and because he does not seek information proscribed by the rule. He is wrong on both counts.

First, courts regularly bar *discovery* of intimate details of a person's sexual history based on Rule 412, which prohibits the admission of evidence to prove that a victim "engaged in other sexual behavior" or to prove a victim's "sexual predisposition." Fed. R. Evid. 412(a); *see also Hughes*, 327 F.R.D. at 58 ("[T]his Court must balance [Rule 26] with Rule 412 of the Federal Rules of Evidence."); *Zakrzewska v. New Sch.*, No. 06-cv-5463 (LAK), 2008 WL 126594, at *2 (S.D.N.Y. Jan. 7, 2008) ("Courts quite properly are reluctant to permit discovery into such highly intimate matters."); *see also Macklin v. Mendenhall*, 257 F.R.D. 596, 602 (E.D. Cal. 2009) ("[I]n the context of civil suits for sexual harassment, and absent extraordinary circumstances, inquiry into such areas [i.e., complainant's past sexual behavior] should not be permitted, either in discovery or at trial.") (brackets in original) (cleaned up).

Defendant Cuomo quibbles with this well-established principle by pointing out that cases that discuss Rule 412 ultimately deny discovery because the party failed to show the *relevance* of

the requested material, arguing that relevance, and not admissibility under Rule 412, governs these decisions. Doc. 96 at 16. Some of these cases do ultimately rely on relevance to prohibit discovery into sexual history; indeed, as Defendant Cuomo points out, courts frequently consider relevance and discoverability under Rule 412 in conjunction. Take, for example, *Hughes*, which involved the defendants' request for information from four non-party witnesses who allegedly had prior sexual relationships with the plaintiff. 327 F.R.D. at 58. While the *Hughes* court technically based its grant of the plaintiff's motion to quash on its finding that the information sought about the plaintiff's sexual history was irrelevant, its decision flowed from and was reinforced by the principles that undergird Rule 412. *Id.* (barring discovery into plaintiff's sexual history where not relevant and citing Rule 412). The Advisory Committee Notes to Rule 412 likewise discuss the interaction of discoverability, relevance, and Rule 412, and conclude that "in an action for sexual harassment, for instance, while some evidence of the alleged victim's sexual behavior and/or predisposition in the workplace may perhaps be relevant, non-workplace conduct will usually be irrelevant." Fed. R. Evid. 412 Advisory Committee Notes. At bottom, the information Defendant Cuomo requests is irrelevant, and the fact that it is also proscribed by Rule 412 only bolsters that conclusion.

The other cases Defendant Cuomo cites are readily distinguishable, and, notably, involve a court authorizing discovery into the *plaintiff's* sexual history where relevant to that *plaintiff's* claims.[7] *See, e.g.*, *Gibbons v. Food Lion, Inc.*, No. 98-1197-cv-T-23F, 1999 WL 33226474, at

---

[7] His attempts to distinguish the cases that Ms. Bennett and Trooper 1 have cited are also unavailing. Doc. 96 at 18 n.9. These cases stand for the principle that while information related to sexual misconduct at a defendant employer may be relevant, a frolic into an individual's past sexual history – especially a non-party's – is not. *See, e.g.*, *Burger v. Litton Indus., Inc.*, No. 91-cv-0918 (WK) (AJP), 1995 WL 476712, at *2 (S.D.N.Y. Aug. 10, 1995) (noting that non-party's *discussions* about sex with others *while employed at defendant employer* could be relevant, but barring discovery into her *sexual conduct* because defendants failed to show that the probative value of this information "substantially outweigh[ed]" the non-party's privacy interest); *Hughes*, 327 F.R.D. at 58 (granting motion to quash

*2-3 (M.D. Fla. Feb. 19, 1999) (allowing discovery into *plaintiff's* sexual relationships with defendant's employees, but finding that discovery related to *plaintiff's* sexual relationships with individuals never employed by defendant was "irrelevant under Rule 26 and unnecessarily intrusive under Rule 412"); *Zakrzewska*, 2008 WL 126594, at *1-2 (allowing defendants discovery into portions of *plaintiff's* diary that refer to sexual activity where the information would shed important light on *plaintiff's* claim to emotional damages); *Macklin*, 257 F.R.D. at 606 (allowing discovery into *plaintiff's* sexual activity occurring at the workplace and relating to defendants). Defendant Cuomo points to no case allowing an intrusion into a *non-party's* sexual history that involves events entirely removed from the case at hand.

