UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TROOPER 1,<br><br>       Plaintiff,<br><br>v.<br><br>NEW YORK STATE POLICE, ANDREW CUOMO, MELISSA DEROSA, and RICHARD AZZOPARDI,<br><br>       Defendants. | Case No. 22-cv-00893 (LDH) (TAM) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF FORMER GOVERNOR ANDREW M. CUOMO'S CROSS-MOTION TO COMPEL CHARLOTTE BENNETT'S COMPLIANCE WITH SUBPOENAS**

| | |
|---|---|
| **GLAVIN PLLC**<br>Rita M. Glavin<br>156 West 56th Street, Ste. 2004<br>New York, NY 10019<br>Tel: (646) 693-5505<br>rglavin@glavinpllc.com | **SHER TREMONTE LLP**<br>Theresa Trzaskoma<br>Allegra Noonan<br>90 Broad Street, 23rd Floor<br>New York, New York 10004<br>Tel.: (212) 202-2600<br>Fax: (212) 202-4156<br>ttrzaskoma@shertremonte.com<br><br>*Counsel for former Governor*<br>*Andrew M. Cuomo* |

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................. 2

I. THE BENNETT SUBPOENAS SEEK INFORMATION RELEVANT TO THE CLAIMS AND DEFENSES IN THE TROOPER 1 ACTION ......................................... 2

II. THE BENNETT SUBPOENAS DO NOT SERVE AN IMPROPER PURPOSE AND ARE NOT BARRED BY EVIDENTIARY RULES .......................................................... 8

III. THE BENNETT SUBPOENAS ARE PROPORTIONAL AND DO NOT IMPOSE UNDUE BURDEN ............................................................................................................ 10

CONCLUSION .......................................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Godson v. Eltman, Eltman & Cooper, P.C.*,
 285 F.R.D. 255 (W.D.N.Y. 2012) .................................................................................... 4

*Henry v. Morgan's Hotel Grp., Inc.*,
 No. 15-cv-1789 (ER) (JLC), 2016 WL 303114 (S.D.N.Y. Jan. 25, 2016) ....................... 9

*In re Alper Holdings USA, Inc.*,
 398 B.R. 736 (S.D.N.Y. 2008) ......................................................................................... 4

*Lifeguard Licensing Corp. v. Kozak*,
 No. 15-cv-8459 (LGS) (JCF), 2016 WL 3144049 (S.D.N.Y. May 23, 2016) .................. 4

*N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*,
 325 F.R.D. 36 (E.D.N.Y. 2018) .............................................................................. 2, 5, 7, 8

*Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*,
 No. 13 Civ. 1654(RA)(HBP), 2014 WL 5420225 (S.D.N.Y. Oct. 24, 2014) ................... 8

*Rodriguez v. NNR Glob. Logistics USA Inc.*,
 No. cv-14-1766 (JFB) (AKT), 2016 WL 11673310 (E.D.N.Y. Mar. 31, 2016) ............... 9

*United States v. UBS Securities LLC* ,
 No.18-CV-6369 (RPK) (PK), 2020 WL 7062789 (E.D.N.Y. Nov. 30, 2020) ................. 3

*XChange Telecom Corp. v. Sprint Spectrum L.P.*,
 No. 14-CV-54 (GLS/CFH), 2015 WL 773752 (N.D.N.Y. Feb. 24, 2015) ..................... 5, 8

**Rules**

Fed. R. Evid. 404 ................................................................................................................. 8, 9

Fed. R. Evid. 412 ................................................................................................................. 8, 9

Fed. R. Evid. 608 ................................................................................................................. 8, 9

Fed. R. Civ. P. 26(a)(1) ........................................................................................................ 2, 8

Fed. R. Civ. P. 45 ................................................................................................................. 1, 10

Governor Cuomo[1] submits this reply memorandum of law in further support of his cross-motion to compel Charlotte Bennett to comply with FRCP 45 document and deposition subpoenas (the "Bennett Subpoenas"). For the reasons set forth below, the Court should compel Ms. Bennett to comply with Governor Cuomo's valid subpoenas.

## PRELIMINARY STATEMENT

Governor Cuomo did not choose to litigate the allegations made by Ms. Bennett against him, but instead has been forced to do so. Trooper 1, not Governor Cuomo, inserted Ms. Bennett's allegations into this proceeding. And Ms. Bennett opted to independently litigate her claims against Governor Cuomo in two separate actions. *See Bennett v. Cuomo, et al.*, No. 22-CV-07846 (VSB) (E.D.N.Y.); *Bennett v. State of New York*, Index No. 152438/2023 (Sup. Ct. N.Y. Cnty.). Governor Cuomo must now defend himself against those claims.

