

E. DANYA PERRY
646-357-9950 PHONE
dperry@danyaperrylaw.com EMAIL

August 11, 2023

**VIA ECF**

Hon. Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Trooper 1 v. New York State Police, et al.*, No. 22-cv-00893 (LDH) (TAM) (E.D.N.Y.) ("*Trooper 1*"); *Cuomo v. Boylan*, No. 23-mc-01587 (LDH) (TAM) (E.D.N.Y.) ("*Boylan*")

Dear Judge Merkl:

We represent nonparty Lindsey Boylan in the above-referenced matters. We write regarding Mr. Cuomo's August 9, 2023 motion for leave to file a response to nonparties Ana Liss-Jackson and Ms. Boylan's sealing requests. (*Trooper 1* ECF 110; *Boylan* ECF 23 ("Motion for Leave")). The Court's August 1, 2023 Order permitted the nonparties to respond to Mr. Cuomo's request by August 9, 2023, which they did. The Court's August 1, 2023 Order did not permit Mr. Cuomo to file a response to the nonparties' submission. Ms. Boylan objects to Mr. Cuomo's Motion for Leave because Mr. Cuomo has waived any objections to sealing the documents at issue when he failed to raise them in his initial request to seal the very same documents (*Trooper 1* ECF 98, *Boylan* ECF 22 ("Mr. Cuomo's Sealing Request"). As explained further below, Ms. Boylan respectfully requests that the Court deny Mr. Cuomo's Motion for Leave.

Mr. Cuomo has waived any objections to sealing the documents at issue when he failed to raise them in his own request to seal those documents, which he filed on July 19, 2023 *before* Ms. Boylan and Ms. Liss-Jackson filed their own sealing requests on August 9, 2023 pursuant to the Court's Order.[1] (*Trooper* 1 ECF 110-1, 111-2; *Boylan* ECF 23-1, 24-2 ("Nonparty Sealing Requests")). Indeed, Mr. Cuomo's Sealing Request served as the impetus for the Court's August 1, 2023 Order permitting Ms. Boylan and Ms. Liss-Jackson to file the Nonparty Sealing Requests. Specifically, the Nonparty Sealing Requests concerned Ms. Boylan's private text messages, portions of Ms. Liss-Jackson's deposition transcript reflecting private text messages with Ms. Boylan, and portions of Mr. Cuomo's brief filed on July 19, 2023 reflecting the same (*Trooper 1* ECF 99, *Boylan* ECF 21), among other things—all of which were documents attached to

---

[1] At the time of Mr. Cuomo's filing, he improperly sought an advisory ruling on a hypothetical set of facts. Indeed, "the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions." *Pugh v. Reverse Mortg. Sols., Inc.*, No. 18-CV-01705, 2019 WL 6352465, at *2 (E.D.N.Y. Nov. 27, 2019) (Hall, J.) (quoting *Ass'n of Car Wash Owners Inc. v. City of New York*, 911 F.3d 74, 85 (2d Cir. 2018)).

The Honorable Taryn A. Merkl
August 11, 2023

Mr. Cuomo's Sealing Request. Mr. Cuomo did not make *any* objections to sealing these documents in his Sealing Request. To the contrary, Mr. Cuomo affirmatively requested that the Court "grant Governor Cuomo leave to file under seal" the documents at issue. (*Trooper 1* ECF 99, *Boylan* ECF 21). He should not be permitted to backtrack from this position now.

It is axiomatic that a party waives an argument that it fails to raise in its opening motion, *see, e.g.*, *Chiarelli v. Nissan N. Am., Inc.*, No. 14-CV-4327 NGG VVP, 2015 WL 5686507, at *10 n.8 (E.D.N.Y. Sept. 25, 2015), and Mr. Cuomo's other filings reveal that he is fully aware of this well-known principle. Indeed, Mr. Cuomo has objected to sealing documents at the time of his initial filing of those documents in other instances. For example, when Mr. Cuomo filed a redacted version of a motion for reconsideration on July 31, 2023, he also submitted a letter to the Court in which he argued that the redacted portions of the motion, as well as Ms. Liss-Jackson's deposition testimony reflected therein, were not confidential and should be made public. (*Trooper 1* ECF 103; *Cuomo v. Office of the N.Y. State Attorney Gen.*, No. 22-mc-03044 (LDH) (TAM) ("*OAG*"), ECF 39. Mr. Cuomo even noted in a footnote in this letter that he "reserved the right to challenge" Ms. Liss-Jackson's confidentiality designation with respect to text messages between Ms. Liss-Jackson and Ms. Boylan. (*Trooper 1* ECF 103 at 2 n.6; *OAG* ECF 39 at 2 n.6). Yet, Mr. Cuomo inexplicably had previously made no such challenge in his own request to seal those text messages in the Sealing Request he filed on July 19, 2023. Mr. Cuomo's objections in connection with sealing other filings thus underscore the impropriety of his Motion for Leave.

In an attempt to justify his inappropriate Motion for Leave, Mr. Cuomo claims that (a) Ms. Liss-Jackson's sealing request "raises arguments that [she] did not previously articulate to [Mr. Cuomo]" and that Mr. Cuomo did not address in his Sealing Request, and (b) Mr. Cuomo has "not had any chance to respond to any arguments concerning sealing that Ms. Boylan may raise." (*Trooper* 1 ECF 110; *Boylan* ECF 23). However, Mr. Cuomo cannot feign surprise at Ms. Boylan and Ms. Liss-Jackson's requests to seal their personal, confidential communications, and documents reflecting such communications, based on their privacy interests. Indeed, there is no reason why Mr. Cuomo could not have applied the Second Circuit standard for assessing sealing, which has been precedent for nearly three decades (*see United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)), to argue in his Sealing Request that these documents should supposedly be publicly available. Indeed, Mr. Cuomo has demonstrated the ability to raise objections against a document being sealed as shown with Ms. Liss-Jackson's deposition transcript in the OAG investigation in his July 31, 2023 letter in connection with his motion for reconsideration. (*Trooper 1* ECF 103; *OAG* ECF 39). Accordingly, Mr. Cuomo waived his objections to sealing the documents at issue when he failed to raise them in his Sealing Request, and he has not provided any explanation sufficient to allow him to recover from this fatal oversight.

The Honorable Taryn A. Merkl
August 11, 2023

For the foregoing reasons, the Court should deny Mr. Cuomo's Motion for Leave.

Sincerely

*/s/ E. Danya Perry*
E. Danya Perry

*Attorney for Respondent Lindsey Boylan*