

E. DANYA PERRY
646-357-9950 PHONE
dperry@danyaperrylaw.com EMAIL

August 15, 2023

**VIA ECF**

Hon. Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**   ***Trooper 1 v. New York State Police, et al.*, No. 22-cv-00893 (LDH) (TAM) (E.D.N.Y.)
        ("*Trooper 1*")**

Dear Judge Merkl:

We represent nonparty Lindsey Boylan in the above-referenced matter. We write regarding
Defendant Andrew Cuomo's subpoena to nonparty Alessandra Biaggi dated August 11, 2023, a
true and correct copy of which is attached hereto as **Exhibit 1** ("Biaggi Subpoena"). The Biaggi
Subpoena requests, among other things, "all nonprivileged Communications with or about Lindsey
Boylan (or any representative of Boylan, including her campaign staff, agents, or consultants) . . .
concerning allegations of sexual harassment or misconduct against Governor Cuomo." (Ex. 1,
Doc. Req. No. 1.)[1] This is Mr. Cuomo's ***tenth subpoena*** directed to or about Ms. Boylan—who,
again, is *not a party* to this action.

The parties completed briefing just last week on Ms. Boylan's motion to quash subpoenas
requesting similar private information related to her, as well as Mr. Cuomo's motion to compel
Ms. Boylan's compliance with the subpoena directed to her and Ms. Boylan's cross-motion to
quash same, all of which are still pending. As explained in Ms. Boylan's motions to quash, the
requested information regarding Ms. Boylan, which includes private personal information and
communications, is completely irrelevant to Plaintiff Trooper 1's sexual harassment and retaliation
claims at issue in this case. (*Trooper 1* ECF 87, 112; *Cuomo v. Boylan*, No. 23-mc-01587 (LDH)

---

[1] The Biaggi Subpoena also requests, among other things, "all nonprivileged Documents or
Communications concerning any allegations by [Ms. Biaggi] of sexual harassment or misconduct
against Governor Cuomo, including communications with OAG and any documents or other
materials provided by [Ms. Biaggi] to OAG." (Ex. 1, Doc. Req. No. 2). Nothing proves Ms.
Boylan's point better than this latest set of requests. Ms. Biaggi was not even mentioned in
Plaintiff Trooper 1's Complaint, so Mr. Cuomo has fully betrayed his whisper-thin argument of
relevance and laid all the more bare his true motive of harassment and re-litigation of the OAG's
damning findings against him. For all the reasons stated in Ms. Boylan's motions, this is wholly
inappropriate. (*Trooper 1* ECF 87, 112; *Cuomo v. Boylan*, No. 23-mc-01587 (LDH) (TAM)
(E.D.N.Y.) ECF 19, 25.)

The Honorable Taryn A. Merkl
August 15, 2023

(TAM) (E.D.N.Y.) ECF 19, 25.) Accordingly, Ms. Boylan requests that the Court direct Mr. Cuomo not to enforce the Biaggi Subpoena and Mr. Cuomo's previously issued subpoenas related to Ms. Boylan (and to so inform each of the recipients of such subpoenas) until the Court rules on Ms. Boylan's motions to quash.

The Biaggi Subpoena is Mr. Cuomo's latest instrument to further his scorched-earth approach to discovery, including improperly "attempting to use the civil discovery tools available to him in *Trooper 1* to test 'the independent and exhaustive nature of the OAG Report' and the AJC Investigation." (*Cuomo v. Office of the N.Y. State Attorney Gen.*, No. 22-mc-03044 (LDH) (TAM) (E.D.N.Y.) ECF 37 at 29-30.) The Court already rejected this approach and noted that "[t]he claims in the *Trooper 1* case are specific to Trooper 1," emphasizing "the narrow scope of the actual claims in the *Trooper 1* case, as compared to the much broader OAG and AJC Investigation." (*Id.* at 29.) Notably, *the Biaggi Subpoena does not include any document requests related to Trooper 1 and does not even reference Trooper 1.*

Although the Court observed that Mr. Cuomo *may* seek to depose "witnesses and subpoena them for documents," the Court added the crucial qualifier that such witnesses and subpoenas must be "relevant." (*Id.* at 30.) Ms. Biaggi has no connection to the sexual harassment and retaliation claims asserted by Trooper 1. However, Ms. Biaggi is a well-known, "outspoken critic" of Mr. Cuomo. (*See* Fandos, N., "Biaggi Seeks to Block Sean Patrick Maloney's Chosen Path to Re-election," *The New York Times*, May 23, 2022, https://www.nytimes.com/2022/05/23/nyregion/biaggi-sean-patrick-maloney.html.) Further, Defendant Melissa DeRosa has made the baseless accusation that Ms. Biaggi was driving "a politically calculated movement" against Mr. Cuomo. (*See* State of New York Office of the Attorney General, *Report of Investigation into Allegations of Sexual Harassment by Governor Andrew M. Cuomo*, Aug. 3, 2021, https://ag.ny.gov/sites/default/files/2021.08.03_nyag_-_investigative_report.pdf at 91 n.817.) Thus, the Biaggi Subpoena appears to have been served for the improper purpose of harassing nonparty Ms. Biaggi for voicing criticism against Mr. Cuomo and harassing other nonparties like Ms. Boylan whose private information and allegations against Mr. Cuomo are not relevant to Trooper 1's claims in this case. The Court should not permit this abuse of the discovery process.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

The Honorable Taryn A. Merkl
August 15, 2023

For the foregoing reasons, Ms. Boylan requests that the Court direct Mr. Cuomo not to enforce the Biaggi Subpoena and the previously issued subpoenas related to Ms. Boylan until the Court rules on Ms. Boylan's motions to quash. In the interests of judicial economy, efficiency, and conservation of resources, Ms. Boylan submits this letter in lieu of another motion to quash the Biaggi Subpoena, as such a motion would be largely identical to Ms. Boylan's pending motions to quash. However, if the Court would prefer that Ms. Boylan file a separate motion to quash the Biaggi Subpoena, Ms. Boylan respectfully requests that the Court set a briefing schedule for such a motion.

Sincerely,

*/s/ E. Danya Perry*
E. Danya Perry

*Attorney for Respondent Lindsey Boylan*