

E. DANYA PERRY
646-357-9950 PHONE
dperry@danyaperrylaw.com EMAIL

August 17, 2023

**VIA ECF**

Hon. Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Trooper 1 v. New York State Police, et al.*, No. 22-cv-00893 (LDH) (TAM) (E.D.N.Y.) ("*Trooper 1*")

Dear Judge Merkl:

We represent nonparty Lindsey Boylan in the above-referenced matter. We write in response to Defendant Andrew Cuomo's August 16, 2023 letter ("Mr. Cuomo's August 16 Letter") regarding his subpoena to nonparty Alessandra Biaggi ("Biaggi Subpoena"). Though Mr. Cuomo must acknowledge that "Ms. Boylan is not a party to the Trooper 1 Action" (ECF 117 at 1), he certainly seeks to treat her as one. Mr. Cuomo has now issued a total of ***ten subpoenas*** directed to or about Ms. Boylan.

The Court granted Ms. Boylan leave to file motions to quash certain subpoenas directed to or about her, and the parties completed briefing on Ms. Boylan's motions to quash just last week. Yet, while Ms. Boylan's motions to quash are pending, Mr. Cuomo served *another* subpoena on August 15 requesting information related to Ms. Boylan—the Biaggi Subpoena. Ms. Boylan should not be forced to expend the resources to file another motion to quash Mr. Cuomo's new subpoena concerning her while her motions to quash are pending, as her motion to quash the Biaggi Subpoena would make the same arguments. Accordingly, the Court should grant Ms. Boylan's request in her August 15, 2023 letter ("Ms. Boylan's August 15 Letter") that the Court direct Mr. Cuomo not to enforce the Biaggi Subpoena and the previously issued subpoenas related to Ms. Boylan until the Court rules on Ms. Boylan's motions to quash.

Mr. Cuomo contends that Ms. Boylan's request should be denied because she is not the "focus" of the Biaggi Subpoena; Ms. Boylan purportedly does not have standing to challenge the Biaggi Subpoena; the Biaggi Subpoena is relevant to Plaintiff Trooper 1's allegations; and Ms. Boylan's request is procedurally improper. Each of these arguments is easily refutable and has already been addressed in Ms. Boylan's motions to quash and August 15 Letter. (*See* ECF 87, 112, 116; *Cuomo v. Boylan*, No. 23-mc-01587 (LDH) (TAM) (E.D.N.Y.) ECF 19, 25.)

The Honorable Taryn A. Merkl
August 17, 2023

*First*, Mr. Cuomo claims in his August 16 Letter that Ms. Boylan is not "the focus" of the Biaggi Subpoena, which "seeks many documents wholly unrelated to Ms. Boylan." (ECF 117 at 1.) However, as stated in Ms. Boylan's August 15 Letter, the Biaggi Subpoena requests "all nonprivileged Communications **with or about Lindsey Boylan (or any representative of Boylan, including her campaign staff, agents, or consultants)** . . . concerning allegations of sexual harassment or misconduct against Governor Cuomo." (ECF 116-1, Doc. Req. No. 1 (emphasis added).) Ms. Boylan is clearly the main focus of one of only three document requests in the Biaggi Subpoena.

*Second*, Ms. Boylan has standing to challenge the Biaggi Subpoena because it requests personal, private communications impinging on her privacy interests. Mr. Cuomo claims, without any supporting authority, that Ms. Boylan does not have a privacy interest in her personal communications with Ms. Biaggi because they are both public figures who have openly criticized Mr. Cuomo. (ECF 117 at 1.) As stated in Ms. Boylan's motions to quash, such an argument is meritless and does not eliminate Ms. Boylan's viable privacy interests. *See United States v. Gatto*, 2019 WL 4194569, at *8 (S.D.N.Y. Sept. 3, 2019) ("That some information relating to the documents in question already has been discussed on the public record or reported in the media does not mean that the third-parties concerned have lost any remaining privacy interests in their contents."). Indeed, Mr. Cuomo should not be permitted to treat Ms. Boylan as if she were a party by issuing numerous subpoenas concerning her personal information and then claim she does not have standing to challenge them.

*Third*, as stated in Ms. Boylan's motions to quash and August 15 Letter, personal information related to Ms. Boylan has no relevance to Plaintiff Trooper 1's sexual harassment and retaliation claims against Mr. Cuomo, which the Court has already held are "specific to Trooper 1." (*Cuomo v. Office of the N.Y. State Attorney Gen.*, No. 22-mc-03044 (LDH) (TAM) (E.D.N.Y.) ECF 37 at 29.) The Biaggi Subpoena does not contain any document requests specific to Trooper 1's claims **and does not even mention Trooper 1.** (ECF 116-1.)

*Fourth*, the Court granted Ms. Boylan's request for leave to be heard with respect to Mr. Cuomo's subpoenas concerning her. The Biaggi Subpoena is yet another subpoena related to Ms. Boylan. Thus, Ms. Boylan's request in her August 15 Letter concerning the Biaggi Subpoena is proper.

Mr. Cuomo's taxpayer-funded campaign of retaliation and harassment against Ms. Boylan—a private citizen who has been victimized by Mr. Cuomo and who has opted against bringing her own claims precisely to avoid retraumatization—has gone past any sense of decency or proportionality. None of the requests are relevant to the claims in this case, but that was never the point. Mr. Cuomo has nothing but time and money to burn, and a public narrative he desperately would like to relitigate. But the endless barrage of document requests to and about Ms. Boylan simply are not relevant to this lawsuit, and our motions respectfully request that the Court put an end to Mr. Cuomo's cynical fishing expedition.

The Honorable Taryn A. Merkl
August 17, 2023

      For the foregoing reasons, Ms. Boylan reiterates her request that the Court direct Mr. Cuomo not to enforce the Biaggi Subpoena and the previously issued subpoenas related to Ms. Boylan until the Court rules on Ms. Boylan's motions to quash.

                                      Sincerely,

                                      */s/ E. Danya Perry*
                                      E. Danya Perry

                                      *Attorney for Respondent Lindsey Boylan*