

**Valdi Licul**
vlicul@wigdorlaw.com
August 16, 2023

<u>**VIA ECF**</u>

The Honorable Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re:  <u>Trooper 1 v. Cuomo, *et al.*; Case No. 22-cv-00893 (LDH) (TAM)</u>

Dear Judge Merkl,

   We represent Plaintiff Trooper 1 in this employment discrimination case against the New York State Police ("NYSP"), Andrew Cuomo ("Cuomo"), Melissa DeRosa ("DeRosa") and Richard Azzopardi ("Azzopardi"). We submit this joint letter in anticipation of Trooper 1's motion to compel Cuomo to appear for his deposition on August 23, 2023.

<u>**TROOPER 1'S POSITION**</u>

**I.**  <u>**BACKGROUND**</u>

   On February 17, 2022, Trooper 1 filed this action because Cuomo sexually harassed her while she was assigned to his personal protective detail as Governor of the State of New York. Cuomo instantly grieved on Twitter that he was the victim of an extortion scheme. He boasted, through his loyal messenger Azzopardi, that he "look[ed] forward to justice in a court of law."

   Cuomo's deposition was initially noticed for April 5, 2023. Cuomo finally had an official forum where he could tell his tale of being persecuted by a seeming endless array of co-conspirators, including New York Attorney General Letitia James, former Southern District United States Attorney Preet Bharara, former Acting Southern District United States District Attorney Joon Kim, Albany County Sheriff Craig D. Apple Sr., many of the women who had the courage reveal Cuomo's harassment, and the New York Assembly. But Cuomo was suddenly faced with the realization that he could not hide behind Azzopardi's Twitter account and would have to testify under oath. He erupted into an avalanche of excuses trying to avoid being deposed.

   First, he claimed that he was entitled to wait until his partial motion to dismiss was decided by this Court. (In fact, this Court had already refused to stay discovery because of pending motions.) He next claimed, without offering any authority, that it would be "most efficient to



proceed with non-party depositions before scheduling" his own.[1]  When that did not work, he argued that a discovery extension would permit his deposition to "be scheduled in due course." Tired of Cuomo's endless obstruction, in early June 2023, Trooper 1 threatened to seek an order compelling Cuomo to appear.  Cuomo finally waived his objections and agreed to be deposed on August 23, 2023, which this Court memorialized in a docket order dated June 14, 2023.

It is now obvious that Cuomo had no intention of appearing for his deposition.  On August 10, 2023, less than two weeks before the Court-acknowledged deposition date, Cuomo came up with some new excuses.  He now claims that, like the independent investigations by the Attorney General ("AG") and the Assembly Judiciary Committee ("AJC"), this lawsuit has also become a "grossly unfair proceeding."  He demanded yet another delay of his deposition because - a year-and-a-half after this case was first filed – he intends to move to strike from Trooper 1's complaint allegations concerning the other women he sexually harassed, as well any references to the investigations by the AG and the AJC.  He also claimed that he needs all other discovery to be completed so that he may "refresh his recollection" of events.

## II.    ARGUMENT

It is well-settled that a court may impose sanctions on a party who violates scheduling orders, Fed. R. Civ. P. 16(f)(1), up to and including, "striking [their] pleadings" in whole or in part" or even rendering a "default judgment."  Fed. Rule Civ. P 37(b)(2)(A)(iii), (vi).  Such severe sanctions "may be appropriate in extreme situations, as when a court finds willfulness, bad faith, or any fault on part of the noncompliant party."  In re Gums, No. 17-23947 (RDD), 2022 WL 467798, at *3 (Bankr. S.D.N.Y. Feb. 15, 2022) (quoting Guggenheim Cap., LLC v. Birnbaum, 722 F.3d 444, 451 (2d Cir. 2013)).

Here, Cuomo has willfully and in bad faith refused to be deposed.  He has not obtained, nor has he even requested, a stay of discovery.  And this Court has already refused to stay proceedings merely because the defendants have filed motions.  He also cannot claim a right to wait until the close of discovery to be deposed because it is well settled that "there is no priority of deposition in federal court."  Saldarriaga v. Taradex, Inc., 20 Civ. 4099 (WFK), 2012 WL 54086, at *1 (E.D.N.Y. Jan. 6, 2021).

Nor does Cuomo have the right to avoid a deposition merely because he fears being questioned about the numerous other women he harassed.  It well settled that the "'crucial inquiry [in a sexual harassment case] focuses on the nature of the workplace environment as a whole,' and 'a plaintiff who herself experiences discriminatory harassment need not be the target of other instances of hostility in order for those incidents to support her claim.'" Kaytor v. Elec. Boat Corp., 609 F.3d 537, 546 (2d Cir. 2010) (emphasis in original) (quoting Cruz v. Coach Stores, Inc., 202 F.3d 560, 571 (2d Cir. 2000)).  Such evidence, even where the harasser's other victims are

---

[1]      Quotations are from conversations and written correspondence between respective counsel for Trooper 1 and Cuomo.


