Case 1:22-cv-00893-LDH-TAM   Document 124   Filed 08/17/23   Page 1 of 3 PageID #: 4788

FILED
IN CLERK'S OFFICE
U.S. District Court E.D.N.Y.
08/17/2023
BROOKLYN OFFICE

JB Nicholas
*The Free Lance News*
jasonbnicholas@gmail.com

Aug. 17, 2023

Hon. Taryn A. Merkl
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

RE:   PRESS MOTION TO INTERVENE AND FOR DISCLOSURE

   Trooper 1 v. New York State Police, et al., No. 22-cv-00893
   (LDH)(TAM); Cuomo v. Boylan, No. 23-mc-01587 (LDH)(TAM)

Dear Magistrate Merkl:

I write as a journalist asking the Court for permission to intervene in the above-captioned matters. My request is limited in both scope and duration to the ongoing discovery dispute between the parties.

The primary reason I seek to intervene, as a journalist, is to protect the public's interest in the public release of information currently shielded, or potentially shielded, by court order from public disclosure.

Specifically, one of the discovery disputes between the parties relates to the deposition of Ana Liss. Lindsey Boylan asks the Court to order it sealed. I am in possession of a transcript of Liss's deposition, and have used it to report on the news website I publish, *The Free Lance News*.org. A court order requiring it be sealed would deprive me of my First Amendment rights to publish and report on the Liss deposition.

The Court has wide-ranging discretion to manage its docket. But documents it relies on to decide motions and resolve disputes between parties generally must be made public, under controlling Second Circuit precedent in Brown v. Maxwell, 929 F3d 41 (2d Cir 2019). The dispute whether to publicly release the deposition is, in itself, a dispute worthy of public attention, I submit.

Therefore, the Liss deposition should not be sealed.

Additionally, electronic text messages between Liss and Boylan are part of the deposition, but are redacted in the version of the Liss deposition I have. If the Court declines to seal the Liss deposition, it should unseal the text messages as well.

Additionally, my reporting on Trooper No. 1's lawsuit is restricted by the Court's order allowing her to proceed under a pseudonym as "Trooper No. 1." I ask the Court to reconsider its previous order allowing anonymity and issue an order requiring her be named.

The reason is straight forward. Rule 10 of the Federal Rules of Civil Procedure requires "The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." There are no exceptions.

Congress has not authorized the filing of anonymous complaints. Courts cannot countermand explicit Congressional enactments like Rule 10. To do so "would be 'treason to the Constitution.'" New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 US 350, 358 (1989)(quoting Cohens v. Virginia, 6 Wheat. 264, 404 [1821])(holding that federal courts cannot refuse to exercise jurisdiction when granted by Congress, and also cannot claim jurisdiction not granted by Congress).

As a journalist, I submit to the Court that it should allow both sides in Trooper No. 1 to conduct the maximum amount of discovery allowed by law. That's because the public interest is best served by a thorough airing of the facts in the search for truth in this case. Make no mistake, it's not just damages that hang in the balance, the historical record itself might be determined by the outcome of this case.

That's because the narratives advanced by the parties in the case before the Court have never been subjected to full and fair adversarial testing. On the one side, Plaintiff Trooper No. 1 says former Gov. Cuomo is a serial sexual harasser who preys on women. On the other side, Cuomo suggests the charges were exaggerated; the product of a #MeToo Witch Hunt comparable to the Red Scare against suspected Communists in the 1950s.

Page 3 of 3

The public, and generations of New Yorkers who have yet to be born who will read about the present controversy in the history books, deserve to know which of these narratives is true. Only a jury trial can provide a definitive answer--and only after the parties have been allowed to dig under every possible rock to uncover evidence favorable to them, if it exists.

That's why I seek to intervene, and urge the Court to afford both parties the maximum amount of discovery allowed by law, as well as its public disclosure.

                                        Respectfully submitted,

                                        */s/ JB Nicholas*

                                        JB NICHOLAS
                                        Reporter, Publisher
                                        The Free Lance News.org