EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

MONDAIRE JONES
VASUDHA TALLA

ERIC ABRAMS
DAVID BERMAN
NICK BOURLAND
DANIEL M. EISENBERG
SARA LUZ ESTELA
SARAH MAC DOUGALL
SANA MAYAT
HARVEY PRAGER
VIVAKE PRASAD
MAX SELVER
EMILY K. WANGER

August 21, 2023

*Via ECF*

U.S. Magistrate Judge Taryn A. Merkl
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re:  *Trooper 1 v. Cuomo, et al.*, No. 22-cv-00893-LDH-TAM

Dear Magistrate Judge Merkl:

  We represent a non-party identified as "Kaitlin" in the Amended Complaint in this case. We write to request a pre-motion conference at the Court's earliest convenience and an interim order: 1) directing the defendants not violate the Court's Confidentiality Order by publicly revealing Kaitlin's identity in motion practice <u>that could be filed as early as today</u>, as they have threatened; and 2) directing defendants to withdraw a subpoena they served on Verizon for all Kaitlin's personal cell phone records, or setting a briefing schedule so that we can move to quash this subpoena.

  **I.**  <u>Background: Kaitlin's Small Role in this Case</u>

  **Kaitlin Knows Nothing About Trooper 1:** Kaitlin is one of the other women subpoenaed in the OAG investigation. She is not a party to this case or any case. She does not know Trooper 1, has never communicated with her, and did not even work for Cuomo at the same time. The only connection Kaitlin has to this case is that the Amended Complaint summarizes the OAG's findings about her and others. *See* Dkt. 7 ("AC") ¶¶ 131-39.

  **Kaitlin Has Complied with Cuomo's Subpoenas**: On April 17, 2023, Cuomo served subpoenas on Kaitlin in this matter seeking documents and testimony. In response, we produced all of the documents Kaitlin had produced to the OAG and met and conferred at least five times in writing and verbally with Cuomo's lawyers to try to understand what other documents Kaitlin might have that had any relevance to this case. On August 17, Cuomo's lawyers wrote that the only other documents they were seeking from us were any communications Kaitlin had had with

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

"any of the complainants mentioned in the Attorney General's report, or Karen Hinton or Alessandra Biaggi." They still did not explain why these documents were relevant or proportionate to the needs of this case. Nevertheless, we confirmed that Kaitlin has no responsive documents, except some communications with non-party Lindsey Boylan which are at issue in Ms. Boylan's pending motion to quash before this Court. *See* Dkt. 87. At no time did Cuomo's lawyers ever ask us to produce Kaitlin's cellphone records.

**Cuomo Served a Subpoena on Verizon for <u>All</u> of Kaitlin's Phone Records**: We learned on August 17 that, without ever mentioning it to us, Cuomo served a subpoena on Verizon for <u>all</u> of Kaitlin's phone records <u>from January 2020 through the present</u>. Cuomo's lawyers have not explained how such a broad request for highly personal information could possibly be relevant or proportionate to this case and have refused to withdraw the subpoena.

**Cuomo is Going to Reveal Kaitlin's Identity to Punish and Harass Her**: After we told Cuomo's lawyers we would have to move to quash the Verizon subpoena, they retaliated by informing us that they "disagree" with our designation of Kaitlin's identity as "confidential" under the Confidentiality Order and that they will <u>not respect the Confidentiality Order</u>. They wrote they intend to move to compel and that they "<u>will not redact her name from emails or any motion to compel</u>." Kaitlin's full name has never been made public; she is identified by only her first name in the OAG report[1] and the Amended Complaint in this case, *see* AC ¶¶ 131-39; we designated her identity as "Confidential" under the Court's Confidentiality Order in writing to Cuomo's lawyers on June 21; and Cuomo never objected to that designation before August 17.

II.   **<u>The Court Should Immediately Issue a Protective Order Directing Cuomo Not to Publicly Reveal Kaitlin's Identity or Personal Identifying Information</u>**

In light of Cuomo's imminent plan to reveal Kaitlin's identity, the Court should issue a protective order shielding Kaitlin's full name and other personal identifying information from public disclosure in this action. If the Court requires full briefing on this, it should issue an interim order preventing Cuomo from revealing Kaitlin's identity until the Court rules.

