# Law Office of
## DONALD G. REHKOPF, JR.
31 East Main Street, 4th Floor (Philippone Suite)
Rochester, New York 14614-1914

---

(585) 363-5903
usmilitarylaw@gmail.com
Not For Motion Practice or Pleadings

18 August 2023

*VIA EMAIL ONLY*

**TO:** Rita Glavin, Esq., Gavin PLLC, Counsel for Andrew Cuomo
Theresa Trzaskoma, Esq., Sher Termonte LLP, Counsel for Andrew Cuomo

Catherine Foti, Esq., Morvillo Abramowitz Grand Iason & Anello, P.C., Counsel for Melissa DeRosa and Richard Azzopardi

Daniel Moore, Esq., Harris Beach PLLC, Counsel for NY State Police

Valdi Licul, Esq., Wigdor LLP, Counsel for Plaintiff, Trooper 1

Douglas Jackson-Quzack, Esq., Counsel for Lindsay Boylan.

**SUBJECT:** *Trooper 1 v. NY State Police, et al.,* 22-CV-00893 (E.D. NY)(LDH) (TAM); Clarification over Ms. Liss-Jackson's Depositions.

Counsel:

1.  As you know, I represent Ana Liss-Jackson, a non-party witness in the above-styled matter. I am writing about two matters of concern. The first is the application to "intervene" by Mr. Jason B. "JB" Nicholas in this case. Whether his application meets the requirements of Rule 24, F.R.Civ.P., is for the Judge to decide. He claims to have copies of Ms. Liss-Jackson's July 10th Deposition *and* the text messages between her and Ms. Boylan–another non-party witness, even though they were filed under seal and, at least for now, subject to the Court's amended Confidentiality Order. He appears to be one of many not connected to this matter to have somehow obtained copies of those sealed and confidential documents.

2.  If you do not know who Mr. Nicholas is, let me introduce you to him in his own words:

> I am formerly-incarcerated. I was 19 when I shot a 26-year-old stick-up man when he tried to rob me and three friends in 1990. New York was like a warzone back then. ***Convicted of second degree manslaughter, I served almost 13 years in prison***. . . . I established the right of prisoners to organize, to fairer parole hearings and, as a paralegal after my 2003 parole, ***to credit for time-served in other states for false charges.*** [Emphasis added; source: https://www.thefreelancenews.org/about (Last accessed: 18 August 2023)].

I point this out in the context of maintaining security consciousness. *See also Nicholas v. Pataki,* 233 A.D.2d 657 (3rd Dept. 1996), *lv. denied,* 89 N.Y.2d 811 (1997), *cert. denied*, 520 U.S. 1257 (1997). But, this convicted felon now appears to be the spearhead targeting my client as the villain in all of this.[1]

3. My second concern is to clarify a factually erroneousness premise, which I confess to being partially at fault. There were (are) two depositions by my client at issue, the first being the 2021 Attorney General's [AG's] deposition, and the second, the July 10th deposition in this case. With respect to the AG's depositions, both my client and I were advised separately that (a) there was potential criminal liability, and (b) the AG's proceeding on June 4, 2021, was confidential–indeed, the cover page of the transcript (page 1) is marked "CONFIDENTIAL" on the very first line, and begins as follows: "CONFIDENTIAL REMOTE VIDEOTAPED INVESTIGATION . . . ." Furthermore, she was advised at the beginning of that deposition as follows:

> Q. Executive Law Section 63(8), a provision under which this investigation is being conducted, ***prohibits you as well as your counsel from revealing anything about what we ask or what you say during your testimony to anyone.*** If anyone asks you to disclose any such information, please let us know, including any reason they provide for seeking such information and we will discuss with you whether any disclosure will be permitted. (Tr. 9-10)[emphasis added].

