# SHER TREMONTE LLP

August 21, 2023

**BY ECF**

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Trooper 1 v. NYSP et al.*, 22-cv-893 (LDH) (TAM)

Dear Judge Merkl:

    We respectfully request that the letter Plaintiff's counsel filed today (ECF No. 129), and its attachment, be stricken. Mr. Rehkopf refuses to appear before this Court, yet he continues to take baseless positions regarding his client's deposition transcript. Although we provided Mr. Rehkopf's original letter to the Court as a courtesy, the Court authorized him to submit that letter on behalf of Ms. Liss-Jackson. But the Court specifically prohibited any further filings on the issue: "No party may file any sur-reply or additional response." (Aug. 14, 2023 Order (emphasis added).) It was thus wholly improper for Plaintiff's counsel to file the letter for Mr. Rehkopf. It was further misleading because we specifically demanded that Mr. Rehkopf finally enter an appearance if he wished to submit the so-called "Clarification" letter, which we believe is in bad faith and which is contrary to the clear record. *See* **Ex. A**.

                                      Respectfully submitted,

                                      */s/ Theresa Trzaskoma*

                                      Theresa Trzaskoma

# Exhibit A

**From:** Theresa Trzaskoma
**Sent:** Sunday, August 20, 2023 6:31 PM
**To:** Don Rehkopf
**CC:** Allegra Noonan;Rita Glavin;Catherine Foti;dmoore@harrisbeach.com;jsteele@harrisbeach.com;Valdi Licul (vlicul@wigdorlaw.com);Douglas Jackson-Quzack
**Subject:** Re: Trooper 1 - Clarification

Don,

Your "Clarification" letter is anything but.

We sent you Ms. Liss-Jackson's entire July 10 Trooper 1 deposition transcript on two occasions: July 14 (attached to an email) and July 18 (when we forwarded to you our July 18 court filing containing it). At no time did you comply with the terms of the Protective Order and provide us with page/line confidentiality designations.

Our communications about confidentiality clearly related to the Trooper 1 deposition. On July 11, the day after your client's Trooper 1 deposition, I asked: "Regarding yesterday's deposition, can you please let us know whether your client believes any of it should be designated as confidential?" (My emphasis.) You responded on July 12 that you discussed it with your client and that "Matters she discussed with the media, e.g., WSJ, etc. are **not** confidential." (Your emphasis!) You also identified two topics in the Trooper 1 deposition transcript that you thought were confidential (i.e., OAG testimony and personal texts with Ms. Boylan). When Ms. Foti subsequently wrote to confirm your position on confidentiality, it was in this precise context—a discussion about your client's Trooper 1 deposition.

As for any purported "confusion" over which transcript was at issue in these communications, your apparent contention that you believed we were discussing public disclosure of the OAG transcript rather than public disclosure of the Trooper 1 deposition transcript makes no sense. Most of the OAG transcript is already public. There would have been no reason for us to seek your position on whether we could disclose an already-public transcript. Moreover, we had no ability to control whether the OAG would unredact portions of your client's testimony (as you know, they have not). So, the notion that you would think we were discussing something neither us of us could impact is illogical.

Nor did you object when, on July 31 (three weeks after your client's Trooper 1 deposition), we publicly filed excerpts from your client's Trooper 1 deposition transcript in support of our Motion for Reconsideration. You were aware of the filing because, as a courtesy, we notified you of it and sent you copies of our letter to the Court describing your efforts to designate some (but not all) of your client's Trooper 1 deposition testimony. In those letters, we explained—very clearly—that we had publicly filed excerpts from your client's Trooper 1 deposition transcript with redactions. Not only did our public filing include excerpts from the Trooper 1 deposition testimony (not the OAG transcript), we would have had no reason to redact any additional portions of the mostly-public OAG transcript. Despite receiving notice of that public filing of excerpts from client's Trooper 1 deposition transcript, you did not contact us immediately to tell us we had filed confidential information publicly, as you would have if you thought we should not have filed those excerpts.

In other words, the record is very clear that our communications about confidentiality concerned your client's Trooper 1 deposition transcript. The record is further clear that, even though you failed to comply with the Protective Order, we (and Ms. Foti) took extraordinary measures to confirm and reconfirm your client's position prior to any public disclosure. The suggestion otherwise is offensive and outrageous.

We further note that you still have not articulated a valid basis to designate any of your client's deposition transcript as confidential or to keep the materials under seal, much less the portions that have been disclosed so far. As set forth in our August 16 filing (ECF No. 118), your client's text messages with Ms. Boylan are directly relevant to our motion to compel discovery; thus, even if you could designate them as confidential under the Protective Order, the texts with Ms. Boylan (and related deposition testimony) and are presumptively public judicial materials that should not under any circumstances be sealed.

Finally, if you want the Court to have your "Clarification" letter—which we believe is in bad faith, as explained above—you should appear in the Trooper 1 Action and file it.

Regards,
Theresa

---

**From:** Don Rehkopf <usmilitarylaw@gmail.com>
**Date:** Friday, August 18, 2023 at 5:30 PM
**To:** Douglas Jackson-Quzack <dquzack@danyaperrylaw.com>, Rita Glavin <rglavin@glavinpllc.com>, Theresa Trzaskoma <TTrzaskoma@shertremonte.com>, Catherine Foti <cfoti@maglaw.com>, dmoore@harrisbeach.com <dmoore@harrisbeach.com>, Valdi Licul <vlicul@wigdorlaw.com>
**Subject:** Trooper 1 - Clarification

In view of the apparent misunderstanding over Ms. Liss-Jackson's transcripts, of which I am partially responsible, please see the attached clarification.

I have also included therein information about the proposed "intervenor."

Regards,

--

Don

**DONALD G. REHKOPF, JR.,**
Attorney-at-Law
31 East Main Street
4th Floor (Philippone Suite)
Rochester, New York 14614
**(585) 363-5903 (Office)**

-- **CONFIDENTIALITY NOTICE** -- This email message, including all the attachments, is for the sole use of the intended recipient(s) and contains confidential information. Unauthorized use or disclosure is prohibited. If you are not the intended recipient, you may not use, disclose, copy or disseminate this information. If you are not the intended recipient, please contact the sender immediately by reply email and destroy all copies of the original message, including attachments.