Case 1:22-cv-00893-LDH-TAM   Document 131   Filed 08/21/23   Page 1 of 3 PageID #: 4808

# GLAVIN PLLC
156 West 56th Street, Ste. 2004
New York, New York 10019
646-693-5505

August 21, 2023

**VIA ECF**
The Honorable Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Trooper 1 v. New York State Police, et al.*, No. 22-cv-00893 (LDH)(TAM)

Dear Judge Merkl:

      We write in brief response to the letter filed by Kaitlin ▅▅▅ (T1 ECF No. 128) today. Ms. ▅▅▅ is the latest nonparty witness named in Trooper 1's Complaint, who improperly seeks to obstruct Governor Cuomo from taking discovery in this matter through valid nonparty subpoenas for clearly relevant information. Ms. ▅▅▅, like Lindsey Boylan and Charlotte Bennett, is determined to block Governor Cuomo from (a) obtaining discovery concerning her allegations incorporated into Trooper 1's Complaint, and (b) ascertaining the extent of coordination and collusion between and among complainants making misconduct allegations against him. Ms. ▅▅▅'s arguments are without basis and much of her letter should be stricken as improper.

      *First*, Ms. ▅▅▅ has not, as she asserts, "fully complied" with the April 14, 2023 subpoena issued to "Kaitlin ▅▅▅" for documents. To the contrary, to date, the only documents she has produced are those she previously produced to the OAG in May 2021 in connection with the OAG investigation. For the past four months, we have had at least four telephonic meet and confers to obtain compliance with that subpoena (including for production of materials beyond what she produced to OAG), and we have received numerous lengthy screeds—similar to the letter Ms. ▅▅▅ filed with the Court today—making baseless assertions about the document subpoena and mischaracterizing our discussions. Ms. ▅▅▅ has sought to avoid her obligations under the document subpoena by arguing, in substance, that it is not fair to force her to be involved in Trooper 1's lawsuit, that her client is not relevant to this litigation, and that compliance with the subpoena would be overly burdensome. We have tried repeatedly to reach a compromise to limit the document subpoena, but Ms ▅▅▅ insists on our limiting the subpoena based on improperly cramped views of relevance and unsubstantiated claims of burden. These objections are not a proper basis for refusing to comply with the subpoena. We will move to compel her compliance in accordance with your Honor's procedures. As for her last name, in accordance with today's

Hon. Taryn Merkl
August 21, 2023
Page 2

Court Order directing that her last name be filed under seal pending a decision on Ms. ▮'s request to proceed anonymously by designating her last name "confidential," we will move to compel using the name on the subpoenas (*i.e.*, her full name), but redact her last name from the public filing provisionally. As explained below, however, there is no basis to seal Ms. ▮'s last name from judicial filings on the public record.

*Second*, we will also move to compel Ms. ▮'s compliance with the April 14, 2023 subpoena for her deposition testimony by no later than September 22, 2023. Ms. ▮ initially agreed to sit for a deposition, which we were in the process of scheduling with other parties. In the meantime, having hit several brick walls regarding our efforts to obtain information concerning communications between and among complainants, including Ms. ▮, on August 17, 2023 we noticed a subpoena to Verizon for Ms. ▮'s phone records (subscriber information, length of account service, account detail information for calls and texts, including timing and numbers associated with calls and texts). On August 18, 2023, after learning of that subpoena for her phone records,[1] Ms. ▮ reversed course and informed us that she will not sit for a deposition: (a) until the Court resolves a ruling on a motion to strike that Governor Cuomo will be filing in this matter; (b) that lasts longer than four hours of questioning by <u>all</u> parties; and (c) that does not take place at the New York City office of counsel for Ms ▮. Ms. ▮'s refusal to sit for a deposition unless these conditions are met is meritless.

*Third*, nothing in the Confidentiality Order permits Ms. ▮ to designate her last name as "confidential," much less demand the sealing of her last name on judicial filings to compel her compliance with subpoenas that—on their face—are issued to "Kaitlin ▮." Ms. ▮— who spoke on the record in March 2021 to a national news outlet about her allegations against Governor Cuomo[2]—has no basis to proceed anonymously (a) in a public lawsuit naming her as someone who was allegedly sexually harassed by Governor Cuomo and (b) in publicly filed motions to compel her compliance with subpoenas specifically issued to her. Nothing about Ms. ▮'s allegations warrants allowing her to anonymously litigate motions to compel her compliance with valid subpoenas directed to "Kaitlin ▮." Indeed, *Ms. ▮ has never alleged that Governor Cuomo sexually harassed her and, apart from the discomfort of being a witness in a public lawsuit, there is no reason to shield her identity.* If her arguments were

---

[1] Nonparties like Ms. ▮ are not entitled to notice of subpoenas to other nonparties under Rule 45. Yet Trooper 1, Ms. ▮, and other nonparties have repeatedly argued that we nevertheless should provide such notice. This case is a poster child for why Rule 45 does not require notice to nonparties: because it would invite nonparties to create outrageous mischief and stymy legitimate discovery. As this case illustrates, allowing nonparties to appear and be heard on any and every aspect of the discovery process creates a morass of disputes that completely and improperly interferes with the due administration of justice and Governor Cuomo's right to take discovery under the Federal Rules of Civil Procedure.

[2] Rebecca Traister, *Abuse and Power: Inside Andrew Cuomo's Toxic Workplace*, N.Y. MAG. (Mar. 12, 2021), https://nymag.com/intelligencer/article/andrew-cuomo-misconduct-allegations.html.

Hon. Taryn Merkl
August 21, 2023
Page 3

accepted, the federal courts would be awash with nonparties demanding to proceed anonymously. Indeed, not only was Ms. ███████'s OAG testimony transcript released publicly in November 2021 (albeit with redactions), but Ms. ███████'s identity is widely known in connection with her public allegations and her last name was specifically referenced in a publicly released letter to the Assembly Judiciary Committee from Governor Cuomo's attorneys dated September 13, 2021 that addressed the OAG Report.

*Fourth*, to the extent Ms. ███████'s letter seeks to quash a properly served Federal Rule of Civil Procedure 45 subpoena to Verizon for phone records, it is improper and should be stricken. Not only is Ms. ███████ a nonparty to this case with no basis to intervene, but to the extent she seeks to quash a properly served nonparty subpoena, she must do so by formal motion practice. And Ms. ███████ has no standing to quash the subpoena *for phone records* (*i.e.*, account information, subscriber detail, and call and text records about timing of calls and phone numbers) directed to nonparty account provider Verizon, which—contrary to her assertions—does not call for substantive personal information or information covered by attorney client privilege. Moreover, this subpoena could have been avoided had Ms. ███████ simply complied with the document subpoena issued to her. Thus, Ms. ███████'s letter application to quash the Verizon subpoena should be stricken.

Respectfully submitted,

*Rita M. Glavin*
Rita M. Glavin

cc:   Counsel of Record (via ECF)