# Emery Celli Brinckerhoff Abady Ward & Maazel LLP

Jonathan S. Abady
Matthew D. Brinckerhoff
Andrew G. Celli, Jr.
Richard D. Emery
Debra L. Greenberger
Diane L. Houk
Daniel J. Kornstein
Julia P. Kuan
Hal R. Lieberman
Ilann M. Maazel
Katherine Rosenfeld
Zoe Salzman
Sam Shapiro
Earl S. Ward
O. Andrew F. Wilson

Attorneys At Law
600 Fifth Avenue at Rockefeller Center
10th Floor
New York, New York 10020

Tel: (212) 763-5000
Fax: (212) 763-5001
www.ecbawm.com

Mondaire Jones
Vasudha Talla

Eric Abrams
David Berman
Nick Bourland
Daniel M. Eisenberg
Sara Luz Estela
Sarah Mac Dougall
Sana Mayat
Harvey Prager
Vivake Prasad
Max Selver
Emily K. Wanger

August 23, 2023

*Via ECF*

U.S. Magistrate Judge Taryn A. Merkl
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Trooper 1 v. Cuomo, et al.*, No. 22-cv-00893-LDH-TAM

Dear Magistrate Judge Merkl:

  On behalf of non-party Kaitlin, we write in response to defendants' midnight filing (Dkt. 132). Exhibit A thereto is a photo of Kaitlin, which defendants deliberately filed without sealing in plain violation of the Court's August 21 ruling that: "all parties are respectfully directed that any documents containing Kaitlin Doe's identifying information **must be filed under seal**." (bold emphasis in original). The Court should immediately remove this document from the docket and sanction the lawyers and the parties who filed it.

  This filing only reinforces the need for the Court need to protect Kaitlin and keep her identity confidential. Neither defense filing (Dkt. 131 or 132) makes any attempt to address the law cited in our letter (Dkt. 128), to identify any prejudice to the defendants caused by confidentiality, or to explain why the plaintiff can use a pseudonym but a non-party cannot. Dkt. 37. The OAG, the Amended Complaint in this case, and New York Magazine all referred to Kaitlin without using her full name; a private Tweet that does not identify Kaitlin as an OAG witness is irrelevant to her confidentiality in this case; and the defense cannot bootstrap a letter they wrote themselves as a basis to object to Kaitlin's confidentiality in this case.

  The New York Times recently reported that Cuomo colluded with his sister to whip up internet trolls to attack the OAG witnesses.[1] These filings make clear the defense is trying to deploy a similar strategy in this case and to weaponize the judicial system to punish and harass Kaitlin and the other women who participated in the OAG investigation. But the Court already

---

[1]  See Nicholas Fandos, *The Secret Hand Behind the Women Who Stood by Cuomo? His Sister.* (Aug 7, 2023), available at https://www.nytimes.com/2023/08/07/nyregion/cuomo-women-sister-madeline.html

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

made clear that whatever Cuomo's gripes with the OAG investigation may be, that "is not a question that the *Trooper 1* jury will need to decide." Dkt. 31 at 30. The Court should not allow the defendants to use this case to attack the witnesses in that investigation. The Court should order Kaitlin's identity be kept confidential.

The defendants have similarly failed to defend their Verizon subpoena for 3.5 years of Kaitlin's phone records. They do not cite a single case in support of their position or even attempt to explain how such a subpoena could possibly be relevant and proportionate to the needs of this case. Dkt. 131, 132. The subpoena should be quashed.

Kaitlin has already complied with Cuomo's documents subpoena. Cuomo admits she has already produced the documents she previously produced to the OAG. Dkt. 131 at 1. She has no documents concerning Trooper 1 or this case. She has no documents concerning any "collusion between and among complainants making misconduct allegations against [Cuomo.]" *Id.* She does not even have any communications at all with the other OAG witnesses, other than what she has already produced and some post-OAG text messages between her and Ms. Boylan which are the subject of Ms. Boylan's pending motion to quash which awaits the Court's ruling. *See* Dkt. 87. In any event, those text messages are irrelevant to the "narrow scope of the actual claims in the *Trooper 1* case." Dkt. 31 at 29.

Kaitlin is a non-party. She should not be burdened with a deposition when Cuomo, the named defendant, is refusing to sit for his deposition because he argues the allegations concerning Kaitlin "must be stricken and there should be no discovery on them (including from Governor Cuomo)." Dkt. 122 at 4 (emphasis added). If the Court denies Cuomo's motion to strike and he sits for his deposition on these allegations, then and only then should it be possible for him to burden non-parties with depositions on those very same allegations. If and when that occurs, Katilin's deposition should be limited to a half day. A half day is more than enough time to depose a non-party, whose only involvement in this case are eight paragraphs in the Amended Complaint summarizing the OAG findings. Dkt. 7 ¶¶ 131-39. That is particularly so because, as the Court already observed, Cuomo already has Kaitlin's deposition from the OAG case (Dkt. 31 at 31), so the only possible basis for a deposition here is to provide him with a limited opportunity to cross-examine her about the testimony she has already given.

Neither the Court nor Kaitlin should be burdened with further letters at this time. Defendants have chosen to submit legally irrelevant filings (Dkt. 131, 132) with the transparent goal of retaliating against Kaitlin. They should not be given further opportunities for these abusive tactics. Kaitlin's identity should remain confidential; the Verizon subpoena should be quashed; and the Court should defer ruling on Kaitlin's deposition until after it rules on Cuomo's motion to strike and should defer ruling on Kaitlin's obligation to produce her post-OAG texts with Ms. Boylan until after it rules on Ms. Boylan's motion to quash.

Respectfully submitted,

Zoe Salzman
Nick Bourland