**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

TROOPER 1,

               Plaintiff,

        v.

NEW YORK STATE POLICE, ANDREW
CUOMO, MELISSA DEROSA, and
RICHARD AZZOPARDI,

               Defendants.

22-cv-00893 (LDH) (TAM)

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**FORMER GOVERNOR ANDREW M. CUOMO'S MOTION TO COMPEL**
**KAITLIN'S COMPLIANCE WITH SUBPOENAS**

**Glavin PLLC**
Rita M. Glavin
156 West 56th Street, Ste. 2004
New York, NY 10019
Tel: (646) 693-5505
rglavin@glavinpllc.com

**SHER TREMONTE LLP**
Theresa Trzaskoma
Allegra Noonan
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: (212) 202-2600
Fax: (212) 202-4156
ttrzaskoma@shertremonte.com

*Counsel for former Governor*
*Andrew M. Cuomo*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

THE SUBPOENAS AT ISSUE ........................................................................................ 1

ARGUMENT ...................................................................................................................... 6

I.      THE INFORMATION SOUGHT IS UNQUESTIONABLY RELEVANT. ..................... 6

II.     KAITLIN'S BURDEN-RELATED OBJECTIONS ARE WITHOUT MERIT.............. 10

III.    THERE IS NO REASON FOR KAITLIN TO REFUSE TO COMPLY WITH THE
        DEPOSITION SUBPOENA. ...................................................................................... 12

CONCLUSION.................................................................................................................. 14

# TABLE OF AUTHORITIES

**Cases**

*Allstate Ins. Co. v. A&F Med. P.C.*, No. 14-cv-6756, 2016 WL 7116067 (E.D.N.Y. Dec. 6, 2016) .................................................................................................................... 13

*Ashkenazi as Tr. of Halpert Alexander Tr. v. Lincoln Nat'l Life Ins. Co.*, No. 08-CV-3235-ENV-CLP, 2009 WL 10705911 (E.D.N.Y. Aug. 3, 2009) .......................................... 9

*Bulkmatic Transp. Co., Inc. v. Pappas*, No. 99Civ.12070(RMB)(JCF), 2001 WL 504839 (S.D.N.Y. May 11, 2001) ............................................................................................ 7

*Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44 (S.D.N.Y. 1996) ................................ 10

*Eckert v. United Auto. Workers*, No. 04-CV-0538S(Sr), 2006 WL 8455725 (W.D.N.Y. June 12, 2006) ........................................................................................................................ 9

*Hasemann v. Gerber Prods. Co.*, No. 15-cv-2995 (MKB) (RER), 2018 WL 5651210 (E.D.N.Y. Aug. 28, 2018) .......................................................................................... 7

*In re Subpoena to Loeb & Loeb LLP*, No. 19 Misc. Civ. 241 (PAE), 2019 WL 2428704 (S.D.N.Y. June 11, 2019) ............................................................................................ 8

*Johnson v. Riverhead Cent. Sch. Dist.*, No. CV 14-7130 (DRH) (AKT), 2016 WL 4507002 (E.D.N.Y. Aug. 26, 2016) .......................................................................................... 7

*Morrissey v. City of New York*, 171 F.R.D. 85 (S.D.N.Y. 1997) ................................................ 7

*Nat'l Cong. for P.R. Rights ex rel. Perez v. City of New York*, 194 F.R.D. 88 (S.D.N.Y. 2000) ... 7

*Padilla v. Sacks & Sacks, LLP*, No. 19-CV-10021 (GBD) (KHP), 2021 WL 4429785 (S.D.N.Y. Sept. 27, 2021) .......................................................................................... 10

*Russell v. Aid to Developmentally Disabled, Inc.*, No. CV-12-0389 (LDH) (AKT), 2016 WL 11735375 (E.D.N.Y. June 14, 2016) ...................................................................... 13

*Stinson v. City of New York*, No. 10 Civ. 4228 (RWS), 2015 WL 4610422 (S.D.N.Y. July 23, 2015) ....................................................................................................................... 12

*U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, No. 18-cv-4044 (BCM), 2020 WL 91636 (S.D.N.Y. Jan. 8, 2020) .............................................................................................. 7

