UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TROOPER 1,

               Plaintiff,

        v.

NEW YORK STATE POLICE, ANDREW
CUOMO, MELISSA DEROSA and RICHARD
AZZOPARDI,

               Defendants.
-----------------------------------------------------------X

Case No.: 22-cv-00893 (LDH)(TAM)

# MEMORANDUM OF LAW IN OPPOSITION TO PUTATIVE INTERVENOR JB NICHOLAS'S MOTION TO INTERVENE

Dated: August 31, 2023

**WIGDOR LLP**

Valdi Licul
John S. Crain

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
vlicul@wigdorlaw.com
jcrain@wigdorlaw.com

*Counsel for Plaintiff*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

BRIEF BACKGROUND OF RELEVANT FACTUAL AND PROCEDURAL HISTORY .......... 1

DISCUSSION ....................................................................................................................... 2

I. THE MOTION TO INTERVENE STANDARD ........................................................ 2

II. NICHOLAS'S MOTION IS UNTIMELY ................................................................. 3

III. NICHOLAS HAS NO RIGHT TO INTERVENE TO "CORRECT THE RECORD" OR TO OPINE ON DISCOVERY PROCEDURES ....................................... 6

IV. NICHOLAS'S INTERESTS ARE ADEQUATELY REPRESENTED BY CUOMO, DEROSA AND AZZOPARDI ............................................................... 7

V. DISCRETIONARY INTERVENTION IS ALSO INAPPROPRIATE ............................... 9

CONCLUSION ..................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**                                                                                                                                            **Page(s)**

AT & T Corp. v. Sprint Corp.,
   407 F.3d 560, 561 (2d Cir. 2005) ................................................................................... 10

Brookdale Univ. Hosp. & Med. Ctr., Inc. v. Health Ins. Plan of Greater N.Y.,
   No. 07 Civ. 1471 (RRM) (LB), 2010 WL 1438087 (E.D.N.Y. Feb. 5, 2010) ................ 5

Brown v. Maxwell,
   929 F.3d 41 (2d Cir. 2019) ............................................................................................ 8

Butler, Fitzgerald & Potter v. Sequa Corp.,
   250 F.3d 171, 176 (2d Cir. 2001) ..................................................................... 2, 3, 8, 9

Catanzano by Catanzano v. Wing,
   103 F.3d 223 (2d Cir. 1996) .......................................................................................... 3

CWCapital Cobalt VR Ltd. v. U.S. Bank Nat'l Ass'n,
   790 F. App'x 260 (2d Cir. 2019) ........................................................................... 2, 3, 5

Floyd v. City of New York,
   770 F.3d 1051 (2d Cir. 2014) ................................................................................... 2, 3

Goldwasser v. Smith Corona Corp.,
   No. 5:91 Civ. 21 (JAC), 1993 WL 315347 (D. Conn. Aug. 6, 1993) .......................... 4

Griffin v. Sheeran,
   No. 17 Civ. 5221 (RJS), 2018 WL 11222864 (S.D.N.Y. June 11, 2018) .................... 5

Hulinsky v. Cnty. of Westchester,
   No. 22 Civ. 06950 (PMH), 2023 WL 3162428 (S.D.N.Y. Apr. 28, 2023) .............. 9, 11

In re Holocaust Victim Assets Litig.,
   225 F.3d 191 (2d Cir. 2000) .......................................................................................... 4

In re NASDAQ Mkt.-Makers Antitrust Litig.,
   164 F.R.D. 346 (S.D.N.Y. 1996) .................................................................................. 9

Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,
   550 B.R. 241 (Bankr. S.D.N.Y. 2016) .......................................................................... 9

John Wiley & Sons, Inc. v. Book Dog Books, LLC,
   315 F.R.D. 169 (S.D.N.Y. 2016) ................................................................................ 10

Kaliski v. Bacot (In re Bank of N.Y. Derivative Litig.),
   320 F.3d 291 (2d Cir. 2003) ........................................................................................ 10

Kamdem-Ouaffo v. Pepsico, Inc.,
   314 F.R.D. 130 (S.D.N.Y. 2016) ................................................................................ 10

Kearns v. Cuomo,
   No. 19 Civ. 00902 (EAW), 2019 WL 5060623 (W.D.N.Y. Oct. 9, 2019) ................. 11

