## Cuti Hecker Wang LLP

305 Broadway, Suite 607
New York, NY 10007

Mariann Meier Wang
212.620.2603 tel
212.620.2613 fax

mwang@chwllp.com

September 8, 2023

**By ECF**

The Honorable Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Trooper 1 v. Cuomo, et al.*; Case No. 22-cv-00893 (LDH) (TAM)

Dear Judge Merkl:

      This firm represents non-parties Virginia Limmiatis and Alyssa McGrath, who have been targeted by Defendant Cuomo with deposition and document subpoenas served on March 31, 2023. We write to request a pre-motion conference or, in the alternative, a briefing schedule for our clients' forthcoming motion to quash the subpoenas, or in the alternative for a protective order.[1] We had hoped to present the disputes concerning the subpoenas to our clients in a joint letter to the Court, but defense counsel withdrew their agreement to proceed in that manner and has informed us that they will be unilaterally moving to compel our clients' further compliance with the subpoenas, possibly in Albany.

      We have tried for months to reasonably work with Defendant's counsel to respond to the subpoenas – within reason and without imposing an undue and disproportionate burden on our clients whose only connection to this lawsuit is that they courageously came forward to share their experiences of harassment by Defendant Cuomo. We interposed timely responses and objections, we have made multiple document productions, and we have engaged in multiple meet-and-confer conversations with defense counsel. Notwithstanding those efforts, Defendant Cuomo appears committed to further punishing and harassing our non-party clients by subjecting them to unnecessary, invasive, and burdensome discovery. His aggressive position regarding the subpoenas to Ms. Limmiatis and Ms. McGrath is all the more offensive given that he seeks to compel these non-parties' compliance

---

[1] This letter does not purport to enumerate every argument our clients will present in their putative motion to quash; rather, we seek to preview the discovery disputes that require the Court's attention and to request a briefing schedule for such motion practice.

while he himself appears to refuse to fulfill his discovery obligations as a party to this litigation, he has stated an intention to seek to strike allegations relating to our clients' own prior harassment by Defendant Cuomo, and motion practice is underway concerning the potential adjournment of non-party discovery until Defendant Cuomo sits for his deposition.

The subpoenas served on Ms. Limmiatis and Ms. McGrath are overly broad and seek information and testimony that is entirely irrelevant to the claims and defenses in this case. Moreover, in addition to the irrelevance of their testimony, there is no need to depose Ms. Limmiatis and Ms. McGrath[2] because they each provided extensive video testimony to the Office of the Attorney General during the course of its investigation into multiple sexual harassment allegations against Defendant Cuomo, all of which is available to Defendant Cuomo. It would be especially burdensome to require our clients to testify *again* about the harassment Defendant Cuomo subjected them to and about which they bravely came forward and spoke about years ago. They have not as of yet pursued legal action against Defendant Cuomo, and we believe the Court should exercise its inherent authority to limit harassing and unnecessary discovery.

It would be unfair and disproportionate to the needs of this case to subject our clients to further harassment by Defendant Cuomo in the form of compelled burdensome additional document discovery and compelled deposition testimony at all, much less before he has himself sat for a deposition and while questions remain as to whether our clients' information and testimony will be deemed to be relevant or necessary in this litigation.

* * *

We thank the Court for its attention to this matter, and remain available to provide additional information or answer any questions the Court may have.

Respectfully submitted,

*Mariann Wang*

Mariann Meier Wang
Alice G. Reiter

cc: All counsel of record

---

[2] We note that defense counsel has agreed to conduct Ms. Limmiatis's potential deposition via Zoom, but has steadfastly insisted on subjecting Ms. McGrath to an in-person deposition for no justifiable reason.