**GLAVIN PLLC**
156 West 56th Street, Ste. 2004
New York, New York 10019
646-693-5505

September 11, 2023

**BY ECF**

Hon. Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Trooper 1 v. NYSP et al.*, 22-cv-893 (LDH) (TAM)

Dear Judge Merkl:

  I represent former Governor Andrew M. Cuomo ("Governor Cuomo") in the above-referenced Action and write to respectfully request an in-person conference at the Court's earliest convenience to address the status of discovery and, specifically, numerous pending and upcoming party and nonparty discovery disputes that impact more than twenty subpoenas issued by Governor Cuomo.

  Many nonparties—including those specifically referenced in Trooper 1's Complaint—have flatly refused to produce relevant documents and have also refused to sit for depositions. This is particularly notable given that those nonparties readily complied with subpoenas from the New York Attorney General's Office during its investigation. Indeed, as this Court is aware, three motions to compel/quash subpoenas are currently pending (affecting more than a dozen subpoenas). One of those motions will not be fully briefed until early October. Further, we expect at least two more motions to compel will need to be filed in the coming weeks, as other nonparties have been emboldened to resist compliance in light of other nonparty objections. In addition, our motion for reconsideration of the July 19 Discovery Order is also pending.

  Further, Trooper 1 has also blocked discovery by filing motions to quash certain nonparty discovery. Most recently, Trooper 1 objected to Governor Cuomo serving subpoenas even on witnesses she specifically identified as having discoverable information. That dispute is included in the parties' August 25, 2023 joint letter. ECF No. 136.

  Moreover, we understand from co-defendants' counsel that they have also served subpoenas on some of the same nonparty witnesses served by Governor Cuomo and some of those witnesses have already indicated that they plan to move to quash those subpoenas.

Hon. Taryn A. Merkl
September 11, 2023
Page 2 of 2

The situation is untenable. Governor Cuomo has sought discovery from witnesses Trooper 1 specifically (a) included and discussed in *seventy-three paragraphs* (approximately fifteen pages) of her Complaint, and (b) listed in her initial disclosures as witnesses. And yet Trooper 1 objects to discovery related to these and other witnesses. Governor Cuomo did not make these individuals witnesses—Trooper 1 did. She should not now be able to block him from obtaining discovery related to these witnesses and allegations. Moreover, when Governor Cuomo sought certain information from the New York Attorney General's Office relating to those witnesses and their allegations included in the Complaint, this Court opined that Governor Cuomo should seek discovery from those individuals and acknowledged Governor Cuomo's need to "conduct robust discovery" based on the allegations in the Complaint. OAG ECF No. 25 at 100:4–7; *see also* OAG ECF No. 37 at 30 ("[T]he full range of civil discovery tools is available to [Governor Cuomo] in connection with the Trooper 1 litigation, and he may seek to depose relevant anticipated witnesses and subpoena them for documents."). Governor Cuomo, in accord with this Court's guidance, did exactly that and sought discovery in good faith to defend himself in this lawsuit only to face objection upon objection upon objection from those witnesses (many of whom have been coordinating to block that discovery).

The current disputes, which concern more than twenty subpoenas issued by Governor Cuomo, have brought Governor Cuomo's discovery to a grinding halt. With numerous discovery motions pending, with many more objections to Governor Cuomo's subpoenas, and with little guidance from the Court on these issues, Governor Cuomo is being denied the opportunity to obtain crucial evidence he needs to defend himself against Trooper 1's claims. Moreover, under these circumstances, completion of fact discovery by the October 16, 2023 cut-off date is impossible. Governor Cuomo respectfully requests that the Court break the logjam by scheduling a status conference to address this discovery quagmire.

Respectfully submitted,

*/s/ Rita M. Glavin*

Rita M. Glavin