

**Valdi Licul**
vlicul@wigdorlaw.com

September 11, 2023

**VIA ECF**

The Honorable Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Trooper 1 v. Cuomo, *et al.*</u>; Case No. 22 Civ. 00893 (LDH) (TAM)

Dear Judge Merkl:

We represent Plaintiff Trooper 1 ("Plaintiff" or "Trooper 1") in this matter. We write in response to the Letter of Defendant Andrew Cuomo ("Cuomo") filed today. While Trooper 1 will participate fully in the scheduled conference, we write to clarify the record. Cuomo wishes to lay failures in the discovery process on everyone else's doorstep, failing to acknowledge that he has manufactured the crisis himself and has egregiously obstructed discovery.

First, Cuomo misconstrues Trooper 1's position. Trooper 1 has never objected to Cuomo taking discovery on discoverable information, nor from any of the witnesses she has identified. She has objected instead to (1) the abusive discovery of witnesses' sexual histories and (2) the endless multiplication of subpoenas that are clearly out of all proportion to the needs of the case, and which appear to be designed to present further discovery extensions as *fait accompli* (exactly as Cuomo presents them in today's letter).

Second, Cuomo blames this Court for denying him access to records held by the State and blames the Court's denial for delaying the discovery process. The issue is manufactured. Cuomo opted to delay serving subpoenas by and large until March of this year, over a year into the litigation, well after the Court's first fact discovery deadline, and did not start serving the bulk of them until August of this year. All of the third parties now raising and litigating objections were known to Cuomo from the start of this case, and he had no reason to delay seeking discovery from them.

Finally, while Cuomo blames the rest of the world for blocking his discovery, he elides that he has engaged in abusive conduct in obstructing discovery, by canceling his own deposition and then canceling Trooper 1's deposition. He had no right to do so, and it is absurd for him to press for non-party depositions and document discovery while he continues to balk at his own discovery obligations.



The Honorable Taryn A. Merkl
September 11, 2023
Page 2

To the extent Cuomo's letter can be construed as a motion for an extension of discovery, Trooper 1 objects. He has re-packaged the motion as a request for a conference in order to avoid the Court's meet-and-confer and joint letter requirements, and the motion should therefore be denied by default. In any case, no such extension is needed. Additional party depositions are scheduled for September 20 (Melissa DeRosa) and September 21 (a 30(b)(6) witness produced by the New York State Police ("NYSP")). Cuomo has outstanding discovery obligations, in that he has not disclosed whether he is withholding documents "on the basis of [any] objection" as required by Fed. R. Civ. Proc. 34(b)(2)(C) and, apart from this, we will need to reschedule the deposition of Cuomo, since Cuomo unilaterally canceled it. All of this discovery can be completed—easily—by the current deadline of October 16, 2023.

We thank the Court for its consideration and time in connection with this matter.

Respectfully submitted,

Valdi Licul