**EISENBERG & SCHNELL** LLP
ATTORNEYS AT LAW

HERBERT EISENBERG
LAURA S. SCHNELL

September 19, 2023

**VIA ECF**

Honorable Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      RE:  <u>Trooper 1 v. New York State Police et al.</u>, No. 22-cv-00893 (LDH) (TAM)

Dear Judge Merkl:

      We represent non-party Charlotte Bennett ("Ms. Bennett") and write jointly with Defendant Melissa DeRosa ("Defendant DeRosa") and Defendant Richard Azzopardi ("Defendant Azzopardi") to request a conference pursuant to the Court's rules concerning discovery disputes.  Ms. Bennett requests that the Court quash the subpoena Defendant DeRosa served on her (the "Subpoena") in the instant action (the "*Trooper 1* action"), attached hereto as Exhibit 1.  Defendant DeRosa and Defendant Azzopardi oppose and request to cross move to compel.

      Counsel met and conferred on September 6, 2023, at 3:00 PM ET, for approximately thirty minutes.  Present were Laura S. Schnell and Herbert Eisenberg for Ms. Bennett and Catherine Foti and Kayasha Lyons for Defendant DeRosa.  Counsel for Ms. Bennett agreed to accept service of the subpoena on behalf of Ms. Bennett, and Ms. Lyons served the subpoena on Ms. Bennett's counsel via email on September 6, 2023.  Ms. Schnell responded on September 7, 2023, and informed counsel for Defendant DeRosa that Ms. Bennett anticipated moving to quash.

      Counsel reconvened on September 11, 2023, at 4:00 PM ET for approximately twenty minutes.  Present were Ms. Schnell, Mr. Eisenberg, Rachel Green, and Kayla Morin for Ms. Bennett; and Ms. Foti and Ms. Lyons for Defendant DeRosa.  Counsel were unable to resolve the dispute.

      We recognize that the Court has scheduled an in-person Status Conference on September 26, 2023, to discuss ongoing discovery disputes in the *Trooper 1* action.  We intend to appear at that conference, and we are prepared to discuss this dispute at that conference or in a separately scheduled conference according to the Court's preference.

THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 2704
NEW YORK, NEW YORK 10279

PHONE  212.966.8900
FAX      212.966.2505
eisenbergschnell.com

I.  **THE SUBPOENA**

Defendant DeRosa formally served the Subpoena on Ms. Bennett through her counsel on September 6, 2023.  *See* Exhibit 1.  The Subpoena seeks both deposition testimony and the production of documents from Ms. Bennett and sets Ms. Bennett's deposition for September 18, 2023.  The Subpoena does not set forth specific categories of testimony for Ms. Bennett's deposition.  With respect to documents, the Subpoena seeks:

(1) All documents that reflect (i) communications with Melissa DeRosa or Richard Azzopardi or (ii) about Melissa DeRosa or Richard Azzopardi, including but not limited to, communications with the OAG, communications with reporters, social media posts and direct messages, and communications with Lindsey Boylan, Alessandra Biaggi, Brittany Commisso, Alyssa McGrath, Ana Liss and Kaitlin [Doe].[1]

(2) All documents concerning Melissa DeRosa or Richard Azzopardi produced to the OAG in connection with the OAG Investigation.

(3) All videos, images, or photographs that relate to Melissa DeRosa or Richard Azzopardi.

(4) All documents supporting your statement in the complaint you filed against Melissa DeRosa, among others, in No. 1:22-cv-7846-VSB (S.D.N.Y.): "Defendant[] DeRosa aided and abetted sexual harassment by maintaining and contributing to an office environment in which, *inter alia*, women were pressured to wear more traditionally feminine attire, including dresses and high heels, when [Governor] Cuomo was in the office; [Governor] Cuomo assigned female employees, but not male employees, to humiliating and demeaning tasks; and [Governor] Cuomo subjected female employees, but not male employees, to sexualized comments and questions." ¶ 185.

