**CAPEZZA HILL, LLP**
ATTORNEYS AT LAW

Thomas A. Capezza, Esq.
*Partner*

September 21, 2023

*Via ECF*

U.S. Magistrate Judge Taryn A. Merkl
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:    *Trooper 1 v. Cuomo, et al.*, No. 22-cv-00893-LDH-TAM

Dear Magistrate Judge Merkl:

      We represent a non-party identified as "State Entity Employee #2" in the Amended Complaint (¶ 141). Defendants served State Entity Employee #2 with two deposition subpoenas for a deposition on or about October 6, 2023. We write to respectfully request that State Entity Employee #2's identity be designated as confidential, *see* Dkt. 68. We further request a pre-motion conference for an interim order: (i) directing that defendants not reveal State Entity Employee #2's identity in motion practice, and (ii) setting a briefing schedule so that we may move to quash both subpoenas.

      State Entity Employee #2 served in the New York State Department of Health and gave sworn testimony on May 24, 2021, in the Attorney General's investigation of then-Governor Cuomo. That testimony is publicly available on the State Attorney General's website using the pseudonym State Entity Employee #2.[1] Having served her state during the pandemic, State Entity Employee #2 left public service and returned to private life. She never filed suit in the above-referenced case or any other. State Entity Employee #2 does not know *Trooper 1* and is referenced in Paragraph 141 of the Amended Civil Complaint in Section G titled "Other Victims." State Entity Employee #2 has not been contacted by plaintiff's counsel for *Trooper 1* or any other plaintiff.

      On or about August 22, 2023, counsel for Mr. Cuomo served State Entity Employee #2 with a non-party Subpoena to Testify at a Deposition in the above-captioned civil action pursuant to Fed. R. Civ. P. 45 ("Non-Party Deposition Subpoena" or "Subpoena"). The Subpoena includes an attachment of Rule 45, a copy of an Amended Confidentiality Order signed by the Honorable Taryn A. Merkl, United States Magistrate Judge, Eastern District of New York, and a copy of the Second Amended Complaint ("SAC"). On or about September 12, 2023, counsel for Ms. DeRosa and Mr. Azzopardi also served on State Entity Employee #2 a Non-Party Deposition Subpoena.

      Consistent with the Court's Amended Confidentiality Order, we seek to designate State Entity Employee #2's identity confidential. *See* Dkt. 68 at 1 (the Order covers non-public confidential personal information including information produced by a nonparty); *see also* Dkt. 37

---

[1] https://ag.ny.gov/sites/default/files/2021.05.24_state_entity_employee_2_10.22.2021.pdf

at 9 (Plaintiff in this case may use a pseudonym, holding "there is little to no cognizable prejudice to Defendants at this stage, balanced against a likelihood of harm to Plaintiff if she is required to reveal their identity").

The same reasons justifying the use of a pseudonym for Plaintiff exist for State Entity Employee #2, a non-party with no knowledge of *Trooper 1*. Specifically, the litigation involves sexual harassment. The suit "alleges several instances of sexual harassment, which courts have found to be 'highly sensitive and of an extremely personal nature.'" Dkt. 37 at 5 (quoting *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019). Moreover, this is a very public case with press coverage and addressing State Entity Employee #2 by name in future public documents will subject her to unnecessary stress and potential psychological trauma, especially considering that State Entity Employee #2 is a non-party who did not seek involvement in any litigation. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); *see also Doe v. Weinstein*, 484 F. Supp. 3d 90, 96 (S.D.N.Y. 2020) (shielding innocent non-parties from the risk of retaliation resulting from their identification.). Further, there is no prejudice to defendants as they can use the same redaction procedure that applies to *Trooper 1*. Finally, "there is a substantial public interest in [this] litigation" and "this is a case where the price of access to the courts should not be too high." Dkt. 37 at 9. Where witnesses to and survivors of sexual harassment by powerful individuals "risk public scorn or even retaliation if their identities are made public, unpopular but valid complaints may not be pursued." *Id.* The public has an interest in protecting the identities of sexual harassment survivors so other survivors will not be deterred from reporting such misconduct. *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195-96 (E.D.N.Y. 2006).

We thank the Court for its time and consideration.

Respectfully submitted,

**CAPEZZA HILL, LLP**

_____
Thomas A. Capezza, Esq.
Abby McCormick-Foley, Esq.

cc: All counsel of record via ECF.