UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TROOPER 1,

                Plaintiff,

-against-

NEW YORK STATE POLICE, ANDREW CUOMO, MELISSA DEROSA, and RICHARD AZZOPARDI,

                Defendants.

Index No. 22-cv-00893 (LDH) (TAM)

## DECLARATION OF ZOE SALZMAN, ESQ.

I, ZOE SALZMAN, under penalty of perjury, pursuant to 28 U.S.C. § 1746, declare that the following is true and correct:

1. I am an attorney licensed to practice law in the State of New York and admitted to practice in this Court. I am partner at the law firm Emery Celli Brinckerhoff Abady Ward & Maazel, LLP, lawyers for non-party Kaitlin in this case.

2. I submit this declaration in support of Kaitlin's opposition to Defendant Cuomo's motion to compel Kaitlin's compliance with subpoenas and in support of Kaitlin's cross-motion to quash, or protect Kaitlin from, Cuomo's subpoenas in the above captioned matter.

3. On April 18, 2023, I accepted service of two subpoenas addressed to Kaitlin from Defendant Cuomo. One subpoena sought to depose her ("Deposition Subpoena", ECF No. 142-3). The other sought to obtain an overbroad group of documents ("Documents Subpoena", ECF No. 142-2). The Deposition Subpoena did not include the witness or mileage fees. The Documents Subpoena did not seek any phone records.

4. On May 3, 2023, I served Kaitlin's Responses and Objections to the Documents Subpoena (ECF No. 142-4). The Responses and Objections stated we were available to meet and confer with Cuomo's lawyers.

5. On May 18, 2023, I met and conferred with Cuomo's lawyers. I asked counsel to identify any relevant documents that they believed Kaitlin might have, beyond the documents that Kaitlin produced to the New York State Office of the Attorney General ("OAG") for its investigation of Defendant Cuomo. At the end of this meet-and-confer, Cuomo's lawyers agreed to speak with their team about whether the OAG documents would satisfy the Document Subpoena or whether there were any other documents they could identify with some specificity to guide our search.

6. On June 9, 2023, I met and conferred with Cuomo's lawyers for the second time. At this meet-and-confer, Cuomo's lawyers refused to identify any additional documents Kaitlin might have and insisted that we comply with the Document Subpoena "as drafted," without explaining what that meant.

7. On June 21, 2023, I sent to Cuomo's lawyers all of the documents that Kaitlin had previously produced to the OAG. Along with the documents, I sent a letter to Cuomo's lawyers explaining that these documents were the only potentially relevant subset of documents that they had identified and that this production of documents therefore constituted compliance with the Documents Subpoena (ECF No. 142-5).

8. On July 10, 2023, I sent another letter to Cuomo's lawyers objecting to the overbroad and unduly burdensome nature of the subpoenas (ECF No. 142-9).

9. On August 4, 2023, I met and conferred with Cuomo's lawyers for the third time. After this meeting, on August 8, 2023, Cuomo's lawyers sent a list of vague and unduly burdensome search terms (ECF No. 142-10).

10. On August 11, 2023, I met and conferred with Cuomo's lawyers for the fourth time. I explained that the search terms were clearly unduly burdensome and asked them again to identify what other documents they really needed from Kaitlin. For the first time, Cuomo's lawyers said what they were really looking for were any communications between Kaitlin and other complainants from the OAG report which occurred after Kaitlin produced documents to the OAG in May 2021. Cuomo's lawyers said they did not want communications that did not discuss the substance of Kaitlin's or other women's allegations. For example, Cuomo's lawyers said, they did not need communications Kaitlin had exchanged with her close friends and family who contacted her after the OAG report was released to see how she was coping.

11. On August 17, I met and conferred with Cuomo's lawyers for a fifth time. In this meet-and-confer, Cuomo's lawyers again emphasized that what they really wanted were communications between Kaitlin and the other OAG witnesses.

12. Later on August 17, after the meet-and-confer, I learned that Cuomo had served Verizon with a subpoena seeking all of Kaitlin's account information and phone records from January 2020 through the present.

13. A true and correct copy of Defendant Cuomo's Verizon Subpoena is attached to this declaration as Exhibit 1. This exhibit is being filed under seal because the subpoena includes Kaitlin's personal cell phone number, and this Court previously ruled on August 23, 2023, that "all parties are directed that any documents or submissions containing Kaitlin Doe's identifying information, including images, must be filed under seal."

14. Cuomo's lawyers never mentioned Kaitlin's cellphone records during any of our meet-and-confers.

15. Cuomo's lawyers have also refused to make any agreement concerning the Deposition Subpoena. They have refused to take Kaitlin's deposition over Zoom, refused to pay her witness or mileage fees, and refused to agree to limit the total length of the deposition to four hours.

16. When it was clear that motion practice on the subpoenas was inevitable, I reminded Cuomo's lawyers that we had previously designated Kaitlin's full name and identity as "confidential" pursuant to the Court's Confidentiality Order, and that their motion papers would have to be accordingly redacted. Cuomo's lawyers responded that they "disagreed" with this confidentiality designation and refused to redact the motion papers. *See* ECF No. 142-11. I first designated Kaitlin's identity as confidential under the Confidentiality Order in our May 3, 2023, Reponses and Objections to Subpoena and again in our June 21, 2023, letter. Cuomo never challenged this designation until after we objected to his improper Verizon subpoena.

17. On September 6, 2023, we were contacted by counsel for Defendants DeRosa and Azzopardi asking us to accept service of subpoenas from them seeking documents from and a deposition of Kaitlin. They have not agreed to a four-hour time limit for her deposition.

18. To date, Defendant Cuomo has not paid any witness fee or mileage as required to subpoena Kaitlin for a deposition.

19. A true and correct copy of Defendants' lawyers' email agreeing to limit the deposition of another non-party to four hours total is attached to this declaration as Exhibit 2.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
        September 21, 2023

                                          /s/
                                      ZOE SALZMAN