**MORRISON FOERSTER**

250 WEST 55TH STREET
NEW YORK
NEW YORK 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AUSTIN, BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, MIAMI,
NEW YORK, PALO ALTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

September 22, 2023

Writer's Direct Contact
+1 (212) 468-8049
CCohen@mofo.com

*By ECF*

The Honorable Taryn A. Merkl
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Trooper 1 v. New York State Police, et al.*, No. 1:22-cv-00893 (LDH) (TAM)

Dear Judge Merkl:

We respectfully submit this letter on behalf of our client, non-party Karen Hinton, who, like other non-parties seeking relief from this Court, has been served by defendant Andrew Cuomo with a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Document Subpoena") and a Subpoena to Testify at a Deposition in a Civil Action (the "Deposition Subpoena") (collectively, the "Subpoenas").

The Subpoenas were issued on Ms. Hinton by defendant Cuomo not because Ms. Hinton has any information relevant to this litigation but rather as part of his abuse of this litigation to further his campaign to attempt to intimidate and silence women who have come forward about his sexual harassment of them and anyone who has supported these women in any way. Like the other individuals seeking relief from this Court, Ms. Hinton never met Trooper 1 (the sole plaintiff in this lawsuit), never communicated with Trooper 1 in any way, and has no knowledge of the allegations in Trooper 1's complaint in this matter.

We understand that the discovery motions of a number of non-parties will be the subject of a Court conference on September 26, 2023. As a non-state employee paying her own legal fees to respond to the baseless Subpoenas from defendant Cuomo (whose legal fees apparently are being paid by the State), we write to inform the Court of our desire to be heard at that conference in order to avoid unnecessary and costly motion practice.

**I.      Background**

Ms. Hinton is an outspoken critic of defendant Cuomo and a known supporter of certain women who came forward about defendant Cuomo's sexual harassment of them. In addition, Ms. Hinton's own statements about defendant Cuomo's sexual harassment of her

more than twenty years ago when she worked for him in the federal government were reported in *The Washington Post*[1] and briefly mentioned in the New York State Attorney General's "Report of Investigation into Allegations of Sexual Harassment by Governor Andrew M. Cuomo" (the "OAG Report"). Ms. Hinton, however, has never met or communicated with Trooper 1, did not work for the State of New York, and has no knowledge of Trooper 1's allegations in this lawsuit. Nevertheless, as part of a longstanding and targeted campaign to silence and harass Ms. Hinton in particular, defendant Cuomo served her with the Subpoenas.

Instead of seeking discovery relevant to Trooper 1 or the claims in the litigation (as there is none), the Document Subpoena seeks broad-ranging and irrelevant discovery about Ms. Hinton and other non-parties as follows:

- All Documents or Communications concerning any allegations of sexual harassment or other misconduct Ms. Hinton or anyone else has made against Governor Cuomo, including but not limited to: (a) Communications between Ms. Hinton and the Executive Chamber and any of its current or former employees; (b) Communications concerning any statements Governor Cuomo or his representatives made in response to allegations of sexual harassment or other misconduct; (c) Communications with Media Outlets or any journalist, including any communications concerning Ms. Hinton's March 15, 2021 appearance on the Brian Lehrer Show with Ana Liss, any Communications with Josh Dawsey from the Washington Post, and any drafts of Ms. Hinton's Op-Ed regarding Governor Cuomo; and (d) any statements Ms. Hinton made concerning allegations of sexual harassment or other misconduct by Governor Cuomo, including Communications regarding Ms. Hinton's book concerning Governor Cuomo and any drafts of that book;

- All Documents or Communications concerning the OAG Investigation and/or the AJC Investigation;

- For the time period December 1, 2020 through the present, all Communications with Lindsey Boylan, Charlotte Bennett, and/or Ana Liss relating to Governor Cuomo; and

- All Documents or Communications concerning Ms. Hinton's personal interactions with Governor Cuomo.

---

[1] Brittain, Amy, "*Cuomo's behavior created 'hostile, toxic' workplace culture for decades, former aides say*," *The Washington Post* (Mar. 6, 2021).

Notwithstanding that the Document Subpoena on its face seeks irrelevant documents, is overbroad and unduly burdensome, and is an abuse of the discovery process, in an attempt to avoid motion practice, the undersigned conferred with counsel for defendant Cuomo. Counsel for defendant Cuomo acknowledged that, to their knowledge, Ms. Hinton never communicated in any way with Trooper 1 and has no knowledge about the allegations Trooper 1 has made related to defendant Cuomo's conduct toward Trooper 1 as set forth in the complaint in this matter. Moreover, counsel for defendant Cuomo acknowledged that Ms. Hinton is not mentioned, either by name or reference, in Trooper 1's lawsuit.

