# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

————

WRITER'S CONTACT INFORMATION

cfoti@maglaw.com
212-880-9530

SENIOR COUNSEL
PAUL R. GRAND
————
COUNSEL
JASMINE JUTEAU
————
ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

September 24, 2023

<u>**VIA ECF**</u>
Honorable Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

 RE: *Trooper 1 v. New York State Police et al.*, No. 22-cv-00893 (LDH) (TAM)

Dear Judge Merkl:

 This firm represents Melissa DeRosa and Richard Azzopardi, defendants in this action. On September 22, 2023, counsel for Karen Hinton, Carrie Cohen, filed a letter with the Court seeking to be heard at the conference this Court has scheduled for September 26, 2023. Although Ms. Cohen's letter primarily focuses on subpoenas served on her client by my clients' co-defendant, former Governor Andrew Cuomo, Ms. Cohen also took the opportunity in the letter to challenge a subpoena my clients served on Ms. Hinton for documents and testimony originally returnable on October 12, 2023 (the "Subpoena") and in doing so, Ms. Cohen makes significant factual misstatements about conversations I had with her about the Subpoena. I am writing the Court now to correct Ms. Cohen's misstatements concerning the substance of our meet and confer discussions regarding the Subpoena.

 As noted above, the Subpoena served on behalf of Ms. DeRosa and Mr. Azzopardi seeks both deposition testimony and a limited production of documents from Ms. Hinton regarding any communications "with or about" Ms. DeRosa or Mr. Azzopardi. During meet and confer conversations with Ms. Cohen, Ms. Cohen informed us that her client was objecting to our document demand because she already had produced documents responsive to Governor Cuomo's subpoenas and she assumed we had received copies of those documents. I confirmed that we, in fact, had received copies of the documents produced to Governor Cuomo's counsel, but made it clear that our clients believed Ms. Hinton might have evidence specifically relevant to them in addition to the documents already produced in response to Governor Cuomo's

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

subpoena, in particular because we were aware of the fact that Ms. Hinton had made public comments referencing Ms. DeRosa and Mr. Azzopardi as well as other "characters" associated with Governor Cuomo.  Accordingly, we asked Ms. Hinton to produce not only any documents or communications related to our clients but also any communications relating to Ms. Hinton's public comments.  During a call on September 20, 2023, Ms. Cohen specifically stated that Ms. Hinton did not have any documents responsive to my clients' Subpoena that she had not yet produced except for what was otherwise publicly available on social media.  I then informed Ms. Cohen that if she could put that representation in writing to me, I would accept it and not take any further action to seek production of the documents demanded in the Subpoena.  Ms. Cohen agreed to do so but to date has not provided me with the promised representation in writing.  At the conclusion of that September 20 conversation, Ms. Cohen made clear that she intended to continue to object to Ms. Hinton sitting for a deposition.  I told Ms. Cohen I understood her position and would speak to my clients and agreed to discuss the matter further once I received her confirmation that Ms. Hinton had no further responsive documents.

Notwithstanding her failure to provide me with the promised written confirmation, and even though discussions about my clients' Subpoena were still in process, Ms. Cohen proceeded to file her September 22, 2023 letter, mischaracterizing our discussions.  *See* Dkt. No. 165 at 4.  In her letter, Ms. Cohen states that I acknowledged that there were no communications between Ms. Hinton and Ms. DeRosa and/or Mr. Azzopardi.  However, I did no such thing.  The purpose of the Subpoena, and our subsequent discussions about the Subpoena, were to determine what communications, if any, Ms. Hinton had with or about my clients.  I accepted Ms. Cohen's representation that Ms. Hinton was not in possession of any such communications.  In addition, Ms. Cohen's statement that counsel for Defendants "acknowledged that, to their knowledge, Ms. Hinton had never spoken to Mr. Azzopardi at all" is also untrue.  *Id*.  I made no representation to Ms. Cohen about any communications between Ms. Hinton and Mr. Azzopardi or between Ms. Hinton and Ms. DeRosa, as the purpose of the call was to determine if any such communications existed.

Finally, Ms. Cohen cites our Subpoena as further evidence of Governor Cuomo's supposed harassment of Ms. Hinton in this litigation.  However, Ms. DeRosa and Mr. Azzopardi are separate parties from Governor Cuomo in this action, and therefore, our Subpoena to Ms. Hinton should be treated on its own merit.  Our clients have reason to believe that Ms. Hinton has been in communication with a number of the woman whom Trooper 1 has identified as witnesses with information relevant to the claims in this above referenced complaint.  Accordingly, we are entitled to learn whether that information relates in any way to Ms. DeRosa or Mr. Azzopardi and is relevant to their defense.

We understand that Ms. Hinton wishes to be heard at the status conference the Court has scheduled for September 26, 2023.  We, of course, will be available to discuss our clients' dispute with Ms. Hinton as well if convenient for the Court, but we note that any objection to my clients' Subpoena is not properly before the Court at this time as Ms. Cohen and I still were in the process of discussing the Subpoena and have not yet complied fully with the Court's meet

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

and confer obligations.

Respectfully submitted,

/s/ Catherine M. Foti
Catherine M. Foti