UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TROOPER 1,

                              *Plaintiff*,

-against-

NEW YORK STATE POLICE, ANDREW CUOMO, MELISSA DEROSA AND RICHARD AZZOPARDI,

                              *Defendants*.

**NEW YORK STATE POLICE'S AMENDED RULE 26(a) INITIAL DISCLOSURES**

22-cv-00893

LDH-TAM

---

Pursuant to Federal Rule of Civil Procedure 26(a)(1), defendant, NYS Division of State Police (sued herein as "New York State Police" and referred to hereinafter as "defendant"), by and through its attorneys, Harris Beach PLLC, makes the following initial disclosures:

**REQUIRED DISCLOSURE NO. 1:**

The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claim or defenses, unless solely for impeachment, identifying the subjects of the information.

**RESPONSE:**

Subject to supplementation, the following is a list of persons who are reasonably likely to have information that bears on the claims and defenses set forth in this case:

1.    Vincent J. Straface.  Subjects of knowledge include facts pertaining to plaintiff's employment with the NYS Division of State Police and the operations of the NYS Division of State Police's Protective Services Unit.  As a former management level employee, Mr. Straface may only be contacted through counsel for the NYS Division of State Police, Joshua D. Steele, Harris Beach PLLC, 99 Garnsey Road, Pittsford, New York 14534, (585) 419-8846.

2. James J. Boyle. Subjects of knowledge include facts pertaining to plaintiff's employment with the NYS Division of State Police and the operations of the NYS Division of State Police's Protective Services Unit. As a former management level employee, Mr. Boyle may only be contacted through counsel for the NYS Division of State Police, Joshua D. Steele, Harris Beach PLLC, 99 Garnsey Road, Pittsford, New York 14534, (585) 419-8846.

3. Dwane J. Grant. Subjects of knowledge include facts pertaining to plaintiff's employment with the NYS Division of State Police and the operations of the NYS Division of State Police's Protective Services Unit. As a management level employee, Mr. Grant may only be contacted through counsel for the NYS Division of State Police, Joshua D. Steele, Harris Beach PLLC, 99 Garnsey Road, Pittsford, New York 14534, (585) 419-8846.

4. David A. Dively. Subjects of knowledge include facts pertaining to plaintiff's employment with the NYS Division of State Police and the operations of the NYS Division of State Police's Protective Services Unit. As a former management level employee, Mr. Dively may only be contacted through counsel for the NYS Division of State Police, Joshua D. Steele, Harris Beach PLLC, 99 Garnsey Road, Pittsford, New York 14534, (585) 419-8846.

5. Fabricio Plaskocinski. Subjects of knowledge include facts pertaining to plaintiff's employment with the NYS Division of State Police, including her employment with the Protective Services Unit, and the operations of the NYS Division of State Police's Protective Services Unit. As a management level employee, Mr. Plaskocinski may only be contacted through counsel for the NYS Division of State Police, Joshua D. Steele, Harris Beach PLLC, 99 Garnsey Road, Pittsford, New York 14534, (585) 419-8846.

6. Darrin Pitkin. Subjects of knowledge include the rules, policies, and procedures appliable to employees of the New York State Police. As a management level employee, Mr.

Pitkin may only be contacted through counsel for the NYS Division of State Police, Joshua D. Steele, Harris Beach PLLC, 99 Garnsey Road, Pittsford, New York 14534, (585) 419-8846.

**REQUIRED DISCLOSURE NO. 2:**

A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

**RESPONSE:**

1. Plaintiff's personnel files and related documents pertaining to her employment with the NYS Division of State Police, maintained by the NYS Division of State Police.

2. The file pertaining to plaintiff's charge of discrimination filed with the Equal Employment Opportunity Commission, EEOC Charge No. 520-2022-02037/520-2022-02041, maintained by the Equal Employment Opportunity Commission.

3. All employment policies, guidelines, rules, regulations, operating procedures, and agreements relevant to plaintiff's employment with the NYS Division of State Police, maintained by the NYS Division of State Police.

**REQUIRED DISCLOSURE NO. 3:**

A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**RESPONSE:**

This disclosure is not applicable to the defendant.

**REQUIRED DISCLOSURE NO. 4:**

For inspection and copying as under Rule 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:**

Defendant does not maintain any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESERVATION OF RIGHTS:**

1. Defendant reserves the right, at any time, to revise, correct, and/or modify any of these initial disclosures provided herein when and if it becomes necessary.  Defendant's investigation into this matter is ongoing and it anticipates that other individuals currently unknown to Defendant may have discoverable information that it may use to support its defenses.  Defendant incorporates by reference any other individuals disclosed by other parties in this matter and reserves the right to supplement its disclosures pursuant to Federal Rule of Civil Procedure 26(e).

2.  Defendant reserves the right to assert any objections as to relevance, competency, privilege, materiality, admissibility, or any other proper ground to the use of any material identified herein, for any purpose, in whole or in part, in any subsequent proceeding in this action or in any other action.

3. Defendant reserves the right to make objections on any and all grounds at any time, to discovery requests or other discovery procedures involving or relating to any subject matter addressed in defendant's initial disclosures provided herein.

Dated: November 10, 2023
       Pittsford, New York                          **HARRIS BEACH PLLC**

                                             By: *s/Joshua D. Steele*
                                                   Daniel J. Moore
                                                   Joshua D. Steele
                                                   *Attorneys for Defendant New York State Police*
                                                   99 Garnsey Road
                                                   Pittsford, New York 14534
                                                   Telephone: (585) 419-8800
                                                   Email: jsteele@harrisbeach.com

TO:    Valdi Licul, Esq.
         John S. Crain, Esq.
         WIGDOR LLP
         *Attorneys for Plaintiff*
         85 Fifth Avenue
         New York, NY 10003
         Telephone: (212) 257-6800
         vlicul@wigdorlaw.com