**SHER TREMONTE LLP**

November 14, 2023

**BY ECF**

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Trooper 1 v. NYSP et al.*, 22-cv-893 (LDH) (TAM);
              *Cuomo v. Boylan*, 23-mc-1587 (LDH) (TAM)

Dear Judge Merkl:

      We write on behalf of Governor Cuomo to update the Court on an issue that arose at the September 26, 2023 conference concerning Ms. Boylan's argument that her production to the OAG should be sufficient for purposes of responding to Governor Cuomo's Document Subpoena.[1] As we emphasized during the conference, Ms. Boylan provided the OAG (and us) with only 25 pages of documents, a paltry production considering the broad scope of the OAG Subpoena and the fact that we know—from Ms. Boylan's own testimony and from other witness productions—that Ms. Boylan was in frequent communication with numerous others regarding allegations against Governor Cuomo. Indeed, at the September 26, 2023 conference, counsel for several other nonparty witnesses confirmed that their clients possessed communications with Ms. Boylan.[2] Yet, Ms. Boylan's 25-page production does not include a single identifiable communication with another complainant.[3]

---

[1] For ease of reference, we use the same defined terms used in the memorandum of law in support of Governor Cuomo's motion to compel Ms. Boylan's compliance with subpoenas and his reply memorandum of law in further support of that motion. Boylan ECF No. 3, 21.

[2] *See, e.g.*, Sept. 26, 2023 Tr. at 96:10-12 (Kaitlin's counsel disclosing that her client had communications with Ms. Boylan); *see also id.* at 76:1-6 (Ms. Hinton's counsel disclosing that her client produced 50 pages of documents related to Ms. Boylan).

[3] Ms. Boylan testified to the OAG on May 20, 2021 that she was in communication with other complainants and many others regarding Governor Cuomo. *See, e.g.*, Boylan May 20, 2021 OAG Tr. at 215:4 ("I text with [Charlotte Bennett] all the time"); 215:20-22 ("I started reaching out to them and two of the first people I reached out to were Ana Liss and [K]aitlin."); 217:14-15 ("There were a few other younger women that I reached out[] to."); 219:7-10 ("Even when I came forward with my Medium piece, Charlotte and I had been texting back and forth and I had been apprizing her of what I had been thinking."). Yet, Ms. Boylan did not produce those records. Ms. Boylan's OAG transcript is publicly available at https://ag.ny.gov/sites/default/files/2023-01/2021.05.20_lindsey_boylan_cleary_11.09.2021.pdf.

Hon. Taryn A. Merkl
November 14, 2023
Page 2 of 3

In response, Ms. Boylan's counsel denied that Ms. Boylan had failed to comply fully with the OAG Subpoena and represented that Ms. Boylan's production was the result of an "agreed upon accommodation" between Boylan and the OAG. *See* Sept. 26, 2023 Tr. at 58:23-25. Since the September 26 conference, we have attempted to ascertain whether there was in fact an "agreed upon accommodation" with the OAG and if so, what the terms were. However, Ms. Boylan's counsel has repeatedly refused to provide Governor Cuomo's counsel with that information.

Specifically, during an October 16, 2023 meet and confer with Ms. Boylan's counsel, Ms. Perry and Ms. Gerchik both stated that they did not know the terms of the purported "agreed upon accommodation" because another attorney at Ms. Gerchik's firm represented Ms. Boylan during the OAG Investigation. Ms. Perry and Ms. Gerchik further stated that they had not spoken with the other attorney regarding the negotiations with the OAG. In light of this, Governor Cuomo's counsel followed up with a letter specifically requesting information about the "agreed upon accommodation." Although Ms. Boylan's counsel responded to the October 18 letter on October 29, 2023, they did not either confirm the existence of any "agreed upon accommodation" with the OAG, or provide any information concerning the terms of any such agreement. So we wrote another letter on October 31, 2023 asking for that information yet again. Ms. Boylan's counsel responded once again on November 3, 2023 but again refused to answer our questions. The letters between Governor Cuomo's counsel and Ms. Boylan's counsel are attached hereto as Exhibits 1, 2, 3 and 4.[4]

Ms. Boylan's refusal to either confirm the existence of an "agreed upon accommodation" or provide additional information on the terms of the "accommodation" that her counsel represented she had reached with the OAG is concerning in light of her counsel's representations during the September 26 conference. Governor Cuomo should not be required to blindly accept Ms. Boylan's 25-page production, particularly when we do not know whether that production actually satisfied her obligations under the OAG Subpoena. We have a reasonable basis for questioning whether the production was sufficient given that the OAG Subpoena specifically requested Ms. Boylan's communications with or about other complainants, communications relating to Governor Cuomo and any complaint about him, and documents concerning any communications Ms. Boylan had with the media or other public statements about any complaint concerning Governor Cuomo.

---

[4] Exhibit 1 is filed under seal pursuant to the Court's August 23, 2023 Text Order in the Trooper 1 Action.

Hon. Taryn A. Merkl
November 14, 2023
Page 3 of 3

      In light of this, we respectfully request that the Court direct Ms. Boylan's counsel to confirm whether Ms. Boylan and the OAG in fact had an agreement to limit her production to 25 pages, as counsel represented during the September 26 conference, and state the terms of any such agreement.

      Respectfully submitted,

      */s/ Theresa Trzaskoma*

      Theresa Trzaskoma