# Exhibit 2



E. DANYA PERRY
212-840-7939 PHONE
dperry@danyaperrylaw.com EMAIL

October 29, 2023

**VIA EMAIL**

Rita Glavin
156 West 56th Street,
Suite 2004
New York, New York 10019
646-693-550

Re:   *Cuomo v. Boylan*, No. 23-mc-01587 (LDH) (TAM) (E.D.N.Y.)

Dear Rita:

This letter responds to yours dated October 18, 2023, regarding Ms. Boylan's previous document production to the Office of the Attorney General.

First, the very predicate of your letter is deeply mistaken. Ms. Gerchik and I confirmed in our October 16 meet and confer that I had not represented Ms. Boylan in the OAG investigation, but that one of Ms. Gerchik's former partners had done so. We stated that it was our understanding that Ms. Boylan's production to the OAG had been the product of an agreement between her then-counsel and OAG. At *no* time did either of us state that we had not ever discussed the matter with Ms. Gerchik's partner; and in fact, of course Ms. Gerchik had indeed done so. Your assertion that I "had no basis whatsoever" to make the representation that I did to the Court is patently false. Moreover, as we all know, it is incorrect that "Ms. Boylan has refused to produce any documents in response to the Rule 45 Subpoena beyond the mere 25 pages of documents she chose to produce in the Boylan OAG Production." As I explained to the Court in our papers and at the hearing—and as you did not deny—Ms. Boylan has offered to produce additional documents. Your client simply has refused to seriously consider any compromise on the scope of the document subpoena. E.g., *Trooper 1* Hr'g Tr. 59:7-15.

Rita Glavin
October 29, 2023

Apart from your mischaracterization of the facts, we object to your new request for "all documents between Ms. Boylan and OAG about her subpoena compliance and document production." This request goes directly against the Court's instructions to narrow the scope of discovery in this case. At the status conference on September 26, 2023, the Court said that discovery in this case "is off the rails" and emphasized the need for the parties to find ways to narrow the scope of discovery. *Trooper 1* Hr'g Tr. 44:7-15, 52:19-53:7, 102:9-15. The purpose of the parties' meet and confer on October 16, 2023 was for the parties to attempt compromise and to *narrow* the scope of the requests in Mr. Cuomo's Rule 45 document subpoena issued to Ms. Boylan and then provide a status report to the Court. Rather than follow the Court's instructions, you instead inquired about the circumstances of Ms. Boylan's production to the OAG—even though you have been aware of the contents of Ms. Boylan's production to the OAG for months. Your latest request does not concern Trooper 1's claims. Instead, the basis for the newly sought discovery explicitly continues forward Mr. Cuomo's attempt to relitigate the OAG findings. The Court repeatedly has rejected Mr. Cuomo's efforts to attack the OAG Report as a basis for discovery and did so most recently at the September 26, 2023 status conference for your client's inability to tie the OAG Report to the claims in the *Trooper 1 case*. *Trooper 1* Hr'g Tr. 57:10-11 ("Another thing that is notably lacking from the briefing is [tying] discovery requests made by Governor Cuomo to Trooper 1 and that is the deficiency I have seen repeatedly in the defendant's papers."); *see also id.* at 59:7-15 ("Many of the papers are speaking about the Attorney General's report in general without specifically tying it to this case, and that needs to stop as well."). Like your other discovery requests, your newly minted request seeks purported information that is irrelevant to this case.

Given the pending motions and the Court's instructions to the parties to narrow discovery, the letter requesting additional categories of documents is counterproductive. We stand by our motion to quash, and for the reasons stated therein, we object to your additional requests in your letter.

Sincerely,

E. Danya Perry
Julie Gerchik

*Attorneys for Respondent Lindsey Boylan*

2