November 16, 2023

*By ECF*

The Honorable Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11202

Re:     *Trooper 1 v. Cuomo, et al.; Case No. 22-cv-00893 (LDH) (TAM)*

Dear Judge Merkl:

In response to the Court's November 3, 2023 order, we write on behalf of non-parties Virginia Limmiatis, Alyssa McGrath, Kaitlin, State Entity Employee # 2, and Lindsay Boylan. Since the parties have reached <u>no agreement</u> to minimize the burden of discovery on non-parties, ECF No. 173, we write to submit our own proposal to narrow the extent and scope of non-party discovery in this matter.

Particularly in light of the extremely broad scope of non-party discovery Defendant Cuomo is seeking from non-parties, the parties' failure to make <u>any</u> proposal to narrow and/or limit non-party discovery in this case shows there is no incentive to limit the heavy burden of discovery on the non-parties and re-emphasizes the Court's concern about "continuing to re-traumatize them." Tr. (Sept. 26, 2023) at 47:18-19; *see also id.* at 34:5-6. Each of the non-parties courageously came forward years ago to report their respective harassment experiences by Defendant Cuomo. They dutifully cooperated with the New York Attorney General's Office. At the time and since then Defendant Cuomo and his counsel have subjected them to vicious public attacks – including in numerous press conferences and cable news appearances as recently as last week – in which Cuomo and his counsel have called the non-parties liars and worse. Defendant Cuomo's litigation tactics have been no less invasive or aggressive and represent yet another mechanism by which Defendant Cuomo seeks to intimidate and harass his accusers with no particular end in sight. They are entirely disproportionate to the needs of this case.

These aggressive tactics have already forced many non-parties to incur the burden and costs of motion practice, in turn encumbering the Court with an increasing slew of motions.[1]

Our proposal consists of two phases.

---

[1] *See, e.g.*, ECF Nos. 159-61 (non-party Kaitlin's cross-motion to quash Cuomo's subpoenas); ECF No. 157 (non-party State Entity Employee #2's letter requesting that identity be designated as confidential and a briefing schedule for a motion to quash deposition subpoenas); ECF No. 149 (non-parties Virginia Limmiatis and Alyssa McGrath's letter requesting a pre-motion conference or a briefing schedule for a motion to quash document and deposition subpoenas, or in the alternative for a protective order); ECF Nos. 86-88, 112 (non-party Lindsey Boylan's motion to quash certain of Cuomo's non-party subpoenas).

**Phase 1: Non-Party Discovery Should Be Reserved Until Closer to Trial**

Between now and trial, there are many ways this case could be narrowed or resolved that would exclude some or all of the non-parties and obviate the need for discovery from them. The Court should order that non-party discovery be reserved until a later phase in the case, so that any further non-party document production and any depositions would take place in the 30 days prior to the deadline for the joint pretrial order.

First, Defendant Cuomo has indicated his intent to file a motion to strike <u>all</u> allegations concerning the non-parties from the complaint. *See* ECF No. 122 at 4. At minimum, before any further burden is placed on the non-parties, this Court should order Defendant Cuomo to file his motion to strike without further delay. If Cuomo succeeds on that motion, then there will be no need for discovery from <u>any</u> of the non-parties. No further non-party discovery is necessary to facilitate such a motion to strike because  Cuomo already has the voluminous record from the Attorney General's investigation, which includes full depositions and exhibits for all the non-parties.[2]

Second, there are other motions, decisions, or actions which could resolve or narrow the case prior to trial and obviate the need for discovery on some or all of the non-parties. For example, a summary judgment motion could narrow or dispose of the case all together. Or the case could settle, as the overwhelming majority of civil cases do. Judge Hall's dismissal of former Defendants DeRosa and Azzopardi has already reduced the non-parties' burden by nullifying the subpoenas previously served by Defendants DeRosa and Azzopardi; had the non-parties complied with those subpoenas prior to Judge Hall's decision, they would have been subjected to burdensome and re-traumatizing discovery for nothing. *See* Order (Sept. 29, 2023). Future decisions could similarly reduce or eliminate entirely the need for re-traumatizing discovery on some or all of the non-parties.

