SHER TREMONTE LLP

November 17, 2023

**BY ECF**

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Trooper 1 v. NYSP et al.*, 22-cv-893 (LDH) (TAM)

Dear Judge Merkl:

  On September 11, 2023, we sought the Court's assistance with the vexing discovery quagmire related to nonparties. ECF No. 150. Two months have passed and there has been no movement whatsoever. Even since the parties confirmed that Plaintiff's case remains broad, the same nonparties, many of whom are expressly referenced multiple times in the Complaint, continue to refuse to provide any meaningful discovery. Indeed, rather than work with Governor Cuomo on achieving compliance with respect to subpoenas served months ago, several nonparties have instead asked the Court to extend the quagmire indefinitely—going so far as to propose that all nonparty discovery wait until *after the close of discovery*. ECF No. 179. It is obvious that unless and until this Court directs these nonparty witnesses to comply with their obligations under the subpoenas, they will continue to obstruct the discovery process.

  We have done our level best to comply with the Court's direction. Following the Court's November 3, 2023 Order, we reached out to counsel for nonparties Bennett, Biaggi, Hinton, McGrath, Limmiatis, Kaitlin, and State Entity Employee #2 in an attempt to meet and confer further in light of the parties' confirmation that Plaintiff's case has not been narrowed.

  While none of the nonparties agreed to provide any further discovery, we were able to meet and confer with counsel for Ms. Hinton, Ms. Biaggi, and State Entity Employee #2.[1] We agreed to submit joint dispute letters consistent with the Court's Individual Rules and Practices according to the following schedule:

---

[1] As reflected in our joint update on the Boylan docket, we also met and conferred with Ms. Boylan pursuant to the Court's September 26, 2023 Order and she also refused to provide any further discovery beyond the 25 pages she produced to the OAG in 2021. Boylan ECF No. 31.

- Counsel for Governor Cuomo and Ms. Biaggi will submit a joint letter by November 29, 2023.
- Counsel for Governor Cuomo and State Entity Employee #2 will submit a joint letter by November 29, 2023.
- Counsel for Governor Cuomo and Ms. Hinton will submit a joint letter to the Court by December 4, 2023.

Other nonparties, however, refused to meet and confer further.

Counsel for Ms. Bennett, for example, informed us that the agreement reached in *Bennett v. Cuomo* pertaining to Hamilton College discovery does not, in her view, narrow the discovery disputes in the Trooper 1 Action. She declined to meet and confer on this topic, maintaining her and Plaintiff's position that no Hamilton-related discovery be taken in the Trooper 1 Action and that there be a wall between the two cases. Accordingly, as the dispute regarding the Bennett-related subpoenas is already fully briefed, we respectfully request that the Court grant Governor Cuomo's motion to compel and require Ms. Bennett and other nonparty subpoena recipients to produce responsive documents and appear for depositions.

Counsel for Kaitlin, Ms. Limmiatis, and Ms. McGrath also flatly refused to meet and confer further. Kaitlin's counsel told us "you can let the Court know that our position is that it is most appropriate to await the Court's guidance before we can assess whether further meet and confer, briefing, or other action is most productive." Counsel for Ms. Limmiatis and Ms. McGrath, in obvious coordination with counsel for Kaitlin, also refused to meet and confer, informing us: "It makes no sense to proceed without the benefit of the guidance the Court plainly intends to provide following the November 17 status reports." (emphasis in original).

None of these nonparties informed us of their intent to propose alternative discovery procedures or discussed with us any of the contents of their joint November 16 letter. The reason for that is clear: none of them are willing to comply with the subpoenas. Indeed, their proposed "solution" is simply a request that the Court sanction their collective stonewalling, a joint effort that mirrors their coordination in making allegations against Governor Cuomo in the first place.

First, the nonparties' letter improperly proposes a one-size-fits-all approach that is inconsistent with Rules 26 and 45. To the extent any nonparty objects on burden grounds, they must demonstrate the specific burden on them in complying with the subpoenas at issue. Instead of doing that, they are collectively hiding behind a generalized claim of undue burden without actually establishing that burden. For example, they argue that their document productions should be limited to (i) documents they produced to the OAG, and (ii) their communications with each other about Governor Cuomo. ECF No. 179 at 2. These are not reasonable limitations. As we know, some nonparties made incomplete productions to the OAG—including Ms. Boylan who produced just 25 pages—and continued to communicate about Governor Cuomo long after the OAG Investigation. We also know that

nonparties were communicating about Governor Cuomo with others, not just with each other. We are entitled to all those communications, which will reflect, among other things, efforts to recruit other complainants, communications with material witnesses, communications with the press, and coordination with other third parties about their allegations.

We take particular objection to Ms. Boylan joining the November 16 submission. Try as she might, Ms. Boylan cannot camouflage herself among other nonparty witnesses in a further effort to avoid individual scrutiny. Regardless of how any other nonparties are situated, Ms. Boylan was front and center in making allegations against Governor Cuomo and she presents unique issues, including as to her conduct in connection with the OAG Investigation, her communications with other complainants, and her professional and political motivations. As the Court is aware, those critical issues include, but are not limited to, "whether or not [Ms. Boylan] threatened a witness" in connection with the OAG Investigation. Sept. 26, 2023 Tr. at 70:2-3. Given the likelihood that she committed perjury in her OAG testimony, tampered with a witness, and withheld responsive documents from the OAG, there is no mystery why Ms. Boylan wants to delay being put under oath for as long as possible. The discovery disputes related to Ms. Boylan, including as to subpoenas served on her **seven months ago**, are fully briefed and we respectfully request that the Court compel compliance with those subpoenas forthwith.

Second, rather than cut through the current morass and streamline discovery, the November 16 letter proposes that all discovery from the nonparties be deferred until "***the 30 days prior to the deadline for the joint pretrial order***." ECF No. 179 at 2 (emphasis added). This is not viable or appropriate. These nonparty witnesses are not bit players. Indeed, as the Court noted at the September 26, 2023 conference, Trooper 1 wants to "use these other victims and complainants, as they are characterized in the papers, to establish this hostile culture around Governor Cuomo. That's not a sort of minor third-party witness." *See* Sept. 26, 2023 Tr. at 66:18-21. For that reason, Governor Cuomo is "going to be entitled" to, among other things, "discovery of impeachment, and certainly if there is any collusion." *Id*. at 48:11-13. Governor Cuomo needs to, and is entitled to, take this critical discovery to establish his defenses while discovery is *open* and not after it is closed.

Third, the nonparties also argue in their November 16 submission, without basis, that discovery from them should wait until after Governor Cuomo files a motion to strike. As reflected in our prior filings, however, such a motion to strike would have been based on the Court's accepting the nonparties' argument that they are irrelevant to Trooper 1's claims because they do not know Trooper 1. Unless and until the Court makes such a determination, any motion to strike the allegations related to other complainants would be premature, particularly given (a) Plaintiff's insistence that she be permitted to rely on the nonparty allegations and the OAG and AJC Reports and (b) a motion to strike would need a more developed record through the discovery process.

In short, Governor Cuomo renews his plea that this Court direct each of the nonparties to comply with the subpoenas. Absent such an order, the discovery logjam—

which is improperly interfering with Governor Cuomo's ability to defend himself from Plaintiff's broad allegations—will not only continue as to these nonparties but will embolden other nonparties who may be subpoenaed later in this matter.

Respectfully submitted,

*/s/ Theresa Trzaskoma*

Theresa Trzaskoma