# EISENBERG & SCHNELL LLP
ATTORNEYS AT LAW

HERBERT EISENBERG
LAURA S. SCHNELL

November 20, 2023

**VIA ECF**
Honorable Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE: <u>Trooper 1 v. New York State Police et al.</u>, No. 22-cv-00893 (LDH) (TAM)

Dear Judge Merkl:

We represent non-party Charlotte Bennett. We write pursuant to the Court's November 3, 2023, Order, and in response to the parties' joint letter dated November 17, 2023, that noted that there is no agreement in *Bennett v. Cuomo* that narrows the disputes related to Ms. Bennett in this case. Doc. 181. We agree with Trooper 1's and the other non-parties' reasonable proposal to reserve non-party discovery until closer to trial and to limit the scope of any non-party discovery that does occur at that time. Docs. 179, 182. Subject to the caveats below, we join in that proposal.

First, Ms. Bennett opposes any discovery – whether directed toward her or Hamilton College – that relates to her allegations of sexual assault at Hamilton College. As the Court rightly noted, seeking "[c]ollege records from somebody who was sexually assaulted in college is scorched earth in the Court's view for a non-party." Transcript of Record at 7:15-17, *Cuomo v. Office of N.Y. Att'y Gen.*, No. 22-mc-03044 (TAM) (LDH) (Sept. 26, 2023). While we have agreed to a limited, confidential production of Hamilton College records in Ms. Bennett's case in the Southern District of New York, Ms. Bennett opposes a similar agreement in the *Trooper 1* case. Doc. 101, *Bennett v. Cuomo*, No. 22-cv-7846 (VSB) (SLC) (filed Sept. 14, 2022). Specifically, the parties in *Bennett v. Cuomo* reached an agreement concerning the scope of the document subpoena directed toward Hamilton College and related deposition subpoenas directed toward non-parties:

> (1) the Parties will sign an amended protective order that governs nonparty discovery; (2) Defendant Cuomo will limit the scope of the Hamilton Document Subpoena to documents or communications relating to Ms. Bennett's allegations against another student of sexual misconduct in or about 2015 and then again in 2017; (3) Counsel for Defendant Cuomo will notify counsel for all Parties and counsel for Hamilton College about the revised scope of the Hamilton Document Subpoena; (4) Defendant Cuomo will adjourn the Deposition Subpoenas *sine die* pending review of documents produced pursuant to the Hamilton Document

THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 2704
NEW YORK, NEW YORK 10279

PHONE 212.966.8900
FAX     212.966.2505
eisenbergschnell.com

Subpoena; and (5) Counsel for Cuomo will provide counsel for Plaintiff with a list of deposition topics in advance of any rescheduling of the Deposition Subpoenas, and if the Parties do not agree on the topics, the Parties will notify the Court.

*Id.*

The above agreement, however, has no bearing on the relevance of those records in *this case*. As discussed more fully in her motion to quash, the sexual assault Ms. Bennett experienced in college has nothing to do with Trooper 1, and Defendant Cuomo's attempts to obtain discovery into this private, traumatic time in a non-party's life is inappropriate and insulting. Ms. Bennett opposes Defendant Cuomo's efforts to obtain and use the information related to her experiences at Hamilton College in this matter.

Second, for all the reasons set forth in her motion to quash, Ms. Bennett opposes her deposition in the *Trooper 1* case, even a delayed deposition that is limited in scope. In addition, as Defendant Cuomo will already have the opportunity to depose Ms. Bennett in her case in the Southern District, he should not be afforded an additional bite at the apple in this case. Allowing him to do so here is needless and only gives him and his counsel a further opportunity to "continu[e] to re-traumatize" Ms. Bennett. Transcript of Record at 47:19, *Trooper 1 v. New York State Police*, No. 22-cv-00893 (LDH) (TAM) (Sept. 26, 2023). Notably, Defendant Cuomo has not yet even bothered to notice Ms. Bennett's deposition in the Southern District action.

\* \* \* \*

We appreciate the Court's sensitivity to the reality that allowing invasive non-party discovery here bears a real risk of re-traumatizing Defendant Cuomo's victims. Trooper 1 and the non-parties have set forth a reasonable proposal that Ms. Bennett joins, subject to the above caveats. We thank the Court for its time and attention to this matter.

Respectfully Submitted,

Laura S. Schnell
Attorney for Charlotte Bennett

EISENBERG & SCHNELL LLP