**MORRISON FOERSTER**

250 WEST 55TH STREET
NEW YORK
NEW YORK 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AUSTIN, BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, MIAMI,
NEW YORK, PALO ALTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

November 21, 2023

Writer's Direct Contact
+1 (212) 468-8049
CCohen@mofo.com

*By ECF*

The Honorable Taryn A. Merkl
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Trooper 1 v. New York State Police, et al.*, No. 1:22-cv-00893 (LDH) (TAM)

Dear Judge Merkl:

      We respectfully submit this letter on behalf of our client non-party Karen Hinton and in response to defendant Andrew Cuomo's November 17, 2023 letter to the Court, (ECF No. 183), regarding the status of non-party discovery in this matter. We also write to inform the Court that while the subpoena to compel Ms. Hinton's deposition should be quashed without delay, in the alternative, we join, in part and for other reasons, the requests by other non-parties that has been agreed to by Trooper 1 to defer any non-party discovery until closer to trial.

      As an initial matter, while defendant Cuomo's November 17 letter correctly states that we met and conferred regarding the subpoena to take Ms. Hinton's deposition and were unable to reach any agreement except that we agreed to submit a letter to the Court setting forth our respective positions by December 4, 2023, we are compelled to write to the Court now regarding defendant Cuomo's false accusation in the November 17 letter that the non-parties, which did not exclude Ms. Hinton, "continue to obstruct the discovery process." (ECF No. 183 at 1.) Ms. Hinton fully complied with discovery in this matter including by producing relevant documents in response to defendant Cuomo's document subpoena and continuing to meet and confer with counsel regarding discovery issues. In contrast, defendant Cuomo has and continues to abuse the discovery process by demanding Ms. Hinton's deposition even though it is undisputed that she is not named in the Complaint and Trooper 1 will not seek to call her as a witness at trial. Unfortunately, rather than seeking legitimate non-party discovery and as set forth in our initial letter to the Court dated September 22, 2023, (ECF No. 165), the subpoena to take Ms. Hinton's deposition is part of defendant Cuomo's continued campaign of harassment of Ms. Hinton both for publicly talking about his harassment of her more than twenty years ago when they worked together at the United States Department of Housing and Urban Development ("HUD") and for being an outspoken supporter of three of the complainants who have come forward about defendant Cuomo's sexual misconduct toward them.

Given the number of non-parties, a brief summary of Ms. Hinton's tangential relevance to this litigation is provided below. As mentioned above, different from many, if not all the non-parties, Ms. Hinton is not named or even referred to in the Complaint in this matter. Ms. Hinton did not work for the State of New York either when defendant Cuomo was Governor or Attorney General and thus was not part of the "hostile culture around Governor Cuomo," (ECF No. 183 citing Transcript of September 26, 2023 Court conference at 66:18-21). Moreover, and similar to other non-parties, Ms. Hinton never met Trooper 1, never communicated with Trooper 1 in any way, and has no knowledge of the allegations in Trooper 1's Complaint in this matter.

Defendant Cuomo's purported reasons for seeking to take Ms. Hinton's deposition essentially is to obtain impeachment evidence (notwithstanding that any such evidence would be inadmissible at trial) related to (i) any conversations Ms. Hinton may have had with three of the complainants who have come forward about defendant Cuomo's sexual misconduct toward them; and (ii) the credibility of the New York State Attorney General's "Report of Investigation into Allegations of Sexual Harassment by Governor Andrew M. Cuomo" (the "OAG Report"). While not relevant, Ms. Hinton is briefly referenced only twice in the OAG Report and only with respect to her public statements about being harassed by defendant Cuomo more than twenty years ago when they worked together at HUD. (*See* OAG Report at 20, 21 n.130.) Further, Ms. Hinton complied with defendant Cuomo's document subpoena by producing approximately 100 pages of her communications with three of the complainants as well as a calendar entry of her meeting with OAG investigators.[1] Importantly, the produced communications are not about the substance of those complaints but rather contain only words of encouragement and job search assistance. Accordingly, any deposition of Ms. Hinton would not shed any light on the facts at issue in the litigation and would not even provide grounds for any purported impeachment of the complainants.

As fully set forth in our September 22 letter, (ECF No. 165), the underlying reason for the demand to take Ms. Hinton's deposition is defendant Cuomo's animus toward Ms. Hinton and the desire to abuse the discovery process in this litigation to further his revenge on those individuals who he perceives as against him. Moreover, this litigation already has placed an undue burden on Ms. Hinton who, unlike defendant Cuomo and even certain other non-parties, has no ability to seek coverage from New York State for her incurred attorneys' fees.

---

[1] Ms. Hinton was represented by other counsel in connection with the OAG Report but does not recall providing the OAG with any documents. Nevertheless, and as this Court has made clear, defendant Cuomo is not permitted in this litigation "to test 'the independent and exhaustive nature of the OAG Report' and the AJC Investigation." *Cuomo v. N.Y. State Assembly Judiciary Comm.*, No. 22-MC-3027(LDH) (TAM), 2023 WL 4714097, at *14 (E.D.N.Y. July 21, 2023), ECF No. 24 at 110/23-111/4.

Accordingly, and as will be more fully set forth in the December 4 joint letter, the subpoena to take Ms. Hinton's deposition should be quashed now but, in the alternative, she joins the requests of other non-parties that has been agreed to by Trooper 1 to delay non-party discovery until closer to trial.

Respectfully submitted,

*/s/ Carrie Cohen*
Carrie H. Cohen

cc: All counsel of record (via ECF)