**SHER TREMONTE LLP**

November 29, 2023

**BY ECF**

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Trooper 1 v. NYSP et al.*, 22-cv-893 (LDH) (TAM)

Dear Judge Merkl:

      On November 17, 2023, we informed the Court of Governor Cuomo's position on the status of nonparty discovery and we informed the Court that we would be filing a joint letter with counsel for State Entity Employee #2 on November 29, 2023, pursuant to the Court's Individual Rules and Practices. T1 ECF No. 183 at 2.

      Since that date, Governor Cuomo's counsel has attempted to reach counsel for State Entity Employee #2 regarding the joint letter and today's deadline, but we have received no response. Accordingly, we assume that, because State Entity Employee #2 joined in the November 16, 2023 nonparty filing with several other nonparties without informing us first (T1 ECF No. 179), and has not communicated with us since, State Entity Employee #2 no longer plans to file a joint letter regarding the discovery dispute arising from Governor Cuomo's FRCP 45 subpoena calling for her testimony and State Entity Employee #2's refusal to comply with that subpoena.

      As this Court is aware, Trooper 1's Complaint in this action relies on the allegations of numerous other complainants who made allegations against Governor Cuomo, including State Entity Employee #2. Indeed, Plaintiff's Complaint contains an entire paragraph devoted to the allegations of State Entity Employee #2. T1 ECF No. 71 at ¶ 141. Moreover, Trooper 1's Rule 26(a) Initial Disclosures identify State Entity Employee #2 as an individual likely to have discoverable information that may support Plaintiff's claims because she identifies "All Other Witnesses Named or Interviewed by Either the State Attorney General or the State Assemblies in Preparing Their Reports" in her disclosures. T1 ECF No. 175, Exhibit A at 7. Given the allegations in Trooper 1's Complaint, Governor Cuomo also listed State Entity Employee #2 in his Initial Disclosures. T1 ECF No. 174, Exhibit 1 at 3.

Accordingly, on August 28, 2023, Governor Cuomo served State Entity Employee #2 with a Rule 45 Subpoena to Testify at a Deposition In a Civil Action.[1] On September 21, 2023, counsel for State Entity Employee #2 requested that the Court set a briefing schedule for an anticipated motion to quash that subpoena. T1 ECF No. 157 at 1.[2]

Subsequently, the Court held a status conference on September 26, 2023, where all nonparties were permitted to be heard. At that conference, the Court noted that Plaintiff's unwillingness to limit her case, and instead to include other complainants, would open up these complainants to discovery, including the taking of their depositions. Sept. 26, 2023 Tr. at 44:10-18 ("The issues that the Court is struggling with in this case, as you've heard, are the[] wide scope of the plaintiff's allegations in the Complaint. And if that is the universe of information that Governor Cuomo is being asked to defend against. There's a lot of discovery that he may need to take . . ."); *id*. at 16:13-25 ("And if those complainants do end up on the stand, having taken the deposition is obviously their preference.").

After that conference, we met and conferred with counsel for State Entity Employee #2, recognized we were at an impasse, and proposed filing a joint letter on November 29, 2023, to which counsel for State Entity Employee #2 agreed. On November 16, 2023, however, State Entity Employee #2 joined in the filing by various nonparties, in which those nonparties asked (as relevant to the instant dispute) that the Court push off all nonparty discovery until after discovery closes[3] and asked the Court to limit nonparty depositions to half-day (four-hour) depositions. T1 ECF No. 179 at 2-3. The nonparties also suggested the imposition of other limitations, including that Governor Cuomo should be limited to asking only those questions to which the OAG did not obtain answers, *id*. at 3; Governor Cuomo cannot agree to such a limitation. However, given State Entity Employee #2's own suggestion that a four-hour deposition would not be unduly burdensome, we do not believe any motion to quash briefing is necessary regarding this dispute.[4] Governor Cuomo will agree to limit State Entity Employee #2's deposition to four hours, without prejudice to a request for more time if necessary.

---

[1] We did not serve State Entity Employee #2 with a subpoena for documents.

[2] State Entity Employee #2 also requested that her identity remain confidential, T1 ECF No. 157 at 1, and renewed that request on November 16, 2023, T1 ECF No. 180. We do not oppose that request at this time, but we reserve our right to do so at a later date.

[3] Such a "solution" is not viable for the reasons discussed in our November 17, 2023 letter, *see* T1 ECF No. 183, and the reasons described by the Court at the September 26, 2023 conference, *see* Sept. 26, 2023 Tr. at 44:14-18 ("There's a lot of discovery that [Governor Cuomo] may need to take in order to move to strike those allegation[s], move to narrow the discovery that come[s] in at trial, or defend himself if all of those witnesses are ultimately called.").

[4] The omnibus nonparty letter also vaguely suggests that certain witnesses should only have to sit for "1-2 hours" of testimony. T1 ECF No. 179 at 3. Such a limitation, however, is not

      Accordingly, we respectfully request that the Court compel State Entity Employee #2 to appear for a four-hour deposition in compliance with the FRCP 45 subpoena for her testimony within 60 days, without prejudice to Governor Cuomo seeking additional time if necessary.

      Respectfully submitted,

      */s/ Theresa Trzaskoma*

      Theresa Trzaskoma

---

workable or appropriate given Plaintiff's allegations in this case regarding State Entity Employee #2.