# SHER TREMONTE LLP

December 4, 2023

**BY ECF**

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Trooper 1 v. NYSP et al.*, 22-cv-893 (LDH) (TAM)

Dear Judge Merkl:

      We write in brief response to Trooper 1's November 29, 2023 letter in which Trooper 1's counsel concedes that they "checked and double-checked" and confirmed that, apart from the four texts with Parrotta in May 2023, Trooper 1 does not have in her possession any text messages regarding her allegations, including the Nevins texts. T1 ECF No. 192 at 2. This is precisely our point. Trooper 1 was texting with several individuals about her allegations, including Stephen Nevins and Diane Parrotta, but she no longer has those texts (and Parrotta deleted them too).[1] Thus, the <u>only</u> way for Governor Cuomo to obtain information about their communications is through subpoenas for the phone records.

      Respectfully submitted,

      */s/ Theresa Trzaskoma*

      Theresa Trzaskoma

---

[1] Trooper 1's apparent deletion of messages clearly relevant to her claims against Governor Cuomo raises obvious concerns about spoliation of evidence. Indeed, Trooper 1 was texting with Nevins during the ongoing investigation into Governor Cuomo, in which Trooper 1 was a material witness. Apart from the fact that Trooper 1 is a law enforcement officer who would understand that her communications about Governor Cuomo are highly relevant to the investigation and that she had an obligation to retain them, Trooper 1 had a very clear obligation to preserve and disclose her texts after the OAG served a subpoena on her in April 2021 for her testimony and in July 2021 for her documents. While we are not prepared to make a spoliation motion at this time, we are certainly very concerned about Trooper 1's deliberate destruction of evidence, particularly given that Parrotta likewise deleted all text communications with or about Trooper 1.