UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

TROOPER 1,

                Plaintiffs,

     -against-

NEW YORK STATE POLICE ET AL.,

                Defendants.

---------------------------------------------------------X

**ORDER**
22-CV-893 (LDH) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

    WHEREAS, on April 24, 2023, the Court entered an amended confidentiality order permitting the designation as confidential sensitive information and data including "documents, testimony, or electronically stored information that can reasonably be construed as revealing a party's non-public confidential personal, proprietary, or investigative information," and specifying that the definition of producing party may include "any party or nonparty making a production of documents or information in this matter," (Confidentiality Order, ECF No. 68, at 1);

    WHEREAS, on July 19, 2023, Defendant Andrew Cuomo made a motion to file documents under seal, requesting to file under seal certain portions of a memorandum of law and exhibits including text messages, and certain portions of testimony from the deposition of nonparty Ana Liss-Jackson, (*see* ECF No. 98);

    WHEREAS, in response to the July 19, 2023 request to file under seal, the Court issued an order on August 1, 2023, reminding counsel of the standards governing sealing and directing Defendant Cuomo's counsel to meet and confer with counsel for

1

two affected nonparties, namely, counsel for Lindsey Boylan and Ms. Liss-Jackson, regarding the scope of the proposed sealing request, (*see* Aug. 1, 2023 ECF Order);

WHEREAS, on August 9, 2023, counsel for Ms. Boylan filed a motion to file documents under seal including exhibits and proposing redactions to the memorandum of law originally filed at ECF No. 98-1, (*see* ECF No. 111), to which Defendant Cuomo filed a reply on August 16, 2023, (*see* ECF No. 118);

WHEREAS, on August 16, 2023, Defendants Melissa DeRosa and Richard Azzopardi made a motion to file documents under seal, which sought to file a memorandum of law that included proposed redactions, (*see* ECF No. 119), accompanied by a publicly-filed redacted version, (*see* ECF No. 120);

WHEREAS, on August 17, 2023, Plaintiff Trooper 1 made a motion to file a letter concerning a discovery dispute under seal, (*see* ECF No. 123), accompanied by a publicly-filed version with very limited redactions, (*see* ECF No. 122);

WHEREAS, on August 25, 2023, Plaintiff Trooper 1 made a motion to file a letter concerning a discovery dispute under seal, (*see* ECF No. 137), accompanied by a publicly-filed redacted version, (*see* ECF No. 136);

WHEREAS, having reviewed the motions and sealing requests in light of the well established right of public access to judicial documents and the public's interest in monitoring the administration of justice, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008); *King Pharms., Inc. v. Eon Labs, Inc.*, No. 04-CV-5540 (DGT) (RLM), 2010 WL 3924689, at *4 (E.D.N.Y. Sept. 28, 2010) (collecting cases), the Court finds that the parties' motions to seal should be granted in part and denied in part, as follows:

IT IS HEREBY ORDERED that Defendant Cuomo's motion for leave to file under seal (ECF No. 98) and nonparty Ms. Boylan's related motion for leave to file under seal (ECF No. 111) are GRANTED in part and DENIED in part, as follows:

1) The motions to file under seal (ECF No. 98 and ECF No. 111) must be filed publicly;

2) The declaration of Ms. Boylan's attorney filed at ECF No. 111-1 must be filed publicly;

3) The exhibits included at ECF Nos. 98-2, 98-3,[1] 98-4, and 111-2 may be filed under seal and need not be re-filed;

4) The exhibits filed at ECF Nos. 111-4 and 111-5, which include a letter from counsel for Ms. Liss-Jackson, and a newspaper article, respectively, must be filed publicly; and

5) The proposed sealing requests as to Defendant Cuomo's memorandum of law, filed by Ms. Boylan and detailed in ECF No. 111-3, are DENIED because the language proposed for redaction includes factual analysis in a judicial document that is highly relevant to various legal arguments that relate to the parties' ongoing discovery disputes and myriad motions that have been filed

---

[1] The Court notes that ECF No. 98-3 contains the deposition transcript of Ana Liss-Jackson, which her attorney has designated as confidential under the protective order that governs nonparty discovery in this case. (*See* Confidentiality Order, ECF No. 68.) Although Cuomo's original motion sought leave to file ECF No. 98-3 under seal, he now contends that the transcript should be unsealed. The Court declines to unseal the entire transcript at this stage of the case. The transcript is not a judicial document and Cuomo has not demonstrated an "extraordinary circumstance or compelling need" to modify the protective order in this case, on which nonparty Ms. Liss-Jackson has demonstrated reliance. *See generally S.E.C. v. TheStreet.Com*, 273 F.3d 222, 229 (2d Cir. 2001); *see id.* at 230 (observing that it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied").

with the Court, and Defendant Cuomo's motion to seal as to this document is likewise DENIED;

IT IS FURTHER ORDERED that Defendant Cuomo is respectfully directed to publicly file his memorandum of law (originally filed at ECF No. 98-1), and that the parties are directed to publicly file the motions, memoranda, and exhibits detailed above that must be publicly filed, but the parties need not re-file any of the exhibits that may remain under seal;[2]

IT IS FURTHER ORDERED that the motion to file documents under seal by Defendants DeRosa and Azzopardi (ECF No. 119) is DENIED because it seeks to seal language from a memorandum of law that contains factual analysis and legal argument in a judicial document that is highly relevant to the motions presently pending before the Court and that movants DeRosa and Azzopardi shall publicly file the memorandum of law;

IT IS FURTHER ORDERED that the parties' motion for leave to electronically file the August 17, 2023 discovery letter under seal (ECF No. 123) is GRANTED, and as a public, redacted version of the sealed letter has already been filed, (*see* ECF No. 122), the parties need not re-file the letter this time; and

IT IS FURTHER ORDERED that the parties' motion for leave to electronically file the August 25, 2023 discovery letter under seal (ECF No. 137) is DENIED because it seeks to seal various factual claims regarding a witness, many of which have already been discussed on the public record in this case, as well as factual analysis and legal

---

[2] The parties are directed that the re-filing of the documents should **not** be made using the ECF event "Motion" to the extent that the document at issue is a motion to file a document under seal. Rather, the parties shall use ECF event "Other" and must make clear in the docket text which publicly-filed, redacted document relates to which sealed document, and vice-versa, and must include in the docket text the original ECF Number for the document when it was first filed.

4

argument in a discovery letter that is highly relevant to the judicial function of deciding the parties' myriad discovery disputes; accordingly, Plaintiff's counsel is respectfully directed to file a public version of the August 25, 2023 letter, following the protocol set forth in *supra* note 2.

**SO ORDERED.**

Dated: Brooklyn, New York
December 26, 2023

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE