# SHER TREMONTE LLP

January 3, 2024

**BY ECF**

Hon. LaShann DeArcy Hall
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Trooper 1 v. NYSP et al.*, 22-cv-893 (LDH) (TAM)

Dear Judge DeArcy Hall:

We represent former Governor Andrew Cuomo and write concerning his partial motion to dismiss, which was fully briefed and filed on September 2, 2022. ECF No. 45. As we argued in that Motion, the retaliation claim against Governor Cuomo is not legally viable because (i) Governor Cuomo was not Plaintiff's employer at the time of the alleged retaliatory conduct, and (ii) any alleged conduct was a reasonable defensive measure to Plaintiff's claims. *See* ECF No. 45-1 at 13-21.

Plaintiff's counsel recently confirmed during a discovery conference that the only alleged adverse act that forms the basis for Plaintiff's retaliation claim against Governor Cuomo is the February 17, 2022 tweet by Richard Azzopardi commenting on Plaintiff's lawsuit. *See* Dec. 12, 2023 Conf. Tr. at 64:8-10 ("The discovery in relation to retaliation . . . as to Trooper 1 is the tweet. That is the adverse act."); 65:2-3 ("The retaliatory act is the tweet."). In that single tweet responding to Plaintiff's original complaint, Mr. Azzopardi wrote that the Wigdor law firm "is widely known to use the press to extort settlements" and that "Gov. Cuomo will fight every attempt at cheap cash extortions." *See* ECF No. 45-1 at 9. As we argued in our Motion, a tweet by a non-employer concerning a lawsuit is a reasonable defensive measure that, as a matter of law, cannot support a claim for unlawful retaliation. *See id.* at 13-21.

Respectfully submitted,

*/s/ Theresa Trzaskoma*

Theresa Trzaskoma

Attachment

```
                    UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF NEW YORK (BROOKLYN)
        -----------------------------:
                                     :
        TROOPER 1,                   :  Case No.: 22-cv-0893
                                     :
                         Plaintiff,  :  Brooklyn, New York
                                     :  December 12, 2023
              v.                     :  3:08 p.m. - 5:18 p.m.
                                     :
        NEW YORK STATE POLICE,       :
        et al.,                      :
                         Defendants. :
        -----------------------------:


             TRANSCRIPT AND STATUS CONFERENCE HEARING
               BEFORE THE HONORABLE TARYN A. MERKL
                  UNITED STATES MAGISTRATE JUDGE
```

APPEARANCES:

| | |
|---|---|
| For Plaintiff: | WIGDOR LLP<br>BY: Valdi Licul, Esq.<br>    John S. Crain, Esq.<br>85 Fifth Avenue<br>New York, NY 10003 |
| For Defendant:<br>Andrew Cuomo | GLAVIN PLLC<br>BY: Rita M. Glavin, Esq.<br>156 West 56th Street - Suite 2004<br>New York, New York 10019 |
| For Defendant:<br>Andrew Cuomo | SHER TREMONTE LLP<br>BY: Theresa Trzaskoma, Esq.<br>    Allegra Noonan, Esq.<br>90 Broad Street<br>New York, New York 10004 |

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service

AMM TRANSCRIPTION SERVICE - 631.334.1445

| | | |
|---|---|---|
| 1 | | APPEARANCES CONTINUED |
| 2 | | |
| 3 | For Defendant: | MORVILLO, ABRAMOWITZ, GRAND, IASON |
| | Melissa DeRosa | & ANELLO P.C. |
| 4 | Richard Azzopardi | BY: Catherine Foti, Esq. |
| | | 565 Fifth Avenue |
| 5 | | New York, New York 10017 |

