UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW M. CUOMO, | |
| *Movant,* | Case No. 23-mc-01587 (LDH) (TAM) |
| v. | Oral Argument Requested |
| LINDSEY BOYLAN, | |
| *Respondent.* | |
| TROOPER 1, | |
| *Plaintiff,* | Case No. 22-cv-00893 (LDH) (TAM) |
| v. | Oral Argument Requested |
| NEW YORK STATE POLICE, ANDREW CUOMO, MELISSA DEROSA and RICHARD AZZOPARDI, | |
| *Defendants.* | |

## NONPARTY LINDSEY BOYLAN'S REQUEST TO SEAL

E. Danya Perry
Perry Law PLLC
157 East 86th Street, 4th Floor
New York, NY 10028
Phone: 646-974-0935
Fax: 646-849-9609
Email: dperry@danyaperrylaw.com

Julie R. F. Gerchik
Glaser Weil Fink Howard Jordan & Shapiro LLP
10250 Constellation Blvd.
Suite 1900
Los Angeles, CA 90067
310-553-3000
Fax: 310-556-2920
Email: jgerchik@glaserweil.com

*Attorneys for Respondent Lindsey Boylan*

1

Nonparty Lindsey Boylan respectfully submits this request to seal pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure.

## INTRODUCTION

On August 1, 2023, the Court entered an order ("August 1 Order") permitting non-parties Ms. Boylan and Ana Liss-Jackson "to respond to Cuomo's sealing request" ("Mr. Cuomo's Sealing Request" (*T1* ECF 98,[1] *Boylan* ECF 22[2])) in connection with his memorandum of law in further support of his motion to compel compliance with subpoenas requesting private information related to Ms. Boylan and in opposition to Ms. Boylan's motions to quash these subpoenas ("Mr. Cuomo's Brief" (*T1* ECF 99, *Boylan* ECF 21)). Specifically, the Court directed Ms. Boylan and Ms. Liss-Jackson to "includ[e] any authority regarding the sealing of the information" and "identify[] any portions they do not object to being filed publicly."

Counsel for Ms. Boylan conferred with counsel for Ms. Liss-Jackson. (Declaration of E. Danya Perry in Support of Nonparty Lindsey Boylan's Request to Seal ("Perry Declaration" or "Perry Decl.") ¶ 6.)[3] Ms. Liss-Jackson's counsel confirmed his client's position that private communications between Ms. Liss-Jackson and Ms. Boylan and Ms. Liss-Jackson's deposition testimony in this case regarding such communications should be sealed. (*Id.*) Because Ms. Liss-Jackson's counsel has not entered an appearance in either of the above-captioned actions, he sent a letter in response to the Court's August 1 Order to the parties' counsel and Ms. Boylan's counsel. The letter is attached to the Perry Declaration as **Exhibit 3**. (*Id.*) In the letter, Ms. Liss-Jackson objects to the public release of "[t]he entire contents of her deposition testimony in the *Trooper 1* case herein to include exhibits tendered by her," and "[a]ny and all text messages between witness

---

[1] *Trooper 1 v. New York State Police, et al.*, Case No. 22-cv-893 (LDH) (TAM) (E.D.N.Y.) ("*T1* ECF").

[2] *Cuomo v. Boylan*, Case No. 23-mc-01587 (LDH) (TAM) (E.D.N.Y.) ("*Boylan* ECF").

[3] Counsel for Ms. Boylan also met and conferred with counsel for Defendants pursuant to the August 1 Order. Defendants' counsel stated that Defendants oppose Ms. Boylan's Request to Seal. (Perry Decl. ¶ 3.)

Lindsey Boylan (another non-party witness) as those were and remain *private* communications." (Ex. 3, ¶ 7(a)-(b) (emphasis in original).)

Similarly, as explained below, Ms. Boylan respectfully requests that the Court seal the following documents or portions thereof in connection with Mr. Cuomo's Sealing Request:

- **Exhibit B:** Ms. Boylan requests that the Court seal pages 5-18 in Exhibit B to Mr. Cuomo's Sealing Request. This portion of the exhibit contains private text messages and Twitter direct messages between Ms. Boylan and Kaitlin, another non-party accuser, concerning their allegations against Mr. Cuomo, among other private matters relating to the allegations of Mr. Cuomo's accusers.

