

E. DANYA PERRY
646-357-9950 PHONE
dperry@danyaperrylaw.com EMAIL

January 14, 2024

**VIA ECF**

Hon. Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Trooper 1 v. New York State Police, et al.*, 22-cv-00893 (LDH) (TAM);
      *Cuomo v. Boylan*, 23-mc-1587 (LDH) (TAM)

Dear Judge Merkl:

      As Your Honor is aware, we represent non-party Lindsey Boylan in the above-referenced matter. We write to provide clarification on an issue that arose at the January 11, 2024, status conference.[1]

      At the hearing, the Court observed that *Bennett v. Cuomo*, No. 22-cv-07846 (VSB) (SLC) (S.D.N.Y.), is distinguishable from this matter because Ms. Boylan will not be called as a witness in *Bennett*. We wish to clarify that **this is not the case**. As Mr. Cuomo's counsel informed Magistrate Judge Cave at the *Bennett* discovery conference on January 4, 2024—regardless of whether Ms. Bennett intends to call Ms. Boylan as a witness in that case—Mr. Cuomo's counsel plans to do so. *See Bennett* Hr.'g Tr. 10:18-25 ("But I would note that Governor Cuomo may well call Ms. Boylan as a witness at trial[.]"). Therefore, because Ms. Boylan will be called as a witness in both cases, there is *no* material difference between the cases for the purpose of weighing the persuasive force of Judge Cave's January 4 ruling.

      Indeed, the two cases could not be more parallel, as Judge Cave also considered—*and flatly rejected*—the very same arguments that Mr. Cuomo's counsel advanced before Your Honor on January 11. For instance, Judge Cave rejected counsel's argument that Mr. Cuomo is entitled to certain discovery from Ms. Boylan because he plans to "rely on Ms. Boylan and the fact that she was out in public making false accusations" and "using [] false accusations to recruit others to embellish their own claims. And that is his defense." Bennett Hr.'g Tr. 30:25-31:4. Judge Cave shot that argument down, reasoning that "there has to be a tie to Ms. Bennett and her claim. And

---

[1] I sincerely apologize to the Court for filing this letter over a holiday weekend. Unfortunately, a close family member passed away on January 11, not long after the conference before Your Honor, and this is the earliest I have been able to provide this information to the Court. Although I had mentioned it in court, co-counsel and I were not certain that it had come across clearly and therefore felt it was important to file this letter before the Court issued its ruling on the pending motions.

157 East 86th Street, 4th Floor, New York, NY 10028
646-974-0935 PHONE | 646-849-9609 FAX | www.danyaperrylaw.com WEBSITE

The Honorable Taryn A. Merkl
January 14, 2024

… that Ms. Boylan may have encouraged some other complainant to do something independent of Ms. Bennett … doesn't have anything to do with this case." *Id.* at 15:2-7.

Counsel also argued before Judge Cave—just as they pressed in this case—that Mr. Cuomo should be entitled to the exact same discovery, as sought here, for the purpose of rebutting the OAG report. *See* Bennett Hr.'g Tr. 32:12-18 ("[I]t is chopping us off at the knees to say there can be a lawsuit that complains about a defendant's reaction to a public report and, … for Governor Cuomo not to be able to explain to a jury why … it's unreliable."). But Judge Cave handily rejected that argument as well, declining to enforce Mr. Cuomo's subpoena against Ms. Boylan as it pertains to documents concerning the OAG investigation.

As Judge Cave observed: "There's not going to be a mini trial in this case about Ms. Boylan. She's not a party to this case. And Mr. Cuomo doesn't have claims against Ms. Boylan in [the *Bennett* case]." *See* Bennett Hr.'g Tr. 13:16-18. Those observations have equal force here.[2] We therefore ask the Court to consider Judge Cave's ruling when addressing precisely the same issues in this case. Consistent with that ruling, the Court should exercise its broad discretion to quash each of the subpoenas in their entirety or—at most—to order Ms. Boylan to produce documents reflecting her allegations of harassment against Mr. Cuomo (as contained, with proper narrowing, in document requests 1, 11, and 16 of the Boylan subpoena). That would provide Mr. Cuomo with plenty of additional material—on top of the vast amount of alleged impeachment material to which his counsel is forever referring—and does not delve into the types of invasive and personal material we have discussed at great length and that carry significant public policy concerns.

On that point: whatever Mr. Cuomo wants to say about Ms. Boylan, she is not on trial. She did come forward and make an accusation of sexual harassment. Since that time, she has been under constant personal attack. And now, even though she is neither a defendant nor a plaintiff in a lawsuit, she has had well more than a dozen subpoenas issued to her and about her, that seek to intrude into the most personal areas of her life and that have very little to do with the actual issues in this case. This is a serious disincentive for any survivor to ever come forward. We have never seen anything like it with respect to a nonparty nor found authority for it in case law: *it is madness for which there is no precedent* and, in a case that is indistinguishable from *Bennett*, **this Court has the power to put an end to it just as the Bennett court did**. We implore the Court to do so. If it does not, it will create precedent not just for the many other women in this case, who will have their entire lives upended when Mr. Cuomo comes for them next with a barrage of subpoenas, but for survivors in other matters who undoubtedly will be chilled from coming forward in the future.

---

[2] Indeed, as we have repeatedly urged, there is much less of a connection in the Trooper 1 case, as Ms. Boylan has never spoken with Trooper 1 and no documents have been requested with respect to Trooper 1, for the simple reason that they do not exist. Allowing the type of discovery Mr. Cuomo seeks—including the vast number of additional subpoenas he seeks—threatens another whole trial that will swallow the Trooper 1 trial itself—not just a "mini-trial" of the kind Judge Cave disallowed.

The Honorable Taryn A. Merkl
January 14, 2024

We thank the Court for its consideration.

Respectfully submitted,

*/s/ E. Danya Perry*
E. Danya Perry (No. 2839983)
Perry Law
157 East 86th Street, 4th Floor
New York, NY 10028
Email: dperry@danyaperrylaw.com
Telephone: (212) 840-7939
Facsimile: (646) 849-9609


Julie R. F. Gerchik
for Glaser Weil Fink Howard Jordan & Shapiro LLP

*Attorneys for Non-party Lindsey Boylan*