UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X
TROOPER 1,

                Plaintiff,

        -against-                  **DISCOVERY ORDER**
                                             22-CV-893 (LDH) (TAM)
NEW YORK STATE POLICE and
ANDREW CUOMO,

                Defendants.
---------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

On February 17, 2022, Trooper 1 ("Plaintiff"), a member of former New York Governor Andrew Cuomo's Protective Service Unit ("PSU"), initiated this action alleging that former Governor Cuomo sexually harassed her and other state employees. (Compl., ECF No. 1.) The amended complaints named as Defendants the New York State Police ("NYSP"), former Governor Andrew Cuomo ("Cuomo"), Melissa DeRosa ("DeRosa"), and Richard Azzopardi ("Azzopardi") (collectively referred to as "Defendants"). (*See* First Am. Compl. ("FAC"), ECF No. 7; Second Am. Compl. ("SAC"), ECF No. 71.) This Order assumes familiarity with the factual and procedural history of this case.

## I. Relevant Procedural History

On January 11, 2024, the Court held a motion hearing on the pending discovery disputes concerning non-party witness Charlotte Bennett related to various motions to compel and quash, and a motion for a protective order filed by Plaintiff, seeking to quash certain subpoenas due to concerns based on Federal Rule of Evidence 412.

Specifically, non-party party Charlotte Bennett had filed a motion to quash, seeking relief from document subpoenas and a deposition subpoena served by

Defendant Cuomo (referred to herein as the "Bennett Document Subpoena" and the "Bennett Deposition Subpoena"), as well as a document subpoena served on Hamilton College (the "Hamilton College Subpoena"). In addition, on September 19, 2023, Ms. Bennett filed a request for a conference concerning an anticipated motion to quash a subpoena served on her by Defendants DeRosa and Azzopardi (the "DeRosa Subpoena"). (Ltr. For Pre-Mot. Conference, ECF No. 153; DeRosa Subpoena, ECF No. 154-1.)

Plaintiff Trooper 1 filed a motion for a protective order ("Trooper 1 Motion") concerning the subpoenas related to Ms. Bennett and non-party Lindsey Boylan. Related to Ms. Bennett, Trooper 1's motion sought to quash the Bennett Document Subpoena and Bennett Deposition Subpoena (*see* ECF No. 82-4, at ECF pp. 3, 6), as well as the Hamilton College Subpoena (ECF No. 82-5), arguing that the subpoenas sought irrelevant evidence that is impermissible under Federal Rule of Evidence 412. (ECF No. 82-1, at 1.)

Relatedly, the Court notes that Ms. Bennett is the sole plaintiff in a separate lawsuit she initiated in the Southern District of New York against Cuomo, *Bennett v. Cuomo, et al.*, No. 22-CV-7846 (VSB) (SLC). In that case, she is engaged in discovery, including discovery regarding a category of documents that she argues should not be produced in this case, i.e., documents related to prior allegations of sexual conduct, including but not limited to allegations raised while Ms. Bennett was a student at Hamilton College. *See Bennett v. Cuomo*, No. 22-CV-7846 (VSB) (S.D.N.Y.). In the Southern District case, the parties "reached an agreement concerning the scope of the document subpoena directed toward Hamilton College and related deposition subpoenas directed toward non-parties"; the agreement provided that:

> (1) the Parties will sign an amended protective order that governs nonparty discovery; (2) Defendant Cuomo will limit the scope of the Hamilton Document Subpoena to documents or communications relating to Ms. Bennett's allegations against another student of sexual misconduct in or about 2015 and then again in 2017; (3) Counsel for Defendant Cuomo will notify counsel for all Parties and counsel for Hamilton College about the revised scope of the Hamilton Document Subpoena; (4) Defendant Cuomo will adjourn the Deposition Subpoenas sine die pending review of documents produced pursuant to the Hamilton Document Subpoena; and (5) Counsel for Cuomo will provide counsel for Plaintiff with a list of deposition topics in advance of any rescheduling of the Deposition Subpoenas, and if the Parties do not agree on the topics, the Parties will notify the Court.

(Ltr. from Charlotte Bennett, ECF No. 185, at 1–2 (citing *Bennett v. Cuomo*, No. 22-CV-7846 (VSB) (SLC), ECF No. 101).)

**II. Discovery as to Ms. Bennett in the *Trooper 1* Case**

As a threshold matter, the Court notes that there is no evidence before the Court suggesting that Ms. Bennett knew Trooper 1, had any contact with Trooper 1, or that she has any role in this case other than as a non-party witness who likewise has alleged that Cuomo engaged in harassing behavior towards her. Accordingly, Ms. Bennett's counsel requests that Ms. Bennett be subject to one deposition by Defendants in both cases, as she is unlikely to have any additional information about which to be questioned in regard to Trooper 1. In addition, Ms. Bennett's counsel has agreed to disclose the discovery from the *Bennett* case in the *Trooper 1* case, including the records relating to Hamilton College, provided that the parties can agree upon an appropriate protective order. Accordingly, the Court finds as follows with respect to the pending motions pertaining to Ms. Bennett.

