UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
TROOPER 1,

                Plaintiff,

      -against-

NEW YORK STATE POLICE and
ANDREW CUOMO,

                Defendants.
-----------------------------------------------------------X

**DISCOVERY/PROTECTIVE ORDER**
22-CV-893 (LDH) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

      On February 17, 2022, Trooper 1 ("Plaintiff"), a member of former New York Governor Andrew Cuomo's Protective Service Unit ("PSU"), initiated this action alleging that former Governor Cuomo sexually harassed her and other state employees. (Compl., ECF No. 1.) The amended complaints named as Defendants the New York State Police ("NYSP"), former Governor Andrew Cuomo ("Cuomo"), Melissa DeRosa ("DeRosa"), and Richard Azzopardi ("Azzopardi") (collectively referred to as "Defendants"). (*See* First Am. Compl. ("FAC"), ECF No. 7; Second Am. Compl. ("SAC"), ECF No. 71.) Plaintiff is claiming, among other things, discrimination and retaliation in violation of the federal Equal Protection Clause, the New York State Human Rights Law, and the New York City Human Rights Law. (*See* SAC, ECF No. 71.) On September 29, 2023, the Honorable LaShann DeArcy Hall granted motions to dismiss filed by Defendants Azzopardi and DeRosa as to Plaintiff's claims of discrimination and retaliation, alleged in violation of the New York State Human Rights Law and the New York City Human Rights Law. (Sept. 29, 2023 ECF Order.)

      This Order assumes familiarity with the factual and procedural history of this case and that the New York State Office of the Attorney General ("OAG") and New

York State Assembly Judiciary Committee ("AJC") conducted investigations and issued reports in 2021 concluding that Cuomo engaged in sexual harassment while in office.

**RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Discovery in this case commenced following the initial conference, which was held on June 6, 2022, and has been fraught with discovery disputes large and small. Since June 30, 2023, myriad motions and letters regarding discovery have been filed by the parties, potential non-party witnesses, and various non-party complainants (the "Complainants"), who have made sexual harassment allegations against Cuomo, and from whom he now seeks discovery in this case.[1]

The subpoenas concerning the Complainants have common themes, including, by way of example, requests for (1) non-privileged communications with or about other Complainants (including Ms. Boylan and Ms. Bennett), and other witnesses, such as Ms. Hinton; (2) documents and communications concerning any allegations by the witnesses of sexual harassment or misconduct against Cuomo, including communications with the OAG or AJC and any documents or other materials provided by them to the OAG or AJC; and (3) communications by the witnesses regarding the

---

[1] (*See, e.g.*, Trooper 1 Mot. to Quash, ECF No. 82; Charlotte Bennett Mot. to Quash, ECF No. 83; Lindsey Boylan Mot. to Quash, ECF No. 86; Cross-Mot. to Compel Non-Party Charlotte Bennett, ECF No. 95; Mot. to Compel Def. Cuomo's Dep., ECF No. 122; Mot. for a Pre-Mot. Conference, ECF No. 136; Mot. to Compel Non-Party Kaitlin, ECF No. 140; Limmiatis and McGrath Mot. for a Pre-Mot. Conference, ECF No. 149; Non-Party Kaitlin's Cross-Mot. to Quash, ECF No. 159; Mot. to be Heard by Non-Party Karen Hinton, ECF No. 165; Mot. to be Heard by Non-Party Alessandra Biaggi, ECF No. 167; Ltr. Mot. for Discovery re Non-Party Lindsey Boylan, ECF No. 177; Ltr. from Non-Parties Proposing Discovery Solution, ECF No. 179; Ltr. from State Entity Employee #2, ECF No. 180; Ltr. Mot. for Discovery, ECF No. 189; Ltr. Mot. for Discovery from State Entity Employee #2, ECF No. 194; Ltr. Mot. for Discovery re Karen Hinton, ECF No. 196.) The Court notes that the motions, and portions of those motions, concerning Ms. Boylan and Ms. Bennett are addressed separately in two discovery orders issued simultaneously with this Order.

work environment in the Executive Chamber.[2] In addition, Cuomo has sought the phone records of some of the Complainants, including, for example, Ms. Boylan and Kaitlin. Moreover, Cuomo has not just issued subpoenas to Complainants, but has issued many subpoenas to witnesses who *know* the Complainants, in an apparent effort to develop impeachment evidence to use against them, and to undercut the reliability of the OAG report. Counsel have described the efforts as seeking discovery in "concentric circles" around certain witnesses. (*See, e.g.*, Biaggi Joint Ltr., ECF No. 193, at 2.) In a nutshell, Cuomo is attempting to conduct extremely robust discovery in an effort to uncover impeachment material for Trooper 1, the non-party Complainants, and other witnesses. Certain witnesses and the Complainants have provided some discovery; some have provided none or almost none; many object to Cuomo's requests.

