**SHER TREMONTE LLP**

January 17, 2024

**BY ECF**

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:    *Trooper 1 v. NYSP et al.*, 22-cv-893 (LDH) (TAM)

Dear Judge Merkl:

     We write under the procedures provided in Section (g) of the operative Protective Order, T1 ECF No. 68, to challenge the confidentiality designation of materials produced and testimony given by nonparty Ana Liss-Jackson. The materials and testimony in question are familiar to the Court, comprising (1) Ms. Liss-Jackson's deposition testimony concerning prior public testimony she gave to the OAG and (2) texts between Ms. Liss-Jackson and fellow nonparty Lindsey Boylan, as well as Ms. Liss-Jackson's deposition testimony concerning those texts ("Designated Materials"). In the Court's December 26, 2023 Order concerning various sealing motions, the Court determined that these materials should remain under seal considering the fact that they had been designated confidential. T1 ECF No. 204 (the "Sealing Order"). But the Court did not address the issue whether the Protective Order permitted Ms. Liss-Jackson to designate the materials confidential in the first place. Because the law is clear that she cannot, we respectfully request the Court to confirm that the materials at issue are not confidential under the Protective Order.

     The Protective Order provides that materials may be designated confidential provided they are non-public and constitute "Sensitive Information"—materials that can reasonably be construed to reveal a party's "non-public confidential personal, proprietary or investigative information" or that contain "private or confidential personal information." T1 ECF No. 68 at 1-2. If a party objects to any confidentiality designation, that party can object in writing and make a good faith effort to resolve the dispute with the producing party. *Id.* at 3. If the producing party does not agree to de-designate within seven days of the written request, the objecting party may apply to the Court to determine whether the designation is appropriate. *Id.* The burden "rests on the party seeking confidentiality to demonstrate that such designation is proper." *Id.*

     Governor Cuomo objected to Ms. Liss-Jackson's confidentiality designations on July 11, 2023. T1 ECF No. 118-1 at 14-15. The parties conferred about the designations over the ensuing two days but did not come to an agreement. *Id.* at 12-15. On July 31, 2023, Governor Cuomo filed a letter-motion requesting that the Court confirm Ms. Liss-

Jackson's testimony concerning her prior OAG testimony was not confidential under the Protective Order. T1 ECF No. 103 (the "Designation Challenge"). In that letter-motion, Governor Cuomo reserved the right to challenge Ms. Liss-Jackson's designation concerning the messages between her and Ms. Boylan. *Id.* at 2 n.6. The Court's Sealing Order did not address or resolve the Designation Challenge and did not analyze whether the materials at issue were properly designated confidential under the Protective Order.[1]

Consequently, Governor Cuomo challenges Ms. Liss-Jackson's confidentiality designations covering (1) her deposition testimony concerning her prior OAG testimony, to the extent the deposition testimony concerned testimony that the OAG had already disclosed to the public, and (2) messages between Ms. Liss-Jackson and Ms. Boylan, and testimony concerning those messages. Because neither set of materials could reasonably be considered "confidential" under either a plain meaning of the word or the express terms of the Protective Order—and considering the constitutional presumption of transparency in a high-profile case concerning the former Governor of the State of New York—the Court should hold that the materials cannot be designated confidential under the Protective Order.

A stipulated confidentiality order like the one at issue here must be construed according to general principles of contract law, including giving effect to its plain meaning. *City of Hartford v. Chase*, 942 F.2d 130, 134 (2d Cir. 1991). Material may be designated "confidential" only if it constitutes "Sensitive Information." *See* T1 ECF No. 68 at 1-2.[2] Sensitive Information encompasses materials that can reasonably be construed as revealing a party's "non-public confidential personal, proprietary or investigative information," materials containing "private or confidential personal information," or materials "containing information received in confidence from third parties." *Id.* at 1 (emphasis added).[3] Under this provision, if the materials at issue do not meet the plain meanings of "sensitive" and "confidential," they cannot be designated confidential.

The Supreme Court recently held that information is confidential only when: (1) the information "is customarily kept private, or at least closely held, by the person imparting it," and (2) "the party receiving [the information] provides some assurance that

---

[1] Excerpts of the Liss-Jackson deposition transcript were publicly filed at OAG ECF No. 42-3, redacting the Designated Materials. *See* T1 ECF No. 118-1 at 14. In its Sealing Order, the Court sealed the full transcript of Ms. Liss's deposition testimony, resulting in sealing the portions of the transcript that were redacted from the excerpts publicly filed.

[2] Producing parties may also designate confidential sensitive personal data, medical legal records, non-public criminal history, and Trooper 1's true name—but these categories clearly do not apply to the disputed materials. T1 ECF No. 68 at 2.

[3] Materials also qualify as Sensitive Information under the Protective Order if they contain trade secrets entitled to protection under FRCP 26(c)(1)(G), or if they comprise "highly sensitive information relating to criminal investigations, investigation techniques, or other law enforcement related procedures or techniques, or personnel information pertaining to past or current New York State Police employees." T1 ECF No. 68 at 2. The materials at issue plainly do not meet these qualifications.

Hon. Taryn A. Merkl
January 17, 2024
Page 3 of 5

it will remain secret." *Food Marketing Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2363 (2019). None of the disputed material meets this plain definition of "confidential."

**First**, Ms. Liss-Jackson's testimony concerning her OAG testimony does not meet either prong of the Supreme Court's definition. That testimony concerned a matter of public record—Ms. Liss-Jackson's allegations against Governor Cuomo, which she broadcast to the world in repeated media interviews just as the OAG began investigating.[4] Further, even if her testimony to the OAG was confidential at one point, it lost that status once the OAG released her transcript to the public and included her allegations in the OAG Report. Thus, Ms. Liss-Jackson's deposition testimony about matters already in the public domain is by definition not confidential.

Moreover, Ms. Liss-Jackson herself has not kept the contents of her OAG testimony private or closely held. Indeed, Ms. Liss-Jackson discussed the testimony publicly in media interviews. The day the OAG Report was released, for example, Ms. Liss-Jackson made a public statement that she was pleased that the Report included her OAG testimony, and that she "did the right thing" by giving the testimony.[5] Soon after Governor Cuomo's ensuing resignation, Ms. Liss-Jackson gave an interview to Adam Chodak on Rochester's News 8. During that interview, Ms. Liss-Jackson stated: "I believe that I was believed by the attorney general's office. There was a team of highly credible investigators that were charged with listening to me, taking my evidence. . . . [A]nd in fact, one of the investigators quoted me at the press conference [releasing the Report,] so I felt as though, yes, obviously, I was telling the truth."[6] These statements bear directly on the credibility of the Investigation and Report, just as her deposition testimony does. Because Ms. Liss-Jackson was disseminating opinions about her OAG testimony, she cannot credibly argue that her deposition testimony about her OAG testimony must now be kept confidential.

**Second**, texts between Ms. Liss-Jackson and Ms. Boylan (and Ms. Liss-Jackson's testimony concerning those messages) also do not meet the Supreme Court's definition of confidential. The texts, most of which discuss ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, were sent after Ms. Boylan had already received a subpoena calling for, among other things, her communications with Ms. Liss-Jackson. Under those circumstances, it is inconceivable that Ms. Boylan or Ms. Liss-Jackson believed their communications would be kept private. Indeed, Ms. Liss-Jackson noted during her

---

[4] Jimmy Vielkind, Deanna Paul, & Khadeeja Safdar, *Cuomo Faces New Accusations of Inappropriate Behavior From Third Former Aide*, Wall Street Journal (Mar. 6, 2021), https://www.wsj.com/articles/third-former-andrew-cuomo-aide-describes-inappropriate-workplace-treatment-11615081956/.

[5] Ginny Ryan, *Former Cuomo Staffer: "He Believes Different Rules Apply to Him"*, ABC 13 WHAM (Aug. 3, 2021), https://13wham.com/news/local/former-cuomo-staffer-he-believes-different-rules-apply-to-him.

[6] Adam Chodak, *Exclusive: Ana Liss Reacts to Governor Cuomo's Resignation*, RochesterFirst.com (Aug. 15, 2021, updated August 23, 2021), https://www.rochesterfirst.com/adam-interviews/exclusive-ana-liss-reacts-to-governor-cuomos-resignation/.

deposition that she was aware that their texts would likely be disclosed. *See* T1 ECF No. 98-3 at 362:14-363:16.

In addition, even if there had been some expectation or hope of privacy, the texts still would not be confidential because they concern topics that both Ms. Boylan and Ms. Liss-Jackson have discussed at length in public forums, such as media interviews.

The texts in question start as follows:



Many former State employees—including and especially Ms. Boylan—frequently denigrated Ms. DeRosa, especially in connection with Governor Cuomo. *See* T1 ECF No. 98-4 at GAMC-T1-00054368. In addition, the text exchange goes on to ███████████████████████████████████████████. *Id.*

And, for her part, Ms. Liss-Jackson testified during her deposition in this case that Ms. Boylan ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ T1 ECF No. 98-3 at 259:19-260:14. While the gossip Ms. Boylan spread was false and malicious speculation (and revealed Ms. Boylan's own motives in making allegations against Governor Cuomo), neither Ms. Liss-Jackson nor Ms. Boylan had a reasonable expectation that their discussion was private because Ms. Boylan freely (and publicly) passed malicious gossip and allegations regarding Governor Cuomo and his staff. And Ms. Liss-Jackson admitted in her deposition that she passed along allegations regarding Governor Cuomo, his family, and his personal relationships to reporters despite almost never having interacted with Governor Cuomo and *despite lacking any personal knowledge*

Hon. Taryn A. Merkl
January 17, 2024
Page 5 of 5

about their accuracy. *See, e.g.*, T1 ECF No. 98-3 at 193:24-194:8, 225:1-226:19. Thus, these materials cannot be designated confidential.

Because these materials are not "confidential" under the Protective Order, Ms. Liss-Jackson's confidentiality designations cannot stand. This remains so even though the materials disclosed may be embarrassing or cast nonparties in a negative light. Under FRCP 26(c), good cause to shield material from public disclosure "is not established merely by the prospect of negative publicity." *Dep't of Econ. Development v. Arthur Andersen & Co. (U.S.A.)*, 924 F. Supp. 449, 487 (S.D.N.Y. 1996). Consequently, courts both inside and outside this circuit have repeatedly held that the likelihood that information "will incriminate or embarrass" is "not a basis for documents to be held to be 'confidential' under Rule 26." *Ideal Steel Supply Corp. v. Anza*, No. 02 Civ. 4788RMBAJP, 2005 WL 1213848, at *3 (S.D.N.Y. May 23, 2005) (citing cases).

And, indeed, there cannot *now* be an expectation of privacy in these materials because the grist of them have been publicly filed in Governor Cuomo's reply in support of his motion to compel Ms. Boylan. *See* Sealing Order at 3-4. There is no basis to consider these materials "confidential" when they serve as cornerstones in a public filing. The Court has already recognized the "well established right of public access to judicial documents and the public's interest in monitoring the administration of justice." *Id.* at 2. In this case, the Plaintiff and the OAG have both alleged—and the media has widely reported—that Governor Cuomo sexually harassed Ms. Liss-Jackson, despite Ms. Liss-Jackson herself stating unequivocally that she was not sexually harassed. The Protective Order should not prevent Governor Cuomo from discussing information that completely vitiates those allegations. It may well be true that the materials at issue—and the allegations in Trooper 1's Complaint—"concern events that anyone would prefer to keep private." *Doe v. Del Rio*, 241 F.R.D. 154, 162 (S.D.N.Y. 2006). Nevertheless, any burden of public disclosure "must be borne in light of the larger interest in open judicial proceedings." *Id.* Because the operative Protective Order does not shield any of the materials at issue, and because the public has a right to see the materials underlying crucial filings in the case, the Court should order that Ms. Liss-Jackson de-designate these materials.

Respectfully submitted,

*/s/ Theresa Trzaskoma*

Theresa Trzaskoma

cc:   Donald G. Rehkopf (by email)