# Morvillo Abramowitz Grand Iason & Anello P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

cfoti@maglaw.com
212-880-9530

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

January 22, 2024

**VIA ECF**
Honorable Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE: *Trooper 1 v. New York State Police et al.*, No. 22-cv-00893 (LDH) (TAM)

Dear Judge Merkl:

This firm represents Melissa DeRosa and Richard Azzopardi, defendants in this action. We write to join former Governor Andrew Cuomo's January 17, 2024, letter seeking to challenge the confidentiality designations of materials produced and testimony given by nonparty Ana Liss-Jackson. *See* ECF No. 222. The materials and testimony in question include: (1) Ms. Liss-Jackson's deposition testimony concerning prior public testimony she gave to the OAG and (2) texts between Ms. Liss-Jackson and fellow nonparty Lindsey Boylan, as well as Ms. Liss-Jackson's deposition testimony concerning those texts ("Designated Materials"). We respectfully request that the Court order Ms. Liss-Jackson to de-designate these materials for the reasons set forth in Governor Cuomo's January 17 letter, and for the reasons set forth in our Memorandum of Law in Support of Defendants Melissa DeRosa and Richard Azzopardi's Request to Make Materials Publicly Available (*see* ECF No. 120), which we incorporate herein by reference.

In particular, there is no reason to keep the text messages between Ms. Liss-Jackson and fellow nonparty Lindsey Boylan confidential. As set forth in Governor Cuomo's January 17 letter, the Protective Order in this case provides that non-public materials may be designated confidential provided they reasonably can reveal the parties' "non-public confidential personal, proprietary or investigative information," or they contain "private or confidential personal information." ECF No. 68 at 1-2. The strong presumption of public access to litigation documents only can be overcome if other interests, such as privacy interests, outweigh the

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

public's right to view the information. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

Here, neither Ms. Liss-Jackson nor Ms. Boylan have a privacy interest in the Designated Materials. Both of these women were fully aware that their communications were subject to potential disclosure in this action. Yet, Ms. Boylan sent the text messages at issue *after* she received a subpoena calling for such communications. Ms. Liss-Jackson also noted at her deposition that she was concerned that Ms. Boylan was sending these messages while under an obligation to disclose them, so she could not have anticipated that the texts would remain private. *See* ECF No. 98-3 at 288:2-20 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Moreover, to the extent that Ms. Liss-Jackson and Ms. Boylan are concerned about their privacy interests because they are embarrassed by the idea of publicly disclosing the comments they made about Ms. DeRosa in their text messages or the gossip they repeated to the press, any such potential embarrassment is not a sufficient basis to designate something as confidential under the Protective Order.

Simply put, the text messages exchanged between Ms. Liss-Jackson and Ms. Boylan, which they seek to protect from public view, do not implicate those individuals' privacy interests at all. Rather these messages consist entirely of misogynistic comments and gossip about Ms. DeRosa's private life. For example, two of the texts at issue state as follows:





*See* ECF No. 98-4 at GAMC-T1-00054368 – 69.  It is clear, the only privacy interests implicated by these texts are Ms. DeRosa's – the subject of the texts – and she does not believe they are confidential.  Ms. DeRosa is a defendant in Trooper 1's lawsuit principally because Ms. Liss-Jackson and Ms. Boylan traded in vicious and untrue gossip during their testimony to the OAG.  Therefore, their texts – which establish their strong animus towards Ms. DeRosa – should be available for public consideration in determining the validity of Trooper 1's allegations regarding Ms. DeRosa.

                        Respectfully submitted,

                        /s/ Catherine M. Foti
                        Catherine M. Foti