## MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

cfoti@maglaw.com
(212) 880-9530

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

January 29, 2024

**BY ECF**
Hon. Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Trooper 1 v. New York State Police et al.*, No. 22-cv-00893 (LDH) (TAM)

Dear Judge Merkl:

   This firm represents Melissa DeRosa and Richard Azzopardi, defendants in this action. We are writing because it has come to our attention that nonparty Lindsey Boylan has recently been sending disturbing and defamatory direct messages about Mr. Azzopardi to another individual through the social media platform X (formerly known as Twitter) and has been negatively tweeting about Mr. Azzopardi on social media.  Ms. Boylan's continued, unbridled, defamatory statements and third party communications undermine the integrity and fairness of this litigation while also potentially poisoning the jury pool.  Accordingly, we respectfully request that the Court direct Ms. Boylan to refrain from sending unsolicited messages about Mr. Azzopardi or any other party or witness to third parties or seeking the assistance of anyone else to do so.

   In the middle of the night, at approximately 11:30 pm,[1] on January 24, 2024, Ms. Boylan sent the following direct message to a person who apparently follows both Mr. Azzopardi and her on X: "You follow someone (rich Azzopardi) who has made a career of smearing me after I was abused by our boss.  Pls unfollow him or unfollow me."  *See* Exhibit A.  Earlier that day, Ms. Boylan also reposted a tweet from The New York Post's Page Six account regarding a question posed about former Governor Andrew Cuomo's intention to run for mayor of New

---

[1] The screenshot of Ms. Boylan's direct message, attached hereto as Exhibit A, was taken at approximately 12:42 am on January 25, 2024, but the direct message itself was sent at approximately 11:30 pm on January 24.  We are not identifying the source of the screenshot for fear that they may be subject to retaliation.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

York City. In response to this post, Ms. Boylan tweeted, "Rich Azzopardi as 'unnamed source' to page six pipeline is one the most obvious grifts around." *See* Exhibit B. Not only are both statements false and defamatory, but they also appear to be an attempt by Ms. Boylan to intimidate a party/witness[2] to a case in which she continues to say she has no role and is being forced to participate. As the Court also has been made well aware, this type of communication is consistent with a disturbing pattern of behavior in which Ms. Boylan attempts to intimidate potential witnesses who challenge her claims against themselves or Governor Cuomo.[3]

Ms. Boylan's most recent direct messages and social media posts concerning Mr. Azzopardi are further evidence of the fact that, notwithstanding her continuous objections and complaints about being harassed by the parties to this action, who seek only to obtain necessary evidence to defend themselves, it is she who has injected herself into the claims about my clients and Governor Cuomo and who consistently has harassed them with false and defamatory public statements.[4] Ms. Boylan's actions completely undermine her argument that she is a victim who is being further traumatized here. Ms. Boylan's actions towards my client are improper, and this Court should not allow her to continue her harassing conduct without consequence.

Respectfully submitted,

/s/ Catherine M. Foti
Catherine M. Foti

Cc: Counsel for Non-party Lindsey Boylan
    E. Danya Perry
    Julie R. F. Gerchik

---

[2] Although the claims against Mr. Azzopardi in this case have technically been dismissed, we do not yet know the basis for dismissal, or whether Mr. Azzopardi will remain a party. However, we understand that even if Mr. Azzopardi is no longer a party, he remains a witness in this case, and in *Bennett v. Cuomo*, *et al.*, No. 1:22-cv-7846-VSB (S.D.N.Y.), where plaintiff already has served him with a subpoena for deposition testimony.

[3] For example, when Ms. Boylan publicly alleged that Governor Cuomo sexual harassed her, she also claimed that at one point the Governor asked her to play strip poker on an airplane, and there were other witnesses present at the time. Howard Zemsky, who was on the same work trips and flights as Ms. Boylan, signed a public statement in February of 2021 disputing this allegation. Ms. Boylan proceeded to threaten to destroy Mr. Zemsky's life via a self-deleting text message, which led to Mr. Zemsky changing his testimony during the course of the OAG investigation. Previously, in response to an Executive Order she felt undermined her political campaign, Ms. Boylan had threatened a member of Governor Cuomo's Executive Chamber by stating, "life is long . . . And so is my memory . . . and so are my resources." In addition, in March 2021, Ms. Boylan texted Melissa Quesada, Director of Latino Affairs at the Executive Chamber, asking for a favor that would be a low commitment for Ms. Quesada but big for Ms. Boylan. When Ms. Quesada did not respond to Ms. Boylan's text message within an hour, Ms. Boylan sent another text message to her saying, "I hope your lack of courage was worth it. You had a friend in me for life but now you don't, [expletive]. Good luck."

[4] Ms. Boylan's posts further support Mr. Azzopardi and Ms. DeRosa's need for discovery from Ms. Boylan. The parties have been in discussion with Ms. Boylan's counsel about voluntarily responding to Ms. DeRosa and Mr. Azzopardi's subpoena, dated September 15, 2023, and Ms. Boylan's counsel currently have indicated their willingness to search for certain documents responsive to that subpoena.