

10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

Julie R.F. Gerchik

**Direct Dial**
310.282.6206
**Direct Fax**
310.785.3506
**Email**
jgerchik@glaserweil.com

February 7, 2024

VIA ECF

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Trooper 1 v. NYSP et al.*, 22-cv-893 (LDH) (TAM)

Dear Judge Merkl:

      We write on behalf of nonparty Lindsey Boylan in response to the letter from Defendants Melissa DeRosa and Richard Azzopardi ("Defendants") dated January 29, 2024. ECF No. 230. Rather than attempt to reach a resolution by meeting and conferring, Defendants seek to abuse the judicial process by asking the Court to micromanage the most minute of Ms. Boylan's social media interactions in an obvious attempt to silence and intimidate her for speaking out against Mr. Cuomo's harassment in the first place. Defendants' request, which was never previously brought to our attention, is wholly unsupported by any authority and now asks the Court to take away the most basic of Ms. Boylan's First Amendment rights. Respectfully, we submit that Defendants' request should be rejected out of hand and Defendants should be admonished for this extreme overreach.

      In their letter, Defendants complain about a direct message—which is a private message that can only be viewed by the recipient—and a single post that Ms. Boylan made on the "X" social media platform. In the direct message, Ms. Boylan asks a user on X to unfollow her because "[y]ou follow someone (rich Azzopardi) who has made a career of smearing me after I was abused by our boss." ECF No. 230-1. Defendants also complain that Ms. Boylan reposted an article from The New York Post and stated in a reply to her own post that "Rich Azzopardi as 'unnamed source' to page six pipeline is one the most obvious grifts around." (ECF No. 230-2.)

      Ms. Boylan—who is not a party to this action despite her treatment by Defendants as such—has a First Amendment right to share her opinions about Defendants and their abusive conduct towards her. *See, e.g., United States v. Gotti*, No. 04 CR 690(SAS), 2004 WL 2757625, at *3 (S.D.N.Y. Dec. 3, 2004) ("[P]rohibiting a

2377246.1

February 7, 2024
Page 2

witness from making extrajudicial statements is a prior restraint," and "a court may abridge a witness's First Amendment rights only when absolutely necessary to ensure the accused's right to a fair trial."). Defendants, who do not even attempt to identify the proper standard for enjoining the speech of a nonparty witness in a civil action, have no legal basis to request a broad injunction prohibiting Ms. Boylan from sending "messages about Mr. Azzopardi or any other party or witness to third parties," and any suggestion otherwise would be an egregious violation of Ms. Boylan's right to free speech.

Indeed, Mr. Azzopardi has availed himself of this right during the litigation by publicly impugning Plaintiff's counsel in an attempt to discredit Trooper 1:



*See* https://twitter.com/RichAzzopardi/status/1494699945153993741.

2377246.1

February 7, 2024
Page 3

In any event, neither the direct message (ECF No. 230-1) nor the social media post (ECF No. 230-2) identified in Defendants' letter can be characterized as an "attempt by Ms. Boylan to intimidate a party/witness," as Defendants hyperbolically claim. Neither references the litigation (unlike Mr. Azzopardi's public post), nor do they discourage Mr. Azzopardi from participating as a witness in any way. The direct message was not sent to Mr. Azzopardi and was not posted publicly at all until **Defendants** chose to attach it to their filing. Ms. Boylan's request for someone to unfollow her was the mildest of attempts by Ms. Boylan to try to establish some form of boundaries as to her social media interactions against this tidal wave of media attention that Mr. Cuomo has forced upon her by consistently attempting to treat her—rather than him—as the defendant in this litigation.

Moreover, Ms. Boylan's reference to Mr. Azzopardi in a reply to her social media post was explicitly directed to reporting about whether Andrew Cuomo will run for Mayor of New York City—it had nothing whatsoever to do with the litigation. Ms. Boylan referenced the reporter's use of an "unnamed source" as an "obvious grift[]" and did not even "tag" Mr. Azzopardi's social media handle in the post. Any claim that Ms. Boylan's communications were "intimidating" or that Mr. Azzopardi somehow felt threatened once again strains all credulity.

Defendants further claim that these two communications from Ms. Boylan somehow threaten to "undermine the integrity and fairness of this litigation while also potentially poisoning the jury pool" are similarly spurious and really should not even be dignified by a response. There is no allegation from Defendants that the recipient of the direct message is, or ever will be a witness in this case—or even that the recipient resides in New York. Ms. Boylan has no idea who this recipient is other than a random social media follower who happened to follow both her and Mr. Azzopardi on X. And as the six "likes" of the reply to Ms. Boylan's social medial post demonstrate (*see* ECF No. 230-2 at 3), only a handful of people interacted with the post at issue—which was, again, not in any way improper. Of course, if Defendants were to follow their own logic, then neither they nor any of their representatives should be making any of the statements that they have made to the press—***let alone publishing a book and embarking on a nationwide book tour as Ms. DeRosa has done***. The irony is rich.

In short, Ms. Boylan has yet again done nothing wrong, but is simply the target of another gratuitous filing and is forced to bear the burden of the expense of a reply. This is just another example of this litigation being used as pretext to further harass Ms. Boylan, increase her incredible non-party litigation costs, and punish her for speaking out in the first place. Accordingly, Ms. Boylan respectfully requests that the Court deny Defendants' request and that the Court direct Defendants to refrain from this type of improper and harassing conduct in the future. *See, e.g.*, NY ST RPC Rule

2377246.1

February 7, 2024
Page 4

3.1 ("A lawyer shall not . . . assert or controvert an issue [in a proceeding], unless there is a basis in law and fact for doing so that is not frivolous."); *id*. Rule 4.4 ("In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass or harm a third person . . . ."); NY ST RPC App. A § 1(II)(A) ("Lawyers should avoid unnecessary motion practice or other judicial intervention by negotiating and agreeing with other counsel whenever it is practicable to do so."). Once again, Ms. Boylan respectfully requests that the Court hold that enough is enough.

Respectfully submitted,

*Julie R.F. Gerchik*

JULIE R.F. GERCHIK
for GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP

E. DANYA PERRY
for Perry Law

2377246.1