

**Valdi Licul**
vlicul@wigdorlaw.com

February 13, 2024

**VIA ECF**

The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Trooper 1 v. Cuomo, et al.; Case No. 22-cv-00893 (LDH) (TAM)

Dear Judge DeArcy Hall:

We represent Plaintiff Trooper 1 ("Plaintiff" or "Trooper 1") in this matter and we write in opposition to Defendant Andrew Cuomo's ("Cuomo") objections to the discovery orders of the Honorable Teryn Merkl.[1]  For clarity and to aid the Court in understanding the scope of this opposition, Trooper 1's participation in these motions was limited to certain objections under Fed. R. Evid. 412 ("Rule 412"), which generally bars discovery into a witness's or party's sexual history.[2]  Judge Merkl addressed Trooper 1's Rule 412 objections in her Discovery Order, Dkt. No. 218 ("Discovery Order").  Specifically, Judge Merkl's ruling with regards to Rule 412 implicates all the following objections by Cuomo:[3]

- His objections to Judge Merkl's findings as to the Boylan Document Subpoena. Discovery Order at 11-12.
- His objections as to the Executive Chamber Subpoena.  Id.
- The Zemsky Subpoena.  Id.

---

[1]    At the outset, while Cuomo purports to challenge the Protective Order entered at Dkt. 220 (the "Protective Order"), his appeal is limited to those parts of the Protective Order that defined the scope of discovery as to the subpoenas directed to Lindsey Boylan and Charlotte Bennett. Ltr. Mot., Dkt. 232 at 1 fn.2.  Cuomo does not appeal, and his request should not be construed as appealing, the other aspects of the Protective Order, for instance those that defined procedures for Cuomo to use in seeking third-party discovery.  See Protective Order at 11.

[2]    Trooper 1 joins in and concurs with all of Boylan's and Bennett's objections to the subpoenas directed to them.

[3]    We use the same names for these subpoenas as in the Court's Discovery Order.



As relevant to these objections, Judge Merkl wrote in her Discovery Order "that the potential probative value of the requests, *as narrowed*, may outweigh the danger of harm to Ms. Boylan at this stage of the case, without prejudice to Plaintiff's or Ms. Boylan's rights to object to the use of any such evidence at trial." Id. at 12 (emphasis added). Accordingly, Judge Merkl held that the requests passed muster under Rule 412 only *after* narrowing them, and the Discovery Order did not speak to any Rule 412 analysis that would need to be done were this Court to decide to reject the proposed narrowing. Absent that narrowing, many of these requests will squarely implicate Rule 412. E.g., id. at 17 ¶ 8, 18 at ¶ 4, 19-20 at ¶ 5 (all seeking information about an alleged sexual relationship).

Accordingly, while the Court should adopt Judge Merkl's findings, should it reject any of them as to the above three items, then the Court should still deny disclosures beyond that scope as violating Rule 412.

Rule 412(a) prohibits a party to a civil proceeding from introducing evidence that a sexual harassment victim "engaged in other sexual behavior" or to prove the "victim's sexual predisposition" absent a threshold showing by the proponent of the evidence that the "probative value [of the contested evidence] substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." (Emphasis added). "The Rule's expanded protection 'aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process.'" Wolak v Spucci, 217 F.3d 157, 160 (2d Cir. 2000) (quoting Rule 412, Advisory Committee Notes to 1994 Amendments ("Advisory Committee Notes")). Rule 412 protects both parties and nonparties to a litigation, and "extends to 'pattern' witnesses in . . . civil cases whose testimony about other instances of sexual misconduct by the person accused is otherwise admissible." Id. Courts are empowered to not only preclude the admission of such evidence but "should presumptively issue protective orders barring discovery" of such evidence. Id. In particular, courts have denied discovery where, as here, the information sought is protected by Rule 412. See Silva v. Pioneer Janitorial Servs., Inc., No. 10 Civ. 11264 (JGD), 2011 WL 4729783, at *1 (D. Mass. Oct. 4, 2011) (citations and quotations omitted). (Refusing to compel plaintiff to answer deposition questions about her sexual history); Ogden v. All-State Career Sch., 299 F.R.D. 446, 448–49 (W.D. Pa. 2014) (collecting cases where discovery was denied and denying similar discovery into plaintiff's private social media conversations about sex); Anderson v. Buena Bd. of Educ., No. 17 Civ. 06816 (JS), 2019 WL 1262647, at *4 - 5 (D.N.J. Mar. 19, 2019) (denying motion to compel discovery into prior complaint of sexual assault). This is a high standard, and such evidence "is generally inadmissible." United States v. Graham, 707 F. App'x 23, 28 (2d Cir. 2017).



Hon. LaShann DeArcy Hall
February 13, 2024
Page 3

Here, Cuomo's subpoenas unquestionably seek evidence protected by Rule 412.  Essentially, he wants to know whether Boylan had a work affair, an issue that has little, if any, relevance to whether Cuomo sexually harassed subordinates.  See Wolak, 217 F.3d at 160 ("Whether a sexual advance was welcome, or whether an alleged victim in fact perceived an environment to be sexually offensive, does not turn on the private sexual behavior of the alleged victim, because a woman's expectations about her work environment cannot be said to change depending on her sexual sophistication."); see, e.g., Williams v. Muhammad's Holy Temple of Islam, Inc., No. 00 Civ 1251 (RML), 2006 WL 297448, at *3–4 (E.D.N.Y. Feb. 8, 2006) (excluding evidence of plaintiff's romantic overtures towards an employee of an organization she accused of sexual battery).

That Cuomo purportedly seeks the information to attack his victims' credibility does not matter.  Rule 412 presumptively bars disclosure of information about a victim's "sexual behavior," Rule 412(a)(1), even where the information is not offered to show "sexual predisposition."  Rule 412(a)(2).  "Evidence, which might otherwise be admissible under Rules 402, 404(b), 405, 607, 608, 609 o[r] some other evidence rule, must be excluded if Rule 412 so requires."  Advisory Committee Notes.

For the foregoing reasons, should the Court hold that documents outside of the narrowed scope of these subpoenas are discoverable, the Court should still uphold the narrowed subpoena scope under Rule 412.

Respectfully submitted,

Valdi Licul
John S. Crain