# SHER TREMONTE LLP

February 27, 2024

**BY ECF**

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Trooper 1 v. NYSP et al.*, 22-cv-893 (LDH) (TAM)

Dear Judge Merkl:

We write jointly with counsel for nonparty Alessandra Biaggi, pursuant to Rule 3(A) of Your Honor's Individual Rules and Practices, to request a conference with the Court in order to resolve a discovery dispute.

## A.    GOVERNOR CUOMO'S POSITION

On January 16, 2024, Your Honor entered an Order directing the production of certain documents in connection with Governor Cuomo's Rule 45 subpoenas to nonparty complainants and other related nonparty witnesses. T1 ECF No. 220. That Order directed the parties and nonparties to "proceed with discovery" in accordance with the Order. *Id*. at 11. That Order defined "the scope of documentary discovery from non-party Complainants, Ms. Hinton, and ***Ms. Biaggi***" that was "relevant and proportional" to the case, *id*. at §2(e) (emphasis added), as:

(i)    documents concerning the OAG and AJC investigations, including communications between a non-party and the OAG and AJC, and any statements or documents provided by the non-party to the OAG and/or AJC;

(ii)    for the time period from **December 1, 2020, through February 2022**, communications between a non-party Complainant and other Complainants, including Ms. Bennett and Ms. Boylan, and other potential witnesses, including, for example, Ms. Hinton, concerning allegations of sexual harassment or other misconduct by Cuomo; and

(iii)    any videos, images, or photographs of the non-party witness with Cuomo and any documents or communications concerning such videos, images, or photographs, including on social media . . . .

*Id*. at §2(e)(i-iii) (emphasis in original).

On January 25, 2024, counsel for Governor Cuomo sent a copy of the Court's Order to Ms. Biaggi's counsel and asked when we could expect a production consistent with the Order. Ms. Biaggi's counsel responded that Ms. Biaggi was only required to comply with

Section 2(e)(i) of the Order and that she had no documents responsive to that request because she did not provide any documents to the OAG. We informed counsel for Ms. Biaggi that our reading of the Court's Order was that Ms. Biaggi was required to comply with Sections 2(e)(i-iii) of the Order. However, we could not reach agreement with Ms. Biaggi's counsel.

Because the Court's Order is clear that the scope of discovery from Ms. Biaggi includes Sections 2(e)(i-iii), and therefore includes Ms. Biaggi's communications with the nonparty complainants or other potential witnesses (including Ms. Hinton), we respectfully request that the Court direct Ms. Biaggi's compliance with the Court's Order, including with respect to her communications with nonparty complainants and Ms. Hinton.

## B. NONPARTY BIAGGI'S POSITION

It appears to us from parsing the language of Your Honor's January 16th Order regarding non-party subpoenas, that you excluded Ms. Biaggi from the obligation to produce a category of documents which you required the nonparties you defined as the "Complainants" to provide.

Your Honor offered the following list in paragraph (e) of the Findings section of the Order which defines Ms. Biaggi differently, regarding "the scope of documentary discovery from non-party Complainants, Ms. Hinton, and Ms. Biaggi". This clearly seems to indicate, correctly, that Ms. Biaggi is in a different category because she did not file sexual harassment complaints against Governor Cuomo nor accuse him of any sexual harassment against her.

In section (e)(i) Your Honor then required all non-parties to produce "documents concerning the OAG and AJC investigations". However, Your Honor then stated in section (e)(ii) that "communications between a non-party Complainant and other Complainants, including Ms. Bennett and Ms. Boylan, and other potential witnesses, including, for example, Ms. Hinton" shall be produced. This language seems intended to exclude Ms. Biaggi, who is neither a Complainant, a non-party Complainant, nor a witness to the facts and circumstances of Trooper One's employment or the alleged conduct of Governor Cuomo.

Defendant's counsel disagrees with this interpretation, so we are jointly applying to Your Honor for clarification.

\*\*\*

Respectfully submitted,

*/s/ Allegra Noonan*

Allegra Noonan