MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

cfoti@maglaw.com
212-880-9530

COUNSEL
JOSHUA BUSSEN
PIPPA HYDE***

RETIRED/PARTNER EMERITUS
PAUL R. GRAND

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN ENGLAND AND WALES

August 2, 2024

**VIA ECF**
The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: *Trooper 1 v. New York State Police, et al., 22-CV-893 (LDH)(TAM)***

Dear Judge DeArcy Hall:

This firm represents Defendant Melissa DeRosa ("Ms. DeRosa") in this action. We submit this letter in opposition to the Plaintiff's July 26, 2024 pre-motion conference letter requesting leave to file a Motion to Amend the Second Amended Complaint ("SAC"). Dkt. No. 262. This Court issued a powerful decision making clear that the issue with Plaintiff's previous complaint is not the Court's interpretation of the law but the complaint's lack of factual allegations supporting the claims that Ms. DeRosa knew about or participated in the former Governor Cuomo's alleged harassment. Now, after over more than two years of discovery, thirteen depositions, and innumerable motions, Plaintiff tries once again to rope Ms. DeRosa back into a case in which she never should have been included. The Court should deny Plaintiff's requests as the proposed amendment fails to add even one additional factual allegation supporting the claims against Ms. DeRosa. Any amendment, therefore, would be futile, would be undertaken in bad faith, and would subject Ms. DeRosa to undue prejudice.

Under the guise of correcting what she argues is a misstatement in this Court's July 12, 2024 Memorandum and Order, Plaintiff claims that she "is not using the Motion to Amend as a vehicle to challenge the entirety of the Order… [but] instead, seeks to clarify a discrete point of law," suggesting that all she is proposing is to include the phrase "by creating a sexually hostile work environment" in a few places in the Proposed Third Amended Complaint ("TAC"). The truth, however, is that Plaintiff actually is using the addition of her so-called clarifying "hostile work environment" language to reassert claims against Ms. DeRosa for discrimination and aiding and abetting under both the NYSHRL and NYCHRL (together "NYHRL") without

providing additional factual allegations supporting such claims which this Court determined were lacking. TAC at ¶¶ 160, 170, 175, 180.

The charade must stop here. Merely sprinkling the proposed TAC with a few vague and conclusory references to a "hostile work environment" does not cure the fundamental defects identified by this Court in its opinion dismissing Plaintiff's harassment claims against Ms. DeRosa. In that well-reasoned decision, the Court found that Plaintiff: *(1) "fail[ed] to plead facts that allow for the inference that DeRosa was aware of Cuomo's alleged harassment of Plaintiff at the time it occurred," and that she (2) "[did] not allege that DeRosa ever witnessed firsthand Cuomo's alleged harassment of Plaintiff, or that DeRosa was ever told about any alleged harassment by Plaintiff or anyone else."* Dkt. No. 258 at 8 (emphasis added). Nothing in the proposed TAC corrects those defects.

## I. Plaintiff's Request to File a Motion to Amend Should Be Denied[1]

The proposed TAC adds allegations in: (1) Counts 1, 3-5 that the Defendants "discriminated against Plaintiff based on her sex by creating a hostile work environment"; and (2) Counts 3-4 that DeRosa "aided and abetted such discrimination and hostile work environment sexual harassment." TAC at ¶¶ 160, 170, 175, 180. Nonetheless, the proposed TAC fails to address the Court's concerns in dismissing Plaintiff's discrimination claims against Ms. DeRosa and is devoid of factual allegations suggesting that Ms. DeRosa: (1) participated in creating the alleged hostile workplace for Plaintiff; (2) had any knowledge that Plaintiff worked in an allegedly hostile workplace; or (3) that Ms. DeRosa aided and abetted Plaintiff's hostile work environment. The lack of such allegations renders the proposed TAC futile.

*First*, the proposed TAC is devoid of factual allegations plausibly suggesting that Ms. DeRosa participated in the conduct giving rise to the alleged hostile work environment. "Individual employees may be held liable under [the NYHRL] if they actually participated in the conduct giving rise to the discrimination claim." *Dillon v. Ned Mgmt., Inc.*, 85 F. Supp. 3d 639, 658 (E.D.N.Y. 2015) (internal quotation marks and citation omitted). In dismissing the harassment claims against Ms. DeRosa, the Court highlighted that Plaintiff did not plead facts alleging that Ms. DeRosa either "witnessed firsthand Cuomo's alleged harassment of Plaintiff," or that Ms. DeRosa "was ever told about any alleged harassment by Plaintiff or anyone else." Dkt. No. 258 at 8. Merely alleging that Ms. DeRosa "create[ed] a sexually hostile work environment," without any additional factual allegations suggesting that she participated in such conduct is fatal to Plaintiff's claim.

*Second*, the proposed TAC does not plead sufficient facts suggesting that Ms. DeRosa was aware that Plaintiff was working in an allegedly hostile workplace. The proposed TAC does not even allege that the Plaintiff and Ms. DeRosa actually worked in the *same* workplace. As the Court recognized, "[t]here are scores of state agencies that employ individuals across New York State, and to adopt Plaintiff's argument would expand the boundaries of employment

[1] The "district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Given the page limitations, Ms. DeRosa cannot identify all the reasons this Court has to deny leave in this letter. However, she is prepared to do so if the Court believes it needs to grant Plaintiff leave to file a motion to amend.

relationships much too far." Dkt. No. 258 at 15. Here, "DeRosa was chief of staff to Cuomo, a position in the governor's office; Plaintiff was an officer employed by the NYSP." *Id*. at 14. Plaintiff and Ms. DeRosa did not work in the same place and, thus, any attempt to claim that Ms. DeRosa must have known about an allegedly hostile work environment simply because they both were employed by the State of New York is unsupported by the facts.

*Third*, the proposed TAC does not sufficiently allege that Ms. DeRosa aided and abetted the alleged hostile work environment, which also requires actual participation in the conduct. *See Friederick v. Passfeed, Inc.*, 2022 WL 992798, at *9 (S.D.N.Y. Mar. 31, 2022). The proposed TAC again provides *no factual allegations* suggesting that Ms. DeRosa actively participated in the conduct, nor that she was ever put "on notice of any hostile work environment claim." Although Plaintiff maintains that Ms. DeRosa "actively concealed the Governor's harassment of women generally, and of Trooper 1 specifically," Dkt. No. 262 at 3 (citing SAC ¶¶ 62-67), citing Ms. DeRosa's interaction with the editor of *The Times Union*, the Court found that *"even accepting these allegations as true, they say nothing about DeRosa's purported participation or involvement in Cuomo's alleged harassment of Plaintiff."* Dkt. No. 258 at 9 (emphasis added). Indeed, as the Court recognized, the allegations about the *Times Union* article did not even deal with the issue of harassment at all. *See id*. The Court's reasoning applies even if the phrase "hostile work environment" is added.

Additionally, Plaintiff clearly knows that her claims against Ms. DeRosa are baseless and made in bad faith, previously admitting that she had only "[a] few" interactions with Ms. DeRosa, which consisted of primarily saying "hi and bye."[2] Despite this admission, despite over two years of discovery and the continued lack of evidence suggesting that Ms. DeRosa knew of or participated in any alleged acts of harassment by former Governor Cuomo, and despite this Court's forceful decision dismissing Ms. DeRosa from the case due to the lack of any factual allegations to support Plaintiff's claims, Plaintiff remains hellbent on pulling Ms. DeRosa back in. The only logical conclusion for doing so is precisely what Ms. DeRosa feared from the beginning—an attempt to add who Plaintiff presumes is a deep-pocket defendant.

Finally, granting Plaintiff leave to file a motion to amend will cause undue prejudice to Ms. DeRosa. Since Plaintiff commenced this lawsuit, Plaintiff has been able to proceed anonymously, without being subject to the publication of her actual identity. Ms. DeRosa, on the other hand, has been unfairly slandered and maligned in numerous negative articles published about her,[3] impugning her character and decades-long career in public service. Indeed, even though this Court dismissed all claims against her, Plaintiff's counsel, as recently as two weeks ago, continued to falsely accuse her in the press of being an enabler. Allowing Plaintiff to bring Ms. DeRosa back into this litigation would result in Ms. DeRosa again having her name wrongly dragged through the mud while Plaintiff continues to hide in the shadows of her anonymity.

---

[2] *In the Matter of the Independent Investigation under New York Executive Law Section 63(8),* Trooper 1 Transcript (May 19, 2021) at 117.

[3] *See* Matt Troutman, *Judge Tosses Retaliation Claim Against Cuomo in State Trooper's Sexual Harassment Suit*, NY Post, (July 12, 2024) ("[T]oday's decision . . . permits sexual harassers and their enablers who resign in disgrace to retaliate against their victims without legal consequences.")

The Honorable LaShann DeArcy Hall
August 2, 2024
Page 4

Respectfully submitted,

/s/ *Catherine M. Foti*
Catherine M. Foti

cc: All counsel (by ECF)