

**Valdi Licul**
vlicul@wigdorlaw.com

August 15, 2024

<u>**VIA ECF**</u>

Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: <u>Trooper 1 v. Cuomo, *et al.*</u>; Case No. 22-cv-00893 (LDH)(TAM)

Dear Judge DeArcy Hall:

We represent Plaintiff Trooper 1 ("Plaintiff" or "Trooper 1") and write pursuant to Your Honor's
Individual Rule IIIA.5 and in response to Defendant Andrew Cuomo's ("Cuomo" or the
"Governor") request for a pre-motion conference ("Cuomo Ltr."). <u>See</u> Dkt. No. 268.

## I.  <u>The Motion is Procedurally Barred</u>

Cuomo's proposed Rule 12(c) motion is barred because he has repeatedly delayed filing an
Answer and, therefore, the pleadings are not yet "closed." <u>Niederland v. Chase</u>, No. 11 Civ. 6538
(RWS), 2012 WL 2402603, at *4 (S.D.N.Y. June 26, 2012). Nor can Cuomo move under Rule
12(b)(6) because "Rule 12(g)(2) is understood to 'bar successive 12(b)(6) motions containing
arguments that could have been raised in earlier motions.'" <u>Easton Rae, LLC v. Violet Grey,</u>
<u>Inc.</u>, No. 21 Civ. 6234 (JPO), 2023 WL 2691459, at *4 (S.D.N.Y. Mar. 29, 2023) (quoting
<u>Polidora v. Dagostina & Assocs.</u>, No, 19 Civ. 1290 (AJN) 2021 WL 4482273, at *1 n. 1
(S.D.N.Y. Sept. 29, 2021)). Moreover, Cuomo has provided no authority for his argument that
he should be permitted to violate the federal rules because of a purported "unintentional
oversight." Cuomo Ltr. at 1. Even if there were such an exception (which there is not), he could
not invoke it here because his decision not to seek dismissal of Trooper 1's Section 1983 action
was intentional. Indeed, Cuomo made no effort to correct this purported "unintentional
oversight" even after Trooper 1 pointed out in her briefing that, <u>inter alia</u>, Cuomo did "not move
to dismiss Trooper 1's claim[] that he . . . engaged in . . . retaliation in violation of Trooper 1's
rights under the Equal Protection Clause." Dkt. No. 46 at 4, n. 2.



## II. <u>Cuomo's Motion Lacks Merit</u>

Cuomo's proposed motion, even if not procedurally barred, is nonetheless without merit. A complaint is sufficient where it asserts "enough facts to state a claim that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). To do so, "[t]he plaintiff is not required to plead "specific evidence" explaining precisely how the defendant's conduct was unlawful, <u>Arista Records, LLC v. Doe 3</u>, 604 F.3d 110, 119-21 (2d Cir. 2010), but only facts sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." <u>Twombly</u>, 550 U.S. at 555 (internal citations omitted). In discrimination cases, the Second Circuit has made clear that the plaintiff is "not required to plead a prima facie case of discrimination." <u>Vega v. Hempstead Union Free Sch. Dist.</u>, 801 F.3d 72, 84 (2d Cir. 2015). She is not even required to "give plausible support to the ultimate question of whether the adverse employment action was attributable to [retaliation]." <u>Littlejohn v. City of New York</u>, 795 F.3d 297, 306 (2d Cir. 2015). She "need only give plausible support to a minimal inference of [retaliatory] motivation." <u>Id.</u> Indeed, the Second Circuit has "often vacated improper dismissals in discrimination cases where courts apply overly stringent pleading standards, cautioning against imposing 'too high a burden on plaintiffs alleging discrimination at the 12(b)(6) stage.'" <u>Mauro v. N.Y.C. Dep't of Educ.</u>, No. 21 Civ. 2671 (DAL), 2022 WL 17844438, *2 (2d Cir. Dec. 22, 2022) (quoting <u>Doe v. Columbia Univ.</u>, 831 F.3d 46, 55 n.8 (2d Cir. 2016)).

First, Cuomo argues that this Court's decision concerning retaliation under the New York State and City Human Rights Laws (together, the "Local Laws") mandates dismissal of Trooper 1's claims under Section 1983. Cuomo Ltr. at 2. But this Court's prior ruling addressed specific statutory language about who qualifies as an "employer" under the Local Laws. Dkt. No. 258 (the "Order") at 13 (citing and quoting the text of the Local Laws). Section 1983, by contrast, is not an employment statute. Rather, it provides a cause of action against state actors (like the former governor) for violating an individual's constitutional rights. <u>See Hayut v. State Univ. of N.Y.</u>, 352 F.3d 733, 743 (2d Cir 2003) (permitting student to pursue Section 1983 claim against professor for violating "her Fourteenth Amenment equal protection rights by engaging in sexual harassment").

Second, Cuomo argues that under Section 1983, Trooper 1 must "plead but-for causation" and that she cannot do so because "'more than four months'. . . passed between Trooper 1's last protected activity and Governor Cuomo's alleged retaliation." Cuomo Ltr. 2 (quoting Dkt. No. 258, at 14, n. 4). Once again, Cuomo is wrong. As a threshold matter, "but-for" causation is "an evidentiary standard of proof, rather than a pleading standard." <u>Zoulas v. New York City Dep't of Educ.</u>, 400 F. Supp. 3d 25, 52 (S.D.N.Y. 2019). Further, it is simply not the law in this circuit that a gap of four months is too long to draw an inference of retaliation. Recently, in <u>Banks v. Gen. Motors, LLC</u>, 81 F.4th 242 (2d Cir. 2023), the Second Circuit cited with approval cases where gaps of "four months," <u>Gorman-Bakos v. Cornell Coop. Extension of Schenectady Cty.</u>, 252 F.3d 545, 554 (2d Cir. 2001), "eight months," <u>Grant v. Bethlehem Steel Corp.</u>, 622 F.2d 43, 45-46 (2d Cir. 198), "one-year," <u>Patane v. Clark</u>, 508 F.3d 106, 116 (2d Cir. 2007) (<em>per curiam</em>),



and even "three-year[s]," <u>Duplan v. City of New York</u>, 888 F.3d 612, 626 (2d Cir. 2018), permitted an inference of retaliation.

Regardless, here there was not even a four-month delay. The same day that Trooper 1 filed her lawsuit, Cuomo retaliated by publishing a statement through his spokesperson accusing her of extortion <u>because</u> she filed the lawsuit. Second Am. Compl. Dkt. No. 71 (the "Compl.") ¶ 159. <u>See</u> <u>Booth v. Comm'r of Correction</u>, No. 3:19 Civ. 100 (MPS), 2019 WL 919580, at *5 (D. Conn. Feb. 25, 2019) ("Filing complaints . . . is protected activity."). By any measure, that is direct proof of retaliation.

Finally, Cuomo claims that he cannot be held liable under Section 1983 for actions he took after he resigned as governor. Cuomo Ltr. 3. Unfortunately for Cuomo, the analysis is not so simple. "What is fairly attributable [to the State] is a matter of normative judgment, and the criteria lack rigid simplicity." <u>Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n</u>, 531 U.S. 288, 295 (2001). Even a person purporting to act in a private capacity acts "under color" of the law of a "State" if the "government is entwined" in the individual's actions. <u>Id.</u> at 302 (citations and quotations omitted, alterations removed).

Here, there is no question Cuomo was a state actor when he sexually harassed Trooper 1 as governor of New York and that he was properly sued in that capacity for discrimination. Moreover, New York has remained "entwined" in Cuomo's conduct, while Cuomo, for his part, has tried to maintain the appearance of possessing the support of the State. The complaint alleges that Cuomo's retaliation after he left office continued a pattern of threats and intimidation he began during his time in office, Compl. at ¶¶ 144-59, when he used all available state power to silence his victims, including releasing their personnel files to the press. <u>Id.</u> at ¶¶ 146-48. Once removed from office, he repeatedly threatened legal actions against those who have sought to hold him accountable, including ethics charges against attorneys involved in legal claims against him and criminal prosecutions against complainants. <u>Id.</u> at ¶¶ 155-56. He likewise publicized a statement that Trooper 1 was criminally extorting him by seeking to hold him accountable. <u>Id.</u> at ¶ 159. Such threats have a much greater impact coming from a former Governor who served nearly three full terms as Governor, and who maintains the appearance of having influence over state affairs. In pursing this pattern of retaliation, Cuomo was aided by "pervasive public funding," <u>Horvath v. Westport Libr. Ass'n</u>, 362 F.3d 147, 154 (2d Cir. 2004), since his legal defense, through which he threatened retaliation, has been fully funded by the State of New York. <u>Cuomo v. Letitia James</u>, N.Y.S 156771/2022, Dkt. 102. At the very least, this issue requires further discovery and cannot be decided at the pleading stage.

Respectfully submitted,

Valdi Licul