**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

TROOPER 1,

                          Plaintiff,

            v.

NEW YORK STATE POLICE, ANDREW
CUOMO, MELISSA DEROSA and RICHARD
AZZOPARDI,

                          Defendants.

Case No.: 22-cv-00893 (LDH) (TAM)


# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' ORDER TO SHOW CAUSE SEEKING TO TEMPORARILY RESTRAIN AND PERMANENTLY ENJOIN DUPLICATIVE LITIGATION

Elkan Abramowitz
Catherine M. Foti
Kayasha Lyons
Victor Obasaju

MORVILLO ABRAMOWITZ
GRAND IASON & ANELLO P.C.
565 Fifth Avenue
New York, New York 10017

*Attorneys for Defendants*
  *Melissa DeRosa and*
  *Richard Azzopardi*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1

PROCEDURAL BACKGROUND ............................................................................................. 2

LEGAL STANDARD .............................................................................................................. 8

ARGUMENT ......................................................................................................................... 9

   I.   THIS COURT SHOULD ISSUE A TEMPORARY RESTRAINING ORDER AND
PERMANENTLY ENJOIN TROOPER 1'S STATE COURT ACTION IN ITS ENTIRETY
TO ENFORCE ITS OWN JUDGMENT ..................................................................................... 9

   II.   IN THE ALTERNATIVE, THIS COURT SHOULD EXERCISE ITS INHERENT
POWERS TO ENJOIN TROOPER 1'S STATE COURT ACTION BECAUSE IT WAS
COMMENCED FOR AN IMPROPER PURPOSE AND CONSITUTES ABUSE ................. 13

   III.   THE ELEMENTS OF RULE 65 ARE SATIFISED HERE BECAUSE THE
LIKELIHOOD OF SUCCESS IS HIGH AND MS. DEROSA AND MR. AZZOPARDI
WOULD SUFFER IRREPARBALE HARM IF THE INJUNCTION IS NOT GRANTED ... 15

CONCLUSION ..................................................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AIM Int'l Trading LLC v. Valcucine SpA.*,
  188 F. Supp. 2d 384 (S.D.N.Y. 2002) ................................................................ 15

*Blue Cross v. Smithkline Beecham Clinical Labs., Inc.*,
  108 F. Supp. 2d 130 (D. Conn. 2000) ................................................................ 8

*Diabo v. Delisle*,
  500 F. Supp. 2d 159 (N.D.N.Y. 2007) ............................................................... 16

*Findley v. Laughead*,
  27 F.3d 48 (2d Cir. 1994) ............................................................................... 9, 15

*Harriram v. City Univ. of New York*,
  2024 WL 1374804 (S.D.N.Y. Mar. 31, 2024) ................................................... 10

*In re Baldwin-United Corp.*,
  770 F.2d 328 (2d Cir. 1985) ............................................................................... 9

*In re Rezulin Prods. Liab. Litig.*,
  223 F.R.D. 109 (S.D.N.Y. 2004) ........................................................................ 8

*McHenry v. Fox News Network, LLC*,
  510 F. Supp. 3d 51 (S.D.N.Y. 2020) ................................................................ 10

*Morgan Stanley & Co., v. Seghers*,
  2010 WL 3952851 (S.D.N.Y. Oct. 8, 2010) ..................................................... 16

*Music, Inc. v. CBS, Inc.*,
  421 F. Supp. 592 (S.D.N.Y. 1976) ................................................................... 16

*Rose v. Bethel*,
  2007 WL 2476389 (S.D.N.Y. Aug. 29, 2007) ................................................. 13

*Ruiz v. New Avon LLC*,
  2019 WL 4601847 (S.D.N.Y. Sept. 22, 2019) ................................................. 10

*Sealed Plaintiff v. Sealed Defendant*,
  537 F.3d 185, 190 (2d Cir. 2008) ..................................................................... 15

*Shafii v. Brit. Airways*,
    83 F.3d 566 (2d Cir. 1996) ................................................................................. 13

*Smith v. Woosley*,
    399 F.3d 328 (2d Cir. 2005) ................................................................................. 8

*Wills v. RadioShack Corp.*,
    981 F. Supp. 2d 245 (S.D.N.Y. 2013) ................................................................. 13

*Woodhouse v. Meta Platforms Inc.*,
    704 F. Supp. 3d 502 (S.D.N.Y. 2023) ................................................................. 13

*Wyly v. Weiss*,
    697 F.3d 131 (2d Cir. 2012) ................................................................................. 8

**Statutes**

28 U.S.C. § 1651 ........................................................................................................ 1, 2

28 U.S.C. § 1651(a) ........................................................................................................ 8

28 U.S.C. § 2283 ................................................................................................... 1, 2, 8

**Rules**

Federal Rule of Civil Procedure 65 ............................................................................. 9

**Other Authorities**

N.Y.C Admin. Code § 8-107(19) ............................................................................... 10

Defendants Melissa DeRosa ("DeRosa") and Richard Azzopardi ("Azzopardi") respectfully submit this memorandum in support of their motion for a Temporary Restraining Order and Permanent Injunction to enjoin Plaintiff's state court action pursuant to 28 U.S.C. § 1651 and 28 U.S.C. § 2283.

## PRELIMINARY STATEMENT

After nearly two years of litigation, three different complaints (with a proposed fourth), thirteen depositions, and several filed motions, Ms. DeRosa and Mr. Azzopardi's involvement in this case appeared to be ending as a result of this Court's dismissal of the claims against Ms. DeRosa and Mr. Azzopardi in Plaintiff's Second Amended Complaint ("SAC"). Indeed, this conclusion was only reinforced after the Court summarily rejected Plaintiff's motion for reconsideration, which did not challenge Mr. Azzopardi's dismissal, and only sought review of the Court's dismissal of the SAC's discrimination claim against Ms. DeRosa.

Now, instead of accepting the Court's reasoned judgments, Plaintiff seeks to deprive Ms. DeRosa and Mr. Azzopardi of the finality they deserve by filing a meritless action in New York Supreme Court, New York County. Remarkably, Plaintiff's state court action almost entirely regurgitates the same allegations regarding alleged retaliation that this Court analyzed in dismissing the SAC as to Ms. DeRosa and Mr. Azzopardi. And more crucially, Plaintiff invites the state court to resolve the same issues that this Court resolved in its opinion dismissing the SAC: primarily, whether Plaintiff had the requisite employment relationship with Ms. DeRosa and Mr. Azzopardi to sustain a claim under New York City's Human Rights Law ("NYCHRL"). Moreover, the state court case action appears to have been brought for the sole purpose of attempting to continue to provide anonymity to Plaintiff in any future lawsuit even if such anonymity is not appropriate.

1

This Court should reject Plaintiff's shameless attempt at circumventing the Court's rulings and subjecting Defendants to the burden of defending frivolous and duplicative litigation in different forums. Accordingly, Ms. DeRosa and Mr. Azzopardi respectfully request that this Court issue a Temporary Restraining Order pending determination of its motion for a Permanent Injunction, enjoining Plaintiff and her counsel from prosecuting the state court action pursuant to 28 U.S.C. § 1651 and 28 U.S.C. § 2283.

In the alternative, this Court should exercise its inherent powers to permanently stay the state court action. The action was commenced for improper purposes and represents an abuse of the judicial system. Moreover, requiring Ms. DeRosa and Mr. Azzopardi to continue to participate in meritless litigation, relitigating claims on which they already have been cleared constitutes textbook irreparable harm.

## PROCEDURAL BACKGROUND

Because of the Court's familiarity with the procedural posture of this case, this memorandum will focus solely on the events most pertinent to this motion.

On February 17, 2022, Plaintiff filed the initial federal court complaint against former Governor of New York State Andrew Cuomo, Ms. DeRosa, and the New York State Police. Dkt. No. 1. With respect to Ms. DeRosa, the initial complaint alleged that Ms. DeRosa: (1) aided and abetted Governor Cuomo's alleged harassment of Plaintiff and other current and former state employees during Governor Cuomo's tenure, by "conceal[ing] the Governor's unlawful conduct," Compl. ¶ 63; and (2) unlawfully retaliated against Plaintiff, months after she had resigned her position with the State, by attempting to defend herself from Plaintiff's claims in violation of the New York State Human Rights Law ("NYSHRL") and NYCHRL alleging that Governor Cuomo harassed her.

That same day, Mr. Azzopardi, who also was no longer employed by the State and acting solely as a private citizen, tweeted a statement stating that the law firm representing Plaintiff, Wigdor LLP, was "widely known to use the press to extort settlements on behalf of 'anonymous claimants'" and that Governor Cuomo "will fight every attempt at cheap cash extortions and is anxious to have the dirty politics stop." Dkt. No. 49, Ex. 10 – Rich Azzopardi (@RichAzzopardi), Twitter (Feb. 17, 2022), https://twitter.com/RichAzzopardi/status/1494471518033743876. In response, Plaintiff's counsel, Douglas Wigdor, sent Mr. Azzopardi a message on LinkedIn demanding that (1) Governor Cuomo disavow Mr. Azzopardi's statement; and (2) Mr. Azzopardi retract his statement, "[o]therwise, we will immediately file an action for defamation against you and the former governor and our client will add retaliation claims. *Id*., Ex. 11 Rich Azzopardi (@RichAzzopardi), Twitter (Feb. 17, 2022), https://twitter.com/richazzopardi/status/1494500938886881283?s=21&t=n5MvR0KZNDJLzLu KIkgVw. Mr. Azzopardi did not retract his statement and Governor Cuomo did not disavow it. Carrying through on his threats, Wigdor and Plaintiff filed the First Amended Complaint ("FAC") the very next day, adding Mr. Azzopardi as a defendant, claiming that his tweet constituted illegal retaliation under the NYSHRL and NYCHRL. *See* Dkt. No. 7. The FAC did not assert a claim for defamation. *Id*.

On April 27, 2023, Plaintiff again amended the complaint as it relates to the New York State Police. *See* Dkt. No. 71. The allegations against Ms. DeRosa and Mr. Azzopardi remained the same.

On September 29, 2023, the Court granted Ms. DeRosa and Mr. Azzopardi's motion to dismiss Trooper 1's claims of discrimination and retaliation, with the docket entry stating that

the "Memorandum and Order [were] to follow." That Order and Opinion, which elaborated on the Court's basis for dismissing Plaintiff's claims, was issued on July 12, 2024. Dkt. No. 258.

*First*, with respect to the discrimination claim against Ms. DeRosa, the Court explained that Plaintiff "fail[ed] to plead facts that allow for the inference that DeRosa was aware of Cuomo's alleged harassment of Plaintiff at the time it occurred." Dkt. No. 258 at 8. Indeed, the complaint lacked any allegations suggesting "that DeRosa ever witnessed firsthand Cuomo's alleged harassment of Plaintiff, or that DeRosa was ever told about any alleged harassment by Plaintiff or anyone else," and was "simply silent as to DeRosa's knowledge about Cuomo's harassment of Plaintiff." *Id*. at 9-10. The Court also highlighted that Plaintiff did not sufficiently allege that Ms. DeRosa failed to investigate any allegations of harassment related to Plaintiff, or any of the other women, or that Ms. DeRosa was even aware of the harassment complaints. *Id*. at 10.

*Second*, as to Trooper 1's retaliation claims against Ms. DeRosa and Mr. Azzopardi, the Court dismissed these claims because Plaintiff "did not sufficiently allege the existence of an employment or economic relationship between herself" and either Ms. DeRosa and Mr. Azzopardi. *Id*. at 13. Crucially, the Court reasoned that "[t]here are scores of state agencies that employ individuals across New York State, and to adopt Plaintiff's argument would expand the boundaries of employment relationships much too far." *Id*. at 15. With respect to Ms. DeRosa, the Court explained that "DeRosa was chief of staff to Cuomo, a position in the governor's office; [while] Plaintiff was an officer employed by the NYSP." *Id*. at 14. And as to Mr. Azzopardi, the Court remarked that its holding "appl[ied] with greater force to Azzopardi," and that Trooper 1 failed "to allege any fact that would allow the Court to infer that she and Azzopardi ever had an employment relationship. *Id*. at 16.

Dissatisfied with the Court's decision, on July 16, 2024, Plaintiff filed a motion for reconsideration, seeking only review of the Court's decision dismissing the discrimination claim against Ms. DeRosa. Dkt. No. 261. According to Plaintiff, the Court committed "plain error" in not realizing that Plaintiff asserted a "hostile work environment claim" and misapprehended "the law regarding the nature of [this] hostile work environment claim" against Ms. DeRosa— resulting in the Court erroneously dismissing that claim. *Id*. at 1. The reconsideration motion did not even address the dismissal of the retaliation claims against Ms. DeRosa and Mr. Azzopardi.

On August 9, 2024, the Court summarily rejected Plaintiff's motion for reconsideration. The Court found that: (1) the SAC "did not allege facts that would support a plausible inference that [Ms. DeRosa] was aware of any discrimination by Cuomo against Plaintiff *and* that Plaintiff did not plead a hostile work environment claim against [Ms. DeRosa]; (2) Plaintiff failed to identify "any arguments or controlling law that the Court overlooked, cite[] any intervening change in the law applicable to her case, or demonstrate[] a need to correct a clear error to prevent manifest injustice; and (3) Plaintiff was merely seeking improperly "to relitigate the Court's decision." Foti Decl. Ex. C.

Two weeks later, on August 23, 2024, Plaintiff filed a motion for leave to file a Third Amended Complaint ("TAC"). Dkt. No. 270. Ignoring the Court's basis for dismissing her reconsideration motion, the proposed TAC merely: (1) adds the phrase "by creating a sexually hostile work environment"; and (2) includes the claim that Ms. DeRosa "aided and abetted such discrimination and hostile work environment," without adding a single additional factual allegation to support these assertions. TAC ¶¶ 160, 170, 175, 180. The proposed amendment

did not mention Mr. Azzopardi. That same day, Ms. DeRosa's memorandum in opposition to Plaintiff's motion was filed. Dkt. No. 271. That motion is pending.

***Plaintiff Files an Action in New York Supreme Court to Avoid this Court's Prior Rulings***

In a desperate attempt to evade this Court's rulings and jurisdiction, on August 15, 2024, Plaintiff filed a new action in New York Supreme Court against Governor Cuomo, Ms. DeRosa, and Mr. Azzopardi titled *Trooper 1 v. Andrew Cuomo, Melissa DeRosa, and Richard Azzopardi*, Index No. 157515/2024, via Order to Show Cause in the Supreme Court of the State of New York, County of New York. (Foti Decl. Ex. D) ("State Court Action"). Unsurprisingly, Plaintiff's State Court Action largely restates stale allegations that this Court dismissed in the SAC, and includes the same factual recitation which Plaintiff realleges in her proposed TAC.

Plaintiff alleges in the state court complaint that Governor Cuomo, Ms. DeRosa, and Mr. Azzopardi interfered with Plaintiff's rights—although not identifying what that right is—in violation of New York City's "anti-interference law." With respect to Ms. DeRosa, Plaintiff realleges that "DeRosa publicly accused Trooper 1 of 'extortion' and threatened legal action." Foti Decl. Ex. D ¶ 95. As for Mr. Azzopardi, Plaintiff again highlights Mr. Azzopardi's Twitter statement regarding Plaintiff's counsel, Wigdor LLP, litigation tactics and Governor Cuomo's legal response to those tactics. Finally, in addition to Plaintiff's recycled allegations, the state court complaint also falsely alleges that "DeRosa and Azzopardi threatened to sue Trooper 1 if she continued to pursue her legal claims against them," and falsely argued that "[i]mplicit in their baseless threat to take legal action against Trooper 1 is their threat to publicly reveal Trooper's 1's identity…," thereby revealing Plaintiff's real purpose for commencing the State Court

Action. *Id*. ¶¶ 98-99.[1] As to Mr. Azzopardi, the State Court Action fails to recognize that all of Trooper 1's claims against him were dismissed and, as to Ms. DeRosa, that the retaliation claims against her were dismissed. Further, the State Court Action does not identify any action that Trooper 1 could have taken, but did not take, vis-à-vis Ms. DeRosa or Mr. Azzopardi but for their threats to sue her. Aside from wholly conclusory and baseless allegations, there is no violation, no interference, and no limitation on any purported action on the part of Trooper 1 based on any action taken by either Ms. DeRosa or Mr. Azzopardi. The state complaint is completely without merit and clearly does not state any new basis for any action against Ms. DeRosa and Mr. Azzopardi, much less one that has not already been soundly rejected by this Court.

In response to Plaintiff's *ex parte* motion, the court entered an order in the State Court Action on August 19, 2024, allowing Plaintiff to proceed anonymously pending the decision of Plaintiff's motion to remain anonymous in the State Court Action, as she has in this federal case. Foti Decl. Ex. E. Defendants' opposition to Plaintiff's *ex parte* motion to proceed anonymously is due by October 4, 2024, and the motion is scheduled to be fully submitted on November 29, 2024. *Id*. Pending the decision of that motion, the State Court *ex parte* order provides that "only the "Trooper 1" designation for the Plaintiff shall appear within the body of any documents filed with the Court in order to protect her identity" and requires that all documents to be publicly filed be redacted to remove Plaintiff's true name. *Id*. ¶¶ 3-4.

---

[1] Defendants did send Plaintiff a confidential letter on July 26, 2024 regarding their rights as to potential *future* litigation. Defendants requested a response to that letter by August 16, 2024. Plaintiff did not respond to the letter but instead filed the State Court Action on August 15, 2024, the day before her response was due.

## LEGAL STANDARD

The All Writs Act ("AWA"), 28 U.S.C. § 1651(a), empowers federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Although the Anti-Injunction Act ("AIA") restrains this authorization by generally barring federal court injunctions of state court actions, the AIA permits such injunction when "necessary" for a federal court "to protect or effectuate its judgments," commonly known as the "relitigation exception." 28 U.S.C. § 2283.

The AIA's relitigation exception seeks to "implement well-recognized concepts of claim and issue preclusion." *Wyly v. Weiss*, 697 F.3d 131, 140 (2d Cir. 2012) (internal quotations and citation omitted). Therefore, a federal court is authorized "to enjoin state litigation of a claim or issue that was previously presented to and decided by the federal court." *Id.*

According to the Second Circuit, the relitigation exception permits a preemptive strike that avoids the need to assert prior adjudication defenses in a state court when faced with claims that have already been rejected in a federal court." *Smith v. Woosley*, 399 F.3d 328, 434 (2d Cir. 2005). The federal court is therefore "not required to 'stand idly by and hope that [a] state court' accords preclusive effect to its rulings before issuing an otherwise appropriate injunction." *In re Rezulin Prods. Liab. Litig.*, 223 F.R.D. 109, 119 (S.D.N.Y. 2004), *vacated in part on other grounds*, *In re Rezulin Prods. Liab. Litig.*, No. 03-cv1756, 2004 WL 1700618 (S.D.N.Y. July 27, 2004) (quoting *Blue Cross v. Smithkline Beecham Clinical Labs., Inc.*, 108 F. Supp. 2d 130, 136 (D. Conn. 2000)).

Pursuant to the AIA's relitigation exception, a plaintiff may be barred from proceeding with a state court action if: (1) the identical issue was raised in the federal proceeding; (2) the issue was actually litigated and decided there; (3) the parties had a full and fair opportunity to

litigate the issue; and (4) the resolution of this issue was necessary to support a valid and final judgment on the merits. *Wyly*, 697 F.3d at 141. Further, a party requesting an injunction pursuant to the AWA is not required to demonstrate the showing required for the issuance of a preliminary injunction under Federal Rule of Civil Procedure 65, as [i]njunctions issued under the authority of the All-Writs Act stem from very different concerns than those motivating preliminary injunctions governed by [Rule] 65." *Findley v. Laughead (In re Johns-Manville Corp.)*, 27 F.3d 48, 49 (2d Cir. 1994) (quoting *In re Baldwin-United Corp.*, 770 F.2d 328, 338 (2d Cir. 1985)).[2] Although Rule 65 contemplates an order designed to "preserve the status quo between the parties before the court pending a decision on the merits of the case at hand," *Baldwin-United*, 770 F.2d at 338, the AIA anticipates that a federal court will issue an injunction that may be appropriate to effectuate its prior orders and judgment, as well as protect its jurisdiction. Given the clear preclusive effect of this Court's July 12, 2024 Order, this Court may, and should, issue an injunction permanently enjoining the State Court Action.

## ARGUMENT

**I.     THIS COURT SHOULD ISSUE A TEMPORARY RESTRAINING ORDER AND PERMANENTLY ENJOIN TROOPER 1'S STATE COURT ACTION IN ITS ENTIRETY TO ENFORCE ITS OWN JUDGMENT**

Despite Plaintiff's attempt to retool her allegations as a violation of New York City's interference law, at its core, Plaintiff seeks to relitigate issues determined by a federal court— here, whether an employment relationship existed between Plaintiff and Ms. DeRosa and Mr. Azzopardi. Because Plaintiff is precluded from relitigating this issue, the Court should enjoin the State Court Action and reject Plaintiff's blatant effort at disregarding this Court's prior judgment.

---

[2] Nonetheless, the requirements of Rule 65 are satisfied here. *See* discussion *infra* Part III.

As previously stated, Plaintiff's state court complaint alleges that Ms. DeRosa and Mr. Azzopardi violated New York City's "anti-interference provision." Foti Decl. Ex. D ¶ 101. This interference provision arises under the NYCHRL, and therefore has to be based on claims of discriminatory practices in employment, housing or public accommodations.[3] Under the NYCHRL, "[i]t shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of such person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section." N.Y.C Admin. Code § 8-107(19). Crucially, "[a]n essential element of a claim under . . . the NYCHRL is the existence of an employer-employee relationship." *Harriram v. City Univ. of New York*, No. 22-CV-9712 (RA), 2024 WL 1374804, at *7 (S.D.N.Y. Mar. 31, 2024) (citing *McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d 51, 80 (S.D.N.Y. 2020); *Ruiz v. New Avon LLC*, No. 18-CV-9033 (VSB), 2019 WL 4601847, at *12 (S.D.N.Y. Sept. 22, 2019) ("To plead a claim under the NYSHRL and NYCHRL, a plaintiff must allege an employment relationship between plaintiff and defendant) (citations omitted). Indeed, as this Court explained in its decision dismissing the SAC, "[t]here can be no question that . . . the NYCHRL relate[s] specifically to conduct arising under the employer-employee relationship." Dkt. No. 258 at 13.

Consequently, an essential element of Plaintiff's state court interference claim under the NYCHRL is the existence of an employment relationship between herself and Ms. DeRosa or Mr. Azzopardi. The Court, however, in dismissing the SAC addressed this very same issue in

---

[3] NYC Human Rights, https://www.nyc.gov/site/cchr/law/the-law.page#:~:text=The%20Law%20%2D%20CCHR.%20The%20New%20York,classes%20in%20these%20areas%20are%20noted%20below (last visited Aug. 19, 2024) ("The New York City Human Rights Law (Title 8 of the Administrative Code of the City of New York) prohibits discrimination in New York City, in employment, housing, and public accommodations.").

federal court, thus precluding Plaintiff from relitigating the issue in the State Court Action. Indeed, in its reasoned decision, this Court unequivocally determined that neither Ms. DeRosa nor Mr. Azzopardi could be found liable under the NYCHRL because the SAC was devoid of any allegations suggesting that "an employment relationship existed between [Plaintiff]" and Ms. De Rosa or Mr. Azzopardi, "past or present." *Id*. at 14.

The issue of whether an employment relationship existed between Plaintiff and Ms. DeRosa or Mr. Azzopardi was undoubtedly litigated and decided during the federal proceeding.[4] The Court first rejected Plaintiff's assertion that "her state employment at the time of [her] alleged harassment establishes a sufficient nexus" in and of itself to create an employment relationship with the defendants. *Id*. at 15. As the Court aptly explained, "[t]here are scores of state agencies that employ individuals across New York State, and to adopt Plaintiff's argument would expand the boundaries of employment relationships much too far." *Id*.

With respect to Ms. DeRosa, in finding that she and Plaintiff did not share "an employment relationship . . . at the time of the [alleged] retaliation," the Court highlighted: (1) Ms. DeRosa was "chief of staff to Cuomo, a position in the governor's office," while "Plaintiff was an officer employed by the NYSP"; (2) Plaintiff did not "allege that DeRosa had the power to hire or fire her"; and (3) the SAC lacked allegations DeRosa set Plaintiff's schedule or "determined her rate of pay." *Id*. Accordingly, the Court found "[i]n the absence of these sort of allegations, the SAC [fell] short of an alleging an employment relationship with Plaintiff." *Id*.

---

[4] On September 19, 2024, the New York State Office of the Attorney General ("OAG") rejected Ms. DeRosa and Mr. Azzopardi's requests for the OAG to cover the costs of legal representation pursuant to Public Officers Law Section 17, to defend against the State Court Action. The OAG cited to this Court's order granting Defendants' motion to dismiss and argued that none of the alleged conduct in the SAC "could have been undertaken within the scope of [Ms. DeRosa and Mr. Azzopardi's] public employment or duties."

And as to Mr. Azzopardi, the Court reasoned that its conclusions "appl[ied] with greater force to [him]." *Id*. The Court noted that Plaintiff did not "allege *any* fact that would allow the Court to infer that she and Azzopardi ever had an employment relationship," and there was not one allegation suggesting "that Azzopardi worked for, either in the past or at the time he posted the [relevant] tweet, the NYSP, in Cuomo's office, or in another capacity linking Azzopardi to Plaintiff's employment with the NYSP." *Id*. at 15-16 (emphasis added).

Here, nothing alleged in the state court complaint calls into question the Court's determination that Plaintiff lacked the requisite employment relationship with Ms. DeRosa and Mr. Azzopardi under the NYCHR. As explained earlier, with respect to Ms. DeRosa and Mr. Azzopardi, the State Court Action essentially regurgitates the same allegations in the now dismissed SAC. And as to Plaintiff's claim that "most recently, DeRosa and Azzopardi threatened to sue Trooper 1 if she continued to pursue her legal claims against them," Foti Decl. Ex. D ¶ 98, even assuming that a letter from Ms. DeRosa and Mr. Azzopardi's attorney identifying the potential claims that her clients could assert against Plaintiff could be perceived to be threatening conduct that supported a claim of alleged interference, (which they do not concede), this alleged "threat" occurred *after* the recycled allegations found in the SAC—the allegations the Court analyzed in determining that there was no employment relationship between the parties. Without the existence of an employment relationship, Plaintiff's alleged claims under the NYCHRL cannot stand.

Moreover, Plaintiff undoubtedly had a full and fair opportunity to litigate this issue. Plaintiff briefed the issue and forcefully argued against the dismissal of the NYCHRL claims. There is nothing establishing or inferring that Plaintiff did not have a fair opportunity to litigate this issue. And more notably, Plaintiff did not even attempt to add any additional factual

allegations that might make out an employment relationship in either (1) her motion for reconsideration nor (2) in her attempt to amend the complaint as set forth in her proposed TAC. Ultimately, an opportunity to litigate does not suddenly become unfair due to the Court's rejection of Plaintiff's allegations.

Finally, the issue of the employment relationship between Plaintiff and Ms. DeRosa and Mr. Azzopardi was resolved with sufficient finality for purposes of preclusion. Courts have held that for purposes of preclusive effect, "[a] grant of motion to dismiss may be considered a judgment on the merits." *Wills v. RadioShack Corp.*, 981 F. Supp. 2d 245, 265 (S.D.N.Y. 2013); *Rose v. Bethel*, No. 03 CIV. 1241 (GBD), 2007 WL 2476389, at *2 (S.D.N.Y. Aug. 29, 2007).

## II. IN THE ALTERNATIVE, THIS COURT SHOULD EXERCISE ITS INHERENT POWERS TO ENJOIN TROOPER 1'S STATE COURT ACTION BECAUSE IT WAS COMMENCED FOR AN IMPROPER PURPOSE AND CONSITUTES ABUSE

In the alternative, to the extent this Court decides not to enjoin the State Court Action to protect its jurisdiction, it should exercise its discretion and enjoin the State Court Action for being filed for an improper purpose. This Court is entitled under its inherent powers to enjoin an action that is solely brought based on an improper purpose and constitutes abuse. *See, e.g.*, *Shafii v. Brit. Airways*, 83 F.3d 566, 571 (2d Cir. 1996) ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction.") (citations omitted); *see also Woodhouse v. Meta Platforms Inc.*, 704 F. Supp. 3d 502, 514 (S.D.N.Y. 2023) (noting that a "documented history of filing harassing and duplicative lawsuits" can supply "the necessary factual predicate" for filing an injunction "identifying [a party] as a vexatious litigant and restricting [the party's] future access to court"). Here, it appears clear that the only reason Plaintiff has commenced the State Court Action is because she wants to preclude any other litigation that might reveal her real name. As stated

above, in the state court complaint Plaintiff falsely alleges that "DeRosa and Azzopardi threatened to sue Trooper 1 if she continued to pursue her legal claims against them," and falsely argued that "[i]mplicit in their baseless threat to take legal action against Trooper 1 is their threat to publicly reveal Trooper's 1's identity…." Foti Decl. Ex. D ¶¶ 98-99. Contrary to Plaintiff's allegations, there was no threat. Rather, Plaintiff sent a letter on July 26, 2024 discussing the potential of future – not current – litigation. Defendants requested a response to their letter by August 16, 2024. Rather than respond to the letter, on August 15, 2024, Plaintiff filed the State Court Action and, in a clear act of gamesmanship, misled the State Court into issuing a broadly worded order preventing any party from using Plaintiff's real name in any state court proceeding.

Significantly, Plaintiff specifically drafted the *ex parte* Order to Show Cause in the state court to broadly prohibit the filing of *any* document in that Court containing Plaintiff's real name. *See* Foti Decl. Ex. E ¶¶ 3-4 (emphasis added). Had Plaintiff intended the order to apply only to the State Court Action, which is the action in which Plaintiff is seeking anonymity, the language in the Order to Show Cause would have required the use of a pseudonym only as to documents filed in the State Court Action – not all state court actions. Plaintiff's broadly worded order not only represents an improper attempt to circumvent the normal rule requiring the identification of parties by their actual name, but also evidences Plaintiff's blatant effort to mislead the state court into issuing the broadly worded *ex parte* order. If Plaintiff's concern was to remain anonymous, she could have sought a protective order from this Court or commenced an action for a declaratory judgment. Rather, Plaintiff brought an entire action against Ms.

DeRosa and Mr. Azzopardi in state court asserting claims already dismissed by this Court solely to protect her anonymity.[5]

Plaintiff's commencement of the State Court Action was motivated for improper reasons and constitutes an abuse of both the federal and state judicial systems. This Court should not countenance such conduct. Rather, it should issue a temporary restraining order to enjoin the State Court Action until this motion can be fully heard, and then it should enjoin that action permanently.

### III. THE ELEMENTS OF RULE 65 ARE SATIFISED HERE BECAUSE THE LIKELIHOOD OF SUCCESS IS HIGH AND MS. DEROSA AND MR. AZZOPARDI WOULD SUFFER IRREPARBALE HARM IF THE INJUNCTION IS NOT GRANTED

Under Rule 65, a party may establish its entitlement to a temporary restraining order by showing (1) a likelihood of success on the merits of its claim and (2) that it would suffer irreparable harm absent the injunction. *AIM Int'l Trading LLC v. Valcuine SpA.*, 188 F. Supp. 2d 384, 386–87 (S.D.N.Y. 2002); (citing *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979)). As noted above, however, a party requesting an injunction pursuant to the AWA is not required to make such a showing. *See Findley v. Laughead*, 27 F.3d at 49

---

[5] Although Defendants agreed not to challenge anonymity when Plaintiff initially filed her lawsuit in this case, they preserved their right to do so at a later time. As this Court is aware, the basis for allowing a plaintiff to proceed pseudonymously, requires it to look to a list of ten non-exhaustive factors identified in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008), including the "highly sensitive" nature of the allegations and the fact that plaintiff's identity is unknown. Even if Plaintiff could demonstrate that she met the factors set forth in *Sealed Plaintiff*, at the time of the filing of this litigation (which Ms. DeRosa and Mr. Azzopardi dispute), she clearly no longer does so. It has become clear through the discovery process in this case, that Trooper 1's identity is known by the New York State Police and the majority if not all the members of the Protective Services Unit of the New York State Police: her name is publicly available. Moreover, although Plaintiff's allegations claim to allege sexual harassment, the allegations do not allege the type of sexual assault that has been deemed "sensitive" by previous cases seeking the protection of anonymity. Thus, the fact that Trooper 1 has commenced an entirely new lawsuit in an attempt to protect her anonymous designation is even more egregious given that it is unlikely that that designation will continue to be deemed appropriate in this case.

("[i]njunctions issued under the authority of the All-Writs Act stem from very different concerns . . . ."). Even so, the elements of Rule 65 are still satisfied here.

As stated above, Plaintiff's State Court Action is precluded by this Court's dismissal of the SAC, in which the Court determined, in part, that Plaintiff failed to sufficiently allege an employment relationship between her and Ms. DeRosa and Mr. Azzopardi. Plaintiff has done nothing to establish how the allegations in her State Court Action are not precluded by this Court's Order or how she could even prevail on a claim of interference. Consequently, Defendants' likelihood of success on the merits is high.

In addition, both Ms. DeRosa and Mr. Azzopardi would suffer irreparable harm were the State Court Action allowed to proceed. First, merely allowing Plaintiff to relitigate a settled issue in itself establishes irreparable harm. *See Morgan Stanley & Co., v. Seghers*, No. 10-cv-5378, 2010 WL 3952851, at *6 (S.D.N.Y. Oct. 8, 2010); *Diabo v. Delisle*, 500 F. Supp. 2d 159, 171 (N.D.N.Y. 2007) ("the assault on this Federal Court's jurisdiction and the infringement of the effectiveness of its judgments" is irreparable harm); *Broad. Music, Inc. v. CBS, Inc*., 421 F. Supp. 592, 594 (S.D.N.Y. 1976) (to "permit a litigant to act apparently in a manner to flout [the Court's] orders and determinations" is irreparable harm). Second, both Ms. DeRosa and Mr. Azzopardi have had to endure two years of having their names dragged through the mud and their reputations maligned, as well as having to suffer the constant burdens and distractions of litigation. Without a doubt, therefore, permitting Plaintiff to proceed with her State Court Action will irreparably harm both Ms. DeRosa and Mr. Azzopardi. Finally, a temporary restraining order is necessary in order to protect Defendants from having to defend themselves against the meritless State Court Action while this Court considers their motion for an injunction.

## CONCLUSION

For the reasons stated herein, the Court should enter an order temporarily restraining Plaintiff from further litigating the State Court Action until this Court can consider and decide whether to permanently enjoin that action, and thereafter issue an order permanently enjoining Plaintiff from proceeding with the State Court Action.

Dated:  September 25, 2024
      New York, New York

Respectfully submitted,

**MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.**

By:  /s/  Catherine M. Foti
      Elkan Abramowitz
      Catherine M. Foti
      Kayasha Lyons
      Victor Obasaju

      565 Fifth Avenue
      New York, New York 10017
      Phone: 212.856.9600; Fax: 212.856.9494
      eabramowitz@maglaw.com
      cfoti@maglaw.com
      klyons@maglaw.com
      vobasaju@maglaw.com

      *Attorneys for Defendants Melissa DeRosa and Richard Azzopardi*