

Glavin PLLC
156 W. 56th Street, Suite 2004
New York, NY 10019

glavinpllc.com
646.693.5505

September 25, 2024

**VIA CM/ECF**

Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Trooper 1 v. NYSP et al., 22-cv-893 (LDH) (TAM)</u>

Dear Judge Hall:

      I represent former Governor Andrew Cuomo ("Governor Cuomo") and write to advise the Court that Governor Cuomo joins in the Motion for an Order to Show Cause Seeking to Temporarily Restrain and Permanently Enjoin Duplicative Litigation ("Motion") filed by Defendants Richard Azzopardi and Melissa DeRosa in the above-captioned action. ECF No. 277.[1] In order to spare the Court from having to review multiple submissions advancing the same arguments, Governor Cuomo joins in the Motion and incorporates herein the various arguments made in the Motion as if Governor Cuomo submitted those arguments in his own separate submission.

      For the avoidance of doubt, Governor Cuomo joins each of Mr. Azzopardi's and Ms. DeRosa's arguments in full, including all arguments requesting that the Court (i) issue a temporary restraining order enjoining Plaintiff and her counsel from prosecuting Plaintiff's recently-filed State Court Action pursuant to 28 U.S.C. § 1651 and 28 U.S.C. § 2283 and (ii), in the alternative, exercise the Court's inherent powers to permanently stay Plaintiff's State Court Action.

      As detailed in the Motion, in attempting to circumvent this Court's jurisdiction, Plaintiff filed a meritless complaint against Governor Cuomo, Ms. DeRosa and Mr. Azzopardi alleging interference under the New York City Human Rights Law ("NYCHRL") in New York Supreme Court. In that action, Plaintiff asserts nearly the same factual allegations as in the Complaint before this Court except Plaintiff references a letter sent on July 26, 2024 to her by counsel for Mr. Azzopardi and Ms. DeRosa regarding *their* rights as to potential future litigation. Nowhere does Plaintiff allege that Governor Cuomo joined in this letter.

      Plaintiff's interference claim is an attempt to relitigate issues already rejected by this Court. This Court found, in dismissing parts of the Second Amended Complaint, "[t]here can be no question that . . . the NYCHRL relate[s] specifically to conduct arising under the

---

[1] We adopt defined terms used in the Motion and corresponding Memorandum of Law (ECF No. 278) filed by Mr. Azzopardi and Ms. DeRosa.

employer-employee relationship." Dkt. No. 258 at 13. Here, there was no employer-employee relationship between Governor Cuomo and Plaintiff at the time of the July 26, 2024 letter because, as this Court found, Governor Cuomo's "resignation [in August 2021] presumably ended any employment relationship Cuomo may have had with Plaintiff." *Id.* at 14. Therefore, as this Court already decided, Plaintiff cannot meet the basic pleading standard for interference claims under NYCHRL. Plaintiff surely knew this and filed the frivolous State Court Action for wholly improper purposes, including to evade this Court's jurisdiction. Thus, the Court should enter an order temporarily restraining Plaintiff from further litigating the State Court Action until this Court can consider and decide whether to permanently enjoin that action, and thereafter issue an order permanently enjoining Plaintiff from proceeding with the State Court Action.

      We thank you for your attention to this matter.

                                        Respectfully submitted,

                                        */s/ Rita M. Glavin*
                                        Rita M. Glavin