UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TROOPER 1,

                              Plaintiff,

            v.

NEW YORK STATE POLICE, ANDREW
CUOMO, MELISSA DEROSA and RICHARD
AZZOPARDI,

                            Defendants.

**MEMORANDUM AND ORDER**

22-CV-893 (LDH) (TAM)

---

LaSHANN DeARCY HALL, United States District Judge:

       Trooper 1 ("Plaintiff") commenced this action against Defendants the New York State Police ("NYSP"), Andrew Cuomo, Melissa DeRosa, and Richard Azzopardi asserting claims of discrimination and retaliation in violation of the Equal Protection Clause, Title VII of the Civil Rights Act of 1964, New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL").

       On July 12, 2024, the Court issued a Memorandum and Order dismissing Plaintiff's discrimination claims under NYSHRL and NYCHRL against Defendants DeRosa and Azzopardi. (*See* ECF No. 258.) On August 15, 2024, Plaintiff filed a separate action in New York Supreme Court against Defendants, alleging that Defendants interfered with her rights in violation of NYCHRL. (Foti Decl. Ex. D at 17, ECF No. 275-6.) Nearly six weeks later, on September 25, 2024, Defendants DeRosa and Azzopardi moved for a temporary restraining order ("TRO") and injunctive relief, pursuant to the Anti-Injunction Act, 28 U.S.C. §§ 1651 and 2283, to enjoin Plaintiff's state court action.

The All Writs Act ("AWA"), 28 U.S.C. § 1651(a), empowers federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." And, pursuant to the "relitigation exception" to the Anti-Injunction Act, a plaintiff may be barred from proceeding with a state court action if: (1) the identical issue was raised in the federal proceeding; (2) the issue was actually litigated and decided there; (3) the parties had a full and fair opportunity to litigate the issue; and (4) the resolution of this issue was necessary to support a valid and final judgment on the merits. *Wyly v. Weiss*, 697 F.3d 131, 141 (2d Cir. 2012). While this standard will govern whether an ultimate injunction is issued, it does not govern the Court's determination of whether an injunction should be issued as a TRO. "TROs . . . are characteristically issued in haste, in emergency circumstances, to forestall irreparable harm[.]" *Romer v. Green Point Sav. Bank*, 27 F.3d 12, 16 (2d Cir. 1994). Not surprisingly, then, a plaintiff's "[d]elay in seeking enforcement of [its] rights . . . tends to indicate at least a reduced need for such drastic, speedy action." *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985). Such is the case here.

In support of their request for emergency relief, Defendants DeRosa and Azzopardi argue that "a temporary restraining order is necessary in order to protect [them] from having to defend themselves against the meritless State Court Action while this Court considers their motion for an injunction." (Mem. of L. in Supp. of Mot. for Temp. Restraining Order at 16, ECF No. 275-1.) However, Plaintiff filed her state court action on August 15, 2024, meaning DeRosa and Azzopardi waited nearly six weeks to seek emergency relief. That delay wholly undermines any need for immediate action by the Court.[1] DeRosa and Azzopardi's motion for a TRO is denied

---

[1] What's more, DeRosa and Azzopardi entered a stipulation with Plaintiff on September 11, 2024, which extended their deadline to file a responsive pleading in the state cause of action until November 1, 2024. *See Stipulation of Service*, *Trooper 1 v. Cuomo et al.*, Index No. 157515/2024 (N.Y. Sup. Ct. 2024). In

on that basis. *See Brooklyn Brands LLC v. Lieberman*, No. 18cv7245(LDH)(ST), 2018 WL 10246003, at *1 (E.D.N.Y. Dec. 23, 2018) (denying TRO where the plaintiff waited at least six weeks to seek emergency relief from the Court).

The Court makes no finding with respect to DeRosa and Azzopardi's motion for a permanent injunction or their arguments made pursuant to the Anti-Injunction Act. The parties shall brief DeRosa and Azzopardi's motion in accordance with the Court's order.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
       September 26, 2024  LaSHANN DeARCY HALL
                                    United States District Judge

---

other words, DeRosa and Azzopardi have ensured that they will not be required to litigate anything in the state court matter for more than a month. Yet, DeRosa and Azzopardi still implore this Court to consider their request on an emergency basis knowing full well there is no imminent harm on the horizon. The Court is unpersuaded, to say the least.