December 4, 2024

**BY ECF**

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Trooper 1 v. NYSP et al.*, 22-cv-893 (LDH) (TAM)

Dear Judge Merkl:

Pursuant to Federal Rule of Civil Procedure 30(a)(2) and this Court's Individual Rule & Practice 3(A), the parties write concerning Governor Cuomo's and Melissa DeRosa's requests to (1) exceed the 10-deposition limitation, and (2) reopen the deposition of Fabricio Plaskocinski.[1]

### DEFENDANTS' POSITION

**1. Defendants Should Be Granted Leave to Take Additional Depositions That Are Relevant and Proportional**

Defendants seek to depose 19 additional witnesses who possess information highly relevant to the claims and defenses. Attached as **Exhibit A** is a list of those witnesses, along with a brief description of their relevance and proposed time limitations for their depositions. Defendants' request is consistent with the principles stated in Rule 26(b)(1) and (2) because the depositions are relevant without being unduly burdensome, cumulative or duplicative.[2] "It is the movant's burden to show the need for the additional depositions, but counsel's judgment about how many depositions it needs is entitled to a good deal of deference." *C.K. through P.K. v. McDonald*, 345 F.R.D. 262, 267 (E.D.N.Y. 2023) (quotations omitted). The proposed deponents fall into four categories:

*First*, seven current/former NYSP troopers who were identified in Trooper 1's Initial Disclosures and/or interrogatory responses,[3] and whose knowledge of relevant information has been confirmed through additional discovery. Each has unique information relating to the claims and defenses, so the depositions would not be cumulative or

---

[1] Trooper 1 raised her objection to Defendants' taking of additional depositions, and to the reopening of Plaskocinski's deposition, in a letter dated October 9, 2024, following Governor Cuomo's October 7, 2024 Notice of Subpoena to Plaskocinski. Counsel met and conferred on October 11 and 28, 2024, and exchanged correspondence in an effort to narrow the dispute. Despite these efforts, the parties are at an impasse. NYSP takes no position on the dispute.

[2] To minimize the burden of the additional depositions, Defendants are willing to agree to limit most of the witnesses to half-days (or less). *See* Ex. A. Indeed, Defendants propose full days with only four witnesses.

[3] Witnesses in this category: Charles Kaplan, Christopher Long, Dwane Grant, Jonathan Blazek, Philip Russo, Phillip Salinardi, and Todd Williams. Trooper 1 has identified 27 troopers in her Initial Disclosures and/or interrogatory responses, so Defendants have already narrowed the list of depositions significantly.

Hon. Taryn A. Merkl
December 4, 2024
Page 2 of 6

duplicative. Nor would they be unduly burdensome, as Defendants have proposed only 19 hours total for these depositions and counsel can attend remotely, as they have for nearly all other trooper depositions. Trooper 1's argument that Defendants be required to pick and choose only one or two additional fact witness depositions is neither fair nor workable, particularly considering that the Court has declined to order the OAG to produce witness interview memos. Moreover, Trooper 1 refuses to rule out any of these individuals as trial witnesses, so Defendants must have a chance to take their depositions. Without speaking to them, Defendants have little to no idea what they know about Trooper 1's allegations; indeed, the trooper depositions so far have not even been consistent with Trooper 1's disclosures and interrogatory responses in that some witnesses have claimed knowledge about events that Trooper 1 did not identify them as witnesses to, and other witnesses have disclaimed knowledge about events Trooper 1 said they were witnesses to. Under the circumstances of this case, where there is little to no real-time documentary corroboration of Trooper 1's allegations, the witnesses are critical.[4]

**Second**, five of the providers that have treated Trooper 1 for her alleged emotional damages, including her primary care physician, two psychiatrists, a psychotherapist, and the physician who was responsible for conducting her Independent Medical Examination in connection with her workers compensation claim.[5] Each was involved in different facets of Trooper 1's medical and mental health care, and provided different diagnoses, and thus their knowledge of her alleged damages is not duplicative.

**Third**, Charles Brown, Trooper 1's ex-fiancé with whom she communicated extensively regarding Governor Cuomo and her employment at the NYSP, and who is referenced in her medical records as an alternative and significant source of her emotional distress.

**Fourth**, six complainants whose allegations are incorporated in Trooper 1's Complaint and who are identified in Trooper 1's Initial Disclosures.[6] The Court has previously acknowledged that "by [Trooper 1's] theory of relevance, [she] would be hard-pressed to oppose" the depositions of other complainants. Transcript of September 26, 2023 Status Conference at 12:11–12; *see also id.* at 16:13–25 (acknowledging that, for Governor Cuomo to contest whether information concerning other complainants should be admitted, he "needs to develop some additional information"); ECF 220 at 13 n. 11 (remarking that, "since many of the Complainants are specifically included in the parties' Rule 26(a) disclosures," it was "likely that limited depositions . . . will be relevant and proportional"). Yet Trooper 1 now refuses to consent even to these depositions, apparently

---

[4] Trooper 1 and other witnesses have **admitted** that they deleted highly relevant text communications with each other. This improper destruction of material evidence will be the subject of a forthcoming spoliation motion, but the absence of written communications is a critical fact for the Court to consider in connection with this request for depositions.

[5] Witnesses in this category: Anne Marie Finneran, Christina Vaglica, Mary Kathleen Martin, Scott Bienenfeld, and Sharon Prager. Defendants do not seek to depose all of the medical providers involved in Trooper 1's treatment, rather the request is limited to only those who possess highly relevant information.

[6] Witnesses in this category: Alyssa McGrath, Brittany Commisso, Charlotte Bennett, Kaitlin, Lindsey Boylan, and Virginia Limmiatis. At this time, Defendants do not seek to depose Anna Ruch.

hoping that the Court will backtrack on its commitment to allow these depositions so long as Trooper 1 continues to rely on the other complainants.

### 2. The Court Should Allow Defendants to Reopen Plaskocinski's Deposition

Plaskocinski's deposition, which was noticed by Trooper 1, took place nearly a year-and-a-half ago, on June 22, 2023. During that two-hour deposition, Plaskocinski (aka "Fab"), who was one of Trooper 1's supervisors, denied discussing Trooper 1's allegations with anyone. Only later did Defendants obtain key discovery confirming collusion among current and former PSU members, including Plaskocinski. This later-obtained evidence includes (i) phone records (which Trooper 1 resisted) and (ii) texts that Trooper 1 never produced, all of which undermine Plaskocinski's prior deposition testimony. For example, we now know that the morning after the OAG Investigation was announced on March 1, 2021, Trooper 1 confirmed that she and Plaskocinski, who had left the PSU more than a year prior, were in communication: "Fab reached out to me and said he has my back." Shillingford-0311.[7] We also know that on April 8, 2021, Plaskocinski spoke to Joon Kim and then immediately called Diane Parrotta and then Trooper 1. Less than a week later, Plaskocinski was interviewed by OAG investigators, and then continued to check in by phone with Parrotta and Trooper 1. Plaskocinski also communicated with other PSU witnesses during the OAG investigation, including Stephen Nevins, Joseph Metcalfe, and Kyle Shillingford.

Defendants did not have this evidence in advance of Plaskocinski's initial deposition, so there was no basis for Defendants to question him about these communications. "Courts will typically reopen a deposition where there is new information on which a witness should be questioned." *Ganci v. U.S. Limousine Service, Ltd.*, No. CV 10-3027(JFB)(AKT), 2011 WL 4407461, at *2 (E.D.N.Y. Sept. 21, 2011) (finding reopened deposition "shall not be unreasonably cumulative since it will be limited to new information"). Moreover, the burden of a second deposition would be minimal, particularly considering that in no event will Plaskocinski be required to sit for more than five hours such that, in total, he will have been deposed for no more than a full day. *See* Fed. R. Civ. P. 30(d)(1).

### TROOPER 1'S POSITION

Defendant Andrew Cuomo believes that he was the target of not just one, but several grand conspiracies designed to remove him from the Executive Mansion. He thinks that New York State Attorney General Letitia James wanted his job; that the independent investigators who found that he sexually harassed approximately a dozen women had either a long-standing grudge or bias against him; that the leaders of the New York State Senate and Assembly were politically motivated to conclude, based on a separate and wholly independent investigation, that Cuomo created a hostile work environment; and that state troopers who protected him for years were out to get him because they disagreed with his political positions. More recently, Cuomo's conspiracy theories have reached into the U.S. Department of Justice (DOJ). Cuomo believes that the separate adverse findings by the

---

[7] As noted above, Trooper 1 deleted her texts, including those with Shillingford. Defendants obtained these texts only after serving a document subpoena on Shillingford and only after following up when he acknowledged during his deposition that he had not produced all responsive documents.

Hon. Taryn A. Merkl
December 4, 2024
Page 4 of 6

DOJ and the U.S. Attorney for the Eastern District of New York (EDNY) were also motivated by malice, although he has yet to explain how.[8] Most litigants could not possibly mount a defense based on such conspiracy theories. But Cuomo is no ordinary litigant. He is a powerbroker who served as the former Secretary of the U.S. Department of Housing and Urban Development, New York State Attorney General and New York State Governor. He also has access to a seemingly unlimited reservoir of taxpayer dollars.[9]

Against this backdrop, Cuomo expects more special treatment. He does not believe that he should be bound by the presumptive ten-deposition limit that applies to other litigants or even the 18-deposition limit that Trooper 1 has agreed to. Rather, he wants to depose nearly 30, or more, witnesses. This Court should deny his request.

The federal rules recognize that parties are not entitled to explore every possible rabbit hole in civil litigation. They thus set a limit of ten depositions unless the parties agree otherwise, or the court approves. Fed. R. Civ. P. 30(a)(2)(A). Further, Rule 26 (b)(2)(C) provides that "the court must limit the frequency or extent of discovery otherwise allowed . . . when the court determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Thus, "[e]ven if a witness may have discoverable information, a party is not always entitled her deposition." United States v. Town of Oyster Bay, No. 14-cv-2317 (GRB)(SIL), 2022 WL 34586, at *3 (E.D.N.Y. Jan. 3, 2022), aff'd as modified, No. 14-cv-2317 (GRB) (LGD), 2022 WL 4485154 (E.D.N.Y. Sept. 27, 2022). Rather, the rules "enable courts to maintain a 'tighter rein' on discovery." Id. (quoting RxUSA Wholesale, Inc. v. McKesson Corp., No. CV 06-4343 (DRH) (AKT), 2007 WL 1827335, at *2 (E.D.N.Y. 2007)).

Here, Cuomo does little, if anything, to justify good cause for taking more than ten depositions, let alone the 18 to which Trooper 1 has already agreed. For instance, six of Cuomo's proposed deponents have already given sworn testimony about the hostile work environment they experienced. Cuomo already has numerous documents that were produced by these prospective deponents in either the AG's investigation or in this case. Indeed, two of these prospective deponents have filed their own actions arising out of Cuomo's misbehavior and will likely be deposed in those cases. Yet Cuomo makes no effort to explain why taking their testimony a second (or third) time would not be cumulative or harassing.[10]

---

[8] Cuomo has not explained the basis for the purported bias against him by the DOJ and EDNY, or whether this animosity is the same, or different from, Cuomo's claim that former U.S. Attorney for the Southern District of New York, Preet Bharara, was also out to get him.

[9] New York taxpayers have paid over $25 million to represent the legal interests of Cuomo and his acolytes, more than half of which has been used to defend Cuomo and his co-defendants against sexual harassment allegations. Benjamin Oreskes, *Cuomo Legal Bills Have Cost N.Y. Taxpayers $25.4 Million and Counting*, THE NEW YORK TIMES (Sept. 12, 2024), https://www.nytimes.com/2024/09/12/nyregion/andrew-cuomo-legal-fees-ny-taxpayers.html. Even more confoundingly, the state has paid more than $1 million to outside lawyers to defend itself against its own findings. Id.

[10] Cuomo misstates Trooper 1's position regarding the depositions of these witnesses. Trooper 1 agreed that she would not oppose Cuomo's efforts to depose the victims who already testified about their experiences

Seven of Cuomo's proposed deponents are troopers. But 12 troopers have already been deposed in this case.[11] Once again, Cuomo makes no effort to explain how he believes the testimony of the additional seven troopers would not be cumulative of the testimony of the troopers already deposed. Cuomo nonetheless claims that these depositions are necessary because he has "little to no idea what they know about Trooper 1's allegations." But that is false. This Court granted Cuomo nearly two full days to depose Trooper 1, where she was questioned about four of these troopers (Kaplan, Blazek, Russo and Williams). Cuomo also had every opportunity during the expanded deposition to question Trooper 1 about the three other troopers he now wants to depose, but chose to spend his expanded time on other, clearly less important, subjects. That is not a basis to ignore the discovery limitations of the federal rules. Five of Cuomo's proposed deponents are Trooper 1's medical providers. Again, Cuomo makes little, if any, effort to explain why he needs to depose all these witnesses, especially given that he already has their records and knows their opinions and diagnoses. Cuomo also wants to depose Trooper 1's former fiancé, even though Trooper 1 has already made clear that she does not intend to call him as a witness in her case in chief. To the extent Cuomo wants to show that the fiancé was a source of emotional distress for Trooper 1, those are questions more properly directed at Trooper 1 and a medical provider, to the extent such information is not already included in the medical records that have been produced.

To be clear, Trooper 1 is not arguing that Cuomo may not depose any of these witnesses, only that he may not depose <u>all</u> of them. Given the thousands of pages of sworn testimony and other documents Cuomo already has in his possession, capping him at 18 depositions is more than fair.

Finally, Cuomo's request to depose Plaskocinski a second time should be denied. A party may not depose a witness more than once without leave of court. <u>See</u> Fed. R. Civ. P. 30(a)(2)(A)(ii). To be sure, courts have the power to reopen depositions based on new evidence. Here, however, Cuomo has made no showing that Plaskocinski *should* be questioned based on evidence obtained from another witness, Shillingford. <u>Ganci v. U.S. Limousine Service, Ltd.</u>, No. CV 10-3027(JFB)(AKT), 2011 WL 4407461, at *2 (E.D.N.Y. Sept. 21, 2011) (citing cases where new evidence contradicted prior testimony or records). Defendants were in possession of Shillingford's documents before Trooper 1's deposition concluded and, therefore, had ample opportunity to question Trooper 1 about her communications with Plaskocinski. Moreover, Defendants have not made clear how Plaskocinski's communications with others necessarily "confirm[] collusion among current and former PSU members." Regardless, Cuomo has the communications and can make whatever arguments he wants, without having to recall a witness.

For these reasons, the Defendants' motion should be denied in its entirety.

---

with him. But that did not, and does not, give Cuomo license to haphazardly blow through the deposition limits under the federal rules. Like all litigants, Cuomo must make strategic decisions about how best to utilize the various discovery devices available.

[11] Cuomo chose to use one of his depositions to question trooper David Dively, even though Dively already gave sworn testimony in the underlying AG investigation.

Hon. Taryn A. Merkl
December 4, 2024
Page 6 of 6

| | |
|---|---|
| WIGDOR LLP | SHER TREMONTE LLP |
| By: */s/ Valdi Licul* | By: */s/ Theresa Trzaskoma* |
| Valdi Licul | Theresa Trzaskoma |
| John S. Crain | 90 Broad Street |
| 85 Fifth Avenue | 23rd Floor |
| New York, New York 10003 | New York, New York 10004 |
| Tel. (212) 257-6800 | Tel. (212) 202-2600 |
| vlicul@wigdorlaw.com | ttrzaskoma@shertremonte.com |
| jcrain@wigdorlaw.com | |
| | GLAVIN PLLC |
| *Attorneys for Plaintiff Trooper 1* | Rita Glavin |
| | 156 West 56th Street, #2004 |
| | New York, New York 10019 |
| | Tel. (646) 693-5505 |
| | rglavin@glavinpllc.com |
| | |
| | *Attorneys for Defendant Andrew M. Cuomo* |