**EISENBERG & SCHNELL LLP**
ATTORNEYS AT LAW

By Electronic Case Filing
January 17, 2025

HERBERT EISENBERG
LAURA S. SCHNELL

The Honorable Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:     Trooper 1 v. New York State Police et al.; Case No. 22-cv-00893 (LDH) (TAM)

Dear Judge Merkl:

      We represent non-party Charlotte Bennett ("Ms. Bennett"). On December 13, 2024, Defendant Andrew Cuomo ("Mr. Cuomo") served Ms. Bennett with a subpoena to testify at a deposition in this matter (the "Subpoena") and provided a copy of your December 11, 2024 Order directing non-party complainants served with such subpoenas to file any objections with the Court via ECF no later than January 17, 2025. We write to object to the Subpoena and to indicate that we are prepared to move to quash it with the Court's permission.

      Based on representations made by Ms. Bennett's counsel, this Court observed last year that Ms. Bennett has no information relevant to any claim or defense in the *Trooper 1* matter. Dkt. 219 at 5 (acknowledging "Ms. Bennett's lack of knowledge regarding Trooper 1 or Trooper 1's allegations"). Ms. Bennett was not aware of Trooper 1's identity prior to this litigation, did not observe any of the alleged discrimination or retaliation against Trooper 1, did not know about any of the alleged discrimination or retaliation against Trooper 1 when it occurred, and did not contemporaneously or personally disclose her own experience of harassment to Trooper 1. Ms. Bennett lacks any knowledge relevant to Trooper 1's claims or Mr. Cuomo's defenses thereto. Compelling her to sit for a deposition in this matter is not proportional, would be unduly burdensome, and is therefore improper.

      As this Court is aware, Ms. Bennett was pursuing her own legal claims against Mr. Cuomo and his associates whom she alleged condoned Mr. Cuomo's unlawful conduct and retaliated against her. However, due to the extraordinary emotional toll caused by Mr. Cuomo's discovery in that litigation, Ms. Bennett voluntarily dismissed her federal lawsuit on December 9, 2024.[1] Mr. Cuomo and his representatives publicly complained about losing the opportunity to take Ms. Bennett's deposition, which they erroneously insisted would somehow exonerate Mr. Cuomo. Just four days after Ms. Bennett's voluntary dismissal of her own action, Mr. Cuomo served her with this Subpoena. This is a transparent attempt by Mr. Cuomo to seek vengeance and continue to litigate Ms. Bennett's allegations, which are not at issue in this matter. To add insult to injury, on December 19, 2024, Mr. Cuomo announced his intent to file a defamation

---

[1] Ms. Bennett is still pursuing her action against her former employer, the State of New York in New York State court. Mr. Cuomo is not a party in that action.

THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 2704
NEW YORK, NEW YORK 10279

PHONE 212.966.8900
FAX    212.966.2505
eisenbergschnell.com

lawsuit against Ms. Bennett in New York State Court based on the very same allegations he now seeks to depose her about in this action. Given that Ms. Bennett has no knowledge going to Trooper 1's claims or any Mr. Cuomo's defenses, and given the likelihood that this Subpoena was served for the improper purpose of harassing Ms. Bennett and litigating *her* claims against Mr. Cuomo (and, it seems, Mr. Cuomo's claims against her)—not Trooper 1's—Ms. Bennett hereby lodges her objections and seeks to quash this subpoena.

I. **Legal Standard**

"A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010) (internal quotations and citation omitted). Rule 26 authorizes discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense *and* proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). The burden to demonstrate relevance and proportionality lies with the party issuing the subpoena. *Gov't Emps. Ins. Co. v. Dinesh Verma Med., P.C.*, No. 22-cv-2893 (GRB) (JMW), 2023 WL 2771638, at *1 (E.D.N.Y. Apr. 3, 2023) (citation omitted) ("The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings."). If the issuing party does not meet its threshold showing of relevance and proportionality, a court can quash the subpoena as imposing an undue burden. *State Farm v. Metro Pain Specialists*, 2024 WL 5283922, at *2 (E.D.N.Y. Dec. 3, 2024) ("Rule 45([d]) 'provides additional protection for non-parties subject to a subpoena by mandating that a court quash or modify the subpoena if it ... subjects [the] person to undue burden.'") (internal citations and quotations omitted).

The federal rules also instruct that a deposition subpoena must not be "not interposed for any improper purpose, such as to harass[.]" Fed. R. Civ. P. 26(g)(1)(B)(ii). A court may therefore intervene to prevent a deposition that "is designed merely to harass or annoy the deponent, or [serves] some other improper purpose." *CSC Consulting, Inc. v. Aluminum.com, Inc.*, 2001 WL 546448 (S.D.N.Y. May 23, 2001).

II. **Argument**

    A. **Ms. Bennett Possesses No Information Relevant to Any Claim or Defense in This Matter.**

Ms. Bennett should not be required to sit for a deposition in this matter because she is unable to provide even a modicum of relevant testimony. This, alone, is sufficient grounds to quash the Subpoena. *See Ackermann v. New York City Dep't of Info. Tech. and Telecomm.*, 2010 WL 1172625,*1 (E.D.N.Y. Mar. 24, 2010) ("As [the non-party] states that he has no personal knowledge of plaintiff's claim, his motion to quash the subpoena requesting his deposition is granted."). Ms. Bennett learned of Trooper 1's allegations against Mr. Cuomo upon the release of the Attorney General's report on the topic in August 2021. She possesses no firsthand—nor any unique secondhand—knowledge of Trooper 1's allegations of discrimination or retaliation, nor of Mr. Cuomo's purported defenses thereto.

Page 3

Indeed, this Court made clear more than a year ago that "there is no evidence . . . suggesting that Ms. Bennett knew Trooper 1, had any contact with Trooper 1, or that she has any role in this case other than as a non-party witness who likewise has alleged that Cuomo engaged in harassing behavior towards her." Dkt. 219 at 3. That observation remains accurate. As such, permitting Mr. Cuomo to depose Ms. Bennett in a lawsuit to which she is not a party, regarding claims about which she has no knowledge, would be "disproportionate to the needs of this case." *Id*. at 5; *see U.S. Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 338 F.R.D. 309, 317 (S.D.N.Y. 2021) ("[P]roportionality concerns are particularly acute where, as here, a party seeks deposition testimony from a non-party witness who lacks any firsthand knowledge of the events at issue in the case."); *Eisemann v. Greene*, 1998 WL 164821, *2 (S.D.N.Y. Apr. 8, 1998) (quashing deposition subpoena because burdensomeness outweighed "the doubtful and tangential relevance" of any possible testimony).

### B. The Subpoena Was Issued for an Improper Purpose: to Harass Ms. Bennett and to Litigate *Her* Claims through Trooper 1's Lawsuit.

Mr. Cuomo issued the Subpoena for an improper purpose. "The purpose of discovery is to provide an orderly, efficient and effective means for ascertaining the truth in order to expedite a determination of the controversy on the merits." *Mackerer v. N.Y. Cent. Ry.*, 1 F.R.D. 408 (E.D.N.Y. 1940). The sequence of events that has transpired in this and related cases make clear that Mr. Cuomo's discovery tactics—specifically, this Subpoena—contravene that purpose.

Ms. Bennett voluntarily dismissed her own legal action (in the Southern District of New York) based on her sexual harassment and retaliation on December 9, 2024. She explained:

> Former Governor Andrew Cuomo can no longer use this lawsuit to harass me and my family. His abusive filings and invasive subpoenas are meant to humiliate and retaliate against me and those who have supported me over the last five years of this living nightmare . . . .
>
> Throughout this extraordinarily painful two year case, I've many times believed that I'd be better off dead than endure more of his litigation abuse, which has caused extraordinary pain and expense to my family and friends. I desperately need to live my life. That's the choice I am making today.[2]

Following her dismissal, Mr. Cuomo has engaged in a campaign to retaliate against Ms. Bennett through the courts. First, Mr. Cuomo's representatives issued a statement on his behalf, claiming that "Ms. Bennett suddenly withdrew her federal lawsuit on the eve of her deposition to avoid having to admit under oath that her allegations were false and her claims had no merit."[3]

---

[2] Katz Banks Kumin, "Statement from Debra Katz and Charlotte Bennett on Continuing New York State Court Case" (Dec. 9, 2024), https://katzbanks.com/news/katz-bennett-ny-case-statement/.

[3] Glavin PLLC, "Statement on Charlotte Bennett's Dismissal of Lawsuit against Governor Andrew M. Cuomo" (Dec. 9, 2024), https://glavinpllc.com/2024/12/09/statement-on-charlotte-bennetts-dismissal-of-lawsuit-against-governor-andrew-m-cuomo/.

EISENBERG & SCHNELL LLP

Page 4

Just four days later, on December 13, 2024, Mr. Cuomo issued this Subpoena. And less than a week after that, on December 19, 2024, Mr. Cuomo publicized his intent to sue Ms. Bennett in New York State court for defamation—based on her allegation that he sexually harassed her.[4]

Mr. Cuomo has a vendetta against Ms. Bennett for coming forward with her truthful allegations against him. He has even taken steps to meddle in Ms. Bennett's litigation against the State of New York—to which he is not a party—to urge the State to join his campaign to sanitize his reputation.[5] Allowing Mr. Cuomo free rein to interrogate Ms. Bennett under oath about allegations entirely divorced from those made by the sole plaintiff in this matter, Trooper 1, would greenlight a tangential and costly minitrial of the dismissed case of Bennett v. Cuomo. *Alvarado v. GC Dealer Servs. Inc.*, No. 18CV2915SJFSIL, 2018 WL 6322188, at *4 (E.D.N.Y. Dec. 3, 2018) (Accordingly, the discovery sought would be of limited value, essentially creating a trial within a trial concerning whether any other benefits were properly awarded to [the plaintiff], and under these circumstances is disproportionate to the needs to this case."). This is improper, and Ms. Bennett objects to and seeks to have this Subpoena quashed on this basis.

### III. Conclusion

Were Ms. Bennett to sit for a deposition in *Trooper 1*, she could not provide any firsthand testimony regarding any party's claims or defenses. Such a deposition would run afoul of Rule 26's foundational relevancy requirement. The sequence of events here demonstrates that this Subpoena is nothing more than a part of Mr. Cuomo's continuing harassment of Ms. Bennett. Ms. Bennett has no issue with Mr. Cuomo engaging in reasonably tailored discovery to mount a defense to Trooper 1's allegations. She objects, however, to his attempts to continue to torment her by shoehorning in *her* allegations through overbroad discovery, including the Subpoena to depose her. Ms. Bennett is not a party in this matter nor a witness to any of the facts alleged. Mr. Cuomo therefore has no proper basis to depose her.

For the foregoing reasons, Ms. Bennett respectfully submits these objections to the Subpoena to this Court and requests the Court's permission to move to quash it in full.

Respectfully submitted,

Laura S. Schnell

---

[4] Benjamin Oreskes, "Andrew Cuomo Plans to Sue Harassment Accuser for Defamation," N.Y. TIMES (Dec. 19, 2024), https://www.nytimes.com/2024/12/19/nyregion/cuomo-charlotte-bennett-defamation.html.

[5] *Supra* at n. 3 ("If New York State does give in to her public pressure campaign and settles, it will not be on the merits and should require the public release of all the evidence so that New Yorkers finally know the truth: Governor Cuomo never sexually harassed anyone.").

EISENBERG & SCHNELL LLP