# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

MONDAIRE JONES
VASUDHA TALLA

ERIC ABRAMS
NICK BOURLAND
HANNAH BRUDNEY
DANIEL M. EISENBERG
ARIADNE M. ELLSWORTH
SARA LUZ ESTELA
BIANCA HERLITZ-FERGUSON
LAURA S. KOKOTAILO
SONYA LEVITOVA
HAFSA S. MANSOOR
SANA MAYAT
HARVEY PRAGER
VIVAKE PRASAD
MAX SELVER
EMILY K. WANGER
RACHAEL WYANT
SYDNEY ZAZZARO

January 17, 2025

*Via ECF*

U.S. Magistrate Judge Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Trooper 1 v. Cuomo*, No. 22 Civ. 893 (LDH) (TAM)

Dear Judge Merkl:

On behalf of non-party Kaitlin, we write pursuant to this Court's December 11, 2024 Order directing objections to Defendant Cuomo's deposition subpoena on Kaitlin to be filed by January 17, 2025. Despite our attempts to confer in good faith, Cuomo's counsel have refused to agree that Kaitlin be deposed on Zoom and in late April or May due to her health.

As a reminder, non-party Kaitlin plays a minimal role in this lawsuit. She does not know and she has never met Trooper 1. Kaitlin is one of several individuals who have already been deposed by the New York Attorney General's Office in connection with its investigation into sexual harassment claims against Defendant Cuomo.

### *Kaitlin's Deposition Must be in Late April or May*

Kaitlin is currently suffering from a serious health condition that prevents her from being deposed until late April following a surgery and recovery period. Because fact discovery in this case does not close until May 16, 2025, this still gives counsel plenty of opportunities to depose Kaitlin before the deadline. But Cuomo's counsel refused to agree to this date unless we provided more information about Kaitlin's health condition. We agreed to provide such information if defense cunsel agreed to treat such information as Attorneys' Eyes Only. But

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

they refused. There is no legitimate reason why a non-party's health condition, which is not relevant to the issues in this case and would be disclosed solely in order to schedule the date for a deposition, needs to be disclosed to Cuomo. That would be so in any case, but is particularly so in this case: Cuomo is an extremely powerful individual; the Attorney General found he sexually harassed and retaliated against multiple women including Kaitlin; and his lawyers have a history of refusing to keep Kaitlin's name confidential despite its designation under the Protective Order. *E.g.* ECF No. 128. The Court should order that Kaitlin's deposition be taken in late April or May. Since this is before the discovery cutoff, there is no prejudice to Defendant. If the Court would like more information regarding Kaitlin's health condition, we can provide it to the Court *ex parte*.

***Kaitlin's Deposition Should be on Zoom***

After receiving Defendant's deposition subpoena, we also wrote to defense counsel requesting that Kaitlin's deposition be limited to a half-day over Zoom given her limited involvement in the case and her medical condition. While counsel agreed to limit Kaitlin's deposition to four hours and that no parties would be present, they have summarily refused to depose Kaitlin via Zoom with no explanation besides the conclusory assertion that "the subject matter of this particular deposition requires it to be in person[.]"

Since 2020, remote depositions have become a regular practice in the legal system. "Remote depositions are the 'new normal.'" *PC-41 DOE v. Poly Prep Country Day Sch.*, No. 20-Civ-3628, 2022 WL 420619, at *1 (E.D.N.Y. Jan. 20, 2022) (granting a protective order seeking a deposition to be conducted remotely). Local Rule 30.2 even provides that "[t]he motion of a party to take the deposition of an adverse party by telephone or other remote means will presumptively be granted."

"Authorization to take telephonic or virtual depositions does not depend upon the hardship incurred by the applicant; instead, it depends upon the hardship of the deponent." *Floodbreak LLC v. T. Moriarty & Son, Inc.*, No. 23-Civ-6185, 2024 WL 4546882, at *2 (E.D.N.Y. Oct. 23, 2024) (cleaned up). Proceeding by Zoom is appropriate here because it will minimize the stress and burden on Kaitlin as she continues to recover from her surgery. *See, e.g.*, *Floodbreak LLC*, 2024 WL 4546882, at *2 (ordering deposition to be held via Zoom, in part due to deponent's health condition); *PC-41 DOE v. Poly Prep Country Day Sch.*, No. 20-Civ-3628, 2022 WL 420619, at *1 (E.D.N.Y. Jan. 20, 2022) (noting that "[r]emote depositions are the 'new normal'" and granting a protective order seeking a deposition to be conducted remotely); *Bucher v. Richardson Hosp. Auth.*, 160 F.R.D. 88, 95 (N.D. Tex. 1994) (directing "[c]ounsel for the defendants shall question the witness from another room" and "[t]he questions and answers shall be transmitted over a closed circuit television."); *Powell, et al. v. Allied Universal Security Serv.*, et al., 17-Civ-6133 (E.D.N.Y. Sept. 26, 2018), ECF No. 59 (granting protective order in sexual harassment case directing defendant to participate in plaintiff's deposition via an audio hook-up); *see also* Fed. R. Civ. P. Rule 30(b)(4) ("[T]he court may on motion order . . . that a deposition be taken by telephone or other remote means.").

Given the plethora of depositions and other legal proceedings we all have conducted over Zoom in the last five years, Defendants cannot make any showing of prejudice of

E<small>MERY</small> C<small>ELLI</small> B<small>RINCKERHOFF</small> A<small>BADY</small> W<small>ARD</small> & M<small>AAZEL</small> <small>LLP</small>
Page 3

proceeding by Zoom here, especially given Kaitlin's minimal connection to this case. Indeed, Cuomo has previously agreed to take the deposition of another non-party, Virginia Limmiatis, on Zoom; like Kaitlin, Ms. Limmiatis's only involvement in this case is that she was a witness in the Attorney General investigation. *See* ECF No. 149 at 2, n. 2.

The Court has previously taken "special notice of the fact that [Kaitlin and other Attorney General witnesses] are not parties to this case in considering the proportionality of the discovery requests made of and about them" and protected them from "unwarranted invasions of their privacy." ECF No. 220 at 9 & 11 n. 7. For all the foregoing reasons, we ask the Court to again step in to protect Kaitlin. In light of Kaitlin's medical condition, the lack of prejudice involved in Zoom depositions, and Kaitlin's minimal role in this litigation, the Court should Defendant Cuomo to depose Kaitlin via Zoom in late April or early May, following her recovery from surgery.

Respectfully submitted,

/Zoe Salzman
Nick Bourland
Sydney Zazzaro