# Wang Hecker LLP

305 Broadway, Suite 607
New York, NY 10007

Alice Reiter
212.620.2604 tel
212.620.2610 fax

areiter@wangerhecker.com

January 17, 2025

**By ECF**

The Honorable Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Trooper 1 v. Cuomo, et al.*; Case No. 22-cv-00893 (LDH) (TAM)

Dear Judge Merkl:

      This firm represents non-parties Virginia Limmiatis, Alyssa McGrath, and together with our co-counsel Kevin Mintzer, Brittany Commisso. All three women (together, the "Witnesses") have been subjected to Defendant Cuomo's harassing discovery tactics in this case for nearly two years. As Your Honor has heard before, none of these Witnesses has any first-hand information about what Trooper 1 specifically experienced. While Ms. Commisso and Ms. McGrath did work in the Executive Chamber, they are not aware of ever having spoken to Trooper 1 or having been in the presence of any specific female trooper with Defendant Cuomo. Ms. Limmiatis never worked for New York State and her single incident, from May 2017, predates any of Trooper 1's alleged interactions with Defendant Cuomo.

      We write now, pursuant to Your Honor's December 11, 2024 Order, to object to the deposition subpoenas issued by Defendant Cuomo to the Witnesses dated December 13, 2024 for two reasons. First, the subpoenas are invalid because they were served absent a tendered witness fee in clear violation of Rule 45. Second, we object to the subpoenas because they impose an undue burden on our clients, two of whom (Ms. Commisso and Ms. McGrath) will be deposed in the separate sexual harassment lawsuit Ms. Commisso filed in Albany County, which alleges that Defendant Cuomo subjected her to unwanted touching and other discriminatory conduct while she was a State employee. *See Commisso v. Cuomo et al.*, No. 911286-23, (Sup. Ct. Albany Cnty. 2024), Doc. 3 ("Commisso Complaint"). The scope of Ms. Commisso's and Ms. McGrath's testimony in the *Commisso* matter will be broader than and will encompass entirely any testimony sought from them in this case. Ms. Limmiatis is unlikely to be called by Plaintiff in the *Commisso* matter, but Defendant Cuomo has refused to commit to questioning Ms. Limmiatis in full and based on whatever documents or information they have available to them now, and has reserved the right to depose her again, including in *Commisso*.

      The subject matter of the Witnesses' testimony is deeply upsetting. To sit for even a single deposition by their accused harasser (on top of the video

testimony they already provided to the Attorney General's Office) would re-traumatize them, much less *two* depositions regarding the same disturbing subject matter, in quick succession. We respectfully request that the Court quash the subpoenas as procedurally invalid or, in the alternative, modify the subpoenas to permit a single deposition of each of the Witnesses, to be used in this case and any other case concerning Defendant Cuomo's harassment and gender discrimination.

### *Procedural History*

All three Witnesses were first served with document subpoenas and deposition subpoenas in Spring 2023[1]. All three Witnesses made document productions. In total, Ms. Limmiatis has produced 10 pages of materials; Ms. Commisso has produced 153 pages of responsive documents and one video recording; and Ms. McGrath has produced 394 pages of responsive documents. Even after significant document productions by the Witnesses, Defendant Cuomo sought still more document discovery and to pursue non-party depositions. In January 2024, this Court issued an order narrowing the scope of non-party document discovery and holding non-party depositions in abeyance until party discovery had been completed. *See* Dkt. No. 220.

Ms. Commisso filed her Verified Complaint against Defendants Cuomo and the State of New York on June 17, 2024, alleging that Defendant Cuomo subjected her to unwanted physical touching, a hostile work environment, and other discriminatory and retaliatory conduct while she was an employee working in the Executive Chamber. *See* Commisso Complaint. Defendant moved to dismiss the retaliation claims on September 13, 2024, and, after full briefing, the Supreme Court decided the motion just two months after it was filed, on November 20, 2024. There is a discovery conference before that court set for January 27.

### *Defendant Cuomo Improperly Serves Subpoenas and Refuses to Agree to Reasonable Limitations*

On December 11, 2024, this Court issued a text order limiting the number of non-party depositions Defendant was permitted to take in this case and directing Defendant to serve deposition subpoenas on third-party complainants by December 16, 2024. On December 13, 2024, Defendant's counsel sent an email pasting the Court's order and attaching deposition subpoenas for the Witnesses. Defense counsel did not tender any witness fees with any of the subpoenas. In the same email counsel asked non-party counsel if we accepted service of the subpoenas. On December 18, 2024, we stated that we were authorized to accept the emailed documents but that we expressly reserved our rights to object to the form and substance of the subpoenas. Defense counsel did not respond or make further inquiries, and they did not send the requisite Rule 45 witness fees at that time.

---

[1] Ms. Commisso was represented by different counsel at the time she responded initially to the document subpoena.

We exchanged emails with Defendant's counsel about the Witnesses' depositions, described further below, but were not able to reach agreement.

### *The Subpoenas Are Invalid Because They Were Improperly Served*

The Federal Rules expressly require that a witness fee must be tendered simultaneously with delivery of a deposition subpoena. *See* Fed. R. Civ. P. 45(b)(1); *Brown v. Hendler*, 09 Civ. 4486, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011 ("the plain meaning of Rule 45 [] requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena[.]"). This requirement is "strictly enforced," and courts have routinely quashed subpoenas where the serving party failed to include a witness fee with the subpoena. *See, e.g.*, *Juliao v. Charles Rutenberg Realty, Inc.*, 14 CV 0808, 2018 WL 5020167, at *6, (E.D.N.Y. July 23, 2018), *report and recommendation adopted*, 2018 WL 4502172 (E.D.N.Y. Sept. 20, 2018) (quashing subpoena where no witness fee tendered); *Carey v. Air Cargo Assoc., Inc.*, M. 18-302, 09-2353, 2011 WL 446654, at *3 (S.D.N.Y. Feb. 7, 2011) (collecting cases); *Song v. Dreamtouch, Inc.*, 01 Civ. 0386, 2001 WL 487413 at *7 (S.D.N.Y. May 8, 2001) ("Where no fee is tendered with the service of a subpoena requiring a witness' attendance, the service is invalid.").

Defendant failed to tender witness fees to the Witnesses at the time he delivered the deposition subpoenas. As of this filing, a month after we alerted defense counsel to the subpoenas' deficient form, the Witnesses have not received the required witness fees. He has blamed the Witnesses for his own failure, claiming it is a witness's job to inform defense counsel about mileage fees, but that is not the law. The witness fee deficiency alone warrants quashing the subpoenas. Moreover, in light of this Court's order directing Defendant to serve third-party complainant subpoenas by December 16, 2024, Defendant's deficient service renders the subpoenas untimely. *See Anderson v. Bungee Intern. Mfg. Corp.*, 96 Civ. 0186, 1999 WL 219904, at *2 (S.D.N.Y. Apr. 14, 1999) (collecting cases).

### *Alternatively, the Court Should Impose Limits to Minimize the Undue Burden*

Should the Court choose to overlook the subpoenas' procedural deficiencies, the Court should exercise its broad discretion to modify the subpoenas to permit the Witnesses to sit for a single deposition each[2], because otherwise they would be subjected to "undue burden," and there is no prejudice whatsoever to Defendant Cuomo. Fed. R. Civ. P. 45(d)(3)(A)(iv); *Johnson v. Bryco Arms*, 226 F.R.D. 441, 444 (E.D.N.Y. 2005). Rule 45 also provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid

---

[2] We seek in the alternative other means of decreasing the burden on the Witnesses, including without limitation depositions by written questions under Rule 31, as proposed by Your Honor.

imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1); *see Homeward Residential, Inc. v. Sand Canyon Corp.*, 12 Civ. 5067, 2017 WL 4676806, at * 18 (S.D.N.Y. Oct. 17, 2017).

Whether a subpoena imposes an undue burden depends on factors including the relevance of and the need of the serving party for the discovery, and the burden imposed on the subpoenaed party. *See, e.g., Travelers Ins. Co. v. Met. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005) (quashing non-party subpoena that would impose an undue burden). Courts including this one "take[] special notice" of the non-party status of a witness "in considering the proportionality of the discovery requests made of her and regarding her." *Trooper 1 v. New York State Police*, 22 CV 893 (LDH)(TAM), 2024 WL 168326, at *2 (E.D.N.Y. Jan. 16, 2024); *see Breaking Media, Inc. v. Jowers*, 21 Misc. 194, 2021 WL 1299108, at *6 (S.D.N.Y. Apr. 7, 2021); *id*. at 114. In conducting its analysis, "the Court may also consider under Rule 26(b)(2)(C)(i) if the discovery can be obtained from some other source that is more convenient or less burdensome." *Solomon v. Nassau Cnty.*, 274 F.R.D. 455, 461 (E.D.N.Y. 2011) (internal quotation marks omitted).

A. *Ms. Commisso and Ms. McGrath*

Here, a less burdensome option – *i.e.*, deposing Ms. Commisso and Ms. McGrath regarding substantially the same subject matter in the *Commisso* matter – is plainly available. The testimony to be elicited in this case, which relates to the Witnesses' knowledge (if any) regarding Trooper 1 and/or Trooper 1's allegations , as well as their own allegations of unlawful and inappropriate workplace conduct by Defendant Cuomo, will necessarily be covered in the *Commisso* matter. As Your Honor observed previously in an analogous situation involving a complainant's request to sit for a single deposition, in her own lawsuit, the "inherent burden of being deposed" and the Witnesses' "lack of knowledge regarding Trooper 1 or Trooper 1's allegations," makes requiring them to sit for depositions in this case *and* in the *Commisso* case cumulative and disproportionate to the needs of this case. *See* Dkt. No. 219 (Discovery Order re Bennett's Motion to Quash) at 5. Moreover, there is no prejudice to Defendant Cuomo in taking this approach.

For Ms. Commisso, a party in her own lawsuit, to give sworn testimony multiple times regarding substantially the same topics would impose an unnecessary burden on her and would serve no proper purpose other than to harass and bully her. And for Ms. McGrath, a non-party in both cases, subjecting her to multiple, cumulative depositions would likewise impose an undue burden on her.

Defendant has not articulated any prejudice he would suffer by prioritizing these depositions in the *Commisso* matter in light of our assurance that in the event the two depositions have not occurred prior to trial (or even *in limine* motions) in this matter, then we would make the Witnesses available in this case. Nor could they, because they would obtain the same testimony by other means and in time to use it in whatever way realistically they might need to do so. *See Vale v.*

*Great Neck Water Pollution Control Dist.*, 14 CV 4229, 2016 WL 11269253, at *3 (E.D.N.Y. May 31, 2016) ("[I]it is settled that 'judges may prevent [a] proposed deposition when the facts and circumstances are such that it creates an inappropriate burden or hardship.'") (quoting *In re Subpoena Issued to Dennis Friedman*, 350 F. 3d 65, 70 (2d Cir. 2003)).  Defense counsel claims they need these depositions for dispositive motion practice, prior to trial. But, additional testimony from the Witnesses beyond the sworn testimony already provided concerning their experiences of sexual harassment and gender discrimination could only go to the Witnesses' credibility, which is an issue for trial, not summary judgment or other motion practice.  We have invited defense counsel to explain how these depositions would assist them in pre-trial motion practice, and they have refused to provide any basis.

      B.     Ms. Limmiatis

Subject expressly to our objection to the form of Defendant Cuomo's untimely and defective subpoena (which is itself a basis to quash, which we seek, *supra*), we explored defense counsel's proposal to conduct a two-hour Zoom deposition of Ms. Limmiatis.  We have expressly told Defendant that currently we see no reason to call Ms. Limmiatis in the *Commisso* matter given the narrower scope of allegations.  Precisely because Ms. Limmiatis's harassment experience is limited – she did not work for or with Defendant Cuomo, and had a single incident with him at a public event in May 2017 – we repeatedly asked Defendant to commit to questioning Ms. Limmiatis to the full extent possible based on the extensive materials in his possession (a prior video deposition, documents, photographs) in order to minimize the likelihood of any future deposition, barring discovery of new information after her deposition.  They have repeatedly refused, saying instead only that they won't repeat questions in a future deposition.  The difference in the representations is material:  we are seeking Defendant's commitment to consider all the materials they have available now, in order to minimize the possibility of future depositions and the potential burden on her.  By contrast, defense counsel has agreed only to not "retread" any questions that they unilaterally may choose to ask in this Tr*ooper* 1 matter.

\* \* \*

We have proposed a practical approach that would permit Defendant to obtain the testimony he seeks while also preventing unnecessary burden on these three non-parties in the process. Defendant has been uninterested in entertaining any such compromise.  We therefore reluctantly seek the Court's assistance in resolving this dispute, and thank the Court for its attention to this matter.

                  Respectfully submitted,

                  Alice G Reiter
                  Mariann Meier Wang
                  Daniel Mullkoff