**SHER TREMONTE LLP**

January 31, 2025

**BY ECF**

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Trooper 1 v. NYSP et al.*, 22-cv-893 (LDH) (TAM)

Dear Judge Merkl:

      We write in opposition to the objections filed by Brittany Commisso and Ms. McGrath against their respective deposition subpoenas (T1 ECF No. 303). As this Court has acknowledged repeatedly, Governor Cuomo is entitled to discovery concerning the allegations of other complainants Trooper 1 includes in her operative Complaint. Indeed, at the status conference immediately preceding the Court's December 11, 2024 Order regarding the depositions, the Court was clear that Governor Cuomo has "established relevance as to the complainants" and ordered Governor Cuomo to notice the depositions of "the six complainants identified in the most recent letters," including Ms. Commisso and Ms. McGrath. Ex. 1 at. 47:21-22, 59:19-24; T1 ECF No. 295-1. That Order was issued almost two years after Governor Cuomo first subpoenaed these witnesses.

      Now, in yet another effort to avoid their depositions, Ms. Commisso and Ms. McGrath—unable to raise any genuine arguments about relevance and proportionality, proffer new procedural objections and propose that their depositions in this case be further delayed for an unspecified period of time. Specifically, both Ms. Commisso and Ms. McGrath argue that Governor Cuomo should have to wait to depose them in connection with Ms. Commisso's own state-court lawsuit ("Commisso State Action"), which is years behind Trooper 1's case and had the first preliminary conference only four days ago. There is no reason for this Court to defer to the Commisso State Action, particularly given how long Governor Cuomo has already had to wait for depositions of these nonparties. Nor is there any merit to Ms. Commisso's and Ms. McGrath's complaint about witness fees, particularly since they have both now received those fees.

      We respectfully request that the Court finally put this issue to rest and order the respective depositions of each witness under the conditions set forth in Governor Cuomo's December 2024 letter. *See id.*

Hon. Taryn A. Merkl
January 31, 2025
Page 2 of 5

**Background**

*Commisso State-Court Action*

On June 17, 2024, Ms. Commisso filed a Verified Complaint in New York Supreme Court alleging that Governor Cuomo sexually harassed her. *Commisso v. Cuomo*, Index No. 911286/2023, NYSCEF No. 3 (the "Verified Complaint" or "Verified Compl."), attached hereto as Exhibit 2. Ms. Commisso also sued New York State and alleged that Governor Hochul retaliated against her. Ms. Commisso's Verified Complaint provides more detailed allegations further to Ms. Commisso's allegations that were included in the OAG Report and parroted in Trooper 1's Amended Complaint. *Compare id. with* T1 ECF No. 71 ¶¶ 76-91. The Verified Complaint also observes that Ms. McGrath, who made her own allegations against Governor Cuomo, was Ms. Commisso's "colleague and close friend," and notes that Ms. Commisso spoke to Ms. McGrath about at least some of her allegations. Ex. 2 ¶ 104. On November 20, 2024, Governor Cuomo's partial motion to dismiss the retaliation claims in the Verified Complaint was granted in substantial part. *See* Ex. 3. On January 28, 2025, the court issued a case management order setting June 30, 2025 as the deadline for party depositions and September 30, 2025 as the deadline for non-party depositions. Ex. 4 at 1. Almost no discovery has been taken in the Commisso State Action, and the state court acknowledged during the preliminary conference that these discovery deadlines are likely unrealistic in light of the complexity of the case.

*Complainant Deposition Subpoenas*

Ms. Commisso and Ms. McGrath were each first served with a deposition subpoena in Spring 2023. Those subpoenas were served by email on each respective witness's counsel, without witness fees, whereafter each respective witness's counsel accepted service on each witness's behalf. In August 2023, Ms. McGrath objected to her deposition subpoena on the bases of time, location, and scope, and did not raise the lack of witness fee. Ms. Commisso never served any objections to her Spring 2023 deposition subpoena. On September 30, 2024, we emailed a second deposition subpoena without a witness fee to Ms. Commisso's counsel,[1] and on October 7, 2024, Ms. Commisso's counsel responded that she was authorized to accept service of the subpoena.

On December 10, 2024, the Court held a status conference concerning the remaining nonparty depositions in the Trooper 1 Action. The following day, based on the information from that conference, the Court authorized Governor Cuomo to take an additional six nonparty complainant depositions, and directed Governor Cuomo to serve subpoenas and/or deposition notices on those complainants by December 16, 2024. Pursuant to that Order, Governor Cuomo emailed deposition subpoenas for both witnesses to their counsel and asked if their counsel would accept service by email, just as in Spring

---

[1] On January 16, 2024, the Court ordered that Governor Cuomo could not take the depositions of nonparty complainants until sitting for his own deposition. T1 ECF No. 220 at 10. Governor Cuomo thus issued a second deposition subpoena to Ms. Commisso in anticipation of his own deposition, which took place on November 22, 2024.

Hon. Taryn A. Merkl
January 31, 2025
Page 3 of 5

2023 and September 2024. On December 18, 2024, Ms. Commisso's and Ms. McGrath's counsel responded that they were authorized to accept service and did not mention any demand that Governor Cuomo provide witness fees along with the subpoenas.

On January 9, 2025, we reached out to Ms. Commisso's and Ms. McGrath's counsel to request that we meet and confer over any objections they planned to raise. The following day, their counsel responded that they "still ha[d] not received properly served subpoenas[] pursuant to Rule 45" and saw nothing to confer about.[2] Later that day, while maintaining their procedural objection, their counsel again emailed proposing that Governor Cuomo take single depositions of Ms. Commisso and Ms. McGrath to satisfy discovery in both the Trooper 1 Action and the Commisso State Action.

We rejected the unreasonable proposal. The depositions of Ms. Commisso and Ms. McGrath in the Trooper 1 Action will concern their allegations against Governor Cuomo as incorporated by Trooper 1 in her Amended Complaint. *See* T1 ECF No. 71 ¶¶ 76-91, 117-123. Their depositions in the Commisso State Action will be significantly broader and will concern, among other things, the further allegations in Ms. Commisso's Verified Complaint as well as Ms. Commisso's alleged damages. Depositions in the Commisso State Action will also need to wait until document discovery—which has barely begun—is complete.

***The Witnesses' Proposed Deposition Limitations Are Unreasonable***

*Ms. Commisso and Ms. McGrath*

Ms. Commisso and Ms. McGrath argue that Governor Cuomo should not be able to depose either of them in the Trooper 1 Action and instead should be limited to deposing them in the Commisso State Action. T1 ECF No. 303 at 4-5. They argue that sitting for depositions in the Trooper 1 Action would be too burdensome, and limiting Governor Cuomo to depositions in the Commisso State Action would not be prejudicial. *Id.* In so claiming, they point to the Court's January 2024 order concerning Charlotte Bennett, pursuant to which Ms. Bennett's deposition in the Bennett Action would suffice as her deposition in the Trooper 1 Action. *Id.* (citing T1 ECF No. 219).

This situation is not analogous. When the Court considered the issue of Ms. Bennett's deposition more than a year ago, the Bennett Action was farther along in discovery, and Ms. Bennett's counsel had indicated that she had provided thousands of documents and that her deposition in the Bennett Action would follow shortly thereafter. Ex. 5 at 5:13-15. Moreover, this Court had already directed that complainant depositions should wait until after the parties were deposed. Ms. Bennett's deposition in this case was thus no more imminent than it was in the Bennett Action. It was on this basis that this Court

---

[2] Presumably, had we not reached out to meet and confer on January 9, Ms. Commisso's and Ms. McGrath's counsel would have raised this objection for the first time on January 17, the date they were ordered to file with the Court. Without conceding that the objection was valid, but in an effort to remedy the objection, Governor Cuomo mailed hard copies of each subpoena with the requisite witness fees on January 16, 2025.

Hon. Taryn A. Merkl
January 31, 2025
Page 4 of 5

ordered that Governor Cuomo take a single deposition of Ms. Bennett in both cases. *See* T1 ECF No. 185 at 2. In contrast here, discovery in the Commisso State Action has barely begun, and depositions will not be complete until September 30, 2025 at the earliest. Ex. 4 at 1. Indeed, we reasonably anticipate based on the history in this action and the Bennett Action that discovery disputes will delay these deadlines, a concern that the court in the Commisso State Action has also acknowledged. In this regard, we note that the OAG has already raised an objection to Governor Cuomo's document subpoena in the Commisso State Action, and that dispute will not be fully briefed until late February. It is also likely that discovery disputes will arise between the parties or with other nonparty witnesses, just as they did in this case and the Bennett Action. Ms. Commisso and Ms. McGrath thus essentially ask Governor Cuomo to wait indefinitely to take their depositions here, and that request is far too prejudicial to Governor Cuomo's right to relevant discovery, particularly considering that Governor Cuomo has been seeking to take these depositions for nearly two years. If there is to be any hope of meeting the new May 2025 fact discovery deadline in this case, the depositions of complainants like Ms. Commisso and Ms. McGrath should be scheduled forthwith.

Recognizing these issues, Ms. Commisso and Ms. McGrath resort to an alternative proposal that Governor Cuomo may depose them in the Trooper 1 Action only "in the event the two depositions [in the Commisso State Action] have not occurred prior to trial (or even *in limine* motions)." T1 ECF No. 303 at 4. That proposal is unfair and unworkable. Governor Cuomo needs their testimony now, not years from now, because he will use the information long before any trial, including (but not limited to) as evidence in a motion for partial summary judgment. Forcing Governor Cuomo to wait until a yet-unscheduled trial in this case would sharply limit the utility of their testimony. Moreover, to the extent these or any other witnesses are concerned about avoiding being examined again in the Commisso State Action, they will have the opportunity to seek protection from that court. In other words, any burden arguments should be made to the state court given how far behind Ms. Commisso's case is from this case.

**The Witness Fee "Issue" Is Not a Real Issue**

In their objections, Ms. Commisso and Ms. McGrath also argue that the subpoenas should be quashed because they were served without the simultaneous tender of respective witness fees ($40 plus mileage). T1 ECF No. 303 at 3. That argument does not hold water.

First, Ms. Commisso and Ms. McGrath waived any right to object to the subpoenas based on the fact that witness fees were not tendered alongside the subpoenas. Each of them has accepted service of a deposition subpoena in this case at least twice (and, in Ms. Commisso's case, three times) without raising the objection. They both first accepted service nearly two years ago. The time for raising the objection has come and gone.

Second, regardless of the waiver issue, failure to tender a witness fee when serving a witness through counsel does not mean the deposition should not occur at all. Indeed, as the court in *KOS Building Group, LLC v. R.S. Granoff Architects, P.C.*, No. 19CV2918

Hon. Taryn A. Merkl
January 31, 2025
Page 5 of 5

(PMH)(LMS), 2020 WL 1989487 (S.D.N.Y. Apr. 24, 2020) recognized in a case involving an attorney accepting service of a subpoena, the witness fee issue is easily resolved: "even if the Court were to deem the subpoena invalid and grant the motion to quash on this basis, Defendants could readily correct this defect by promptly re-serving the subpoena along with the witness fee." *Id.* And Governor Cuomo has already addressed the issue by serving counsel new subpoenas with the fees on January 16, 2025. The Court should thus reject this argument.[3]

                                                                           Respectfully submitted,

                                                                           */s/ Theresa Trzaskoma*

                                                                           Theresa Trzaskoma

Exhibits

---

[3] To the extent Ms. Commisso and Ms. McGrath contend that the new subpoenas are invalid because they were not served on December 16, 2024, that argument is without merit. The purpose of that deadline was to ensure that the complainants had sufficient notice in order to be able to submit any objections by January 17, 2024. Both were clearly on notice. Moreover, we note that the Court's December 11, 2024 Order provided that Governor Cuomo should serve subpoenas <u>or</u> notices of deposition by December 16, 2024. *See* T1 Action Dec. 11, 2024 Minute Entry.