**SHER TREMONTE LLP**

January 31, 2025

**BY ECF**

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Trooper 1 v. NYSP et al.*, 22-cv-893 (LDH) (TAM)

Dear Judge Merkl:

  We write pursuant to the Court's December 11, 2024 Order in response to Charlotte Bennett's meritless objections to her deposition subpoena (T1 ECF No. 301).

  In February 2021, Ms. Bennett came forward with false allegations against Governor Cuomo, which the OAG investigators took at face value and incorporated into the OAG Report. Trooper 1 subsequently grafted Ms. Bennett's and other complainants' allegations into her Complaint against Governor Cuomo in order to bolster Trooper 1's own allegations. And Ms. Bennett herself sued Governor Cuomo based on the same demonstrably false harassment allegations. Governor Cuomo has spent the past three years defending himself against Ms. Bennett's bogus allegations, while Ms. Bennett has repeatedly sought to dodge being examined under oath about her claims. Ms. Bennett knows full well her allegations will not hold up to any questioning, which is exactly why she dismissed her own lawsuit on the eve of her deposition.

  Ms. Bennett is an important fact witness in Trooper 1's case. On multiple occasions, this Court has recognized that a deposition of Ms. Bennett is relevant and proportional—and, in December, the Court specifically authorized Governor Cuomo to take Ms. Bennett's deposition. Despite this, and despite Ms. Bennett's publicly voiced concerns about defense costs in this case, Ms. Bennett is once again engaging in wasteful briefing, parroting the exact same relevance and harassment objections that she previously lodged and that the Court already rejected. Ms. Bennett's objections had no merit when she first raised them two years ago and they still have no merit. If anything, the case for taking Ms. Bennett's deposition has only gotten stronger as recent discovery confirms that Ms. Bennett <u>did</u> have a connection with Trooper 1 through another PSU member.

  The Court should reject Ms. Bennett's objections and direct her to finally sit for a deposition.

Hon. Taryn A. Merkl
January 31, 2025
Page 2 of 5

*Background*

On September 14, 2022, approximately six months after Trooper 1 filed her complaint, Ms. Bennett commenced the Bennett Action in the Southern District of New York alleging that Governor Cuomo sexually harassed her. Because of motion practice, discovery in the Bennett Action did not commence in earnest until the fall of 2023. In the meantime, on June 1, 2023, Governor Cuomo served a deposition subpoena on Bennett in the Trooper 1 Action. Ms. Bennett filed a motion to quash, arguing that the subpoena (i) was not warranted because her allegations are irrelevant to Trooper 1's allegations, and (ii) was issued for the purposes of harassment. *See* T1 ECF No. 89. But Trooper 1 confirmed her intent to rely not only on Ms. Bennett's allegations but also on the OAG Report, thereby foreclosing Ms. Bennett's relevance objection.

On November 20, 2023, Ms. Bennett filed a supplemental letter to the Court further opposing her deposition in the Trooper 1 Action, arguing that because Governor Cuomo would imminently have the opportunity to depose her in the Bennett Action, he should not have an "additional bite at the apple" by first deposing her in the Trooper 1 Action. T1 ECF No. 135 at 2. Thus, on January 16, 2024, the Court deferred ruling on Ms. Bennett's motion to quash her deposition subpoena and directed the parties to meet and confer concerning the coordination of a single deposition (in the Bennett Action) that would also suffice for the Trooper 1 Action. T1 ECF No. 219 at 5. In other words, this Court recognized that Ms. Bennett is a material witness to Trooper 1's lawsuit but a deposition in the Bennett Action would suffice for purposes of discovery in this case.

In early 2024, based on Ms. Bennett's representations that her document production was complete as of February 1, 2024, the parties in the Bennett Action scheduled her deposition for March 27, 2024. Ex. 1 at 2. But just before the deposition was to take place, Ms. Bennett acknowledged that her document production was incomplete, so the parties postponed her deposition to give her time to cure the significant deficiencies. *Id.* On the representation that Ms. Bennett would actually complete her production by the end of June 2024, her deposition was rescheduled for October 28 and October 29, 2024. *Id.* But, again, Ms. Bennett failed to complete her production on the promised schedule, *see id.*, and her deposition was pushed off yet again to December 18 and December 19, 2024. In the meantime, Ms. Bennett had produced tens of thousands of text and video messages that (i) flatly refuted and/or undermined her allegations, and (ii) confirmed that the OAG investigation was a sham, including because investigators never obtained the communications that undermined Ms. Bennett's allegations.

The documentary evidence against Ms. Bennett is overwhelming and she was desperate to avoid giving a deposition and to avoid being confronted with her communications. On December 9, 2024, more than two years into her own lawsuit, she

Hon. Taryn A. Merkl
January 31, 2025
Page 3 of 5

unilaterally and voluntarily dismissed the Bennett Action before she could be deposed.[1] On December 10, 2024, this Court held a status conference concerning the remaining third-party depositions in the Trooper 1 Action. The following day, the Court issued an order authorizing Governor Cuomo to take six additional complainant depositions, including Ms. Bennett's. Ms. Bennett's objections followed.

*Ms. Bennett's Objections Remain Unjustified and Without Merit*

In her objections, Ms. Bennett trots out the same arguments she made before that a deposition of her is not relevant or proportional to the needs of this case, and that Governor Cuomo is harassing her by taking discovery from her. It is wholly improper and wasteful for Ms. Bennett to continue arguments that this Court has already rejected, including, as Ms. Bennett suggests she should be able to do, by filing yet another motion to quash. Indeed, it is particularly outrageous for Ms. Bennett to force yet more briefing on the exact same issues given her purported concern that New York taxpayers are footing the bill for Governor Cuomo's defense. Nevertheless, we will once more address Ms. Bennett's meritless arguments.

*Relevance and Proportionality*

*First,* Ms. Bennett's testimony is patently relevant to Trooper 1's allegations. Trooper 1 placed Ms. Bennett's allegations against Governor Cuomo at the forefront of this case by, among other things, alleging that Trooper 1 was "not the Governor's only victim" and that Governor Cuomo "harassed numerous other women in the same manner that he harassed Trooper 1." Am. Compl. ¶ 75. In support of this, Trooper 1 devotes more than ten pages of her Complaint to allegations concerning other complainants described in the OAG report, including thirteen paragraphs summarizing Ms. Bennett's allegations concerning sexual harassment and retaliation. *Id.* ¶¶ 92–102, 144, 146. Indeed, Ms. Bennett's name appears more than 30 times in the Complaint. Furthermore, Trooper 1 identified Ms. Bennett as a witness with discoverable information. T1 ECF No. 107-6 at 5. Trooper 1 further made Ms. Bennett a relevant witness by relying on the OAG Investigation and Report. *See* OAG ECF No. 42-1. As Trooper 1's counsel has repeatedly made clear, Trooper 1 intends to introduce the OAG Report at trial. Thus, the question of whether the OAG Report is a reliable document is squarely at issue in this case. How and whether the OAG investigated Bennett's allegations is a crucial aspect of that inquiry.

To defend against Trooper 1's broad allegations, Governor Cuomo is entitled to obtain discovery addressing Ms. Bennett's allegations, including testing the credibility (or

---

[1] On December 3, 2024, less than a week before Ms. Bennett voluntarily dismissed her suit, Governor Cuomo filed a letter under seal in the Bennett Action detailing some of the evidence that undercut Ms. Bennett's allegations and the reliability of the OAG Report. That letter and its exhibits are attached here as Exhibit 2. A public version of this letter with redactions was filed in the Bennett Action at ECF No. 329. Ms. Bennett explicitly cited this letter as one of the reasons she voluntarily dismissed her suit. *See* Statement from Debra Katz and Charlotte Bennett on Continuing New York State Case (December 9, 2024), *available at* https://katzbanks.com/news/katz-bennett-ny-case-statement/.

Hon. Taryn A. Merkl
January 31, 2025
Page 4 of 5

lack thereof) of her allegations. Prior to Ms. Bennett's voluntary dismissal of her own federal lawsuit, Governor Cuomo obtained, through routine discovery, numerous communications that undercut nearly all of Ms. Bennett's allegations. The OAG did not have the vast majority of Ms. Bennett's highly relevant communications—either because Ms. Bennett deliberately withheld the information or because the OAG did not properly investigate the allegations, or (more likely) both. These contemporaneous communications that Ms. Bennett provided in the Bennett Action—but not to the OAG investigators—establish, contrary to her allegations, that at the time of their occurrence she was not offended but instead excited about many of the events that she now alleges constitute sexual harassment, that she was eager to discuss her prior history of sexual assault with Governor Cuomo, and that—just days before Governor Cuomo inquired about her mental health in June 2020—Ms. Bennett was deeply dissatisfied with her position in the Executive Chamber and undergoing a personal meltdown. *See* Ex. 2.

Ms. Bennett argues a deposition is unwarranted because she has no "firsthand" or "unique secondhand" "knowledge of Trooper 1's allegations of discrimination or retaliation," nor of Governor Cuomo's "purported defenses thereto." ECF No. 301 at 2. But this argument is beside the point given the expansive scope of Trooper 1's complaint, including Trooper 1's reliance on the OAG Report and Ms. Bennett's allegations. Further, though Ms. Bennett cherry-picks from an order where the Court acknowledged that there is no evidence Ms. Bennett knew Trooper 1, Ms. Bennett omits the part of the Order in which the Court acknowledged that Trooper 1 alleged that Governor Cuomo "engaged in harassing behavior towards [Bennett]." ECF No. 219.[2] Because Trooper 1 has incorporated Ms. Bennett's allegations into her lawsuit, and because Trooper 1 also relies on the OAG Report, Ms. Bennett's testimony is highly relevant.

Moreover, recent discovery in Trooper 1 indicates that Ms. Bennett likely <u>does</u> have some personal knowledge about Trooper 1's allegations. In a March 2, 2021 text message exchange between Trooper 1 and Investigator Kyle Shillingford—a fellow PSU member who had a personal relationship with Ms. Bennett—Trooper 1 asked whether Investigator Shillingford told Ms. Bennett about Trooper 1. Ex. 3. Investigator Shillingford responded: "No but I think she knows." *Id.* That Investigator Shillingford was a communications conduit between Ms. Bennett and Trooper 1 makes sense since at least some of Ms. Bennett's coworkers in the Chamber became aware of Trooper 1's allegations before those allegations were made public in the OAG Report. *See id.*

*Second,* requiring Ms. Bennett to sit for a deposition is proportional to the needs of this case given that Trooper 1 has incorporated the OAG Report and Ms. Bennett's allegations as part of her pleading. Though Ms. Bennett broadly argues that her deposition would be disproportionate because she is not a party, that statement could be made by any nonparty witness and does not provide a basis to evade a deposition. *See* ECF No. 301 at

---

[2] In that same Order the Court deferred ruling on the deposition subpoena that Governor Cuomo had issued to Ms. Bennett because at that time it was (presumably) everyone's understanding that Ms. Bennett would sit for a deposition in her own federal lawsuit.

Hon. Taryn A. Merkl
January 31, 2025
Page 5 of 5

3. Again, Ms. Bennett's own allegations against Governor Cuomo—which she certainly has knowledge about—have been incorporated by Trooper 1 in this case.

### *Harassment*

Finally, the Court should reject Ms. Bennett's argument that Governor Cuomo is deposing her to harass her. There is nothing harassing about taking the deposition of a fact witness. Nonparty depositions are a routine part of discovery in any action, and this case is no exception. In fact, deposition subpoenas have been served on nearly 30 nonparty witnesses and 14 nonparty witnesses have already been deposed. Notwithstanding Bennett's beliefs to the contrary, she is not being singled out and Governor Cuomo is not taking her deposition as part of some sort of "vendetta" against her. T1 ECF No. 301 at 4.

Nor is it "litigation abuse" for Governor Cuomo to use routine discovery devices in his search for truth. *Id.* at 3. Governor Cuomo is entitled under the law to defend himself against the false sexual harassment claims that Ms. Bennett lodged against him and that Trooper 1 now relies on. In that vein, Ms. Bennett's attempts to characterize the litigation process—both her now-dismissed lawsuit and this deposition subpoena—as some sort of personal war between her and Governor Cuomo miss the mark. This is civil discovery, not a battle. A one-day deposition in a law firm conference room could not be more banal. Ms. Bennett will be represented by counsel and the deposition will be conducted in accordance with the Federal Rules of Civil Procedure and subject to this Court's ultimate supervision. It would not, as Ms. Bennett argues, "allow" Governor Cuomo "free rein to interrogate" her or any other witness. *Id.* at 4. Rather, it is clear that Ms. Bennett's objection is simply a reflection of her continued desire to avoid having to answer questions under oath about how her own contemporaneous communications disprove her allegations.

Ms. Bennett's voluntary dismissal of her own federal lawsuit—days before she was scheduled to sit for her deposition in that case—does not relieve her of the obligations of the deposition subpoena here. The opposite is true. Because Ms. Bennett is not being deposed in her own case, it is even more critical for Governor Cuomo to have the chance to depose her here and now.

Therefore, the Court should reject Ms. Bennett's objections to the deposition subpoena and allow her deposition to proceed in accordance with the Court's December 11, 2024 order.

Respectfully submitted,

*/s/ Theresa Trzaskoma*

Theresa Trzaskoma

Exhibits