**GLAVIN.**  Glavin PLLC            glavinpllc.com
156 W. 56th Street, Suite 2004      646.693.5505
New York, NY 10019

January 31, 2025

**BY ECF**

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Trooper 1 v. NYSP et al.*, 22-cv-893 (LDH) (TAM)

Dear Judge Merkl:

We write in opposition to the objections Virginia Limmiatis filed against her deposition. T1 ECF No. 303. Ms. Limmiatis filed her objections jointly with Brittany Commisso and Alyssa McGrath. *Id.* Governor Cuomo addresses the objections of Ms. Commisso and Ms. McGrath in a separate letter, and adopts and incorporates by reference the arguments raised in that letter to the extent such arguments are applicable to Ms. Limmiatis's objections. *See* T1 ECF No. 307.

Despite the clear relevance of her testimony to Trooper 1's claims, and despite Governor Cuomo's eminently fair agreement to limit Ms. Limmiatis's deposition to two hours and conduct it remotely, Ms. Limmiatis offers an unreasonable procedural limitation by proposing that her deposition should be contingent on sufficing to satisfy discovery in both the Trooper 1 Action and in Ms. Commisso's state court lawsuit ("Commisso State Action"). Ms. Limmiatis's separate complaint about witness fees, which have now been tendered, likewise does not justify any relief. For the reasons described herein, we respectfully request that the Court bring finality to this issue and order Ms. Limmiatis's deposition in accordance with the conditions set forth in Governor Cuomo's December 6, 2024 letter. *See* T1 ECF No. 295-1.

*Background*

For a full recitation of the relevant background, including regarding the Commisso State Action, we respectfully refer the Court to Governor Cuomo's response to the objections of Ms. Commisso and Ms. McGrath. T1 ECF No. 307.

Like Ms. Commisso and Ms. McGrath, Ms. Limmiatis was first served with a deposition subpoena in Spring 2023. That subpoena was served by email on her counsel, without witness fees, whereafter her counsel accepted service on her behalf. In August 2023, Ms. Limmiatis objected to her deposition subpoena on the bases of time, location, and scope, and did not raise the lack of

witness fee. Pursuant to the Court's December 11 Order, Governor Cuomo emailed a deposition subpoena to Ms. Limmiatis's counsel and asked if her counsel would accept service by email, just as in Spring 2023. On December 18, 2024, Ms. Limmiatis's counsel responded that they were authorized to accept service, and did not demand that Governor Cuomo provide a witness fee along with the subpoena. On January 9, 2025, we contacted Ms. Limmiatis's counsel to request that we meet and confer over any objections Ms. Limmiatis planned to raise. The following day, her counsel responded that they "still ha[d] not received properly served subpoenas[] pursuant to Rule 45" and saw nothing to confer about. Thereafter, while maintaining the procedural objection, Ms. Limmiatis's counsel proposed that Governor Cuomo conduct a two hour deposition of Ms. Limmiatis over Zoom to satisfy both the Trooper 1 Action and the Commisso State Action.

We rejected this proposal. Ms. Limmiatis's remote, two-hour deposition in the Trooper 1 Action will concern her allegations against Governor Cuomo as incorporated by Trooper 1 in her Amended Complaint (*see* T1 ECF No. 71 ¶¶ 142, 144) based on the documents and evidence currently available to us. Though her counsel—who also represents Ms. Commisso and Alyssa McGrath (*see* T1 ECF No. 303)—has indicated Ms. Limmiatis is unlikely to be a witness in the Commisso State Action (a representation we have no reason to doubt) and though we agreed to be reasonable going forward in terms of avoiding any unnecessary burden on Ms. Limmiatis, we could not agree that Ms. Limmiatis's deposition in the Trooper 1 Action would absolutely preclude her deposition in the Commisso State Action. As we do not have a crystal ball about what new evidence may be uncovered in the Commisso State Action—where discovery has just begun—and we could not bind other parties in the Commisso State Action, we rejected the proposal that Ms. Limmiatis's deposition in the Trooper 1 Action would foreclose taking her deposition in the Commisso State Action.

### *Ms. Limmiatis's Proposed Deposition Limitation Is Unreasonable*

Ms. Limmiatis argues that her deposition in the Trooper 1 Action should prevent Governor Cuomo from deposing her in the Commisso State Action. In other words, her proposal seeks to require Governor Cuomo to question Ms. Limmiatis as fully as possible in a single two-hour deposition and, simultaneously, to foreclose the possibility of a deposition in an entirely separate action where discovery has barely begun. Nonetheless, though styled as an objection, Ms. Limmiatis's counsel appears to agree with the core of Governor Cuomo's proposal (and that the Court likewise endorsed in noting that Governor Cuomo had established complainants' relevance): that Ms. Limmiatis would sit for a two-hour Zoom deposition in the Trooper 1 Action.

The other element of the proposal should be rejected for two reasons: it is a purely speculative concern and seeks to tie resolution of Ms. Limmiatis's objections to her deposition in the Trooper 1 Action to a separate state-court action.

*First*, of course, Governor Cuomo's counsel will question Ms. Limmiatis concerning her allegations, her knowledge of other allegations against Governor Cuomo, and her communications about these allegations, among other topics. At this time, however, where discovery in the Commisso State Action is in its earliest days, Governor Cuomo cannot exclude the possibility of taking Ms. Limmiatis's deposition in that Action. As a reasonable concession, however, Governor

Cuomo represented that to the extent it is necessary to depose Ms. Limmiatis in the Commisso State Action, our intention would be to not retread ground already covered. But we do not have a crystal ball about how discovery will unfold in that case, and cannot make any promises at this time. That should be sufficient to ameliorate Ms. Limmiatis's concerns regarding any potential *future* burden that she *may* face.

*Second*, Governor Cuomo's counsel has endeavored in good-faith to resolve nonparty complainants' objections to their depositions in the Trooper 1 Action. Ms. Limmiatis seeks to condition her deposition to prevent any further questioning in a state court action that is procedurally distinguishable and in a separate jurisdiction. Beyond being speculative, Ms. Limmiatis's proposal presents a false premise to the burden analysis. Where Governor Cuomo has already agreed to limit any burden to Ms. Limmiatis by conducting a two-hour, remote deposition and expressed an intention not to retread the ground covered in a potential future deposition (depending, of course, on what may or may not develop in discovery in the Commisso State Action that requires additional questioning of Ms. Limmiatis), there is no undue burden on Ms. Limmiatis. If it becomes necessary to depose Ms. Limmiatis in the Commisso State Action, Ms. Limmiatis can raise these issues to the judge in that matter.

### The Witness Fee "Issue" Is Not a Real Issue

In her objections, Ms. Limmiatis also argues that the subpoena should be quashed because it was served without the simultaneous tender of a witness fee. T1 ECF No. 303 at 3. For the reasons set forth in Governor Cuomo's response to Ms. Commisso's and Ms. McGrath's objections (T1 ECF No. 307), and because Governor Cuomo mailed a hard copy of Ms. Limmiatis's subpoena with the requisite witness fee on January 16, 2025, that argument is without merit.

Respectfully submitted,

  */s/ Rita M. Glavin*
Rita M. Glavin