

1350 Broadway, Suite 1810, New York, NY 10018
phone: 646-843-8180 | fax: 646-478-9768
km@mintzerfirm.com | www.mintzerfirm.com
Kevin Mintzer, Attorney At Law

February 5, 2025

**BY ECF**
Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  Trooper 1 v. NYSP et al., 22-cv-893 (LDH) (TAM)

Dear Judge Merkl:

  We represent nonparty Charles Brown and write concerning a deposition subpoena recently served by Defendant Cuomo on Mr. Brown. For the reasons that follow, the Court should quash the subpoena. In the alternative, the Court should limit the duration of the deposition to no more than two hours and have the deposition take place at the Eastern District of New York courthouse on a day Your Honor is available, if need be, to rule on the propriety of questions that may be asked.

Background

  At the time Plaintiff alleges she was sexually harassed by Defendant Cuomo and until last year, Mr. Brown was Trooper 1's fiancée or significant other. They are no longer together and Mr. Brown has had no communication with Trooper 1 for months. On December 4, 2024, as part of Defendant Cuomo's request to conduct 29 depositions in this case, he sought and received permission to serve a deposition subpoena on Mr. Brown. In his application, Defendant Cuomo represented that Mr. Brown was Trooper 1's "ex-fiancé with whom she communicated extensively regarding Governor Cuomo and her employment at the NYSP, and who is referenced in her medical records as an alternative and significant source of her emotional distress." Dkt. No. 295 at 2.

  During a status conference with the Court, Plaintiff represented that she did not intend to call Mr. Brown as a witness. Dkt. No. 297, Transcript of December 10, 2024 Hearing ("T.") 27:5-7. Even so, Defendant Cuomo insisted that he be permitted to depose Mr. Brown. The only specific topic that Defendant identified that he wished to examine Mr. Brown on was an incident involving Mr. Brown and an emergency call made by plaintiff, which was apparently referred to in the notes of Plaintiff's therapist. T. 40:4-23. Defendant Cuomo acknowledged that he had questioned Plaintiff about that incident, but claimed that Trooper 1 was unable to recall some of what happened. At the hearing, the Court ruled that Defendant established the possible relevance of Mr. Brown's testimony, noting that Defendant had raised an issue as to whether Mr. Brown's

Hon. Taryn A. Merkl
February 5, 2025

relationship with Plaintiff was a possible alternative cause for Plaintiff's emotional distress. T. 36:17-21.

After the Court's Order of December 11, 2024, approving service of a subpoena on Mr. Brown, at Defendant Cuomo's request, we agreed to accept service of the deposition subpoena for Mr. Brown, provided that the subpoena fully complied with Fed. R. Civ. P. 45. But Defendant Cuomo did not complete its service of the subpoena, including the statutorily required witness fee, until January 17, 2025. Mr. Brown objected to the deposition entirely because, among other reasons, he lacks personal knowledge of the sexual harassment allegations that are at the heart of this case. But in the interest of avoiding a dispute that would require the Court's involvement, we offered to proceed with a deposition of no more than three hours. Defendant Cuomo, however, would not agree to a deposition of less than five hours. Attempting to justify that position, Defendant Cuomo's counsel acknowledged that "it may be that your client does not, in fact, know about Trooper 1's substantive allegations, but we are nevertheless entitled to examine him thoroughly on that point. We are also entitled to examine him about his relationship with Trooper 1 over the relevant time period to determine whether there were other stressors that caused her claimed distress."

Again trying to resolve this dispute without the Court's involvement, we offered to produce Mr. Brown for no more than four hours, while noting that questions about Mr. Brown's knowledge of Plaintiff's emotional distress could be asked in a fraction of that time.[1] Defendant refused this compromise proposal on January 29, 2025.

Discussion

The Court should revisit its decision to permit Defendant Cuomo to depose Mr. Brown, as a deposition would pose an undue burden on Mr. Brown and is unlikely to yield non-cumulative, relevant evidence. Fed. R. Civ. P. 45(d)(1); *Delgado v. Trump*, 2024 U.S. Dist. LEXIS 67545, at *5 (S.D.N.Y. Apr. 12, 2024) ("[J]ust because counsel believes a witness might have discoverable information, does not in and of itself give rise to an unfettered right to depose that person."). To begin, Mr. Brown has no relevant information concerning Trooper 1's substantive sexual harassment allegations. We understand that Plaintiff testified at her deposition, in substance, that she did not tell Mr. Brown that Mr. Cuomo had sexually harassed her until after the New York Attorney General began its investigation of Mr. Cuomo. If required to appear at a deposition, Mr. Brown would merely confirm that is correct. While Defendant has asserted that there are text messages showing that Mr. Brown communicated with Trooper 1 about her work and Mr. Cuomo, such communications do not suggest that Mr. Brown has any relevant knowledge about the claims here.

---

[1] At the time of our offers to compromise this dispute, we were unaware that Defendant Cuomo moved to make public three of Mr. Brown's private text exchanges with Plaintiff or that the Court denied that request. Dkt. No. 306. Counsel for Defendant Cuomo made no mention of it. Had we been aware of Defendant's improper effort to publicize Mr. Brown's confidential communications for his own purposes, we would not have extended these compromise proposals.

Hon. Taryn A. Merkl
February 5, 2025

The only topic of possible relevance Mr. Brown could testify about is plaintiff's emotional distress. Based on Defendant Cuomo's statements to the Court, he intends to pursue the theory that Mr. Brown was the cause of Plaintiff's distress, not his own alleged sexual harassment. Defendant Cuomo thus apparently seeks to explore private communications between Mr. Brown and his former intimate partner, including a deeply private medical event involving Mr. Brown, to bolster an alternative causation theory. But we understand Defendant Cuomo has already had full discovery from Plaintiff and her medical providers on these subjects. Those witnesses, not Mr. Brown, would collectively be in the best position to know the source(s) of Plaintiff's distress. Mr. Brown's expected testimony would thus likely be cumulative and not proportional to the needs of this case. That is particularly so when the possibility of obtaining non-cumulative evidence is balanced against the substantial burden that being deposed presents to Mr. Brown, a nonparty who faces being asked about extremely personal and intimate matters in a case brought by a person who is no longer in his life.

Alternatively, if the Court allows any deposition of Mr. Brown, it should protect Mr. Brown from abusive discovery practices by Defendant Cuomo and his counsel. A reasonable lawyer asking legitimate questions about Trooper 1's emotional distress should be able to complete that topic in an hour or less.[2] Defendant Cuomo's insistence that he be permitted to depose Mr. Brown for a minimum of five hours can only mean he intends to pursue a fishing expedition in the hopes of finding any material that will embarrass Trooper 1 and punish her for bringing this case. That conclusion is bolstered by Defendant Cuomo's recent attempt to publicize private text messages between Mr. Brown and Trooper 1 through his "de-designation" motion, which the Court denied. As the Court recognized in its decision, Defendant Cuomo's actions strongly suggest he is attempting to publicize private communications between Plaintiff and Mr. Brown for his own interests. Dkt. No. 306 at 14-15. And there is every reason to believe Defendant will try to continue that pattern in a deposition of Mr. Brown, who is simply collateral damage in Defendant Cuomo's retaliatory campaign. Mr. Brown thus requests that his deposition be limited to two hours, which should be more than sufficient time to exhaust Mr. Brown's knowledge of Plaintiff's emotional distress.

Finally, any deposition should take place at the EDNY Brooklyn courthouse at a time that Your Honor will be available to address disputes in the event that Defendant Cuomo conducts the deposition in "bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses" Mr. Brown. Fed. R. Civ. P. 30(d)(3)(A). Although we would hope the Court's intervention will not be necessary, given the manner in which Defendant Cuomo has pursued discovery in this case and the Court's determination that he has sought to publicize Mr. Brown's private communications for

---

[2] The assessment of the time required to conduct a reasonable deposition of a nonparty witness with purported knowledge related to a plaintiff's emotional distress is based on my 25 years of experience of litigating employment disputes. Depositions of emotional distress witnesses—which typically happen, if at all, when a *plaintiff* has designated a friend or family member as a potential trial witness—are normally completed within an hour or two, at least when conducted by counsel with normal incentives not to waste their client's resources. That Defendant Cuomo's counsel are being paid by New York's taxpayers and thus do not have those incentives should not mean that Mr. Brown must endure a needlessly prolonged deposition.

Hon. Taryn A. Merkl
February 5, 2025

his own gain, having the deposition in the courthouse is a reasonable precaution that will minimize the likelihood of improper questioning.

        Respectfully submitted,

        /s/Kevin Mintzer

cc: Counsel of Record (via ECF)