

Glavin PLLC
156 W. 56th Street, Suite 2004
New York, NY 10019

glavinpllc.com
646.693.5505

February 28, 2025

**VIA ECF**

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Trooper 1 v. NYSP et al.*, 22-cv-893 (LDH) (TAM)

Dear Judge Merkl:

    We write once again in connection with complainant Lindsey Boylan's effort to prevent her deposition in this case. New information since our last letter to the Court further establishes that Ms. Boylan's proffered concerns do not warrant an order shielding her from having to answer questions under oath.

    In our February 16, 2025 letter, filed at ECF No. 325, we alerted the Court to the fact that Ms. Boylan has been posting practically nonstop on social media about Governor Cuomo. As argued in our opposition to her motion to quash, we reasonably believe that Ms. Boylan's claims in support of quashing the subpoena are mere cover for her desire to avoid being required to answer questions under oath, including about the true circumstances of her departure from the Empire State Development Corporation ("ESD") in September 2018.

    To refresh the Court: when Ms. Boylan first accused Governor Cuomo of sexual harassment in December 2020 in the midst of her political campaign for Manhattan Borough President, she claimed that she resigned from her position at ESD on September 26, 2018 because she could "no longer ignore" being harassed.[1] This was false. In reality, Ms. Boylan left ESD after she was confronted with complaints about her workplace misconduct, including complaints by three African American female colleagues that she had subjected them to intolerable abuse, yelling at them and treating them "like children."[2] Ms. Boylan voluntarily and summarily resigned in the

---

[1] Lindsey Boylan, *My story of Working With Governor Cuomo*, MEDIUM (Feb. 24, 2021), https://lindseyboylan4ny.medium.com/my-story-of-working-with-governor-cuomo-e664d4814b4e.

[2] Edward McKinley, *On Twitter, Former Cuomo Aide Alleges Sexual Harassment By Governor*, ALBANY TIMES UNION (Dec. 13, 2020), https://www.timesunion.com/news/article/On-Twitter-former-Cuomo-aide-alleges-sexual-15798159.php; *see* Response to Allegations of Retaliation by the Executive Chamber of the State of New York Against Lindsey Boylan (July 18, 2021), available at: https://www.governor.ny.gov/sites/default/files/2021-08/07.18.21_Letter_to_NY_AG.pdf [hereinafter "Chamber Response"].

Hon. Taryn A. Merkl
February 28, 2025
Page 2 of 3

face of serial complaints about her own improper and abusive workplace behavior—not because of any complaints against Governor Cuomo.[3]

Two days ago, Ms. Boylan reposted a deeply offensive tweet—using the N-word—directed to Representative Hakeem Jeffries, the first Black congressional party leader.



*See* Lindsey Boylan (@LindseyBoylan), X (Feb. 26, 2025), https://x.com/WeBuildMechs/status/1894847722747810255. Ms. Boylan was upset with Representative Jeffries because he had commented that day on Governor Cuomo's rumored run for New York City Mayor: "I think [Governor Cuomo would] be a candidate that a lot of people, as I've heard from the district that I represent, would be very interested in checking out."

Ms. Boylan's prolific social media activity continues to demonstrate why a deposition is perfectly appropriate and not problematic for her beyond requiring her to be confronted with her lies and threatening behavior.[4]

Because Trooper 1 relies not only on the OAG Report generally, but Ms. Boylan's allegations specifically, it is imperative that we be able to depose Ms. Boylan. Indeed, given the

---

[3] Chamber Response, *supra* note 2.
[4] We further note Ms. Boylan's recent public announcement that she participated in a newly published book concerning her allegation against Governor Cuomo. *See* Lindsey Boylan (@LindseyBoylan), X (Feb. 25, 2025), https://x.com/LindseyBoylan/status/1894515538694385945. Again, she demonstrably has no problem communicating about her allegations.

2

Hon. Taryn A. Merkl
February 28, 2025
Page 3 of 3

centrality of Ms. Boylan to the OAG Investigation and Report, it is entirely possible that exposing her lies will finally require Trooper 1 to abandon her reliance on Ms. Boylan's allegations. We therefore implore Your Honor to deny Ms. Boylan's motion to quash and direct her to appear in-person for a deposition in this case.

                                            Respectfully submitted,

                                            */s/ Rita M. Glavin*
                                            Rita M. Glavin