# SHER TREMONTE LLP

March 16, 2025

**BY ECF**

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *Trooper 1 v. NYSP et al.*, **22-cv-893 (LDH) (TAM)**

Dear Judge Merkl:

We write once again regarding Lindsey Boylan's motion to quash her deposition in this case. *See* ECF No. 305. In Ms. Boylan's motion, she made factual representations to the Court claiming she should not and cannot be deposed in connection with Trooper 1's claims. As we previously advised, Ms. Boylan's prolific social media activity, her willingness to engage publicly on issues related to Governor Cuomo, and her disturbing online harassment of individuals she barely knows are wholly inconsistent with the arguments made in her motion to quash. *See* ECF Nos. 325, 329, and 331. Ms. Boylan's recent conduct, which has extended well beyond social media and online interactions, remains flatly inconsistent with her representations to the Court.

Over the past two weeks, Ms. Boylan has deliberately and aggressively sought to engage in direct personal conflict relating to Governor Cuomo. This includes putting herself in public situations designed to physically encounter and accost Governor Cuomo, his supporters, and even his legal team. On Tuesday, March 4, for example, Ms. Boylan positioned herself in front of the door to a building where a fundraiser for Governor Cuomo was occurring. Ms. Boylan confronted attendees as they entered, booing them and engaging with them:



Hon. Taryn A. Merkl
March 16, 2025
Page 2 of 4

Then, on Thursday, March 6, Ms. Boylan personally called a high-ranking union official to complain about the union endorsing Governor Cuomo. We were informed that Ms. Boylan's call was so threatening the union official considered reporting her to the New York City Police. On Friday, March 7, Ms. Boylan again appeared in person outside another fundraiser for Governor Cuomo and again accosted attendees.



Ms. Boylan also harassed Governor Cuomo's staff on social media by posting photos of them performing their jobs outside a fundraiser and wrongly accusing Governor Cuomo's staff of following/harassing her, when in fact, she had positioned herself exactly where she knew they would be.

Ms. Boylan's quest for in-person confrontations continued on Thursday, March 13. She once again positioned herself directly in front of a building in midtown where a fundraiser was being held for Governor Cuomo. Ms. Boylan knew (because she posted so) that the fundraiser's hosts included my co-counsel Rita Glavin and myself. A video of the protest outside that event shows Ms. Boylan smiling cheerfully at the camera and giving a thumbs up.

Hon. Taryn A. Merkl
March 16, 2025
Page 3 of 4



What is more, Ms. Boylan actively sought to engage with Governor Cuomo's legal team after the fundraiser, yelling at us as we exited the building. And in a clearly preplanned stunt, two women with Ms. Boylan's group followed Ms. Glavin down the street and around the block. The two women, who walked in close physical proximity to Ms. Glavin (one woman to Ms. Glavin's left side and one to Ms. Glavin's right side), repeatedly screamed at Ms. Glavin—including screaming "HOW DOES IT FEEL TO BULLY WOMEN"—for several minutes, all the while holding their cellphones up to Ms. Glavin's face to record the incident.

We reiterate that we do not inform the Court about Ms. Boylan's conduct to harass her or chill her First Amendment rights, as she has repeatedly claimed to the public. While Ms. Boylan is undoubtedly entitled to speak out publicly, organize and attend protests, and otherwise exercise her First Amendment rights, she cannot do that and make false arguments to the Court at the same time. We also reiterate that if Trooper 1 would disclaim any reliance on Ms. Boylan, the other complainants, and the OAG Report—and let Trooper 1's claims stand on their own merit (and lack thereof)—we would have no need to take further discovery from Ms. Boylan or any of the other complaints.

Moreover, given Ms. Boylan's near-daily public attacks on Governor Cuomo and his supporters—including relentless social media posts, several recent in-person interviews, and even a podcast appearance—in which she continues openly to make allegations against Governor Cuomo, both on her own behalf and on behalf of others, and continues to wrongly accuse Governor Cuomo and his counsel of harassing her, it is highly inappropriate for her motion to quash papers to remain under seal. Under these circumstances, where Ms. Boylan is seeking relief from the Court but then is simultaneously engaging in an aggressive public campaign to miscast routine lawful discovery subpoenas as "bullying," and to whip up protesters to lodge the same accusation

Hon. Taryn A. Merkl
March 16, 2025
Page 4 of 4

at Governor Cuomo's counsel, Ms. Boylan has forfeited any right she may have had to keep her arguments under seal. Ms. Boylan's credibility is a matter of extraordinary public interest given her public claims about this very litigation, and the public should have the full picture so that they can properly evaluate her contentions that she is being bullied and should not be deposed. And to the extent any of the factual representations she made in her motion turn out to be true, that is also important information that the public should know.

    For these reasons, and the reasons in our prior filings on this subject, we respectfully request that the Court deny Ms. Boylan's motion to quash and deny each of her pending motions to seal. *See* ECF Nos. 305, 315, 319, 326, 332.

                    Respectfully submitted,

                    */s/ Theresa Trzaskoma*

                    Theresa Trzaskoma