# DuaneMorris®

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
FORT WORTH
AUSTIN

*FIRM and AFFILIATE OFFICES*

HANOI
HO CHI MINH CITY
SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NORTH JERSEY
LAS VEGAS
SOUTH JERSEY
SYDNEY
MYANMAR

ALLIANCES IN MEXICO

SARAH STEWART
PARTNER
DIRECT DIAL: +1 973 424 2061
PERSONAL FAX: +1 973 556 1464
*E-MAIL:* sfstewart@duanemorris.com

*www.duanemorris.com*

March 21, 2025

Honorable Taryn A. Merkl
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:** *Trooper 1 v. New York State Police, et al.*, Docket No. 22-cv-893
> **Request for Pre-Motion Conference on a Motion for a Protective Order**

Dear Judge Merkl:

    This office represents non-party Stephen Nevins. Mr. Nevins' phone records are the target of a subpoena issued by Governor Andrew M. Cuomo to Verizon. Pursuant to Your Honor's Individual Rules & Practices, we respectfully request a pre-motion conference in connection with Mr. Nevins' anticipated motion for a protective order and/or to quash. We have made a good faith effort to resolve this dispute with Governor Cuomo's counsel, both in phone calls and emails, but, to date, his counsel is unwilling to meet and confer unless Mr. Nevins preemptively agrees not to object to the subpoena. *See* Exhibit 1. The parties therefore submit this joint letter for Your Honor's consideration. This dispute arises out of Governor Cuomo's service of a subpoena on Verizon for over four years (February 1, 2021, to the present) of records in connection with two of Mr. Nevins' phone numbers ("Subpoena"), specifically:

    1. All subscriber identifying information, including, but not limited to, name(s), address(es), date of birth, email addresses, and secondary telephone number;

    2. Length of service, including the date the account was established and the date the account was disconnected, if applicable;

    3. All call detail information, including but not limited to, call history, local, long distance and toll records, including incoming and outgoing calls; and

    4. All detail information for text messages, including timing and numbers associated with incoming and outgoing text messages.

*See* Exhibit 2.

DuaneMorris

March 21, 2025
Page 2

**Mr. Nevins' Position**

The Subpoena is Governor Cuomo's latest attempt to engage in a fishing expedition to prove its eleventh-hour theory that Mr. Nevins – a highly respected former New York State Police commander who retired nine years ago and lives in Tennessee – allegedly colluded with others to heavily influence the OAG investigation and "take down" the Governor. This theory is as outlandish as it is frivolous. The Court should quash, or at least limit, the Governor's Subpoena for several reasons.

First, the Governor has not acted in good faith in connection with this Subpoena dispute. Mr. Nevins only contacted my office to represent him two weeks ago. Upon retention, my office immediately contacted the Governor's counsel to meet and confer regarding the Subpoena, and to raise numerous threshold concerns. For example, the Notice of Subpoena emailed by the Governor's counsel to Mr. Nevins attached a subpoena listing two phone numbers. However, a letter mailed by Verizon to Mr. Nevins attached a subpoena listing just one phone number. *See* Exhibit 3. Also for example, the Subpoena sought all call and text message records for four years without any limitation. The parties held a meet and confer call on March 12, 2025. During the call, my office raised these concerns, and also emphasized that we had only just been retained, lead counsel was on vacation, and we required time to review the case background and conduct further meet and confers. The Governor's office expressed its intent to work with us and suggested we reach out to Verizon to inform Verizon we were meeting and conferring. However, when my office provided the Governor's counsel a draft letter to Verizon, they did a 180, taking the position: "we did not think Verizon needed to be contacted in advance of the March 20 compliance deadline" so long as "you were not planning to object." *See* Exhibit 1. This left Mr. Nevins no choice but to write Verizon and state its intention to object. Thereafter, we again contacted the Governor's counsel and asked to meet and confer. They refused, stating: "Unless your client is willing to withdraw his objection, there is no point in further meeting and conferring[.]" *Id*. To date, we still do not have clarity on which of the two subpoenas is operative, and the Governor is unwilling to discuss a potential resolution. The Court should not countenance such conduct.

Second, Mr. Nevins is a non-party with no first-hand knowledge of the facts underpinning this lawsuit and absolutely no reason to "take down" the Governor. Mr. Nevins retired from the New York State Police in 2016, a full year before Trooper 1 was first assigned to provide security for the Governor. When he retired, Mr. Nevins was universally respected, including by the Governor, who spoke at Mr. Nevins' retirement party in glowing terms about their tenure together and encouraged Mr. Nevins to stay on with the agency as its Superintendent, and by his former colleagues, who occasionally still reach out to Mr. Nevins today. Any evidence from Mr. Nevins' phone will be of little, if any, probative value here given his lack of personal knowledge and any motive to involve himself in the OAG investigation.

Third, the fact that Mr. Nevins may have communicated with members of the New York State Police after his retirement is neither nefarious nor surprising. Mr. Nevins worked for the

DuaneMorris

March 21, 2025
Page 3

agency for thirty-five years.  He rose the ranks from Trooper to Major in charge of the Governor's security detail.  Given his lengthy career and gained wisdom, on occasion current members of the New York State Police contacted him.  One of these persons was Diane Parrotta, who asked Mr. Nevins to speak with Trooper 1 because she was scared to report her allegations of sexual harassment.  Mr. Nevins did and simply told Trooper 1 to tell the truth.  Mr. Nevins' brief conversations with Trooper 1 and others, years after the alleged sexual harassment, do not justify the Governor's latest unbridled Subpoena, nor do they support the Governor's collusion theory.  Indeed, the allegations against the Governor include at least 11 women from various offices and entities over decades.  Trooper 1 was one of the last women to file suit.  It defies credulity that Mr. Nevins was the "puppet-master" behind their cases.

        Fourth, on its face, the Subpoena is highly intrusive, overbroad, seeks irrelevant information, and is disproportionate to the needs of this case.  As noted above, the Subpoena seeks information regarding all calls and text messages made to or from two of Mr. Nevins' cell phones for over four years.  This will necessarily sweep in every personal call and text Mr. Nevins has ever made; his business associates, friends, family.  This will also capture calls and texts far outside of the operative time period.  The OAG concluded its investigation by August 2021.  His text messages from 2025 bear no relevance to the issues in this case concerning alleged sexual harassment of Trooper 1 between 2018 and 2021.

        Fifth, Mr. Nevins already produced documents and information to the Governor in response to earlier subpoenas (*see* Exhibits 4-5), and sat for a lengthy deposition.  During that deposition, Mr. Nevins was subjected to probing questions by the Governor's counsel (without the assistance of counsel, as we understand he was left unrepresented at the last minute by prior counsel) regarding the very topics that the Governor apparently wishes to further explore using this Subpoena.  Indeed, Mr. Nevins answered questions about his "role" in the OAG investigation, and explained that he was contacted by Diane Parrotta, Trooper 1 and Kyle Shillingford[1], that he told them to tell the truth, and that he was similarly contacted by the OAG investigator, Joon Kim, and cooperated as is the duty of any citizen.  There is no need for cumulative discovery on these issues from a non-party.

        For these reasons, Mr. Nevins respectfully requests that the Court set a conference to discuss the parties' dispute and Mr. Nevins' anticipated motion for a protective order and/or to quash subpoena.  In the alternative, Mr. Nevins respectfully requests that the Court set a briefing schedule.

---

[1] The Governor has also made an allegation that Mr. Nevins promised professional favors to Mr. Shillingford in exchange for his speaking with OAG investigators.  This is nonsensical.  Mr. Nevins retired nine years ago and lives in Tennessee.  He cannot dispense professional favors.  At most, Mr. Nevins could provide a recommendation, like any retired employee in good standing.



March 21, 2025
Page 4

**<u>Governor Cuomo's Position</u>**

The subpoena to Verizon[2] is proper because Nevins's phone records are highly relevant to Governor Cuomo's compelling defense theory—based on documentary and testimonial evidence—that Trooper 1, Nevins, and other current and former members of the PSU colluded extensively with other each other to coordinate their stories during the OAG investigation for the specific purpose of causing Governor Cuomo's resignation.

We deposed Nevins on December 15, 2023 because evidence showed that he used the OAG Investigation as an opportunity to harm Governor Cuomo. *See, e.g.*, ECF No. 191. Nevins's communications with Trooper 1 and his participation in the OAG Investigation were always highly suspect because Nevins retired long before Trooper 1 joined the PSU and had virtually no contact with her prior to the OAG Investigation. *See* ECF No. 189 at 1-2. During his deposition, Nevins denied any significant involvement in the OAG Investigation and sought to minimize his communications with Trooper 1 and PSU member Diane Parrotta. He claimed to have spoken with Trooper 1 only twice and to Parrotta only a few times, and did not testify to speaking with any other members of the PSU. He also asserted that PSU members "didn't speak to reporters" and that if a PSU member did so without authorization it would violate NYSP procedure.

Since Nevins's deposition, however, we have obtained additional information, including phone records, emails, and text messages that reveal that Nevins was, contrary to his testimony, heavily involved in a coordinated effort by the PSU to take down Governor Cuomo. Records show, for example, that Parrotta frequently spoke to OAG Investigators and news reporters throughout the OAG Investigation, and that, right before or after those calls, she often spoke to both Trooper 1 and Nevins. *See, e.g.,* Ex. A. Obtaining Nevins's phone records will allow us to know who else Nevins was speaking with during the OAG Investigation and during Trooper 1's lawsuit.

Moreover, we already know that Nevins was in communication with more NYSP witnesses than he admitted at deposition. Phone records we have already obtained show, for example, that Nevins spoke to Senior Investigator Fabricio Plaskocinski for 20 minutes just a couple of days

---

[2] There is no merit whatsoever to Nevins's suggestion that we have not acted in good faith. On February 21, 2025, we provided the Parties and Nevins—***at his personal email***—with seven days' notice of the subpoena to Verizon for Nevins's phone records. ***There was no timely objection.*** Accordingly, we served the subpoena on Verizon on February 28. On March 7, Nevins's counsel informed us that he may have an objection. We met and conferred on March 12 to explain why the phone records subpoena was warranted, but that was unavailing, as evidenced by the fact that Nevins's counsel sent us a draft dispute letter on March 13. At that point, we notified Verizon of the dispute and asked it to hold the subpoena in abeyance pending this Court's ruling on the objection—as we were always willing to do.

Further, we served a single subpoena for records relating to two phone numbers. One is under Nevins's name; the other is not but appears in Trooper 1's phone records and is publicly connected to Nevins (a connection Nevins has since confirmed). We assume Verizon redacted the second number from the subpoena when it provided notice to Nevins, and that is likely the source of Nevins's confusion concerning how many subpoenas were in fact served.

DuaneMorris

March 21, 2025
Page 5

before Plaskocinski's OAG interview. *Id.* at 3. And messages produced a year after Nevins's deposition by Investigator Kyle Shillingford—who, contrary to the representations by Nevins's counsel above, Nevins never testified to speaking with—further reveal the depth of Nevins's involvement. Through Trooper 1, Nevins reached out to Shillingford to discuss Shillingford's interview with the OAG. *See* Ex. B. Nevins was "real troop F mafia" and he instructed Trooper 1 to "tell [Shillingford] to give me a call anytime" because "it's a team effort." *Id.*

Nevins's suggestion that any calls with PSU members were routine is not credible—in the year prior to February 2021, Nevins had only one phone call with Parrotta and had no phone calls with Plaskocinski.[3] It also bears repeating that Nevins had never worked with either Trooper 1 or Shillingford and did not know them. Further, the messages attached here are only a handful of the many texts we have obtained reflecting (i) extensive collusion during the OAG Investigation and (ii) Nevins's role in it, and, if the Court requests, we are able to provide further substantiation. In any event, we fully anticipate Nevins's records will reveal which PSU witnesses he spoke to and when, whether he spoke to any reporters (and which ones), how often he spoke to the OAG Investigators, and even whether he called in any of the professional favors he promised others.[4]

Moreover, the subpoena is proportionate to the needs of the case. The Court has already permitted subpoenas for phone records from 2020 to 2024 from Trooper 1 as well as from Parrotta and Plaskocinski, and, far from amounting to a "fishing expedition," the records have provided extremely valuable information related to Governor Cuomo's defense. There is no reason to treat Nevins's phone records any differently. Nor is the subpoena an unwarranted invasion of privacy. Should Nevins request the same accommodations afforded others—namely, that he be able to redact calls with physicians and counsel—we raise no opposition.[5] Moreover, Nevins's prior deposition testimony and his meager 17-page document production do not, as he claims, cover the information sought by the subpoena. We expect the records will provide information that Nevins affirmatively sought to hide during his deposition.

Thus, we respectfully request that the Court reject Nevins's objections so that Verizon can proceed with producing records pursuant to the subpoena.

---

[3] Nevins's records will also potentially add clarity to another factual discrepancy. Both he and Trooper 1 testified that they spoke by phone before Trooper 1 was first interviewed by OAG Investigators. But Trooper 1's phone records do not reflect any such call, so it is likely that the call—and potentially other calls—involved an intermediary.

[4] Previously, ECF No. 189 at 1-2, we explained that Nevins appeared to be the "puppet-master," a description Trooper 1 sought to ridicule. ECF No. 192. The truth is worse—Nevins, it turns out, is actually more of a Michael Corleone figure, ordering a "hit" of sorts and dispensing favors for those who carry out his directions. And although we already knew that the OAG Investigators were biased and sloppy, deliberately skewed the facts, and missed out on evidence, we also now know that the OAG Investigators allowed themselves to be manipulated by PSU witnesses and others who had political and personal axes to grind against Governor Cuomo.

[5] To the extent the phone records reflect text messages, they will reveal only the date, time, and participants—not the content of any message.

DuaneMorris

March 21, 2025
Page 6

\*       \*       \*

We thank Your Honor for the time and attention to this matter.

Respectfully submitted,

/s/ Sarah Stewart

Sarah Stewart
Partner

cc:  All counsel of record.

Exhibit 1

| | |
|---|---|
| **From:** | Sam Prose |
| **To:** | Stewart, Sarah Fehm; Neesha Chhina |
| **Cc:** | McCusker, John B.; Santacroce, Jessica; Breslin, Eric R.; Theresa Trzaskoma; Allegra Noonan; Rita Glavin |
| **Subject:** | RE: Verizon/ Nevins Subpoena |
| **Date:** | Monday, March 17, 2025 7:07:35 PM |
| **Attachments:** | 2025-03-17 - Joint Letter re Verizon Nevins Subpoena.docx<br>Ex. A - Select Phone Calls.pdf |

Sarah,

The joint letter with our position (as well as an Exhibit we've prepared) is attached. Unless your client is willing to withdraw his objection, there is no point in further meeting and conferring, and we should file this as soon as possible.

Many thanks,
Sam



**Sam Prose (He/Him)**
90 Broad Street, 23rd Floor | New York, NY 10004
tel: 212.202.3170 | fax: 212.202.4156
sprose@shertremonte.com
www.shertremonte.com



This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Stewart, Sarah Fehm <SFStewart@duanemorris.com>
**Sent:** Monday, March 17, 2025 2:37 PM
**To:** Neesha Chhina <NChhina@shertremonte.com>
**Cc:** McCusker, John B. <JBMcCusker@duanemorris.com>; Santacroce, Jessica <JSantacroce@duanemorris.com>; Breslin, Eric R. <ERBreslin@duanemorris.com>; Theresa Trzaskoma <TTrzaskoma@shertremonte.com>; Sam Prose <SProse@shertremonte.com>; Allegra Noonan <anoonan@shertremonte.com>; Rita Glavin <rglavin@glavinpllc.com>
**Subject:** RE: Verizon/ Nevins Subpoena

Neesha,

Now that Verizon has been informed of our dispute and is holding any production in abeyance, we propose we continue to meet and confer to see what agreement we may be able to reach. Please advise if you are available tomorrow afternoon between 1 and 2pm.

Thank you,
Sarah

**Sarah Fehm Stewart**
Partner

Duane Morris LLP
200 Campus Drive, Suite 300
Florham Park, NJ 07932-1007
-and-
230 Park Avenue, Suite 1130
New York, NY 10169-0079

**P:** +1 973 424 2061
**F:** +1 973 556 1464
sfstewart@duanemorris.com

www.duanemorris.com

**From:** Stewart, Sarah Fehm
**Sent:** Friday, March 14, 2025 1:54 PM
**To:** Neesha Chhina <NChhina@shertremonte.com>
**Cc:** McCusker, John B. <JBMcCusker@duanemorris.com>; Santacroce, Jessica <JSantacroce@duanemorris.com>; Breslin, Eric R. <ERBreslin@duanemorris.com>; Theresa Trzaskoma <TTrzaskoma@shertremonte.com>; Sam Prose <SProse@shertremonte.com>; Allegra Noonan <anoonan@shertremonte.com>; Rita Glavin <rglavin@glavinpllc.com>
**Subject:** RE: Verizon/ Nevins Subpoena

Hi Neesha,

Your note below highlights some of the concerns we have in general about the subpoena. As you know, we flagged on our Wednesday call with you that there appear to be 2 versions of the same subpoena. You mentioned that you spoke with Verizon and theorized that they may have "whited out" the -3795 number. We would like to get to the bottom of this and understand whether Verizon intends to produce records in relation to the -3795 number.

In any event, the -3795 number is indeed associated with Mr. Nevins and we object to any production of information or documents concerning this number until the parties have had the opportunity to meet and confer and address any outstanding disputes with the Court.

Thank you,
Sarah

**Sarah Fehm Stewart**
Partner

Duane Morris LLP
200 Campus Drive, Suite 300
Florham Park, NJ 07932-1007
-and-
230 Park Avenue, Suite 1130
New York, NY 10169-0079

**P:** +1 973 424 2061
**F:** +1 973 556 1464
sfstewart@duanemorris.com

www.duanemorris.com

---

**From:** Neesha Chhina <NChhina@shertremonte.com>
**Sent:** Friday, March 14, 2025 12:05 PM
**To:** Stewart, Sarah Fehm <SFStewart@duanemorris.com>
**Cc:** McCusker, John B. <JBMcCusker@duanemorris.com>; Santacroce, Jessica <JSantacroce@duanemorris.com>; Breslin, Eric R. <ERBreslin@duanemorris.com>; Theresa Trzaskoma <TTrzaskoma@shertremonte.com>; Sam Prose <SProse@shertremonte.com>; Allegra Noonan <anoonan@shertremonte.com>; Rita Glavin <rglavin@glavinpllc.com>
**Subject:** RE: Verizon/ Nevins Subpoena

Hi Sarah,

In reviewing your correspondence to Verizon, we see that you refer only to the (845) 853-2389 number referenced in the subpoena. However, in your draft joint dispute letter, you represent that the subpoena seeks "records in connection with two of Mr. Nevins' phone numbers." Can you please clarify whether the (845) 339-3795 number belongs to Mr. Nevins? If it does not, do you have an understanding as to whom it belongs to?

We have a reasonable basis to believe the -3795 number is associated with Mr. Nevins because it appears in publicly available information relating to him, as well as in Trooper 1's phone records. Whether or not the number is affiliated with him may impact our need for the records.

If you cannot provide this information, we intend to ask Verizon to produce documents responsive to Request No. 1 to the subpoena relating to this phone number, namely, the subscriber identifying information, and to otherwise hold productive of substantive records pending resolution of our dispute.

Thank you,
Neesha

 **Neesha Chhina**
Sher Tremonte LLP
90 Broad Street, 23rd Floor | New York, NY 10004
tel: 212.202.0238 | fax: 212.202.4156
nchhina@shertremonte.com
www.shertremonte.com


This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

---

**From:** Neesha Chhina
**Sent:** Thursday, March 13, 2025 6:50 PM
**To:** Stewart, Sarah Fehm <SFStewart@duanemorris.com>
**Cc:** McCusker, John B. <JBMcCusker@duanemorris.com>; Santacroce, Jessica <JSantacroce@duanemorris.com>; Breslin, Eric R. <ERBreslin@duanemorris.com>; Theresa Trzaskoma <TTrzaskoma@shertremonte.com>; Sam Prose <SProse@shertremonte.com>; Allegra Noonan <anoonan@shertremonte.com>; Rita Glavin <rglavin@glavinpllc.com>
**Subject:** RE: Verizon/ Nevins Subpoena

We will separately contact Verizon regarding the subpoena to inform them of the pending dispute and request the subpoena be held in abeyance. We will copy you on this communication.

Our offer to provide additional information was in connection with our efforts to avoid your objection to the subpoena. Given that you are raising the dispute with the Court, we will present the relevant information in our portion of the joint dispute letter.

**Neesha Chhina**
Sher Tremonte LLP
90 Broad Street, 23rd Floor | New York, NY 10004
tel: 212.202.0238 | fax: 212.202.4156



nchhina@shertremonte.com
www.shertremonte.com

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Stewart, Sarah Fehm <SFStewart@duanemorris.com>
**Sent:** Thursday, March 13, 2025 6:28 PM
**To:** Neesha Chhina <NChhina@shertremonte.com>
**Cc:** McCusker, John B. <JBMcCusker@duanemorris.com>; Santacroce, Jessica <JSantacroce@duanemorris.com>; Breslin, Eric R. <ERBreslin@duanemorris.com>; Theresa Trzaskoma <TTrzaskoma@shertremonte.com>; Sam Prose <SProse@shertremonte.com>; Allegra Noonan <anoonan@shertremonte.com>; Rita Glavin <rglavin@glavinpllc.com>
**Subject:** RE: Verizon/ Nevins Subpoena

That is not our understanding but, in any event, we have faxed 2 letters to Verizon and copied you, and asked that Verizon hold any production in abeyance.

On our call this morning, you stated that you would be sending a package of information today.  Please advise when this will be sent.

With respect to the letter to the Court, I will discuss with my colleagues but to the extent there is any risk Verizon will produce if we do not contact the Court regarding an application, then we need to do so soon.  As you are aware from the Verizon letter I transmitted to you, it set a deadline of this Monday, March 17th to inform them if a motion to quash/protective order is being filed.  We would appreciate your contacting Verizon to ensure no production will occur in light of our ongoing conversations and dispute, which would likely alleviate our concerns about the timeline to write the Court.

Regards,
Sarah

**Sarah Fehm Stewart**
Partner

Duane Morris LLP
200 Campus Drive, Suite 300
Florham Park, NJ 07932-1007
-and-
230 Park Avenue, Suite 1130
New York, NY 10169-0079

P: +1 973 424 2061
F: +1 973 556 1464
sfstewart@duanemorris.com

www.duanemorris.com

**From:** Neesha Chhina <NChhina@shertremonte.com>
**Sent:** Thursday, March 13, 2025 6:08 PM
**To:** Stewart, Sarah Fehm <SFStewart@duanemorris.com>
**Cc:** McCusker, John B. <JBMcCusker@duanemorris.com>; Santacroce, Jessica <JSantacroce@duanemorris.com>; Breslin, Eric R. <ERBreslin@duanemorris.com>; Theresa Trzaskoma <TTrzaskoma@shertremonte.com>; Sam Prose <SProse@shertremonte.com>; Allegra Noonan <anoonan@shertremonte.com>; Rita Glavin <rglavin@glavinpllc.com>
**Subject:** RE: Verizon/ Nevins Subpoena

Sarah,

Your characterization of our position is incorrect. I made clear that, if we were in the process of meeting and conferring regarding the subpoena and you were not planning to object, we did not think Verizon needed to be contacted in advance of the March 20 compliance deadline. Given that you have now expressed your intention to object to the subpoena, we agree that Verizon should be notified of the pending dispute so the subpoena can be held in abeyance until it is resolved. If you intend to send Verizon a letter to that effect, we will join in your request.

You have also mischaracterized the relevant facts. Mr. Nevins has not made a "substantial production"—he produced 18 pages of documents in response to a prior subpoena, which requested entirely different kinds of information from the records sought by Verizon in the subpoena at issue here. Nor do we have "phone data" from Mr. Nevins. And, as discussed, our deposition of Mr. Nevins took place in December 2023, before we obtained additional discovery that revealed his substantial role in the OAG investigation.

We will get you our position for the joint dispute letter, but it is unreasonable to demand we do so by tomorrow morning. We will have our position to you by Tuesday, March 18.

Thank you,

Neesha



**Neesha Chhina**
Sher Tremonte LLP
90 Broad Street, 23rd Floor | New York, NY 10004
tel: 212.202.0238 | fax: 212.202.4156
nchhina@shertremonte.com
www.shertremonte.com



This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Stewart, Sarah Fehm <SFStewart@duanemorris.com>
**Sent:** Thursday, March 13, 2025 5:28 PM
**To:** Neesha Chhina <NChhina@shertremonte.com>
**Cc:** McCusker, John B. <JBMcCusker@duanemorris.com>; Santacroce, Jessica <JSantacroce@duanemorris.com>; Breslin, Eric R. <ERBreslin@duanemorris.com>
**Subject:** RE: Verizon/ Nevins Subpoena

Neesha,

Pursuant to our conversation this morning, I understand that you are taking the position that Verizon does not need to be contacted in advance of the compliance deadline and that you are not amenable to extending the compliance deadline for 30 days. As you are aware, we are interested in continuing to meet and confer with you to potentially resolve the subpoena, but we were only just retained, we do not have the full case background or relevant documents, and Mr. McCusker is on vacation through this weekend. It is unrealistic that we could meet and confer with you and reach resolution before the subpoena compliance deadline, March 20th, which is just a week away. Moreover, we understand that you have already received substantial production from Mr. Nevins, including phone data, and you have already deposed him. These facts call into question the breadth of the current subpoena, particularly given it goes to the present day. You had stated that you would get back to me later today to confirm your position, but it is now 5:30pm and I have not heard from you.

The above leaves us no choice but to write Verizon and the Court to request a pre-motion conference. To that end, please insert your position in the attached letter, which Judge Merkl's individual rules require to be submitted jointly. We will submit to Judge Merkl by Friday at noon.

We are informing Verizon of the situation and will copy you on the facsimile.

Regards,
Sarah

**Sarah Fehm Stewart**
Partner

Duane Morris LLP
200 Campus Drive, Suite 300
Florham Park, NJ 07932-1007
-and-
230 Park Avenue, Suite 1130
New York, NY 10169-0079

**P:** +1 973 424 2061
**F:** +1 973 556 1464
sfstewart@duanemorris.com

www.duanemorris.com

**From:** Stewart, Sarah Fehm
**Sent:** Wednesday, March 12, 2025 8:00 PM
**To:** Neesha Chhina <NChhina@shertremonte.com>
**Cc:** McCusker, John B. <JBMcCusker@duanemorris.com>; Santacroce, Jessica <JSantacroce@duanemorris.com>
**Subject:** Verizon/ Nevins Subpoena

Neesha,

Thanks to you and your colleague for speaking earlier. We called Verizon and they indicated they will accept a letter explaining that the parties are meeting and conferring. We would like to send the attached as a joint request. We know you expressed hesitance about any adjournment of unknown duration (and we do not necessarily disagree), but I do not know that we are in a position right now to agree to a specific new date since we are just wrapping our arms around the file and John is on vacation. To that end, I included a line in the letter that Verizon should not produce documents until further instruction from the parties. We can follow up with Verizon again once we've had an opportunity to confer further. Let us know if this is acceptable. We would like to send first thing tomorrow since we understand there can be a 24-hour turn around before the letter gets to the correct Verizon personnel for review.

Thank you,
Sarah

**Sarah Fehm Stewart**
Partner

Duane Morris LLP
200 Campus Drive, Suite 300
Florham Park, NJ 07932-1007
-and-
230 Park Avenue, Suite 1130
New York, NY 10169-0079

**P:** +1 973 424 2061
**F:** +1 973 556 1464
sfstewart@duanemorris.com

www.duanemorris.com

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

Exhibit 2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

TROOPER 1,

                Plaintiff,

      v.

NEW YORK STATE POLICE, ANDREW
CUOMO, MELISSA DEROSA, and
RICHARD AZZOPARDI,

                Defendants.

---

22-cv-893 (LDH) (TAM)

## NOTICE OF SUBPOENA

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure,

Defendant former Governor Andrew M. Cuomo intends to serve the attached subpoena on Verizon

on February 28, 2025, or as soon thereafter as service may be effectuated. In accordance with the

Court's January 16, 2024 Order at ECF No. 220, we are hereby providing at least one-week notice to

Steve Nevins, the nonparty whose phone records are being sought by this subpoena.

Dated: New York, New York
       February 21, 2025

*/s/   Theresa Trzaskoma*
Theresa Trzaskoma
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, NY 10004
Tel.: (212) 202-2600
ttrzaskoma@shertremonte.com

Rita M. Glavin
GLAVIN PLLC
156 West 56th Street, Ste. 2004
New York, NY 10019
Tel.: (646) 693-5505
rglavin@glavinpllc.com

*Counsel for Governor Cuomo*

TO: Valdi Licul
     John S. Crain
     WIGDOR LLP
     85 Fifth Avenue, Fifth Floor
     New York, New York, 10003
     Email:  vlicul@wigdorlaw.com
          jcrain@wigdorlaw.com

     Daniel J. Moore
     Joshua Steele
     Daniel J. Palermo
     HARRIS BEACH MURTHA CULLINA PLLC
     99 Garnsey Road,
     Pittsford, New York, 14534
     Email:  dmoore@harrisbeachmurtha.com
          jsteele@harrisbeachmurtha.com
          dpalermo@harisbeachmurtha.com

     Catherine Foti
     Elkan Abramowitz
     Kayasha Lyons
     MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.
     565 Fifth Avenue,
     New York, New York, 10017
     Email:  cfoti@maglaw.com
          eabramowitz@maglaw.com
          klyons@maglaw.com

     Stephen Nevins
     511 Kahite Trail,
     Vonore, Tennessee, 37885
     Email:  snevs03@gmail.com

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of New York

| | | |
|---|---|---|
| Trooper 1 | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. 22-cv-893 (LDH)(TAM) |
| New York State Police et al. | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Verizon Security Asistance Team (VSAT)

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Sher Tremonte LLP | Date and Time: |
|---|---|
| 90 Broad St, 23rd Floor | |
| New York, NY 10004 ttrzaskoma@shertremonte.com | 03/20/2025 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/28/2025

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | /s Theresa Trzaskoma |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Governor Andrew M. Cuomo _____, who issues or requests this subpoena, are:
Theresa Trzaskoma, Sher Tremonte LLP, 90 Broad Street, 23rd Floor, NY, NY 10004; ttrzaskoma@shertremonte.com; 212-202-2600

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. **22-cv-893 (LDH)(TAM)**

### PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                              *Server's signature*

                                  _____
                                              *Printed name and title*

                                  _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**<u>SCHEDULE A</u>**

Provide the following records and information associated with the following phone numbers for the period February 1, 2021 through the present:

- 
-

1.       All subscriber identifying information, including, but not limited to, name(s), address(es), date of birth, email addresses, and secondary telephone number;

2.       Length of service, including the date the account was established and the date the account was disconnected, if applicable;

3.       All call detail information, including but not limited to, call history, local, long distance and toll records, including incoming and outgoing calls; and

4.       All detail information for text messages, including timing and numbers associated with incoming and outgoing text messages.

# Exhibit 3



VERIZON SECURITY SUBPOENA COMPLIANCE
180 WASHINGTON VALLEY ROAD
BEDMINSTER NJ 07921
Phone: 888-483-2600 Fax:325-949-6916

March 7, 2025

STEPHEN NEVINS
███████████████

Verizon Case #: ███████████
Docket / File #: 22-CV-893
Target: ███████████

Dear Customer,

This is to notify you that Verizon has received a subpoena requiring the production of certain records associated with the target referenced above.

Verizon has no information as to the purpose of the subpoena or the nature of the action. Any questions you have should be directed to the party who issued the subpoena.

Please be advised that unless Verizon is provided with a motion for a protective order or a motion to quash within 10 days from the date of this letter, Verizon intends to produce the records. Motion papers can be sent to Verizon via fax number 325-949-6916.

Very truly yours,

SAMUEL G.
VERIZON SECURITY SUBPOENA COMPLIANCE

Encl.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of New York

| | |
|---|---|
| Trooper 1 | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. **22-cv-893 (LDH)(TAM)** |
| New York State Police et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                        **Verizon Security Asistance Team (VSAT)**

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Sher Tremonte LLP<br>90 Broad St, 23rd Floor<br>New York, NY 10004 ttrzaskoma@shertremonte.com | Date and Time:<br><br>03/20/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    *02/28/2025*

|  *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | */s Theresa Trzaskoma* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
  *Governor Andrew M. Cuomo* _____, who issues or requests this subpoena, are:

Theresa Trzaskoma, Sher Tremonte LLP, 90 Broad Street, 23rd Floor, NY, NY 10004; ttrzaskoma@shertremonte.com; 212-202-2600

## Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**SCHEDULE A**

Provide the following records and information associated with the following phone numbers for the period February 1, 2021 through the present:

- 

1.      All subscriber identifying information, including, but not limited to, name(s), address(es), date of birth, email addresses, and secondary telephone number;

2.      Length of service, including the date the account was established and the date the account was disconnected, if applicable;

3.      All call detail information, including but not limited to, call history, local, long distance and toll records, including incoming and outgoing calls; and

4.      All detail information for text messages, including timing and numbers associated with incoming and outgoing text messages.

1

Exhibit 4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TROOPER 1, | |
| Plaintiff, | 22-cv-893(LDH)(TAM) |
| v. | |
| NEW YORK STATE POLICE et al., | |
| Defendants. | |

## <u>NOTICE OF AMENDED SUBPOENA</u>

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendant Governor Cuomo intends to serve the attached amended subpoena on

Stephen Nevins on November 13, 2023, or as soon thereafter as service may be effectuated.

Dated: New York, NY
November 10, 2023

*Rita M. Glavin*

Rita M. Glavin
Glavin PLLC
156 West 56th Street, Ste. 2004
New York, NY 10019
Tel: (646) 693-5505
rglavin@glavinpllc.com

Theresa Trzaskoma
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, NY 10004
Tel.: (212) 202-2600
ttrzaskoma@shertremonte.com

*Counsel for Governor Cuomo*

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | |
|---|---|
| Trooper 1 | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    22-cv-893(LDH)(TAM) |
| New York State Police et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                       Stephen Nevins

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Regus<br>200 Prosperity Drive<br>Knoxville, Tennessee 37923 | Date and Time:<br>        12/18/2023 10:00 am |
|---|---|---|
| | The deposition will be recorded by this method:    Video and stenographic means | |

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule A attached.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/10/2023

                 *CLERK OF COURT*

                                OR               /s Rita M. Glavin

         *Signature of Clerk or Deputy Clerk*                            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
former Governor Andrew M. Cuomo
_____ , who issues or requests this subpoena, are:
Rita M. Glavin, 156 W. 56 Street, Suite 2004, New York, NY 10019, RGlavin@glavinpllc.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  22-cv-893(LDH)(TAM)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　**(i)** is a party or a party's officer; or
　　**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
　**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
　**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

　**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

　　**(i)** fails to allow a reasonable time to comply;
　　**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　**(iv)** subjects a person to undue burden.
　**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

　　**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
　　**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

　**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
　**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　**(i)** expressly make the claim; and
　　**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1.    "Action" refers to the above-captioned proceeding pending in the Federal District

Court for the Eastern District of New York.

2.    "AJC" means the Assembly Judiciary Committee and its employees and agents.

3.    "AJC Investigation" means the investigation of Governor Cuomo conducted by and

on behalf of the AJC.

4.    "AJC Report" means the November 22, 2021 report issued by the Assembly Judiciary

Committee concerning allegations against Governor Cuomo.

5.    "Communication" means the transmittal or receipt of information by any means,

including but not limited to interviews, face-to-face conversations and meetings, telephonic

conversations and meetings, writings, letters, notes, documents given or received, facsimile

transmissions, electronic mail (e-mail), electronic bulletin boards, instant messages, text messages,

voicemail messages, BlackBerry messages, Skype messages, Google-Chats, "tweets," or any other

electronic means of transmitting information.

6.    "Complaint" means the second amended complaint filed in this Action, at ECF No.

71.

7.    "Concerning" means evidencing, constituting, identifying, supporting, tending to

support, contradicting, tending to contradict, pertaining to, relating to, referring to, associated with,

connected to, regarding, discussing, mentioning, or dealing with the subject matter of the demand.

8.    "Document" means any document or thing subject to designation for production

under Federal Rule of Civil Procedure 34, including without limitation any printed, written, typed,

digital, electronic, taped, recorded, printout, graphic or computerized printout or other data

compilation, including in the case of electronically stored information, all metadata associated with such information and documents, and any other tangible matter of any kind or description, from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received, or neither, including but not limited to, the original, a copy (if the original is not available), all preliminary or other drafts, and all non-identical copies. This term includes, without limitation, e-mails, writings, drawings, graphs, charts, photographs, sound recordings, images, receipts, billing records, and other data or data compilations stored in any medium.

9.      "Governor Cuomo" refers to former Governor Andrew M. Cuomo.

10.     "NYSP" means the New York State Police.

11.     "OAG" means the Office of the Attorney General and its employees and agents.

12.     "OAG Investigation" means the Office of the Attorney General's Investigation into allegations of sexual harassment by Governor Cuomo.

13.     "OAG Report" means the August 3, 2021 report by the Office of the Attorney General concerning sexual harassment allegations against Governor Cuomo.

14.     "Trooper 1" refers to the plaintiff in this Action.

15.     "You" means Stephen Nevins or any attorneys, agents, or representatives acting on Your behalf.

16.     The following rules of construction apply to all discovery requests: (i) the terms "all," "any," and "each" shall each be construed as encompassing any and all; (ii) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

17.     As used herein the singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; and the use of any tense of verb shall be considered to include within its meaning all other tenses of the verb so used.

18.     Whenever reference is made to a person or legal entity, it includes any and all of such person's or entity's past and present affiliates, officers, directors, agents, partners, employees, attorneys, representatives, investigators, predecessors, successors, assigns and/or any other person or entity acting on, or purporting to act on, its behalf.

## INSTRUCTIONS

1.     You are requested to produce all documents as separate PDF files, or in such other electronic format as to be agreed upon, which shall be endorsed with Bates numbers.

2.     If any document requested herein was at one time in existence, but has been lost, discarded, or destroyed, identify: (a) each such document, including the (i) date, (ii) nature, (iii) subject matter, (iv) person who originated it, and (v) person to whom it was sent; (b) the last known custodian of the document; (c) the date the document was lost, discarded, or destroyed; (d) the reason(s) for discarding or destroying the document; (e) each person having knowledge of the document; and (f) each person having knowledge of the circumstances of it being lost, discarded, or destroyed.

3.     All grounds for an objection shall be stated with specificity.

4.     To the extent a request calls for the production of documents or things You contend are subject to a privilege or immunity from discovery, Your written response should so indicate, but You are requested to produce the balance of the documents or things not subject to a claim of privilege which fall within the scope of the request. Additionally, to the extent information subject

to a privilege or immunity from discovery is contained within responsive documents or things, You are requested to produce a redacted version of the document or thing containing the non-privileged information with a notation on the produced document or thing indicating that it is being produced in redacted form.

5.     If any form of privilege is claimed as a ground for not producing any document, set forth in complete detail each and every fact upon which the privilege is based, including (a) the nature of the privilege; (b) the type of document, *e.g.*, letter or memorandum; (c) the general subject matter of the document; (d) the date of the document; (e) the author of the document; (f) the addressee(s) of the document; (g) the recipient(s) of the document; (h) where not apparent, the relationship of the author, addresse(es) and recipient(s) to each; and (i) such other information as is sufficient to identify the document and determine whether the claim of privilege is valid.

6.     These requests are intended to cover all documents in Your possession, custody or control, stored or maintained in any form or format. For the avoidance of doubt, these requests are intended to cover all documents that are stored on any computers (including personal computers, laptop computers, notebook computers, and mainframe computers), Personal Digital Assistants (PDAs), Blackberries, iPhones, iPads, smart phones, or other mobile devices, recorded messages and voicemails, magnetic tapes, optical discs (such as Blue-ray discs, CDs, and DVDs), memory cards (such as CompactFlash cards, Secure Digital cards, and Memory Sticks), zip disks and other floppy disks, removable media (including storage devices and external hard drives, flash drives, and USB drives), document storage and sharing sites (such as Dropbox), and social media or websites.

7.     These requests are deemed to be continuing, and the responses thereto are to be supplemented promptly upon acquisition of any additional documentation.

## **DOCUMENT REQUESTS**

1.      All Communications between You and any current or former member of the NYSP,
from November 1, 2017 to the present, concerning any allegations contained in the Complaint,
including but not limited to Communications concerning (a) Trooper 1; (b) Governor Cuomo; (c)
allegations of sexual harassment or other misconduct against Governor Cuomo; (d) the OAG
Investigation and OAG Report; (e) the AJC Investigation and AJC Report.

2.      All Communications between You and any current or former member of the NYSP
concerning the Action filed by Trooper 1 against Governor Cuomo, including subpoenas or
testimony related to the Action.

3.      All Documents and Communications concerning your October 17, 2020, New York
Post Op-ed, *It's Time for Gov. Cuomo to Raise Spirits by Raising the American Flag*.

Exhibit 5

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

TROOPER 1,

                    Plaintiff,           22-cv-893(LDH)(TAM)

        v.

NEW YORK STATE POLICE et al.

                    Defendants.

## <u>NOTICE OF SUBPOENA</u>

      **PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Governor Cuomo intends to serve the attached subpoenas on Stephen Nevins on December 11, 2023, or as soon thereafter as service may be effectuated.

Dated: New York, New York
December 10, 2023

                    *Rita M. Glavin*

                    Rita M. Glavin
                    GLAVIN PLLC
                    156 West 56th Street, Ste. 2004
                    New York, NY 10019
                    Tel: (646) 693-5505
                    rglavin@glavinpllc.com

                    Theresa Trzaskoma
                    SHER TREMONTE LLP
                    90 Broad Street, 23rd Floor
                    New York, NY 10004
                    Tel.: (212) 202-2600
                    ttrzaskoma@shertremonte.com

                    *Counsel for Governor Cuomo*

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Eastern District of New York

| | |
|---|---|
| Trooper 1 | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.   22-cv-00893 (LDH)(TAM) |
| New York State Police | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                                                Stephen Nevins

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Veritext | Date and Time: |
|---|---|
| 606 W Main Street, Suite 350 Knoxville, TN 37902 | 12/14/2023 10:00 am |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        12/10/2023

                    *CLERK OF COURT*
                                                           OR
                                                                    /s Rita M. Glavin
        _____              _____
        *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  _____
Governor Cuomo                                                    , who issues or requests this subpoena, are:

 Rita M. Glavin, Glavin PLLC, 156 W. 56 Street, Suite 2004, New York, NY 10019, RGlavin@glavinpllc.com

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 22-cv-00893 (LDH)(TAM)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1.      "Action" refers to the above-captioned proceeding pending in the Federal District Court for the Eastern District of New York.

2.      "Communication" means the transmittal or receipt of information by any means, including but not limited to interviews, face-to-face conversations and meetings, telephonic conversations and meetings, writings, letters, notes, documents given or received, facsimile transmissions, electronic mail (e-mail), electronic bulletin boards, instant messages, text messages, voicemail messages, BlackBerry messages, Skype messages, Google-Chats, "tweets," or any other electronic means of transmitting information.

3.      "Complaint" means the second amended complaint filed in this Action, at ECF No. 71.

4.      "Concerning" means evidencing, constituting, identifying, supporting, tending to support, contradicting, tending to contradict, pertaining to, relating to, referring to, associated with, connected to, regarding, discussing, mentioning, or dealing with the subject matter of the demand.

5.      "Document" means any document or thing subject to designation for production under Federal Rule of Civil Procedure 34, including without limitation any printed, written, typed, digital, electronic, taped, recorded, printout, graphic or computerized printout or other data compilation, including in the case of electronically stored information, all metadata associated with such information and documents, and any other tangible matter of any kind or description, from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received, or neither, including but not limited to, the original, a copy (if the original is not available), all preliminary or other drafts, and all non-identical copies. This term includes, without limitation,

e-mails, writings, drawings, graphs, charts, photographs, sound recordings, images, receipts, billing records, and other data or data compilations stored in any medium.

6.     "Governor Cuomo" refers to former Governor Andrew M. Cuomo.

7.     "NYSP" means the New York State Police.

8.     "OAG" means the Office of the Attorney General and its employees and agents.

9.     "OAG Investigation" means the Office of the Attorney General's Investigation into allegations of sexual harassment by Governor Cuomo.

10.     "Trooper 1" refers to the plaintiff in this Action.

11.     "You" means Stephen Nevins or any attorneys, agents, or representatives acting on Your behalf.

12.     The following rules of construction apply to all discovery requests: (i) the terms "all," "any," and "each" shall each be construed as encompassing any and all; (ii) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13.     As used herein the singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; and the use of any tense of verb shall be considered to include within its meaning all other tenses of the verb so used.

14.     Whenever reference is made to a person or legal entity, it includes any and all of such person's or entity's past and present affiliates, officers, directors, agents, partners, employees, attorneys, representatives, investigators, predecessors, successors, assigns and/or any other person or entity acting on, or purporting to act on, its behalf.

2

## INSTRUCTIONS

1.      You are requested to produce all documents as separate PDF files, or in such other electronic format as to be agreed upon, which shall be endorsed with Bates numbers.

2.      If any document requested herein was at one time in existence, but has been lost, discarded, or destroyed, identify: (a) each such document, including the (i) date, (ii) nature, (iii) subject matter, (iv) person who originated it, and (v) person to whom it was sent; (b) the last known custodian of the document; (c) the date the document was lost, discarded, or destroyed; (d) the reason(s) for discarding or destroying the document; (e) each person having knowledge of the document; and (f) each person having knowledge of the circumstances of it being lost, discarded, or destroyed.

3.      All grounds for an objection shall be stated with specificity.

4.      To the extent a request calls for the production of documents or things You contend are subject to a privilege or immunity from discovery, Your written response should so indicate, but You are requested to produce the balance of the documents or things not subject to a claim of privilege which fall within the scope of the request. Additionally, to the extent information subject to a privilege or immunity from discovery is contained within responsive documents or things, You are requested to produce a redacted version of the document or thing containing the non-privileged information with a notation on the produced document or thing indicating that it is being produced in redacted form.

5.      If any form of privilege is claimed as a ground for not producing any document, set forth in complete detail each and every fact upon which the privilege is based, including (a) the nature of the privilege; (b) the type of document, *e.g.*, letter or memorandum; (c) the general subject matter of the document; (d) the date of the document; (e) the author of the document; (f) the

3

addressee(s) of the document; (g) the recipient(s) of the document; (h) where not apparent, the relationship of the author, addressee(es) and recipient(s) to each; and (i) such other information as is sufficient to identify the document and determine whether the claim of privilege is valid.

6.     These requests are intended to cover all documents in Your possession, custody or control, stored or maintained in any form or format. For the avoidance of doubt, these requests are intended to cover all documents that are stored on any computers (including personal computers, laptop computers, notebook computers, and mainframe computers), Personal Digital Assistants (PDAs), Blackberries, iPhones, iPads, smart phones, or other mobile devices, recorded messages and voicemails, magnetic tapes, optical discs (such as Blue-ray discs, CDs, and DVDs), memory cards (such as CompactFlash cards, Secure Digital cards, and Memory Sticks), zip disks and other floppy disks, removable media (including storage devices and external hard drives, flash drives, and USB drives), document storage and sharing sites (such as Dropbox), and social media or websites.

7.     These requests are deemed to be continuing, and the responses thereto are to be supplemented promptly upon acquisition of any additional documentation.

## DOCUMENT REQUESTS

1.      To the extent not already produced in response to the November 10, 2023 subpoena,
all Communications concerning Governor Cuomo.

2.      To the extent not already produced in response to the November 10, 2023 subpoena,
all Documents, including any Communications, concerning the leadership, staffing, supervision, or
management of the PSU.

3.      To the extent not already produced in response to the November 10, 2023 subpoena,
all Communications between You and Brendan Lyons, or any other journalist, reporter,
correspondent, researcher, pundit or analyst, from December 1, 2020 through the present, relating to
(i) Governor Cuomo; (ii) the NYSP; (iii) Trooper 1; (iv) the OAG Investigation; or (v) and any
alleged misconduct by Governor Cuomo.

Exhibit A

Select Phone Calls
(February 2021 - September 2021)

| Date | Time | Name | Recordholder | Min. |
|------|------|------|--------------|------|
| 2021-02-03 | 2:18 PM | Trooper 1 | Diane Parrotta | 13 |
| 2021-02-03 | 2:38 PM | Trooper 1 | Diane Parrotta | 17 |
| 2021-02-03 | 5:23 PM | Trooper 1 | Diane Parrotta | 1 |
| 2021-02-03 | 5:47 PM | Trooper 1 | Diane Parrotta | 2 |
| 2021-02-03 | 5:49 PM | Trooper 1 | Diane Parrotta | 20 |
| 2021-02-05 | 12:33 PM | Trooper 1 | Diane Parrotta | 1 |
| 2021-02-05 | 2:06 PM | Trooper 1 | Diane Parrotta | 2 |
| 2021-02-05 | 2:56 PM | Trooper 1 | Diane Parrotta | 2 |
| 2021-02-05 | 2:57 PM | Trooper 1 | Diane Parrotta | 10 |
| 2021-02-05 | 3:07 PM | Trooper 1 | Diane Parrotta | 1 |
| 2021-02-05 | 3:08 PM | Diane Parrotta | Trooper 1 (PSU) | 1 |
| 2021-02-05 | 3:08 PM | Diane Parrotta | Trooper 1 (PSU) | 1 |
| 2021-02-05 | 3:11 PM | Trooper 1 | Diane Parrotta (PSU) | 1 |
| 2021-02-05 | 3:11 PM | Trooper 1 | Diane Parrotta (PSU) | 5 |
| 2021-02-07 | 8:18 AM | Trooper 1 | Diane Parrotta | 27 |
| 2021-02-16 | 10:14 AM | Diane Parrotta | Trooper 1 (PSU) | 1 |
| 2021-02-18 | 9:10 AM | Trooper 1 | Diane Parrotta | 1 |
| 2021-02-18 | 9:11 AM | Trooper 1 | Diane Parrotta | 25 |
| 2021-02-24 | 8:10 AM | Diane Parrotta | Trooper 1 (PSU) | 1 |
| 2021-02-24 | 8:13 AM | Trooper 1 | Diane Parrotta | 2 |
| 2021-02-24 | 8:15 AM | Trooper 1 | Diane Parrotta | 4 |
| 2021-02-24 | 8:20 AM | Diane Parrotta | Trooper 1 (PSU) | 1 |
| 2021-02-24 | 8:30 AM | Diane Parrotta | Trooper 1 | 1 |
| 2021-02-24 | 8:30 AM | Trooper 1 | Diane Parrotta | 1 |
| 2021-02-24 | 8:50 AM | Trooper 1 | Diane Parrotta | 36 |
| 2021-02-24 | 12:02 PM | Trooper 1 | Diane Parrotta | 5 |
| 2021-02-24 | 12:07 PM | Trooper 1 | Diane Parrotta | 13 |
| 2021-02-25 | 7:26 AM | Trooper 1 | Diane Parrotta | 12 |
| 2021-02-25 | 11:18 AM | Trooper 1 | Diane Parrotta | 8 |
| 2021-02-25 | 1:01 PM | Trooper 1 | Diane Parrotta | 1 |
| 2021-02-25 | 1:02 PM | Trooper 1 | Diane Parrotta | 7 |
| 2021-02-25 | 1:41 PM | Trooper 1 | Diane Parrotta | 10 |
| 2021-02-26 | 1:28 PM | Trooper 1 | Diane Parrotta | 33 |
| 2021-03-02 | 7:32 AM | Trooper 1 | Diane Parrotta | 1 |
| 2021-03-02 | 7:33 AM | Diane Parrotta | Trooper 1 (PSU) | 22 |
| 2021-03-02 | 11:09 AM | Diane Parrotta | Trooper 1 (PSU) | 8 |
| 2021-03-02 | 11:09 AM | Diane Parrotta | Trooper 1 | 1 |
| 2021-03-02 | 1:05 PM | Diane Parrotta | Trooper 1 (PSU) | 21 |
| 2021-03-02 | 1:26 PM | Diane Parrotta | Trooper 1 (PSU) | 1 |
| 2021-03-02 | 2:54 PM | Diane Parrotta | Trooper 1 (PSU) | 10 |
| 2021-03-03 | 12:46 PM | Trooper 1 | Diane Parrotta | 19 |
| 2021-03-04 | 2:40 PM | Diane Parrotta | Trooper 1 (PSU) | 22 |
| 2021-03-07 | 9:01 AM | Diane Parrotta | Trooper 1 (PSU) | 9 |

| 2021-03-07 | 10:46 AM | Diane Parrotta | Trooper 1 (PSU) | 6 |
| 2021-03-08 | 1:58 PM | Trooper 1 | Diane Parrotta | 1 |
| 2021-03-08 | 1:59 PM | Trooper 1 | Diane Parrotta | 30 |
| 2021-03-12 | 12:24 PM | Fabricio Plaskocinski | Diane Parrotta | 1 |
| 2021-03-12 | 12:25 PM | Fabricio Plaskocinski | Diane Parrotta | 1 |
| 2021-03-12 | 12:25 PM | Fabricio Plaskocinski | Diane Parrotta | 2 |
| 2021-03-12 | 12:42 PM | Fabricio Plaskocinski | Diane Parrotta | 13 |
| 2021-03-18 | 7:57 AM | Diane Parrotta | Trooper 1 (PSU) | 21 |
| 2021-03-18 | 3:02 PM | Fabricio Plaskocinski | Diane Parrotta (PSU) | 17 |
| 2021-03-20 | 6:09 PM | Diane Parrotta | Trooper 1 | 1 |
| 2021-03-24 | 2:14 PM | Diane Parrotta | Trooper 1 | 1 |
| 2021-03-24 | 2:19 PM | Diane Parrotta | Trooper 1 (PSU) | 1 |
| 2021-03-24 | 2:27 PM | Diane Parrotta | Trooper 1 (PSU) | 12 |
| 2021-03-24 | 3:01 PM | Stephen Nevins | Diane Parrotta | 36 |
| 2021-03-29 | 10:21 AM | Stephen Nevins | Diane Parrotta (PSU) | 1 |
| 2021-03-29 | 10:21 AM | Stephen Nevins | Diane Parrotta | 1 |
| 2021-03-29 | 10:22 AM | Stephen Nevins | Diane Parrotta | 19 |
| 2021-03-29 | 2:07 PM | Trooper 1 | Diane Parrotta | 1 |
| 2021-03-29 | 2:08 PM | Diane Parrotta | Trooper 1 (PSU) | 15 |
| 2021-03-29 | 3:15 PM | Jesse McKinley, NYT | Diane Parrotta | 18 |
| 2021-03-29 | 3:36 PM | Jesse McKinley, NYT | Diane Parrotta (PSU) | 8 |
| 2021-03-29 | 3:45 PM | Jesse McKinley, NYT | Diane Parrotta | 26 |
| 2021-03-30 | 7:15 AM | Trooper 1 | Diane Parrotta | 1 |
| 2021-03-30 | 7:18 AM | Trooper 1 | Diane Parrotta | 2 |
| 2021-03-30 | 7:24 AM | Trooper 1 | Diane Parrotta | 14 |
| 2021-03-30 | 7:38 AM | Diane Parrotta | Trooper 1 (PSU) | 1 |
| 2021-03-30 | 9:35 AM | Stephen Nevins | Diane Parrotta | 1 |
| 2021-03-30 | 10:16 AM | Jesse McKinley, NYT | Diane Parrotta | 4 |
| 2021-03-30 | 10:50 AM | Stephen Nevins | Diane Parrotta | 1 |
| 2021-03-30 | 10:51 AM | Stephen Nevins | Diane Parrotta | 19 |
| 2021-03-30 | 1:39 PM | Diane Parrotta | Trooper 1 (PSU) | 1 |
| 2021-03-30 | 1:39 PM | Trooper 1 | Diane Parrotta | 1 |
| 2021-03-30 | 1:40 PM | Trooper 1 | Diane Parrotta | 21 |
| 2021-04-01 | 12:11 PM | Trooper 1 | Diane Parrotta | 3 |
| 2021-04-02 | 11:55 AM | Jesse McKinley, NYT | Diane Parrotta | 35 |
| 2021-04-02 | 4:03 PM | Sara Nathan NY Post | Diane Parrotta | 1 |
| 2021-04-02 | 4:05 PM | Sara Nathan NY Post | Diane Parrotta | 22 |
| 2021-04-02 | 4:28 PM | Sara Nathan NY Post | Diane Parrotta | 3 |
| 2021-04-02 | 4:48 PM | Sara Nathan NY Post | Diane Parrotta | 5 |
| 2021-04-02 | 5:09 PM | Sara Nathan NY Post | Diane Parrotta | 3 |
| 2021-04-07 | 9:56 AM | Stephen Nevins | Diane Parrotta | 16 |
| 2021-04-07 | 3:54 PM | Sara Nathan NY Post | Diane Parrotta | 2 |
| 2021-04-07 | 4:01 PM | Sara Nathan NY Post | Diane Parrotta | 1 |
| 2021-04-07 | 4:36 PM | Stephen Nevins | Diane Parrotta | 33 |

| 2021-04-07 | 5:27 PM | Trooper 1 | Diane Parrotta | 1 |
|---|---|---|---|---|
| 2021-04-07 | 5:27 PM | Trooper 1 | Diane Parrotta | 1 |
| 2021-04-07 | 5:27 PM | Trooper 1 | Diane Parrotta | 1 |
| 2021-04-07 | 5:28 PM | Trooper 1 | Diane Parrotta | 1 |
| 2021-04-07 | 5:59 PM | Fabricio Plaskocinski | Diane Parrotta | 2 |
| 2021-04-07 | 6:07 PM | Fabricio Plaskocinski | Diane Parrotta | 11 |
| 2021-04-07 | 5:28 PM | Trooper 1 | Diane Parrotta | 3 |
| 2021-04-08 | 8:11 AM | Trooper 1 | Diane Parrotta | 14 |
| 2021-04-08 | 8:46 AM | Trooper 1 | Diane Parrotta | 1 |
| 2021-04-08 | 8:47 AM | Trooper 1 | Diane Parrotta | 8 |
| 2021-04-08 | 2:49 PM | Fabricio Plaskocinski | Trooper 1 | 21 |
| 2021-04-08 | 11:42 AM | Trooper 1 | Diane Parrotta | 20 |
| 2021-04-08 | 3:33 PM | Fabricio Plaskocinski | Trooper 1 | 5 |
| 2021-04-08 | 3:38 PM | Fabricio Plaskocinski | Trooper 1 | 5 |
| 2021-04-08 | 12:45 PM | Trooper 1 | Diane Parrotta | 5 |
| 2021-04-08 | 2:10 PM | Diane Parrotta | Fabricio Plaskocinski | 38 |
| 2021-04-08 | 2:49 PM | Trooper 1 | Fabricio Plaskocinski | 21 |
| 2021-04-08 | 3:46 PM | Fabricio Plaskocinski | Diane Parrotta | 5 |
| 2021-04-08 | 3:33 PM | Trooper 1 | Fabricio Plaskocinski | 5 |
| 2021-04-08 | 3:38 PM | Trooper 1 | Fabricio Plaskocinski | 5 |
| 2021-04-08 | 4:08 PM | Stephen Nevins | Diane Parrotta | 3 |
| 2021-04-09 | 7:30 AM | Trooper 1 | Diane Parrotta | 8 |
| 2021-04-09 | 10:09 AM | Fabricio Plaskocinski | Trooper 1 | 14 |
| 2021-04-09 | 7:38 AM | Trooper 1 | Diane Parrotta | 48 |
| 2021-04-09 | 2:09 PM | Fabricio Plaskocinski | Trooper 1 | 1 |
| 2021-04-09 | 10:00 AM | Trooper 1 | Diane Parrotta | 9 |
| 2021-04-09 | 2:11 PM | Fabricio Plaskocinski | Trooper 1 | 20 |
| 2021-04-09 | 10:09 AM | Trooper 1 | Fabricio Plaskocinski | 14 |
| 2021-04-09 | 1:31 PM | Diane Parrotta | Fabricio Plaskocinski | 13 |
| 2021-04-09 | 1:45 PM | Stephen Nevins | Diane Parrotta | 1 |
| 2021-04-09 | 1:46 PM | Stephen Nevins | Diane Parrotta | 1 |
| 2021-04-09 | 2:11 PM | Trooper 1 | Fabricio Plaskocinski | 20 |
| 2021-04-09 | 4:53 PM | Stephen Nevins | Diane Parrotta | 33 |
| 2021-04-09 | 9:35 AM | Fabricio Plaskocinski | Diane Parrotta | 17 |
| 2021-04-12 | 7:05 AM | Trooper 1 | Diane Parrotta | 20 |
| 2021-04-12 | 7:33 AM | Trooper 1 | Diane Parrotta | 6 |
| 2021-04-12 | 2:14 PM | Stephen Nevins | Fabricio Plaskocinski | 20 |
| 2021-04-12 | 2:33 PM | Stephen Nevins | Fabricio Plaskocinski | 1 |
| 2021-04-12 | 3:19 PM | Trooper 1 | Diane Parrotta | 1 |
| 2021-04-12 | 3:32 PM | Trooper 1 | Diane Parrotta | 12 |
| 2021-04-12 | 6:22 PM | Trooper 1 | Diane Parrotta | 2 |
| 2021-04-15 | 11:35 AM | Ronan Farrow | Diane Parrotta | 1 |
| 2021-04-15 | 11:41 AM | Jesse McKinley, NYT | Diane Parrotta | 1 |
| 2021-04-16 | 10:55 AM | Trooper 1 | Diane Parrotta | 13 |

| 2021-04-22 | 2:52 PM | Ronan Farrow | Diane Parrotta | 1 |
| 2021-04-22 | 2:56 PM | Ronan Farrow | Diane Parrotta | 1 |
| 2021-04-26 | 7:20 AM | Trooper 1 | Diane Parrotta | 1 |
| 2021-04-27 | 11:46 AM | Trooper 1 | Diane Parrotta | 4 |
| 2021-04-27 | 12:19 PM | Trooper 1 | Diane Parrotta | 15 |
| 2021-04-28 | 1:43 PM | Stephen Nevins | Diane Parrotta | 22 |
| 2021-04-29 | 3:18 PM | Jesse McKinley, NYT | Diane Parrotta | 14 |
| 2021-04-30 | 9:50 AM | Trooper 1 | Diane Parrotta | 4 |
| 2021-04-30 | 10:28 AM | Trooper 1 | Diane Parrotta | 3 |
| 2021-05-03 | 1:32 PM | Stephen Nevins | Diane Parrotta | 17 |
| 2021-05-03 | 1:48 PM | Trooper 1 | Diane Parrotta | 1 |
| 2021-05-03 | 1:50 PM | Trooper 1 | Diane Parrotta | 11 |
| 2021-05-03 | 2:49 PM | Jesse McKinley, NYT | Diane Parrotta | 3 |
| 2021-05-05 | 11:29 AM | Diane Parrotta | Trooper 1 (PSU) | 13 |
| 2021-05-05 | 2:51 PM | Stephen Nevins | Trooper 1 (PSU) | 22 |
| 2021-05-06 | 2:12 PM | Trooper 1 | Diane Parrotta | 1 |
| 2021-05-06 | 2:13 PM | Trooper 1 | Diane Parrotta | 7 |
| 2021-05-06 | 2:23 PM | Jesse McKinley, NYT | Diane Parrotta | 1 |
| 2021-05-06 | 2:36 PM | Jesse McKinley, NYT | Diane Parrotta | 12 |
| 2021-05-10 | 8:48 AM | Diane Parrotta | Trooper 1 (PSU) | 3 |
| 2021-05-11 | 10:18 AM | Diane Parrotta | Trooper 1 (PSU) | 14 |
| 2021-05-14 | 11:23 AM | Fabricio Plaskocinski | Trooper 1 | 2 |
| 2021-05-16 | 8:29 AM | Jesse McKinley, NYT | Diane Parrotta | 1 |
| 2021-05-17 | 12:42 PM | Jesse McKinley, NYT | Diane Parrotta | 1 |
| 2021-05-18 | 9:49 AM | Jesse McKinley, NYT | Diane Parrotta | 9 |
| 2021-05-19 | 8:20 AM | Diane Parrotta | Trooper 1 (PSU) | 1 |
| 2021-05-19 | 4:05 PM | Trooper 1 | Diane Parrotta | 1 |
| 2021-05-19 | 4:19 PM | Trooper 1 | Diane Parrotta | 10 |
| 2021-05-19 | 4:19 PM | Trooper 1 | Diane Parrotta | 1 |
| 2021-06-08 | 7:12 AM | Fabricio Plaskocinski | Diane Parrotta | 37 |
| 2021-06-11 | 10:35 AM | Diane Parrotta | Trooper 1 (PSU) | 1 |
| 2021-06-11 | 10:38 AM | Diane Parrotta | Trooper 1 (PSU) | 1 |
| 2021-06-14 | 3:15 PM | Stephen Nevins | Diane Parrotta | 24 |
| 2021-06-16 | 8:05 AM | Trooper 1 | Diane Parrotta | 1 |
| 2021-06-16 | 8:49 AM | Diane Parrotta | Trooper 1 (PSU) | 5 |
| 2021-06-17 | 11:53 AM | Trooper 1 | Diane Parrotta | 2 |
| 2021-06-28 | 11:14 AM | Diane Parrotta | Trooper 1 | 1 |
| 2021-06-28 | 11:53 AM | Diane Parrotta | Trooper 1 (PSU) | 4 |
| 2021-06-28 | 11:56 AM | Trooper 1 | Diane Parrotta | 1 |
| 2021-06-28 | 12:01 PM | Trooper 1 | Diane Parrotta | 5 |
| 2021-06-29 | 12:41 PM | Diane Parrotta | Diane Parrotta | 1 |
| 2021-06-30 | 10:30 AM | Trooper 1 | Diane Parrotta | 1 |
| 2021-07-17 | 1:18 PM | Stephen Nevins | Diane Parrotta | 14 |
| 2021-08-03 | 12:50 PM | Diane Parrotta | Fabricio Plaskocinski | 1 |

| 2021-08-03 | 5:29 PM | Diane Parrotta | Fabricio Plaskocinski | 18 |
|---|---|---|---|---|
| 2021-08-03 | 8:04 PM | Stephen Nevins | Trooper 1 (PSU) | 12 |
| 2021-08-03 | 5:19 PM | Fabricio Plaskocinski | Diane Parrotta | 1 |
| 2021-08-03 | 5:29 PM | Fabricio Plaskocinski | Diane Parrotta | 18 |
| 2021-08-04 | 7:32 AM | Diane Parrotta | Trooper 1 | 46 |
| 2021-08-07 | 12:18 PM | Diane Parrotta | Diane Parrotta (PSU) | 2 |
| 2021-08-08 | 8:28 AM | Trooper 1 | Diane Parrotta | 1 |
| 2021-08-08 | 8:29 AM | Diane Parrotta | Trooper 1 (PSU) | 1 |
| 2021-08-09 | 1:27 PM | Diane Parrotta | Trooper 1 (PSU) | 4 |
| 2021-08-09 | 1:32 PM | Diane Parrotta | Trooper 1 (PSU) | 21 |
| 2021-08-10 | 1:04 PM | Diane Parrotta | Trooper 1 (PSU) | 6 |
| 2021-08-12 | 8:07 AM | Stephen Nevins | Diane Parrotta | 23 |
| 2021-08-13 | 11:48 AM | Trooper 1 | Diane Parrotta | 1 |
| 2021-08-13 | 11:49 AM | Trooper 1 | Diane Parrotta | 2 |
| 2021-08-13 | 11:49 AM | Trooper 1 | Diane Parrotta | 3 |
| 2021-08-13 | 11:52 AM | Trooper 1 | Diane Parrotta | 1 |
| 2021-08-13 | 12:00 PM | Brendan Lyons | Diane Parrotta | 4 |
| 2021-08-16 | 10:28 AM | Brendan Lyons | Diane Parrotta | 15 |
| 2021-08-16 | 12:09 PM | Diane Parrotta | Trooper 1 | 1 |
| 2021-08-16 | 1:45 PM | Trooper 1 | Diane Parrotta | 1 |
| 2021-08-17 | 12:59 PM | Diane Parrotta | Trooper 1 (PSU) | 6 |
| 2021-08-21 | 4:30 PM | Brendan Lyons | Diane Parrotta | 1 |
| 2021-08-21 | 4:30 PM | Brendan Lyons | Diane Parrotta | 1 |
| 2021-08-21 | 4:30 PM | Brendan Lyons | Diane Parrotta | 9 |
| 2021-08-22 | 2:52 PM | Stephen Nevins | Diane Parrotta | 61 |
| 2021-08-24 | 12:28 PM | Trooper 1 | Diane Parrotta | 14 |
| 2021-08-26 | 10:47 AM | Trooper 1 | Diane Parrotta | 1 |
| 2021-08-26 | 11:32 AM | Diane Parrotta | Trooper 1 (PSU) | 1 |
| 2021-08-31 | 2:30 PM | Stephen Nevins | Trooper 1 | 10 |
| 2021-09-24 | 2:24 PM | Stephen Nevins | Trooper 1 | 4 |

Exhibit B

Trooper 1

4/27/2021 12:02:03 PM
This Friday?!

Trooper 1

4/27/2021 12:02:47 PM
Yeah rumor in the field is promotions
coming soon

Trooper 1

4/27/2021 12:02:57 PM
Is Maria getting promoted? Someone said
maybe senior for CJ

Trooper 1

4/27/2021 12:03:53 PM
Well side note- Well if you want a pep talk-
talk to Major Nevins LOL . He wants
everyone to do the right thing. I spoke to
him before and after mine he's like get out
if Psu- If you need me to make a phone
call I'll get you anywhere and give you a
recommendation. He's real troop F mafia
... sooo if you want jttf— LOL

Trooper 1

4/27/2021 12:05:02 PM
You should talk to him to make the
connection.

Kyle Shillingford (Owner)

4/27/2021 12:15:30 PM
I will have to.

Kyle Shillingford (Owner)

4/27/2021 12:16:35 PM
I don't think she is right now. I'm still jot
sure what the plan is with the judge

Trooper 1

4/27/2021 12:17:37 PM
Did Chris do his interview yet?

Trooper 1

**4/27/2021 12:17:50 PM**
I saw dave after mine- dave said AG keeps pushing his back 🙄

Kyle Shillingford (Owner)

**4/27/2021 12:20:46 PM**
Uh oh. Chris only said that they contacted him not that he had his interview.

Trooper 1

**4/27/2021 12:26:04 PM**

Trooper 1

**4/27/2021 12:26:10 PM**
Interesting

Kyle Shillingford (Owner)

**4/27/2021 12:26:22 PM**
He could've had it, But he didn't tell me

Trooper 1

**4/27/2021 12:27:10 PM**
Yeah true

Trooper 1

**4/27/2021 12:43:42 PM**
Side note- I think Steve doing walk thru and synagogue in BK. He might go to tomorrow. Guess ppl are attacking jews in city

Kyle Shillingford (Owner)

**4/27/2021 12:44:25 PM**
Yea I did one last week and I thought that's where we were going tomorrow

Kyle Shillingford (Owner)

**5/3/2021 5:42:58 PM**
Call me when you get a chance

Trooper 1

**5/5/2021 9:34:00 AM**
Hi friend

Shillingford-0362

Kyle Shillingford (Owner)

**5/5/2021 9:46:22 AM**
Hi

**Trooper 1**

**5/5/2021 9:47:32 AM**
Did you do your interview yet? I heard Maria is doing hers Friday

**Trooper 1**

**5/5/2021 9:47:37 AM**
Chris still hasn't gone

Kyle Shillingford (Owner)

**5/5/2021 9:48:47 AM**
I did mine yesterday. That's why I tried hitting you up Monday,

**Trooper 1**

**5/5/2021 9:49:03 AM**
Emphasized "I did mine yesterday. That's why I tried hitting you up Monday."

**Trooper 1**

**5/5/2021 9:49:09 AM**
Wtf why don't I get your message

**Trooper 1**

**5/5/2021 9:49:22 AM**
I need a new li one

**Trooper 1**

**5/5/2021 9:49:25 AM**
Phone.

**Trooper 1**

**5/5/2021 9:49:33 AM**
6S ain't working too well

Kyle Shillingford (Owner)

**5/5/2021 9:49:54 AM**
Yea I called and texted booooo you

Kyle Shillingford (Owner)

**5/5/2021 9:50:21 AM**
Well it's done now and in gods hands

**Trooper 1**

**5/5/2021 9:50:31 AM**
Wowwwww- hate life. I want the tea!!! I'm with Phil right now. So can't talk on phone

Kyle Shillingford (Owner)

**5/5/2021 9:50:51 AM**
Well you have a chance call me

**Trooper 1**

**5/5/2021 9:50:58 AM**
Liked "Well you have a chance call me "

Kyle Shillingford (Owner)

**5/5/2021 9:50:58 AM**
When

**Trooper 1**

**5/5/2021 9:51:44 AM**
When we drop this creep off at 633 I'll call you

Kyle Shillingford (Owner)

**5/5/2021 9:52:10 AM**
Definitely

**Trooper 1**

**5/5/2021 3:38:52 PM**
I spoke to Nevins. I told him how you had a pair of balls and did the right thing. He said tell Kyle to give me a call anytime it's a team effort. Give him a run down and he'll have respect for you and help you get out of here lol
*<Major Nevins.vcf>*

**Trooper 1**

**5/5/2021 3:39:26 PM**
Call him tomorrow when you're sober lol

Kyle Shillingford (Owner)

**5/5/2021 3:40:11 PM**
Ha thank you.

**Trooper 1**

**5/5/2021 3:45:20 PM**
The heart of Real Troop F mafia.

Kyle Shillingford (Owner)

**5/5/2021 3:46:02 PM**
Of course. We got our own.

**Trooper 1**

**5/6/2021 1:57:33 PM**
Did you call Nevins yet 🔎

Kyle Shillingford (Owner)

**5/6/2021 2:02:16 PM**
About to in a little bit.

**Trooper 1**

**5/6/2021 2:02:23 PM**
Loved "About to in a little bit. "

Kyle Shillingford (Owner)

**5/6/2021 2:37:32 PM**
I called

**Trooper 1**

**5/6/2021 2:46:24 PM**
!!!!

**Trooper 1**

**5/6/2021 2:46:45 PM**
How did it go? He have big respect for you? He probably told you to transfer right?

Kyle Shillingford (Owner)

**5/6/2021 2:48:04 PM**
Yea he said I came too early which we all know we did but it was a means to make investigator. And yea he has big respect for all of us who spoke

Shillingford-0365

Kyle Shillingford (Owner)

**5/6/2021 2:48:09 PM**
He was cool

Kyle Shillingford (Owner)

**5/6/2021 2:48:39 PM**
Said if I need a reference let him know.

 Trooper 1

**5/6/2021 2:49:02 PM**
🏅🏅YES!

Trooper 1

**5/6/2021 2:49:45 PM**
Good. Connection made. He's a good card to have in our back pocket

Kyle Shillingford (Owner)

**5/6/2021 2:50:40 PM**
Yes it is. He was like it was smart to say aviation

Trooper 1

**5/6/2021 2:51:03 PM**
Oh! Mary got a call from Joon

Kyle Shillingford (Owner)

**5/6/2021 2:51:29 PM**
I did my job ;)

Trooper 1

**5/6/2021 2:51:33 PM**
Loved "I did my job ;)"

Trooper 1

**5/6/2021 2:51:51 PM**
I think she'll be to scared. I'll have zero respect for her if she tries to cover for gac/ SL

Kyle Shillingford (Owner)

**5/6/2021 2:52:24 PM**
I know. She prob will.

Shillingford-0366