**GLAVIN.**

Glavin PLLC
156 W. 56ᵗʰ Street, Suite 2004
New York, NY 10019

glavinpllc.com
646.693.5505

January 31, 2025

**VIA ECF**

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**    ***Trooper 1 v. NYSP et al.*, 22-cv-893 (LDH) (TAM)**

Dear Judge Merkl:

We write in opposition to Lindsey Boylan's objections concerning Governor Cuomo's Rule 45 subpoena for her deposition. T1 ECF No. 305. For the past two years, Ms. Boylan has thrown up every conceivable roadblock to avoid providing discovery. This Court has already ruled that Ms. Boylan is a relevant witness and that depositions of nonparties—including Ms. Boylan—should proceed. Nevertheless, Ms. Boylan makes the same relevance arguments that this Court already rejected. Apparently recognizing that her prior arguments are meritless, as Trooper 1 continues to rely on Ms. Boylan's allegations—which relate to alleged interactions over the course of two-and-a-half years—Ms. Boylan now attempts another litigation gambit, ████████████ ████████████████████████████████████████████████ Ms. Boylan's arguments for why she cannot be deposed, both old and new, fail.[1]

**I.    Ms. Boylan's Testimony Is Relevant**

Ms. Boylan ignores that this Court concluded that her deposition "is relevant and proportional to the needs of the case." T1 ECF No. 218 at 7. The Court found that discovery from Ms. Boylan is relevant because Trooper 1's pleading included the allegations of multiple nonparty complainants, including Ms. Boylan, who the Court noted "is squarely in the case." Tr. of Civil Cause for Status Conf. Before the Honorable Taryn A. Merkl U.S. Magistrate Judge, 10:9-12, Jan. 11, 2024, T1 ECF No. 226 ("Jan. 11, 2024 Tr."). Indeed, the Court noted that testing the truth of whether Ms. Boylan resigned because of alleged harassment[2] and exploring whether Ms. Boylan threatened a witness in connection with the OAG investigation are relevant and proportionate discovery. Sept. 26, 2023 Tr. at 67:10-14, 70:2-4. Nothing has changed as Trooper 1 continues to rely on both Ms. Boylan's allegations and the OAG Report.

---

[1] Ms. Boylan's argument about Governor Cuomo not tendering the required witness fee should be rejected for the same reasons asserted in Governor Cuomo's response to the objections filed by Brittany Commisso, Alyssa McGrath, and Virginia Limmiatis. Ms. Boylan's counsel accepted service of subpoenas without any objection and never raised the issue despite extensive briefing and multiple meet and confers with Governor Cuomo's counsel. In any event, Governor Cuomo cured this issue by sending a copy of the subpoena with a witness fee check on January 27, 2025.

[2] Counsel for Ms. Boylan conceded Governor Cuomo's counsel "could ask about that." Tr. of Civil Cause for Status Conf. Before the Honorable Taryn A. Merkl U.S. Magistrate Judge, 67:24-25, Sept. 26, 2023 ("Sept. 26, 2023 Tr.").

Hon. Taryn A. Merkl
January 31, 2025
Page 2 of 6

Ms. Boylan incorrectly asserts that her deposition is not relevant because it only seeks collateral impeachment evidence. Ms. Boylan's allegations against Governor Cuomo are included in Trooper 1's complaint and her name appears more than 30 times. As the Court recognized, this "isn't just average impeachment of a person who is like a bystander. [Trooper 1's counsel] is seeking to use these other victims and complainants, as they are characterized in the papers, to establish this hostile culture around Governor Cuomo. That's not a sort of minor third-party witness." Sept. 26, 2023 Tr. at 66:16-21.

Likewise, Ms. Boylan's rehashed argument that her testimony is unnecessary because she testified to OAG investigators and produced documents is unavailing. Ms. Boylan deleted most of her communications and used auto-deleting messaging platforms, which means that the OAG investigators never obtained or reviewed most of her communications. Indeed, during a meet and confer on November 12, 2024, Ms. Boylan's counsel acknowledged that, in ordinary course, and in response to allegedly being "traumatized," Ms. Boylan deleted her communications concerning Governor Cuomo and used auto-delete functions.[3] Nevertheless, Governor Cuomo obtained some of Ms. Boylan's communications from other witnesses, which confirms that she used her allegations against Governor Cuomo as a campaign tool and pressured others to accuse Governor Cuomo of misconduct. *See, e.g.*, T1 ECF Nos. 98-2, 178 at 3-5. Moreover, Governor Cuomo is not required to rely on an inadequate deposition taken by OAG investigators, particularly since discovery has confirmed that the OAG investigation was woefully incomplete.[4]

## II.    The Deposition Subpoena Is Not Unduly Burdensome or Designed to Harass

Ms. Boylan is a relevant witness in this case because of her own choices to put herself front and center in the public allegations against Governor Cuomo and Trooper 1's decision to rely on Ms. Boylan's allegations. To distract from that, Ms. Boylan frames her deposition as a tool of harassment or traumatization.[5] However, "'[i]t is well recognized that entirely prohibiting the taking of an oral deposition is very unusual.'" *Hong v. Mommy's Jamaican Mkt. Corp.*, 2022 WL 9476466, at *1 (S.D.N.Y. Oct. 14, 2022) (quoting *Rekor Sys., Inc. v. Loughlin*, 2022 WL 488941, at *1 (S.D.N.Y. Feb. 17, 2022)). Demonstrating good cause for a protective order preventing an oral deposition requires a moving party to demonstrate that a "'clearly defined, specific and serious

---

[3] For example, Ms. Boylan failed to produce hundreds of messages she collectively exchanged with other complainants (and others) relating to allegations of sexual harassment or other misconduct against Governor Cuomo. Governor Cuomo only knows of these messages because of document subpoenas. A deposition is necessary to understand the contents of highly relevant and since-deleted communications and why and how those messages were deleted.

[4] Ms. Boylan made this argument prior to the Court's January 16, 2024 order requiring Ms. Boylan's deposition.

[5] Ms. Boylan's characterizations of this Court's previous statements and discovery disputes are replete with misrepresentations. Ms. Boylan asserts that this Court stated that Governor Cuomo sought salacious and personal information about a past sexual relationship, which was "beyond the pale." The Court's comment was actually about whether routine work emails between Ms. Boylan and Howard Zemsky would be relevant. Jan. 11, 2024 Tr. at 74:5-6. Ms. Boylan also cites the Court's warning to *Plaintiff's counsel* concerning the scope of her case and attributes it to the Court curbing Governor Cuomo. *Id.* at 80:20-24. Ms. Boylan further asserts that Governor Cuomo "blew past" Rule 30. Wrong again. Governor Cuomo properly raised that dispute with the Court after a meet and confer process with Plaintiff's counsel and before surpassing the deposition limit under Rule 30. *See* T1 ECF Nos. 294, 295.

Hon. Taryn A. Merkl
January 31, 2025
Page 3 of 6

injury' will occur in the absence of such an order.'" *Hong*, 2022 WL 9476466, at *1 (quoting *Qube Films Ltd. v. Padell*, 2015 WL 109628, at *2 (S.D.N.Y. Jan. 5, 2015)).

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████

The high burden required to quash a deposition subpoena is an important guardrail. ████

████████████████████████████████████████████
████████████████████ Ms. Boylan had provided testimony, without incident, to OAG investigators.[7] She has also taken every opportunity to publicly engage about Governor Cuomo as

---

[6] ████████████████████████████████████████

[7] Lindsey Boylan Video Testimony, (May 20, 2021), https://ag.ny.gov/CuomoIndependentInvestigation/lindsey-boylan-video-testimony.

Hon. Taryn A. Merkl
January 31, 2025
Page 4 of 6

she: campaigned for political office based on her allegations; gave public interviews about her allegations;[8] wrote an essay and book about her allegations; communicated with dozens of people (if not more) about her allegations; and threatened more than one material witness. Ms. Boylan continues to post about Governor Cuomo on a near-constant basis on social media platforms. *See, e.g.*, Exhibit A.[9]

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████

## III.    There Is No Reason to Impose Limitations or Restrictions on Ms. Boylan's Deposition

Ms. Boylan requests to be deposed via written questions. But, as expressed to the Court, written question are not sufficient because written questions (i) do "not permit the probing follow-up questions necessary," (ii) do not permit "counsel . . . to observe the demeanor of the witness and evaluate [her] credibility in anticipation of trial," and (iii) would allow Ms. Boylan's "counsel to assist [her] in providing answers so carefully tailored that they are likely to generate additional discovery disputes." *See Mill–Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 549 (S.D.N.Y. 1989). The latter point is significant. Briefing concerning the taking of discovery from Ms. Boylan has been extensive. An actual deposition will end these wasteful discovery disputes.

This Court should also reject Ms. Boylan's request that the Court (i) limit her deposition to the topics of the permissible document requests in the Court's January 16, 2024 order;[11] (ii) limit

---

[8] *See, e.g.*, Lindsey Boylan EXCLUSIVE: Women Are TOOLS To Andrew Cuomo, YouTube (June 2, 2021), https://www.youtube.com/watch?v=NUJmE_LUgEk.

[9] Relatedly, at a conference before this Court, Ms. Boylan's counsel stated "Just to be very clear, Ms. Boylan stands by all of her allegations. She's not embarrassed by her allegations. She's not worried that she's going to be made to look like a liar for having accused the Former Governor of harassment . . ." Sept. 26, 2023 Tr. at 63:5-11.

[10] ███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████

[11] This includes: Ms. Boylan's allegations of sexual harassment or other misconduct against Governor Cuomo; her communications with other complainants about the same topics; Ms. Boylan's communications with Governor

Hon. Taryn A. Merkl
January 31, 2025
Page 5 of 6

the deposition to two hours; and (iii) order the deposition to occur via Zoom. Ms. Boylan fails to meet her burden to establish good cause, pursuant to Federal Rule of Civil Procedure 26(c), for any of her proposed limitations. This is particularly true because—since the Court's ruling on the limitation on Ms. Boylan's document subpoena more than a year ago (which Governor Cuomo is appealing)—we have additional evidence confirming the critical role Ms. Boylan played in coordinating others to come forward with allegations against Governor Cuomo and orchestrating a public relations strategy against Governor Cuomo. Indeed, Ms. Boylan communicated with Trooper 1's closest friend on the PSU after the OAG investigation began.

*First*, regarding Ms. Boylan's conclusory assertion that her deposition should be limited to particular topics, where a deponent, like Ms. Boylan, "offers a single conclusory sentence requesting that the Court limit the scope of the deposition without providing any justification for why such a protective order is necessary," courts have found good cause under Rule 26(c) lacking. *See Oakley v. MSG Networks, Inc.*, 2024 WL 4859024, at *5 (S.D.N.Y. Nov. 21, 2024).[12]

*Second,* a seven-hour deposition of Ms. Boylan is proportional to the needs of this case. There is a lot to cover in her deposition, including her allegations of sexual harassment and her frequent communications with reporters, political operatives, material witnesses, and complainants. This is true even if Ms. Boylan's proposed subject limitations are used. The questioning will take additional time because Ms. Boylan deleted most of her communications. Moreover, the single out-of-circuit case Ms. Boylan cites is completely distinguishable, as it limited the duration of a deposition because it would place a burden on a government official's ability to perform his duties. *Odom v. Roberts*, 337 F.R.D. 359, 366 (N.D. Fla. 2020).

*Third*, Ms. Boylan, a New York City resident, fails to show good cause for her deposition to occur via Zoom. "In general, 'the party noticing the deposition usually has the right to choose the location.'" *Sabhnani v. Mirage Brands, LLC*, 2022 WL 16965009, at *1 (E.D.N.Y. Nov. 16, 2022) (citation and quotation marks omitted). Ms. Boylan's desire to sit by Zoom ███████████████████████████████ ████████[13] is not supported by caselaw.[14] The duration of Ms. Boylan's allegations over several years, her deletion of documents, her extensive communications with others (including her threats), her coordination efforts, and the need to go through many documents necessitate an in-person deposition with the attorneys present.

For the foregoing reasons, a seven-hour in-person deposition of Ms. Boylan is warranted.

---

Cuomo; and any videos, images or photographs of Governor Cuomo and Ms. Boylan (and any related documents or communications). T1 ECF No. 218.

[12] Ms. Boylan's reliance on a single case from more than 75 years ago is misplaced. In that case, after a deposition occurred and a motion to compel a witness to answer 422 questions was filed, the court found 37 out of 422 questions that a witness refused to answer were not relevant. *See Broadway & Ninety-Sixth St. Realty Co. v. Loew's, Inc.*, 21 F.R.D. 347, 354 (S.D.N.Y. 1958).

[13] Governor Cuomo has agreed to hold the deposition at a location convenient to Ms. Boylan and confirmed that Governor Cuomo will not be present during her deposition. ████████████████████████████ ████████████████████

[14] Ms. Boylan's singular citation is of no help. In *PC-1 DOE v. Poly Prep Country Day School*, the court ordered a remote deposition because a plaintiff "identified a number of specific risks to an in-person deposition" due to the then widespread COVID-19 pandemic. 2022 WL 420619, at *1 (E.D.N.Y. Jan. 20, 2022).

Hon. Taryn A. Merkl
January 31, 2025
Page 6 of 6

Respectfully submitted,

*/s/ Rita M. Glavin*
Rita M. Glavin