

E. DANYA PERRY
Founding Partner
212-840-7939 PHONE
dperry@danyaperrylaw.com EMAIL

**FILED UNDER SEAL**

**VIA ECF**  January 17, 2025

Hon. Taryn A. Merkl
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Trooper 1 v. NYSP et al.*, 22-cv-893 (LDH) (TAM)
    **Motion to Quash Deposition Subpoena or for a Protective Order**

Dear Judge Merkl:

  Andrew Cuomo blames Lindsay Boylan for his self-inflicted downfall. His campaign of retaliatory, taxpayer-funded litigation has already cost Ms. Boylan over a million dollars and untold anguish. Now Mr. Cuomo seeks to humiliate and retraumatize her with an unbounded deposition in a lawsuit brought by a plaintiff whom Ms. Boylan cannot even identify.

  This Court has already cautioned against "retraumatiz[ing]" nonparties through discovery, and it has had to restrain Mr. Cuomo's overreach—describing his salacious inquiries into Ms. Boylan's personal life as "beyond the pale" and disallowing many of his intrusive document requests as neither relevant nor proportionate. Jan. 11, 2024 Hearing Tr., ECF No. 226 at 74:5-6 & 80:20-24; *see also* ECF Nos. 218, 220 (document discovery orders). An unbounded deposition would be even worse. The attached declaration from ▓▓▓▓▓▓▓▓▓▓▓▓ (▓▓▓▓▓▓▓▓▓ Exhibit A) shows that subjecting her to prolonged, in-person, limitless interrogation would ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

  This Court should quash Mr. Cuomo's deposition subpoena because a deposition would impose undue burden and inflict "clearly defined injury" for no valid discovery purpose. This Court should also quash because Mr. Cuomo violated FRCP 45(b)(1) by failing to tender the required witness fee. If this Court thinks Ms. Boylan has anything relevant to say, it should order a deposition on written questions under FRCP 31—the solution that this Court proposed in its December 10 discovery conference. But as this Court already provided: any deposition, written or oral, should be "limited as to time and topics." ECF No. 220 (document discovery order) at p. 11.

*Mr. Cuomo Will Not Accept Limitations Without this Court's Intervention*

  In a meet and confer earlier this week, Mr. Cuomo's counsel confirmed that he will not accept any limitations on topics, and will not agree to anything less than a seven-hour, in-person deposition. This Court should once again step in to restrain his abuses.

  From the start, Mr. Cuomo has sought much more than the information he needs to defend himself—and all for improper purposes. In 2022, after two independent investigations[1] confirmed

---

[1] A Department of Justice investigation later reached the same conclusion. *See* U.S. Department of Justice, *Justice Department Secures Settlement Agreement with State of New York Executive Chamber to Resolve Sexual Harassment and Retaliation Claims Under Title VII* (Jan. 26. 2024), https://tinyurl.com/5537a8ps.

that Andrew Cuomo harassed Ms. Boylan, his counsel gave the game away: "He can't move on."[2] Mr. Cuomo seeks to "go out and re-create" the investigations and to punish his accusers.[3]

After Ms. Boylan first reported Mr. Cuomo's harassment, and as the New York Attorney General found,[4] Mr. Cuomo launched a brutal retaliation campaign, including unlawfully releasing Ms. Boylan's personnel records to the press; writing a disparaging draft op-ed that was widely shared with current and former Executive Chamber employees and the press;[5] and unleashing his agents to accuse Ms. Boylan of deceitfulness, bullying, and adultery.[6]

Discovery is just another tool that Mr. Cuomo has used to harass Ms. Boylan. First, he subpoenaed the OAG and AJC investigatory files.[7] Next, he issued testimonial and document subpoenas to Ms. Boylan. *See* ECF No. 218 at 5-6 (discovery order). Then he served a rash of additional subpoenas seeking intrusive, personal, and irrelevant information from Ms. Boylan's former employers and other nonparties. *See id.* at 7-8. At last count, between this case and the parallel *Bennett v. Cuomo et al*, 22-7846 (S.D.N.Y.), Mr. Cuomo has issued no fewer than 25 nonparty subpoenas to and related to Ms. Boylan, seeking everything from her personal cellphone records to information about her purported sexual history and material relating to her political campaigns.

This Court held the line on Mr. Cuomo's abusive discovery practices, rejecting eleven of his sixteen document requests to Ms. Boylan as "so, so afield from the issues in this case. . . ." Jan. 11, 2024 Hearing Tr., ECF No. 226 at 32:20-21. The Court allowed discovery only of allegations of sexual harassment and other misconduct that Ms. Boylan made against Mr. Cuomo; communications with other nonparty complainants and with Karen Hinton about Mr. Cuomo; videos, images, or photographs of Mr. Cuomo; and communications with Mr. Cuomo. ECF No. 218 (discovery order). And the Court disallowed multiple third-party subpoenas—including one that sought information about Ms. Boylan's alleged prior sexual relationship, a request this Court described as "totally, totally far afield … just beyond the pale." Jan. 11, 2024 Hearing Tr., ECF No. 226 at 74:5-6.[8]

### *Ms. Boylan Cannot Sustain Mr. Cuomo's Intrusive, Retraumatizing Deposition*

Because of Mr. Cuomo's inappropriate tactics, this Court has had to subject "discovery in this case" to a "higher level of judicial oversight than is typically necessary." ECF No. 220 (document discovery order) at pg. 7. Ms. Boylan seeks that oversight, and this Court's intervention.

---

[2] Luis Ferré-Sadurní & Grace Ashford, *An Emboldened Cuomo Takes Swings at Accusers and Investigators*, N.Y. TIMES (Jan. 13, 2022), https://tinyurl.com/yv37c868.
[3] Feb. 7, 2023 Hearing Tr., ECF No. 25 at 95:1-9, *Cuomo v. Office of the N.Y. State Att'y Gen.*, No. 22-mc-03044 (LDH) (TAM) (E.D.N.Y.).
[4] State of New York, Office of the Attorney General, *Independent Investigators Find Governor Cuomo Sexually Harassed Multiple Women, Violated State and Federal Laws* (Aug. 3. 2021), https://tinyurl.com/msbd8s3d.
[5] State of New York, Office of the Attorney General, *Report of Investigation into Allegations of Sexual Harassment by Governor Andrew M. Cuomo* 10 (Aug. 3, 2021), https://tinyurl.com/4cjstvn8.
[6] *See, e.g.*, Carl Campanile & Bruce Golding, *Andrew Cuomo Lawyer Levels Accusations of Her Own Against Alleged Victim Lindsey Boylan*, N.Y. POST (Jan. 13, 2022), https://tinyurl.com/3x5wuc7v.
[7] *See Cuomo v. Office of the N.Y. State Att'y Gen.*, No. 22-mc-3044 (LDH) (TAM) (E.D.N.Y.); *Cuomo v. The N.Y. State Assembly Judiciary Comm.*, No. 22-mc-3027 (LDH) (TAM) (E.D.N.Y.).
[8] Mr. Cuomo's pattern of overreach extends beyond Ms. Boylan. The Court found it "gravely troubling" when Mr. Cuomo circumvented this Court's authority by obtaining Trooper 1's phone records through the parallel *Bennett* case. ECF No. 220 (document discovery order) at p. 7. Just last month, the Court intervened yet again when Mr. Cuomo blew past Rule 30 by attempting to take 19 additional depositions without leave. *See* ECF No. 295.

**FILED UNDER SEAL**



***The Deposition Subpoena Will Inflict Serious Injury for No Valid Discovery Purpose***

The Court has acknowledged the "damage" done when "survivors of sexual harassment," like Ms. Boylan, are "retraumatized through a discovery process. . . ." Jan. 11, 2024 Hearing Tr., ECF No. 226 at 80:20-24. Since a deposition will seriously harm Ms. Boylan for no good discovery purpose, this Court should quash the subpoena.

The threatened interrogation will impose significant, specific harm on Ms. Boylan. "[J]udges may prevent" a deposition that "creates an inappropriate burden or hardship." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 70 (2d Cir. 2003). In *Fappiano v. City of New York*, the Second Circuit affirmed quashal of a deposition subpoena that would have forced a sexual assault survivor to relive "past trauma." 640 F. App'x 115, 121 (2d Cir. 2016). And courts in the Second Circuit have found good cause to block depositions that would pose a tangible threat to witness health. *See, e.g., Sperano v. Invacare Corp.*, 2006 WL 8456080, at *1 (W.D.N.Y. Apr.

3

**FILED UNDER SEAL**

13, 2006), *aff'd*, 2006 WL 3524483 (W.D.N.Y. Dec. 6, 2006) (allowing only written questions where "the stresses of a deposition may have substantial risks resulting in irreversible physical and emotional harm from seizures"); *In re McCorhill Pub., Inc.*, 91 B.R. 223, 225 (Bkrty. S.D.N.Y. 1988) (granting protective order because deposition would impose health risk); *Walsh v. Pullman Co.*, 10 F.R.D. 77, 79 (S.D.N.Y. 1948) (granting protective order and postponing deposition because of deponent's illness); *see also Frideres v. Schiltz*, 150 F.R.D. 153 (S.D. Iowa 1993) (conditionally quashing deposition subpoena where physician described "the very real risk of serious injury or perhaps death relating to the stress involved in such proceedings").

Here, like in *Fappiano*, the threats to a nonparty victim's health warrant quashal. The threat is "clearly defined, specific and serious." *In re Terrorist Attacks on Sept. 11, 2001*, 454 F.Supp.2d 220, 222 (S.D.N.Y.2006) (cleaned up). Ms. Boylan's ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *Id.* at ¶¶ 13-14. Now, █████████████████████████████████████████████████████████████████████████████████ *Id.* at ¶ 16. ███████████████████████████████████████████████████████████████████████ *Id.* at ¶ 21.

Balanced against that serious harm, the deposition will have little legitimate discovery value. For starters, of course: Ms. Boylan is not a witness to anything between Mr. Cuomo and Trooper 1, whom Ms. Boylan has never met. *See Ackermann v. New York City Dep't of Info. Tech. and Telecomm.*, 2010 WL 1172625,*1 (E.D.N.Y. Mar. 24, 2010) ("As [the non-party] states that he has no personal knowledge… his motion to quash the subpoena requesting his deposition is granted.").

Second: Mr. Cuomo seeks this deposition to scrounge for collateral impeachment material. But "[c]ourts have historically been wary of discovery sought solely for impeachment purposes," and routinely quash subpoenas aimed solely at exploring nonparties' credibility. *Shih v. Petal Card, Inc.*, 2021 WL 5279395, at *4 (S.D.N.Y. Nov. 12, 2021); *and see, e.g., Tucker v. Interstate Home Loan Centers, Inc.*, 2022 WL 4079580, at *4 (E.D.N.Y. Sept. 6, 2022); *Park W. Radiology v. CareCore Nat. LLC*, 547 F. Supp. 2d 320, 322 (S.D.N.Y. 2008). "It would obviously be intolerable for the party seeking disclosure to embark on an examination of every statement ever made by a witness in the hope of unearthing a falsehood." *Shih*, 2021 WL 5279395, at *4.

Third: Ms. Boylan likely lacks the capacity to participate fully in an oral deposition. *Sperano*, 2006 WL 8456080, at *1 (converting oral deposition into written deposition where witness "may not perform well in a deposition" due to short-term memory defects). ████████████████████████████████████████████████████████████████████████████████████. ¶ 19. She will, instead, likely "████████████████████████████████████████████████████████████," and—█████████████████████████████████████████████████████████████████ *Id.*

Fourth: Any minimally relevant testimony would be duplicative. Ms. Boylan has already given over 4.5 hours of sworn, publicly available testimony to investigators about the hostile work environment she experienced working for Mr. Cuomo, and she produced myriad documents here

4

and in *Bennett*.[9] If this Court believes that Ms. Boylan has more to say, she can answer written questions under Rule 31—just as this Court proposed in the December 10 discovery conference. *See* Dec. 10, 2024 Hearing Tr., ECF No. 297. The Second Circuit authorized that solution in *Fappiano*. 640 F. App'x at 121 (allowing only written questions to balance "the victim's interest in maintaining her privacy and preventing unwanted exposure to her past trauma with [the party's] interest in discovering relevant information."); *and see Sperano*, 2006 WL 8456080, at *2 (same).

### *Mr. Cuomo Failed to Comply with FRCP 45(b)(1)*

A party issuing a deposition subpoena under FRCP 45(b)(1) must simultaneously tender a daily witness fee and mileage. *Brown v. Hendler*, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) ("[T]he plain meaning of Rule 45 requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena."). Mr. Cuomo has served three deposition subpoenas on Ms. Boylan, attached here as Exhibits A, B, and C. But none tendered a fee or mileage costs. Rule 45(b)(1) is "strictly enforced." *Harris v. Millington*, No. 07-3397, 2012 WL 2906017, at *2 (E.D.N.Y. July 16, 2012) (citation omitted). Mr. Cuomo's failure to follow the rules makes the subpoena invalid, and subject to quashal. *Juliao v. Charles Rutenberg Realty, Inc.*, 14-808, 2018 WL 5020167, at *6 (E.D.N.Y. July 23, 2018).

### *In the Alternative, the Court Should Strictly Limit Any Deposition's Scope and Conduct*

Even before Ms. Boylan had a chance to detail the specific harm that a deposition would inflict, this Court provided that any deposition would be "limited as to time and topics." ECF No. 220 at p. 13. The Court should enter a protective order limiting any deposition—written or oral—to the only relevant topics under the Court's January 16, 2024 order: Ms. Boylan's allegations against Mr. Cuomo; her communications with other complaints and with Karen Hinton; and her communications with Mr. Cuomo himself. Nothing has changed in the past year to justify Mr. Cuomo's unbounded intrusion into the most intimate details of Ms. Boylan's life. *See Broadway & Ninety-Sixth St. Realty Co. v. Loew's, Inc.*, 21 F.R.D. 347, 352 (S.D.N.Y. 1958) (limiting the scope of overly intrusive deposition examination).

That narrow inquiry should be limited to a maximum of two hours. *See, e.g.*, *Odom v. Roberts*, 337 F.R.D. 359, 366 (N.D. Fla. 2020) (limiting a deposition to two hours to "ensure that [defendant] is not subjected to harassment"). And the deposition should be conducted by Zoom, mitigating the trauma of sitting face to face with the legal team that launched this inquisition. *PC-41 DOE v. Poly Prep Country Day Sch.*, 20-3628, 2022 WL 420619, at *1 (E.D.N.Y. Jan. 20, 2022) (ordering remote deposition because "[r]emote depositions are the 'new normal'").

### *Conclusion*

This Court should quash Defendant's deposition subpoena. If anything, it should order Ms. Boylan to answer relevant questions in writing pursuant to Rule 31. But any deposition should be limited in scope, time, and conduct to protect Ms. Boylan's health and minimize burden.

Sincerely,

*/s/ E. Danya Perry*
E. Danya Perry

---

[9] While Ms. Boylan frequently became agitated during her OAG testimony, she was able to testify cogently because the deposition was limited in time and scope; was administered by a neutral party in a remote setting; and was conducted with sensitivity and care—not harassing, but empowering.

**FILED UNDER SEAL**

Joshua Perry
Krista Oehlke
Perry Law
445 Park Avenue, 7th Floor
New York, NY 10023
Email: dperry@danyaperrylaw.com
Telephone: (212) 840-7939
Facsimile: (646) 849-9609