

E. DANYA PERRY
Founding Partner
212-840-7939 PHONE
dperry@danyaperrylaw.com EMAIL

**VIA ECF** February 7, 2025

Hon. Taryn A. Merkl
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Trooper 1 v. NYSP et al.*, 22-cv-893 (LDH) (TAM)

Dear Judge Merkl:

We write in response to Andrew Cuomo's opposition dated January 31, 2025 (ECF No. 311-1 ("Opp.")), opposing non-party Ms. Boylan's Letter Motion to Quash Mr. Cuomo's Deposition Subpoena or for a Protective Order (ECF No. 305-1 ("Motion")). Mr. Cuomo does not seriously dispute that an unbounded oral deposition would impose undue burden and inflict "clearly defined injury" on Ms. Boylan. Nor does he seriously dispute that a deposition by written questions is an appropriate alternative. Instead, in a series of thin but always vitriolic arguments, Mr. Cuomo mainly asserts that Ms. Boylan's oral deposition—unlimited as to time and subject— should proceed because the Court has purportedly already ruled that it should. But, of course, the issue of Ms. Boylan's deposition has never been squarely before this Court; and indeed, this Court specifically has said that it was *not* issuing any ruling when it did not have all the arguments and facts before it.[1] Upon such adjudication, the deposition subpoena should be quashed, or in the alternative, the Court should order a deposition on written questions under Rule 31, limiting the scope of the deposition (in whatever form) "as to time and topics" as the Court has already noted. ECF No. 220 (document discovery order) at 13 n.11.[2]

### The Deposition Subpoena Will Inflict Serious Injury

In her Motion, Ms. Boylan showed that the deposition subpoena should be quashed because a six-page declaration, submitted by ▇▇▇▇▇▇▇▇, demonstrated that she will suffer undue burden and clearly defined, specific, and serious injury if deposed. *See* ECF No. 311-1 ("▇▇ Declaration"). In his Opposition, Mr. Cuomo tries to argue that the ▇▇ Declaration does not amount to "good cause" under Rule 26(c). (Opp. at 3.) Each of Mr. Cuomo's arguments fails.

As a preliminary matter, Mr. Cuomo cites a handful of cases to argue that Ms. Boylan's injury is somehow speculative or conclusory. (Opp. at 3.) But those cases are inapt. In *Qube Films Ltd. v. Padell*, the court held that the witness's injury amounted to "speculation" because his treating physicians failed to address "whether [the witness] will suffer harm from the taking of his deposition, much less what that harm would be." 2015 WL 109628, at *3 (S.D.N.Y. Jan. 5, 2015). Similarly, in *Hardy v. UPS Ground Freight, Inc.*, the court held that a physician's letter was "conclusory" and "speculative" because it did not explain how a deposition would place an "undue

---

[1] Mr. Cuomo makes much of the fact that Ms. Boylan introduces the ▇▇ Declaration "for the first time." (Opp. at 1 & 3.) But it is not clear why Mr. Cuomo thinks Ms. Boylan should have disclosed her ▇▇▇▇▇ information earlier, since the issue of Ms. Boylan's deposition has not been before the Court until now.
[2] On January 28, 2025, counsel for Ms. Boylan received a copy of the subpoena with a witness fee check and therefore no longer seeks to quash based on failure to comply with FRCP 45(b)(1).

strain" on the witness's medical diagnoses and even failed to represent that a deposition would exacerbate his symptoms. *See* 2019 WL 13144825, at *5 (D. Mass. Oct. 7, 2019). Here, in contrast, Ms. Boylan has submitted ample medical evidence that not only describes the etiology of her ³ ███ and current ███, but also "what that harm would be" if deposed. *See Qube Films*, 2015 WL 109628, at *3; ███ Declaration ¶¶ 1, 4, 13, 19-21.

The other cases Mr. Cuomo cites are even less apt. *Jennings v. Family Management*, for instance, involved the deposition of a party, not a third-party. *See* 201 F.R.D. 272, 275 (D.D.C. 2001). And in *Rekor Sys., Inc. v. Loughlin*, the only "injuries" identified were "embarrassment," "agitation," and "emotional distress." *See* 2022 WL 488941, at *2 (S.D.N.Y. Feb. 17, 2022). The arguments that Ms. Boylan's injury is somehow conclusory or speculative, or unsubstantiated by specific evidence, are therefore unavailing.⁴

Next, Mr. Cuomo attempts to cast doubt on the veracity of ███ declaration by arguing that 1) Ms. Boylan provided testimony to OAG investigators without incident; and 2) Ms. Boylan has been vocal about her allegations against Mr. Cuomo. But as we have already explained—and as Mr. Cuomo fails to address—Ms. Boylan was able to testify cogently before the OAG because the deposition was limited in time and scope; was administered by a neutral party in a remote setting; and was conducted with sensitivity and care. (Motion at 5.) In short, absolutely none of the aggravating factors at issue here were present there.

Ms. Boylan's social media presence is hardly inconsistent with the ███ Declaration or with how a survivor of workplace harassment and ███ might act. In fact, the tweets appended to Exhibit A corroborate the ███ Declaration, particularly concerning ███ clinical opinion that ███ and ███ Declaration ¶ 21. *See also* ECF No. 311-2 ("Exhibit A") ("I've been forced to pay over a million dollars in legal fees because I was abused too and [Mr. Cuomo] has exploited the witness discovery period to punish us all for speaking up using tax payer funds. I felt I would be better off dead many times. This is as a witness.")

Finally, Mr. Cuomo argues that he is entitled to an oral deposition—unlimited as to time and scope—because, he says, the Court has apparently already ruled that the deposition is "relevant and proportional."⁵ (Opp. at 1-2.) But Mr. Cuomo's argument is flawed for several reasons. *First*, the Court's suggestion that Ms. Boylan's deposition is "relevant and proportional" was dictum. ECF No. 218 at 7. As the Court noted in the very same paragraph, "Ms. Boylan ha[d] not yet made a formal motion to quash the Boylan Deposition Subpoena" and the Court's observation that Ms. Boylan's testimony could be relevant was "based on the present record." *Id. Second*, because the

---

³ Mr. Cuomo dismisses Ms. Boylan's ███ ███ Declaration ¶ 5.
⁴ Mr. Cuomo also argues that "courts have refused to quash deposition subpoenas of witnesses who faced far more serious health issues such as Alzheimer's disease and Parkinson's disease." (Opp. at 3.) But in both cases Defendant cites, the severity (or purported lack thereof) of the witness's medical condition was not at issue. *See Rekor Sys., Inc.*, 2022 WL 488941, at *2; *Qube Films Ltd.*, 2015 WL 109628, at *3.
⁵ If Mr. Cuomo is correct that the January 16, 2024 order controls, then it follows that the Court should limit Ms. Boylan's deposition to the topics of the permissible document requests in that order.

█ Declaration was not before the Court at the time, it could not properly weigh relevance and proportionality with the magnitude of undue burden, just as the Court noted. *Third*, even before Ms. Boylan had a chance to detail the specific harm that a deposition would inflict, the Court provided in its January 16, 2024 order that most of the topics that Mr. Cuomo now seeks to depose Ms. Boylan about are *not relevant*. (Motion at 2.) *See also* Jan. 11, 2024 Hearing Tr., ECF No. 226 at 32:20-21 (rejecting eleven of Mr. Cuomo's sixteen document requests to Ms. Boylan as "so, so afield from the issues in this case"). It would be antithetical to the rules of discovery—and the rules of this Court—if the January 16, 2024 Order somehow permitted Mr. Cuomo to intrude into irrelevant topics about Ms. Boylan's life through deposition (which he has informed us he plans to do). *Fourth*, to the extent this Court has ruled that Ms. Boylan has any relevance to this matter as it has been pled, discovery must be proportional to the needs of the case and weighed not only against undue burden, but also Ms. Boylan's status as a non-party and the availability of cumulative or duplicative material[6]—including the hundreds of documents Ms. Boylan has already produced and her 4.5 hours of OAG testimony.[7] And again, that calculation necessarily implicates the █ Declaration, which suggests there could be risks to Ms. Boylan's █ if this deposition moves forward. Based on the foregoing factors, the Court should quash the deposition subpoena in full.

### *In the Alternative, the Court Should Strictly Limit the Scope and Conduct of Any Deposition*

Ms. Boylan's Motion established that strict limitations on the scope and conduct of any deposition is warranted if the subpoena is not quashed entirely. In opposition, Mr. Cuomo argues that any such limitations are inappropriate. Each of his arguments shoots wide of the mark.

*Deposition by written questions.* Mr. Cuomo does not seriously dispute that a deposition by written questions under Rule 31 is an appropriate alternative. To make his point, he relies almost entirely on *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 549 (S.D.N.Y. 1989). But that case involved the depositions of several named defendants—not a third-party witness. *Id.* Courts in the Second Circuit also routinely allow discovery by written questions where an oral deposition would impose undue burden or inflict clearly defined harm as here. *See Fappiano v. City of New York*, 640 F. App'x 115, 121 (2d Cir. 2016); *Sperano v. Invacare Corp.*, 2006 WL 8456080, at *1 (W.D.N.Y. Apr. 13, 2006), *aff'd*, 2006 WL 3524483 (W.D.N.Y. Dec. 6, 2006). Finally, Mr. Cuomo's contention that "[a]n actual deposition will end … wasteful discovery disputes" is wrong. (Opp. at 4.) If Mr. Cuomo's legal team proceeds to take an oral deposition seeking information

---

[6] Though Mr. Cuomo argues that he still does not have enough evidence to pursue his defense theory that involves Ms. Boylan, he undercuts his argument by pointing to additional communications obtained concerning Ms. Boylan.
[7] Through the Opposition, Mr. Cuomo spills considerable ink arguing that Ms. Boylan deleted "communications concerning Governor Cuomo" and used "auto-delete functions," and mis-labeling this as spoliation. Opp. at 2; *see also id.* at 5. But as counsel has explained to Mr. Cuomo's counsel time and time again—after the AJC and OAG conducted their investigations and before she understood she might be involved in litigation in connect with *Trooper 1* and *Bennett*—Ms. Boylan would delete messages concerning subject matter that she found to be traumatic or upsetting. And she was perfectly within her rights to do so: the law is clear that "[a]bsent some special relationship or duty arising by reason of an agreement, contract, statute, or other special circumstance, the general rule is that there is no duty to preserve possible evidence for another party to aid that other party in some future legal action against a third party." *Stanbro v. Westchester Cnty. Health Care Corp.*, 2021 WL 3863396, at *6 (S.D.N.Y. Aug. 27, 2021). In addition, simply because other witnesses may possess some communications with Ms. Boylan, it does not follow Ms. Boylan was in possession of any such communications when she received the subpoenas or was aware that she might be subpoenaed in either of the actions. *See e.g., Koncelik v. Savient Pharms., Inc.*, 2009 WL 2448029, at *2 (S.D.N.Y. Aug. 10, 2009) ("The only thing that is certain is that without preservation subpoenas, the third party corporations in possession of potentially relevant information are free to destroy that information.")

3

that this Court has already ruled is irrelevant (as they informed us they would do, in a meet and confer held on January 14), Ms. Boylan will be forced to seek the Court's intervention yet again.

*Time and topic limitations.*[8] The only reason for why Mr. Cuomo argues he should be entitled to a deposition without any limitations as to time and topics is that Ms. Boylan purportedly "offer[ed] a single conclusory sentence" requesting those limitations without "any justification." *See Oakley v. MSG Networks, Inc.*, 2024 WL 4859024, at *5 (S.D.N.Y. Nov. 21, 2024) (Opp. at 5.) Not so. Mr. Cuomo ignores that—even before Ms. Boylan submitted the ▇ Declaration—*this Court provided that any deposition would be "limited as to time and topics."* ECF No. 220 at 13 n.11 (emphasis added). Mr. Cuomo also ignores Ms. Boylan's argument that the Court's comprehensive January 16, 2024 order rejected eleven of Mr. Cuomo's sixteen document requests to Ms. Boylan as irrelevant (and disproportional). (Motion at 2 & 5.) Information that is irrelevant is not discoverable. *See* Fed. R. Civ. P. 26(b)(1). And courts in the Second Circuit routinely place the same subject limitations on depositions as they do on document discovery. *See, e.g., Linde v. Arab Bank, PLC*, 262 F.R.D. 136, 152 (E.D.N.Y. 2009) (" … Arab Bank may serve subpoenas on IDBNY and Hapoalim pursuant to Rule 30(b)(6) seeking testimony on topics delimited by the permitted document discovery."); *Poor v. Starbucks Corp.*, 2024 WL 3401421, at *10 (E.D.N.Y. July 12, 2024) (affirming protective order that restricted scope of deposition subpoena based on prior ruling that limited the scope of document discovery). Therefore, while Mr. Cuomo's subpoena should be quashed altogether, in all events the Court should enter a protective order limiting any deposition—written or oral—to the only relevant topics under the Court's January 16, 2024 order. And in the event the Court orders Ms. Boylan to sit for an oral deposition—which it should not—the deposition should be limited to two hours to account for its limited scope.

*Manner of deposition.* If the Court orders Ms. Boylan to sit for an oral deposition—which it should not—Ms. Boylan argued that the deposition should take place over Zoom. In response, Mr. Cuomo insists that a deposition should occur in person because he seeks to ask Ms. Boylan a range of questions. (Opp. at 5.) Mr. Cuomo's counsel also points out that they will need "to go through many documents." *Id.* But Mr. Cuomo's questions—including the review of "many documents"—can be accomplished through Zoom. And, where Ms. Boylan has demonstrated that "sitting face to face with the legal team that launched this inquisition" will be retraumatizing, it is well within the Court's province to impose conditions to minimize burden. Fed. R. Civ. P. 45(d)(3)(A)(iv) (a court must "quash or modify a subpoena" if it "subjects a person to undue burden"). *See also Sabhnani v. Mirage Brands, LLC*, 2022 WL 16965009, at *1 (E.D.N.Y. Nov. 16, 2022) ("Notwithstanding [the right of the party noticing the deposition to choose the location], the Court in its discretion has the authority to designate the location of depositions.").

### *Conclusion*

This Court should quash Mr. Cuomo's deposition subpoena. In the alternative, it should order Ms. Boylan to answer relevant questions in writing pursuant to Rule 31. Finally, any deposition—oral or written—should be limited in scope, time, and conduct to protect Ms. Boylan's health and minimize burden.

---

[8] Mr. Cuomo also asserts that "we have additional evidence confirming the critical role Ms. Boylan played in coordinating others to come forward with allegations against Governor Cuomo" including that "Ms. Boylan communicated with Trooper 1's closest friend on the PSU after the OAG investigation began." (Opp. at 5.) But because Mr. Cuomo does not attach that "additional evidence," Ms. Boylan cannot properly respond to those allegations, and the Court should not consider them.

4

Sincerely,

*/s/ E. Danya Perry*  
E. Danya Perry  
Joshua Perry  
Krista Oehlke  
Perry Law  
445 Park Avenue, 7th Floor  
New York, NY 10022  
Email: dperry@danyaperrylaw.com  
Telephone: (212) 840-7939  
Facsimile: (646) 849-9609