# Wang Hecker LLP

305 Broadway, Suite 607
New York, NY 10007

Alice Reiter
212.620.2604 tel
212.620.2610 fax

areiter@wangerhecker.com

April 23, 2025

**By ECF**

The Honorable Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Trooper 1 v. Cuomo, et al.*; Case No. 22-cv-00893 (LDH) (TAM)

Dear Judge Merkl:

      This firm, together with our co-counsel Kevin Mintzer, represents Brittany Commisso, a non-party to this action. We write now respectfully to request leave to move to quash or in the alternative to seek a protective order regarding an entirely new *subpoena duces tecum*, which Defendant Cuomo has only recently served on Ms. Commisso, nearly two years after Ms. Commisso already responded and objected to Cuomo's initial non-party subpoena served on her. This latest subpoena, now the *third* one Cuomo has purported to serve on Ms. Commisso in this action, is yet another instance of Cuomo engaging in inefficient, burdensome, and unnecessary non-party discovery to obtain a tactical advantage in Ms. Commisso's unrelated action against him. (Defendant Cuomo's defective deposition subpoena on Ms. Commisso is the subject of a conference this Friday at 12P.M., *see* April 14, 2025 Text Order.)

*Background*

      Non-party Brittany Commisso was first served with a *subpoena duces tecum* in this matter by Defendant Cuomo in or about April 2023 (the "April 2023 Subpoena"). At that time, Ms. Commisso was represented by predecessor counsel, who responded with written objections and a document production, consisting of 153 documents and one video recording, on or about May 2, 2023. Defendant Cuomo apparently did not raise any concerns with the Court about prior counsel's responses or objections to the April 2023 Subpoena.

      We were retained by Ms. Commisso in May 2024. We heard nothing from Defendant Cuomo's counsel about any questions about Ms. Commisso's initial document production. Pursuant to Your Honor's December 11, 2024 Text Order regarding, *inter alia*, non-party depositions, Defendant Cuomo issued a deposition subpoena to Ms. Commisso dated December 13, 2024, about which we filed written objections on January 17, 2025 at the Court's direction. Defendant Cuomo responded to those objections on January 31, 2025. Almost a month later, on

February 24, 2025, counsel for Defendant Cuomo wrote to us to ask for confirmation that Ms. Commisso's production in response to the April 2023 Subpoena was complete and inquiring about representations purportedly made by predecessor counsel to which we were not privy.  We told counsel that while we had not seen the April 2023 Subpoena prior to the February 24 email, we could not opine on the intentions of predecessor counsel or his process for responding to the subpoena. More than a month later, on April 2, 2025, we received notice that Defendant Cuomo would seek to issue a second subpoena to Ms. Commisso, which parrots the categories outlined in Your Honor's January 16, 2024 discovery order concerning other non-party objections over documents (the "April 2025 Subpoena").  Defendant Cuomo subsequently served the subpoena by mailing it to our office; it was received on April 11, 2025.

### *Objections to April 2025 Subpoena and Proposed Compromise*

We have objected to the April 2025 Subpoena as untimely and unduly burdensome, particularly in light of the special consideration owed to Ms. Commisso as a non-party in this case, *see, e.g.*, *Trooper 1 v. New York State Police*, 22 CV 893 (LDH)(TAM), 2024 WL 168326, at *2 (E.D.N.Y. Jan. 16, 2024) (taking "special notice" of fact that movant "is not a party to this case in considering the proportionality of the discovery requests made of her . . . ."), and the time that has passed since her initial responsive production in this case.  Indeed, Defendant Cuomo waited nearly two years after Ms. Commisso's document production – and 13 months after Your Honor's January 2024 discovery order specifying the limited scope of non-party discovery in this matter – to inquire with us about that initial production.  Even then, defense counsel then waited more than a month before serving the April 2025 Subpoena.  Defendant Cuomo's lack of urgency in pursuing this non-party discovery underscores the low level of possible relevance or significance of it to this case.

The April 2025 Subpoena is yet another example of Defendant Cuomo's harassing discovery tactics, employed in this and other matters against the women who bravely came forward to report his unlawful and offensive behavior.  As Your Honor is aware, Ms. Commisso has commenced an individual lawsuit alleging sex discrimination and retaliation claims against Defendants Cuomo and the State of New York.  *See Commisso v. Cuomo et al.*, Index No. 911286/2023 (Albany Cnty. Sup. Ct.).  The parties are in the midst of active document discovery in that matter, and Judge Hartman has ordered that document productions be completed by May 15, 2025.  In fact, the February email to the undersigned regarding the April 2023 Subpoena was sent two days before a significant discovery deadline for Ms. Commisso in the *Commisso* matter, and, thus, at a time when defense counsel was aware that Ms. Commisso and her attorneys were working diligently to make a sizeable document production.  And then defense counsel waited to issue the April 2025 Subpoena until just weeks before the May 15 final document production deadline in *Commisso*.

Requiring Ms. Commisso separately to search for and produce documents responsive to Cuomo's third, April 2025 Subpoena at the same time that she is in the process of complying with her discovery obligations in *Commisso* would be extraordinarily burdensome, both in terms of hard costs and wasting attorney resources, and especially because documents responsive to the April 2025 Subpoena are entirely encompassed by Ms. Commisso's individual claims against Defendant Cuomo. We have proposed to defense counsel that we limit the burden on Ms. Commisso in this matter where she is a non-party by offering to identify the subset of documents responsive to the April 2025 Subpoena that are contained in Ms. Commisso's document productions in *Commisso* within a reasonable time after Ms. Commisso has completed document discovery in that matter, which deadline is currently set for May 15, 2025.

Our proposal is consistent with the one we articulated in our January 17 letter objecting to the deposition subpoena served on Ms. Commisso, ECF No. 303. After document production in *Commisso* and identification of the subset of documents responsive to the third, April 2025 Subpoena, we would then make Ms. Commisso available for her non-party deposition in advance of trial in this matter. Such an approach would prevent Ms. Commisso from suffering the notable prejudice of having to sit twice for depositions, where the questioning of her as a plaintiff will subsume entirely the questioning of her as a non-party witness.

Defendant Cuomo has again rejected our proposal to streamline non-party discovery of Ms. Commisso. We have now asked them on multiple occasions to articulate any possible prejudice Defendant Cuomo would face in waiting to receive responsive documents in a streamlined manner and in taking Ms. Commisso's deposition once rather than twice – and specifically asked counsel how testimony from Ms. Commisso would ever be used in any summary judgment motion in this case. Counsel merely reiterated their refusal to coordinate Ms. Commisso's depositions in both cases, stating that it is not workable and would require Defendant Cuomo to wait a few months for the deposition to occur. Even if that prediction were accurate, counsel has failed to articulate any specific prejudice Defendant Cuomo would suffer as a result of waiting a few months to depose Ms. Commisso. Merely wanting discovery now is not a reason to impose extraordinary and undue burden on a non-party, particularly when the proposed compromise guarantees the witness's availability for deposition before her testimony could be needed in this case. The reasonable inference to be drawn from Defendant Cuomo's insistence on pursuing non-party discovery against Ms. Commisso in this case in advance of party discovery in Ms. Commisso's case is that Defendant Cuomo perceives that doing so—including deposing Ms. Commisso twice—will afford him a tactical advantage in defending against Ms. Commisso's claims.[1] That is improper, and the Court should not permit it.

---

[1] It can likewise be inferred that Defendant Cuomo seeks a similar and improper tactical advantage in Ms. Commisso's case by subjecting Ms. McGrath, a non-party

      We thank the Court for its attention to this matter and look forward to discussing these issues further at Friday's conference.

Respectfully submitted,

*/s/ Alice G. Reiter*

Alice G. Reiter
Mariann Meier Wang
Daniel Mullkoff

*Attorneys for Non-Party Brittany Commisso*

cc: Counsel of record (by ECF)

---

witness in both cases—to burdensome, unnecessary, and duplicative discovery, *see* ECF No. 303.