## MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG
LISA ZORNBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

cfoti@maglaw.com
(212) 880-9530

April 23, 2025

COUNSEL
JOSHUA BUSSEN
PIPPA HYDE***

RETIRED/PARTNER EMERITUS
PAUL R. GRAND

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN ENGLAND AND WALES

**BY ECF**
Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Trooper 1 v. NYSP et al.*, No. 22-cv-893

Dear Judge DeArcy Hall:

  This firm represents Melissa DeRosa ("Ms. DeRosa") and Richard Azzopardi ("Mr. Azzopardi") in the above-captioned action. We write jointly with former Governor Andrew M. Cuomo and Plaintiff Trooper 1 ("Plaintiff") to inform the Court that the parties have reached an agreement that, if accepted by the Court, would obviate the need for an evidentiary hearing during the appearance scheduled for Monday, April 28, 2025, and possibly in the future as well.

  The parties agree that an evidentiary hearing may not be necessary for this Court to rule on Defendants' motion to enjoin the state court action entitled *Trooper 1 v. Andrew Cuomo, Melissa DeRosa, and Richard Azzopardi*, Index No. 157515/2024 (the "State Court Action") under the Anti-Injunction Act's ("AIA") "relitigation exception", 28 U.S.C. § 2283. *See* Dkt. No. 279. Pursuant to the exception, a federal court may enjoin a pending state court action if: (1) the identical issue was raised in the federal proceeding; (2) the issue was actually litigated and decided there; (3) the parties had a full and fair opportunity to litigate the issue; and (4) the resolution of this issue was necessary to support a valid and final judgment on the merits. *Wyly v. Weiss*, 697 F.3d 131, 141 (2d Cir. 2012). Thus, under the AIA's relitigation exception, this Court may enjoin the State Court Action, if the state court is faced with claims or issues that have already been rejected by this Court. *See* Dkt. No. 279 at 9 (citing *Findley v. Laughead* (*In re Johns-Manville Corp.*), 27 F.3d 48, 48 (2d Cir. 1994) (quoting *In re Baldwin-United Corp.*, 770 F.2d 328, 338 (2d Cir. 1985))). An independent showing of harm is not necessary because injunctions issued "under the authority of the All-Writs Act stem from very different concerns" than those issued under Fed. R. Civ. P. 65. *Id*.

Judge DeArcy Hall
April 23, 2025
Page 2

  Counsel for Ms. DeRosa and Mr. Azzopardi, counsel for former Governor Andrew Cuomo, and counsel for Plaintiff all met and conferred by Zoom on April 22, 2025, and have agreed that the relitigation issue is a pure legal issue that can be decided on the motion papers without eliciting proof of the equities or irreparable harm through witness testimony, and thus, an evidentiary hearing may not be necessary at this time. To the extent the Court would like, the parties are prepared to have oral argument on the relitigation issue on Monday, but also believe such argument may not be necessary, and request the Court's guidance on whether it would like to hear the parties on this issue.

  The parties further agree that there is no need at this time to determine whether the Court may issue the requested injunction outside of the parameters of the AIA. Ms. DeRosa and Mr. Azzopardi maintain that injunctions of state court proceedings may be issued where warranted pursuant to the Court's discretionary powers. *See Staffer v. Bouchard Transp. Co.*, 878 F.2d 638, 644 (2d Cir. 1989) (citing *Chick Kam Choo. v. Exxon Corp.*, 486 U.S. 140, 151 (1988)) ("[I]njunction[s] of state court proceedings, even where warranted [are] discretionary"); *see also Wyly*, 697 F.3d at 144 (citing cases) ("We note that the traditional 'principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding' support this result.") (citation omitted)). Plaintiff disagrees and believes that district courts do not "have inherent power to ignore the limitations of [the AIA] under general equitable principles." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 294 (1970); *see* 28 U.S.C. § 2283 ("[a] court of the United States may not grant an injunction to stay proceedings in State court except . . . to protect or effectuate its judgment"); *Atlantic Marine* ("any injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions under § 2283 if it is to be upheld"). The parties will also be prepared to argue this purely legal issue on Monday if the Court believes it would be helpful.

  All parties believe that it would be most efficient for the Court to decide these legal issues first, which may, in turn, eliminate the need for an evidentiary hearing. Should the Court decide that testimony is critical in rendering its decision on the injunction, Ms. DeRosa and Mr. Azzopardi expressly reserve their right to present witnesses at a later date. Plaintiff reserves her right to proceed with her pending motions to (1) preclude her testimony; (2) preclude the testimony of Ms. DeRosa and Mr. Azzopardi; and (3) close the courtroom.

                Respectfully submitted,

                /s/ *Catherine M. Foti*
                Catherine M. Foti

cc: All counsel (by ECF)