**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

TROOPER 1,

                        Plaintiff,

      -v-

NEW YORK STATE POLICE, ANDREW
CUOMO, MELISSA DEROSA, and RICHARD
AZZOPARDI,

                       Defendants.

22-cv-00893 (LDH) (TAM)

## DEFENDANT GOVERNOR CUOMO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

For his Answer and in response to each of the corresponding paragraphs of the Second Amended Complaint (ECF No. 71) (the "Complaint"), Defendant former Governor Andrew M. Cuomo ("Governor Cuomo") states as follows[1]:

## PRELIMINARY STATEMENT

Governor Cuomo denies each and every allegation of sexual harassment or other misconduct in this Complaint. Governor Cuomo never harassed or retaliated against Trooper 1 or anyone else. Many of the allegations in this Complaint are wholly unreliable and false hearsay allegations lifted straight from the now-discredited public report released by the Office of the New York State Attorney General ("OAG") following the OAG's corrupt, flawed, and biased investigation. These allegations do not reflect Trooper 1's personal knowledge and are not pleaded on information and belief. Governor Cuomo will establish through fact witnesses and through

---

[1] Anything outside of the numbered paragraphs is not part of the Complaint. For the avoidance of doubt, however, Governor Cuomo denies each and every statement in the Complaint's section headings, footnotes, or otherwise made outside the numbered paragraphs therein.

1

overwhelming documentary and other evidence that Trooper 1's allegations against him are false and were part and parcel of a plan to attack Governor Cuomo that Trooper 1 and other members of the NYSP planned, coordinated, and executed because they were disgruntled with Governor Cuomo for reasons entirely unrelated to any purported harassment or retaliation.

Governor Cuomo submits this Answer to the Complaint but notes that discovery, which remains ongoing, has and will continue to demonstrate that the allegations in the Complaint are false. Governor Cuomo reserves his right to amend, supplement, or revise his Answer.

## **ANSWER**

1.      Governor Cuomo denies the allegations contained in Paragraph 1 of the Complaint, except admits that he was Governor of the State of New York from January 1, 2011 through August 23, 2021.

2.      Governor Cuomo denies the allegations contained in Paragraph 2 of the Complaint.

3.      Governor Cuomo denies the allegations contained in Paragraph 3 of the Complaint.

4.      Governor Cuomo denies the allegations contained in Paragraph 4 of the Complaint, except respectfully refers the Court to the referenced OAG report for its complete contents. Governor Cuomo further respectfully refers the Court to his public statements and his filings in this lawsuit concerning the many reasons why the OAG report is not remotely reliable.

5.      Governor Cuomo denies the allegations contained in Paragraph 5 of the Complaint, except respectfully refers the Court to the Judiciary Committee of the New York State Assembly's report for its complete contents. Governor Cuomo further respectfully refers the Court to his public statements and his filings in this lawsuit concerning the many reasons why the Assembly's report is not remotely reliable.

6.      Governor Cuomo denies the allegations contained in Paragraph 6 of the Complaint, except respectfully refers the Court to the referenced tweets and/or public statements for their complete contents.

7.      Governor Cuomo denies the allegations contained in Paragraph 7 of the Complaint.

8.      The allegations contained in Paragraph 8 of the Complaint are legal conclusions as to which no response is required. To the extent a response is required to the allegations, Governor Cuomo denies them.

9.      The allegations contained in Paragraph 9 of the Complaint are legal conclusions as to which no response is required. To the extent a response is required to the allegations, Governor Cuomo denies them.

10.     The allegations contained in Paragraph 10 of the Complaint are legal conclusions as to which no response is required. To the extent a response is required to the allegations, Governor Cuomo denies them.

11.     Governor Cuomo admits the allegations contained in Paragraph 11 of the Complaint on information and belief.

12.     The allegation contained in Paragraph 12 of the Complaint is not pleaded against Governor Cuomo, and on that basis, no response is required.

13.     Governor Cuomo denies the allegations contained in Paragraph 13 of the Complaint, except admits that he served as Governor of the State of New York from January 1, 2011 until August 23, 2021.

14.     Governor Cuomo denies the allegations contained in Paragraph 14 of the Complaint, except admits that Melissa DeRosa served as Secretary to the Governor of the State of New York.

15.    Governor Cuomo denies the allegations contained in Paragraph 15 of the Complaint, except admits that Richard Azzopardi served as a spokesperson for Governor Cuomo.

16.    The allegations contained in Paragraph 16 of the Complaint are not pleaded against Governor Cuomo, and on that basis, no response is required. To the extent a response is required, Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 16 of the Complaint.

17.    The allegations contained in Paragraph 17 of the Complaint are not pleaded against Governor Cuomo, and on that basis, no response is required. To the extent a response is required, Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 17 of the Complaint.

18.    Paragraph 18 of the Complaint sets forth legal conclusions as to which no response is required. To the extent a response is required, Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 18 of the Complaint.

19.    The allegations contained in Paragraph 19 of the Complaint are not pleaded against Governor Cuomo, and on that basis, no response is required. To the extent a response is required, Governor Cuomo admits the allegations contained in Paragraph 19 of the Complaint on information and belief.

20.    Governor Cuomo admits the allegations contained in Paragraph 20 of the Complaint on information and belief.

21.    Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 21 of the Complaint, except admits

on information and belief that on November 4, 2017, Trooper 1 was assigned to an event on the RFK Bridge and that Governor Cuomo spoke with Trooper 1.

22.     Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 22 of the Complaint, except denies the allegation that he requested that Trooper 1 be transferred to the PSU.

23.     Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 23 of the Complaint, except denies the allegation that he "wanted [Trooper 1] on the detail tomorrow."

24.     Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 24 of the Complaint, except denies the allegation that Trooper 1 had never met or spoken with him before being asked to apply to the PSU.

25.     Governor Cuomo denies the allegations contained in Paragraph 25 of the Complaint, except refers the Court to the quoted written communication for its complete contents.

26.     Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 26 of the Complaint.

27.     Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 27 of the Complaint.

28.     Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 28 of the Complaint, and to the extent Paragraph 28 of the Complaint refers to a written communication, refers the Court to that written communication for its complete contents.

29.     Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 29 of the Complaint, except admits on information and belief that Trooper 1 was transferred to the PSU.

30.     Governor Cuomo denies the allegations contained in Paragraph 30 of the Complaint.

31.     Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 31 of the Complaint, except admits that the PSU was a specialized detail of the NYSP.

32.     Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 32 of the Complaint, except admits that some of the tasks identified in Paragraph 32 of the Complaint were typical for PSU members assigned to Governor Cuomo's Mount Kisco residence.

33.     Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 33 of the Complaint, except (a) denies the allegation that he "wanted to know about Trooper 1's personal life," and (b) admits that he engaged in conversation with many PSU members, including Trooper 1, and those conversations sometimes involved discussion about their personal lives.

34.     Governor Cuomo denies the allegations contained in Paragraph 34 of the Complaint, except admits that he occasionally conversed with Trooper 1, as he did with other PSU members, while she was on duty.

35.     Governor Cuomo denies the allegations contained in Paragraph 35 of the Complaint.

36.     Governor Cuomo denies the allegations contained in Paragraph 36 of the Complaint, except admits that Trooper 1 told him that she planned to get married and discussed her fiancé with him.

37.     Governor Cuomo denies the allegations contained in Paragraph 37 of the Complaint.

38.     Governor Cuomo denies the allegations contained in Paragraph 38, except admits that Trooper 1 attended the holiday party at the end of 2018 with another PSU trooper.

39.     Governor Cuomo denies the allegations contained in Paragraph 39 of the Complaint.

40.     Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 40 of the Complaint, except admits that Trooper 1 was at some point on Governor Cuomo's travel team.

41.     Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 41 of the Complaint, except admits that members of the travel team performed motorcade operations, prepared sites for events, coordinated protection at those events, and accompanied the Governor and his family around the state and country.

42.     Governor Cuomo denies the allegations contained in Paragraph 42 of the Complaint.

43.     Governor Cuomo denies the allegations contained in Paragraph 43 of the Complaint.

44.     Governor Cuomo denies the allegations contained in Paragraph 44 of the Complaint.

45.     Governor Cuomo denies the allegations contained in Paragraph 45 of the Complaint.

46.     Governor Cuomo denies the allegations contained in Paragraph 46 of the Complaint.

47.     Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 47 of the Complaint, except denies that he made advances towards Trooper 1 or any other female trooper on the PSU.

48.     Governor Cuomo denies the allegations contained in Paragraph 48 of the Complaint.

49.     Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 49 of the Complaint.

50.     Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 50 of the Complaint, except denies that he made an inappropriate comment to Trooper 1.

51.     Governor Cuomo denies the allegations contained in Paragraph 51 of the Complaint.

52.     Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 52 of the Complaint, except denies that he said "if you ever need anything, my bedroom's right there" to another female Trooper.

53.     Governor Cuomo denies the allegations contained in Paragraph 53 of the Complaint, except admits on information and belief that Trooper 1 was present at an event at Belmont racetrack in September 2019.

54.     Governor Cuomo denies the allegations contained in Paragraph 54 of the Complaint.

55.     Governor Cuomo denies the allegations contained in Paragraph 55 of the Complaint.

56.     Governor Cuomo denies the allegations contained in Paragraph 56 of the Complaint.

57.     Governor Cuomo denies the allegations contained in Paragraph 57 of the Complaint.

58.     Governor Cuomo denies the allegations contained in Paragraph 58 of the Complaint.

59.     Governor Cuomo denies the allegations contained in Paragraph 59 of the Complaint.

60.     Governor Cuomo admits the allegations contained in Paragraph 60 of the Complaint on information and belief.

61.     Governor Cuomo denies the allegations contained in Paragraph 61 of the Complaint.

62.     Governor Cuomo denies the allegations in Paragraph 62 of the Complaint, except admits that Lindsey Boylan made false public allegations of sexual harassment against him in late 2020.

63.    Governor Cuomo denies the allegations contained in Paragraph 63 of the Complaint, except respectfully refers the Court to Lindsey Boylan's December 5, 2020 and December 13, 2020 tweets containing false allegations for their complete contents.

64.    To the extent this allegation quotes from a written communication, Governor Cuomo refers the Court to the written communication quoted in Paragraph 64 of the Complaint for its complete contents. Governor Cuomo otherwise denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 64 of the Complaint.

65.    Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 65 of the Complaint, except denies that he requested that Trooper 1 be transferred to the PSU and denies that he participated in responding to the alleged inquiry from *The Times Union*.

66.    The allegations contained in Paragraph 66 of the Complaint are not pleaded against Governor Cuomo, and on that basis, no response is required. To the extent a response is required, Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 66 of the Complaint, except denies the allegation that there was anything about his behavior that needed to be hidden.

67.    Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation contained in Paragraph 67 of the Complaint, except denies that he harassed Trooper 1.

68.    Governor Cuomo denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 68 of the Complaint, except admits that he was at the William Reid

New York City Housing Authority development in Brooklyn on January 23, 2021 and that he sometimes drove his own car during the COVID-19 pandemic.

69.     Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 69 of the Complaint.

70.     Governor Cuomo denies the allegations contained in Paragraph 70 of the Complaint, except admits that he sometimes joked with and engaged in small talk with PSU members, including Trooper 1.

71.     Governor Cuomo denies the allegations contained in Paragraph 71 of the Complaint, except admits that he sometimes hugged people in greeting, including PSU members.

72.     Governor Cuomo denies the allegations contained in Paragraph 72 of the Complaint, except admits that he landed at Grabeski Airport on June 27, 2021.

73.     Governor Cuomo denies the allegations contained in Paragraph 73 of the Complaint, except admits that he acknowledged Trooper 1 at an event at the new Moynihan Train Hall in January 2021 and respectfully refers the Court tophotographs of that event for evidence of their actual interaction.

74.     Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 74 of the Complaint, except denies that Trooper 1's presence "put [him] in a good mood" and denies that he sought out attractive women when he was under stress.

75.     The allegations contained in Paragraph 75 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. Paragraph 75 of the Complaint also sets forth legal conclusions. On those bases, no response

to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 75 of the Complaint.

76.    The allegations contained in Paragraph 76 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo admits the allegations contained in Paragraph 76 of the Complaint.

77.    The allegations contained in Paragraph 77 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegation contained in Paragraph 77.

78.    The allegations contained in Paragraph 78 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 78 of the Complaint.

79.    The allegations contained in Paragraph 79 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and

belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 79 of the Complaint.

80.    The allegations contained in Paragraph 80 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 80 of the Complaint.

81.    The allegations contained in Paragraph 81 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 81 of the Complaint.

82.    The allegations contained in Paragraph 82 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 82 of the Complaint.

83.    The allegations contained in Paragraph 83 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and

belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 83 of the Complaint.

84.     The allegations contained in Paragraph 84 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 84 of the Complaint.

85.     The allegations contained in Paragraph 85 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 85 of the Complaint.

86.     The allegations contained in Paragraph 86 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 86 of the Complaint.

87.     The allegations contained in Paragraph 87 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and

belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 87 of the Complaint.

88.     The allegations contained in Paragraph 88 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 88 of the Complaint, except respectfully refers the Court to photographs of Governor Cuomo and Commisso from December 31, 2019 for evidence of what actually occurred.

89.     The allegations contained in Paragraph 89 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. Paragraph 89 of the Complaint also sets forth legal conclusions. On those bases, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 89 of the Complaint.

90.     The allegations contained in Paragraph 90 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 90 of the Complaint.

91.     The allegations contained in Paragraph 91 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and

belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 91 of the Complaint.

92.     The allegations contained in Paragraph 92 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo admits that Bennett worked in the Executive Chamber in 2019 but denies that Bennett had  "frequent contact" with him.

93.     The allegations contained in Paragraph 93 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 93 of the Complaint.

94.     The allegations contained in Paragraph 94 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 94 of the Complaint, except admits that he spoke with Bennett about her personal life after she initiated a conversation with him about her alleged history of sexual assault, her family's reaction to it, and its alleged impact on her life.

95.     The allegations contained in Paragraph 95 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public

report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 95 of the Complaint as stated, except admits that Bennett initiated a discussion with him about her alleged experience of sexual assault and that, in response, he then discussed a family member's experience of sexual assault.

96.    The allegations contained in Paragraph 96 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 96 of the Complaint.

97.    The allegations contained in Paragraph 97 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 97 of the Complaint.

98.    The allegations contained in Paragraph 98 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 98 of the Complaint.

99.    The allegations contained in Paragraph 99 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public

report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 99 of the Complaint.

100.    The allegations contained in Paragraph 100 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 100 of the Complaint.

101.    The allegations contained in Paragraph 101 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 101 of the Complaint.

102.    The allegations contained in Paragraph 102 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. Moreover, Paragraph 102 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 102 of the Complaint.

103.    The allegations contained in Paragraph 103 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and

belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo admits the allegations contained in Paragraph 103 of the Complaint.

104.    The allegations contained in Paragraph 104 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 104 of the Complaint.

105.    The allegations contained in Paragraph 105 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 105 of the Complaint.

106.    The allegations contained in Paragraph 106 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 106 of the Complaint.

107.    The allegations contained in Paragraph 107 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 107 of the Complaint.

108.    The allegations contained in Paragraph 108 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 108 of the Complaint, except denies that he paid "undue attention" to or had "a crush" on Lindsey Boylan.

109.    The allegations contained in Paragraph 109 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 109 of the Complaint.

110.    The allegations contained in Paragraph 110 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 110 of the Complaint, except admits he often gave tours of his office to visitors.

111.    The allegations contained in Paragraph 111 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 111 of the Complaint as

stated, except, to the extent Paragraph 111 of the Complaint quotes language from a written communication, respectfully refers the Court to that written communication for its complete contents.

112.    The allegations contained in Paragraph 112 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 112 of the Complaint.

113.    The allegations contained in Paragraph 113 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 113 of the Complaint.

114.    The allegations contained in Paragraph 114 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 114 of the Complaint.

115.    The allegations contained in Paragraph 115 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 115 of the Complaint.

116.    The allegations contained in Paragraph 116 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 116 of the Complaint.

117.    The allegations contained in Paragraph 117 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 117 of the Complaint, except admits that McGrath worked as an Executive Assistant in the Executive Chamber.

118.    The allegations contained in Paragraph 118 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 118 of the Complaint.

119.    The allegations contained in Paragraph 119 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies knowledge or information sufficient to form a belief as to the

truth or accuracy of the allegations contained in Paragraph 119 of the Complaint, except denies that he wanted "pretty faces around."

120.    The allegations contained in Paragraph 120 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 120 of the Complaint and respectfully refers the Court to the photographs referenced in Paragraph 120.

121.    The allegations contained in Paragraph 121 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 121 of the Complaint, except admits that McGrath discussed her divorce with him.

122.    The allegations contained in Paragraph 122 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 122 of the Complaint.

123.    The allegations contained in Paragraph 123 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and

belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 123 of the Complaint.

124.    The allegations contained in Paragraph 124 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 124 of the Complaint, except admits that Liss worked in the Executive Chamber.

125.    The allegations contained in Paragraph 125 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 125 of the Complaint, except denies that Liss was moved to sit closer to the Governor because she was "eye candy."

126.    The allegations contained in Paragraph 126 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegation contained in Paragraph 126 of the Complaint that he held Liss's hand and gazed into her eyes in a "flirtatious" way and denies knowledge or

information sufficient to form a belief as to the truth or accuracy of the remaining allegations contained in Paragraph 126 of the Complaint.

127.    The allegations contained in Paragraph 127 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 127 of the Complaint, except denies that he "preferred blondes" or expected staff to "look attractive."

128.    The allegations contained in Paragraph 128 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 128 of the Complaint.

129.    The allegations contained in Paragraph 129 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 129 of the Complaint, except admits that he occasionally kissed staff members on the cheek in greeting and respectfully refers the Court to photographs from the May 2014 event for evidence of what actually occurred.

130.    The allegations contained in Paragraph 130 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public

report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 130 of the Complaint.

131.    The allegations contained in Paragraph 131 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo admits the allegations contained in Paragraph 131 of the Complaint.

132.    The allegations contained in Paragraph 132 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 132 of the Complaint, except respectfully refers the Court to photos from the December 16, 2016 event for evidence of what actually occurred.

133.    The allegations contained in Paragraph 133 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 133 of the Complaint.

134.    The allegations contained in Paragraph 134 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and

belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 134 of the Complaint.

135.    The allegations contained in Paragraph 135 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 135 of the Complaint, except denies that Kaitlin was extended an offer because of her appearance.

136.    The allegations contained in Paragraph 136 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 136 of the Complaint.

137.    The allegations contained in Paragraph 137 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 137 of the Complaint.

138.    The allegations contained in Paragraph 138 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and

belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 138 of the Complaint.

139.    The allegations contained in Paragraph 139 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 139 of the Complaint.

140.    The allegations contained in Paragraph 140 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. The allegations contained in Paragraph 140 of the Complaint are also deficient and improper in that they relate to allegations of an individual never identified by Trooper 1 in this litigation. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 140 of the Complaint and respectfully refers the Court to photographs and videos from the event, if any, for evidence of what actually occurred.

141.    The allegations contained in Paragraph 141 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo admits that he stated, "Nice to see you, Doctor, you make that gown look good" but respectfully refers the Court to the video and photographs of the May 17, 2020

event for evidence of what actually occurred, and otherwise denies the allegations contained in Paragraph 141 of the Complaint.

142.    The allegations contained in Paragraph 142 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 142 of the Complaint and respectfully refers the Court to photographs of Limmiatis and Governor Cuomo from the May 2017 event for evidence of what actually occurred.

143.    The allegations contained in Paragraph 143 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. On that basis, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 143 of the Complaint and respectfully refers the Court to photographs of the September 14, 2019 event for evidence of what actually occurred.

144.    The allegations contained in Paragraph 144 of the Complaint relate to Plaintiff's now-dismissed retaliation claims. Pursuant to the Court's July 12, 2024 Order dismissing retaliation claims against Governor Cuomo (ECF No. 258), Plaintiff has no cognizable cause of action for retaliation. The allegations contained in Paragraph 144 of the Complaint are also deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. Paragraph 144 of the Complaint also sets forth legal conclusions. On those

bases, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 144 of the Complaint.

145.    The allegations contained in Paragraph 145 of the Complaint relate to Plaintiff's now-dismissed retaliation claims. Pursuant to the Court's July 12, 2024 Order dismissing retaliation claims against Governor Cuomo (ECF No. 258), Plaintiff has no cognizable cause of action for retaliation. The allegations contained in Paragraph 145 of the Complaint are also deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. Paragraph 145 of the Complaint also sets forth legal conclusions. On those bases, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 145 of the Complaint.

146.    The allegations contained in Paragraph 146 of the Complaint relate to Plaintiff's now-dismissed retaliation claims. Pursuant to the Court's July 12, 2024 Order dismissing retaliation claims against Governor Cuomo (ECF No. 258), Plaintiff has no cognizable cause of action for retaliation. The allegations contained in Paragraph 146 of the Complaint are also deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. Paragraph 146 of the Complaint also sets forth legal conclusions. On those bases, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 146 of the Complaint.

147.    The allegations contained in Paragraph 147 of the Complaint relate to Plaintiff's now-dismissed retaliation claims. Pursuant to the Court's July 12, 2024 Order dismissing retaliation claims against Governor Cuomo (ECF No. 258), Plaintiff has no cognizable cause of

action for retaliation. The allegations contained in Paragraph 147 of the Complaint are also deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. Paragraph 147 of the Complaint also sets forth legal conclusions. On those bases, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 147 of the Complaint.

148.    The allegations contained in Paragraph 148 of the Complaint relate to Plaintiff's now-dismissed retaliation claims. Pursuant to the Court's July 12, 2024 Order dismissing retaliation claims against Governor Cuomo (ECF No. 258), Plaintiff has no cognizable cause of action for retaliation. The allegations contained in Paragraph 148 of the Complaint are also deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. Paragraph 148 of the Complaint also sets forth legal conclusions. On those bases and to the extent the allegations contained in Paragraph 148 of the Complaint are not pleaded against Governor Cuomo, no response is required. To the extent a response is required, Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 148 of the Complaint.

149.    The allegations contained in Paragraph 149 of the Complaint relate to Plaintiff's now-dismissed retaliation claims. Pursuant to the Court's July 12, 2024 Order dismissing retaliation claims against Governor Cuomo (ECF No. 258), Plaintiff has no cognizable cause of action for retaliation. The allegations contained in Paragraph 149 of the Complaint are also deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on

information and belief. Paragraph 149 of the Complaint also sets forth legal conclusions. On those bases and to the extent the allegations contained in Paragraph 149 of the Complaint are not pleaded against Governor Cuomo, no response is required. To the extent a response is required, Governor Cuomo denies the allegation contained in Paragraph 149 of the Complaint that he enlisted the help of his brother and denies knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in Paragraph 149 of the Complaint.

150.    The allegations contained in Paragraph 150 of the Complaint relate to Plaintiff's now-dismissed retaliation claims. Pursuant to the Court's July 12, 2024 Order dismissing retaliation claims against Governor Cuomo (ECF No. 258), Plaintiff has no cognizable cause of action for retaliation. The allegations contained in Paragraph 150 of the Complaint are deficient and improper in that they are hearsay allegations derived from a corrupt, flawed, and biased public report, do not reflect Trooper 1's personal knowledge, and are not pleaded on information and belief. Paragraph 150 of the Complaint also sets forth legal conclusions. On those bases, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegation contained in Paragraph 150 of the Complaint that he "attacked" the Attorney General and investigators, and otherwise denies knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations contained in Paragraph 150 of the Complaint.

151.    The allegations contained in Paragraph 151 of the Complaint relate to Plaintiff's now-dismissed retaliation claims. Pursuant to the Court's July 12, 2024 Order dismissing retaliation claims against Governor Cuomo (ECF No. 258), Plaintiff has no cognizable cause of action for retaliation. Paragraph 151 of the Complaint also sets forth legal conclusions. On those

bases, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 151 of the complaint.

152.    The allegations contained in Paragraph 152 of the Complaint relate to Plaintiff's now-dismissed retaliation claims. Pursuant to the Court's July 12, 2024 Order dismissing retaliation claims against Governor Cuomo (ECF No. 258), Plaintiff has no cognizable cause of action for retaliation. Paragraph 152 of the Complaint also sets forth legal conclusions. On those bases, no response to these allegations is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 152 of the Complaint.

153.    The allegations contained in Paragraph 153 of the Complaint relate to Plaintiff's now-dismissed retaliation claims. Pursuant to the Court's July 12, 2024 Order dismissing retaliation claims against Governor Cuomo (ECF No. 258), Plaintiff has no cognizable cause of action for retaliation. Paragraph 153 of the Complaint also sets forth legal conclusions. On those bases and to the extent the allegations contained in Paragraph 153 of the Complaint are not pleaded against Governor Cuomo, no response is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 153 of the Complaint.

154.    The allegations contained in Paragraph 154 of the Complaint relate to Plaintiff's now-dismissed retaliation claims. Pursuant to the Court's July 12, 2024 Order dismissing retaliation claims against Governor Cuomo (ECF No. 258), Plaintiff has no cognizable cause of action for retaliation. Paragraph 154 of the Complaint also sets forth legal conclusions. On those bases and to the extent the allegations contained in Paragraph 154 of the Complaint are not pleaded against Governor Cuomo, no response is required.  To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 154 of the Complaint.

155.    The allegations contained in Paragraph 155 of the Complaint relate to Plaintiff's now-dismissed retaliation claims. Pursuant to the Court's July 12, 2024 Order dismissing retaliation claims against Governor Cuomo (ECF No. 258), Plaintiff has no cognizable cause of action for retaliation. Thus, no response is required. To the extent a response is required, Governor Cuomo admits that he filed an ethics complaint against Attorney General Letitia James, Joon Kim, and Anne Clark.

156.    The allegations contained in Paragraph 156 of the Complaint relate to Plaintiff's now-dismissed retaliation claims. Pursuant to the Court's July 12, 2024 Order dismissing retaliation claims against Governor Cuomo (ECF No. 258), Plaintiff has no cognizable cause of action for retaliation. Thus, no response is required. To the extent a response is required, Governor Cuomo refers the Court to the February 2021 tweet for its complete contents.

157.    The allegations contained in Paragraph 157 of the Complaint relate to Plaintiff's now-dismissed retaliation claims. Pursuant to the Court's July 12, 2024 Order dismissing retaliation claims against Governor Cuomo (ECF No. 258), Plaintiff has no cognizable cause of action for retaliation. Thus, no response is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 157 of the Complaint.

158.    The allegations contained in Paragraph 158 of the Complaint relate to Plaintiff's now-dismissed retaliation claims. Pursuant to the Court's July 12, 2024 Order dismissing retaliation claims against Governor Cuomo (ECF No. 258), Plaintiff has no cognizable cause of action for retaliation. Paragraph 158 of the Complaint also sets forth legal conclusions to which no response is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 158 of the Complaint.

159.     The allegations contained in Paragraph 159 of the Complaint relate to Plaintiff's now-dismissed retaliation claims. Pursuant to the Court's July 12, 2024 Order dismissing retaliation claims against Governor Cuomo (ECF No. 258), Plaintiff has no cognizable cause of action for retaliation. Paragraph 159 of the Complaint also sets forth legal conclusions. On those bases and because the allegations contained in Paragraph 159 of the Complaint are not pleaded against Governor Cuomo, no response is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 159 of the Complaint.

**<u>FIRST CAUSE OF ACTION</u>**

160.     Governor Cuomo hereby repeats, reiterates, and re-alleges each and every answer as contained in each of the preceding paragraphs as if fully contained herein.

161.     Paragraph 161 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 161 of the Complaint.

162.     Paragraph 162 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 162 of the Complaint.

163.     Paragraph 163 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 163 of the Complaint.

164.     Paragraph 164 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 164 of the Complaint.

## SECOND CAUSE OF ACTION

165.    Governor Cuomo hereby repeats, reiterates, and re-alleges each and every answer as contained in each of the preceding paragraphs as if fully contained herein.

166.    Plaintiff's Second Cause of Action is barred by the Court's July 12, 2024 Order pursuant to which Plaintiff has no viable claim of retaliation and therefore no response to the allegations contained in Paragraph 166 of the Complaint is required. Paragraph 166 of the Complaint further sets forth legal conclusions to which no response is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 166 of the Complaint.

167.    Plaintiff's Second Cause of Action is barred by the Court's July 12, 2024 Order pursuant to which Plaintiff has no viable claim of retaliation and therefore no response to the allegations contained in Paragraph 167 of the Complaint is required. Paragraph 167 of the Complaint further sets forth legal conclusions to which no response is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 167 of the Complaint.

168.    Plaintiff's Second Cause of Action is barred by the Court's July 12, 2024 Order pursuant to which Plaintiff has no viable claim of retaliation and therefore no response to the allegations contained in Paragraph 168 of the Complaint is required. Paragraph 168 of the Complaint further sets forth legal conclusions to which no response is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 168 of the Complaint.

169.    Plaintiff's Second Cause of Action is barred by the Court's July 12, 2024 Order pursuant to which Plaintiff has no viable claim of retaliation and therefore no response to the

allegations contained in Paragraph 169 of the Complaint is required. Paragraph 169 of the Complaint further sets forth legal conclusions to which no response is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 169 of the Complaint.

## **THIRD CAUSE OF ACTION**

170.    Governor Cuomo hereby repeats, reiterates, and re-alleges each and every answer as contained in each of the preceding paragraphs as if fully contained herein.

171.    Paragraph 171 of the Complaint sets forth legal conclusions to which no response is required. The allegations contained in Paragraph 171 of the Complaint are not pleaded against Governor Cuomo, and on that basis, no response is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 171 of the Complaint.

172.    Paragraph 172 of the Complaint sets forth legal conclusions to which no response is required. The allegations contained in Paragraph 172 of the Complaint are not pleaded against Governor Cuomo, and on that basis, no response is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 172 of the Complaint.

173.    Paragraph 173 of the Complaint sets forth legal conclusions to which no response is required. The allegations contained in Paragraph 173 of the Complaint are not pleaded against Governor Cuomo, and on that basis, no response is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 173 of the Complaint.

174.    Paragraph 174 of the Complaint sets forth legal conclusions to which no response is required. The allegations contained in Paragraph 174 of the Complaint are not pleaded against Governor Cuomo, and on that basis, no response is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 174 of the Complaint.

**FOURTH CAUSE OF ACTION**

175.    Governor Cuomo hereby repeats, reiterates, and re-alleges each and every answer as contained in each of the preceding paragraphs as if fully contained herein.

176.    The Fourth Cause of Action of the Complaint was dismissed pursuant to the Court's July 12, 2024 Order (ECF No. 258) and therefore no response to the allegations contained in Paragraph 176 of the Complaint is required.

177.    The Fourth Cause of Action of the Complaint was dismissed pursuant to the Court's July 12, 2024 Order (ECF No. 258) and therefore no response to the allegations contained in Paragraph 177 of the Complaint is required.

178.    The Fourth Cause of Action of the Complaint was dismissed pursuant to the Court's July 12, 2024 Order (ECF No. 258) and therefore no response to the allegations contained in Paragraph 178 of the Complaint is required.

179.    The Fourth Cause of Action of the Complaint was dismissed pursuant to the Court's July 12, 2024 Order (ECF No. 258) and therefore no response to the allegations contained in Paragraph 179 of the Complaint is required.

**FIFTH CAUSE OF ACTION**

180.    Governor Cuomo hereby repeats, reiterates, and re-alleges each and every answer as contained in each of the preceding paragraphs as if fully contained herein.

181.    Paragraph 181 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 181 of the Complaint.

182.    Paragraph 182 of the Complaint sets forth legal conclusions to which no response is required. The allegations contained in Paragraph 182 of the Complaint are not pleaded against

Governor Cuomo, and on that basis, no response is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 182 of the Complaint.

183.    Paragraph 183 of the Complaint sets forth legal conclusions to which no response is required. The allegations contained in Paragraph 183 of the Complaint are not pleaded against Governor Cuomo, and on that basis, no response is required. To the extent a response is required, Governor Cuomo denies the allegations contained in Paragraph 183 of the Complaint.

184.    Paragraph 184 of the Complaint sets forth legal conclusions to which no response is required. The allegations contained in Paragraph 184 of the Complaint are not pleaded against Governor Cuomo, and on that basis, no response is required. To the extent a response is required, Governor Cuomo denies the allegations in Paragraph 184 of the Complaint.

## SIXTH CAUSE OF ACTION

185.    Governor Cuomo hereby repeats, reiterates, and re-alleges each and every answer as contained in each of the preceding paragraphs as if fully contained herein.

186.    The Sixth Cause of Action of the Complaint was dismissed pursuant to the Court's July 12, 2024 Order (ECF No. 258) and therefore no response to the allegations contained in Paragraph 186 of the Complaint is required.

187.    The Sixth Cause of Action of the Complaint was dismissed pursuant to the Court's July 12, 2024 Order (ECF No. 258) and therefore no response to the allegations contained in Paragraph 187 of the Complaint is required.

188.    The Sixth Cause of Action of the Complaint was dismissed pursuant to the Court's July 12, 2024 Order (ECF No. 258) and therefore no response to the allegations contained in Paragraph 188 of the Complaint is required.

189.    The Sixth Cause of Action of the Complaint was dismissed pursuant to the Court's July 12, 2024 Order (ECF No. 258) and therefore no response to the allegations contained in Paragraph 189 of the Complaint is required.

## SEVENTH CAUSE OF ACTION

190.    Governor Cuomo hereby repeats, reiterates, and re-alleges each and every answer as contained in each of the preceding paragraphs as if fully contained herein.

191.    The allegations contained in Paragraph 191 of the Complaint are not pleaded against Governor Cuomo, and on that basis, no response is required. Paragraph 191 further sets forth legal conclusions to which no response is required. To the extent a response is required, Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 191 of the Complaint.

192.    The allegations contained in Paragraph 192 of the Complaint are not pleaded against Governor Cuomo, and on that basis, no response is required. Paragraph 192 of the Complaint further sets forth legal conclusions to which no response is required. To the extent a response is required, Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 192 of the Complaint.

193.    The allegations contained in Paragraph 193 of the Complaint are not pleaded against Governor Cuomo, and on that basis, no response is required. Paragraph 193 of the Complaint further sets forth legal conclusions to which no response is required. To the extent a response is required, Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 193 of the Complaint.

194.    The allegations contained in Paragraph 194 of the Complaint are not pleaded against Governor Cuomo, and on that basis, no response is required. Paragraph 194 of the

Complaint further sets forth legal conclusions to which no response is required. To the extent a response is required, Governor Cuomo denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 194 of the Complaint.

## RESPONSE TO THE PRAYER FOR RELIEF

Governor Cuomo denies that Plaintiff has suffered any cognizable injury or damages entitling her to any legal recourse from him and denies that Plaintiff is entitled to any such relief from him, whether monetary, compensatory, declarative, equitable, costs, and/or fees relating to this matter, or in any other form sought by Plaintiff.

## GOVERNOR CUOMO'S DEFENSES AND AFFIRMATIVE DEFENSES

Without undertaking any burden of proof not otherwise assigned by law, and without waiving and hereby expressly preserving his right to any defenses at such time and to such extent as discovery and factual developments establish a basis therefor, Governor Cuomo asserts the defenses and affirmative defenses below with respect to the causes of action alleged in the Complaint. Governor Cuomo expressly reserves the right: (i) to amend or supplement this Answer and the defenses and affirmative defenses asserted herein; and (ii) to assert any and all additional defenses and affirmative defenses under any applicable law if discovery shows such defenses would be appropriate.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Governor Cuomo upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by reason of Plaintiff's unlawful and wrongful conduct.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are asserted in bad faith or are frivolous, unreasonable, and without foundation.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's spoliation of evidence.

### SIXTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any injuries or harm, which Governor Cuomo expressly denies, such damages were a direct and proximate and/or legal result of intervening, superseding actions on the part of other persons or entities, and not as a result of any actions by Governor Cuomo.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because there is no employment relationship between Plaintiff and Governor Cuomo and/or because Plaintiff has not suffered any tangible employment action.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrines of waiver, estoppel, and unclean hands.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's retaliation claims are barred and estopped by the Court's July 12, 2024 Order on Defendants' motion to dismiss.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for compensatory damages and punitive damages are barred as a matter of law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent she failed to exhaust administrative, contractual, or statutory remedies.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's discrimination claims are barred because any policies, practices, or conduct were non-discriminatory, were consistent with business necessity, were unrelated to Plaintiff's sex, and/or were applied consistently to all employees.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any hostile work environment claim raised by Plaintiff is barred because any behavior of the part of Governor Cuomo alleged by Plaintiff, even if taken as true, does not rise to the requisite level of severity required to give rise to such a claim.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent she seeks any measure of recovery in excess of the damages allowed by those statutes pursuant to which her action is purportedly brought.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent she seeks economic damages as Plaintiff has suffered no economic damages.

## **RESERVATION OF RIGHTS**

Governor Cuomo hereby gives notice that he intends to rely upon any other defenses that may become available or apparent during discovery proceedings in this matter and hereby reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, Governor Cuomo respectfully requests that the Court enter judgment as follows:

A.    Dismissing the Complaint with prejudice in all respects;

B.    Awarding Governor Cuomo interest, attorney's fees, costs, and disbursements, as permitted by law or statute;

C.    Such other and further relief as the Court deems just and proper.

Dated: April 28, 2025

**GLAVIN PLLC**

By: _/s/ Rita M. Glavin_____
Rita Glavin
156 West 56th, Suite 2004
New York, New York 10019
Tel.: (646) 693-5505
rglavin@glavinpllc.com

-and-

**SHER TREMONTE LLP**

Theresa Trzaskoma
Allegra Noonan
90 Broad Street, 23rd Floor
New York, NY 10004
Tel.: (212) 202-2600
Fax: (212) 202-4156
ttrzaskoma@shertremonte.com
anoonan@shertremonte.com

*Counsel for Governor Andrew M. Cuomo*