UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TROOPER 1,

                              Plaintiff,

            v.

NEW YORK STATE POLICE, ANDREW CUOMO, MELISSA DEROSA and RICHARD AZZOPARDI,

                              Defendants.

**MEMORANDUM AND ORDER**

22-CV-893 (LDH) (TAM)

---

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

## PROCEDURAL HISTORY

On February 17, 2022, Plaintiff filed her original complaint alleging discrimination and retaliation against Cuomo and DeRosa.  (ECF No. 1.)  The next day, on February 18, 2022, Plaintiff filed an amended complaint adding Richard Azzopardi as a defendant with respect to Plaintiff's retaliation claims under the NYSHRL and the NYCHRL.  (ECF No. 7.)  On April 5, 2023, Plaintiff requested permission to file a second amended complaint to add discrimination claims under 42 U.S.C. § 2000e (Title VII) against Defendant NYSP.  (ECF No. 65).  On April 25, 2023, this Court granted Plaintiff leave to file a second amended complaint.  Defendants moved to dismiss.  By order dated September 29, 2023 (the "Order"), Plaintiff's discrimination claims against DeRosa and claims of retaliation under the NYSHRL and the NYCHRL against Cuomo, DeRosa, and Azzopardi were dismissed.  The related Memorandum and Order was issued on July 12, 2024. (ECF No. 258.)  On August 23, 2024, Plaintiff moved to amend for a second time.  (ECF No. 270).  Defendant DeRosa opposed.  (ECF No. 271.)  Defendants Cuomo

and New York State Police joined Defendant DeRosa's opposition to Plaintiff's motion to amend for a second time. (ECF Nos. 272, 273.)

Generally, courts are directed to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). That said, "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, Defendants argue that Plaintiff should be precluded from filing a third amended complaint because, among other reasons, any amendment would be futile. A proposed amendment to a complaint is deemed futile if it does not "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Therefore, in assessing the futility of a complaint, the Court applies the same standard when ruling on a motion to dismiss made under Rule 12(b)(6). *Jackson v. Wells Fargo Home Mortgage*, 811 Fed. Appx. 27, 29–30 (2d Cir. 2020).

In Plaintiff's Second Amended Complaint, she alleged, among other things, that Defendant DeRosa acted in violation of the NYSHRL and the NYCHRL when she aided and abetted Defendant Cuomo in discriminating against her. In the proposed Third Amended Complaint, Plaintiff sought to hold DeRosa liable as an "aider and abettor of Cuomo's creation of a hostile work environment[.]" (Mem. of L. in Supp. Pl.'s Mot. for Leave to File a Third Am. Compl. ("Pl.'s Mem.") at 7, ECF No. 270-1.) Notably, none of the substantive allegations in the proposed Third Amended Complaint differ from the Second Amended Complaint. Rather, in the proposed Third Amended Complaint, Plaintiff simply inserts the words "by creating a sexually hostile work environment" in the applicable enumerated causes of action. ("Pl.'s Proposed Third Am. Compl." at 30–34, ECF No. 270-2.) In any event, as Defendants aptly note, the proposed

2

Third Amended Complaint suffers from the same deficiencies as the now dismissed Second Amended Complaint. (Def. DeRosa's Mem. in L. in Opp'n. to Pl.'s Mot. for Leave to File a Third Am. Compl. ("Def. DeRosa's Mem.") at 4, ECF No. 271.)

In dismissing Plaintiff's discrimination claims in the Second Amended Complaint, the Court explained that under New York law, to successfully plead a claim for aiding and abetting under either the NYSHRL or the NYCHRL, a plaintiff must allege that a defendant "actually participated in unlawful discriminatory conduct by the employer." (The Order at 7–8 (citing *Feingold v. New York*, 366 F.3d 138, 158 (2d Cir. 2004)).) This is true under any theory of discrimination, including hostile work environment. *See Feingold,* 366 F.3d at 158 (applying this standard to determine that defendants participated in creating a hostile work environment). However, Plaintiff did not allege that DeRosa ever witnessed first-hand Governor Cuomo's alleged harassment or was ever told about any alleged harassment of Plainitff or any other alleged victim. (The Order at 8.) Put differently, the Court concluded that Plainitff failed to plead adequately any fact that would allow for the inference that DeRosa actually participated in Governor Cuomo's alleged discrimination of Plaintiff. (The Order at 8–11.) This is true too of the proposed Third Amended Complaint.

In urging the Court to allow the proposed Third Amended Complaint, Plaintiff argued only that "[t]he proposed amendment makes clear that Trooper 1 is not seeking to hold DeRosa responsible for sexual harassment separate and apart from Cuomo's actions but, rather, that DeRosa is responsible as an aider and abettor of Cuomo's creation of a hostile work environment for women." (Pl.'s Mem. at 7.) To that end, Plaintiff presses that "one of the critical inquiries with respect to a hostile work environment claim is the nature of the environment itself, evidence of the general work atmosphere is relevant. Thus, . . . in a hostile workplace case, the trier of

3

fact must examine the totality of the circumstances including evidence of . . . harassment directed at employees other than plaintiff." (*Id.* (citing *Perry v. Ethan Allen, Inc.,* 115 F.3d 143, 150–51 (2d Cir. 1997)).) Of course this is true. But nothing about that rule, undermines the notion that a defendant must at least have been aware of the harassment directed at other employees for it to be probative of any claim against the defendant for hostile work environment. This should be plain. Plaintiff's complaint names Brittany Commisso, Charlotte Bennett, Lindsay Boylan, Alyssa McGrath, Ana Liss, Kaitlin, Virginia Limmiatis, Anna Ruch, as well as two unnamed "State Entity" employees as alleged victims of Governor Cuomo. (Pl.'s Proposed Third Am. Compl. at 15–26.) Critically, in the over 67 paragraphs dedicated to setting forth the alleged harassment of those individuals, there is not a single allegation that Defendant DeRosa witnessed the harassment, was present for the harassment, or was told of the harassment. Indeed, DeRosa is not even mentioned. Plaintiff's amendment cannot save her claims.[1]

## CONCLUSION

Plaintiff's motion to amend her complaint is DENIED.

SO ORDERED.

Dated: Brooklyn, New York  
      April 28, 2025

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge

---

[1] Having determined that Plaintiff's proposed Third Amended Complaint would be futile, the Court need not reach Defendant DeRosa's argument that Plaintiff's proposed amendment is unduly prejudicial and brought in bad faith. (Def. DeRosa's Mem. at 6–7.) That said, Defendant DeRosa makes a compelling argument that she would be severely prejudiced should the Court permit yet another amendment.