

**Valdi Licul**
vlicul@wigdorlaw.com

May 29, 2025

**VIA ECF**

Magistrate Judge Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Trooper 1 v. Cuomo, *et al.*; Case No. 22-cv-00893 (LDH)(TAM)

Dear Judge Merkl:

We represent Plaintiff Trooper 1 ("Plaintiff" or "Trooper 1") in the above-captioned matter. The parties write jointly pursuant to section 3(A) of your Honor's rules to request a conference concerning the continued participation in discovery of dismissed parties Melissa DeRosa and Richard Azzopardi. The parties have conferred on this issue and are at an impasse. This letter sets forth the Parties' respective positions.

## I. Plaintiff's Position

DeRosa, Azzopardi, and their attorney, Cathy Foti (together, the "Prospective Attendees"), have informed us that they intend to attend the remaining depositions and ask questions. These depositions will primarily cover Trooper 1's sensitive and confidential medical history, with some depositions of other complainants. Their attendance would be wholly improper, and Plaintiff accordingly seeks a protective order pursuant to Fed. R. Civ. Proc. 26(c) to prevent "annoyance, embarrassment, oppression, . . . undue burden [and] expense."

First, the Prospective Attendees are judicially estopped from changing their previous position that participating in discovery would be too burdensome and expensive with a possible dismissal pending. Judicial estoppel is appropriate where a party that has successfully convinced the Court to adopt one position in a litigation adopts an inconsistent position later in the litigation, to the detriment of the opposing party. See Intellivision v. Microsoft Corp., 484 F. App'x 616, 619-20 (2d Cir. 2012) (holding that judicial estoppel applied to inconsistent arguments within the same litigation). That is exactly what has occurred here. As early as July 2022, the Prospective Attendees argued that it would impose a burden on them to participate in discovery when, as they argued, they were likely to be dismissed. Tr., Dkt. 44 at 10 ("I think that it's not fair to make us go through the burden of having to go through our files for discovery at this stage if the motion is going to be decided reasonably quickly."). The Court adopted this argument when it issued an order phasing discovery as to the Prospective Attendees. See Minute Order, Aug. 2, 2022. Indeed, because of the Prospective Attendees' arguments, the Court ruled that "we start



some discovery, but we don't get to forensic reviews, *depositions*, expert practice, the very intensive and time consuming and costly things that a party should not have to incur if they are not going to remain a party." Tr., Dkt. 44 at 11:24-12:3 (emphasis added). Therefore, the Prospective Attendees are estopped to contend that they are still part of this case for discovery purposes, because their previous position depended on the inconsistent reasoning that dismissal would take them out of this case for discovery purposes. They cannot simultaneously be in the case when it is convenient for them and they want to take discovery from others, but out of it when it is inconvenient for them.

Second, "pretrial discovery proceedings are generally conducted in private as a matter of modern practice." New York v. Microsoft Corp., 206 F.R.D. 19, 22 (D.D.C. 2002) (citation omitted). Here, many of the remaining depositions involve highly personal information about Trooper 1's medical history. This "need to know" information is routinely placed under the aegis of protective orders. See, e.g., Stone v. Annucci, No. 20 Civ. 1326 (RA), 2025 WL 579679, at *3 (S.D.N.Y. Feb. 21, 2025) (citing Trooper 1 and other cases, holding that protective order would not be modified to allow plaintiff to share "personal medical records.") (Abrams, J.) Because the Prospective Attendees are out of this case, they do not "need to know" any additional sensitive information about Trooper 1's medical treatment. See Batt v. Kimberly-Clark Corp., No. 05 Civ. 0421 (CVE)(PJC), 2006 WL 1623657, at *3 (N.D. Okl. Jun. 6, 2005) (precluding participation of non-party "because of the sensitive nature of questioning"). Furthermore, it is a simple matter for this Court to "specify[] terms" to address any concern that the Prospective Attendees will be prejudiced if an eventual appeal (which could be years away) returns them to this case. Fed. R. Civ. Proc. (c)(1)(B). If the Prospective Attendees are returned to the case, then they can review transcripts of the thorough depositions that will have been taken by Rita Glavin, Theresa Trzaskoma or counsel for the NYSP. It is doubtful that questioning by these attorneys will leave many relevant stones unturned.

Third, participation by the Prospective Attendees threatens to disrupt proceedings and heap further unnecessary expenses on the taxpayers of New York. DeRosa has repeatedly disrupted proceedings, including scoffing and reacting during Trooper 1's deposition, requiring several pauses. Moreover, DeRosa's expenses are being defrayed by the taxpayers of New York State. Saddling taxpayers with additional costs in case where DeRosa is not a party is wholly unwarranted.[1]

[1] The cases cited by the Prospective Attendees are inapposite. In Cia Naviara Financiera Aries, S.A. v. 50 Sutton Place South Owners, Inc., No. 10 Civ. 6014 (BSJ)(JLC), 2011 WL 30988 (S.D.N.Y. Jan. 4, 2011), the court permitted a prospective intervenor to participate in discovery. Id. at *1 ("it may well be efficient for Mr. Leibowitz to participate at this juncture of the proceedings, rather than wait for the heirs' motion to intervene"). Moreover, the deponent "had no objection" to the non-party's "questioning of witnesses at depositions." Id. at *2. Here, the Prospective Attendees have not obtained such consent. To the contrary, many of the prospective deponents have articulated serious concerns about Defendants abusive discovery practices. See Dkt Nos. 116, 128, 153, 157, 163, 166, 13, 201, 301- 303, 317, 349 and 361. In Grand River Enterprise Six Nations, Ltd. v. Pryor, No. 02 Civ. 5068(JFK)(DFE), 2008 WL 806530, at *1 (S.D.N.Y. Mar. 24, 2008), the court permitted the attendance of a "non-party expert." Neither case permitted the participation of already-dismissed parties.


Accordingly, Prospective Attendees should be barred from participating in further discovery.

## II. Defendant's Position

Ms. DeRosa and Mr. Azzopardi (together, the "Dismissed Parties") respectfully request that this Court deny Plaintiff's motion for a protective order under Federal Rule of Civil Procedure 26(c) and issue an order permitting them to attend and participate in the remaining depositions in this action.[2] Plaintiff has not offered any particularized facts as to how the Dismissed Parties participation in the remaining depositions would be unduly prejudicial, especially here, where the "need to know" information about Plaintiff has already been produced to the Dismissed Parties. The Dismissed Parties also request an expedited hearing on this issue in anticipation of a deposition tentatively scheduled for June 5, 2025.

As this Court is aware, due to Judge DeArcy Hall's (1) dismissal of Ms. DeRosa and Mr. Azzopardi from this action and (2) denial of Plaintiff's motion for leave to file a third amended complaint, the Dismissed Parties are considered non-parties under Rules 26 and 30. Nonetheless, Plaintiff has not satisfied her burden under Rule 26(c) to bar the Dismissed Parties attendance in the remaining depositions in this action. Although non-parties do not "have an absolute right to attend a deposition," under Rule 26(c), Plaintiff must (1) move for a protective order and (2) demonstrate that the non-parties attendance would result in "annoyance, embarrassment, oppression, or undue burden or expense," or any other "good cause."[3] Indeed, the 1993 advisory committee notes to Rule 30 state that potential witnesses, like the Dismissed Parties, "are not automatically excluded from a deposition simply by the request of a party" and that exclusion can only be ordered "when appropriate." *See* Fed. R. Civ. P. 30(c) Advisory Committee Notes (1993).

Plaintiff has not offered particularized facts as to why the Dismissed Parties' participation in the remaining depositions is unduly prejudicial. Since their dismissal from this action, and prior to Judge DeArcy Hall's denial of Plaintiff's motion to amend (a nineteen-month period), the Dismissed Parties have attended, and their counsel has asked limited questions during depositions, without objection from the Plaintiff and with no prejudice to her, the remaining Defendants in this action, or any non-party deponent.

---

[2] On Monday, May 5, 2025, counsel for the Dismissed Parties and Plaintiff met-and-conferred concerning the Dismissed Parties' request to continue to participate in discovery in this action. Plaintiff's counsel, on Thursday, May 8, 2025, emailed counsel for the Dismissed Parties and indicated their opposition to their request, asserting that because Ms. DeRosa and Mr. Azzopardi are non-parties, they have no right to participate in discovery under Rule 26 without further justification

[3] *See* Fed. R. Civ. P. 26(c)(1); *see also Cia Naviera Financiera Aries, S.A. v. 50 Sutton Place S. Owners, Inc*., No. 10 CIV. 6014 BSJ JLC, 2011 WL 30988, at *1 (S.D.N.Y. Jan. 4, 2011) (allowing non-party counsel to attend and question deponent during deposition because Plaintiff did not satisfy burden under Rule 26(c) and observing that permitting non-party attendance could also be "efficient" for case management); *Grand River Enter. Six Nations, Ltd. v. Pryor*, No. 02 CIV. 5068 JFKDFE, 2008 WL 806530, at *1 (S.D.N.Y. Mar. 24, 2008) (allowing non-party to attend depositions and suggest questions because Plaintiff did not satisfy burden under Rule 26).



Likewise, the Dismissed Parties' continued attendance and participation in depositions is efficient and necessary considering Plaintiff's intention to appeal their dismissal after the Court issues a final judgment.[4] If Plaintiff is successful in her appeal, discovery may have to be reopened for the remaining deponents, who will likely need to be questioned by the Dismissed Parties' counsel. This action has already been extensively litigated for over three years, and if the Dismissed Parties are brought back into the case, they will be prejudiced by the risk of fading witness recollections by potential deponents.

Indeed, the very witnesses who have objected vehemently to being deposed will be required to participate in additional depositions, since contrary to Plaintiff's argument, the Dismissed Parties should not be required to give up their right to examine these witnesses whom have previously testified falsely about their interactions with Ms. DeRosa in particular. Although Governor Cuomo's attorneys are extremely capable, their client's interests are not entirely aligned with the Dismissed Parties, and therefore a real risk exists that the parties will have to engage in duplicative discovery. Such risk can be obviated and the efficient administration of justice promoted if the Court permits the Dismissed Parties to continue to attend the remaining depositions.[5]

Moreover, the claim that the Plaintiff would be prejudiced due to the sensitive nature of the upcoming depositions is unsupported.[6] Plaintiff's reference to sensitive information appears to concern the upcoming depositions of medical professionals who treated the Plaintiff. The Dismissed Parties, however, have had access to Plaintiff's medical records and already have reviewed the sensitive information about which Plaintiff objects. The Dismissed Parties are also signatories to the Amended Confidentiality Order (Dkt. No. 68) governing discovery in this action, which they have complied with and continue to be bound by after their dismissal. Thus, the disclosure of sensitive information because of the presence of the Dismissed Parties at the remaining depositions is not a risk here.

The Dismissed Parties' request to attend and participate in the remaining depositions is consistent with their previous positions regarding case discovery. Plaintiff highlights statements from the Dismissed Parties' counsel during an August 2, 2022 discovery conference, and argues that counsel previously argued that their dismissal "would take them out of this case for

---

[4] *See* Dkt. No. 262-1 ("While Plaintiff has removed from this iteration of the complaint the claims and defendants removed by the Court's prior order on the motion to dismiss, she reserves all rights to appeal and otherwise challenge that decision."); *see also* Transcript at 18, 24, *Trooper 1 v. New York State Police, et. al*, No. 22-CV-00893 (LDH) (TAM) (E.D.N.Y. Apr. 28, 2025) ("What we're saying is that ultimately we would, with all due respect, have the right to appeal [the dismissal]").

[5] *See Cia Naviera*, 2011 WL 30988 at *1 ("[I]t may well be efficient for [non-party] to participate at this juncture of the proceedings."); § 16:12. Attendance at Depositions, 2 Civil Practice in the Southern District of New York (2d ed.) ("[A]t least one court has permitted a non-party's attorney to question a witness at deposition, where doing so would promote efficiency and no showing of annoyance, embarrassment or undue burden had been made.")

[6] The cases concerning non-party access to depositions cited by Plaintiff are inapposite. Unlike the Dismissed Parties, the non-parties in these cases (1) were *never parties* in the case, nor previously participated in fact discovery, (2) never articulated why access to the deposition (or transcripts of depositions) promoted case efficiency, (3) were not signatories to a confidentiality agreement governing fact discovery, and (4) were not identified by a party as potential witnesses.

discovery purposes." This assertion misstates both the Dismissed Parties' prior statements during this litigation and their current position regarding non-party attendance at depositions.

The cited statements were in the context of the Dismissed Parties' request to stay discovery pending resolution of their anticipated motion to dismiss— less than *six months after the original complaint* was filed and at the beginning of fact discovery. In requesting a stay, the Dismissed Parties objected to the burden of undergoing a forensic review of their electronic devices and other files, considering the volume of material that the Dismissed Parties had already turned over to the New York State Assembly and Attorney General concerning the same subject matter. *See* Tr. Dkt. 44 at 5:21-6:02. Although the request was formally denied, the Court agreed that considering the Dismissed Parties' pending motion to dismiss, they should not be forced to "reorganize all of the discovery so that it is responsive to [Plaintiff's] numerical requests because that will take a ton of work and probably take . . . dozens of hours." *See id*. 16:14- 20. And although the Dismissed Parties did not have to engage in that work at the time, they ultimately performed a forensic examination of their phones and responded to specific discovery requests while their motions remained pending. Indeed, when the Dismissed Parties conveyed their objections to additional document demands, Plaintiff insisted that they had no right to do so because discovery was not stayed.

There is nothing inconsistent between that position and the Dismissed Parties' request to attend the remaining depositions *as non-parties*. As previously established, under Rule 26 and 30, non-parties are not automatically excluded from depositions simply by another party's request. And there is good cause to permit their attendance, as (1) the Dismissed Parties will be "non-party witnesses" in in the case, Tr., Dkt. 44 at 8:11-15, (2) Plaintiff has indicated that they will appeal Ms. DeRosa and Mr. Azzopardi's dismissal from this action, and (3) fact discovery is almost completed, with limited depositions remaining. This Court should additionally disregard Plaintiff's baseless accusation that Ms. DeRosa has repeatedly disrupted proceedings during Trooper 1's deposition. Although Plaintiff's counsel accused Ms. DeRosa of "glaring" at Trooper 1 during her November 15, 2024 deposition, Plaintiff provides no support for the assertion that a party merely looking at a deponent constitutes a disruption that satisfies the standard required for a protective order under Rule 26(c). This Court has not been asked to resolve any disputes regarding the Dismissed Parties' conduct during *any deposition*, and such concern is further mitigated by the fact that Plaintiff is not one of the remaining deponents in this case.

Finally, Plaintiff's argument that the Dismissed Parties should not be permitted to attend the remaining depositions because Ms. DeRosa's fees are being paid by the State is at best ironic. The State has only incurred significant expense for Ms. DeRosa's defense because of Plaintiff's decision to sue an individual whom she barely met for conduct the Plaintiff knew never had occurred. If Plaintiff truly is interested in saving the State of New York money, she should agree to a final, unappealable judgment for the Dismissed Parties.[7]

---

[7] During their meet and confer with the Plaintiff, the Dismissed Parties suggested that if Plaintiff truly wanted to limit access to the remaining depositions, she could agree to the entry of a final judgment. Plaintiff refused.



WIGDOR.

Hon. Taryn A. Merkl
May 29, 2025
Page 6

Respectfully submitted,

Valdi Licul