
June 24, 2025

**BY ECF**

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  **Re:**   *Trooper 1 v. NYSP et al.*, 22-cv-893 (LDH) (TAM)

Dear Judge Merkl:

  We represent Governor Cuomo and write to raise two additional discovery disputes concerning nonparty complainant Brittany Commisso, who continues to obstruct and delay in providing discovery in connection with Trooper 1's lawsuit.

  *First*, we request that the Court direct that Ms. Commisso provide a date for her deposition. Your Honor already ruled that Ms. Commisso's testimony was relevant and necessary to this action, and that she should sit for a deposition by the current discovery deadline of August 15, 2025 (a date that was set to coincide with the then-deadline for Ms. Commisso's deposition in her separate state court action in an attempt to minimize burden on Ms. Commisso if an overlapping deposition were in fact feasible). April 25, 2025 Text Order. But Ms. Commisso now refuses to provide a deposition date.

  Ms. Commisso's noncompliance is inexcusable and is based on her continued insistence that there should be a single deposition in both cases, despite that both cases are on entirely different timelines and that her testimony for each overlaps only in part. Ms. Commisso's single-deposition-or-bust position is simply unworkable and has now been rejected, both by this Court and, more recently, by Justice Denise Hartman in the state court action. Justice Hartman ruled definitively at a June 13, 2025 status conference in that case that there would have to be a separate deposition of Ms. Commisso in connection with her own lawsuit, given that she is the plaintiff in that case. Indeed, Justice Hartman recently revised the discovery schedule in the state court action to push the deadline for Ms. Commisso's deposition from August 15, 2025 to October 31, 2025 (a date Justice Hartman acknowledged at the June 13 status conference will likely have to be further moved given the existence and scope of numerous discovery disputes in that case that have yet to be briefed). A copy of that scheduling order is attached as **Exhibit A**.

  *Second*, we request that the Court direct that Ms. Commisso produce documents responsive to our original subpoena in this case, and, specifically, any text messages concerning Governor Cuomo that she already produced in her state court case. As we previously advised the Court, Ms. Commisso's original production in this matter was

scant—just a handful of documents. *See* ECF No. 363. We were very concerned about the lack of responsive documents (and in particular, the lack of text messages), but Ms. Commisso's predecessor counsel specifically advised us that Ms. Commisso had searched for and did not have any more responsive documents. He further advised us that Ms. Commisso no longer had the cellphone she used at the time of her allegations and was unable to access further texts from that time. Because we had been specifically informed that she had no other documents and no longer had the cellphone she had used to text at the time of her allegations, we did not move to compel their production in this case.

Ms. Commisso understood such spoliation would negatively impact her own lawsuit, and earlier this year her new counsel informed us that Ms. Commisso did, in fact, have access to her text messages. Suddenly, Ms. Commisso unearthed hundreds of responsive texts, including devastating messages in a group text chain called "***Cuomo's Hoes***," which included Ms. Commisso, complainant Alyssa McGrath, and several other Executive Chamber colleagues.[1] Ms. Commisso (and Ms. McGrath) withheld these text messages—which completely undermine Ms. Commisso's allegations and support Governor Cuomo's defense that Ms. Commisso, Ms. McGrath, and others were aggressively flirtatious with him rather than the other way around—not only from us but from the OAG Investigators and from the Albany County District Attorney's Office.[2]

While Ms. Commisso made a supplemental production to us in this case in response to a more recent follow-up subpoena, she is still withholding highly relevant documents—exculpatory to Governor Cuomo—that are responsive to the original subpoena. ***We know these documents exist because Ms. Commisso produced them in her own lawsuit***. We have demanded cross-production, but Ms. Commisso has refused, arguing that we somehow waived our right to seek these documents because we did not move to compel earlier.[3] Ms. Commisso makes this argument, despite a clear record that the only reason

---

[1] In his testimony released by the OAG, Ms. McGrath's ex-husband, Matthew McGrath, testified to the existence of this group chat, which he understood included Ms. Commisso. *See* **Exhibit B**. However, no messages from this group chat were previously produced by Ms. Commisso or Ms. McGrath (to us or any investigators) until Ms. Commisso began making productions in the state case.

[2] Ms. Commisso's production in her own lawsuit is seriously deficient, including because she (i) withheld large swaths of documents as "irrelevant," (ii) applied heavy redactions to the documents she did produce on the grounds that they were not responsive and/or not relevant, and (iii) refuses to produce communications from the days when she claims she was harassed by Governor Cuomo. We are in the process of addressing those issues in Ms. Commisso's case, which is why Justice Hartman recently revised the discovery schedule. Resolution of outstanding document discovery disputes in the state court action is not, however, necessary for Ms. Commisso's deposition in this case. Rather, ***for purposes of summary judgment in this case***, it will be sufficient for Ms. Commisso to cross-produce in advance of her deposition what she has already produced in the state court action.

[3] Ms. Commisso's refusal to cross-produce is another reason why her insistence on only one deposition across cases is entirely unworkable, as it would require Governor Cuomo's counsel to

we did not move to compel before is that ***her lawyer told us (a) she searched for and did not have any more documents and (b) she no longer had her cellphone from that time period***.

Ms. Commisso's continued obstruction is appalling and wasteful to the taxpayers who continue to have to fund our efforts to obtain basic discovery in the face of constant resistance. The only plausible explanation for Ms. Commisso's delay tactics is that she wants to put off the day when she will have to testify about her allegations under oath and prevent Governor Cuomo's counsel from finally confronting her with her own communications that disprove her allegations.[4]

Under these circumstances, we respectfully request that the Court direct Ms. Commisso to forthwith (1) provide a date for her deposition prior to August 15, 2025, and (2) produce in this case all documents responsive to our original subpoena that she produced in the state court action.

Respectfully submitted,

*/s/ Theresa Trzaskoma*

Theresa Trzaskoma

Attachments

---

refrain from asking about highly relevant documents, including as to Ms. Commisso's allegations of harassment that Trooper 1 incorporated into this case, because of an artificial wall between Ms. Commisso's state case and this case.

[4] To create further delay, Ms. Commisso insists that we should have to file a formal motion to compel in order to obtain documents that are clearly responsive to a valid subpoena that she never sought to quash, all while driving up and simultaneously complaining about Governor Cuomo's legal fees.