# WANG HECKER LLP

111 Broadway, Suite 1406
New York, New York 10006

Mariann Meier Wang
212.620.2603 tel
212.620.2613 fax

mwang@wanghecker.com

July 11, 2025

**By ECF**

The Honorable Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Trooper 1 v. Cuomo, et al.*; Case No. 22-cv-00893 (LDH) (TAM)

Dear Judge Merkl:

      This firm represents non-party Alyssa McGrath, and together with our co-counsel Kevin Mintzer, non-party Brittany Commisso. We write, pursuant to Your Honor's Order dated June 25, 2025, to respond to the grossly misleading letter Defendant Cuomo filed with this Court early on the morning of the NYC mayoral primary, June 24 (ECF No. 384). We respectfully request a pre-motion conference regarding our clients' intended motion for a protective order concerning Defendant Cuomo's punitive tactics against these witnesses.

      In addition to filing letters apparently designed to support misleading and derogatory press statements[1], counsel's letter boldly mischaracterizes in inflammatory terms group texts produced by Ms. Commisso *in another case and designated as Confidential*, thereby violating the Confidentiality Order in effect in *Commisso v. Cuomo et al.,* No. 911286-23, (Sup. Ct. Albany Cnty. 2024), which in fact have no bearing on this case, and reflects a barefaced attempt to obfuscate counsel's own failure more than two years ago to inquire of our client's former counsel about his properly interposed objections and accompanying document production.

**Depositions**

      As Your Honor is aware, neither Ms. Commisso nor Ms. McGrath has *any* first-hand information about what Trooper 1 experienced, and they are not aware of ever having spoken to Trooper 1 or having been in the presence of any

---

[1] On June 23, 2025, *Politico* reported that Rita Glavin falsely stated to their reporter that "like Bennett, Commisso also withheld from investigators dozens of texts that gut her allegations, which is why her lawyers are now engaged in legal maneuvering to avoid Commisso having to sit for a deposition[.]" *Legal Dramas Would Trail Andrew Cuomo to City Hall*, https://www.politico.com/news/2025/06/23/legal-dramas-would-trail-andrew-cuomo-to-city-hall-00417884.

female trooper with Defendant Cuomo. Likewise, as Your Honor knows, both Ms. Commisso and Ms. McGrath are executive assistants who were subjected to sexual harassment by Defendant Cuomo – then head of New York State and thirty years their senior – who repeatedly groped and sexually touched Ms. Commisso at work and who looked down Ms. McGrath's blouse and sought information about both women's marital and dating statuses, even as he spoke about how lonely he was.

In April, Your Honor directed that their depositions take place by mid-August. In accord with that Order, on May 7, 2025, we offered to make Ms. McGrath available on August 12 and Ms. Commisso on August 14 for both this case and *Commisso v. Cuomo*. While we indicated a concern in late June about duplicative depositions, we now stand by those dates, subject to the below conditions, which we seek based on Defendant Cuomo's punitive tactics.

First, we respectfully request that these non-party depositions be limited in time and scope. It would be improper and excessively burdensome to question each of these non-parties for "at least 8 hours", as we recall defense counsel represented to Your Honor at the April court conference she planned to do. The subject matter of their testimony in this case as non-parties who have no first-hand knowledge of Trooper 1 or her claims is necessarily narrow. Ms. McGrath's testimony should be limited exclusively to *her* experience of being sexually harassed at work by Defendant Cuomo or *her own* statements about Defendant Cuomo or her allegations. She should *not* be questioned in this case about Ms. Commisso's allegations other than to the extent she was herself present and a direct witness to Defendant Cuomo's sexual harassment of Ms. Commisso.[2] Nor should Ms. McGrath be questioned about any of her personal relationships, including her ex-husband, her separation or divorce, or other relatives, friends, or co-workers. Given the limited nature of Ms. McGrath's allegations, her deposition should not take more than two hours.

Likewise, Ms. Commisso should be examined exclusively with respect to her own experience of being sexually harassed and groped by Defendant Cuomo, and she should not be grilled on topics that have nothing to do with *Trooper 1*, including Ms. Commisso's emotional harm, her personal relationships or divorce, or her communications with friends or work colleagues who have never reported being sexually harassed by Defendant Cuomo. Her questioning should also not take more than two hours.

Imposing time and topic limits for the depositions of Ms. Commisso and Ms. McGrath is consistent with Your Honor's approach in this case to other similarly situated non-party witnesses. *See, e.g.*, Minute Entry and Order dated May 2, 2025; Text Order dated May 2, 2025.

---

[2] There is no dispute that neither Ms. Commisso nor Ms. McGrath spoke to anyone about the sexual harassment while it was ongoing, since, as Ms. Commisso testified to the OAG, she had always thought she would take those deeply humiliating experiences "to the grave," as so many victims of workplace sex harassment feel.

Second, we request that such depositions be conducted via Zoom, as Ms. Commisso and Ms. McGrath reside in Albany, and the attorneys representing them and the attorneys for Defendant Cuomo and Plaintiff are all based in New York City. Non-parties and their counsel should not be subjected to the additional cost and burden of travel and hotel accommodations when Zoom depositions have proven sufficient for other non-parties in this case. (For example, non-party Virginia Limmiatis was deposed for two hours via Zoom on June 5, 2025.)

### *Documents*

Defendant Cuomo is not entitled to the disproportionate and burdensome discovery he failed for more than two years to seek to obtain.

Ms. Commisso was served with a document subpoena in spring 2023, when she was represented by prior counsel who timely served objections to the overbroad and unduly burdensome requests and produced documents at the time, on May 2, 2023. We have no knowledge of what was represented by previous counsel to defense counsel and, without waiver of privilege, while our client did obtain a new iPhone, she has never represented to anyone that she did not have archived access to her texts. We have asked defense counsel to forward us any specific representations they believe Ms. Commisso's prior counsel made that were inaccurate, and they have not done so; defense counsel's June 24 letter likewise contains no reference to any specific statement or representation by Ms. Commisso's prior counsel. Instead, they simply assumed spoliation and made broad, public attacks on Ms. Commisso without foundation.

Counsel's inflammatory and erroneous reference to "spoliation" is a transparent attempt to distract from counsel's own failure diligently to pursue clarity around Ms. Commisso's initial document production. It is also a red herring, because the spring 2023 subpoena was improperly overbroad and disproportionately burdensome, just as Your Honor concluded numerous other non-party document subpoenas served by Defendant Cuomo were. ECF No. 220 at 11-12 (narrowing considerably the subject matter of non-party discovery that is proportional to the needs of this case). Had counsel properly followed up, they would presumably have learned that while preserved backup existed, the documents they seek, including those they now have from *Commisso v. Cuomo* – which they misleadingly describe in substance *and* publicly invoke in blatant violation of the *Commisso* Confidentiality Order – are wholly irrelevant to the claims and defenses in this case and, as crafted, the requests impose a burden on a non-party witness that is entirely disproportionate to the needs of this case. *See, e.g.*, *Trooper 1 v. New York State Police*, 22 CV 893 (LDH)(TAM), 2024 WL 168326, at *2 (E.D.N.Y. Jan. 16, 2024) (taking "special notice" of the non-party status of a witness "in considering the proportionality of the discovery requests made of her and regarding her."); *see also Breaking Media, Inc. v. Jowers*, 21 Misc. 194, 2021 WL 1299108, at *6 (S.D.N.Y. Apr. 7, 2021). Contrary to defense counsel's gross mischaracterization of

allegedly "hundreds" of text messages that are supposedly "devastating" to Ms. Commisso's case and "exculpatory" of Cuomo, no such text messages exist.[3] In fact, the group text messages counsel appears to be referencing were formed and dominated by other non-parties; nothing in them remotely justifies Cuomo, a then-64-year-old man, to repeatedly grope Ms. Commisso's buttocks and breast or remotely suggests that the events reported by Ms. Commisso did not occur.

The production of materials in *Commisso v. Cuomo* was expensive and burdensome, required the hiring of and payment to an e-discovery vendor to collect and process a large volume of data, and involved hundreds of hours of attorney time spent reviewing and preparing the documents for production. It is completely appropriate that such a process was not undertaken in this case, where Ms. Commisso is a non-party who does not know Trooper 1 or have personal knowledge regarding any of her allegations. Appropriate discovery from Ms. Commisso in this case comprises a far narrower universe than in her own lawsuit. Therefore, cross-production of all documents produced in her lawsuit against Cuomo is entirely inappropriate and unduly burdensome, and would be unnecessarily invasive of Ms. Commisso's privacy. *See, e.g., Sebastian Holdings, Inc. v. Kugler*, No. 08-CV-1131 (RNC), 2010 WL 4702371, at *3 (D. Conn. Nov. 12, 2010) (denying motion to compel production of documents where requests were "invasive of a non-party's personal affairs").

* * *

Defendant Cuomo should not be permitted to continue his harassing quest to resurrect his tarnished reputation by creating a false record and attempting to smear our client, nor should he be permitted to impose unnecessary burdens on non-parties in this case. We ask for a pre-motion conference and/or an opportunity to fully brief our motion for a protective order, or for an order directing that Ms. Commisso's and Ms. McGrath's depositions be limited in time and scope, and conducted via Zoom based on the documents already produced in this case and as set forth above.

---

[3] As Defendant Cuomo's counsel appears to have frequently done based on the docket in this case (repeatedly re-filing under seal documents that improperly disclosed confidential information), they filed a letter discussing materials marked as confidential, in direct violation of an order in *Commisso v. Cuomo, see* NYSCEF Doc. No. 111 § 15 ("Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation."). We note that this disregard for a court order is sanctionable, including by denying Defendant the discovery he seeks. *See* Fed. R. Civ. Proc. 37(b)(2); *see also Dorsett v. County of Nassau*, 10 Civ. 1258 (ADS), 2012 WL 2076911 at *6 (E.D.N.Y. June 7, 2012) ("[N]oncompliance with protective orders issued pursuant to Rule 26(c) may be sanctioned under [Rule 37(b)(2)]"); *Errant Gene Therapeutics, LLC v. Sloan-Kettering Inst. for Cancer Rsch.*, No. 15-CV-2044 (AJN) (RLE), 2017 WL 2418742, at *3 (S.D.N.Y. June 5, 2017). We note further that the *Commisso v. Cuomo* Confidentiality Order permits a party only in narrow circumstances to submit redacted or sealed materials to *that governing court* – <u>not</u> to this Court or in this action.

Respectfully submitted,

*Mariann Wang* (signature)

Mariann Meier Wang
Alice G. Reiter

*Attorneys for Non-Parties Alyssa McGrath and Brittany Commisso*

cc: Counsel of record (by ECF)