UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
TROOPER 1,

                Plaintiff,

   -against-

NEW YORK STATE POLICE, ET AL.,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
22-CV-893 (LDH) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

On February 17, 2022, Trooper 1 ("Plaintiff"), a member of former New York Governor Andrew Cuomo's Protective Service Unit ("PSU"), initiated this action alleging that Cuomo sexually harassed her and other state employees. (Compl., ECF No. 1.) The amended complaint named as Defendants the New York State Police ("NYSP"), Cuomo, Melissa DeRosa, and Richard Azzopardi. (*See* First Am. Compl. ("FAC"), ECF No. 7; Second Am. Compl. ("SAC"), ECF No. 71.) Melissa DeRosa and Richard Azzopardi have since been dismissed from the case, following their filing of a successful motion to dismiss and denial of Plaintiff's motion for leave to file a third amended complaint.[1] Accordingly, DeRosa and Azzopardi are no longer parties to this case, and will be referred to herein as the "Dismissed Parties."

---

[1] The Honorable LaShann DeArcy Hall has dismissed the claims against DeRosa and Azzopardi, as well as the retaliation claims brought under the NYSHRL and NYCHRL against Cuomo, for failure to state a claim. *See Trooper 1 v. New York State Police*, No. 22-CV-893 (LDH) (TAM), 2024 WL 3401196 (E.D.N.Y. July 12, 2024). Plaintiff's motion for reconsideration of that ruling was denied on August 9, 2024. (Aug. 9, 2024 ECF Order.) Thereafter, on August 23, 2024, Trooper 1 sought leave to file a third amended complaint to reinstate discrimination and retaliation claims against DeRosa, and a retaliation claim against Cuomo. (*See* Mot. to Amend, ECF No. 270; Proposed Third Am. Compl., ECF No. 270-2.) Judge DeArcy Hall denied the motion for leave to file an amended complaint on April 28, 2025. (Mem. & Order, ECF No. 367.)

Notwithstanding their current status as non-parties, DeRosa and Azzopardi seek to continue to participate in discovery. Accordingly, Trooper 1 now seeks a protective order to prevent the Dismissed Parties, and their counsel, from participating in upcoming depositions. (*See* Joint Letter, ECF No. 375.) On July 21, 2025, the Court heard oral argument on the issue. For the reasons set forth below, the non-parties' request for an order permitting their participation in future depositions in this case is denied, and Plaintiff's motion for a protective order is granted in part. As discussed herein, however, should any of the non-party complainants consent to deposition questioning now in the interest of efficiency, the Court will allow one counsel for the Dismissed Parties to attend their deposition.

### **FACTUAL BACKGROUND**[2]

At the oral argument held on July 21, 2025, Plaintiff's counsel provided an overview of the upcoming depositions that remain in this case, which include the depositions of four non-party complainants who have made sexual harassment allegations against Cuomo. Cuomo's efforts to take discovery from, and about, these complainants, has been the source of myriad motions and letters, and multiple protective orders and rulings.[3] In addition, Plaintiff's counsel represented that there

---

[2] This Memorandum and Order assumes familiarity with the factual and procedural history of this case and that the New York State Office of the Attorney General ("OAG") and New York State Assembly Judiciary Committee ("AJC") conducted investigations and issued reports in 2021 concluding that Cuomo engaged in sexual harassment while in office.

[3] *See, e.g., Trooper 1 v. NYSP*, No. 22-CV-893 (LDH) (TAM), 2024 WL 165159 (E.D.N.Y. Jan. 16, 2024) (discovery/protective order concerning non-party complainants); *see id.* at *1 n.1

may be depositions scheduled for up to six medical providers who treated Plaintiff, but he is not certain as of this juncture which of those depositions will proceed.

Counsel for the Dismissed Parties represented at argument that she seeks to attend — and participate in — the four upcoming depositions of the non-party complainants. More broadly, counsel requested to attend all of the upcoming depositions, particularly on behalf of Ms. DeRosa, who also seeks to attend the depositions via Zoom. Counsel for the Dismissed Parties emphasized that, if permitted to participate now, she anticipates that her questioning will be short in duration, and much more efficient than any future deposition would be, should one become necessary.

## DISCUSSION

The parties have framed the issue before the Court as a question of whether Plaintiff is entitled to a protective order under Federal Rule of Civil Procedure 26(c). (Joint Letter, ECF No. 375.) Plaintiff contends that she has met her burden for a protective order because the upcoming depositions concern "highly personal information about Trooper 1's medical history," and in an effort "to prevent 'annoyance, embarrassment, oppression, . . . undue burden [and] expense.'" (*Id.* at 2, 1 (quoting Fed. R. Civ. P. 26(c)).) Plaintiff further argues that the Dismissed Parties should not be permitted to participate due to the prior positions that they have taken in the

---

(summarizing the many discovery disputes that had been filed as of January 2024 in connection with the non-party complainants). The many disputes prior to January 2024 led to the Court's issuance of three protective orders on January 16, 2024, which have been followed by many additional filings concerning similar issues. (*See* Discovery Order re Lindsey Boylan, ECF No. 218; Discovery Order re Charlotte Bennett, ECF No. 219; Discovery/Protective Order re Non-Party Discovery, ECF No. 220; *see also, e.g.,* filings concerning objections to discovery by non-party complainants, ECF Nos. 301, 302, 303, 305, 307, 308, 309, 310, 311, 312, 315, 317, 319, 325, 326, 329, 331, 332, 333, 334, 361, 363, 384.)

3

case, including requesting a stay of discovery at the outset, positing that the Dismissed Parties "cannot simultaneously be in the case when it is convenient for them and they want to take discovery from others, but out of it when it is inconvenient for them." (*Id.* at 2.)

The Dismissed Parties argue that Plaintiff has failed to meet her burden for the issuance of a protective order, contending that she "has not offered any particularized facts as to how the Dismissed Parties participation in the remaining depositions would be unduly prejudicial." (*Id.* at 3.) The Dismissed Parties also cite to the advisory committee notes to Rule 30, which make clear that the drafters of the rule meant to clarify that potential witnesses "'are not automatically excluded from a deposition simply by the request of a party,' and that exclusion can only be ordered 'when appropriate.'" (*Id.* at 3 (quoting Fed. R. Civ. P. 30(c) advisory committee's note to 1993 amendment).) Additionally, the Dismissed Parties suggest that permitting their attendance and participation in the depositions may promote efficiency and reduce the burden on the complainants in the future in the event that Plaintiff successfully appeals Judge DeArcy Hall's ruling on the motion to dismiss, which could result in the Dismissed Parties being put back into the case. (*Id.* at 4–5.) For the reasons discussed below, the Dismissed Parties' request for an order directing that they may continue to participate in discovery is denied.

I. **Applicable Law**

As the Court has previously observed in this case, "'pretrial depositions and interrogatories are not public components of a civil trial.'" *Trooper 1 v. New York State Police et al.*, No. 22-CV-893 (LDH) (TAM), 2024 WL 1349122, at *4 (E.D.N.Y. Mar. 29, 2024) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)). The "unique character of the discovery process requires that the trial court have substantial latitude

4

to fashion protective orders." *Rhinehart*, 467 U.S. at 36. To that end, Federal Rule of Civil Procedure 26 expressly permits parties to request orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (E) designating the persons who may be present while the discovery is conducted." Fed. R. Civ. P. 26(c).

Courts have significant discretion over when to issue a protective order concerning discovery. "Rule 26(c) empowers the court to make a wide variety of orders for the protection of parties and witnesses in the discovery process." 8A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2035 (3d ed. 2025); *see also id.* § 2041. "Courts routinely issue protective orders to govern discovery when sensitive non-public information is at issue." *Stone v. Annucci*, No. 20-CV-1326 (RA), 2025 WL 579679, at *2 (S.D.N.Y. Feb. 21, 2025) (collecting cases). Even where the moving party has "not provided specific examples of harm, the general harm that would result from the disclosure of . . . undisputedly personal information can satisfy the good cause standard." *Id.* (quotation marks omitted). A plaintiff's general appeal to privacy rights may also be sufficient to demonstrate good cause. *See Haidon v. Town of Bloomfield*, 552 F. Supp. 3d 265, 275 (D. Conn. 2021) ("Although the Movants' arguments are relatively weak, that does not matter much . . . in the mine run of cases . . . pretrial discovery should remain private. The Movants' (relatively) general interest in their privacy is thus

a legitimate concern supporting 'good cause' to issue their requested protective order." (footnote omitted)).[4]

In addition, notwithstanding the guidance of the 1993 advisory committee's note to Rule 30(c), which made clear that "witnesses are not automatically excluded from a deposition simply by the request of a party," non-parties "'do not have an absolute right to attend a deposition.'" *Cia Naviera Financiera Aries, S.A. v. 50 Sutton Place S. Owners, Inc.*, No. 10-CV-6014 (BSJ) (JLC), 2011 WL 30988, at *1 (S.D.N.Y. Jan. 4, 2011) (quoting *Grand River Enter. Six Nations, Ltd. v. Pryor*, No. 02-CV-5068 (JFK) (DFE), 2008 WL 806530, at *1 (S.D.N.Y. Mar. 24, 2008)). Indeed, in a case that involved significant press attention during civil discovery, the Second Circuit observed as follows:

> Circumstances of a deposition may be governed by the court's protective order. The court may order that "discovery be conducted with no one present except persons designated by the court." Fed. R. Civ. P. 26(c). The extent of the court's authority to determine those present was enlarged by the 1970 revision of the Rules of Discovery. Prior to the revision, Rule 30(b) allowed the court to order discovery to be conducted "with no one present except the parties to the action and their officers or counsel. . . ." In view of the revision, it is clear that the court has the power to exclude even a party, although such an exclusion should

---

[4] The Court is cognizant that the Dismissed Parties are likely already parties to the confidentiality order that was issued to govern discovery in this case and that they may have had significant exposure to some of the sensitive information that will be discussed at the upcoming depositions. (*See* Am. Confidentiality Order, ECF No. 68.) Prior exposure to that information, alone, does not alter the Court's analysis, particularly as to the upcoming depositions for the complainants, which will touch upon highly personal information and sensitive sexual harassment allegations. The existence of the confidentiality order in this case also raises another concern, namely, whether disclosure of confidential information to the Dismissed Parties is even permitted by the order, which provides that "[d]ocuments designated 'confidential' shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel, and other persons necessary to review the documents for the prosecution or defense of this lawsuit." (*Id.* ¶ (d).) To the extent information from the upcoming depositions is designated as confidential, which seems exceedingly likely given the history of the litigation to date, it is unclear that provision of the confidential information to the Dismissed Parties would be permissible, and under what circumstances, since they are no longer involved in the *defense of this lawsuit*, but may still be potential witnesses.

6

> be ordered rarely indeed. The grant and nature of protection is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.

*Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973).

## II. Analysis

As set forth above, the Dismissed Parties seek to continue with discovery, notwithstanding that they have been dismissed from the case as a result of their motion to dismiss. The Dismissed Parties' request here has two, distinct elements that require different analysis — because *attendance* at a deposition is not synonymous with *participation*. The Court turns to participation first.

### A. Non-Party Participation in the Depositions

As a threshold matter, the Court questions whether there is authority in the Federal Rules to order a deposition conducted by a non-party over a deponent's objection. Starting with the language of Rule 30(a)(1), it states, in pertinent part: "*A party* may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1) (emphasis added). Nothing in the rules speaks to any procedures for a deposition taken by a non-party. Indeed, that would be well outside the Court's authority. Given that the very purpose of the Federal Rules is to provide ground rules for civil disputes in federal court, the Court does not find a source of authority in the Federal Rules for this Court to direct or require information gathering undertaken by dismissed non-parties over a deponent's objection.

Here, the Dismissed Parties chose to file a motion to dismiss and they won. In doing so, they have forfeited their opportunity to continue to avail themselves of the discovery tools available to parties under the Federal Rules of Civil Procedure. Should

7

the Dismissed Parties have preferred to remain in the case and take discovery, they could have completed discovery and filed a motion for summary judgment. But that is not the path they chose. Because the Federal Rules do not provide for a deposition by non-parties, the Court rejects the Dismissed Parties' request for an order directing that they may participate in the upcoming depositions.

### B. Non-Party Attendance at the Depositions

The question of attendance at the depositions presents a somewhat closer question. As set forth above, in considering an application for a protective order, the Court's analysis must center on whether it is necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). As the Court observed in its first opinion regarding a challenge to a confidentiality designation in this case, this case involves allegations of a "highly sensitive nature," and a "broad scope of discovery into sensitive and private matters, including but not limited to allegations of Cuomo's harassment and the personal circumstances and histories of the non-party complainants." *Trooper 1*, 2024 WL 1349122, at *10. Since that time, in connection with the many objections raised by the non-party complainants, the Court has learned even more about the highly sensitive topics that the remaining Defendants may seek to explore at the upcoming depositions, which include but are not limited to the nature of the sexual harassment allegations themselves, mental health issues, historical trauma, and substance use. Many of the non-party complainants have repeatedly sought relief from sitting for a deposition at all, due in part to concerns about trauma related to being deposed, which have led to various protective orders and restrictions on the manner of the depositions themselves. Taking the highly sensitive allegations and personal circumstances of these complaining witnesses into account, the Court finds that Plaintiff has established good cause for a

protective order preventing non-parties from attending the upcoming depositions. Similarly, given the inherently personal nature of medical and mental health treatment, Plaintiff has a clear privacy interest in a limitation on who may attend the depositions of her treatment providers. *See, e.g.*, *Kohlhaus v. Educ. Plus Corp.*, No. 23-CV-1453 (AJB) (ML), 2025 WL 1392503, at *5–9 (N.D.N.Y. May 14, 2025) (vacating denial of a protective order concerning who could participate in depositions where sensitive medical information and sexual assault allegations were at issue).

The two cases the Dismissed Parties cite in support of their motion do not apply here. In *Cia Naviera*, the witness seeking access to a deposition planned to file a motion to intervene within weeks of the opinion. *Cia Naviera Financiera Aries, S.A.*, 2011 WL 30988, at *1. And in *Grand River Enterprise Six Nations*, the court permitted a non-party expert to attend a deposition, extending the same courtesy to all witnesses "designated to give opinion testimony" in the case. *Grand River Enter. Six Nations*, 2008 WL 806530, at *1–2. In both cases, the individuals seeking to participate in each deposition were imminently likely to be involved in the case, and the objecting party failed to demonstrate any likelihood of "annoyance, embarrassment, oppression, or undue burden or expense" or other good cause sufficient to warrant a protective order under Rule 26(c). Additionally, in *Grand River Enterprise Six Nations*, it was not anticipated that the expert who planned to attend would participate in the deposition by asking questions directly. *Grand River Enter. Six Nations*, 2008 WL 806530, at *1.

Here, as discussed above, the Dismissed Parties affirmatively and successfully sought to remove themselves from this case; the prospect that they may have further party involvement in the future is speculative and far off in time. (*See* Mot. to Dismiss, ECF No. 48; Mem. & Order, ECF No. 258 (granting motion to dismiss Azzopardi and DeRosa as Defendants); Mem. & Order, ECF No. 367 (denying motion to amend).)

Further, as discussed on the record at the July 21, 2025 conference and at length in prior orders in this case, any participation of non-essential persons at the non-party complainants' depositions in the case is likely to cause "annoyance, embarrassment, oppression, or undue burden or expense," sufficient to warrant a protective order under Rule 26. Fed. R. Civ. P. 26(c). *Cf. Cia Naviera*, 2011 WL 30988, at *1; *Grand River Enter. Six Nations*, 2008 WL 806530, at *1–2. In short, neither case supplies authority sufficient to order that the Dismissed Parties be permitted to participate and attend the depositions.

Notwithstanding these conclusions, the Court recognizes the merit of the Dismissed Parties' argument that it may be more efficient in the long run to permit their participation in the depositions now so as to avoid a duplicate deposition in the future in the event that any party is reinstated after appeal. (*See* Joint Letter, ECF No. 375, at 4 (discussing the prospect of reopening discovery post-appeal to permit depositions by the Dismissed Parties).) Given the sensitivity of the issues here, and the fact that the privacy interests belong to, and any future burdens would largely fall on, the non-parties, not Trooper 1, should any non-party complainant prefer to be questioned by counsel for the Dismissed Parties *now*, in exchange for forgoing a potential additional deposition in the future, the Court will permit counsel for the Dismissed Parties to attend and participate in the relevant deposition(s). To be clear, in the event that counsel for the Dismissed Parties is able to reach agreement with counsel for a non-party complainant, the Court's finding that there is a basis for a protective order under Rule 26(c) shall not *preclude* limited questioning in the upcoming deposition of that

complainant by counsel for the Dismissed Parties at this time, conducted by one counsel, and without the Dismissed Parties in attendance.

## CONCLUSION

For all of these reasons, Plaintiff's motion for a protective order is granted, in part, as detailed above.

**SO ORDERED.**

Dated: Brooklyn, New York
      July 22, 2025

                                               */s/ Taryn A. Merkl*
                                        TARYN A. MERKL
                                        UNITED STATES MAGISTRATE JUDGE