

September 29, 2025

**<u>BY ECF</u>**

Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   **Re:**  ***Trooper 1 v. NYSP et al.*, 22-cv-893 (LDH) (TAM)**

Dear Judge DeArcy Hall:

   We write on behalf of Governor Cuomo to provide an update on certain pending appeals to Your Honor concerning Judge Merkl's limitations on discovery from nonparty complainants, filed at ECF Nos. 232 and 429, on January 30, 2024 and September 3, 2025 respectively. Because the fact discovery deadline is set for tomorrow, and Governor Cuomo agrees with Judge Merkl's assessment that the nonparty complainants are irrelevant to Trooper 1's claims, Governor Cuomo believes proceeding to expert discovery and summary judgment rather than continuing to extend the years-long discovery process with respect to the nonparty complainants will allow the Parties to get to the legal and factual merits of Trooper 1's case at summary judgment and trial. Accordingly, Governor Cuomo is withdrawing the appeals filed at ECF Nos. 232 and 429 without prejudice to his right to seek additional discovery from the nonparty complainants to the extent any of them continue to be part of Trooper 1's case after summary judgment.[1] For the same reasons, Governor Cuomo is not pursuing appeals related to various discovery rulings by Judge Merkl during the depositions of Lindsey Boylan, Alyssa McGrath, and Brittany Commisso at this time.

   For more than three and a half years, Governor Cuomo has been defending himself against (i) Trooper 1's meritless and false allegations against him and (ii) allegations made by various nonparty complainants that Trooper 1 improperly incorporated wholesale into her Complaint from the OAG Report. Trooper 1 did not work with any of the nonparty complainants and had never even met any of them save for one nonparty complainant. Yet because of how Trooper 1 pleaded her claims, Governor Cuomo was forced to mount a

---

[1] Governor Cuomo is not withdrawing his appeal of Judge Merkl's decision denying him access to records underlying the OAG Report and investigation, filed in connection with the separately-filed miscellaneous action at 22-MC-3044 (citations to that docket herein appear as "OAG ECF"), or his appeal of the limitations placed on his ability to seek discovery related to Stephen Nevins's phone records, filed at ECF No. 430 on this docket. Those appeals do not concern discovery from the nonparty complainants and do not require discovery remaining open during the pendency of those appeals. Governor Cuomo notes that there are several discovery disputes related to party discovery that remain pending and will require resolution before discovery closes in earnest. We will address those disputes separately with Judge Merkl.

Hon. LaShann DeArcy Hall
September 29, 2025
Page 2

defense to the false and meritless allegations of nonparty complainants as part of defending against Trooper 1's claims. That required seeking document discovery and deposition testimony from Ana Liss, Kaitlin, Lindsey Boylan, Charlotte Bennett, Alyssa McGrath, Brittany Commisso, and Virginia Limmiatis, in addition to the OAG. There have been countless discovery disputes in this case, the vast majority of which related to the nonparty complainants. There also have been numerous public complaints about the defense costs associated with this litigation, including by Trooper 1's counsel and counsel for the nonparty complainants. However, much of those defense costs were incurred only because of the breadth of Trooper 1's improper Complaint. Indeed, if Trooper 1 had not made the nonparty complainants part of this case, there would have been no need for discovery from them at all.

Although Judge Merkl repeatedly asked Trooper 1 to consider narrowing her case, and to eliminate the need for the expense and burden of nonparty discovery, Trooper 1 refused.[2] Throughout this process, Judge Merkl expressed strong skepticism that Trooper 1 would be able to rely on either the OAG Report or the allegations of nonparty complainants at trial.[3] Trooper 1, however, maintains her allegations.

Judge Merkl's discovery rulings are based in large measure on the assessment that the OAG Report and the nonparty complainants' allegations will not be at issue during trial. Among other things, Judge Merkl allowed discovery from nonparty complainants only for what she viewed as necessary for purposes of moving for summary judgment and/or moving *in limine* and severely limited Governor Cuomo's ability to seek discovery

---

[2] *See e.g.* ECF No. 215 at 34:6-10 ("And that's part of the problem with this strategy, Mr. Licul. With all respect to Trooper 1's ability to present this case, if this is not really a viable strategy legally, it's not ethically right to put them through this, and you know that."); *see id.* at 44:4-18 ("The issues that the Court is struggling with in this case, as you've heard, are these wide scope of the plaintiff's allegations in the Complaint. And if that is the universe of information that Governor Cuomo is being asked to defend against. There's a lot of discovery that he may need to take in order to move to strike those allegation[s], move to narrow the discovery that come[s] in at trial, or defend himself if all of those witnesses are ultimately called. That's the problem."); *see also* ECF No. 226 at 10:9-16 ("[T]he Complaint in this case is broad . . . It contains numerous allegations that appear to be largely lifted from the OAG report and similar documents and Ms. Boylan is squarely in the case. I have repeatedly asked plaintiff's counsel if they would be willing to narrow the witnesses that they anticipate calling to prove the hostile environment and have been repeatedly told no.").

[3] *See e.g.* OAG ECF No. 25 at 99:22-100:3 ("Well, and that's why the report's not admissible, right? . . . But that's why the report doesn't come in."); *see also* ECF No. 215 at 47:14-48:3 ("[T]hat is why I am asking you to also look hard at your case and truly evaluate whether or not this evidence is going to come in . . . It is not at all clear to me, Mr. Licul, and I don't think it would be clear to any jurist on the basis of the current record that all of these victim's testimonies are going to come in."); *see also* OAG ECF No. 56 at 49:10-17 (urging Trooper 1's counsel to look closely at Federal Rules of Evidence 403 and 404 to consider whether the evidence at issue could come in at trial); *see also* ECF No. 226 at 28:14-29:1 (discussing Trooper 1's intent to admit the OAG Report at trial and Governor Cuomo's intent to move to preclude the OAG Report).

Hon. LaShann DeArcy Hall
September 29, 2025
Page 3

for purposes of impeaching the nonparty complainants at trial.[4] Indeed, in the course of numerous discovery disputes, Judge Merkl also repeatedly denied document and deposition discovery on the basis that Governor Cuomo's counsel already had what Judge Merkl perceived to be "enough" impeachment evidence.[5] Judge Merkl further prohibited Governor Cuomo from inquiring about and seeking highly relevant information during discovery based on whether such information would ultimately be admissible, including pursuant to Federal Rules of Evidence 412 and 608, and credited unsubstantiated burden and proportionality concerns in substantially narrowing document discovery and limiting depositions in time and scope.[6] In fact, Governor Cuomo was permitted to question only one nonparty complainant for the standard seven hours under the Federal Rules of Civil Procedure, and that was only because that complainant did not object to being deposed.[7] Such a cramped view of what is "proportional" to the needs of this particular case is entirely inconsistent with the broad scope of civil discovery. Moreover, as we noted in our appeals, it deprives Governor Cuomo and this Court of evidence that may be needed to make evidentiary decisions at trial.

Nevertheless, to prevent discovery in this case from remaining open indefinitely and so that the Parties can proceed more expeditiously to expert discovery and summary judgment, Governor Cuomo is withdrawing his appeals concerning the nonparty complainants filed at ECF Nos. 232 and 429 and will not appeal other discovery rulings that were made during recent nonparty depositions. Should this Court ultimately rule that the OAG Report or the allegations of any nonparty complainant are legally relevant to

---

[4] *See e.g.* ECF No. 370 at 52:24-53:18 (purpose of Lindsey Boylan deposition was to get information needed for motions and not to obtain discovery for impeachment at trial).

[5] *See e.g.* ECF No. 226 at 45:1-7 ("The proportionality point is serious because you have insane amounts of cross-examination based upon your motion papers . . . enough is enough. You don't need all these extrinsic documents to do your cross. They're not coming in."); *see* ECF No. 218 at 8 ("The Court further notes that Cuomo has ample information for cross-examination of Ms. Boylan . . .").

[6] *See e.g.* ECF No. 218 at 8-9, notes 4-5 (ruling that Rule 412 applied to documents concerning Ms. Boylan's relationship with her former supervisor Howard Zemsky and precluding discovery on that ground, among others); *see also* ECF No. 374 at 32:19-21 (encouraging nonparty Bennett's counsel to seek a protective order if any pre-disclosed deposition topics "touch upon Rule 412 concerns or other areas that may warrant some limits"); *see* ECF No. 370 at 52:24-53:18 (the "purpose of the deposition [of Lindsey Boylan] is not to gather your evidence for impeachment. The purpose of this is discovery . . . you may well have what you need to proceed with your motions, but you do not get to take a seven-hour deposition to prepare your cross. It's not happening."); *see* August 20, 2025 Text Order reminding Governor Cuomo of the "strictures" of Rule 412 in connection with the depositions of Alyssa McGrath and Brittany Commisso; *see also* August 20, 2025 Text Order limiting deposition by written questions to Lindsey Boylan pursuant to Rule 412.

[7] Governor Cuomo was able to question Ana Liss without scope and time limitations only because she agreed to appear instead of moving to quash and/or otherwise objecting to her deposition. Therefore, the matter of whether and how to limit that deposition was never before Judge Merkl. All other complainant depositions were limited to five hours or less.

Hon. LaShann DeArcy Hall
September 29, 2025
Page 4

Trooper 1's claims, Governor Cuomo reserves all rights, including the right to seek additional pretrial document and deposition discovery, including as to the subjects of his withdrawn discovery appeals.

Respectfully submitted,

*/s/ Theresa Trzaskoma*

Theresa Trzaskoma