

September 30, 2025

**BY ECF**

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:**   *Trooper 1 v. NYSP et al.*, **22-cv-893 (LDH) (TAM)**

Dear Judge Merkl:

We write to provide the Court with an update on the status of discovery in the above-referenced matter given the current deadline of today for the close of fact discovery and the current deadline of October 17, 2025 to certify the close of fact discovery.

As Your Honor previously noted, the Parties have been working diligently to tie up loose ends in connection with the close of discovery. The depositions of all nonparty complainants have been completed and the Parties have been proceeding with the depositions of Trooper 1's health providers.[1] The Parties have also continued to meet and confer concerning issues related to document discovery into Trooper 1's own allegations, including as to her work-related communications and her claimed "severe mental anguish and emotional distress." ECF No. 71 at ¶¶ 163, 173, 183.

First, with respect to Trooper 1's failure to produce work-related communications post-dating January 1, 2022, although the Parties have met and conferred since the September 5 conference on this issue, it is likely the Parties will remain at an impasse at least in certain respects. We therefore expect to submit another joint dispute letter concerning this issue to the Court.

Second, we also expect that this Court will need to resolve several issues related to Trooper 1's claimed emotional distress, including the issue arising from Trooper 1's redacted health records previewed with the Court and issues more generally relating to the limitations Trooper 1 applied to her productions of relevant medical records. Because Trooper 1's medical records have been provided on a rolling basis, including a production of additional records received today at 5:25 p.m., assessing potential deficiencies within Trooper 1's production of medical records has been exceedingly difficult.[2] We know,

---

[1] One of Trooper 1's providers had to reschedule her deposition previously slated for September 29, 2025 to October 6, 2025 due to an unforeseeable personal conflict. All Parties agreed to that adjournment to accommodate that provider.

[2] Certain of the records produced for the first time today were records from a provider who was already deposed in this case, yet those records pre-dated the provider's deposition by over 18 months.

Hon. Taryn A. Merkl
September 30, 2025
Page 2

however, based on recent provider depositions, that certain records are missing from what Trooper 1 obtained from her providers and subsequently produced, such as intake forms and correspondence. Moreover, Governor Cuomo recently became aware that Trooper 1 may have been applying inappropriate date and scope limitations to her treatment records, including by limiting her productions to a certain time period and to only certain providers. We are awaiting further clarity from Trooper 1 on that issue, but we anticipate, based on our understanding to date, that there may be a dispute on this issue.

Finally, given what the recent provider depositions have revealed concerning Trooper 1's claims of severe emotional distress, we also believe it is necessary to serve additional document and deposition subpoenas to fully explore the scope of Trooper 1's claimed emotional distress and mental anguish. Indeed, this information is critical to the Rule 35 examination and our expert's evaluation of Trooper 1. Trooper 1 is objecting to our service of those additional subpoenas and her counsel has informed us that they will provide us with their portion of a joint dispute letter concerning those subpoenas.

Given the outstanding discovery issues, we do not expect to be in a position to certify the close of fact discovery on October 17, 2025.

Respectfully submitted,

/s/ Theresa Trzaskoma

Theresa Trzaskoma