


**Valdi Licul**
vlicul@wigdorlaw.com

October 3, 2025

**VIA ECF**

Hon. Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Trooper 1 v. Cuomo, *et al.*; Case No. 22-cv-00893 (LDH)(TAM)

Dear Judge Merkl:

Andrew Cuomo should not be permitted to deliberately disregard this Court's orders. Yet, in a letter submitted less than two hours before the close of fact discovery, Dkt. 442, Cuomo has essentially announced that he has no intention of complying with this Court's orders concerning the number of depositions and the deadline for discovery. Rather, because he "believe[s]" additional discovery "is necessary," he has unilaterally noticed four new depositions and one new document subpoena, all of which would extend discovery beyond this Court's deadline. For the reasons stated below, this Court should quash these subpoenas and deem discovery closed.

## I. BACKGROUND

On December 10, 2024, after considerable briefing and extensive oral argument, this Court issued an order limiting Cuomo to 25 depositions. Minute Order, Dec. 11, 2025 (the "Deposition Order"). Cuomo did not move for reconsideration of that order. Nor did he seek review from the district judge. He simply ignored the Deposition Order. After exhausting his court-ordered 25-deposition limit, Cuomo noticed four new depositions by subpoena – three of them on the eve of the court-ordered September 30 discovery deadline.[1] These four new depositions would bring Cuomo's deposition total to 29 – precisely the number that he had previously requested, and this Court denied. Id. Moreover, Cuomo's deposition subpoenas purport to require these witnesses to appear for their depositions weeks after the court-ordered discovery deadline. Likewise, Cuomo's latest document subpoena, noticed approximately six hours before the close of discovery, purports to order a non-party to produce documents two weeks after the court-ordered

[1] The fourth subpoena was noticed on September 23 – one week before the close of discovery.





discovery deadline. Nowhere does Cuomo notify his targets that, in fact, his subpoenas are contrary to this Court's orders and thus unlawful.

Remarkably, but unsurprisingly, Cuomo barreled ahead with his discovery demands without first attempting to meet and confer with Trooper 1. He also made no effort to seek relief from this Court's prior orders. Rather, less than two hours before the court-ordered discovery deadline, he unilaterally filed a letter, which he labeled "Status of Discovery," attempting to justify his willful violation of this Court's orders because he "believe[s]" such additional discovery is "necessary." Dkt. 442. This letter, like the rest of Cuomo's conduct, was also unauthorized. On August 20, 2025, this Court ordered the parties to submit a "joint status report" concerning discovery, including expert discovery. Cuomo could have – but chose not to – explained his position in that letter. He likewise could have raised any discovery dispute in a joint letter, as required by this Court's rules. Individual Rules & Practices § 3.A. He did neither. He instead filed a late-night letter explaining his position.[2]

## II. ARGUMENT

"[C]ompliance with the Court's orders is not optional." Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Iron Workers Union Loc. 361 v. McNulty, No. 20 Civ. 4979 (LGS) (BCM), 2023 WL 5747345, at *3 (S.D.N.Y. Sept. 6, 2023); See Fed. R. Civ. P. 16(f)(C) (prescribing sanctions to a party that "fails to obey a scheduling . . . order"); see also Fowler-Washington v. City of New York, No. 19 Civ. 6590 (KAM) (JO), 2020 WL 5893817, at *5 (E.D.N.Y. Oct. 5, 2020) ("complying with court orders is expected of all counsel in all cases, and any violation will result in sanctions or other measures."). If Cuomo disagrees with the Court's rulings, he must comply or seek some relief from the court. See Celotex Corp. v. Edwards, 514 U.S. 300, 313 (1995) ("We have made clear that it is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected.") (internal quotation marks and citations omitted). Here, it is uncontested that Cuomo has done neither. He set out to take 29 depositions, was denied and limited to 25, but decided – on his own – to take 29 anyway. These violations – standing alone – should compel this Court to quash Cuomo's subpoenas. See Colon v. City of N.Y., No. 12 Civ. 9205 (JMF), 2014 WL 4100607, at *3 (S.D.N.Y. Aug. 20, 2014) (collecting cases in support of the proposition that discovery requests served on the last day before cutoff should be denied).

---

[2] As Cuomo admits, Trooper 1 notified him that she intended to raise his violations of this Court's deposition and scheduling orders in a joint letter. He unilaterally filed his letter anyway. This Court should therefore consider Cuomo's letter about additional discovery his part of the "joint letter" and this letter as Trooper 1's response. To the extent Cuomo wishes to raise other issues unrelated to his violations of the deposition and scheduling orders, he can do so in the normal course.





In his letter, Cuomo attempts to justify his violations by suggesting that his need for additional depositions is a new development. It is not. Cuomo has been aware of the 25-deposition limit since December 10, 2024. See the Deposition Order. He has also been aware of the identities of the medical witnesses for months, if not years. For instance, Trooper 1 disclosed Kiran Miner on August 2, 2023, in responses to Interrogatories, yet Cuomo waited more than two years (until the eve of the discovery deadline) to seek the deposition. Scott Bienenfeld was also well-known to Cuomo. On December 13, 2024, Cuomo noticed Bienenfeld's deposition for January 16, 2025, which he then rescheduled for May 1, 2025, but canceled only one-week before the deposition was to take place. Cuomo did not follow up again until one day before the close of discovery with a "new" deposition subpoena for Bienenfeld. These undisputed facts show that Cuomo had every opportunity to depose these medical witnesses but decided to prioritize other witnesses instead.[3] See Brunckhorst v. Bischoff, No. 21 Civ. 4362 (JPC), 2022 WL 6991285, at *2 (S.D.N.Y. Oct. 12, 2022) (explaining that "even if a witness might have discoverable information, a party is not always entitled to depose that individual.") (citations and quotations omitted). Finally, Cuomo has sought to depose Trooper 1's mother. It is unclear why, because she has not come up in discovery. In short, whatever information he has collected about her has been equally available to him since the beginning of discovery.[4]

Cuomo expects that, while this Court might admonish him for defying its orders, it will nonetheless grant him some relief. To do so would only reward Cuomo's blatant misconduct. Cuomo could have included these witnesses among his 25 depositions. He could have, at the

---

[3] The same is true for Regine Bruny-Olawaiye. On September 2, 2025, Trooper 1 produced to Cuomo Bruny-Olawaiye's independent medical evaluation on behalf of the NY State and Local Retirement System. Cuomo had more than sufficient time to schedule a deposition, but he chose not to. At the very least, he could have notified Trooper 1 of his intention to take Bruny-Olawaiye's deposition in lieu of one of the other seven depositions he scheduled in September. Alternatively, he could have requested permission to take an additional deposition (although that, too, would have been meritless), or to take deposition out of time. See Bhatt v. Lalit Patel Physician P.C., No. 18 Civ. 2063 (DLI) (SJB), 2023 WL 2895935, at *1 (E.D.N.Y. Apr. 11, 2023) (where discovery can "only have been responded to after the discovery cut-off, it [is] *per se* late and unenforceable"); accord Murhpy v. Cnty. of Chemung, No. 6:18 Civ. 06628 (FPG) (CDH), 2025 WL 1903787, at *6 (collecting cases). Again, he did nothing. He instead noticed Bruny-Olawaiye's deposition on September 29 as if this Court's prior orders did not exist.

[4] And while this is not the place to litigate the issue, the subpoenas, including that to Trooper 1's mother, also defy the Court's instructions that Cuomo should take only discovery that is proportional to the needs of the case.





appropriate time, challenged the Deposition Order. He instead chose to defy this Court's orders, which should result in this Court quashing the subpoenas.[5]

Respectfully submitted,

Valdi Licul

cc: All Counsel of Record (via ECF)

---

5 Cuomo is no doubt in a last-minute panic because discovery has made his situation worse. Fact witnesses have corroborated his pattern of sexually harassing women, as federal and state authorities have concluded, and medical witnesses have been consistent in their evaluations of Trooper 1. But Cuomo's desperation is not a basis to permit him to flaunt this Court's directives or to engage in a fishing expedition.