

**Valdi Licul**
vlicul@wigdorlaw.com

October 17, 2025

**VIA ECF**

Hon. Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Trooper 1 v. Cuomo, *et al.*; Case No. 22-cv-00893 (LDH)(TAM)

Dear Judge Merkl,

It is unfortunate that Cuomo's disregard of this Court's procedures regarding discovery disputes, not to mention the Court's explicit instructions about certifying the end of discovery, has necessitated yet another response, but it is important that we state—as briefly as possible—that Cuomo's letter of October 15, 2025 is so full of misstatements as to deserve no credence. Because documenting all of these misstatements would require too much uninvited briefing, we simply point out by way of examples two facts that are capable of quick and clear proof.

First, Cuomo says that he was never aware of a limitation on medical providers. Over two years ago, Cuomo sought a list of medical providers regarding "mental or emotional anguish," and Plaintiff furnished a list of providers "solely with regards to the emotional distress damage she has experienced." This list has controlled emotional-distress discovery for years, with the later timely addition of the providers who conducted independent medical examinations, and their records.

Moreover, on March 4, 2025, Plaintiff's counsel responded to an email, explaining that we had redacted from some treatment records information about "breast cancer screenings" as well as "blood panels, pelvic and abdominal examinations, related insurance billing." This was perfectly consistent with the approach the parties had long taken with regards to these disclosures—discovery had never touched upon such plainly irrelevant records. In March, Cuomo did not object. He now writes in a footnote that he "only recently became aware of the possibility" that such records were withheld. Apparently, by "recently" he means seven months ago, when Plaintiff willingly and without argument put the information squarely before him. The only reason he waited to raise the dispute until now, claiming late surprise, is that he is casting around



Hon. Taryn A. Merkl
October 17, 2025
Page 2

desperately for ways to keep discovery open.

Respectfully submitted,

Valdi Licul

cc: All Counsel of Record (via ECF)