UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
TROOPER 1,

                Plaintiff,

      -against-                            **DISCOVERY ORDER**
                                               22-CV-893 (LDH) (TAM)

NEW YORK STATE POLICE and
ANDREW CUOMO,

                Defendants.
------------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

On February 17, 2022, Trooper 1 ("Plaintiff"), a member of former New York Governor Andrew Cuomo's Protective Service Unit ("PSU"), initiated this action alleging that Cuomo sexually harassed her and other state employees. Compl., ECF 1. The amended complaint named as Defendants the New York State Police ("NYSP"), Cuomo, Melissa DeRosa, and Richard Azzopardi. *See* First Am. Compl. ("FAC"), ECF 7; Second Am. Compl. ("SAC"), ECF 71. Melissa DeRosa and Richard Azzopardi have since been dismissed from the case, following their filing of a successful motion to dismiss and denial of Plaintiff's motion for leave to file a third amended complaint.[1]

Discovery in this case closed on September 30, 2025, and a joint status report certifying the close of fact discovery was due today, October 17, 2025. *See* Aug. 20, 2025

---

[1] This opinion assumes general familiarity with the substance and history of this case, as well as the fact that the New York State Office of the Attorney General ("OAG") and the New York State Assembly Judiciary Committee conducted investigations into allegations of sexual harassment by former Governor Cuomo while he was in office. These investigations resulted in public reports published in August 2021 and November 2021, respectively. *See generally Cuomo v. New York State Assembly Judiciary Comm.*, 683 F. Supp. 3d 258 (E.D.N.Y. 2023), *reconsideration denied sub nom. Cuomo v. Off. of the New York State Att'y Gen.*, 727 F. Supp. 3d 231 (E.D.N.Y. 2024).

ECF Order (granting extension of time to complete fact discovery). However, in the days leading up to the October 17, 2025 deadline to certify the close of fact discovery, and on or after the September 30, 2025 deadline for the completion of discovery, the Court received multiple communications and letter motions from the parties, identifying outstanding discovery disputes and requesting various forms of relief. *See* Def. Cuomo Letter, ECF 442 (providing an "update" as to discovery as of September 30, 2025, and previewing various issues that Defendant Cuomo contends may need resolution by the Court); Pl. Mot., ECF 443 (dated October 3, 2025 and seeking to quash four deposition subpoenas issued beyond the 25-deposition limit previously ordered by the Court); Def. Cuomo Resp., ECF 444-1 (responding to Plaintiff's motion to quash); Def. Cuomo Resp., ECF 446-1 (further responding to the motion to quash); Pl. Resp., ECF 447 (responding to Defendant Cuomo's filings); Def. Cuomo Resp., ECF 449 (responding to Plaintiff's letter at ECF 447).[2]

Defendant Cuomo now seeks leave to take four additional depositions, which Plaintiff opposes. Def. Cuomo Resp., ECF 446-1; Pl. Mot., ECF 443; Pl. Resp., ECF 447. Defendant Cuomo also seeks additional documents, and has requested yet another discovery conference and a further extension of time to complete discovery. *See* Def. Cuomo Resp., ECF 446-1; Pl. Mot., ECF 443; Def. Cuomo Resp., ECF 444-1.

## RELEVANT PROCEDURAL HISTORY

As the Court observed in January 2024, "[d]iscovery in this case commenced following the initial conference, which was held on June 6, 2022, and has been fraught

---

[2] The parties also submitted an additional joint letter outlining a separate discovery dispute, which the Court takes under advisement and which will be addressed by separate order. *See* ECF 445-1.

2

with discovery disputes large and small." *Trooper 1 v. New York State Police*, No. 22-CV-893 (LDH) (TAM), 2024 WL 165159 (E.D.N.Y. Jan. 16, 2024). The docket for this case and the dockets for various related cases concerning motions to compel and motions to quash subpoenas to non-parties during the three-plus years of discovery illustrate that the parties and witnesses have raised innumerable discovery disputes, resulting in myriad opinions on a range of issues and dozens of discovery rulings.[3]

Throughout the discovery period, the Court has taken great care to ensure that all parties have had an opportunity to take ample discovery as to Plaintiff's claims, including the allegations set forth in the complaint concerning third-party complaining witnesses who have accused Defendant Cuomo of harassment, as well as discovery needed to explore, present, and rebut anticipated defenses. This has led to multiple

---

[3] *See* No. 22-CV-893, Docket Sheet, *passim*; *Cuomo v. Boylan*, No. 23-MC-1587 (LDH) (TAM), ECF 46 (Discovery Order concerning non-party complainant Lindsey Boylan, cross-docketed in *Trooper 1* at ECF 218). *See generally Cuomo v. New York State Assembly Judiciary Comm.*, 683 F. Supp. 3d 258 (E.D.N.Y. 2023) (granting motion to quash brought by the New York State ("NYS") Assembly Judiciary Committee and denying motion to compel subpoena to the NYS OAG), *reconsideration denied sub nom. Cuomo v. Off. of the New York State Att'y Gen.*, 727 F. Supp. 3d 231 (E.D.N.Y. 2024); *Cuomo v. Off. of the New York State Att'y Gen.*, 754 F. Supp. 3d 334 (E.D.N.Y. 2024) (granting in part and denying in part OAG's motion to quash and Defendant Cuomo's motion to compel disclosures by the OAG); *Trooper 1 v. New York State Police*, No. 22-CV-893 (LDH) (TAM), 2024 WL 168326 (E.D.N.Y. Jan. 16, 2024) (Discovery Order concerning non-party complainant Charlotte Bennett, ECF 219); *Trooper 1 v. New York State Police*, No. 22-CV-893 (LDH) (TAM), 2024 WL 165159 (E.D.N.Y. Jan. 16, 2024) (Discovery/Protective Order concerning non-party complainants, ECF 220); *Trooper 1 v. New York State Police*, No. 22-CV-893 (LDH) (TAM), 2024 WL 1349122 (E.D.N.Y. Mar. 29, 2024) ("*Trooper 1 De-Designation I*," ECF 252); *Trooper 1 v. New York State Police*, No. 22-CV-893 (LDH) (TAM), 2024 WL 1345516 (E.D.N.Y. Mar. 29, 2024) (granting motion to intervene by journalist and denying substantive requests for relief touching upon discovery, ECF 253); *Trooper 1 v. New York State Police*, No. 22-CV-893 (LDH) (TAM), 2025 WL 327975 (E.D.N.Y. Jan. 29, 2025) ("*Trooper 1 De-Designation II*," ECF 306); *Trooper 1 v. New York State Police*, No. 22-CV-893 (LDH) (TAM), 2025 WL 2074175 (E.D.N.Y. July 22, 2025) (denying dismissed parties' request to continue to participate in depositions, ECF 400).

discovery extensions,[4] as well as a significant expansion of the number of depositions Defendants were permitted. *See* Dec. 11, 2024 ECF Order (permitting 15 additional depositions, for a total of 25 fact witness depositions).[5]

On December 10, 2024, the Court held a Zoom status conference, at which Defendants represented that they had taken 10 depositions as of that time, and Plaintiff had consented to 18 defense depositions. *See* Dec. 10, 2024 ECF Min. Entry; Dec. 11, 2024 ECF Order. The Court also heard argument regarding Defendant Cuomo's motions for discovery, which requested leave pursuant to Federal Rule of Civil Procedure 30(a)(2) to take 19 additional non-party fact depositions, for a total of 29. *See* Dec. 11, 2024 ECF

---

[4] At the initial conference on June 6, 2022, the Court set the deadline for fact discovery as January 11, 2023. June 6, 2022 ECF Order. That deadline was then extended to July 11, 2023, *see* Jan. 9, 2023 ECF Order, and extended again to October 16, 2023, *see* June 14, 2023 ECF Order. In January 2024, the Court decided to require party discovery before third-party complainant discovery and set other requirements for the completion of discovery, finding that "a higher level of judicial oversight than is typically necessary" was appropriate in this case given the problematic history of discovery by that time. Discovery/Protective Order, ECF 220, at 7. The Court then directed the parties to meet and confer and to submit an agreed-upon proposed case management plan that included deadlines for party discovery, non-party discovery, and expert discovery if needed. Jan. 29, 2024 ECF Order. On February 21, 2024, the Court set deadlines for party discovery by August 29, 2024, and all discovery by November 15, 2024. Feb. 21, 2024 ECF Order. The deadline for party discovery was then extended to October 18, 2024, then to November 18, 2024, and then again to November 29, 2024. *See* Aug. 9, 2024 ECF Order; Oct. 15, 2024 ECF Order; Oct. 31, 2024 ECF Order. On December 11, 2024, as party discovery was supposed to be nearing completion, the Court set a schedule for Defendant Cuomo to serve subpoenas and deposition notices to third-party witnesses, and granted Defendant Cuomo's request, in part, for additional depositions; the Court also set May 16, 2025, as the deadline for the completion of fact discovery. *See* Dec. 11, 2024 ECF Order (permitting up to 25 fact witness depositions). That deadline was later extended to August 15, 2025, and then to September 30, 2025. *See* Apr. 25, 2025 ECF Min. Entry & Order; Aug. 20, 2025 ECF Order. The Court also set October 17, 2025, as the deadline to certify the close of fact discovery on ECF. Aug. 20, 2025 ECF Order. Throughout the discovery period, the parties and non-party witnesses filed dozens and dozens of letters and motions concerning all manner of discovery disputes; the Court also fielded phone calls regarding deposition disputes. *See* Docket Sheet.

[5] Notably, Defendant Cuomo first moved for 29 depositions, and the request was denied on the record in December 2024. *See* Def. Mot. Disc., ECF 295; Dec. 11, 2024 ECF Order. Notwithstanding that prior ruling, and 11 months of notice that 15 extra fact witness depositions would be permitted, not 19, Defendant Cuomo now seeks four more depositions at the close of fact discovery.

4

Order. The Court granted in part and denied in part Defendant Cuomo's request, allowing him to take up to 15 more depositions, for a total of 25 fact witness depositions. *Id.* At that time, the Court extended the deadline to complete fact discovery to May 16, 2025, with the deadline to certify the close of fact discovery one week later. *Id.* On April 25, 2025, owing to objections by third-party deponents, the deadline to complete fact discovery was again extended to August 15, 2025. Apr. 25, 2025 ECF Min. Entry & Order. On August 20, 2025, in light of additional deposition and discovery disputes, the Court extended the time to complete fact discovery one last time, setting September 30, 2025, as the deadline to close fact discovery, and October 17, 2025, as the deadline to certify the close of fact discovery on ECF. Aug. 20, 2025 ECF Order.

On September 30, 2025, the Court received a letter from Defendant Cuomo, indicating that there were a number of discovery disputes outstanding that would prevent the parties from certifying the close of fact discovery by the October 17, 2025 deadline. *See* Def. Cuomo Letter, ECF 442. On October 3, 2025, Plaintiff filed a letter motion seeking to quash four additional deposition subpoenas Defendant Cuomo had issued and one additional document subpoena noticed by Defendant Cuomo. *See* Pl. Mot., ECF 443. On October 6, 2025, Defendant Cuomo filed a response to Plaintiff's letter motion, requesting that the Court schedule a conference the week of October 27 to discuss the outstanding discovery disputes. *See* Def. Cuomo Resp., ECF 444-1. Finally, on October 15, 2025, Defendant Cuomo submitted an additional response to Plaintiff's letter, requesting a "limited extension of the fact discovery deadline" in order to take four additional fact witness depositions, serve an additional document subpoena, and resolve an additional discovery dispute. *See* Def. Cuomo Resp., ECF 446-1.

5

# DISCUSSION

## I. Legal Standard: Relevance & Proportionality

Federal Rule of Civil Procedure 26(b)(1), as amended on December 1, 2015, recognizes that "[i]nformation is discoverable . . . if it is relevant to any party's claim or defense and is proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment; *see Sibley v. Choice Hotels Int'l*, No. 14-CV-634 (JS) (AYS), 2015 WL 9413101, at *2 (E.D.N.Y. Dec. 22, 2015) (observing that "the current version of Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant 'to any party's claim or defense,' also 'proportional to the needs of the case'") (citation omitted); *see also Robertson v. People Mag.*, No. 14-CV-6759 (PAC), 2015 WL 9077111, at *2 (S.D.N.Y. Dec. 16, 2015) ("[T]he 2015 amendment [to Rule 26] does not create a new standard; rather it serves to exhort judges to exercise their preexisting control over discovery more exactingly."). The Court has "broad discretion" in determining relevance for discovery purposes. *Michael Kors, L.L.C. v. Su Yan Ye*, No. 18-CV-2684 (KHP), 2019 WL 1517552, at *2 (S.D.N.Y. Apr. 8, 2019). The Court also "has wide latitude to determine the scope of discovery." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 446 (2d Cir. 2019) (quotation marks omitted); *see In re Mirena IUS Levonorgestrel-Related Prods. Liab. Litig. (No. II)*, 982 F.3d 113, 125 (2d Cir. 2020) (recognizing courts have "broad discretion in managing discovery").

Although the scope of civil discovery is broad, it is clearly not "limitless." *Fears v. Wilhelmina Model Agency, Inc.*, No. 02-CV-4911 (HB) (HBP), 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004). Rather, "Rule 26 requires courts to limit the extent of discovery where 'the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.'" *Sanders v. SUNY Downstate Med. Ctr.*, No. 22-CV-4139 (KAM) (CLP), 2024

6

WL 4198355, at *2 (E.D.N.Y. Sept. 16, 2024) (quoting Fed. R. Civ. P. 26(b)(2)(C)(i)). Federal Rule of Civil Procedure 30(a)(2)(A)(1) also requires parties who seek to depose more than 10 fact witnesses without the opposing party's consent to obtain leave of court before doing so. *See C.K. through P.K. v. McDonald*, 345 F.R.D. 262, 267 (E.D.N.Y. 2023), *aff'd*, No. 22-CV-01791 (NJC) (JMW), 2024 WL 127967 (E.D.N.Y. Jan. 11, 2024); *Sigala v. Spikouris*, No. 00-CV-0983 (ILG), 2002 WL 721078, at *3 (E.D.N.Y. Mar. 7, 2002); *see also Pope v. County of Albany*, No. 11-CV-736 (LEK) (DRH), 2013 WL 12098755, at *5 (N.D.N.Y. Mar. 11, 2013) (denying leave). Courts evaluate such requests "pursuant to the good cause standard articulated in Federal Rule [of Civil Procedure] 16." *Pope*, 2013 WL 12098755, at *5.

For the reasons set forth below, although Defendant Cuomo has advanced relevance arguments concerning each of the additional four depositions he seeks, given the history of this case and the very broad discovery that has been allowed, the Court finds that three of the additional depositions Defendant Cuomo seeks are not proportional to the needs of the case and do not provide good cause to extend fact discovery yet again.

## II. The Additional Fact Witness Depositions

Defendant Cuomo requests leave of court to depose four additional fact witnesses: (1) Kiran Miner, Plaintiff's treating talk therapist; (2) Dr. Scott Bienenfeld, an independent medical examiner ("IME") who previously evaluated Plaintiff and whose IME report was produced in discovery; (3) Dr. Regine Bruny-Olawaiye, another independent medical examiner whose IME report was likewise produced; and (4) Plaintiff's mother. *See* Def. Cuomo Resp., ECF 446-1, at 5–7. Defendant's request is granted in part and denied in part.

7

First, the request is granted as to Kiran Miner. As a threshold matter, the Court finds it extraordinarily difficult to comprehend why Defendant would not have prioritized deposing Plaintiff's talk therapist earlier in discovery, particularly when Defendant has been aware of Ms. Miner's relevance since August 2, 2023, when Plaintiff disclosed her relationship with Ms. Miner in response to Defendant's interrogatories. *See* Pl. Mot., ECF 443, at 3. However, Defendant Cuomo has advanced sufficient information to establish that Ms. Miner's anticipated testimony, as Plaintiff's treating talk therapist, is highly relevant to Defendant's defenses and to an evaluation of Plaintiff's claims of emotional distress. *See* Def. Cuomo Resp., ECF 446-1, at 6 (contending that Ms. Miner is "the provider best-suited to speak to Plaintiff's recent and current mental state"). Accordingly, notwithstanding Defendant Cuomo's dilatory conduct during the fact discovery period, the Court grants in part Defendant's request to extend the fact discovery deadline for the purpose of taking Ms. Miner's deposition. This deposition must be completed by November 14, 2025.

The request for additional depositions is denied as to the remaining proposed deponents. As to the IMEs, who evaluated Plaintiff previously in connection with her prior workers' compensation or disability claims, Defendant Cuomo has advanced arguments concerning relevance. *See* Def. Cuomo Resp., ECF 446-1, at 6. The Court notes, however, that Defendants have already deposed one of the examiners who evaluated Plaintiff in connection with her employment-related claims and Defendants have all of the pertinent IME reports. *See id.* Against that backdrop, and at this late stage in the case, the Court finds that these additional depositions are not proportional to the needs of the case and are needlessly duplicative and cumulative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). The Court also notes that had Defendant Cuomo considered these IME depositions truly critical to understanding the veracity of "Plaintiff's claims of severe

8

emotional distress," as he now claims, Def. Cuomo Resp., ECF 446-1, at 6, he could have rescheduled the deposition with Dr. Bienenfeld that he cancelled in April 2025, *see* Pl. Mot., ECF 443, at 3. Or, having received Dr. Bruny-Olawaiye's IME report on September 2, 2025, Defendant could have noticed her deposition "in lieu of one of the other seven" that took place that month. *Id.* 3 n.3. Defendant Cuomo also could have sought an extension of time to complete discovery with a proper request, filed before the deadline for fact discovery. He did none of these things. For these reasons, the request to conduct these additional two depositions is denied, and the Court grants this aspect of Plaintiff's motion to quash.

Finally, as to Plaintiff's mother, Defendant has not demonstrated that deposition's relevance and proportionality to the needs of the case. Defendant posits that a deposition of Plaintiff's mother "is necessary to evaluate Plaintiff's claimed emotional distress, including to explore potential alternative causes for that claimed severe mental anguish and emotional distress," and that questioning of her mother could shed light on whether Plaintiff's "relationship with her family was an independent cause of stress." Def. Cuomo Resp., ECF 446-1, at 7. But Defendant Cuomo provides no basis from which to infer or conclude that Plaintiff's mother has information regarding all of the sources of stress in Plaintiff's life, much less that she is qualified or competent to draw inferences concerning causation. *See* Def. Cuomo Resp., ECF 446-1, at 7 n.11 (indicating that Plaintiff had a "strained" relationship with her family). Speculation and conjecture are not grounds for additional discovery past the deadline, which has already been extended time and again, as discussed above. Accordingly, this request likewise does not provide good cause to extend or reopen fact discovery.

9

**III. Additional Discovery Issues**

Defendant Cuomo also seeks additional time for discovery on the basis of various complaints regarding document discovery, including (1) an assertion that he and Plaintiff are at an "impasse" regarding production of documents regarding her employment post-dating January 1, 2022, and (2) a concern that Plaintiff failed to produce her complete medical records, "such as intake forms, screening questionnaires, insurance claims, and medical notes" as well as "prescription history and insurance claims from January 2017 to the present." *Id.* at 1–2. Defendant further represents that he noticed a document subpoena directed to the New York State Health Insurance Program "seeking records relating to health insurance claims arising from Plaintiff's treatment," to which Plaintiff objects. *Id.* Plaintiff asserts that Defendant was aware of Plaintiff's position on the relevance of treatment records relating to routine medical care at least as early as March 4, 2025. Pl. Resp., ECF 447. Notably, Defendant Cuomo does not rebut *when* he became aware of Plaintiff's position as to the relevance of her routine medical care records in his letter filed at approximately 7:36 p.m. on October 17, 2025, in response to Plaintiff's letter of earlier that day, although Defendant Cuomo does persist in his argument that other medical concerns by Plaintiff could relate to her symptoms. Def. Cuomo Resp., ECF 449.

Almost all of Defendant Cuomo's arguments concerning these document productions were raised for the first time with the Court on or after the deadline for the completion of fact discovery. His letter does not clearly certify that the parties met and conferred in a good-faith effort to resolve the above issues, as required by the Federal Rules of Civil Procedure and the undersigned's individual rules. Importantly here, Defendant Cuomo's repeated, voluminous, fact- and exhibit-intensive discovery dispute filings make plain that Defendants have engaged in extremely robust discovery

10

into Plaintiff and her claims and that Defendant Cuomo has developed a significant volume of evidence for use in his own defense, including during cross-examination of Plaintiff and her witnesses. Given the extraordinary breadth of the discovery that has already been taken in this case, the Court does not find Defendant Cuomo's eleventh-hour concerns regarding these aspects of document discovery to constitute good cause to further extend fact discovery.[6] *See* Fed. R. Civ. P. 16(b)(4); *see also Colon v. City of New York*, No. 12-CV-9205 (JMF), 2014 WL 4100607, at *2–3 (S.D.N.Y. Aug. 20, 2014) (finding that Plaintiff had failed to show good cause for raising discovery issues until shortly before the discovery deadline; collecting cases rejecting discovery requests raised on the last day of discovery); *Harris v. Comput. Assocs. Int'l, Inc.*, 204 F.R.D. 44, 45 (E.D.N.Y. 2001) ("It is not an abuse of discretion to deny a request to reopen discovery when the requesting party previously asked for discovery extensions, and then waited until the last day of discovery to serve its requests.").

---

[6] The Court notes that, prior to the close of fact discovery, at a status conference held on September 5, 2025, the Court heard argument and directed the parties to "meet and confer to discuss what, if any, search terms or parameters would be appropriate to identify communications relating to [Plaintiff's] determination to take leave or seek leave and problems" at work, including an appropriate timeframe for such a search. Status Hr'g Tr., ECF 438, at 54:13–17. To the extent that directive is still outstanding, the Court directs the parties to meet and confer and extends fact discovery to complete this search, which must be limited in scope, as discussed at the September 5, 2025 status conference.

## CONCLUSION

For the foregoing reasons, Plaintiff Trooper 1's letter motion to quash Defendant's additional subpoenas, ECF 443, is granted in part and denied in part. Defendant's request for a discovery conference the week of October 27, ECF 444, is denied as unnecessary. Defendant's request for leave to take additional fact witness depositions, ECF 446-1, is granted in part and denied in part. Defendant shall schedule the deposition of Kiran Miner no later than November 14, 2025. The parties must commence with expert discovery in parallel with their completion of fact discovery and are directed to file a jointly proposed expert discovery schedule by October 31, 2025.

**SO ORDERED.**

Dated: Brooklyn, New York
October 17, 2025

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE