

**Valdi Licul**
vlicul@wigdorlaw.com

October 31, 2025

**VIA ECF**

Hon. Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Trooper 1 v. Cuomo, *et al.*; Case No. 22-cv-00893 (LDH)(TAM)

Dear Judge Merkl,

Trooper 1 writes regarding the status of expert discovery.  Unfortunately, the parties have been unable to agree on the contents of the letter to be filed today.  Instead, Cuomo has (true to form) set conditions on any discussion of expert discovery.  These conditions were not contemplated in the Court's instructions to the parties.  Specifically, Cuomo has required Trooper 1 to agree *ex ante* to an independent medical examination ("IME").  This is inappropriate.  In response, Trooper 1 simply requested that any joint letter include a briefing schedule regarding (1) the propriety of an IME and (2) whether an expert schedule is needed at all.  Given that Cuomo's medical examiner cannot conduct an examination until March, according to Cuomo's counsel, there is absolutely no prejudice to Defendants from any brief delay that might be caused by the Court's considering these issues.  Moreover, Cuomo was aware of this objection from the parties' recent status report.  Dkt. 448.

Cuomo claims that an expert schedule is required because the Court has already permitted an IME to proceed.  But while the Court found in its Minute Order of June 30, 2025 that a Rule 35 examination was "necessary," the Court also directed the parties "to meet and confer to discuss limitations on scope."  Such a scope limitation is necessitated by Rule 35, which contemplates a motion by the proponent of the examination that must "specify the time, place, manner, conditions, and scope of the examination."  Fed. R. Civ. Proc. 35(a)(2)(B).  The Court's directive resulted from a long colloquy at the hearing on June 30, wherein the parties could not come to an agreement about the proper "scope of the examination."  The Court indicated that it would probably invite briefing on the "scope" issue if the parties could not agree.  At the end of this exchange, Cuomo's counsel advised the Court "I think the issues will crystallize as we proceed with the rest of fact discovery. And then if we can work out the scope issue we will, and if not, we'll bring it up with your Honor."  June 30, 2025 Hrg. Tr. at 73:2-5.  But Cuomo never reached out to confer about the scope of an IME.  Instead, in an email dated October 30, 2025, one day

before the parties' joint letter was due, he presented as settled fact that Cuomo's medical examiner, Stuart Kleinman, would be conducting an IME. Our objection is that, by presenting the IME as settled fact, Cuomo has failed to follow the Court's Orders. Under Rule 35, Plaintiff is entitled to a Court Order before an IME may proceed. The Court has informed the parties that it will issue an Order only after resolution of the scope issue. Given this posture, it was improper for Cuomo to proceed scheduling an IME without conferring with Plaintiff.

We thus reasonably proposed that the parties proceed to briefing the scope issue and told Cuomo's counsel that the letter due today should include a briefing schedule. Cuomo refused to discuss a briefing schedule and told us instead that, in their view, the Court had categorically permitted the examination to move forward, and that they would file a letter on their own behalf.

An additional reason why Plaintiff is opposing an expert discovery period is that circumstances have changed since the June 30 conference. As the Court knows, Trooper 1 has already waived privilege and made available a veritable mountain of medical information. As of the spring, Trooper 1 had already disclosed three independent medical experts, with accompanying reports, who examined Trooper 1 in connection with her claims for worker's compensation and disability. After the June 30 conference, Trooper 1 disclosed an additional expert. Given the number of IMEs already conducted and the huge volume of records already available to Cuomo, an additional IME is inappropriate. See, e.g., Kunstler v. City of New York, No. 04 Civ. 1145 (RWS) (MHD), 2006 WL 2516625, at *12 (S.D.N.Y. Aug. 29, 2006), aff'd, 242 F.R.D. 261 (S.D.N.Y. 2007) ("A fourth plaintiff (Ms. Calhoon) has waived her privilege and testified about her treatment. Moreover, defendants were permitted to depose her therapist. Again, they offer no reason, much less good cause, for a mental-health examination of this plaintiff.").

Accordingly, a briefing schedule is appropriate both regarding the scope of an IME and the propriety of expert discovery. Trooper 1 proposes the following schedule:

November 21, 2025: Cuomo's Moving Brief
December 12, 2025: Trooper 1's Opposition
December 19, 2025: Cuomo's Reply, if any

Respectfully submitted,

Valdi Licul

cc: All Counsel of Record (via ECF)