UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TROOPER 1,                                                     :
                                                               :     Case No.: 22 Civ. 00893 (LDH) (TAM)
                Plaintiff,                                 :
                                                               :
         v.                                                    :
                                                               :
NEW YORK STATE POLICE and ANDREW                               :
CUOMO,                                                         :
                                                               :
                Defendants.                                :
-----------------------------------------------------------X


# PLAINTIFF TROOPER 1'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT ANDREW CUOMO'S MOTION FOR RECONSIDERATION


                **WIGDOR LLP**

                Valdi Licul
                John S. Crain
                Katherine Vask

                85 Fifth Avenue
                New York, NY 10003
                Telephone: (212) 257-6800
                Facsimile: (212) 257-6845
                vlicul@wigdorlaw.com
                jcrain@wigdorlaw.com
                kvask@wigdorlaw.com

                *Counsel for Plaintiff*

## TABLE OF CONTENTS

| Content | Page |
|---|---|
| Table of Authorities | ii |
| RELEVANT FACTUAL BACKGROUND | 1 |
| STANDARD ON A MOTION FOR RECONSIDERATION | 2 |
| I. The Court Should Disregard Cuomo's Copious New Evidence | 3 |
| II. Cuomo Fails to Demonstrate Entitlement to Reconsideration | 5 |
| III. Cuomo Previously Litigated and in Any Case Cannot Establish Good Cause to Extend Discovery | 9 |
| CONCLUSION | 10 |

## TABLE OF AUTHORITIES

**Cases**                                                                                                                                                                                             **Page(s)**

Arias v. Mut. Cent. Alarm Servs., Inc.,
No. 96 Civ 8447 (LAK), 1999 WL 1337571 (S.D.N.Y. Jan. 22, 1999) .......................................... 3

Cuomo v. Off. of the New York State Att'y Gen.,
727 F. Supp. 3d 231 (E.D.N.Y. 2024) ........................................................................................... 3

Doe v. N.Y.C. Dep't of Soc. Servs.,
709 F.2d 782 (2d Cir. 1983) .......................................................................................................... 2

G-I Holdings, Inc. v. Baron & Budd,
No. 01 Civ. 0216 (RWS), 2004 WL 1277870 (S.D.N.Y. June 10, 2004) ...................................... 3

Kumaran v. Nat'l Futures Ass'n,
Nos. 20 Civ. 3873 (GHW) & 22 Civ. 8095 (GHW), 2023 WL 3160116
(S.D.N.Y. Apr. 28, 2023) .............................................................................................................. 3

Nemaizer v. Baker,
793 F.2d 58 (2d Cir. 1986) ............................................................................................................ 3

Oppenheimer Fund., Inc. v Sanders,
437 U.S. 340 (1978) ...................................................................................................................... 8

Shih v. Petal Card, Inc.,
No. 18 Civ. 5495 (JFK) (BCM), 2021 WL 5279395 (S.D.N.Y. Nov. 12, 2021) .......................... 8

Shrader v. CSX Transp., Inc.,
70 F.3d 255 (2d Cir. 1995) ............................................................................................................ 2

Thomas v. City of New York,
336 F.R.D. 1 (E.D.N.Y. 2020) ...................................................................................................... 6

Trooper 1 v. New York State Police,
No. 22 Civ. 893 (LDH) (TAM), 2025 WL 2959061 (E.D.N.Y. Oct. 17, 2025) ....................... 1, 2

United States v. Sineneng-Smith,
590 U.S. 371 (2020) ...................................................................................................................... 4

Van Buskirk v. United Grp. of Cos., Inc.,
935 F.3d 49 (2d Cir. 2019) ............................................................................................................ 3

Zambito v. United States,
No. 18 Civ. 3612 (SIL), 2025 WL 1652145 (E.D.N.Y. June 11, 2025) ........................................ 3

**<u>Rules</u>**

Fed. R. Civ. P. 26-37..................................................................................................5, 7, 8

Fed. R. Civ. Proc. 26(b)(2)(C)...........................................................................................6, 7

Plaintiff Trooper 1 ("Plaintiff" or "Trooper 1") respectfully submits this memorandum of law in opposition to Defendant Andrew Cuomo's ("Defendant" or "Cuomo") motion for reconsideration of the Court's October 17, 2025 Order.

## RELEVANT FACTUAL BACKGROUND

On September 30, 2025, Cuomo placed a bet. He wagered that if he filed an uninvited letter at 10:30 p.m. on the last day of discovery, without meeting and conferring with opposing counsel, he would be able to convince the Court that discovery must continue, without Trooper 1 having an opportunity to file any opposition. See Dkt. 442 at 2 ("Given the outstanding discovery issues, we do not expect to be in a position to certify the close of fact discovery on October 17, 2025.") To aid in presenting the continuation of discovery as a settled fact, he had issued three deposition subpoenas the day before, ignoring both the discovery schedule and a Court order limiting the number of depositions he could take. See Dkt. 443 at 1. Filing his letter on the night of September 30 was a willful and aggressive maneuver, since Trooper 1's counsel had objected to the belated subpoenas that morning, informing Cuomo that they would "send . . . [their] portion of a joint letter documenting the dispute" per the Court's procedures. Instead of following the Court's rules, Cuomo went his own way, without notice to Trooper 1.

After considering the Parties' filings, the Court found Cuomo's position mostly meritless, though it fairmindedly granted Cuomo a 26th deposition, an outcome he should have been content with given his tardiness. The ruling was a fair exercise of the Court's discretion to control discovery. The Court began by pointing out that discovery has already been extensive and that Cuomo bore the burden of proof to show "good cause to extend fact discovery yet again." Trooper 1 v. New York State Police, No. 22 Civ. 893 (LDH) (TAM), 2025 WL 2959061, at *3–4 (E.D.N.Y. Oct. 17, 2025) (the "Order"). The Court then denied two depositions into

1

Trooper 1's medical examiners because (i) they were "not proportional to the needs of the case"; (ii) they were "needlessly duplicative and cumulative"; (iii) Cuomo had already had the opportunity to take either deposition but inexplicably failed to do so; and (iv) Cuomo had failed to file a timely motion to extend discovery. Id. at *4. The Court also denied the deposition of Trooper 1's mother as neither relevant nor proportional to the needs of the case. Id. at *5. Finally, the Court found that an extension of document discovery to allow disclosure of records of routine medical care was not warranted because (i) Cuomo failed to raise the issue in a timely fashion; (ii) "[g]iven the extraordinary breadth of the discovery that has already been taken in this case." Id. While Cuomo claimed to have been blindsided late in discovery by the absence of the medical records, the Court observed that "Defendant was aware of Plaintiff's position on the relevance of treatment records relating to routine medical care at least as early as March 4, 2025." Id.

Not satisfied with the Court's primary findings, Cuomo has now moved for a general reconsideration, complaining that it was erroneous and contrary to law for the Court not to bless his gambit to extend discovery. His motion does not meet the prerequisites for reconsideration and should be denied expeditiously.

## STANDARD ON A MOTION FOR RECONSIDERATION

"The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983) (quotation marks omitted). In this context, "controlling" means "matters . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

2

"[A] motion for reconsideration should be denied 'where the moving party is merely trying to relitigate an already decided issue.'" Cuomo v. Off. of the New York State Att'y Gen., 727 F. Supp. 3d 231, 234 (E.D.N.Y. 2024) (quoting with alterations Kumaran v. Nat'l Futures Ass'n, Nos. 20 Civ. 3873 (GHW) & 22 Civ. 8095 (GHW), 2023 WL 3160116, at *1 (S.D.N.Y. Apr. 28, 2023)) (Merkl, J.). "A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." Id. at 235 (quoting Van Buskirk v. United Grp. of Cos., Inc., 935 F.3d 49, 54 (2d Cir. 2019)). Thus, the Court need not consider "evidence that could have been presented earlier." Id. at 234 (quoting Wright & Miller, Fed. Prac. & Proc. § 4478 (3d ed. 2023)). The decision to deny a motion for reconsideration is ultimately "addressed to the sound discretion of the district court." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).

I.     **The Court Should Disregard Cuomo's Copious New Evidence**

Under Local Rule 6.3, on a motion for reconsideration "[n]o party is to file an affidavit unless directed by the court." Cuomo, continuing to hold himself above the rules governing others, ignored 6.3 by filing extensive affidavits from Stuart Kleinman and Allegra Noonan. The application of Rule 6.3 is ministerial in this scenario; the affidavits are nullities and the Court must set them aside. See, e.g., Arias v. Mut. Cent. Alarm Servs., Inc., No. 96 Civ 8447 (LAK), 1999 WL 1337571, at *3 (S.D.N.Y. Jan. 22, 1999) (striking affidavits filed in violation of 6.3); Zambito v. United States, No. 18 Civ. 3612 (SIL), 2025 WL 1652145, at *4 (E.D.N.Y. June 11, 2025) (same). If the Court were to permit an application for an exception to Rule 6.3 to be filed in tandem with a motion for reconsideration "it would undermine the prohibition on the submission of affidavits." G-I Holdings, Inc. v. Baron & Budd, No. 01 Civ. 0216 (RWS), 2004 WL 1277870, at *3 (S.D.N.Y. June 10, 2004). Accordingly, Plaintiff has not generally rebutted

3

the contents of these affidavits. If the Court waives Rule 6.3 for Cuomo, Plaintiff respectfully requests a briefing schedule so that Plaintiff may address the evidence. Having to rebut the evidence here would legitimize it.

Cuomo suggests that new evidence is needed because the Court "violated the party presentation principle" by failing to await full briefing of Cuomo's requests to extend and expand discovery. Cuomo's Mem. in Supp. of Mot. for Reconsideration, Dkt. 454 ("Def.'s Brf.") at 3-4. But the "principle of party presentation" only instructs that a court should not dispose of a case based on issues not raised by the parties. See, e.g., United States v. Sineneng-Smith, 590 U.S. 371, 374–75 (2020) (Ninth Circuit failed to follow party presentation principle, where it elicited amici brief and decided case on a basis never raised by the parties). Here, Cuomo is the one who initiated the briefing that led to the Court granting—if only in part—Plaintiff's motion to quash, with his unilateral and uninvited letter of September 30. See Dkt. 442. In that letter, he chose the sole issue: whether the Court should extend and enlarge the scope of discovery. That is the only issue the Court decided.

Nor can he complain that the Court lacked evidence necessary to decide that issue. After Trooper 1 filed a comparatively restrained, three-page motion to quash that simply pointed out Cuomo's failure to follow discovery rulings, see Dkt. 443, Cuomo filed an eight-page letter attaching 215 pages of evidence, see Dkt. 446, Def.'s Ltr. Brf ("Def.'s Oct. 15 Ltr."). It was Trooper 1's counsel who took a significant risk on the side of respecting the Court's rules, by filing a response of just one page. That response limited itself to two omissions from Cuomo's arguments: (1) that discovery was conducted for years on the understanding that only therapy and psychiatric records were discoverable; (2) that he had known this for at least seven months, based on an email Plaintiff's counsel sent on March 4, 2025. See Dkt. 447. Even though Cuomo

4

filed yet another letter rebutting Plaintiff's final letter, he never addressed Plaintiff's assertion that he had long been aware of and had always agreed to fair limits on the medical discovery. Order at *5.[1] Indeed, in her unsolicited and improper 14-page declaration attached to the instant motion, Cuomo's counsel Allegra Noonan once again professes surprise that Trooper 1 did not produce records of routine medical treatment. Noonan Decl. at ¶ 21 ("September 23, 2025 . . . . was the first time counsel . . . became aware that Plaintiff may be withholding treatment records . . . reflecting non-therapeutic or non-psychiatric treatment"). Yet, tellingly, she says nothing about the March 4, 2025 email. This renders the new evidence not only improper, but irrelevant. See infra, § II.

Cuomo has continually ignored all applicable discovery procedures. While he was flouting this Court's rules with 215 pages of evidence, he could equally have filed either of the instant affidavits. He did not do so, and the Court should not consider the evidence now.

## II.    **Cuomo Fails to Demonstrate Entitlement to Reconsideration**

Cuomo's motion is easily set aside for failing to meet the prerequisites for reconsideration. All of his points either fail to address controlling matters or relitigate issues and facts that he could have opted to raise in his original, extensive filings.

First, as to his desire to continue document discovery, Cuomo touts new evidence in the form of disclosures from the New York State Insurance Fund. See Def.'s Brf. at 2-3. However, he does not explain how such evidence would change the outcome of any relief he requested

---

[1] True to form, Cuomo argues that it is really Plaintiff who flouted the Court's rules. Def.'s Brf. at 1 ("Plaintiff moved—unilaterally and in violation of this Court's Individual Rules . . .") As an initial matter, Motions to Quash are governed by Rule 45 and not apparently governed by this Court's Rule requiring conferral before a motion under "Fed. R. Civ. P. 26 Through 37." But in any case, given the contents of Cuomo's uninvited September 30, 2025 letter, it would have verged on incompetent representation not to have responded.

5

previously.  In any case, the new evidence does not impact the Court's essential holding: Discovery into Trooper 1's medical history has already been extensive, and additional discovery would be cumulative and disproportional to the needs of the case.  See Fed. R. Civ. Proc. 26(b)(2)(C).  Nor is there any excuse for Cuomo not to have issued the subpoena and brought this issue to the Court's attention sooner, if he thought it was so important.  As the Court held, Cuomo has had years to take this discovery.  Yet he inexplicably opted to seek it at the last second after multiple discovery extensions.  Next, Cuomo gripes that the Court was incorrect to hold that he failed to certify a meet-and-confer per the Court's Rules.  Def.'s Brf. at 5.  While the Court mentioned this undeniable fact in discussing how Cuomo had failed to show good cause for continued document discovery, it did not render its decision solely based on Cuomo's mere procedural default (though it could have).  See Order at *5.  In other words, this was not a controlling aspect of the Court's decision.

      Cuomo then reduces the Court's reasoning to an absurdity, arguing that the Order was based on "[t]he mere fact that many documents have already been produced." Def.'s Brf. at 5-6 (quoting Thomas v. City of New York, 336 F.R.D. 1, 2 (E.D.N.Y. 2020).  This argument also fails to address a "controlling matter."  The Court held that the document discovery is not proportional to the needs of the case, is cumulative, and, separately, that Cuomo has already had ample opportunity to take it.  Indeed, Cuomo has still given no reason not to have subpoenaed the information sooner, given he was "aware of Plaintiff's position on the relevance of treatment records relating to routine medical care at least as early as March 4, 2025,"[2] a fact which stands unrebutted. Order at *5. Moreover, this argument simply relitigates the Court's holding on the

---

[2]    He has in fact known about and acquiesced in this "limitation" for years, but on the record available here it suffices to state that he has known at least since March 4, 2025.

6

discoverability of further medical records, an issue Cuomo has already briefed at length (without invitation), in two pages referencing *seven* exhibits. See Def.'s Oct. 15 Ltr. at 2-3.

Cuomo commits the same errors in urging reconsideration of the Court's holding denying three depositions. First, again, this argument fails to address controlling issues. Cuomo argues solely that the Court was wrong to hold that the two medical depositions "would be needlessly cumulative and duplicative and therefore not proportional." Def.'s Brf. at 6. This misapprehends the law. Under Rule 26, cumulative, duplicative, and disproportional are each independently sufficient grounds for the Court to deny discovery. See Fed. R. Civ. Proc. 26(b)(2)(C) (listing "cumulative or duplicative" and "outside the scope" as independent grounds). The additional depositions were not just disproportional to the case, they were *also* cumulative and duplicative, as the Court held. And Cuomo totally ignores the Court's separate, independent holding that he already had the opportunity to take these depositions and simply opted not to, and then inexplicably waited until the last day of discovery to issue his subpoenas. See Order at *4. Nor does it make a difference to the Court's conclusion that "Plaintiff intends to rely on these examiners, and their findings, at trial." Def.'s Brf. at 7. First, while Plaintiff did not violate Rule 26, the question of "disclosure obligations in Rule 26" is neither here nor there. Id. It does not address why Cuomo opted not to take these depositions when he had time and was deposing other emotional-distress witnesses, nor why he waited so long to bring the purported problem to the Court's attention. See Order at *4. Cuomo's failure to take the depositions when he had the chance sufficiently supports the Court's holding.[3] Moreover, this

---

[3] And disposes of Cuomo's argument that "[t]hese depositions are essentially conditions precedent to Plaintiff's ability to call these witnesses." Def.'s Brf. at 8, n. 7. Cuomo could have deposed these witnesses. He opted not to. He cannot now complain that he was denied the opportunity to depose them.

7

part of his motion is a transparent attempt to relitigate issues he has had a chance to address, in the course of four uninvited pages citing nine improper exhibits. See Def.'s Oct. 15 Ltr. at 4-8.

With regards to the deposition of Trooper 1's mother, Cuomo suggests that the Court overlooked "controlling precedent" about relevance and cites a Supreme Court case for the proposition that "relevant . . . has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Def.'s Brf. at 8 (quoting Oppenheimer Fund., Inc. v Sanders, 437 U.S. 340, 351 (1978)). In fact, this case references a standard of relevance that was expunged in favor of the proportionality rule that the Court correctly applied. Fed. R. Civ. Proc. 26, Advisory Committee Notes to the 2015 Amendment ("The former provision for discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery of admissible evidence' is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery.") The rest of this section rehashes arguments Cuomo has made already. Compare Def.'s Brf. at 8 ("Defendants must be permitted to explore other sources for Plaintiff's claimed emotional state.") with Def.'s Oct. 15 Ltr. at 7 ("the deposition of Plaintiff's mother is necessary to evaluate Plaintiff's claimed emotional distress, including to explore potential alternative causes . . ."). Cuomo then raises for the first time the possibility that this deposition might be "impeachment" discovery, an argument never raised before but one that is in any case obviously meritless given the Court's oft-expressed concerns about proportionality. See Shih v. Petal Card, Inc., No. 18 Civ. 5495 (JFK) (BCM), 2021 WL 5279395, at *4–7 (S.D.N.Y. Nov. 12, 2021) (discussing the generally disfavored nature of impeachment discovery).[4]

---

[4] Time and again during this litigation, Cuomo has argued that the burden shifts to Plaintiff to "advance[e] [a] burden argument" once he makes some proffer of relevance. Def.'s Brf. at 9. As Plaintiff's counsel has repeatedly instructed Cuomo's counsel, that is not what Rule 26 says.

8

In sum, Cuomo is quibbling. Even if any of his contentions were correct, they would not address the reasoning that the Court depended upon to reach its holding. The bulk of his argument attempts to relitigate relevance and proportionality, without acknowledging his unexplained failure to seek the discovery sooner. Even to the extent he addresses controlling questions of law, then, he is simply relitigating settled issues that he could have (or did) address when he was filibustering the Court's docket with improper evidence and briefing.

### III. Cuomo Previously Litigated and in Any Case Cannot Establish Good Cause to Extend Discovery

Cuomo argues that the Court denied an extension of discovery "without full consideration of factors relevant to the good cause analysis." Def.'s Brf. at 9. But even if this were so, this would not be a matter "overlooked"; it was Cuomo who failed to realize the correct "good cause" standard or to mention any of these factors, instead arguing the issue as though it were simply a matter of proving relevance. Def.'s Oct. 15 Ltr. at 1. ("A limited extension of the fact discovery deadline is warranted so that Defendants can obtain certain documents and take four additional depositions."). In any case, whether to continue discovery is committed to the Court's discretion, and Cuomo nowhere suggests it would be an abuse of discretion not to consider the factors. To the contrary, any order justified by Rule 26, as the Court's Order certainly was, is bound to be a valid exercise of the Court's broad discretion to control discovery matters.

In any case, the Court did implicitly consider factors [5](4), and (5), when it held that Cuomo (4) had not been diligent and (5) had failed to seek the relevant discovery when he had notice of the corresponding issues, during the many years the Court allotted him for such

---

Rule 26 provides for a variety of objections even to relevant discovery, including under both 26(b) and 26(c). And if proposed discovery fails the proportionality requirement—as it does here—Plaintiff of course is not required to separately demonstrate burden.

[5]   Factor (2), whether the request is opposed, is of course satisfied here.

9

discovery. Recharacterizing these issues as factors in a test does not change the fact that Cuomo is trying to relitigate them.

## CONCLUSION

For these reasons, Cuomo's motion for reconsideration should be denied in its entirety.

Dated: November 14, 2025  
       New York, New York                              **WIGDOR LLP**

                                                              By: _____  
                                                                  Valdi Licul  
                                                                  John S. Crain  
                                                                  Katherine Vask

                                              85 Fifth Avenue  
                                              New York, NY 10003  
                                              Telephone: (212) 257-6800  
                                              Facsimile: (212) 257-6845  
                                              vlicul@wigdorlaw.com  
                                              jcrain@wigdorlaw.com  
                                              kvask@wigdorlaw.com

                                              *Counsel for Plaintiff Trooper 1*

## **CERTIFICATE OF COMPLIANCE**

      I Valdi Licul, an attorney duly admitted to practice law before the Eastern District of New York, hereby certify that this document, the memorandum of law, complies with the word count limit set forth in Local Civil Rule 6.3 because it contains 3,149 words, excluding the parts of the memorandum of law exempted by the rule.  In preparing this certification, I have relied on the word count of the word-processing system used to prepare this memorandum of law.

Dated:  November 14, 2025  
       New York, New York

                                                                           Valdi Licul