

October 31, 2025

**BY ECF**
Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *Trooper 1 v. NYSP et al.*, 22-cv-893 (LDH) (TAM)

Dear Judge DeArcy Hall:

We represent former Governor Andrew M. Cuomo and write pursuant to Federal Rule of Civil Procedure 72(a) and Your Honor's Individual Practice IV(A) to appeal an October 17, 2025 Order by Magistrate Judge Taryn A. Merkl ("the Order"), ECF No. 450.[1]

**Relevant Background**

    In connection with almost every cause of action Plaintiff asserts against Defendants, she claims to "suffer[] severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief." ECF No. 71 ¶¶ 163, 168, 173, 178, 183, 188; *see also id.* ¶ 193. Plaintiff's damages allegations are extreme by any measure: she says ███████████████████████████████████████████████████████████ ECF No. 446-2 at 11 (Amended Interrogatory Responses). She also asserts that ███████████████████████████████████████████████████████████ *Id.* Finally, Plaintiff attests that ███████████████████████████ *Id.* at 11–12.[2]

---

[1] To comply with Local Civil Rule 6.3, we are simultaneously filing a motion for reconsideration of the Order. In connection with that motion, we are seeking leave to file declarations from (i) Defendants' Rule 35 examiner, Dr. Stuart B. Kleinman; and (ii) Governor Cuomo's counsel. We thus anticipate that the record relating to these issues will be further developed on the motion for reconsideration.

[2] ███████████████████████████████████████████████████████████ *See, e.g.*, ECF No. 446-3 (excerpts of treatment records) at NYSWCB-T1-000642.

Given the extraordinary nature of Plaintiff's claimed symptoms, Governor Cuomo noticed depositions of three nonparty witnesses and sought a complete production of relevant medical records from Plaintiff. Plaintiff, however, in contravention of Judge Merkl's Individual Rules, filed a unilateral discovery motion seeking to quash the deposition subpoenas and preclude further inquiry into Plaintiff's highly suspect approach to producing her medical records. ECF No. 443. The Order followed.

**The Order Is Contrary to Law and Clearly Erroneous**

*The Additional Depositions*

First, Governor Cuomo's request to depose two independent medical examiners who evaluated Plaintiff should be granted. Judge Merkl erred in determining that the depositions of two medical examiners, who in addition to a third medical examiner already deposed, evaluated Plaintiff regarding her claims of psychiatric disability, were not proportional to the needs of the case and were instead needlessly cumulative and duplicative. ECF No. 450 at 8–9. These three independent medical examiners evaluated Plaintiff nearly fourteen months apart from each other, reviewed different records, and came to different conclusions about Plaintiff's temporary psychiatric disability. *See* ECF No. 446-1 at 6; *see also* ECF Nos. 446-13, 446-14.446-1 at 6. Their testimony, therefore, would not be needlessly duplicative or cumulative, but instead would reveal what Plaintiff told them about her allegations and her emotional and mental state. These witnesses clearly have information directly relevant to Plaintiff's claimed emotional distress. More importantly, Plaintiff recently confirmed that she intends to rely on these witnesses and their conclusions at trial. ECF No. 448 ("Plaintiff believes that expert discovery is not necessary, because there have already been numerous independent medical examinations."). Yet these witnesses were not listed in Plaintiff's Rule 26 disclosures. Prohibiting Defendants from deposing undisclosed witnesses that Plaintiff intends to call at trial is contrary to law and clearly erroneous, as it flips Rule 26 on its head and rewards Plaintiff for falling down on her obligations under Rule 26(a)(1)(A). Governor Cuomo should be permitted to depose these witnesses; otherwise, these witnesses must be precluded at trial. *Leong v. 127 Glen Head Inc.*, No. CV 13-5528, 2016 WL 845325, at *6 (E.D.N.Y. Mar. 2, 2016); *Krawec v. Kiewit Constructors Inc.*, No. 11 Civ. 0123, 2013 WL 1104414, at *8 (S.D.N.Y. Mar. 1, 2013).

Second, Judge Merkl erred in determining that the deposition of Plaintiff's mother was not relevant or proportional to the needs of the case. Plaintiff has proven to be an unreliable narrator concerning her claimed emotional distress (if any) and its causes. Plaintiff's therapy records reflect that her family, and her relationship with her ex-fiancé, were independent stressors in her life that could easily contribute to any claimed emotional distress. ECF No. 446-1 at 4, 7. This is why Plaintiff falsely represented, in the course of her workers' compensation process, that she had a good relationship with her family. A deposition of Plaintiff's mother is thus relevant substantively, concerning Plaintiff's relationship with her family and other sources of distress, and also relevant for purposes of assessing Plaintiff's credibility and for potential impeachment material. *Davidson Pipe Co. v. Laventhol & Horwath*, 120 F.R.D. 455, 461 (S.D.N.Y. 1988); *Bridgeport Music Inc. v.*

*UMG Recordings, Inc.*, No. 05 Civ. 6430, 2007 WL 4410405, at *3 (S.D.N.Y. Dec. 17, 2007).

***Plaintiff's Medical Records Production[3]***

Judge Merkl further erred by denying an extension of fact discovery to resolve ongoing disputes between the Parties as to Plaintiff's production of her medical records. Governor Cuomo expressly informed Judge Merkl that the Parties were engaged in continuing discussions to address deficiencies in Plaintiff's production of her medical records, and requested an opportunity to be heard, so that Judge Merkl could rule with the benefit of a complete record. *See* ECF Nos. 442 at 1; ECF No. 444-1 at 1; ECF No. 446-1 at 1–2; ECF No. 448. Nevertheless, despite receiving no briefing, evidence, or substantive argument from the Parties, the Order held that no good cause existed to extend discovery. In so holding, the Court ruled outside of the adversarial issues presented, violating the party presentation principle (including as reflected in Judge Merkl's Individual Rules), and prejudicing Governor Cuomo. *See Greenlaw v. United States*, 554 U.S. 237, 243 (2008) (courts "normally decide only questions presented by the parties").

Moreover, the Order misapplied the law and misapprehended the facts. Judge Merkl erroneously found that Governor Cuomo did "not clearly certify that the parties met and conferred in a good-faith effort to resolve the [] issues" and concluded that the dispute was raised at the "eleventh hour." ECF No. 450 at 10–11. This is erroneous—as described above, Governor Cuomo expressly and repeatedly advised Judge Merkl of ongoing efforts to resolve the dispute through the procedures contemplated by her Individual Rules. Judge Merkl further misapplied the law in holding that good cause did not exist "[g]iven the extraordinary breadth of the discovery that has already been taken in this case." *Id.* at 11. On this point, the law is clear: "The mere fact that many documents have already been produced is not sufficient to establish that there are no other relevant materials to be found." *Thomas v. City of New York*, 336 F.R.D. 1, 2 (E.D.N.Y. 2020) (quotation omitted). Plaintiff's medical records are unquestionably relevant to her claims, and it is her burden to show how the requested information is overly broad, unduly burdensome, or oppressive. *Sanders v. SUNY Downstate Med. Ctr.*, No. 22-CV-4139, 2024 WL 4198355, at *3 (E.D.N.Y. Sept. 16, 2024). Because Plaintiff offered no evidence of burden—and Judge Merkl did not require any—the Order was contrary to law and should be reversed.

***

For the foregoing reasons, Judge Merkl erred in concluding there was not good cause to extend discovery. Governor Cuomo, therefore, respectfully requests that the Order be modified to permit depositions of the two remaining independent medical examiners and Plaintiff's mother, and that the Order be reversed and remanded for further briefing as it relates to Plaintiff's medical records.

---

[3] References to "medical records" encompass records from mental health providers and non-medical healthcare providers.

Respectfully submitted,

*/s/ Theresa Trzaskoma*

Theresa Trzaskoma