

**Valdi Licul**
vlicul@wigdorlaw.com

March 31, 2026

**VIA ECF**

Hon. LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Trooper 1 v. Cuomo, *et al.*; Case No. 22-cv-00893 (LDH)(TAM)

Dear Judge DeArcy Hall,

We represent the Plaintiff Trooper 1 and write to alert the Court to the Second Circuit's recent decision in Miller v. Lamanna, 169 F.4th 118 (2d Cir. 2026), which further supports her argument that the Court should deny Defendant Andrew Cuomo's partial motion to dismiss Trooper 1's retaliation claim under 42 U.S.C. § 1983 ("Section 1983").

By way of background, on September 2, 2022, Cuomo moved to dismiss Trooper 1's claims under New York state and city statutes that he retaliated against her for protesting his pattern of sexually harassing women. At the time, Cuomo did not move to dismiss Trooper 1's Section 1983 retaliation claim. On August 8, 2024, nearly two years later and after the Court had decided Cuomo's original partial motion to dismiss, Cuomo requested permission to make a second motion regarding the Section 1983 retaliation claim, arguing that his "fail[ure] to include" this argument in his original motion was an "unintentional oversight." ECF 268. On April 28, 2025, this Court granted his request. The discovery deadline passed, yet Cuomo never made his motion. Rather, on February 27, 2026, six years after this case was filed, ten months after this Court granted him permission to make a second motion to dismiss and nearly five months after the close of fact discovery, Cuomo finally filed his motion targeting the pleadings.

In Miller, the Second Circuit addressed a substantially similar scenario where a district court – after the completion of fact discovery – dismissed the plaintiff's discrimination and retaliation claims on the pleading under Rule 12(b)(6). Id. at 123. The Second Circuit reversed, finding "that the district court exceeded its discretion." Id. at 124. Citing its prior decision in Lugo v. City of Troy, 114 F.4th 80, 89 (2d Cir. 2024), the Second Circuit reasoned that "the pleading standard acts as a screening mechanism in the early stages of the litigation, . . . closing the doors of discovery to plaintiffs armed with nothing more than conclusions." Miller, 169 F.4th at 125 (cleaned up). However, "once the parties have already incurred the expense of discovery . . . that objective becomes inapposite" and "the summary-judgment standard typically applies, which requires the district court to review the evidence compiled by the parties during discovery to


determine whether trial is actually required." Id. (quoting Lugo, 114 F.4th at 89). The Second Circuit observed that "[t]he parties had conducted over two years of discovery with the aim of substantiating, or debunking," the plaintiff's allegations. Id. at 130. Therefore, it made "good sense" to decide the various issues "with reference to the full bevy of evidence available" after discovery had been completed. Id. To do otherwise, "would hardly serve the efficient or just resolution of disputes, which is the very foundation of the Federal Rules." Id. Finally, the Second Circuit held that it would have reached the same result even if the defendant had moved to dismiss under Rule 12(c). Id.

The same result is warranted here. The parties have spent more than three years conducting discovery concerning Trooper 1's claims and Cuomo's defenses.[1] It therefore makes no sense to analyze Cuomo's motion under Rule 12(c) – a "screening mechanism" applicable to the "early stages of the litigation." Id. at 125 (quoting Lugo, 114 F.4th at 89). Rather, the "efficient" and "just" resolution of this dispute requires that the Court consider Cuomo's motion to trim this case under the appropriate summary judgment standard, rather than the now moot pleading standard. Id. at 30. Moreover, this Court should not be faced with multiple and repetitious motions simply because Cuomo inexplicably delayed years in filing his motion.

For these reasons, and the arguments set forth in opposition to Cuomo's motion, ECF 518, Trooper 1 respectfully requests that this Court deny Cuomo's Rule 12(c) motion.

Respectfully submitted,

Valdi Licul

cc: All Counsel of Record (via ECF)

---

[1] The Magistrate Judge has extended the discovery deadline concerning very limited issues related to Trooper 1's damages. Discovery concerning Cuomo's liability finished last year.