

April 2, 2026

**BY ECF**

Hon. LaShann DeArcy Hall
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Trooper 1 v. NYSP et al.*, **22-cv-893 (LDH) (TAM)**

Dear Judge DeArcy Hall:

We write in response to Plaintiff's letter of supplemental authority for her opposition to Governor Cuomo's motion for partial judgment on the pleadings, ECF No. 526. Contrary to Plaintiff's contention, and because Plaintiff's retaliation claim under the Equal Protection Clause suffers from a fatal legal defect, the Second Circuit's recent decision in *Miller v. Lamanna*, 169 F.4th 118 (2d Cir. 2026) is utterly irrelevant.

In *Miller*, the Second Circuit reversed a district court's decision to convert a motion for summary judgment into a motion to dismiss under Rule 12(b)(6). The holding was predicated on three key factors, none of which is present here.

***First***, the defendants in *Miller* "styled their motion as one for summary judgment," and although Rule 12(d) provides a mechanism for converting motions to dismiss into motions for summary judgment, the Second Circuit noted that no Rule provides for the reverse. *Miller*, 169 F.4th at 125, 129. Here, Governor Cuomo moved for partial judgment on the pleadings pursuant to Rule 12(c), ECF No. 515, an avenue for relief available any time after the close of pleadings but "early enough not to delay trial," Fed. R. Civ. P. 12(c).

***Second***, the defendants in *Miller* moved after the close of discovery, and the parties "vigorously contested the facts underpinning Miller's claims," with each side submitting substantial documentation in connection with the motion briefing, totaling over 1,700 pages. 169 F.4th at 122, 131. Here, discovery is still open—Defendants have yet to depose Plaintiff's current talk therapist, *see* ECF No. 450 at 8; *see also* ECF Nos. 500–06, Plaintiff has not completed her production of relevant medical records, *see* December 5, 2025 Minute Entry & Order, and expert discovery has not yet commenced, *see* ECF Nos. 451–52; 513–14. Moreover, Governor Cuomo's motion was strictly limited to the allegations in Plaintiff's Complaint, and Plaintiff attached only one piece of evidence obtained in discovery in her opposition: an excerpt from the deposition of Richard Azzopardi. ECF No. 519-1. Plaintiff relies on this evidence to argue that Governor Cuomo was purportedly responsible for Mr. Azzopardi's tweet and to address legal issues relating to causation. *See* ECF No. 518 at 8, 16. But, as explained in our papers, this testimony has no bearing on the key legal question at issue, namely, whether Governor Cuomo was a state actor at the time

of the alleged retaliatory conduct, which was undisputedly six months after his resignation. *See* ECF Nos. 516 at 7, 10–11; 520 9–12. Thus, unlike *Miller* where discovery had yielded numerous disputed facts relevant to the legal issue, here, Governor Cuomo's motion directed to the pleadings furthers the "efficient or just resolution of disputes." *Cf. Miller*, 169 F.4th at 130.

***Third***, the defendants in *Miller* did not argue that the complaint suffered a legal defect; instead, they argued that the complaint lacked factual allegations to sufficiently plead an otherwise cognizable claim. 169 F.4th at 122, 131. In stark contrast, Governor Cuomo's motion concerns Plaintiff's legally defective retaliation claim which, under bedrock principles of § 1983, cannot be sustained absent a state action. ECF Nos. 516 at 10–11; 520 at 9–12. Plaintiff has not—indeed, cannot—point to a single dispute of fact underlying the purely legal question of whether Governor Cuomo was acting under color of state law at the time of the alleged retaliation. The alleged retaliatory acts took place many months after Governor Cuomo had resigned, such that he was unquestionably a private individual, not a state actor, at the time of the alleged conduct. ECF Nos. 516 at 6–7; 518 at 7–8.[1] Thus, as a matter of law, Plaintiff has not pled a necessary element of her claim. ECF Nos. 516 at 10–11; 520 at 9–12. Because no amount of discovery or additional allegations could cure this legal deficiency, the Rule 12(c) standard properly applies. *Cf. Miller*, 169 F.4th at 130.[2]

Nothing in *Miller* suggests otherwise. Rather, the Second Circuit took pains to reaffirm that its holding "does not, of course, mean that the court must assess the factual record if the claim raised in the complaint suffers from a fatal *legal* defect." *Id.* This is true even if "the defendant failed to raise that legal defense at the pleading stage," because a "defendant can raise the legal issue with the plaintiff's complaint at any time, including after discovery." *Id.* at 130–31. "Indeed, in those circumstances, considering only the pleadings [is] 'an exercise of efficiency.'" *Id.* at 129 n.7 (quoting and distinguishing *McCracken v. Verisma Systems, Inc.*, 91 F.4th 600, 609 (2d Cir. 2024)).

Governor Cuomo's motion for partial judgment on the pleadings raises a purely legal defect with Plaintiff's Equal Protection retaliation claim that cannot be cured through any additional allegations or discovery. Accordingly, *Miller* does not require the Court to decide the motion using the summary judgment standard; to the contrary, the Second Circuit's reasoning confirms that the motion should be decided under Rule 12(c).

---

[1] While Plaintiff argues that Governor Cuomo possessed apparent authority to act on behalf of the state through "unofficial channels" and "unofficial influence," ECF No. 518 at 18, no court has found § 1983 liability under such a theory and, indeed, Plaintiff's argument is foreclosed by recent Supreme Court precedent. ECF No. 520 at 10–12 (citing, *inter alia*, *Lindke v. Freed*, 601 U.S. 187 (2024)).

[2] Plaintiff's claim also fails because the statements at issue are reasonable defensive measures, which, as a matter of law, do not constitute retaliation. *See* ECF Nos. 516 at 12–13; 520 at 12–13. As with the state action requirement, no discovery, including Mr. Azzopardi's testimony, has any bearing on this purely legal issue that can be resolved on the basis of the Complaint. *Cf.* ECF No. 518 at 21–22.

Hon. LaShann DeArcy Hall
April 2, 2026
Page 3

Respectfully submitted,

*/s/ Theresa Trzaskoma*

Theresa Trzaskoma