

**Valdi Licul**
vlicul@wigdorlaw.com

April 6, 2026

**VIA ECF**

The Honorable Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

       Re:    Trooper 1 v. Cuomo, *et al.*; Case No. 22-cv-00893 (LDH) (TAM)

Dear Judge Merkl:

We represent the Plaintiff Trooper 1 and write in response to Defendant Andrew Cuomo's April 1, 2026 letter purporting to provide the Court "with an update regarding the status of fact discovery." For the reasons stated below, the Court should strike Cuomo's letter.

This Court has clear rules governing discovery disputes. Parties must first "make a good faith effort to resolve disputes before making any discovery motion." Individual Rules & Practices of U.S. Magistrate Judge Taryn A. Merkl ("Individual Rules") at 3(A). If the parties are unable to come to an agreement, they must "request a conference" by "describ[ing] their dispute in a ***joint letter*** of no more than five pages." Id. (emphasis in original). There is no provision in these rules for a party to unilaterally write to the Court to merely gripe about discovery, and it is certainly inappropriate to unilaterally file such a letter without first sharing it with the opposing party and giving her an opportunity to respond.

Cuomo, however, does not consider himself bound by these rules. As a result, on April 1, he unilaterally wrote to the Court a two-page letter (not a joint letter) expressing his view of how discovery is going. The letter does not request any relief from the Court. It does, however (in typical Cuomo fashion), attack Trooper 1 for allegedly refusing to provide an "updated interrogatory response" and refusing to "collect and produce certain categories of relevant records." According to Cuomo, he is "preparing a joint letter" regarding the interrogatory issue (that is news to Trooper 1, who has not been served with any joint dispute letter) and speculating that it is "possible" that he may have other issues related to document production.[1]

---

[1] This is not the first time Cuomo has employed this tactic in violation of the Court's rules. On September 30, 2025, with less than two hours left before the expiration of the court-ordered discovery deadline, Cuomo filed a letter labeled "Status of Discovery" informing the Court that he was noticing four additional depositions (beyond the 25-deposition limit imposed by the Court) after the close of discovery. Dkt. 443. This Court promptly quashed all but one of Cuomo's deposition subpoenas.





Cuomo's letter also includes significant misstatements. For instance, Trooper 1 updated her interrogatory responses by producing documents, as permitted by Fed. R. Civ. P. 33(d). Similarly, Trooper 1 has not refused to produce relevant documents but, rather, has objected to Cuomo's persistent efforts to fully reopen discovery about Trooper 1's general medical information, which this Court has already deemed inappropriate. And finally, Cuomo is being wholly dishonest regarding production of records concerning the alleged NYSIF providers. Cuomo's letter makes it appear that Trooper 1 refused to discuss these purported providers because she cannot recall seeing them and that only "later" did she agree to provide HIPAA authorizations. Cuomo intentionally omits from his one-sided letter that Trooper 1 served HIPAA authorizations on these providers nearly four months ago and, with a minor exception, these providers had no responsive records. To avoid unnecessary motion practice, Trooper 1 ultimately agreed to permit Cuomo to seek the records a second time.

Regardless, this Court's rules provide Cuomo with a method to raise discovery disputes with the Court. Those rules require that he first raise any issues with Trooper 1 and participate in drafting a joint letter. Ambushing Trooper 1 by cataloguing his grievances in a letter to the Court styled as an "update" is entirely inappropriate.

Accordingly, Trooper 1 respectfully requests that the Court (1) strike Cuomo's April 1 letter and (2) issue an order prohibiting Cuomo from unilaterally filing any further "update" letters.

Respectfully submitted,

Valdi Licul