Equally baseless is Defendant Cuomo's distortion of the plain language of Rule 412 in arguing that he does not actually seek information proscribed by the Rule. In a shameless bid to mince the words of Rule 412 beyond recognition, he argues that the Subpoenas request documents concerning "allegations of sexual misconduct," *not* "information about Ms. Bennett's sexual behavior." Doc. 96 at 18. This is nonsense. Obviously, evidence about Ms. Bennett's allegations of sexual misconduct relates to her "sexual predisposition" and whether she "engaged in other sexual behavior," the two precise categories of evidence that Rule 412 prohibits. Fed. R. Evid. 412(a). The Advisory Committee Notes further refute Defendant Cuomo's twisted reading

where defendants sought to use information about plaintiff's sexual history to show that she "engaged in a pattern of pursuing relationships with men . . . for the purpose of advancing her career"); *Silva v. Pioneer Janitorial Servs., Inc.*, No. CIV.A. 10-11264-JGD, 2011 WL 4729783, at *2 (D. Mass. Oct. 4, 2011) (denying motion to compel information into "intimate details" of plaintiff's personal life because such a request was "a fishing expedition . . . beyond the acceptable bounds of discovery"); *Anderson v. Buena Bd. of Educ.*, No. cv-17-06816(JS), 2019 WL 1262647, at *4 (D.N.J. Mar. 19, 2019) (information about whether plaintiff told the truth about a prior sexual encounter years earlier was "tangential to the issues in dispute and completely irrelevant to plaintiffs' claims and defendants' defenses"); *Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670, 679-80 (S.D.N.Y. 2001) (granting *motion in limine* about plaintiff's history as an escort *prior* to her employment at defendant employer, but allowing evidence about plaintiff's speech or actions *toward defendant* because it was relevant to "the central issues in the case").

of the rule, defining "past sexual behavior," to broadly include "all activities" that "involve" or "imply" "sexual contact." Fed. R. Evid. 412 Advisory Committee Notes. Defendant Cuomo claims that he does not intend to engage in "prying, invasive questioning" of Ms. Bennett's past sexual conduct, Doc. 96 at 18, yet questioning her about her past trauma would by definition be prying and invasive. Protecting Ms. Bennett from that line of questioning is exactly what Rule 412 was designed to do.

### B. Federal Rule of Evidence 404 Curbs Discovery into Ms. Bennett's Character.

Like his Rule 412 arguments, Defendant Cuomo argues that Rule 404 does not relate to discovery and that the requested evidence falls outside Rule 404's prohibitions. This is wrong.

Rule 404 prohibits use of evidence of a person's past wrongdoings to prove that on a particular occasion the person acted in accordance with that person's character. Fed. R. Evid. 404(b)(1). Although the text of Rule 404 mentions admissibility, courts have relied on the underlying policy animating Rule 404 to prohibit discovery into a witness's character. *See, e.g.*, *Rodriguez v. NNR Glob. Logistics USA Inc.*, No. cv-141766 (JFB) (AKT), 2016 WL 11673310, at *5 (E.D.N.Y. Mar. 31, 2016) (quashing in part subpoena seeking information from plaintiff's former employers where such evidence would be inadmissible under Rule 404); *Henry*, 2016 WL 303114, at *4 (quashing subpoena where defendant sought plaintiff's past employment records to attack his credibility because the evidence sought "would likely be inadmissible propensity evidence under Rule 404(a)").

That underlying policy, contrary to what Defendant Cuomo argues, is directly applicable here. Defendant Cuomo hopes to obtain evidence that Ms. Bennett coordinated with other college students to lodge false allegations against Doe to suggest that she did the same thing to him. In other words, he seeks to attack her character by painting her as a schemer and liar, and

then use that evidence prove that she "acted in accordance with [her] character" when she went public against him. Fed. R. Evid. 404(b)(1). That is exactly what Rule 404 forbids. And although Defendant Cuomo tries to cram his request into one of Rule 404(b)'s permitted uses, he offers no explanation for how Ms. Bennett's past complaint of sexual misconduct while a college student could even remotely bear on her "motive," "knowledge," or "intent" to bring a complaint years later against Defendant Cuomo.

Defendant Cuomo vastly overstates his justification for why he should be able to probe into Ms. Bennett's past. Beyond pointing to unsupported allegations in a lawsuit dismissed before any factual findings were made, he has no evidence that Ms. Bennett's complaint was "fraudulent" or part of a "fraudulent pattern" such that he can skirt the boundaries of Rule 404. *See, e.g.*, *Outley v. City of New York*, 837 F.2d 587, 592, 594 (2d Cir. 1988) (no evidence that plaintiff "filed a series of fraudulent lawsuits" such that would permit commentary on his litigiousness); *Scoma v. City of New York*, No. 16-cv-6693 (KAM) (SJB), 2021 WL 1784385, at *7 (E.D.N.Y. May 4, 2021) (disallowing evidence of plaintiff's prior lawsuit where the court "cannot conclude that plaintiff's prior lawsuit . . . was fraudulent"); *cf. Alvarado*, 2018 WL 6322188, at *2 ("[C]ourts should not grant discovery requests based on pure speculation that amount to nothing more than a fishing expedition.") (citation omitted). Despite what Defendant Cuomo claims, exploring whether Ms. Bennett made a false complaint necessarily involves commenting on her propensity for filing complaints, which Rule 404 prohibits. *Outley*, 837 F.2d at 593 (excepting evidence of plaintiff's past complaints from Rule 404(b)'s bar "would permit an exception to swallow the rule").

Finally, it bears reminding that the cases cited in support of Defendant Cuomo's argument here involve records sought from plaintiffs, and *not* non-parties like Ms. Bennett.

Even where *plaintiffs'* past conduct is at issue, many of these cases still bar inquiry into their prior complaints. Furthermore, in the circumstances where courts do allow discovery or admission of such evidence, they limit it to evidence specifically related to claims in the current case. *Scoma*, 2021 WL 1784385, at *8 (evidence of *plaintiff's* past personal injury lawsuit was "directly relevant and admissible because the injuries and potential damages overlap in both cases"); *Padilla*, 2021 WL 4429785, at *3 (evidence of *plaintiff's* past complaints "narrowed to encompass" complaints similar to "those asserted in the case at bar"). Ms. Bennett's Title IX complaint against a fellow student while she was in college simply has no bearing on Trooper 1's claims or on Defendant Cuomo's potential defenses.

### C. Federal Rule of Evidence 608 Curbs Discovery into Ms. Bennett's Character for Truthfulness.

Defendant Cuomo similarly argues that Rule 608 only applies at the admissibility stage of litigation and that the evidence he seeks does not actually violate Rule 608. His arguments are unfounded, illogical, and must be rejected.

Rule 608 bars extrinsic evidence that introduces specific instances of a witness's conduct for the purpose of attacking their character for truthfulness. Fed. R. Evid. 608(b). As with Rules 412 and 404, although the text of the rule concerns admissibility, courts consider the rule when ruling on discovery motions. *See, e.g.*, *Tucker v. Interstate Home Loan Centers, Inc.*, No. 20-cv-01906 (JMA) (JMW), 2022 WL 4079580, at *4 (E.D.N.Y. Sept. 6, 2022) (granting motion to quash subpoena where defendant sought plaintiff's prior employment records to attack plaintiff's credibility; such evidence would be barred under Rule 608).

Incredibly, after devoting his entire brief to claiming that he needs information to assess Ms. Bennett's credibility, Defendant Cuomo contends that he actually does *not* seek the requested material to impugn Ms. Bennett's character for truthfulness, and thus that his requests

21

do not violate Rule 608. Without explaining why, he argues that the information is relevant to Trooper 1's claims and "essential to his defenses," including the "ability to challenge the veracity of Ms. Bennett's allegations," but somehow claims that Ms. Bennett's veracity does not relate to her character for truthfulness. Doc. 96 at 21-22. This argument makes no sense. Instead, it is yet another attempt by Defendant Cuomo to convolute the plain language of the Federal Rules of Evidence. The only case Defendant Cuomo cites in support of his warped argument is a criminal case that involved admitting evidence otherwise barred by Rule 608 to impeach a witness for bias, an argument Defendant Cuomo does not advance in his brief. *United States v. Figueroa*, 548 F.3d 222, 230 (2d Cir. 2008). Challenging Ms. Bennett's veracity unquestionably directly relates to character for truthfulness, an inquiry prohibited by Rule 608.

### IV. The Subpoenas Are Not Proportional to the Needs of the *Trooper 1* Action and Impose an Undue Burden on Ms. Bennett.

Defendant Cuomo tries to counter Ms. Bennett's proportionality and undue burden arguments by reiterating his stance that his requests are relevant and reasonable. They are not. The undue burden the Bennett subpoenas impose on Ms. Bennett is a further reason to grant her Motion to Quash and deny Defendant Cuomo's Motion to Compel.

In determining whether a subpoena imposes an undue burden, a court must "weigh the burden to the subpoenaed party against the value of the information to the serving party," considering factors like "relevance," "the need of the party for the documents," and "the breadth of the document request." *Breaking Media, Inc. v. Jowers*, No. 21 MISC. 194 (KPF), 2021 WL 1299108, at *5 (S.D.N.Y. Apr. 7, 2021) (citation omitted). Further, Rule 26 instructs courts to evaluate whether "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Thus, contrary to what Defendant Cuomo contends, the relevance of the requested materials *is* a factor courts consider when determining whether a subpoena would

impose an undue burden, and courts must balance the burden with the sought-after evidence's likely benefit. Here, as set forth above, the information Defendant Cuomo seeks is irrelevant to the *Trooper 1* action, and even if the requested documents bore some marginal relevance to the instant case (which they do not), the undue burden imposed on Ms. Bennett would outweigh any likely benefit.

Specifically, the Subpoenas seek information that is not "proportional to the needs of the case" and that holds no importance "in resolving the issues" at the heart of the *Trooper 1* action. Fed. R. Civ. P. 26(b)(1). Throughout his brief, the only real argument Defendant Cuomo advances for seeking the information in the Subpoenas is to attack Ms. Bennett's credibility, but courts have routinely found that evidence sought solely to impeach a witness is disproportionate when a case concerns other matters. *See, e.g.*, *Shih v. Petal Card, Inc.*, No. 18-cv-5495 (JFK) (BCM), 2021 WL 5279395, at *4-5 (S.D.N.Y. Nov. 12, 2021) (noting that "the mere possibility of obtaining impeachment evidence cannot be enough to justify discovery into matters otherwise unrelated to the parties' claims and defenses," because such an inquiry could be "virtually limitless," and citing cases) (citation omitted).

Relatedly, because Defendant Cuomo seeks evidence that is not relevant and disproportionate to the *Trooper 1* action, the Subpoenas are necessarily overbroad. The cases that Defendant Cuomo cites to the contrary are inapplicable here. *See In re Subpoena to Loeb & Loeb LLP*, No. 19 Misc. Civ. 241 (PAE), 2019 WL 2428704, at *5 (S.D.N.Y. June 11, 2019) (finding that the documents requested from a non-party law firm were "plainly relevant" because the dispute before the court involved validity of agreements the law firm may possess); *U.S. Bank Nat. Ass'n v. PHL Variable Ins. Co.*, No. 12-cv-6811 (CM) (JCF), 2012 WL 5395249, at *3 (S.D.N.Y. Nov. 5, 2012) (denying motion to quash subpoena on non-party reinsurers because

the information was relevant to the disputed insurance policies in the case). Unlike in *Loeb* and *U.S. Bank*, the information sought in the Subpoenas is irrelevant to the dispute in the *Trooper 1* action – *i.e.*, whether Defendant Cuomo harassed or retaliated against Trooper 1.

Finally, Defendant Cuomo suggests that the burden of producing the documents would be minimal on Ms. Bennett. He is wrong. Regardless of whether she is litigating a separate action, the additional burden of her responding to Defendant Cuomo's requests in *this case* falls squarely on her. *U.S. Bank*, 2012 WL 5395249, at *5 ("Rule 45 directs courts to minimize the burden on non-parties."); *Loeb*, 2019 WL 2428704, at *5 (shifting cost of search, collection, and production from non-parties to requesting party). Defendant Cuomo's brazen assertion that it would cause Ms. Bennett "little disturbance" to furnish his requested information is unfounded. Doc. 96 at 25. To the contrary, in light of the directive to weigh the burden to the subpoenaed party against the value of the information to the requesting party, and the fact that Defendant Cuomo asks for documents that add no value to his defenses in the *Trooper 1* action, any burden on Ms. Bennett here is too much.

## CONCLUSION

For the above reasons, Ms. Bennett respectfully requests that the Court enter an order granting her Motion to Quash the Subpoenas and/or denying Defendant Cuomo's Motion to Compel.

Dated: August 2, 2023                                 Respectfully submitted,


                                                       _/s/ Laura S. Schnell_____

                                                       Laura S. Schnell
                                                       Herbert Eisenberg
                                                       Eisenberg & Schnell LLP
                                                       233 Broadway, Suite 2704
                                                       New York, New York 10279
                                                       Ph:      (212) 966-8900
                                                       Email:  lschnell@eisenbergschnell.com
                                                                heisenberg@eisenbergschnell.com

                                                       *Attorneys for Charlotte Bennett*


*On the Brief:*

                                                       Debra S. Katz
                                                       Rachel E. Green
                                                       Kayla Morin
                                                       Katz Banks Kumin LLP
                                                       11 Dupont Circle, NW, Suite 600
                                                       Washington, D.C. 20036
                                                       Ph:      (202) 299-1140
                                                       Email:  katz@katzbanks.com
                                                                green@katzbanks.com
                                                                morin@katzbanks.com

                                                       *Attorneys for Charlotte Bennett*