Seeking to strengthen her claims against Governor Cuomo, Trooper 1 incorporates the allegations of other complainants, including Ms. Bennett. Compl. ¶ 75–143. Relying on Ms. Bennett's allegations, Trooper 1 specifically alleges that "the Governor harassed numerous other women in almost the same manner that he harassed Trooper 1." *Id*. ¶ 75; *see also id.* ¶¶ 92–102, 144, 146. Under liberal discovery rules, Governor Cuomo is entitled to take discovery on these allegations, including discovery relating to the veracity of Ms. Bennett's allegations against him, and her credibility in making those allegations.

---

[1] For ease of reference, we use terms reflected on the attached Appendix of Defined Terms. All previously-filed documents in this action are referred to as "ECF No. __." Ms. Bennett's opening memorandum of law is ECF No. 89, Governor Cuomo's opposition and cross-motion compel is ECF No. 96, and Ms. Bennett's reply memorandum in support of her motion to quash and in opposition to Governor Cuomo's cross-motion is ECF No. 106. Governor Cuomo's document and deposition subpoenas served on Charlotte Bennett are ECF No. 82-4.

1

Despite Trooper 1's express reliance on others' claims and her stated intent to call other alleged claimants as witnesses in this proceeding, Ms. Bennett and other nonparties referenced in Trooper 1's Complaint contend that they should be immune from nonparty discovery. Ms. Bennett argues—contrary to the Complaint and Trooper 1's discovery disclosures—that she possesses *no* relevant information and that producing *any* documents would bear too much of a burden. This position denies Governor Cuomo discovery to which he is entitled and obstructs his ability to defend himself against Trooper 1's claims.

If Governor Cuomo is not permitted such discovery—because, as Ms. Bennett contends, her allegations are not relevant to Trooper 1's claims—then Trooper 1 should not be permitted to rely on Ms. Bennett. To permit Trooper 1 to rely on Ms. Bennett to support her own claims, while simultaneously denying Governor Cuomo the ability to take discovery relating to Ms. Bennett's allegations, would be patently unfair. Accordingly, Ms. Bennett should be compelled to respond to the Bennett Subpoenas.

## ARGUMENT

**I. THE BENNETT SUBPOENAS SEEK INFORMATION RELEVANT TO THE CLAIMS AND DEFENSES IN THE TROOPER 1 ACTION**

Ms. Bennett argues that Governor Cuomo cannot meet his burden of establishing that the information requested in the Bennett Subpoenas is relevant to a claim or defense in the Trooper 1 Action. ECF No. 106 at 10. In so doing, Ms. Bennett applies a cramped standard of relevance far narrower than the very broad scope of discovery provided in FRCP 26(a)(1). Moreover, in objecting to having to comply with the discovery subpoenas, Ms. Bennett offers merely "general and conclusory objections as to relevance" which are "insufficient to exclude discovery of requested information." *N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, 325 F.R.D. 36, 48 (E.D.N.Y. 2018) (alterations and quotations omitted) ("[A] party resisting discovery

2

has the burden of showing specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." (internal quotations omitted)). None of Ms. Bennett's general arguments regarding relevance hold water.

***First***, Ms. Bennett argues that, because Governor Cuomo has yet to file an answer in the Trooper 1 Action, discovery into his unasserted defense theories is premature. ECF No. 106 at 10. This is not a basis to object to the Bennett Subpoenas as it entirely ignores how Trooper 1 pleads her claims in the Complaint. Because Trooper 1 intends to rely on Ms. Bennett's allegations to prove her own claims, information concerning the accuracy and believability of Ms. Bennett's allegations are relevant to Trooper 1's claims. This is so regardless of any affirmative defense Governor Cuomo ultimately might assert.[2] Indeed, taking discovery into a plaintiff's pleaded allegations is fundamental to the discovery process.

This case bears no resemblance whatsoever to *United States v. UBS Securities LLC*, relied upon by Ms. Bennett. No. 18-CV-6369 (RPK) (PK), 2020 WL 7062789, at *9 (E.D.N.Y. Nov. 30, 2020); *see also* ECF No. 106 at 10. That case concerned efforts to take discovery from several nonparty government entities that were not even referenced in the complaint, much less expressly relied upon by the plaintiff. Thus, the information was not directly relevant to plaintiff's specific allegations but was instead sought by the bank to bolster its defenses. Because the dispute arose in the context of document preservations notices, before actual discovery even began and before the defendant bank had answered, and because the bank refused the Court's request to articulate affirmative defenses, the court could not determine how the documents were relevant. *See UBS*

---

[2] Governor Cuomo timely served his motion to dismiss the Complaint on July 15, 2022 and filed the fully-briefed motion on September 2, 2022. *See* ECF No. 45. This motion is still *sub judice* and thus Governor Cuomo has not yet had the opportunity to answer.

3

*Sec.*, 2020 WL 7062789, at *9. Here, the Court does not need Governor Cuomo's answer to determine how the information requested in the Bennett Subpoenas is relevant to the Trooper 1 Action, as it is Trooper 1—not Governor Cuomo—who has inserted Ms. Bennett's allegations directly into this proceeding with her Complaint. Governor Cuomo has repeatedly denied Ms. Bennett's allegations, repeated by Trooper 1, and asserts that Ms. Bennett is not credible. This is more than sufficient to explain why information regarding Ms. Bennett's allegations and her credibility are relevant.³ Governor Cuomo is not remotely engaged in the sort of "fishing expedition for evidence in search of a theory" at issue in *In re Alper Holdings USA*, which Ms. Bennett also relies on. 398 B.R. 736, 754 (S.D.N.Y. 2008); *see also* ECF No. 106 at 10. In *Alper Holdings*, the court denied discovery to a bankruptcy claimant who had failed to plead a viable theory of liability and who was trying to take discovery to find a theory. 398 B.R. at 754. Trooper 1 has a clear theory: Ms. Bennett's allegations establish that Governor Cuomo sexually harassed others, not just Trooper 1. And Governor Cuomo has a theory: Ms. Bennett is not credible and her allegations are not believable. Even if the Court ultimately rejects Trooper 1's theory as to how Ms. Bennett's allegations help establish her own claims, discovery is permissible into the allegations at this stage.⁴

---

³ As explained in opposition to Ms. Boylan's motion to quash, this argument also conflates affirmative defenses with defenses. To deny the truth of Trooper 1's allegations, including as to Ms. Bennett, Governor Cuomo need not first plead an affirmative defense; indeed, such an affirmative defense would not be permitted. *See, e.g.*, *Godson v. Eltman, Eltman & Cooper, P.C.*, 285 F.R.D. 255, 260 (W.D.N.Y. 2012). Governor Cuomo is entitled to discovery on claims that have been pled by Trooper 1. *Cf. Lifeguard Licensing Corp. v. Kozak*, No. 15-cv-8459 (LGS) (JCF), 2016 WL 3144049, at *3 (S.D.N.Y. May 23, 2016) ("A party must be able to rely on its opponent's pleadings in guiding discovery." (internal quotations omitted)).

⁴ Further, to the extent the Court determines now that Trooper 1's allegations are not relevant to her claims, the Court should strike the allegations altogether.

*Second*, Ms. Bennett argues that—despite Trooper 1 expressly incorporating Ms. Bennett's allegations against Governor Cuomo into the Complaint—allegations related to her "bear no relevance to the narrow claims at issue" in the Trooper 1 Action. ECF No. 106 at 12. In support, Ms. Bennett relies on this Court's recent decision denying Governor Cuomo's motion to compel the OAG to produce information. *See id.* at 11–12; *see also Cuomo v. Office of the New York State Attorney General*, No. 22-mc-03044-LDH-TAM (E.D.N.Y.), ECF No. 37 (the "July 21 Discovery Order"). Ms. Bennett has no right to narrow Trooper 1's claims in this way. Trooper 1 expressly incorporates Ms. Bennett's allegations. *See* Compl. ¶¶ 92–102, 144, 146. And Trooper 1 is clear in her intent to use Ms. Bennett's allegations to bolster her own claims by showing that she was "not the Governor's only victim" and that "the Governor harassed numerous women in almost the same manner that he harassed Trooper 1." *Id.* ¶ 75. Regardless of whether Trooper 1 ultimately will be permitted to rely on these allegations to support her claims, which is not at issue in this motion, Ms. Bennett's allegations are relevant for discovery purposes. Indeed, as Ms. Bennett concedes, Trooper 1 identified Ms. Bennett as a person with knowledge *because of Ms. Bennett's allegations against Governor Cuomo*. ECF No. 106 at 10. It is well-accepted that "opposition to a discovery motion is not the proper forum for raising challenges to the viability of [plaintiff's] claims, nor are such challenges proper grounds to preclude otherwise appropriate discovery." *N. Shore-Long Island Jewish Health Sys.*, 325 F.R.D. at 48; *see also XChange Telecom Corp. v. Sprint Spectrum L.P.*, No. 14-CV-54 (GLS/CFH), 2015 WL 773752, at *3 (N.D.N.Y. Feb. 24, 2015) ("No party possess the unilateral ability to dictate the scope of discovery based on their own view of the parties' respective theories of the case . . . [I]t is not presently appropriate given the pending motion, or within the jurisdiction of the undersigned, to determine whether the substantive issues raised during the briefing should lead to the decision that various claims or defenses need

5

to be stricken and that, by extension, the discovery demands are inappropriate." (internal quotations omitted)).

Moreover, Ms. Bennett mischaracterizes the July 21 Discovery Order. That order denied only discovery into information to "test the independent and exhaustive nature of the OAG Report" and did not suggest in any way that discovery regarding the allegations made by other complainants would be irrelevant. *See* July 21 Discovery Order at 29–30; *see also* ECF No. 106 at 11–12. To the contrary, the Court expressly acknowledged the relevance of information relating to the other complainants referenced in Trooper 1's Complaint and declined to compel production from the OAG precisely because "the full range of discovery tools is available to [Governor Cuomo] in connection with the *Trooper 1* litigation, **and he may seek to depose relevant anticipated witnesses and subpoena them for documents**." July 21 Discovery Order at 30 (emphasis added). Governor Cuomo has thus followed the Court's clear instructions in subpoenaing Ms. Bennett for relevant documents and testimony. Even more, the Order requested that the OAG provide documents to Governor Cuomo on consent of any witness who testified or produced documents as part of the OAG Investigation, acknowledging the relevance of the information sought in the Bennett Subpoenas. *See* ECF No. 82-4, Request No. 2 (seeking documents provided by Ms. Bennett as part of the OAG Investigation and statements made by Ms. Bennett in connection with the OAG Investigation). The July 21 Discovery Order does not, as Ms. Bennett argues, preclude the information sought in the Bennett Subpoenas; to the contrary, it acknowledges Governor Cuomo's right to issue the Bennett Subpoenas.

***Third***, Ms. Bennett argues that her credibility is not at issue in the Trooper 1 Action. ECF No. 106 at 12–15. Specifically, Ms. Bennett contends that because Trooper 1 has not put Ms. Bennett's credibility at issue, it is simply not relevant. Ms. Bennett's argument as to her credibility

6

is circular: she argues that because her allegations against Governor Cuomo are not at issue in the Trooper 1 Action, neither is her credibility. *Id.* at 13. Even if not based on a flawed premise, the argument is nonsense. Trooper 1 cites to Ms. Bennett's allegations to support her claims that Governor Cuomo engaged in a pattern of sexual harassment. It is implicit in such a claim that Ms. Bennett is credible and that Ms. Bennett's allegations are accurate. Because Ms. Bennett's allegations *are* plainly at issue in the Trooper 1 Action, Governor Cuomo is entitled to discovery to test the veracity of them.[5] Ms. Bennett's argument is further belied by Trooper 1's express identification of Ms. Bennett as a witness with knowledge relevant to this proceeding, putting her credibility at issue. *See* ECF No. 97-1 at 5.[6] That Governor Cuomo relies on cases permitting discovery into prior complaints made by plaintiffs in cases involving harassment and discrimination does not render those cases inapplicable, as Ms. Bennett is a complainant referenced in the Complaint who alleges misconduct by Governor Cuomo, a defendant in this action, and whose allegations against Governor Cuomo will be used to support Plaintiff's claims.

Governor Cuomo has thus succeeded in making a *prima facie* showing of relevance. The Bennett Subpoenas are plainly "more than merely a fishing expedition." *N. Shore-Long Island Jewish Health Sys.*, 325 F.R.D. at 48. Trooper 1 cannot be permitted to rely on Ms. Bennett's allegations—and call Ms. Bennett as a witness to bolster her own claims against Governor

---

[5] Ms. Bennett characterizes her prior allegations of sexual misconduct at Hamilton College as irrelevant because they occurred "many years ago." *See* ECF No. 106 at 2. Not so. Ms. Bennett first made allegations against John Doe in 2017. According to Ms. Bennett, she first complained about Governor Cuomo's conduct three years later, in 2020, and alleges that conduct began in 2019. The Hamilton-related allegations are thus close in time to the Governor Cuomo-related allegations and not, as Ms. Bennett claims, so remote such that they are obviously irrelevant.

[6] Ms. Bennett's argument as to the hypothetical discovery Governor Cuomo may take in this proceeding deserves no weight on this motion, which should be resolved by evaluating only the relevance of the information sought in the Bennett Subpoenas and the proportionality of that information to the needs of the case. ECF No. 106 at 14–15.

7

Cuomo—without Governor Cuomo being permitted the opportunity to obtain discovery relating to the core of Ms. Bennett's claims. Upon making this showing of relevance, Ms. Bennett bears the burden of justifying why this discovery should be blocked. *See id.* ("Once the requesting party has made a *prima facie* showing of relevance, it is up to the responding party to justify curtailing discovery." (internal quotations omitted)). She has failed to do so.

## II. THE BENNETT SUBPOENAS DO NOT SERVE AN IMPROPER PURPOSE AND ARE NOT BARRED BY EVIDENTIARY RULES

Ms. Bennett broadly argues that the information requested from the Bennett Subpoenas is barred by FRE 412, 404 and 608. ECF No. 106 at 16. Again, Ms. Bennett ignores the broad ambit of FRCP 26(a)(1) and attempts to restrict Governor Cuomo's ability to seek relevant information by conflating evidentiary rules governing admissibility with rules barring discoverability. The law does not permit such an approach. *See N. Shore-Long Island Jewish Health Sys.*, 325 F.R.D. at 47 ("Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial."); *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 Civ. 1654(RA)(HBP), 2014 WL 5420225, at *7 (S.D.N.Y. Oct. 24, 2014) ("It is well established that relevance for the purpose of discovery is broader in scope than relevance for purpose of the trial itself." (collecting cases; alterations and quotations omitted)); *XChange Telecom Corp.*, 2015 WL 773752, at *3 ("The Federal Rules distinguish between discoverability and admissibility of evidence. . . Therefore, the rules of evidence assume the task of keeping out incompetent, unreliable, or prejudicial evidence at trial. These considerations are not inherent bars to discovery, however." (internal quotations omitted)). The Court should reject Ms. Bennett's thinly veiled attempt at a premature motion *in limine*.

For the reasons detailed in Governor Cuomo's Opposition, ECF No. 96 at 14–22, FRE 412, 404 and 608 do not bar the information sought in any of the Bennett-related subpoenas.[7] But even if the Court were to credit Ms. Bennett's argument, which it should not, these evidentiary rules cannot possibly shield Ms. Bennett from producing *any* documents responsive to the Bennett document subpoena, or from sitting for a deposition to be questioned regarding her allegations against Governor Cuomo. Ms. Bennett's only arguments regarding the evidence barred by these rules relate to information regarding her prior complaints of sexual misconduct. But this is only one of six categories of documents requested in the Bennett document subpoena. *See* ECF No. 82-4, Request No. 4. The remaining requests seek information directly pertaining to Ms. Bennett's allegations against Governor Cuomo. *See id.* Request Nos. 1, 2, 3, 5, and 6 (seeking, among other things, documents concerning: Ms. Bennett's allegations against and interactions with Governor Cuomo; Ms. Bennett's participation in the OAG Investigation; Ms. Bennett's communications with other complainants concerning Governor Cuomo; and Ms. Bennett's efforts to change job responsibilities at the Executive Chamber). Ms. Bennett has made no argument as to how such information could possibly be barred by FRE 412, 404 or 608—nor could she. Accordingly, Ms. Bennett cannot rely on FRE 412, 404 or 608 to refuse compliance with the Bennett Subpoenas.

---

[7] In her reply and opposition, Ms. Bennett cites two additional cases to support her claim that courts prohibit discovery into inadmissible evidence. *See* ECF No. 106 at 19 (citing *Rodriguez v. NNR Glob. Logistics USA Inc.*, No. cv-14-1766 (JFB) (AKT), 2016 WL 11673310, at *5 (E.D.N.Y. Mar. 31, 2016) and *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-cv-1789 (ER) (JLC), 2016 WL 303114, at *4 (S.D.N.Y. Jan. 25, 2016)). But, like the other cases Ms. Bennett relies upon, *see* ECF No. 96 at 16–17, the *Rodriguez* and *Henry* courts denied discovery only after finding that the information requested was *irrelevant*, not that it was inadmissible. *See Rodriguez*, 2016 WL 11673310, at *5; *Henry*, 2016 WL 303114, at *3.

9

### III. THE BENNETT SUBPOENAS ARE PROPORTIONAL AND DO NOT IMPOSE UNDUE BURDEN

Despite having multiple opportunities to do so, Ms. Bennett has failed to identify the purported burden to her of reviewing and producing the requested documents with any particularity; nor has she put forward any evidence to establish the factual basis for her burden. *See* ECF No. 89 at 17–18; ECF No. 106 at 22–24. Instead, she relies on the basic claim that "any burden on Ms. Bennett here is too much" because the materials sought, in her view, "add no value" to Cuomo's defenses. ECF No. 106 at 24. But nonparties are not protected from responding to subpoenas on the grounds that *any* burden would be too much because of a unilateral belief about relevance. Indeed, this would render FRCP 45 entirely useless. Instead, FRCP 45 protects nonparties only from *undue* burden or expense. Ms. Bennett's failure to specify her burden is dispositive and should result in the Court rejecting her claim. *See* ECF No. 96 at 24–25 (collecting cases). Because there is no record evidencing the nature of the burden to Ms. Bennett in responding to the Bennett Subpoenas, there is nothing to support a finding that the burden to Ms. Bennett outweighs Governor Cuomo's need to discover the requested information. Accordingly, the Court should compel Ms. Bennett's response to the Bennett Subpoenas.

### CONCLUSION

For the foregoing reasons, Governor Cuomo respectfully requests that the Court deny the pending motions to quash and grant Governor Cuomo's cross-motion to compel to permit Governor Cuomo the discovery he seeks from Ms. Bennett.

Dated: New York, New York  
      August 11, 2023

Respectfully submitted,

   */s/ Theresa Trzaskoma*

Theresa Trzaskoma  
Allegra Noonan  
SHER TREMONTE LLP  
90 Broad Street, 23rd Floor  
New York, New York 10004  
Tel.: (212) 202-2600  
Fax: (212) 202-4156  
ttrzaskoma@shertremonte.com

Rita Glavin  
GLAVIN PLLC  
156 West 56th Street, Ste. 2004  
New York, NY 10019  
Tel: (646) 693-5505  
rglavin@glavinpllc.com

*Counsel for former Governor Andrew M. Cuomo*

**APPENDIX OF DEFINED TERMS**

| TERM | DEFINITION |
|---|---|
| **AG James or AG** | Attorney General Leticia James |
| **AJC** | New York State Assembly Judiciary Committee |
| **AJC Investigation** | Impeachment investigation conducted by AJC into allegations of sexual harassment by Governor Cuomo |
| **AJC Report** | *Impeachment Investigation Report to Judiciary Committee Chair Charles Lavine and the New York State Assembly Judiciary Committee* (Nov. 22, 2021), available at https://nyassembly.gov/write/upload/postings/2021/pdfs/20211122_99809a.pdf |
| **Complaint or Compl.** | Second Amended Complaint in *Trooper 1 v. New York State Police, Andrew Cuomo, Melissa DeRosa, and Richard Azzopardi*, 22-CV-893 (LDH) (TAM) (E.D.N.Y.), ECF 71 |
| **Chamber or Executive Chamber** | New York State Executive Chamber |
| **EEOC** | United States Equal Employment Opportunity Commission |
| **ESD** | Empire State Development |
| **FRCP** | Federal Rule(s) of Civil Procedure |
| **FRE** | Federal Rule(s) of Evidence |
| **Governor Cuomo** | Former Governor of New York State Andrew M. Cuomo |

| **JCOPE** | New York State Joint Commission on Public Ethics |
|---|---|
| **NYSP** | New York State Police |
| **OAG** | Office of the New York State Attorney General |
| **OAG Investigation** | Investigation by OAG into allegations of sexual harassment by Governor Cuomo pursuant to New York Executive Law § 63(8) |
| **OAG Report** | *The OAG's Report of Investigation into Allegations of Sexual Harassment by Governor Cuomo* (Aug. 3, 2021), available at https://ag.ny.gov/sites/default/files/2021.08.03_nyag_-_investigative_report.pdf |
| **Trooper 1 Action** | *Trooper 1 v. New York State Police, Andrew Cuomo, Melissa DeRosa, and Richard Azzopardi*, 22-CV-893 (LDH) (TAM) (E.D.N.Y.) |