"anonymous," can establish that the harasser "acted pursuant to a pattern." Eckhart v. Fox News Network, LLC, 20-CV-5593 (RA), 2021 WL 4124616, at *26 (S.D.N.Y. Sept. 9, 2021). In other words, his proposed motion to strike is specious and certainly no excuse to avoid a deposition.[2]

The timing of Cuomo's proposed motion further proves that he is acting in bad faith. Courts "disfavor[]" motions to strike because they are often used "as a dilatory tactic." Wine Markets Itern., Inc. v. Bass, 177 F.R.D. 128, 133 (E.D.N.Y. Jan. 23, 1998). Here, Cuomo was required to file his motion "before responding to Trooper 1's pleading.'" Assets Recovery Center Investments, LLC v. Smith, 2014 WL 3525011, at *11 (E.D.N.Y. Mar. 12, 2014) (quoting Fed. R. Civ. P. 12(f)). Cuomo filed a response on July 15, 2022, and conveniently waited until August 10, 2023, the eve of his deposition, to announce, for the first time, that he intended to make such a motion.[3]

In short, we respectfully request that this Court put an end to Cuomo's persistent grievance mongering. He is a party to this action. And like any other party, he must appear for his deposition or face appropriate sanctions, up to and including, being found in default.

## GOVERNOR CUOMO'S POSITION

There is no legitimate discovery dispute here and nothing for the Court to do. On August 10, 2023, we told Plaintiff we were rescheduling Governor Cuomo's deposition and promptly provided a new date: September 27. That date works for all defendants and is well before the current discovery deadline. Rather than confirm that date, Trooper 1 claims that Governor Cuomo has "defaulted" on some imaginary obligation that does not exist. While Trooper 1 may have the right to depose Governor Cuomo, she does not have the right to insist that the deposition take place on her terms and under unreasonable circumstances. Depositions are rescheduled all the time.[4] Trooper 1's arguments about "bad faith" and "noncompliance" are pure hogwash.

The rescheduling of Governor Cuomo's deposition was not only within his rights, it was well justified. On June 12, when we agreed to the August 23 date, we reasonably believed and hoped that other discovery would proceed apace, including critical nonparty discovery. That has not happened. Rather, discovery stalled in multiple respects, leading the Court to extend the discovery deadline to October 16. Trooper 1 asked the Court to block certain nonparty discovery

---

[2]     Cuomo nevertheless pretends that Ana Liss exonerated him during her deposition. Hardly. Liss described the working environment around Cuomo as "hostile," ██████████████████████████████████████ ████████████████████████████ and, overall, ███████████████████████████████████ Liss's testimony unquestionably speaks to the discriminatory "workplace environment as a whole." Cruz, 202 F.3d at 571. Cuomo is free, of course, to argue to a jury that Liss did not believe she was sexually harassed because she found Cuomo's attention ██████████████████ but only later claimed to understand that it was ██████████████ Id. at 18-19. But he has no right to refuse to participate in discovery.

[3]     To be sure, a court has the discretion to strike material "on its own initiative." Fed. R. Civ. P. 12(f). Here, however, the Court has not initiated any such motion. Cuomo has.

[4]     Indeed, just today Trooper 1 backed out of a nonparty deposition that was scheduled for August 24, claiming that the date "does not work anymore because of other commitments."



and even insisted that we not serve numerous document subpoenas pending resolution of those disputes. *See* ECF Nos. 105, 109. She did so even though she, not Governor Cuomo, deliberately dragged ten other women into her lawsuit. Briefing on those motions was completed only last week. *See* ECF No. 113. In their filings, both Ms. Boylan and Ms. Bennett have complained that they do not know Trooper 1 and have nothing to do with this lawsuit.[5]

Another recent development is the Court's July 21 Order denying Governor Cuomo's motion to compel documents from OAG. As detailed in our Motion for Reconsideration, not having witnesses' prior statements and full transcripts has put roadblocks in the discovery process. Witnesses confirmed they do not remember today what they remembered two years ago.[6] Not having access to prior witness statements (including Trooper 1's OAG and AJC interview memos) also means that we must test allegations and memories through more extensive discovery mechanisms. We are, for example, serving subpoenas for documents and phone records for members of the NYSP PSU so that we can determine who was communicating with whom and when, and what was said, concerning Trooper 1.

These developments impact the case and will also affect the scope and nature of Governor Cuomo's deposition. Indeed, as we informed Trooper 1, based on what has occurred, we will be filing a motion to strike. That motion will have several bases. First, Trooper 1 does not know the identity of State Entity Employee #1. Thus, the allegations in Trooper 1's complaint relating to that individual must be stricken. Second, multiple witnesses strenuously object to being involved and argue they are irrelevant to Trooper 1's claims. To the extent that the Court agrees, those allegations must be stricken and there should be no discovery on them (including from Governor Cuomo). Third, the Court's July 21 Order made clear that Trooper 1's claims are narrow and specific to her, and that the broader OAG investigation and report are not relevant to her claims.[7] If Governor Cuomo prevails on his motion to strike, his deposition will be <u>dramatically</u> narrowed. Governor Cuomo should not have to testify about topics that may not be at issue, as numerous witnesses and the OAG have argued, and as the Court suggested in the July 21 Order.[8]

---

[5] This week, Ms. Boylan filed yet another letter asking the Court to quash yet another nonparty subpoena, again arguing that she has nothing to do with Trooper 1's claims. ECF No. 116. In addition, apart from discovery motions, we have been meeting and conferring with numerous other nonparties about subpoena compliance. Lindsey Boylan and Charlotte Bennett refused to provide <u>any</u> discovery. Similarly, other nonparties have either resisted compliance entirely or have only partially complied after weeks of back-and-forth. Like Ms. Boylan and Ms. Bennett, they argue that they are irrelevant to this case, notwithstanding that Trooper 1 alleges facts about them. Those disputes are not resolved and may well lead to more motion practice.

[6] As we have noted previously, Ms. Liss-Jackson could not tell us what information she told OAG and we could not refresh her recollection because portions of her OAG testimony were redacted. Likewise, during her deposition on Monday, August 14, retired PSU member Diane Parrotta, a close friend of Trooper 1, informed us that she had no recollection of what she told OAG and repeatedly asked for a copy of her statement to OAG investigators.

[7] In spite of the July 21 Order, Plaintiff's counsel questioned Richard Azzopardi specifically and rather extensively about the reliability of the OAG Investigation and Report during his deposition on August 9, 2023.

[8] Trooper 1 contends that a motion to strike is untimely. That is not true. Governor Cuomo, who has a partial motion to dismiss still pending, has not even answered Trooper 1's Complaint. Had Governor Cuomo sought to strike the allegations earlier, Trooper 1 undoubtedly would have argued that such a motion was premature and that it was



In short, Governor Cuomo had compelling reasons to reschedule his deposition. Which leads to the question of why Trooper 1 is raising this non-dispute. We believe it is to distract from the fact that discovery so far does not support Trooper 1's own allegations. For example:

- Investigator James Boyle testified that, contrary to Trooper 1's allegations, *he* was the one who recruited her for the PSU, and that he did so because she was talented, he was impressed with her work, and he knew Governor Cuomo was concerned with gender parity on the PSU. Boyle confirmed that Trooper 1 was not "singled out," as she alleges. Boyle also confirmed that the PSU job posting was distributed to the entire NYSP and that his comment on changing the service requirement "just for [Trooper 1]" was a joke.
- Trooper Carlyle Hunte testified that he was in the same academy class as Trooper 1, that they applied to the PSU at the same time, and that they were assigned to the detail with identical experience, contrary to Trooper 1's allegation that the service requirement was changed from three years to two "just for her."
- Investigator Fabricio Plaskocinski, Trooper 1's supervisor, claimed to see Governor Cuomo briefly touch Trooper 1's stomach as Governor Cuomo passed through a door.[9] But Plaskocinski acknowledged that he asked Trooper 1 about it <u>twice</u> and Trooper 1 confirmed that she was not offended by what happened. On this basis, Plaskocinski determined that it was not sexual harassment and that he had no obligation to report the incident.
- Several NYSP witnesses confirmed that the PSU had a persistent and serious lack of gender diversity, and that when Trooper 1 was recruited, the detail was severely understaffed.

The absence of any meaningful corroboration apparently led Trooper 1 to reach out to Ms. Parotta in April 2023. If Trooper 1 hoped for support from Ms. Parrotta, however, she must surely be disappointed. We now know that in May, Ms. Parrotta and Trooper 1 exchanged text messages (<u>some of which Ms. Parrotta sent from her husband's and daughter's phones</u>[10]) in which Ms. Parrotta repeatedly demanded that Trooper 1 tell her what she was supposed to say. When Trooper 1 apparently did not comply, Ms. Parotta, a 20-year veteran of NYSP, accused Trooper 1 of having been "brainwashed."[11]

In short, Trooper 1's complaint about Governor Cuomo's deposition is a pointless stunt. Governor Cuomo is participating in discovery in good faith, notwithstanding the many challenges beyond his control, and will appear for his deposition.

---

her fundamental prerogative to frame her claims. Moreover, this discovery letter is not the forum to address the merits of such a motion, which will be before Judge DeArcy Hall.

[9]      We also believe additional discovery will establish that Plaskocinski's account is not credible.

[10]      Trooper 1 produced two messages, from May 27 and 29, on June 28. Two other messages, from May 3 and 5, were not produced <u>until the morning of Ms. Parrotta's deposition</u>. Ms. Parrotta did not produce these text messages in response to our June 30, 2023 subpoena <u>because she and/or her husband (current NYSP) deleted them</u>.

[11]      Ms. Parrotta's deposition is temporarily embargoed under the Protective Order, but she is not a credible witness in any respect and she repeatedly showed a shocking disrespect and disregard for her legal obligations.



* * *

Respectfully Submitted,

Valdi Licul