Cuomo's lawyers have told us they intend to violate the Confidentiality Order and reveal Kaitlin's identity in a motion to compel they could file as early as today. The Order covers "<u>non-public confidential personal</u>" information and explicitly applies to "<u>information produced by a nonparty</u>." Dkt. 68 at 1. Consistent with the Order, we designated Kaitlin's identity confidential. The Order allows Cuomo to "apply to the Court for a determination as to whether the designation is appropriate." *Id.* (g). Cuomo has not done that and did not object to our designation for almost two months. It was only when we told them we would move to quash the Verizon subpoena that they unilaterally declared they would not respect the Order, writing: "<u>We will not redact her name from emails or any motion to compel</u>."

The Court previously ruled, <u>with Cuomo's consent</u>, Dkt. 37 at 4, that the Plaintiff in this

---

[1] https://ag.ny.gov/sites/default/files/2021.08.03_nyag_-_investigative_report.pdf; https://ag.ny.gov/CuomoIndependentInvestigation.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

case could use a pseudonym, holding "there is little to no cognizable prejudice to Defendants at this stage, balanced against a likelihood of harm to Plaintiff if she is required to reveal their identity. In addition, given the importance of the issues raised in the case, and the possible chilling effect that requiring Plaintiff to disclose her identity could have, the Court finds that the public's interest in the litigation is furthered by granting Plaintiff's motion." *Id.* 9-10.[2]

If the plaintiff in this case can proceed using a pseudonym, the same must be true for Kaitlin, a non-party involuntarily swept into this dispute by subpoena, with minimal involvement. Applying the same factors the Court considered in granting Trooper 1's motion:

**The litigation involves sexual harassment.** As the Court ruled, this suit "alleges several instances of sexual harassment, which courts have found to be highly sensitive and of an extremely personal nature." Dkt. 37 at 5. According to the Amended Complaint, Cuomo "harassed numerous other women in almost the same manner that he harassed Trooper 1," including Kaitlin. *See* AC ¶¶ 75, 131-39.

**Risks of a "chilling effect" and retaliation.** In granting Trooper 1's request for pseudonymity, the Court stressed that "in light of the allegations contained in the complaint and the high-profile nature of the case, having plaintiff's name in the public domain, especially in the Internet age, could subject the plaintiff to future unnecessary interrogation, criticism, or psychological trauma, as a result of bringing this case." Dkt. 37 at 5. The Court found that could create a "chilling effect." *Id.* These risks are even greater here, where Kaitlin is a non-party who did not bring this case—or any case—against Cuomo. The Second Circuit has long held that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation" and are "a venerable common law exception to the presumption of access." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). "[C]ourts are especially concerned with" shielding "'innocent non-parties'" from the risk of retaliation resulting from their identification. *Doe v. Weinstein*, 484 F. Supp. 3d 90, 96 (S.D.N.Y. 2020).

Cuomo is trying to create such a chilling effect here. Cuomo did not oppose Trooper 1's motion to proceed pseudonymously. *See* Dkt. 37 at 5. For two months, he also did not oppose Kaitlin's confidentiality. But now, because we object to the Verizon subpoena, he threatens to violate the Confidentiality Order to reveal her identity in a discovery motion. Allowing Cuomo to so retaliate would deter non-parties from opposing improper subpoenas or tactics.

**Permitting Kaitlin to proceed anonymously will not prejudice Cuomo.** Cuomo knows Kaitlin's identity. Kaitlin proceeding anonymously will therefore not prejudice Cuomo. *See id.* at 8; *Doe v. Doe*, No. 20 Civ. 5329, 2020 WL 6900002, at *2 (E.D.N.Y. Nov. 24, 2020). There is no legitimate, non-retaliatory reason why Cuomo would need to identify Kaitlin by her full name in any filing in this case, including any motion to compel. He can follow the same redaction procedure he is already using for Trooper 1. Dkt. 68 at (1); *Doe*, 2020 WL 6900002, at *2.

**Kaitlin's identity has been kept confidential.** To date, Kaitlin's full name and other

---

[2] All citations in this letter have been "cleaned up."

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 4

personal identifying information have been kept confidential. In this suit, in the OAG materials, and in press coverage, Kaitlin has always been referred to by only the name "Kaitlin." The fact that "her identity has been kept confidential to the public at large throughout various investigative and legal proceedings" further weighs in favor of shielding her identity from disclosure. Dkt. 37 at 8; *see Doe No. 2 v. Kolko*, 242 F.R.D. 193, 197 (E.D.N.Y. 2006) (granting plaintiff's motion to proceed anonymously where plaintiff previously made anonymous sexual abuse allegations regarding defendant in a *New York Magazine* article).

**The public interest supports shielding Kaitlin's identity.** As the Court noted, "there is a substantial public interest in [this] litigation" and "this is a case where the price of access to the courts should not be too high." Dkt. 37 at 9. Where witnesses to and survivors of sexual harassment by powerful individuals "risk public scorn or even retaliation if their identities are made public, unpopular but valid complaints may not be pursued." *Id.* The public has an interest in protecting the identities of sexual harassment survivors so other survivors will not be deterred from reporting such misconduct. *See Doe No. 2*, 242 F.R.D. at 195-96.

The Court should grant Kaitlin's request for a protective order and shield her from Cuomo's attempts to bully her by threatening to reveal her identity. At minimum, Kaitlin should be allowed to proceed under a pseudonym during discovery motions. *See In re Rule 45 Subpoena Issued to Cablevision Sys. Corp.*, No. 08-347, 2010 WL 2219343, at *12 (E.D.N.Y. Feb. 5, 2010), *R&R adopted in relevant part*, 2010 WL 1686811 (E.D.N.Y. Apr. 26, 2010).

### III. The Court Should Quash, or Set a Briefing Schedule to Quash, the Verizon Subpoena

Cuomo's subpoena for 3.5 years of cellphone records for a non-party with limited (at best) involvement is patently improper. The Court should quash it, or issue an interim order directing Cuomo to withdraw the subpoena while a motion to quash is briefed and decided.

The Court already faulted Cuomo for overbroad subpoenas, holding "[g]iven the broad scope of the documents former Governor Cuomo seeks, he has not met his burden to establish relevance," Dkt. 31 at 28, and finding Cuomo is "seeking essentially everything OAG has related to the 11 complainants. This demand is too broad, and disproportionate to the needs of the *Trooper 1* case." *Id.* at 32. The same is true of this subpoena.

Kaitlin has standing to quash the Verizon subpoena, because she has a privacy interest in her cell phone records. *See, e.g., Solow v. Conseco, Inc.*, No. 06 Civ. 5988, 2008 WL 190340, at *3 (S.D.N.Y. Jan. 18, 2008); *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010). "Modern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans the privacies of life." *Riley v. California*, 573 U.S. 373, 403 (2014). Kaitlin also has standing because her phone records contain attorney-client privileged communications, since she was represented by counsel during the AG investigation. *See Rule 45 Subpoena Issued to Cablevision Sys. Corp.*, No. 08-347, 2010 WL 2219343, at *4.

As this Court already ruled in quashing Cuomo's subpoenas on the OAG and AJC: "The

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 5

party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." Dkt. 31 at 10. Cuomo cannot show that 3.5 years of Kaitlin's cell phone records are relevant and material to the claims in this case, especially given Kaitlin's extremely limited involvement and where his subpoena on Kaitlin did not seek <u>any</u> cell phone records, nor did his lawyers ever mention them in multiple meet-and-confers. Cuomo especially fails to carry his burden here, because he is simultaneously arguing that he—the named defendant—should not have to sit for a deposition in this case until after the Court rules on a motion to strike the allegations in the Amended Complaint that concern Kaitlin and the other AG complainants, arguing "those allegations must be stricken and <u>there should be no discovery on them</u> (including from Governor Cuomo)." Dkt. 122 at 4 (emphasis added).

"Especially in light of the Court's gate-keeping role on proportionality in discovery, defendants have to advance more than mere speculation to justify production of information from non-parties." *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789, 2016 WL 303114, at *4 n.2 (S.D.N.Y. Jan. 25, 2016). In an analogous case, the court quashed a subpoena for a non-party's cell phone records, finding that "the cell phone records subpoenaed have no apparent relevance to Plaintiff's six causes of action." *Ademiluyi v. Phillips*, No. 2:14-CV-00507, 2014 WL 7012493, at *3 (D. Nev. Dec. 12, 2014). The same is true here: none of the allegations in the Amended Complaint concern Kaitlin's cell phone records, much less all her cell phone records for 3.5 years. It would be "a manifest injustice, for [Cuomo] to access [Kaitlin's] cell phone records." *Id.* at *4. The Court should not allow "the production of confidential documents, relating to a non-party, that have no relevance to this case." *Solow*, 2008 WL 190340, at *5 n.5.

The Court should quash the Verizon subpoena, or issue an order directing it be withdrawn pending full briefing and a ruling.

Respectfully submitted,

Zoe Salzman
Nick Bourland

c.   *All counsel of record*