At the end of the AG's Deposition, she was further advised:

> MS. PARK: Ms. Liss, let me just add this too as well: As Abena

---

[1] *See, e.g.,* https://www.thefreelancenews.org/home/inside-the-metoo-plot-to-bring-down-new-york-governer-andrew-cuomo .

Page 2 of 4

>told you at the beginning, under Executive Law 63(8), you may not share what – your testimony here today with anyone. Do you understand?
>
>THE WITNESS: Yes, I understand. [*Id.* at 228].

4. Neither Ms. Liss-Jackson nor myself were ever advised to the contrary or that her testimony was no longer "confidential." However, once the AG's Office publicly posted the ***redacted*** portions of her testimony, we deemed as to those portions that the AG's had waived any confidentiality issues *except* for the redacted portions of that transcript. Our position was and remains that the unredacted portions are in the public domain, but those redacted portions were still controlled by the confidentiality restrictions noted above.[2] Furthermore, our position was fortified by the fact that the AG's Office declined to release the redacted portions (which we had no objections to) but for the amended Confidentiality Order. That matter is pending before the Court herein.

5. Ms. Liss-Jackson was deposed in this matter on July 10th of this year. I was not present (with my client's consent) as *inter alia,* I had just been released from the hospital early that morning due to a severe infection from a wrist injury on July 1st. I was however in telephonic contact with my client and requested through her, that I be furnished a copy of the transcript of such, which I was advised would be forthcoming when completed. On July 12th, a copy was apparently sent to me via email, which for reasons unknown, I did not receive. Furthermore, on that date I exchanged emails with Ms. Trzaskoma seeking clarification as to our "objections." My *verbatim* response is as follows:

>I've had an opportunity to discuss this with my client and our responses are as follows:
>>1. Matters she discussed with the media, e.g., WSJ, etc., are not confidential;
>>2. My client as well as myself, were, and are of the opinion that her NYAG testimony is both "confidential" and was not subject to disclosure per NY *Criminal Procedure Law* Sec. 190.25(4)(a).

---

[2] I was also concerned because there had been a *criminal* investigation into the matter and had no idea of whether or not any Grand Jury proceedings had been conducted, and to protect my client, we also asserted the Grand Jury confidentiality contained in NY *Criminal Procedure Law* § 190.25(4)(a).

> Our prior consent to the NYAG to the release of an unredacted copy of her testimony was with the understanding that it was covered by the Court's Confidentiality Order. Neither she nor myself were consulted by the AG's office prior to their public posting;
> 3. Lastly, with respect to my client's personal communications with Ms. Boylan, absent a modification of the Court's Confidentiality Order, we believe and assert that they are and should remain confidential.
>
> I trust this answers your questions, if not, just ask.
> Regards,

6. At that point is where the confusion sets in. Counsel for the defendants had no apparent reason to believe that I had not received a copy of Ms. Liss-Jackson's deposition transcript herein, when in fact I hadn't, nor did I have any reason to believe that an almost eight hour deposition had already been transcribed. Sometime thereafter, via both emails and telephone calls, I was asked for clarification as to any objections about the "transcript." I erroneously (as it turns out) construed this as applying to the AG's deposition as that was the only transcript which *at that time* I was aware of. I was subsequently furnished another copy of my client's deposition transcript. Upon noticing the Court's Order of August 1st, it became clear–at least to me–that we were in an "apples and oranges" scenario, i.e., the defense was referring to the *Trooper 1* transcript and I was referring to the AG's deposition transcript.

7. Our objections and positions stated in my August 9th letter to counsel remain the same and I apologize for any confusion caused by this misunderstanding.

**DATED:** This 18th Day of August, 2023

Respectfully submitted,

/eS/ Donald G. Rehkopf, Jr.

**DONALD G. REHKOPF, JR., Esq.**
THE LAW OFFICE OF DONALD G. REHKOPF, JR.
31 East Main Street, 4th Floor (Philippone Suite)
Rochester, New York 14614
(585) 363-5903 - voice
usmilitarylaw@gmail.com