**Rules**

Federal Rule of Civil Procedure 26(a)(1) ...................................................................................... 6

Governor Cuomo[1] brings this motion to compel nonparty Kaitlin[2] to comply with two valid Rule 45 subpoenas served on April 17, 2023 seeking (i) documents relevant to this action, and (ii) a deposition of Kaitlin. Trooper 1's Complaint contains dozens of allegations related to Kaitlin's and others' accusations against Governor Cuomo. Despite multiple meet and confers over the past four months, we are at an impasse.[3] Kaitlin has flatly refused to produce nearly all of the categories of documents called for by the Document Subpoena, including Kaitlin's communications about her and others' allegations against Governor Cuomo, besides those contained in her May 2021 production to the OAG. Further, she refuses to be deposed unless we agree to certain unacceptable and unreasonable conditions. For the reasons set forth below, Kaitlin should be compelled to produce the subpoenaed materials and to sit for her deposition within the next 30 days. Such relief is necessary so that Governor Cuomo can properly defend himself.

## THE SUBPOENAS AT ISSUE

On February 2022, months after the release of the OAG and AJC Reports, Trooper 1 filed her lawsuit against Governor Cuomo and others asserting claims for discrimination, sexual harassment, and retaliation.  Seeking to bolster those claims, Trooper 1 includes in her Complaint more than ten pages of allegations against Governor Cuomo by other women who Trooper 1 did

---

[1]     For ease of reference, we use terms reflected on the attached Appendix of Defined Terms. All previously filed documents in Governor Cuomo's motion to compel the OAG at 22-mc-3044 (E.D.N.Y.) are referred to as "OAG ECF No. __."

[2]     Kaitlin's counsel has designated her last name as "confidential" under the protective order. *See* ECF No. 128. Governor Cuomo objects to that designation, *see* ECF No. 129, because it is unwarranted in light of Kaitlin's voluntary public statements about her allegations, the nature of her allegations and the fact that she had never claimed Governor Cuomo sexually harassed her, and the fact that her identity is already public. Although we further object to filing her last name under seal in any filings because any interest Kaitlin may have in proceeding pseudonymously is overcome by the presumption of public judicial proceedings, we refer to her in this motion as "Kaitlin" pursuant to the Court's August 21, 2023 order to preserve the objection until the Court rules on it. *See* August 23, 2023 Text Order.

[3]     Though Kaitlin is a nonparty, her counsel has appeared in this action, ECF Nos. 126, 127, and has asked to be heard on these issues. ECF Nos. 128, 133. Counsel has likewise separately consented to this motion being brought in the Eastern District of New York. As a result, we are filing this motion to compel on this docket.

not know and did not work with, including Kaitlin, a former Executive Chamber employee under

Governor Cuomo. *See* ECF No. 71 (Second Amended Complaint) ¶¶ 75–143.

Governor Cuomo initially sought materials regarding Kaitlin and the other complainants

by serving subpoenas on the OAG and AJC, both of which investigated the complainants'

allegations and both of which refused to comply with the subpoenas. During oral argument on

those motions to compel, the OAG contended that Governor Cuomo should obtain the requested

materials from individual witnesses: "If [Governor Cuomo] wants to depose the other

complainants, he knows who they are. He can depose them. If he wants to request documents from

them, he can do so." *See* Transcript of Proceedings Held on February 7, 2023 before Judge Merkl,

OAG ECF No. 25 at 67:13–21. The Court also acknowledged that, based on the allegations in the

Complaint, information regarding the other complainants is relevant, and that it would be

inappropriate to narrow the scope of discovery based on premature concerns about potential

admissibility. *Id.*; *see also id.* at 92:2–8; 95:23–96:25. Accordingly, the Court acknowledged

Governor Cuomo's need to "conduct robust discovery" based on the allegations in the Complaint

and the potential relevance of the other complainants. *Id.* at 100:4–7. And the Court further

suggested that Governor Cuomo could obtain the discovery through individual witnesses. *Id.* at

95:17–22; *see also* OAG ECF No. 37 at 30 ("[T]he full range of civil discovery tools is available

to [Governor Cuomo] in connection with the Trooper 1 litigation, and he may seek to depose

relevant anticipated witnesses and subpoena them for documents.").

With this clear guidance, Governor Cuomo proceeded with seeking discovery from the

complainants referenced in the Complaint, including Kaitlin. Specifically, on April 17, 2023,

Governor Cuomo served two subpoenas on Kaitlin through her counsel: one for documents and

one for testimony.[4] Declaration of Rita M. Glavin dated August 29, 2023 ("Glavin Decl.") ¶¶ 7–8; Exs. 2 ("Document Subpoena"), 3 ("Deposition Subpoena").[5] Counsel for Kaitlin accepted service of both subpoenas the following day. Glavin Decl. ¶ 9.

The Document Subpoena contains only five requests, all of which are tailored to seek information related to Governor Cuomo. *See* Ex. 2. Specifically, the five requests in the Document Subpoena amount to:

- All documents or communications concerning any allegations of sexual harassment or other misconduct [Kaitlin] or anyone else made against Governor Cuomo.
- All documents or communications concerning the OAG Investigation, the AJC Investigation, and/or any investigation by any other law enforcement agency into allegations of wrongful conduct against Governor Cuomo.
- All documents or communications concerning [Kaitlin's] personal interactions with Governor Cuomo.
- Any photographs, videos, screenshots, or images, including the metadata, of [Kaitlin] with Governor Cuomo, and any communications in which [Kaitlin] shared or referred to any such images, videos, or photographs, including but not limited to communications on social media.
- For the period December 5, 2020 through the present, all documents or communications concerning Lindsey Boylan, Charlotte Bennett, Ana Liss, or Karen Hinton concerning Governor Cuomo or any investigation of Governor Cuomo.

Kaitlin served her responses and objections to the Document Subpoena via counsel on May 3, 2023. Glavin Decl. ¶ 10; Ex. 4. Kaitlin did not produce any documents in response to the Document Subpoena. Instead, Kaitlin asserted a litany of boilerplate objections but indicated that she was willing to confer on narrowing the scope of requests 1, 2, and 5. *See* Ex. 4 at 3–6. With respect to requests 3 or 4, however, Kaitlin stated that she would not produce documents in response to them unless they fell within the scope of the other requests. *Id.* at 5–6. Her responses

---

[4]    Both of these subpoenas set the place of compliance in Boston, Massachusetts, reflecting Governor Cuomo's counsel's understanding that that was where Kaitlin resided. After conferring, Kaitlin's counsel indicated that New York was a more convenient venue for both her and her client, and consented to the filing of this motion in this District.

[5]    Exhibits to this Declaration are cited herein as "Ex. __."

3

and objections gave no indication as to what Kaitlin was actually willing to produce, or had in her possession, and her counsel refused to provide further substantive detail on either point. Counsel for Governor Cuomo and Kaitlin then engaged in a months-long meet and confer process, which boiled down to a perpetual guessing game of what Kaitlin would agree to produce and whether and under what conditions Kaitlin would agree to sit for her deposition.

During the parties' meet and confers on May 18 and June 9, 2023, Kaitlin's counsel strenuously objected to the Document Subpoena on overbreadth and relevance grounds. Glavin Decl. ¶ 11. Notwithstanding those objections, on or about June 21, 2023, Kaitlin's counsel sent a limited document production to counsel for Governor Cuomo, which consisted solely of Kaitlin's May 2021 production to the OAG in response to OAG's document subpoena. *Id.* ¶ 12. Kaitlin's counsel took the position that this production constituted compliance with the Document Subpoena, and to date has not made any additional productions. *Id.*

Since then, Governor Cuomo's counsel continued to engage in herculean efforts to reach a compromise concerning the scope of the Document Subpoena as well as limitations on Kaitlin's deposition, including proposing search terms that Kaitlin's counsel completely rejected. Glavin Decl. ¶¶ 15, 17; Ex. 10. These efforts also included additional meet and confers on August 11 and August 17, interspersed with lengthy follow-up letters and emails on July 5, July 10, and August 8. Glavin Decl. ¶¶ 14–15, 17; Exs. 8–10. Yet, no further documents were produced beyond what Kaitlin produced to OAG in May 2021. Kaitlin's counsel did not even confirm what other responsive documents she possessed or the volume of such documents, or commit to producing anything else.

As Kaitlin's August 24 deposition was fast approaching, and in an effort to enable Governor Cuomo's counsel to be prepared for that deposition, on August 17, 2023, we requested

that Kaitlin produce a limited subset of communications with select individuals—the complainants mentioned in the OAG Report, Karen Hinton, or Alessandra Biaggi, from December 2020 forward—in advance of August 24, 2023, the scheduled date for Kaitlin's deposition. *See* Ex. 11 at 6. On August 18, 2023, Kaitlin's counsel revealed for the first time that her client possessed communications with Lindsey Boylan post-dating her previous production to the OAG, but refused to provide those communications until Ms. Boylan's pending motion to quash was resolved. Glavin Decl. ¶ 20; Ex. 11 at 4.[6] Kaitlin's counsel further took the position that the documents requested on August 17, 2023, Ex. 11 at 9, were "the only documents" sought by the Document Subpoena. *Id.* at 3. Counsel for Governor Cuomo rebutted this contention, reiterating that we had never agreed to narrow the scope of the Document Subpoena to such a small universe of communications, and that we were merely trying to ensure that we had at least some responsive documents in advance of Kaitlin's deposition. *Id.* at 2.

Kaitlin's deposition itself was also the subject of these repeated meet and confer efforts. Concurrent with her June 21 document production, Kaitlin's counsel represented that due to her client's medical treatment for conditions "which require her to minimize her stress," and Kaitlin's limited involvement in the litigation, Kaitlin would only sit for a three-hour deposition. Glavin Decl. ¶ 12; Ex. 5. Governor Cuomo agreed to limit questioning to four hours to accommodate Kaitlin's medical condition, but stated that we could not make any representations as to questioning by the other parties to this action. *See* Ex. 8 at 2.

---

[6]     This is a yet another example of how Ms. Boylan's involvement in this litigation, despite her status as a nonparty, has severely undermined the ability of the parties to seek legitimate discovery in this case. For a nonparty who has claimed she is totally irrelevant to this lawsuit, Ms. Boylan has nonetheless found a way to put herself at the center of it, as she did when the allegations against Governor Cuomo first surfaced.

As of mid-August, the parties were ready to proceed with Kaitlin's deposition on August 24, 2023. *See* Glavin Decl. ¶ 18. On August 17, 2023, Trooper 1's counsel—who had previously consented in writing in mid-July 2023 to the August 24, 2023 deposition date for Kaitlin— suddenly informed the parties that they had other commitments on August 24, 2023 and therefore the Kaitlin deposition must be rescheduled. *See id.* ¶ 18; Ex. 11 at 4–6. The following morning, Kaitlin's counsel responded to all parties to this action, indicating Kaitlin's wholesale refusal to comply with the Subpoenas, revealing the existence of the Boylan communications, and claiming that until Governor Cuomo's anticipated motion to strike is resolved, no discovery should move forward as to Kaitlin—including Kaitlin's deposition. *See* Glavin Decl. ¶ 20; Ex. 11 at 3–4. She further set forth certain conditions to be met before her client would appear for her deposition. Glavin Decl. ¶ 20; Ex. 11 at 3–4. In response to that correspondence, on Friday, August 18, 2023, Governor Cuomo's counsel (in addition to rebutting Kaitlin's counsel's assertions about the scope of the Document Subpoena) confirmed that the parties were at an impasse as to both the Document Subpoena, which Kaitlin had not fully complied with and which Governor Cuomo had not committed to narrowing, and as to the Deposition Subpoena, which Kaitlin refused to comply with entirely. Ex. 11 at 2. We further confirmed that we intended to raise this dispute with the Court. *Id.* Kaitlin's counsel agreed and consented to the filing of this action in this District. Glavin Decl. ¶ 21; Ex. 11 at 1.

## ARGUMENT

### I.     THE INFORMATION SOUGHT IS UNQUESTIONABLY RELEVANT.

Federal Rule of Civil Procedure 26(a)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Rule 26 is to be interpreted broadly and explicitly provides that evidence need not be admissible to be discoverable. *See Nat'l Cong. for P.R. Rights ex rel. Perez v. City of*

*New York*, 194 F.R.D. 88, 92 (S.D.N.Y. 2000) (quoting *Morrissey v. City of New York*, 171 F.R.D. 85, 88 (S.D.N.Y. 1997) ("In federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be [discoverable].")); *see also Johnson v. Riverhead Cent. Sch. Dist.*, No. CV 14-7130 (DRH) (AKT), 2016 WL 4507002, at *8 (E.D.N.Y. Aug. 26, 2016) ("[R]elevance, for purposes of discovery, is an extremely broad concept.").

The complaint, which contains ten paragraphs about Kaitlin, plainly establishes the relevance of the subpoenaed materials. *See U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, No. 18-cv-4044 (BCM), 2020 WL 91636, at *2 (S.D.N.Y. Jan. 8, 2020) (discovery fairly encompasses "inquiry into facts that have been alleged" and thus put "presumptively at issue" in the action). The materials sought in the Document Subpoena relate directly to Trooper 1's allegations and certainly meet the low bar for discoverable information. Indeed, courts have repeatedly required production of information even when it is only "marginally relevant." *See, e.g.*, *Hasemann v. Gerber Prods. Co.*, No. 15-cv-2995 (MKB) (RER), 2018 WL 5651210, at *1 (E.D.N.Y. Aug. 28, 2018) (compelling production of materials that were "marginally relevant"). Contrary to Kaitlin's contention that the documents sought are irrelevant and pose a disproportionate burden on her, the Document Subpoena is simply a routine civil discovery mechanism seeking to obtain materials that are fundamental to Governor Cuomo's defense against Trooper 1's claims. *See Bulkmatic Transp. Co., Inc. v. Pappas*, No. 99Civ.12070(RMB)(JCF), 2001 WL 504839, at *3 (S.D.N.Y. May 11, 2001) ("[Plaintiff] has not abused the discovery process in moving to compel production of documents plainly relevant to its case.").

Trooper 1 has been unequivocal about her intention to rely upon Kaitlin's allegations to bolster her own claims. She expressly incorporates Kaitlin's allegations in the Complaint and

7

identifies Kaitlin as a key witness in her Initial Disclosures. *See* Compl. ¶¶ 131–139, 148; Ex. 1 at

5–6. In those disclosures, Trooper 1 identified Kaitlin as an "individual likely to have discoverable

information that may support [her] claims" and who "has knowledge concerning, *inter alia*, (i) the

allegations set forth in the [] Complaint and Answers, including, but not limited to, the allegations

as they relate to Kaitlin; (ii) Defendants' personnel and employment decisions, practice, and/or

policies." Ex. 1 at 2, 5–6.

      As part of his defense against Trooper 1's claims, Governor Cuomo must address the

allegations about Kaitlin, including for the purpose of establishing that Trooper 1 cannot admit

Kaitlin's allegations at trial because they are not credible and/or are not sufficiently similar to

Trooper 1's own claims. And in order to establish those facts, it is critical that Governor Cuomo

be permitted to glean such information related to Kaitlin's allegations through the discovery

process. Despite Governor Cuomo's repeated explanation on this point, Kaitlin continues to claim

that the material sought is not relevant to this action. *See* Glavin Decl. ¶ 11; Exs. 5, 7. Kaitlin may

not avoid compliance with a lawfully issued subpoena by sticking her head in the sand and ignoring

the content of Trooper 1's Complaint. Permitting Kaitlin to proceed this way is counter to the

broad ambit of federal civil discovery and adopts an entirely inaccurate view of the relevance

standard.

      The materials requested by the Document Subpoena include materials directly related to

Kaitlin's experience in the Executive Chamber and her interactions with Governor Cuomo during

that time, her allegations against Governor Cuomo, and her communications with others regarding

her and others' allegations. *See* Ex. 2. These communications are clearly relevant, and patently

discoverable. *See In re Subpoena to Loeb & Loeb LLP*, No. 19 Misc. Civ. 241 (PAE), 2019 WL

2428704, at *3, *5 (S.D.N.Y. June 11, 2019) (granting motion to compel nonparty to produce,

*inter alia*, documents and communications "with or about" the defendants and/or the action; finding the documents "plainly relevant" to the proceeding); *see also Eckert v. United Auto. Workers*, No. 04-CV-0538S(Sr), 2006 WL 8455725, at *2 (W.D.N.Y. June 12, 2006) (stating that defendants are plainly entitled to "discover communications regarding the allegations in [p]laintiff's [c]omplaint").

Furthermore, in seeking communications with other complainants against Governor Cuomo, Governor Cuomo also seeks to discover materials relevant to Kaitlin's and the other complainants' credibility and to determine the extent of the complainants' collaboration in this matter. *See* Ex. 11 at 2. This too is a proper subject of discovery. *See Ashkenazi as Tr. of Halpert Alexander Tr. v. Lincoln Nat'l Life Ins. Co.*, No. 08-CV-3235-ENV-CLP, 2009 WL 10705911, at *3 (E.D.N.Y. Aug. 3, 2009) ("Courts in this circuit have found that one of the purposes of discovery is to obtain information for use on cross-examination and for the impeachment of witnesses." (quotation omitted)). Indeed, *Kaitlin's production to OAG in May 2021 contains dozens of pages of text messages, social media messages, and email communications with media outlets, coworkers, and other complainants regarding the allegations against Governor Cuomo and the related investigations*—it is entirely reasonable to assume that these communications did not mystically cease after Kaitlin provided these materials to her attorney and to the OAG, and Governor Cuomo is entitled to those communications that post-date her May 2021 OAG production. *See* Glavin Decl. ¶¶ 12, 17–18. Indeed, Kaitlin has acknowledged that she has responsive communications with Ms. Boylan post-dating that production. *See* Glavin Decl. ¶ 20; Ex. 11 at 4; *see also* ECF No. 128 (". . . Kaitlin has no responsive documents, *except some communications with non-party Lindsey Boylan*") (emphasis added); ECF No. 133 (indicating that Kaitlin has "some post-OAG text messages between her and Ms. Boylan"). Further, at its core, the

Document Subpoena essentially asks for the same kinds of documents and communications that OAG subpoenaed and Kaitlin provided to OAG in May 2021, but for the time period after her production to OAG (which was before the OAG Report, the AJC Report, the release of testimony, the dismissal of the false misdemeanor charge against Governor Cuomo and this lawsuit). *See* Ex. 6 (OAG's May 6, 2021 subpoena to Kaitlin). Kaitlin readily produced the requested communications to OAG. *See* Ex. 7 (Kaitlin's May 14, 2021 responses and objections reflecting that she would produce the responsive communications).

Given that Trooper 1 intends to rely on Kaitlin's allegations as well as Ms. Boylan's to bolster her own, Governor Cuomo is entitled to discover information that bears on cross-examination or impeachment of Trooper 1's supporting witnesses. *See Padilla v. Sacks & Sacks, LLP*, No. 19-CV-10021 (GBD) (KHP), 2021 WL 4429785, at *3 (S.D.N.Y. Sept. 27, 2021) (regarding allegations of sexual harassment, discovery into past conduct that bears on the witness's "motive and/or credibility" found to be relevant).

## II.   KAITLIN'S BURDEN-RELATED OBJECTIONS ARE WITHOUT MERIT.

Kaitlin likewise objects to the Document Subpoena and the requests contained therein as unduly burdensome and unfair to her as a nonparty. *See* Exs. 4, 5. Kaitlin has yet, however, to provide any basis for the "burden" she claims has been imposed upon her, as she is obligated to do. *See Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996) (burden of showing unduly burdensome nature of subpoena is on subpoenaed party). Whether a subpoena imposes an "undue burden" depends upon "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Id*. at 49 (quoting *United States v. Int'l Bus. Machs. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)). As explained above, the materials sought are highly relevant to this lawsuit.

Other than boilerplate objections, Kaitlin has not articulated why it would be unusually burdensome for her to comply with Document Subpoena. *See* Ex. 8. Kaitlin has made no representations whatsoever as to the breadth of the universe she would be required to search and/or review, nor has her counsel run any such searches to try and glean the extent of the relevant universe. *See id.* Even upon Governor Cuomo's counsel providing a list of proposed search terms, Kaitlin's counsel rejected that proposal. Glavin Decl. ¶ 17.

Like several of the other complainants who have resisted discovery in this case, Kaitlin's burden argument appears to stem from the notion that participation in Trooper 1's lawsuit at any level is fundamentally unfair and burdensome to her as a nonparty. But many (if not all) nonparties face the same sort of inconvenience and expense in being subpoenaed for information in connection with someone else's dispute. And this general burden of being required to produce information does not justify Kaitlin's refusal to comply; such a burden is simply baked into the Federal Rules. Kaitlin's generalized burden objections are simply not sufficient to outweigh the relevance and need for the discovery sought. These burden objections are further undermined by the fact that Kaitlin complied with a broader subpoena, issued by the OAG, with apparently no issue.

To the extent Kaitlin objects to the Document Subpoena for want of a date range, the burden posed by the requests is naturally limited by the length of Kaitlin's term in the Executive Chamber: her interactions with Governor Cuomo began in roughly December 2016, and per her document production, she left the Executive Chamber in January 2018. *See* Compl. ¶ 132. After that, Kaitlin's communications concerning her interactions with, and her and others' misconduct allegations against, Governor Cuomo should be easily searchable. In any event, the absence of a date range is no basis to deny a motion to compel. In *Stinson v. City of New York*, No. 10 Civ. 4228

(RWS), 2015 WL 4610422 (S.D.N.Y. July 23, 2015), where all the plaintiffs' discovery requests demanded documents spanning over more than ten years and dozens of custodians, the court did not deny plaintiffs' motion to compel but instead directed the parties to meet and confer to develop a search protocol for each custodian or set of custodians. *Id.* at \*5. Governor Cuomo is still amenable to such a protocol should Kaitlin like to propose one, but Kaitlin cannot flatly refuse to produce anything on the basis that the requests are unduly burdensome. Indeed, Kaitlin produced documents in response to a similar subpoena by OAG without an issue. Ex. 7. The Court should compel Kaitlin to comply with the Document Subpoena.

III.    **THERE IS NO REASON FOR KAITLIN TO REFUSE TO COMPLY WITH THE DEPOSITION SUBPOENA.**

Though the parties had agreed in writing upon a firm date of August 24, 2023 for Kaitlin's deposition, after Plaintiff's counsel informed the parties on August 17, 2023 of their newfound unavailability on that date, Kaitlin's counsel rapidly changed course. *See* Glavin Decl. ¶ 20; Ex. 11. After learning that Governor Cuomo anticipated filing a motion to strike certain allegations in the Complaint and that he had subpoenaed Verizon for Kaitlin's phone records (i.e., subscriber information and length of account records, call and text detail records concerning numbers called, length of call and date), Kaitlin's counsel suddenly took the position on August 18, 2023, and in subsequent Court filings, that her client had no obligation to sit for a deposition unless the following conditions were met: (i) litigation on Governor Cuomo's anticipated motion to strike had concluded; (ii) Kaitlin's deposition would last no longer than four hours, including questioning by *all* parties; (iii) Kaitlin's deposition must take place at Kaitlin's counsel's New York City office as a matter of right, since counsel was the one to accept service; and (iv) Governor Cuomo shall pay the witness fee and cover the costs of Kaitlin traveling from an as yet unknown location to

New York City and the costs of lodging in New York City. *See* Ex. 11 at 4; *see also* ECF No. 133 at 2.

As a preliminary matter, there is no authority for nonparty-witness Kaitlin (and her counsel cites none) to set those outrageous conditions for her deposition to take place. Even beyond those ridiculous conditions, Kaitlin has absolutely no basis for refusing to comply with the Deposition Subpoena. Her testimony is undoubtedly relevant, as outlined above. *See Russell v. Aid to Developmentally Disabled, Inc.*, No. CV-12-0389 (LDH) (AKT), 2016 WL 11735375, at \*3 (E.D.N.Y. June 14, 2016) ("In light of the allegations of gender discrimination made by Plaintiff . . . [a nonparty's statements regarding the work environment] [are] both relevant and material" and defendant was entitled to depose nonparty to "interpose a proper defense," "probe the veracity of [the nonparty's] statements," and "ensure a level playing field at trial"). And it is well-established that "[a] non-party who knowingly fails to comply with a duly issued and served subpoena for that individual's deposition and who provides no justification for his or her failure to appear may be found in contempt." *Id.*

There is no stay of discovery in this matter, as the Court made clear from the outset. *See* Transcript of Proceedings Held on August 2, 2022, ECF No. 44 at 11. And Kaitlin has not, and cannot, provide any authority for her position that she is unilaterally entitled to stay discovery on subpoenas validly issued to her where she has decided those subpoenas are unfair or should be postponed until after other portions of the litigation have concluded. Indeed, far more complicating circumstances have not even justified a stay of discovery in this district. *See, e.g., Allstate Ins. Co. v. A&F Med. P.C.*, No. 14-cv-6756, 2016 WL 7116067, at \*5 (E.D.N.Y. Dec. 6, 2016) (denying stay of depositions where defendants had *moved to disqualify* plaintiff's counsel). The court has established an October 16, 2023 deadline for the conclusion of fact discovery, and it is highly

unlikely that Governor Cuomo's anticipated motion to strike will have been fully briefed, argued, and decided by that date. And Kaitlin is a material witness to allegations contained in the Complaint. Governor Cuomo is entitled to depose her, and this Court should enter an order requiring her compliance with the Deposition Subpoena within the next 30 days.

## CONCLUSION

For the foregoing reasons, Governor Cuomo respectfully requests that the Court compel Kaitlin to produce the materials sought in the Document Subpoena and to sit for a deposition within the next 30 days.


Dated: New York, New York
      August 31, 2023

Respectfully submitted,

   /s/ Rita M. Glavin

Rita M. Glavin
Glavin PLLC
156 West 56th Street, Ste. 2004
New York, NY 10019
Tel: (646) 693-5505
rglavin@glavinpllc.com

Theresa Trzaskoma
Allegra Noonan
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: (212) 202-2600
Fax: (212) 202-4156
ttrzaskoma@shertremonte.com
*Counsel for former Governor*
*Andrew M. Cuomo*

14

**APPENDIX OF DEFINED TERMS**

| TERM | DEFINITION |
| --- | --- |
| **AG James or AG** | Attorney General Leticia James |
| **AJC** | New York State Assembly Judiciary Committee |
| **AJC Investigation** | Impeachment investigation conducted by AJC into allegations of sexual harassment by Governor Cuomo |
| **AJC Report** | *Impeachment Investigation Report to Judiciary Committee Chair Charles Lavine and the New York State Assembly Judiciary Committee* (Nov. 22, 2021), available at https://nyassembly.gov/write/upload/postings/2021/pdfs/20211122_99809a.pdf |
| **Complaint or Compl.** | Second Amended Complaint in *Trooper 1 v. New York State Police, Andrew Cuomo, Melissa DeRosa, and Richard Azzopardi*, 22-CV-893 (LDH) (TAM) (E.D.N.Y.), ECF 71 |
| **Chamber or Executive Chamber** | New York State Executive Chamber |
| **EEOC** | United States Equal Employment Opportunity Commission |
| **ESD** | Empire State Development |
| **FRCP** | Federal Rule(s) of Civil Procedure |
| **FRE** | Federal Rule(s) of Evidence |
| **Governor Cuomo** | Former Governor of New York State Andrew M. Cuomo |

| JCOPE | New York State Joint Commission on Public Ethics |
|---|---|
| NYSP | New York State Police |
| OAG | Office of the New York State Attorney General |
| OAG Investigation | Investigation by OAG into allegations of sexual harassment by Governor Cuomo pursuant to New York Executive Law § 63(8) |
| OAG Report | *The OAG's Report of Investigation into Allegations of Sexual Harassment by Governor Cuomo* (Aug. 3, 2021), available at https://ag.ny.gov/sites/default/files/2021.08.03_nyag_-_investigative_report.pdf |
| Trooper 1 Action | *Trooper 1 v. New York State Police, Andrew Cuomo, Melissa DeRosa, and Richard Azzopardi*, 22-CV-893 (LDH) (TAM) (E.D.N.Y.) |