Lujan v. Defs. of Wildlife,
   504 U.S. 555 (1992) ..................................................................................................... 6

Marbury v. Madison,
   5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803) .................................................................... 6

Matrix Realty Grp., Inc. v. Grubin,
   No. 08 Civ. 4514 (WHP), 2008 WL 4694999 (S.D.N.Y. Oct. 15, 2008) .................... 3

Peterson v. Islamic Republic of Iran,
   690 F. App'x 744 (2d Cir. 2017) ............................................................................... 5, 6

Pub. Serv. Co. of N.H. v. Patch,
   136 F.3d 197 (1st Cir. 1998) ......................................................................................... 7

Seils v. Rochester City Sch. Dist.,
   199 F.R.D. 506 (W.D.N.Y. 2001) .................................................................................. 6, 11
U.S. v. Glens Falls Newspapers, Inc.,
   160 F.3d 853 (2d Cir. 1998) ................................................................................................ 7
U.S. v. Pitney Bowes, Inc.,
   25 F.3d 66 (2d Cir. 1994) ................................................................................................. 2, 4

Rules

Fed. R. Civ. Proc. 24(b) ................................................................................................... 10, 11
Fed. R. Civ. Proc. 24(b)(1) ..................................................................................................... 10
Fed. R. Civ. Proc. 24(b)(3) ..................................................................................................... 10
Fed. R. Civ. Proc 26(b)(1) ........................................................................................................ 7

Plaintiff Trooper 1 ("Trooper 1") files this opposition to the Motion to Intervene of putative intervenor JB Nicholas ("Nicholas"). Not only is Nicholas's motion untimely, but Nicholas has no protectible interest in dictating to the Court how to conduct discovery (one of the bases for his motion), and all his stated goals in intervening are shared by other Defendants, who can more than adequately represent his interests. The Court should therefore deny Nicholas's Motion to Intervene ("Nicholas Mot.").

**BRIEF BACKGROUND OF RELEVANT FACTUAL AND PROCEDURAL HISTORY**

Plaintiff Trooper 1 ("Trooper 1") filed this action on February 17, 2022. On August 13, 2023, putative intervenor Nicholas began for the first time covering this litigation (and the ancillary subpoena disputes). See The Free Lance, "Home," https://www.thefreelancenews.org/?offset=1675731800507 (last accessed Aug. 23 2023). Nicholas takes the view that Defendant Andrew Cuomo ("Cuomo") is innocent, and he has published five articles in support of that position. As a journalist, he has every right to take these views, which are not at issue either in his motion or this opposition.

Nicholas now seeks to intervene in this action to bolster arguments already being made by Defendants Cuomo, Melissa DeRosa ("DeRosa"), or Richard Azzopardi ("Azzopardi"), or already addressed by the Court. Nicholas Mot., Dkt. 124. First, he asks that the Court unseal the transcript of the deposition of Ana Liss-Jackson and certain exhibits to that deposition. Id. at 1-2. Of course, this is already the subject of vigorous litigation by Defendants DeRosa and Azzopardi, who have asked the Court to unseal these exact documents. Mem. of Law to Make Materials Public, Dkt. 120. Second, he asks the Court to reconsider its well-reasoned Order from over a year ago, which permitted Trooper 1 to proceed anonymously in this action. Id. at 2. Finally, Nicholas:

1

> submit[s] to the Court that it should allow both sides in Trooper No. 1 to conduct the maximum amount of discovery allowed by law. That's because the public interest is best served by a thorough airing of the facts in the search for truth in this case. Make no mistake, it's not just damages that hang in the balance, the historical record itself might be determined by the outcome of this case.

Id. He continues on for several more paragraphs in the same rhetorical vein, urging the Court to morph from an Article III court adjudicating Trooper 1's legal claims, into a veritable Truth and Reconciliation Tribunal About the #MeToo Conspiracy Against Governor Cuomo, by allowing the Parties (by which he means Cuomo with his 30+ subpoenas) to take unlimited discovery— something that is obviously not in his power to request as an intervening journalist, citizen, or in any other capacity.

## DISCUSSION

### I.     THE MOTION TO INTERVENE STANDARD

> A party seeking to intervene as of right has the burden of persuading the Court that (1) the motion is timely; (2) [it] asserts an interest relating to the property or transaction that is the subject of the action; (3) [it] is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede [its] ability to protect its interest; and (4) [its] interest is not adequately represented by the other parties.

CWCapital Cobalt VR Ltd. v. U.S. Bank Nat'l Ass'n, 790 F. App'x 260, 262 (2d Cir. 2019) (citations and quotations omitted). "Failure to satisfy *any one* of these four requirements is a sufficient ground to deny the application." Floyd v. City of New York, 770 F.3d 1051, 1057 (2d Cir. 2014) (citations and quotations omitted, emphasis in original). Whether to permit intervention is vested in the sound discretion of the Court. Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 176 (2d Cir. 2001) ("This standard reflects the view that district courts, due to their proximity to the dispute, usually have a better sense of the case's factual nuances upon which a motion to intervene often turns."); U.S. v. Pitney Bowes, Inc., 25 F.3d 66, 69 (2d Cir. 1994) ("Because of the variety of factual circumstances that face a district court called upon to

2

decide whether to grant or deny a motion to intervene, and the close proximity of that court to the case's nuances, it has the advantage of having a better 'sense' of the case than we do on appeal.")

## II.    NICHOLAS'S MOTION IS UNTIMELY

Nicholas seeks to intervene on three issues: (1) to challenge the Court's decision to allow Trooper 1 to proceed anonymously; (2) to weigh in on discovery procedures; and (3) to seek the unsealing of the Liss-Jackson transcript. As to (1) and (2), Nicholas's motion is untimely. The Court's decision to allow Trooper 1 to proceed anonymously has stood for more than a year. Likewise, it has been publicly known for a similar length of time that the Parties were engaging in discovery. Nicholas is too late to intervene on either front.

In assessing timeliness, the Court may consider "(a) the length of time the applicant knew or should have known of its interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness." Floyd, 770 F.3d 1051, 1058 (citations and quotations omitted).

Factor (a) of this analysis is "[a]mong the most important factors" in this analysis, Catanzano by Catanzano v. Wing, 103 F.3d 223, 232 (2d Cir. 1996), and delays of eight months to a year are usually too long to permit intervention. See, e.g., Butler, Fitzgerald & Potter, 250 F.3d at 182 (intervention denied where "more than a year" elapsed from time when putative intervenor should have realized its interests were threatened); CWCapital Cobalt VR Ltd., 790 F. App'x at 263 (delay from "summer of 2017" until "March of 2018" rendered motion untimely); Matrix Realty Grp., Inc. v. Grubin, No. 08 Civ. 4514 (WHP), 2008 WL 4694999, at *2 (S.D.N.Y. Oct. 15, 2008) ("Because Matrix knew or should have known of its interest for thirteen months

before it moved to intervene, this Court cannot find that Bankruptcy Judge Glenn's denial of the motion was an abuse of discretion."); Goldwasser v. Smith Corona Corp., No. 5:91 Civ. 21 (JAC), 1993 WL 315347, at *3 (D. Conn. Aug. 6, 1993) ("a year and three months" of delay rendered intervention motion untimely); In re Holocaust Victim Assets Litig., 225 F.3d 191, 199 (2d Cir. 2000) ("eight months of delay" too long, where intervenor intended to reopen settled issues). Importantly, timeliness is measured from the date a party had "constructive notice" of its interest—not from the time its interest in the case was first piqued. Pitney Bowes, Inc., 25 F.3d at 71 ("In any event, passing that May 1990 point, BAII should have been alerted to its potential interest in the action brought by the United States against the settling defendants, when the United States gave public notice of the litigation and proposed consent decree in the Federal Register, on February 26, 1991.")

Here, one year and two months have passed since the Court permitted Trooper 1 to proceed anonymously, and Nicholas had constructive knowledge of the Order from the moment it was filed, since it was on the public docket, which Nicholas apparently monitors. About the same length of time has passed since the Court's minute entry which announced to anyone viewing the docket that discovery was proceeding. Minute Order, June 6, 2022.[1] Nicholas has offered no justification for delaying his motion until now. That this case only recently piqued his journalistic interest is not sufficient.

As to factors (b) and (c), Trooper 1 would be unduly burdened by having to restart litigation of the anonymity issue, when Cuomo, DeRosa, and Azzopardi have reserved the right to relitigate the issue. See Brookdale Univ. Hosp. & Med. Ctr., Inc. v. Health Ins. Plan of

---

[1] And, this case has hardly flown under the radar. It has received a fair amount of press coverage since it was filed last year.

Greater N.Y., No. 07 Civ. 1471 (RRM) (LB), 2010 WL 1438087, at *2 (E.D.N.Y. Feb. 5, 2010), report and recommendation adopted, No. 07 Civ. 1471 (RRM) (LB), 2010 WL 1438109 (E.D.N.Y. Apr. 9, 2010) ("The parties have engaged in protracted discovery and motion practice, and defendants' motion to dismiss plaintiff's second amended complaint is *sub judice*.")  As to discovery issues, the Parties are in the midst of litigating these issues, and having to counter motions brought by Nicholas, who admits he is trying to expand the scope of this litigation, would only burden Trooper 1's prosecution of this case, for absolutely no gain.  See CWCapital Cobalt VR Ltd., 790 F. App'x at 263–64 ("[The District Court] reasonably predicted that Cobalt's belated intervention would broaden the issues, causing prejudice to the parties by undermining the work already completed and delaying the proceedings."); Griffin v. Sheeran, No. 17 Civ. 5221 (RJS), 2018 WL 11222864, at *2 (S.D.N.Y. June 11, 2018), aff'd, 767 F. App'x 129 (2d Cir. 2019) ("Forcing the Court and the parties to retrace steps in a scheduling order issued nearly eight months ago is clearly prejudicial and, when considered in light of SAS's delay, unjustified.")  Nicholas will suffer no prejudice, since, as stated below, his positions are already well represented by existing parties to the case, and these parties are already vigorously litigating them.  CWCapital Cobalt VR Ltd., 790 F. App'x at 264 (Putative intervenor failed to establish prejudice where he showed only "some limited divergence" of interests between it and existing parties).

As to factor (d), the burden is on Nicholas to identify "unusual circumstances," which he has failed to do.  See Peterson v. Islamic Republic of Iran, 690 F. App'x 744, 746 (2d Cir. 2017) ("Cook has not identified any unusual circumstances weighing in favor of timeliness.")

In short, Nicholas was not permitted to delay until such time as he began to find this case interesting and newsworthy, and the Court may deny his motion as untimely.

5

## III. NICHOLAS HAS NO RIGHT TO INTERVENE "TO CORRECT THE RECORD" OR TO OPINE ON DISCOVERY PROCEDURES

Nicholas improperly seeks to offer the Court opinions about how it should conduct discovery. He wants the Court to conduct discovery in the name of "the public interest." Nicholas Mot. at 2. He urges that "it's not just damages that hang in the balance, the historical record itself might be determined by the outcome of this case." Id. He believes that the Court should conduct discovery for the benefit of "[t]he public, and generations of New Yorkers who have yet to be born." Id. at 3. Nicholas's vague interest in correcting the historical record through use of discovery procedures is the quintessence of a non-cognizable interest under the second prong of the intervention-as-of-right test, since it is an interest that is not "protectable, direct, and immediate." Seils v. Rochester City Sch. Dist., 199 F.R.D. 506, 510 (W.D.N.Y. 2001). It is, instead "remote [and] contingent," seeking remedies to protect an interest that is not (and cannot be) at issue in this case. Id. That is because "[t]he province of the court. . . is, solely, to decide on the rights of individuals." Lujan v. Defs. of Wildlife, 504 U.S. 555, 576 (1992) (quoting Marbury v. Madison, 5 U.S. (1 Cranch) 137, 170, 2 L.Ed. 60 (1803)). It is not the Court's role to "vindicate[] the *public* interest," and indeed Congress cannot even constitutionally confer upon it such a power. Id. (emphasis in original)[2]. Indeed, in diametric opposition to what Nicholas asserts, it is squarely and solely "damages that hang in the balance" in this discrimination claim between parties, as far as the Constitution and Federal Rules are concerned. In wanting to use the Court's process to conduct broad discovery, Nicholas can claim no more than "an undifferentiated, generalized interest in . . . an ongoing action." Pub. Serv. Co. of N.H. v. Patch, 136 F.3d 197, 205 (1st Cir. 1998) ("After all, every electricity consumer in New

---

[2]   It might also be argued that Nicholas does not have Article III standing to assert this interest. Either way, Nicholas has no interest sufficient to support his motion to intervene.

Hampshire and every person who does business with any electricity consumer yearns for lower electric rates.")  Indeed, allowing Nicholas to intervene would open every lawsuit with any public interest.  Legal scholars, gadflies, prison lawyers and concerned citizens would be able to intervene in each case to offer opinions about the Federal Rules and the scope of discoverable evidence.  But, just as much to the point, an intervention on this basis would be futile, since the scope of discovery in this case will be determined not by the interests of the "historical record" but by what is "relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. Proc 26(b)(1).  The Court may accordingly deny this motion as futile.  See U.S. v. Glens Falls Newspapers, Inc., 160 F.3d 853, 858 (2d Cir. 1998) (affirming denial of intervention on futility grounds).

While public bodies like the Office of the Attorney General or the State Assembly Impeachment Committee may wish to conduct broad-ranging inquiries in the public interest, and indeed have already done so, it is not the role of the Court to undertake an investigation of the kind Nicholas has in mind.  Nicholas's interest in the historical record is neither "protectable" nor "direct" and cannot support intervention.[3]

**IV.   NICHOLAS'S INTERESTS ARE ADEQUATELY REPRESENTED BY CUOMO, DEROSA AND AZZOPARDI**

Nicholas's motion to intervene also fails as to all of (1) (anonymity), (2) (discovery issues) and (3) (Liss-Jackson) because, under the fourth prong of the 24(a) test, his interests on

---

[3]   Nicholas's generalized interest in opining on the Court's discovery procedures is distinguishable from the discrete and concrete interest of a citizen or journalist who wishes to unseal a document that has been filed under seal, as in Brown v. Maxwell, 929 F.3d 41, 47 (2d Cir. 2019).  Such cases as Brown must also be distinguished in that, usually (as in Brown), the parties have already settled or proceeded to judgment, and there is no more possibility of the parties litigating the issues of sealing.  Here, on the contrary, the Parties are already litigating the exact issues Nicholas wishes to weigh in on.

7

all of these points are already adequately represented. "Where there is an identity of interest, as here," between the intervenor and existing parties "the movant to intervene must rebut the presumption of adequate representation by the party already in the action." Butler, Fitzgerald & Potter, 250 F.3d at 179–80. With all of his arguments, Nicholas is seeking relief identical to relief being sought by Cuomo, Azzopardi and DeRosa. As discussed above, DeRosa and Azzopardi have filed a motion and have argued ably for the unsealing of the Liss-Jackson documents Nicholas also seeks to unseal. As to Trooper 1's request to proceed anonymously, this Court exercised its independent duty to consider that issue at the outset of this case and found that anonymity was warranted under the facts and circumstances. Order, Dkt. 37. As the Court noted, Cuomo, DeRosa and Azzopardi all reserved their right to revisit this Order later in the litigation. Id. at 2–3.

Since Nicholas's interests are identical to those of parties already litigating in this case, to demonstrate an entitlement to intervention he would have to show "collusion, adversity of interest, nonfeasance, or incompetence" on the part of the existing parties representing his interest. Id. at 180. "[D]isagreement with an existing party over trial strategy" is not sufficient. Id. at 181.[4] Cuomo, DeRosa and Azzopardi are litigating the above issues vigorously, at great expense, and more ably than Nicholas would be able to do as a gadfly pro se litigant with eccentric views about constitutional law.[5] Nicholas Mot. at 2 (offering the incorrect opinion that that the Court's decision to allow Trooper 1 to proceed under a pseudonym was unconstitutional). See, e.g., Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, 550 B.R.

---

[4] For instance, demanding that the Court allow re-litigation of the anonymity issue *right now*, as opposed to at the end of discovery, is no more than a "disagreement with an existing party over trial strategy."

[5] While Trooper 1 may disagree with the positions taken and the arguments made, it is apparent that counsel for these Defendants is conducting a zealous defense, sparing no expense.

8

241, 254 (Bankr. S.D.N.Y. 2016) (putative intervenor with an interest in creating favorable case law for analogous proceedings, was adequately represented by a defendant who was just as interested in a favorable outcome); cf. In re NASDAQ Mkt.-Makers Antitrust Litig., 164 F.R.D. 346, 351 (S.D.N.Y. 1996) (because both parties to a case wished to keep documents confidential and sealed, newspaper-intervenors' interests were not represented). Moreover, rank speculation that one of these parties could change its position later is insufficient to overcome this presumption. See Hulinsky v. Cnty. of Westchester, No. 22 Civ. 06950 (PMH), 2023 WL 3162428, at *4 (S.D.N.Y. Apr. 28, 2023) (denying intervention based on adequacy of representation).

Likewise, it is beyond doubt that Nicholas's interests in expansive discovery are being adequately represented here. The Parties have filed numerous motions and cross-motions on subpoenas, depositions and other discovery issues, and Cuomo, DeRosa and Azzopardi have steadfastly advocated for the broadest possible discovery, especially with regards to subpoenas.

In sum, Nicholas's exact positions are already well represented. If Nicholas wishes to proceed as a booster or supporter of the defense, he is free to seek leave to file an amicus brief.

## V. DISCRETIONARY INTERVENTION IS ALSO INAPPROPRIATE

While Nicholas has moved only for intervention as of right, intervention would also be properly denied had he moved under Fed. R. Civ. Proc. 24(b) for permissive intervention. Rule 24(b) provides that "on timely motion, the Court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. Proc. 24(b)(1). Courts consider "substantially the same factors" when deciding whether to permit permissive intervention as for interventions as of right. Kaliski v. Bacot (In re Bank of N.Y. Derivative Litig.), 320 F.3d 291, 300 n.5 (2d Cir. 2003). As with intervention under 24(a),

9

whether to grant permissive intervention is vested in the Court's "broad discretion." AT & T Corp. v. Sprint Corp., 407 F.3d 560, 561 (2d Cir. 2005). In exercising that discretion, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. Proc. 24(b)(3).

"Under both relevant provisions of Rule 24, the threshold inquiry is whether the application for intervention is timely." Kamdem-Ouaffo v. Pepsico, Inc., 314 F.R.D. 130, 134 (S.D.N.Y. 2016). "The issue of timeliness is evaluated according to the same criteria whether intervention is sought as of right or permissively." John Wiley & Sons, Inc. v. Book Dog Books, LLC, 315 F.R.D. 169, 175 (S.D.N.Y. 2016). As described above, Nicholas's motion is untimely and may be denied on that basis alone.

Moreover, Nicholas fails another threshold question under 24(b). While 24(b) opens the intervention inquiry to the Court's discretion, it limits that discretion only to cases where the intervenor "has a claim or defense that shares with the main action a common question of law or fact." Seils, 199 F.R.D. at 512-513 (denying because putative intervenors did not meet threshold requirement of 24(b)(2), because putative intervenor had different kinds of discrimination claims). Nicholas does not have "a claim or defense that shares with the main action a common question of law or fact." He instead has an ancillary claim predicated on public rights. This is an inappropriate basis for a Rule 24(b) motion.

Even putting aside these threshold questions, however, the Court may consider the same factors as in its 24(a) analysis in weighing whether to grant intervention and deny intervention on the same bases. Hulinsky, 2023 WL 3162428, at *4. Again, Nicholas has filed an untimely motion, having waited over a year, until the case became interesting to him, to suddenly press his right to intervene. He has nothing to gain from intervening—the existing Defendants have taken

10

all the same positions as him. And he has nothing to lose from having his intervention denied, for the same reasons. Meanwhile, were he to intervene, the Parties would have to begin countering new motions and potentially new discovery requests at the exact moment the litigation reaches its most complex and fraught juncture.

Finally, under 24(b)(3), allowing a fourth party to enter the case just to boost the defendants adds an unhelpful level of complexity to the case and potentially opens the door to endless intervention. See Kearns v. Cuomo, No. 19 Civ. 00902 (EAW), 2019 WL 5060623, at *6 (W.D.N.Y. Oct. 9, 2019) ("Given the significant interest of various third parties in this litigation, granting permissive intervention to the RMM et al. proposed intervenors would likely result in further requests for permissive intervention which may ultimately delay the litigation and present obstacles to its manageability.")

## CONCLUSION

Dated: August 31, 2023
    New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: _____
    Valdi Licul
    John S. Crain

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
vlicul@wigdorlaw.com
jcrain@wigdorlaw.com

*Counsel for Plaintiff*

11