II.  **MS. BENNETT'S POSITION**

Defendant DeRosa's service of the Subpoena on Ms. Bennett is yet another attempt by the Defendants in the *Trooper 1* case to drag Ms. Bennett into this action.  Indeed, Ms. Bennett's motion to quash former Governor Andrew Cuomo's ("Defendant Cuomo") deposition subpoena and document subpoena directed toward her, as well as a document subpoena directed toward Hamilton College, in the *Trooper 1* action is currently pending before this Court.  Doc. 83.  As detailed in that motion, Ms. Bennett knows nothing about Trooper 1 other than what has been publicly reported, did not witness any of the events that gave rise to Trooper 1's claims, and does not even know Trooper 1's identity.  The only connection Ms. Bennett has to this case is that the Amended Complaint here summarizes the OAG's findings about her.

Counsel for Defendants DeRosa and Azzopardi claim that they are entitled to take Ms. Bennett's deposition.  When pressed as to what possible relevant information Ms. Bennett could possess relating to Defendant Azzopardi, counsel for Defendant DeRosa said she did not know.

---

[1] Pursuant to the Court's August 23, 2023, Order, Ms. Doe's last name is not included here, and the Subpoena, which uses her last name, will be filed under seal.

EISENBERG & SCHNELL LLP

The only possible line of questioning counsel could come up with was asking Ms. Bennett a couple questions about whether she was aware of Defendant Azzopardi enabling Defendant Cuomo's misconduct. This threadbare explanation for seeking to depose Ms. Bennett makes no sense, and, more importantly, is entirely untethered to the issues in the *Trooper 1* action. *See Tottenham v. Trans World Gaming Corp.*, No. 00 CIV. 7697 (WK), 2002 WL 1967023, at *2 (S.D.N.Y. June 21, 2002) ("Discovery requests cannot be based on pure speculation or conjecture.").

Defendant DeRosa has been entirely unable to explain why obtaining information from Ms. Bennett is necessary to her defense in the *Trooper 1* action. Counsel for Defendant DeRosa argues that she is entitled to have testimony on the record from Ms. Bennett wherein Ms. Bennett asserts that she has no evidence relevant to the *Trooper 1* action. In other words, Defendant DeRosa has failed to set forth any basis for why Ms. Bennett would possess *any* relevant information, but instead seeks to subpoena and depose Ms. Bennett to confirm that she *lacks* anything remotely relevant to the Trooper case. This argument underscores that subpoenaing Ms. Bennett in this action is disproportional and a waste of time. There are less burdensome, more efficient ways to obtain information Defendant DeRosa seeks, such as by deposing Trooper 1. Allowing Defendant DeRosa to burden others to prove that a non-party witness lacks relevant information would open the floodgates to even more harassing, unnecessary third-party discovery in this action and in others.

Finally, Defendant DeRosa improperly seeks documents related to Ms. Bennett's allegations in *Bennett v. Cuomo et al.*, No. 1:22-cv-7846-VSB (S.D.N.Y. filed Sept. 14, 2022) in the instant case. Discovery in Ms. Bennett's case in the Southern District of New York is ongoing, and Defendant DeRosa cannot use the *Trooper 1* action to circumvent the normal discovery process as she is also a defendant in the *Bennett* case in the Southern District.

### III.   DEFENDANT DEROSA'S POSITION

Ms. Bennett's counsel misstates the substance of the meet and confer conversations and Defendants' description of Ms. Bennett's relevance to this case. Contrary to Ms. Bennett's position, Trooper 1 made Ms. Bennett relevant to this action when she chose to bolster her claims against the Defendants by alleging and relying on the results of the Attorney General's report and complaints against Governor Cuomo made by Ms. Bennett. Moreover, Trooper 1 specifically lists Ms. Bennett in her Federal Rule of Civil Procedure 26(a) initial disclosures as a witness with knowledge and discoverable information.[2] *See* Dkt. No. 97-1. Ms. Bennett's testimony and the documents requested are undeniably relevant to the defense of Trooper 1's allegations.

Specifically, Ms. Bennett fails to mention that counsel for Defendants specifically stated the reason Ms. Bennett should be deposed is because Trooper 1 has indicated that Ms. Bennett has relevant information to this action both by identifying and discussing Ms. Bennett in the Amended Complaint for several paragraphs. Am. Compl. ¶¶ 92–102, 146. In her complaint,

---

[2] Ms. Bennett has also identified Trooper 1 as an individual with knowledge relevant to her allegations in the Federal Rule of Civil Procedure 26(a) disclosures she served in her own action pending in the Southern District of New York. *See* Dkt No. 96.

EISENBERG & SCHNELL LLP

Trooper 1 alleges she was "not the Governor's only victim" and that Governor Cuomo "harassed numerous other women in almost the same manner that he harassed Trooper 1." *Id*. ¶ 75. Specifically, with reference to Ms. Bennett, Trooper 1 claims that Ms. Bennett "complained about the Governor's harassment but was told that the Governor's conduct amounted to 'grooming,' not sexual harassment and, therefore, there was no need to escalate her complaint," and that Ms. DeRosa "advised the Governor that he should not have interacted with Bennett at all." *Id*. ¶ 146. Trooper 1 also claims Ms. DeRosa attempted to conceal Governor Cuomo's harassment. *Id*. ¶¶ 62-67. Overall, Trooper 1 summarizes Ms. Bennett's allegations relating to the alleged sexual harassment in twelve paragraphs in her complaint — which were discussed during the meet and confer. *Id*. ¶¶ 92–102, 146.

Although not clear, it appears that Trooper 1's claims against Ms. DeRosa are based on some theory that Ms. DeRosa's failure to take action in response to other alleged claims of harassment allowed Governor Cuomo to continue an alleged course of conduct of harassing her. In order to prove her discrimination and retaliation claims against Ms. DeRosa, Trooper 1 must demonstrate that Ms. DeRosa either (1) participated in the alleged sexual harassment; or (2) she was put on notice about Governor Cuomo's alleged misconduct and did nothing to stop it. Thus, to the extent that Ms. Bennett has relevant evidence concerning the aiding and abetting conduct and/or the retaliation claims against Ms. DeRosa in Trooper 1's complaint, Ms. DeRosa would be entitled, and required, to discover that information in order to defend herself against Trooper 1's claims. Similarly, to the extent that Ms. Bennett has any information relevant to Trooper 1's allegations that Mr. Azzopardi enabled Governor Cuomo's alleged misconduct, or Trooper 1's retaliation claims against Mr. Azzopardi, he also would be entitled to that information to support his defense against Trooper 1's claims.

In addition, Ms. Bennett's position that Defendants are now improperly seeking documents and information from her in the *Trooper 1* case in order to use them in Ms. Bennett's own case pending in the Southern District of New York is simply false. The basis of Ms. DeRosa's and Mr. Azzopardi's document subpoena to Ms. Bennett is to determine whether Ms. Bennett has any relevant information put directly at issue in this action by Trooper 1. We have requested documents from Ms. Bennett concerning Ms. DeRosa and Mr. Azzopardi in a very narrowly drawn subpoena implicating the allegations in the current action. These documents are unquestionably relevant. *See In re Subpoena to Loeb & Loeb LLP*, No. 19 Misc. Civ. 241 (PAE), 2019 WL 2428704, at *3, 5 (S.D.N.Y. June 11, 2019) (finding that a subpoena served on a nonparty for a production of documents or communications "with or about" the defendants was "plainly relevant" to the action). Thus, contrary to Ms. Bennett's position, we are entitled to seek documents responsive to those requests.

Finally, Ms. DeRosa and Mr. Azzopardi are separate parties from Governor Cuomo in this action, and our Subpoena to Ms. Bennett should be treated on its own merit. The status conference the Court scheduled for September 26, 2023 was precipitated by the disputes with Governor Cuomo. However, we, of course, will be available to discuss our clients' dispute with Ms. Bennett as well if convenient for the Court, but we note that our basis for subpoenaing Ms. Bennett is to obtain information to defend Ms. De Rosa and Mr. Azzopardi and thus distinct subpoena served on Ms. Bennet by Governor Cuomo. Moreover, Ms. Bennett's arguments that the former Governor is using his subpoena as a method to continue to harass Ms. Bennett is

EISENBERG & SCHNELL LLP

irrelevant to the appropriateness of Ms. DeRosa and Mr. Azzopardi's Subpoena and therefore is immaterial to Ms. Bennett's motion to quash the current Subpoena.

*   *   *   *

We thank the Court for its consideration and time in connection with this matter.

Respectfully Submitted,

Herbert Eisenberg
*Attorney for Charlotte Bennett*