The sole purported reason claimed by defendant Cuomo's counsel for seeking documents and testimony from Ms. Hinton was the claim that Ms. Hinton may have communicated with three of the women who have stated that defendant Cuomo engaged in inappropriate conduct of a sexual nature toward them and that since Trooper 1 intends to seek to admit such other "bad act" evidence at trial, Ms. Hinton's alleged communications with these three women is somehow relevant to impeaching the credibility of these women. Leaving aside the tangential relevance to and questionable admissibility of any such evidence in this lawsuit and without conceding the validity of the stated basis for the Subpoenas, in order to avoid motion practice, on August 7, 2023, Ms. Hinton complied with the Document Subpoena to the extent it sought her communications with the three named women as well as documents related to the OAG Report or associated investigation. The documents Ms. Hinton produced demonstrated that there were no communications between Ms. Hinton and the three named women related to the specifics of their allegations about defendant Cuomo but rather that Ms. Hinton provided words of support to the three named women and assisted them with their job searches. None of the communications produced in compliance with the Document Subpoena relate in any way to Trooper 1 or her allegations in this lawsuit. Nevertheless, defendant Cuomo's counsel has represented to the undersigned that it intends to file a motion to compel compliance with the Subpoenas.

To the extent defendant Cuomo will argue to this Court, as has been stated to undersigned counsel, that discovery on Ms. Hinton somehow is relevant as she "played a central role in the events leading up to and during the OAG Investigation,"[2] such claim is false and even if it was true, it has no bearing on the validity of the Subpoenas. As this Court has made clear, defendant Cuomo shall not be permitted in this litigation "to test 'the independent and exhaustive nature of the OAG Report' and the AJC Investigation." *Cuomo v. N.Y. State Assembly Judiciary Comm.*, No. 22-MC-3027(LDH) (TAM), 2023 WL 4714097, at *14 (E.D.N.Y. July 21, 2023), ECF No. 24 at 110/23-111/4. While not relevant, Ms. Hinton is referred to only in passing in the OAG Report by two brief references to her statement that defendant Cuomo sexually harassed her twenty years ago as previously reported by *The Washington Post*. Nevertheless, Ms. Hinton produced all nonprivileged

---

[2] Letter from Counsel for Defendant Cuomo to Counsel for Ms. Hinton, dated September 6, 2023.

documents related to the OAG Report, which consisted of one calendar entry showing her appointment with independent investigators appointed by the New York State Attorney General.

Only because it is relevant to evaluating the purported validity of the Subpoenas and this Court's prior warning to defendant Cuomo that he needs "to actually conduct discovery relevant and proportional to this case," (*id*. at 95/10-22), it is important for this Court to consider facts that recently emerged regarding defendant Cuomo's harassing campaign to silence Ms. Hinton. At the time of Ms. Hinton's production of documents, it was exposed by the *New York Times* that defendant Cuomo's sister, Madeline Cuomo, had engaged with others in a smear campaign against Ms. Hinton (and others, including two of the three named women in the Document Subpoena) in which certain defamatory statements were made about Ms. Hinton on social media. As just a few examples, Madeline Cuomo caused disparaging and defamatory statements to be posted on Twitter about Ms. Hinton, specifically calling her a "[h]ome wrecker" and "[g]ender discriminating" as well as stated to others that "[Karen Hinton] . . . need[s] to be frightened into shutting up right now – Enough is enough." (Fandos, Nicholas. "*The Secret Hand Behind the Women Who Stood by Cuomo? His Sister.*" *New York Times*, Aug. 7, 2023.) Such animus is the underlying reason for the Subpoenas on Ms. Hinton and this Court should not permit defendant Cuomo to abuse the discovery process in this litigation to further his harassment of Ms. Hinton.

As further evidence of the abusive nature of the Subpoenas, after the undersigned informed counsel for defendant Cuomo that Ms. Hinton would not sit for a deposition or produce any additional documents, on June 14-15, 2023, counsel for the two other individual defendants in this action, Melissa DeRosa and Richard Azzopardi, both of whom worked and, upon information and belief, continue to work for and/or are aligned with defendant Cuomo, emailed the undersigned a subpoena for documents and a subpoena for deposition on Ms. Hinton that closely resemble the Subpoenas. Such counsel has admitted that their clients have been provided by defendant Cuomo with Ms. Hinton's production of documents to defendant Cuomo. Counsel also has acknowledged that, to their knowledge, Ms. Hinton had never spoken to Mr. Azzopardi at all and while had on occasion spoken to Ms. DeRosa when she worked for then Governor Cuomo, Ms. Hinton had no communications with Ms. DeRosa about the issues in the lawsuit or the findings set forth in the OAG Report. Further, counsel did not dispute that Ms. Hinton never communicated with Trooper 1 and knows nothing about her allegations in this lawsuit. While those named individual defendants' counsel are considering whether to pursue their clients' subpoenas on Ms. Hinton, the fact of their attempted service and the timing thereof is further evidence of an orchestrated scheme to misuse discovery in this matter and further harass Ms. Hinton.

Indeed, defendant Cuomo himself made the true harassing basis for the Subpoenas known during a telephone call he initiated with Ms. Hinton's husband, who had been in a

senior leadership position during part of defendant Cuomo's tenure as Governor. During that telephone call in June 2023, Mr. Cuomo stated, in sum and substance, that "if she goes there [referring to sexual harassment claims against defendant Cuomo], there's stuff on her that will come out. They have material on Karen that's not good for her, the kind of thing she wouldn't want her children to see." This Court should not permit defendant Cuomo to continue his campaign of threats, abuse, and harassment through discovery in this litigation.

## II. The Legal Standard

Rule 26 of the Federal Rules of Civil Procedure limits discovery to that which is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *Warnke v. CVS Corp.*, 265 F.R.D. 64, 67, 69 (E.D.N.Y. 2010) (quashing subpoena because the requested discovery was irrelevant to defendant's defense). Accordingly, Rule 45 of the Federal Rules of Civil Procedure provides that the Court "**must** quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv) (emphasis added); *see also* Fed. R. Civ. P. 26(b)(1) (limiting discovery to that which is "relevant to any party's claim or defense and proportional to the needs of the case."). "[C]ourts assess whether a subpoena presents an undue burden by weigh[ing] the burden to the subpoenaed party against the value of the information to the serving party" as well as by "evaluating that information's relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Bhatt v. Lalit Patel Physician P.C.*, No. 18-cv-2063 (ILG) (SJB), 2020 WL 13048694, at *2 (E.D.N.Y. Oct. 19, 2020) (citations omitted); *see also Travelers Indem. Co. v. Metropolitan Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005) (when determining whether a subpoena poses an undue burden, courts "weigh the burden to the subpoenaed party against the value of the information to the serving party.").

That Ms. Hinton is not a party to this litigation is "significant" in determining whether compliance with the subpoena constitutes an undue burden. *See Solarex Corp. v. Arco Solar*, 121 F.R.D. 163, 179 (E.D.N.Y. 1988), *aff'd*, 870 F.2d 642 (Fed. Cir. 1989) (denying defendant's motion to compel non-party American Physical Society to disclose the identity of an independent reviewer who evaluated a manuscript for publication in part because of the Society's status as a non-party). "[W]here the party moving to quash is a non-party to the pending litigation, that fact entitles the witness to consideration regarding expense and inconvenience." *Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.,* No. CV-12-6383 (JFB) (AKT), 2017 WL 1133349, at *3 (E.D.N.Y. Mar. 24, 2017) (citation omitted); *Breaking Media, Inc. v. Jowers*, No. 21 Misc. 194 (KPF), 2021 WL 1299108, at *6 (S.D.N.Y. Apr. 7, 2021) ("[C]ourts also give special weight to the burden on non-parties of producing documents to parties involved in litigation.") (citations omitted); *Henry v. Bristol Hosp., Inc.*, No. 3:13-cv-00826 (SRU), 2020 WL 1158464, at *1 (D. Conn. Mar. 10, 2020) (citation omitted)

("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.").

### III. The Subpoenas were Intended to Harass and Silence Ms. Hinton

Here, despite this Court's express warning that defendant Cuomo must conduct discovery relevant and proportional to the needs of this case, the Subpoenas seek non-relevant information and are part of a well-documented campaign of harassment against those individuals who have stated that defendant Cuomo sexually harassed them as well as a particular demonstrated animus toward Ms. Hinton who has been an outspoken critic of defendant Cuomo. This Court should not permit such abuse of the litigation process and harassment of non-parties. *See Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813-14 (9th Cir. 2003) (finding that the district court appropriately quashed a subpoena "served for the purpose of annoying and harassment and not really for the purpose of getting information").

As stated above, Ms. Hinton has nothing to do with the underlying lawsuit. She did not work for the State of New York, was not present during any of the conduct at issue in the litigation, does not know and has never communicated with Trooper 1 in any manner, and has no information relevant to the claims or defenses in the litigation. Further, Ms. Hinton is not mentioned, either by name or reference, in the lawsuit. Ms. Hinton has complied with the arguably relevant requests in the Document Subpoena, which demonstrate the lack of any legitimate basis to take her deposition. Accordingly, Ms. Hinton will seek attorneys' fees and costs for responding to any motion filed by defendant Cuomo seeking to enforce the Subpoenas.

\* \* \* \*

Ms. Hinton will not stand idly by and allow defendant Cuomo to use this Court and the litigation process to continue his longstanding and targeted abusive campaign to attempt to silence women who have come forward about defendant Cuomo's sexual harassment of them and his targeted smear campaign against and harassment of her. We thus respectfully request that we be heard at the September 26 conference to avoid unnecessary motion practice and further abuse by defendant Cuomo of the judicial system as well as waste of judicial resources, all at an unfair and costly burden on Ms. Hinton.

Respectfully submitted,

*/s/ Carrie Cohen*
Carrie H. Cohen

cc: All counsel of record (via ECF)