**Phase 2: The Court Should Limit the Scope and Burden of Any Non-Party Discovery That Does Occur**

"The Court also has wide latitude to determine the scope of discovery." *Cuomo v. N.Y. State Assembly Judiciary Comm.*, No. 22-MC-3027(LDH)(TAM), 2023 WL 4714097, at *5 (E.D.N.Y. July 21, 2023); *see also* Fed. R. Civ. P. 26. If, on the eve of trial, there is to be any discovery of any relevant non-parties, the Court should limit the scope of the non-party discovery in two ways to ensure it is proportionate to each non-party's limited involvement in the case.

First, the Court should limit document production to (1) the documents each non-party produced to the Attorney General for its investigation, and (2) any communications the non-parties have had with one another concerning their allegations against Defendant Cuomo. The Court should "give special weight to the burden on non-parties of producing documents." *Breaking Media, Inc. v. Jowers*, No. 21 Misc. 194, 2021 WL 1299108, at *6 (S.D.N.Y. Apr. 7, 2021). Given Defendant Cuomo's inability to articulate what else the non-parties could produce, this is an appropriate solution. *See* ECF No. 142-11 at 3.

---

[2] https://ag.ny.gov/CuomoIndependentInvestigation

Second, non-parties should sit for, at most, one half-day (four-hour) deposition by Zoom, given the Court's recognition for the potential to re-traumatize them. *See Fappiano v. City of New York*, 640 F. App'x 115, 121 (2d Cir. 2016) (quashing a deposition subpoena and allowing only written questions, to balance "the victim's interest in maintaining her privacy and preventing unwanted exposure to her past trauma with [the party's] interest in discovering relevant information."). The Court should order such depositions (if any) to take place via video-conference to minimize the burden and expense on non-parties and their counsel. This limitation will have virtually no effect on Defendant Cuomo's access to the discovery he seeks. He already has complete access to the videos and full deposition transcripts for all the non-parties from the Attorney General's investigation. Any deposition opportunity Defendant Cuomo is afforded in this case should be strictly limited to the few questions to which the Attorney General's interviewers did not obtain answers. The length of the depositions (if any) – and therefore the burden imposed on the non-party witnesses' time and resources – should also be tailored to be proportionate to the non-party's knowledge and involvement. For example, non-parties who worked in the Executive Chamber for more than a year could sit for a half-day deposition. Other non-parties with more limited exposure to and interaction with Defendant Cuomo could be deposed for less time, for instance 1-2 hours, particularly where only a single incident or interaction is at issue.

***

We appreciate the Court's attention to its concerns about the burden and likely re-traumatization of the non-parties if they are submitted to the broad, invasive, and aggressive discovery currently sought by Defendant Cuomo. We set forth the aforementioned proposal and respectfully request that the Court implement it to protect the non-parties. We will await instruction from the Court before filing further motions or letter motions or completing briefing on pending motions.

Respectfully submitted,

CAPEZZA HILL LLP

/s Thomas A. Capezza

Thomas A. Capezza
30 South Pearl Street, Suite P-110
Albany, New York 12207
tom@capezzahill.com

*Attorneys for Non-Part State Entity
Employee #2*

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP

/s Zoe Salzman

Zoe Salzman
Nick Bourland
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

*Attorneys for Non-Party Kaitlin Doe*

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP

/s Julie R. F. Gerchik

Julie R. F. Gerchik
10250 Constellation Blvd., Suite 1900
Los Angeles, California 90067
(310) 553-3000

PERRY LAW

/s Danya Perry

E. Danya Perry
157 East 86th Street, 4th Floor
New York, New York 10028
(646) 974-0935

*Attorneys for Non-Party Lindsay Boylan*

CUTI HECKER WANG LLP

/s Mariann Wang

Mariann Meier Wang
Alice G. Reiter
305 Broadway, Suite 607
New York, New York 10007
(212) 620-2603

*Attorneys for Non-Parties*
*Virginia Limmiatis and Alyssa McGrath*

c.      All counsel of record, *via ECF*