1  including allegations with regard to everybody who
2  is discussed at length in the Attorney General's
3  report.
4  Although your theory of the case as to
5  Trooper 1 may be narrowly tailored vis-à-vis this
6  tweet activity, Ms. Glavin is clearly correct, that
7  the retaliation section, at least the factual
8  specifications in your retaliation section, pertain
9  to significantly longer volume of activities
10 relating to everybody else.
11 Mr. Licul, by determining to include all of
12 this, it is much more lengthy than a simple one hit
13 tweet type of retaliation.
14 MR. LICUL: The adverse actions in relation
15 to Trooper 1 --
16 THE COURT: I understand the law, sir, but
17 you have paragraph upon paragraph in your complaint
18 explaining how her fears were justified because of
19 all this prior history.
20 MR. LICUL: Correct. And that is an
21 anticipation of the defendants' arguing that she did
22 not complain, an anticipation of a Faragher-Ellerth
23 defense, which is that she could not take
24 appropriate measures to complain about the
25 discrimination when it occurred, and that's what

```
 1   that's for.
 2              THE COURT:  Right.  But given --
 3              MR. LICUL:  That's --
 4              THE COURT:  Given the nature of the way the
 5   complaint is drafted, I don't think it can be fairly
 6   characterized that the discovery relevant to
 7   retaliation is one tweet.
 8              MR. LICUL:  The discovery in relation to
 9   retaliation as to the -- as to Trooper 1 is the
10   tweet.  That is the adverse act.
11              THE COURT:  I understand.
12              MR. LICUL:  The reason she did not complain
13   was because of the culture of fear by the governor
14   and in the governor's chambers about people -- for
15   people who would complain about him, but that's not
16   the adverse act.
17              THE COURT:  I understand.  I get it.
18              MR. LICUL:  So -- all right.
19              THE COURT:  But it's --
20              MR. LICUL:  I just wanted to make clear
21   because I thought that the allegation was -- or the
22   characterization was that her allegations of
23   retaliation related to other things that he --
24              THE COURT:  They do.  Your complaint
25   relates to a number of other things in connection
```

```
 1  with how she experienced the retaliatory act.
 2              MR. LICUL:  The retaliatory act is the
 3  tweet.
 4              THE COURT:  I know, but because of her
 5  lens, because of her experience, to the extent she
 6  knew any of this stuff, you're saying that -- I
 7  mean, did she know all of this stuff before --
 8              MR. LICUL:  No.  It's -- but it --
 9              THE COURT:  -- when she just chose not to
10  complain?
11              MR. LICUL:  It speaks to the culture of the
12  place.  And I was -- as I said, Your Honor, it
13  doesn't go to the retaliatory act against her by the
14  governor.  What it does is it goes to the
15  explanation for why she did not complain --
16              THE COURT:  But she didn't know any of
17  these things at the time?
18              MR. LICUL:  She knew about -- I mean, they
19  could depose her.  They had a chance to depose her.
20  They canceled it the day before.  And they can ask
21  her about that, about the culture of the place.
22              THE COURT:  I understand.  But in terms of
23  the precatory allegations that lead up to the
24  tweet --
25              MR. LICUL:  Right.
```

```
 1              THE COURT:  -- and your position that her
 2    fears were justified because of all of these prior
 3    acts, did she know?
 4              MR. LICUL:  She may have known some of
 5    them.  I don't know, Your Honor.  But --
 6              THE COURT:  Fair enough.  Fair enough.
 7              MR. LICUL:  But all I'm saying is that that
 8    is the culture of the place.  The Faragher-Ellerth
 9    defense, at least under federal law, is an
10    affirmative defense, and they would have to prove
11    that there is a mechanism for her to complain and
12    she didn't.
13              THE COURT:  Right.  I don't think anybody
14    is confused about which action you're saying is the
15    basis for your retaliation claim, but I think what
16    has been confused in the conversation is how you
17    anticipate proving the culture surrounding the
18    allegedly retaliatory act.  So it's all part and
19    parcel of the retaliation claim.
20              MR. LICUL:  No, I agree with that.
21              THE COURT:  I think it's just --
22              MR. LICUL:  I just --
23              THE COURT:  -- shorthand.
24              MR. LICUL:  I agree with that.  I just
25    wanted to clarify what the exact retaliation against
```