- **Exhibit C:** A list of Ms. Boylan's proposed redactions to Exhibit C to Mr. Cuomo's Sealing Request, as well as a true and correct copy of excerpts of Exhibit C with Ms. Boylan's proposed redactions highlighted in yellow, is attached to the Perry Declaration under seal as **Exhibit 1**.[4] Ms. Boylan's proposed redactions to Exhibit C constitute those excerpts of Ms. Liss-Jackson's deposition transcript concerning private conversations between Ms. Liss-Jackson and Ms. Boylan regarding their allegations against Mr. Cuomo, among other private matters relating to the allegations of Mr. Cuomo's accusers.

- **Exhibit D:** Ms. Boylan requests that the Court seal Exhibit D to Mr. Cuomo's Sealing Request in its entirety. This exhibit contains private text messages between Ms. Liss-Jackson and Ms. Boylan regarding their allegations against Mr. Cuomo, among other private matters relating to the allegations of Mr. Cuomo's accusers.

- **Mr. Cuomo's Brief (*T1* ECF 99, *Boylan* ECF 21):** Ms. Boylan requests that the Court seal the following page and line numbers in Mr. Cuomo's Brief: 12:1-6, 12:18-22, 13:1-2, and 13:19–14:6. These portions of Mr. Cuomo's Brief reflect Ms. Boylan's narrowly tailored redactions of descriptions or quotations of her private communications identified in Exhibits B, C, and D above. A true and correct copy of Mr. Cuomo's Brief with Ms. Boylan's proposed redactions highlighted in yellow is attached to the Perry Declaration under seal as **Exhibit 2**.

---

[4] Mr. Cuomo inexplicably included all 482 pages of Ms. Liss-Jackson's deposition transcript in Exhibit C rather than only the excerpts cited in Mr. Cuomo's Brief. To facilitate the Court's review, Ms. Boylan includes in Exhibit 1 only excerpts of the transcript to which redactions should apply.

## <u>ARGUMENT</u>

Courts consider three factors in evaluating sealing requests: (1) whether the documents at issue are "judicial document[s]"; (2) "the weight of the presumption of access to [those] document[s]"; and (3) whether "all of the factors that legitimately counsel against disclosure of the judicial document[s]" outweigh "the weight properly accorded the presumption of access." *Fossil Grp., Inc. v. Angel Seller LLC*, 2022 WL 3347219, at *2 (E.D.N.Y. Aug. 12, 2022) (Merkl, J.) (citing *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020)). Each of these factors supports sealing here.

As explained below, Exhibits B, C, and D to Mr. Cuomo's Sealing Request (collectively, the "Exhibits") are not judicial documents, and thus the presumption of access does not apply. Though Mr. Cuomo's Brief is a judicial document and the presumption of access applies, Ms. Boylan's proposed redactions are narrowly tailored to encompass only descriptions and quotations of the Exhibits. Thus, the presumption of access to these portions of Mr. Cuomo's Brief is weak. Ms. Boylan's substantial privacy interests in her personal, confidential communications significantly outweigh any presumption of access to these documents. Accordingly, these documents should be sealed.

### I.    The Exhibits Are Not Judicial Documents, And Thus They Are Not Accorded Any Presumption of Public Access.

*First*, the Exhibits should be sealed because they are not judicial documents to which any presumption of public access attaches. The Second Circuit has held that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*"). Rather, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." *Id.* "Documents filed in

connection with discovery disputes are not generally considered judicial documents." *Ponzeka v. Bayer Healthcare, LLC*, 2022 WL 18359014, at *1 (E.D.N.Y. Dec. 22, 2022). Indeed, "[e]ven when the Court analyzes such documents in the context of discovery motions, the discovery documents themselves remain non-judicial." *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, 2022 WL 2702378, at *17 (E.D.N.Y. Feb. 11, 2022) (citing *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 233 (2d Cir. 2001)).

Here, the Exhibits are non-party documents produced in discovery (Exhibits B and D) and a non-party deposition transcript (Exhibit C) that Mr. Cuomo attached as exhibits to a discovery motion concerning a subpoena-related dispute. Accordingly, the Exhibits are not judicial documents, no presumption of access applies, and they must be sealed. *See DDK Hotels*, 2022 WL 2702378, at *17 (granting request to seal exhibits filed with discovery motions because they were "non-judicial documents"); *see also BAT LLC v. TD Bank, N.A.*, 2019 WL 13236131, at *8 (E.D.N.Y. Sept. 24, 2019) ("[J]ust because the transcripts are among the materials the Court considered in evaluating [a discovery motion] does not automatically make them judicial documents subject to public disclosure.").

## II. Any Weight of Presumption of Access to the Exhibits and the Corresponding Portions of Mr. Cuomo's Brief is Minimal.

*Second*, even if the Exhibits were judicial documents (they are not), as private communications with no relevance to Plaintiff Trooper 1's claims, limited weight should be afforded to the presumption of access to these documents and the corresponding portions of Mr. Cuomo's Brief. The weight accorded to the presumption of access "must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*"). "Generally, the information will fall somewhere on a continuum

4

from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* Where "documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of access] is low and amounts to little more than a prediction of public access absent a countervailing reason." *Id.* at 1050.

The Exhibits are completely irrelevant to the Court's determination of Mr. Cuomo's motion to compel and Ms. Boylan's motions to quash subpoenas seeking her personal information. The Court's resolution of the pending motions turns on, among other things, the relevance of the information requested in the subpoenas (i.e., Ms. Boylan's personal information) to Trooper 1's allegations that Mr. Cuomo subjected her to sexual harassment and retaliation. (*T1* ECF 87 at 7-15, *Boylan* ECF 19 at 10-18.)[5] The Exhibits are extraneous to this inquiry, as they contain Ms. Boylan's private communications with other non-parties regarding their collective sexual harassment allegations against Mr. Cuomo, among other private matters. (*Id.*; *see also Cuomo v. Office of the New York State Attorney General*, Case No. 22-mc-03044 (LDH) (TAM) (E.D.N.Y.), ECF 37 at 24, 25, 27-30.) Accordingly, any presumption of access attaching to the Exhibits is weak.

Moreover, because Ms. Boylan's narrowly tailored redactions to Mr. Cuomo's Brief reflect descriptions or quotations of the Exhibits, they should likewise be accorded a limited presumption of access. *See DDK Hotels*, 2022 WL 2702378, at *17-18 (granting motion to seal exhibits to discovery dispute letter motion because "many of the documents that the parties seek to file under seal are non-judicial documents passed between the parties during discovery," and permitting redactions of confidential information in the letter motion).

---

[5] As Ms. Boylan argued in her motions to quash, her allegations against Mr. Cuomo and the information concerning her requested in the subpoenas are completely irrelevant to Trooper 1's claims. (*T1* ECF 87 at 7-15, *Boylan* ECF 19 at 10-18.) Indeed, Mr. Cuomo admits that Ms. Boylan's allegations against him are irrelevant to Trooper 1's claims. (*Boylan* ECF 3 at 12.)

### III.    Non-Party Ms. Boylan's Substantial Privacy Interests and Potential Harm from Disclosure Significantly Outweigh Any Presumption of Access to These Documents.

*Third*, Ms. Boylan's substantial privacy interests in her private communications outweigh any presumption of access to the Exhibits and the corresponding portions of Mr. Cuomo's Brief. After determining the weight accorded to the presumption of access, the court must then "balance competing considerations against it," such as "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). "The privacy interests of innocent third parties weigh heavily in the sealing calculus." *Martinez v. City of New York*, 2022 WL 17090292, at *2 (E.D.N.Y. June 8, 2022) (citing *Amodeo II*, 71 F.3d at 1050). "To protect these interests, courts routinely seal . . . information concerning third-parties not related to the action." *Id.* (citing *Dorsett v. Cnty. of Nassau*, 762 F. Supp. 2d 500, 521 (E.D.N.Y. 2011)). This is particularly true "where the case has attracted substantial media attention and certain of the information implicates innocent third parties." *Robinson v. De Niro*, 2023 WL 3728350, at *1 (S.D.N.Y. May 26, 2023) (citing *Amodeo II*, 71 F.3d at 1050). If non-party private information was publicly disclosed in such a case, "it could be used to significantly intrude on the personal privacy interests" of these non-parties. *Id.*

Ms. Boylan has a significant privacy interest in her personal, confidential communications with other non-parties regarding experiences with and thoughts about Mr. Cuomo, among other private matters related to the accusers' allegations against Mr. Cuomo. *See United States v. Gatto*, 2019 WL 4194569, at *8-9 (S.D.N.Y. Sept. 3, 2019) (recognizing third parties' privacy interest in "private methods of communication," including phone calls, text messages, and emails); *Bakhit v. Safety Marking, Inc.*, 2014 WL 2916490, at *3 (D. Conn. June 26, 2014) (recognizing privacy interest in personal cellphone data). Ms. Boylan's privacy interest is particularly acute given her

status as a non-party and the total irrelevance of the Exhibits and the corresponding portions of Mr. Cuomo's Brief to the Court's determination of the pending motions. *See Saint-Jean v. Emigrant Mortg. Co.*, 2016 WL 11430775, at *8 (E.D.N.Y. May 24, 2016) (sealing exhibits containing "the personal information of non-parties" because of the "significant privacy interests of non-parties, as well as the lack of relevance of these portions to any issue in this litigation").

In addition, the fact that the Exhibits were produced pursuant to a protective order favors sealing these documents, as the Second Circuit has held that it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *TheStreet.Com*, 273 F.3d at 230. That Mr. Cuomo seeks to file these private records publicly when they are completely irrelevant to the pending motions is yet another reason Mr. Cuomo's invasive and excessively broad third-party discovery should not be countenanced.

Further, the significant amount of media attention this case has garnered underscores the harm Ms. Boylan would suffer if her personal communications were publicly disclosed. Indeed, the potential harm from disclosure of Ms. Boylan's private communications is not speculative. Ms. Boylan was subjected to horrific backlash when she publicly alleged that Mr. Cuomo sexually harassed her, and the OAG Report included findings that Mr. Cuomo attempted to discredit Ms. Boylan following her allegations.[6] Moreover, Ms. Boylan still retains her privacy interests in her personal, confidential communications even though other information related to the allegations of Ms. Boylan and other non-parties against Mr. Cuomo is publicly available. *See Gatto*, 2019 WL 4194569, at *8 ("That some information relating to the documents in question already has been discussed on the public record or reported in the media does not mean that the third-parties concerned have lost any remaining privacy interests in their contents.").

---

[6] Recently, news outlets reported that "[f]or nearly two years, Madeline Cuomo [Mr. Cuomo's sister] quietly worked with grass-roots activists to help smear her brother's accusers," including Ms. Boylan. (Perry Decl., Ex. 4 at 1.)

Accordingly, Ms. Boylan's privacy interests in her personal, confidential communications decidedly outweigh any presumption of access to the Exhibits and the corresponding portions of Mr. Cuomo's Brief.

**CONCLUSION**

For the foregoing reasons, Ms. Boylan requests that the Court seal pages 5-18 in Exhibit B to Mr. Cuomo's Sealing Request; portions of Exhibit C to Mr. Cuomo's Sealing Request as listed in Exhibit 1 to the Perry Declaration; the entirety of Exhibit D to Mr. Cuomo's Sealing Request; and page and line numbers 12:1-6, 12:18-22, 13:1-2, and 13:19–14:6 in Mr. Cuomo's Brief as reflected in Exhibit 2 to the Perry Declaration.


Dated: August 9, 2023                              Respectfully submitted,
       New York, New York

                                                   */s/ Julie R. F. Gerchik*
                                                   E. Danya Perry
                                                   Perry Law PLLC
                                                   157 East 86th Street, 4th Floor
                                                   New York, NY 10028
                                                   Phone: 646-974-0935
                                                   Fax: 646-849-9609
                                                   Email: dperry@danyaperrylaw.com

                                                   Julie R. F. Gerchik
                                                   Glaser Weil Fink Howard Jordan & Shapiro LLP
                                                   10250 Constellation Blvd.
                                                   Suite 1900
                                                   Los Angeles, CA 90067
                                                   310-553-3000
                                                   Fax: 310-556-2920
                                                   Email: jgerchik@glaserweil.com

                                                   *Attorneys for Respondent Lindsey Boylan*