1) With respect to the Bennett Document Subpoena, Ms. Bennett's motion to quash (ECF No. 83) and Cuomo's cross-motion to compel Ms. Bennett's compliance (ECF No. 95) are denied as moot, provided that the parties and counsel for Ms. Bennett are able to enter into an appropriate protective order. Any such protective order shall be

3

filed with the Court by **January 26, 2024**. Trooper 1's motion for a protective order (ECF No. 82) as to the information sought about Ms. Bennett is likewise denied as moot. The denial of Ms. Bennett's and Trooper 1's motions is without prejudice to Ms. Bennett's and Trooper 1's rights to object to any use of the documents and information pertaining to allegations raised while Ms. Bennett was a student at Hamilton College, whether affirmatively or on cross-examination. The Court further expressly notes, as discussed at oral argument on January 11, 2024, that the determination to consider the Hamilton College documents and any related information or evidence as "produced" for purposes of the discovery in this case does not imply relevance or admissibility. Additionally, any efforts at future use of the information must be made in strict conformity with the procedural safeguards of Federal Rule of Evidence 412, which expressly provide a right for Ms. Bennett and her attorney to be heard on this issue after proper notice.[1]

---

[1] Federal Rule of Evidence 412 requires advance notice to any victim or alleged victim, and that the victim have the opportunity to be heard, as follows:

(c) Procedure to Determine Admissibility.

(1) *Motion*. If a party intends to offer evidence under Rule 412(b), the party must:

(A) file a motion that specifically describes the evidence and states the purpose for which it is to be offered;

(B) do so at least 14 days before trial unless the court, for good cause, sets a different time;

(C) serve the motion on all parties; and

2) As to the Bennett Deposition Subpoena, the Court defers ruling on any details pertaining to Ms. Bennett's deposition in light of the request that Ms. Bennett be deposed once, and in light of the different discovery schedule in her Southern District case. The Court directs the parties and counsel for non-party Ms. Bennett to meet and confer regarding this issue, in an effort to arrive at an accommodation. Given the inherent burden of being deposed, and in light of Ms. Bennett's lack of knowledge regarding Trooper 1 or Trooper 1's allegations, however, counsel for Defendants are advised that the Court is highly unlikely to permit a second deposition of Ms. Bennett in the *Trooper 1* case absent a showing of good cause as the deposition would likely be cumulative and thus disproportionate to the needs of this case.

3) As to the DeRosa Subpoena, the Court finds that it seeks discovery that is relevant and proportional to the needs of the case, and Ms. Bennett's counsel are respectfully directed to search for responsive documents related to Ms. DeRosa and Mr. Azzopardi, as discussed at the January 11 hearing.

4) As noted above, the Trooper 1 motion to quash (ECF No. 82) is terminated as moot with respect to Charlotte Bennett.

\*   \*   \*   \*   \*

---

    (D) notify the victim or, when appropriate, the victim's guardian or representative.

    (2) *Hearing*. Before admitting evidence under this rule, the court must conduct an in camera hearing and give the victim and parties a right to attend and be heard. Unless the court orders otherwise, the motion, related materials, and the record of the hearing must be and remain sealed.

Fed. R. Evid. 412(c). *Cf. United States v. Frey*, No. 19-CR-537 (DRH) (SIL), 2022 WL 2359665 (E.D.N.Y. June 30, 2022) ("Evidence Rule 412 aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and to encourage victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders." (quotation marks and alteration omitted)).

For the foregoing reasons, and the reasons discussed on the record at the January 11, 2024 oral argument, and consistent with the above findings:[2]

1) Ms. Bennett's motion to quash (ECF No. 83) and Cuomo's cross-motion to compel Ms. Bennett's compliance (ECF No. 95) are denied as moot, as set forth above; and

2) The Trooper 1 Motion to quash (ECF No. 82) is terminated as moot with respect to Charlotte Bennett, given the Court's resolution of ECF Nos. 83 and 95 and in light of the accommodation that Ms. Bennett has reached with Cuomo in connection with her Southern District of New York Case.

**SO ORDERED.**

Dated: Brooklyn, New York
January 16, 2024

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

---

[2] Because meritorious arguments were made as to the motion to quash, the motion to compel, and the motion for a protective order, the Court declines to provide any fee shifting under Rule 37(a)(5). *See* Fed. R. Civ. P. 37(a)(5).