In the meantime, as an apparent flurry of subpoenas was going out, Trooper 1 filed a pre-motion conference letter, in anticipation of seeking entry of a protective order. (*See* Mot. for Pre-Mot. Conference, ECF No. 136.) In the motion, Trooper 1 averred that, as of August 25, 2023, Cuomo had issued over 48 subpoenas, including over 20 deposition subpoenas without any agreement with Plaintiff Trooper 1, or

---

[2] (*See, e.g.*, Subpoena to Alessandra Biaggi, ECF No. 193-1 (seeking, for the time period of December 1, 2020, through November 30, 2021, (1) all non-privileged communications "with or about Lindsey Boylan [or her representatives] . . . , Karen Hinton, Charlotte Bennett, or Kaitlin concerning allegations of sexual harassment or misconduct against Cuomo"; and (2) all non-privileged "Documents or Communications concerning any allegations by You of sexual harassment or misconduct against Governor Cuomo, including communications with OAG and any documents or other materials provided by You to OAG," and, as to the time period from January 1, 2017, through November 20, 2021, all non-privileged communications "by You concerning the work environment in the New York State Executive Chamber under Governor Cuomo").) At oral argument on December 12, 2023, counsel for Cuomo represented that the Biaggi subpoena is a representative example of the subpoenas they have issued to the Complainants. (Tr., ECF No. 197, at 87:19–22.) Notably, Ms. Biaggi is not herself a complaining witness in that she has not filed any charges or made any allegations that Cuomo harassed her personally. (*See* Biaggi Joint Ltr., ECF No. 193, at 1.)

approval by the Court, in contravention of Fed. R. Civ. P. 30(a)(2)(A)(i). (*See id.* at 2.) Trooper 1 argues that this is not proper discovery, but rather a concerted effort to intimidate witnesses. (*Id.*) Accordingly, Trooper 1 requested that the Court issue a protective order:

> (1) precluding Cuomo from engaging in non-party discovery until he has completed his own discovery obligations, including sitting for his deposition; (2) requiring Cuomo to first seek information from parties before burdening non-parties; (3) requiring Cuomo to notify non-parties of any subpoenas he intends to serve seeking information about them so that they can object, if necessary; [and] (4) setting a final end date for service of subpoenas, with Cuomo required to show the Court good cause for any subpoenas served thereafter.

(*See id.* at 3.)

In response, Cuomo argues that their discovery effort is, comparatively, restrained given the breadth of Trooper 1's case, which itself includes allegations regarding 10 Complainants, and considering the fact that the OAG investigation served over 70 subpoenas, interviewed 179 witnesses, and took testimony from 41 of them. (*Id.* at 4 n.7.) Cuomo further argues that, although "it is true that we have noticed subpoenas to 36 witnesses, the vast majority are either the other complainants referenced in Trooper 1's lawsuit or witnesses Trooper 1 identified," with two notable exceptions: Alessandra Biaggi and Karen Hinton. (*Id.* at 4 & n.6.)[3] In addition, the Court notes that Plaintiff has repeatedly indicated her intention to seek to introduce the OAG

---

[3] In addition to a discussion regarding the scope and breadth of Cuomo's discovery efforts, in the joint filing discussing Trooper 1's anticipated motion for a protective order, Cuomo raised various concerns related to witnesses Diane Parrotta and Stephen Nevins. (*See* Mot. for Pre-Mot. Conference, ECF No. 136, at 4–5.) The Court notes that the issues related to these witnesses have been discussed at various conferences separately, and in connection with litigation surrounding the production of Trooper 1's phone records. (*See id.*; Ltr. Mot. for Discovery, ECF No. 189.) Accordingly, they are not addressed herein.

report into evidence, and that Cuomo seeks discovery to argue that the report is unreliable and should be precluded.

In an effort to narrow the disputes and to develop a viable approach to non-party discovery, the Court held a lengthy oral argument on September 26, 2023, at which all interested parties were invited to appear. (Sept. 26, 2023 Min. Entry & Order.) At and after the conference, the Court strongly encouraged the parties to meet and confer in an effort to meaningfully narrow the scope of discovery in this case, and directed the parties to file a joint status report. (*Id.*) On October 31, 2023, after the Court extended the parties' deadline for their joint status report providing an update as to the outcome of their meet and confer, the parties indicated that they were unable "to reach any agreement on narrowing the scope of Plaintiff's case, Governor Cuomo's defenses, or narrowing any discovery issues related to nonparty complainants." (Joint Status Report, ECF No. 173.)

Following that, the Court directed the parties and any interested parties to provide an update and directed the parties to file their Rule 26(a)(1) initial disclosures and any supplemental or corrective Rule 26(a) disclosures. (Nov. 3, 2023 ECF Order.) On November 10, 2023, the parties filed their Rule 26 disclosures. (*See* Cuomo's Disclosures, ECF No. 174; Pl.'s Disclosures, ECF No. 175; and NYSP Disclosures, ECF No. 176.)

In addition, several non-parties filed a letter proposing a two-phased approach to discovery. (*See* Non-Party Proposal re Discovery Solution, ECF No. 179.) First, the non-parties proposed that non-party discovery be reserved until closer to trial, and that Cuomo be directed to file his anticipated motion to strike all allegations concerning the non-parties from the complaint. (*Id.* at 2.) Second, the non-parties proposed that the Court limit the scope and burden of any non-party discovery by (1) limiting

documentary discovery to the documents each non-party produced to the Attorney General and any communications that the non-parties had with one another "concerning their allegations against Defendant Cuomo," (*id.*); and (2) permitting non-parties to be deposed by Zoom, for no more than half of a day, and perhaps less depending upon their anticipated level of knowledge regarding the case, and the amount of their exposure to Cuomo, considering criteria such as the length of time they worked in the Executive Chamber and whether they interacted with Cuomo for a "single incident or interaction." (*Id.* at 3.) The non-party proposal also argues that "[a]ny deposition opportunity Defendant Cuomo is afforded in this case should be strictly limited to the few questions to which the Attorney General's interviewers did not obtain answers." (*Id.*)

The Court held additional hearings on December 12, 2023, and January 11, 2024, to discuss the status of the pending motions for discovery related to the non-party Complainants with the parties as well as counsel for Ms. Boylan and Ms. Bennett. (*See* Dec. 12, 2023 ECF Min. Entry & Order; Jan. 11, 2024 ECF Min. Entry & Order.)

The Court notes that Ms. Bennett is the sole plaintiff in a separate lawsuit she initiated in the Southern District of New York against Cuomo, *Bennett v. Cuomo, et al.*, No. 22-CV-7846 (VSB) (SLC). Of relevance to the Court's findings below, on January 8, 2024, while motions were pending in this case regarding the propriety of a third-party subpoena for Plaintiff's phone records, the Court learned that Cuomo had already obtained the phone records of Plaintiff Trooper 1 via a third-party subpoena issued in *Bennett* to Plaintiff's phone carrier. (*See* Jan. 8, 2024 ECF Min. Entry & Order.) At oral argument in this case on January 11, 2024, counsel for Cuomo essentially suggested that they had issued so many subpoenas in *Bennett*, that they had not focused on the

6

subpoena, and that they were surprised that the phone company did not provide notice to Trooper 1. This episode is gravely troubling.

**DISCUSSION AND FINDINGS**

Against this backdrop, and as set forth in this Order, discovery in this case shall proceed in stages with a higher level of judicial oversight than is typically necessary. Should progress continue to falter, additional discovery oversights may be implemented. For the reasons discussed herein, the Court concludes that discovery in this case shall be staged, with documentary discovery, including such discovery from non-party Complainants, Ms. Biaggi, and Ms. Hinton, proceeding first (absent an agreement among the parties to take specific steps as to non-parties in a different order), followed by party depositions.

After non-party documentary discovery and party depositions are complete, depositions of Complainants may proceed. In addition, the following limits are placed on third-party discovery, which limits are also applicable to any efforts to acquire discovery regarding the non-party Complainants from additional third parties, such as former employers, colleges, romantic partners, and phone companies, or via discovery in *Bennett*.[4]

---

[4] Although the Court does not have any authority over the discovery in *Bennett*, the Court notes that any efforts to take discovery of non-parties relevant to both *Bennett* and *Trooper 1* without prior notice to the affected non-party and/or Trooper 1's counsel shall be deemed a violation of this Order, and any such discovery will be summarily precluded from use in *Trooper 1*. *See* Fed. R. Civ. P. 37(2)(a)(ii) (in circumstances where a party fails to obey a Court discovery order, permitting the court to "prohibit[] the disobedient party . . . from introducing designated matters in evidence").

## I. Legal Standard: Relevance & Proportionality

Federal Rule of Civil Procedure 26(b)(1), as amended on December 1, 2015, recognizes that "[i]nformation is discoverable . . . if it is relevant to any party's claim or defense and is proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment; *see Sibley v. Choice Hotels Int'l*, No. 14-CV-634 (JS) (AYS), 2015 WL 9413101, at *2 (E.D.N.Y. Dec. 22, 2015) (observing that "the current version of Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant 'to any party's claim or defense,' also 'proportional to the needs of the case'") (citation omitted); *see also Robertson v. People Magazine*, No. 14-CV-6759 (PAC), 2015 WL 9077111, at *2 (S.D.N.Y. Dec. 16, 2015) ("[T]he 2015 amendment [to Rule 26] does not create a new standard; rather it serves to exhort judges to exercise their preexisting control over discovery more exactingly."). The Court has "broad discretion" in determining relevance for discovery purposes. *Michael Kors, L.L.C. v. Su Yan Ye*, No. 18-CV-2684 (KHP), 2019 WL 1517552, at *2 (S.D.N.Y. Apr. 8, 2019). The Court also "has wide latitude to determine the scope of discovery." *Broidy Capital Mgmt. LLC v. Benomar*, 944 F.3d 436, 446 (2d Cir. 2019) (quotation marks omitted); *see In re Mirena IUS Levonorgestrel-Related Prods. Liab. Litig. (No. II)*, 982 F.3d 113, 125 (2d Cir. 2020) (recognizing courts have "broad discretion in managing discovery"). "The party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Perry v. The Margolin & Weinreb Law Group LLP*, No. 14-CV-3511 (JS) (AKT), 2015 WL 4094352, at *2 (E.D.N.Y. July 7, 2015).

Federal Rule of Civil Procedure 45(d)(2)(B)(i) provides, in pertinent part, that "on notice to the commanded person, the serving party may move the court . . . for an order compelling production or inspection" pursuant to a subpoena. Subsection B of Rule

45(d)(2) further provides that "[t]hese acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 42(d)(2)(B)(ii). At the same time, Rule 45 provides that on a timely motion, "the court for the district where compliance is required must quash or modify a subpoena" if it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). The movant bears the burden of persuasion in a motion to quash a non-party subpoena. *United States v. Int'l Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979).

Under Rule 45, a subpoena should be quashed where it "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv). To determine whether a subpoena imposes an undue burden, "courts weigh the burden to the subpoenaed party against the value of the information to the serving party by considering factors such as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Citizens Union v. Att'y Gen. of New York*, 269 F. Supp. 3d 124, 138 (S.D.N.Y. 2017) (quotation marks omitted). Here, the Court takes special notice of the fact that the Complainants, Ms. Biaggi, and Ms. Hinton are not parties to this case in considering the proportionality of the discovery requests made of and about them. *Cf. Henry v. Bristol Hosp., Inc.*, No. 13-CV-826 (SRU), 2020 WL 1158464, at *1 (D. Conn. Mar. 10, 2020) ("[C]ourts give special weight to the burden on non-parties of producing documents to parties involved in litigation." (quotation marks and alteration omitted)).

**II. Findings**

Based on a thorough review of the parties' submissions to date and further information adduced at argument, the Court finds as follows:[5]

1) Plaintiff's pre-motion conference letter in anticipation of a motion to compel Cuomo to sit for his deposition (ECF No. 122), is denied as unnecessary, without prejudice to renew. Clearly, as a party, Cuomo must sit for his deposition, and to that extent, Plaintiff's anticipated motion has merit. However, Cuomo has repeatedly represented that he will sit for his deposition; accordingly, the Court agrees that there is "nothing for the Court to do" at this time. (Mot. for Pre-Mot. Conference, ECF No. 122, at 3.) The parties must schedule Cuomo's deposition at an appropriate time, pending substantial completion of documentary discovery, consistent with the Court's rulings on the many pending discovery motions. The Court notes, however, that Cuomo will be required to sit for his deposition before he completes non-party depositions of the Complainants, Ms. Biaggi, and Ms. Hinton, unless a different order of deposition is agreed upon by the parties.[6]

2) Based on the totality of the record before the Court, the discovery parameters Plaintiff requested in the letter motion anticipating a protective order request (ECF No. 136) are granted in part, and denied in part, as are aspects of many other motions and requests filed by Defendants and the non-parties, as detailed below. The parties and

---

[5] Because meritorious arguments were made as to the myriad motions and joint letters requesting relief, the Court declines to provide any fee shifting under Rule 37(a)(5). *See* Fed. R. Civ. P. 37(a)(5).

[6] Specifically, the Court notes, as discussed in a simultaneously-issued order pertaining to Ms. Bennett, the parties in this case and the *Bennett* case are strongly encouraged to coordinate the deposition of Ms. Bennett given her lack of personal knowledge regarding the allegations in *Trooper 1*. (*See* Discovery Order, ECF No. 219.)

non-parties shall proceed with discovery, abiding by the following limitations, to the extent that the party or non-party has not already produced responsive records:

    a) documentary discovery, including non-party documentary discovery, must proceed, consistent with the limitations included herein;

    b) to the extent Trooper 1 is likely to have discoverable material sought by Cuomo, Cuomo must first seek information from Trooper 1 before requesting it from non-parties;

    c) Cuomo must provide notice, at least one week in advance, to Trooper 1 regarding any non-parties about whom he is issuing a subpoena seeking information about Trooper 1 so that she can object, if necessary, including any subpoenas issued in the *Bennett* case;

    d) Cuomo must provide notice, at least one week in advance, to any non-parties about whom he is issuing a subpoena so that they can object, if necessary, including but not limited to subpoenas issued to employers, friends, phone companies, co-workers and the like;[7]

    e) the scope of documentary discovery from non-party Complainants, Ms. Hinton, and Ms. Biaggi, that is permissible as relevant and proportional to this case, based on the record to date, includes:

        (i) documents concerning the OAG and AJC investigations, including communications between a non-party and the OAG and AJC, and any

---

[7] The Court notes that Cuomo has voiced his objection to a requirement that there be notice provided to non-parties. (*See* Mot. to Strike, ECF No. 131, at 2 n.1). His objection is noted and overruled in light of the history of this case, in the interest of ensuring that the non-parties do not suffer unwarranted invasions of their privacy.

statements or documents provided by the non-party to the OAG and/or AJC;

(ii) for the time period from **December 1, 2020, through February 2022**, communications between a non-party Complainant and other Complainants, including Ms. Bennett and Ms. Boylan, and other potential witnesses, including, for example, Ms. Hinton, concerning allegations of sexual harassment or other misconduct by Cuomo;[8] and

iii) any videos, images, or photographs of the non-party witness with Cuomo and any documents or communications concerning such videos, images, or photographs, including on social media;[9]

f) at this juncture, Cuomo has not established that phone records subpoenas seeking phone records of non-party witnesses, including Complainants, are proportional given their marginal relevance and the degree of intrusion inherent in broad phone records subpoenas. As set forth above, the Complainants, Ms. Hinton, and Ms. Biaggi are non-parties, and the Court concludes that "discovery of [their] phone number is an unnecessary

---

[8] The Court notes that this general guidance does not exclude the possibility that Cuomo could establish, on a case-by-case basis, that other categories of information may be relevant and proportional to the needs of the case. Cuomo and any affected non-parties are directed to meet and confer in a good faith effort to narrow any additional requests to an appropriate date range and scope before bringing any such disputes to the Court for resolution.

[9] The Court notes that it has considered another category of documents sought by Cuomo in various subpoenas, namely, documents concerning interactions with *him*, and concluded that, as formulated and based on the present record, these requests are overbroad, vague, and disproportionate. (*See, e.g.*, Boylan Document Subpoena, ECF No. 82-3 (Request 1(a), seeking "[a]ll documents concerning (a) any of Your personal interactions with Governor Cuomo"); Kaitlin Document Subpoena, ECF No. 142-2 (Request 3, demanding "[a]ll documents or communications concerning your personal interactions with Governor Cuomo, including but not limited to any posts on social media").)

intrusion into [their] privacy." *Sapia v. Home Box Off.*, No. 18-CV-1317 (CM), 2022 WL 769798, at *7 (S.D.N.Y. Mar. 14, 2022) (citing *Hernandez v. Immortal Rise, Inc.*, No. 11-CV-4360 (RRM) (LB), 2012 WL 4369746, at *9 (E.D.N.Y. Sept. 24, 2012) (discussing the privacy concerns related to disclosure of telephone numbers for non-parties)). Phone records subpoenas for the Complainants, Ms. Hinton, and Ms. Biaggi are therefore prohibited without further leave of Court; and

g) the Court defers ruling on the timing and format of depositions at this time, pending further completion of fact discovery.[10] Party depositions shall precede the depositions of the non-party Complainants, Ms. Biaggi, and Ms. Hinton.[11]

3) Non-party Kaitlin's motion to prevent a violation of the confidentiality order (ECF No. 128) is granted. In this motion, Kaitlin raises concerns regarding the disclosure of her identity in court filings; she also objects to Cuomo's subpoena for her phone records. To the extent Kaitlin's last name has been designated as confidential, any publication or disclosure of her name without prior leave of Court is prohibited at this

---

[10] The Court notes that non-party Alyssa McGrath has indicated she would prefer a deposition over Zoom should a deposition be taken. (*See* Limmiatis & McGrath Mot. for Pre-Mot. Conference, ECF No. 149, at 2 n.2.)

[11] With respect to non-party depositions, this ruling does not find or imply that their depositions are necessarily relevant and proportional. However, since many of the Complainants are specifically included in the parties' Rule 26(a) disclosures, it is likely that limited depositions of the Complainants will be relevant and proportional (limited as to time and topics). Ms. Hinton and Ms. Biaggi, however, are somewhat differently situated, as described in their filings. (*See* Biaggi Joint Ltr., ECF No. 193; Ltr. Mot. for Discovery re Karen Hinton, ECF No. 196.) At this time, the Court does not find that Cuomo has established relevance and proportionality as to their depositions, particularly since neither of them has any personal knowledge of the allegations in this case, or Trooper 1, but defers a final ruling on this issue pending further discovery.

time.[12] In addition, Cuomo is not authorized to seek her phone records via subpoena, for the reasons discussed above. Cuomo's response to Kaitlin's motion, which was docketed as a motion to strike (ECF No. 131), is denied. Finally, Cuomo's motion to compel Kaitlin's compliance with the subpoenas he has issued to her (ECF No. 140), and Kaitlin's cross-motion thereto (ECF No. 159) are granted in part, and denied in part, consistent with the foregoing limitations. To the extent Kaitlin has already produced responsive documents within the above categories, she need not search for or reproduce them.

4) The motion for discovery related to State Entity Employee #2 (ECF No. 194) is terminated as unnecessary at this time, as Cuomo notes that he has not sought document discovery from her, (*see* Ltr. Mot. for Discovery, ECF No. 194, at 2 n.1), and the timing and need for her deposition shall be deferred, consistent with the foregoing findings.

5) The motion for discovery related to Karen Hinton (ECF No. 196) is denied as unnecessary at this time, as it appears that she has provided documentary discovery, and the timing and need for her deposition shall be deferred, consistent with the foregoing findings.[13]

---

[12] The Court notes, however, that this finding is made for purposes of discovery at this time and is without prejudice to Cuomo's and the other Defendants' re-raising this issue as the case proceeds through proper motion practice. (*See* Ltr. in Response by Defs.' DeRosa and Azzopardi, ECF No. 132 (objecting to Kaitlin proceeding semi-anonymously).)

[13] The Court notes that, although not presently the subject of a motion before the Court, Defendants DeRosa and Azzopardi have raised the question of whether Ms. Hinton has, and has not produced, any documents responsive to a subpoena issued to her on behalf of them. (*See* DeRosa & Azzopardi Ltr. re Hinton, ECF No. 166.) The parties are respectfully encouraged to finalize their meet and confer on this issue and to resolve it, if they have not done so already.

6) The motion filed by Non-parties Virginia Limmiatis and Alyssa McGrath requesting a pre-motion conference regarding subpoenas issued to them (ECF No. 149) is denied, without prejudice. Discovery as to Ms. Limmiatis and Ms. McGrath is directed to proceed, consistent with the foregoing findings.

## CONCLUSION

The parties and non-parties are directed to proceed with discovery, consistent with the foregoing directives. In addition, the parties are directed to meet and confer and submit an agreed-upon proposed case management plan to the Court, including deadlines for (1) Defendant Cuomo to file his answer; (2) the close of party discovery; (3) a deadline for the close of non-party discovery; and (4) an expert discovery schedule, if needed. The parties' proposed schedule must be filed with the Court by **January 30, 2024**.

**SO ORDERED.**

Dated: Brooklyn, New York
January 16, 2024

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE