**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
TROOPER 1,                                      :
                                                :       Case No.: 22 Civ. 00893 (LDH) (TAM)
                  Plaintiff,                     :
                                                :
         v.                                     :
                                                :
NEW YORK STATE POLICE and ANDREW                :
CUOMO,                                          :
                                                :
                  Defendants.                   :
-----------------------------------------------------------X

## PLAINTIFF TROOPER 1'S SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO CONDUCT A RULE 35 EXAMINATION

**WIGDOR LLP**

Valdi Licul
John S. Crain
Katherine Vask

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
vlicul@wigdorlaw.com
jcrain@wigdorlaw.com
kvask@wigdorlaw.com

*Counsel for Plaintiff*

Plaintiff Trooper 1 ("Plaintiff" or "Trooper 1") hereby submits this Sur-Reply in further Support of her Opposition to Defendants' Andrew Cuomo ("Cuomo") and the New York State Police ("NYSP") (together, Defendants) Motion for a Rule 35 Examination.

## I. DR. KLEINMAN'S AFFIDAVIT FURNISHES AMPLE ADDITIONAL PROOF IN SUPPORT OF BARRING OR LIMITING A RULE 35 EXAMINATION

The Declaration of Dr. Stuart B. Kleinman ("Kleinman Decl.') attached to Cuomo's Reply Memorandum of Law ("Reply MOL") foreshadows a renewed fishing expedition into Trooper 1's medical history. It furnishes all the proof the Court needs that Cuomo is seeking not just one examination, but a total mulligan on an out-of-scope discovery theory that the Court has already found disproportionate to the needs of the case. That is, Cuomo wants to restart discovery on a theory that Other Stressors better explain Trooper 1's emotional distress, even though the Court has held that it is too late to restart discovery on this topic. See Trooper 1 v. New York State Police, No. 22 Civ. 893 (LDH) (TAM), 2025 WL 2959061, at *5 (E.D.N.Y. Oct. 17, 2025) (denying depositions of Plaintiff's mother and requests for further medical records). The Court has even explained that there is no "basis to start over with regard to medical discovery." Dec. 5, 2025 Tr. at 135:14-15; see also id. at 81:24-82:3 ("You don't need every text message with every colleague where she was in a bad mood"). Even more fundamentally, Cuomo failed to ask Trooper 1 any questions about Other Stressors despite deposing her twice, and he has therefore already had "ample opportunity to obtain the information by discovery." Fed. R. Civ. Proc. 26(b)(2)(C)(ii). Cuomo has nonetheless hired Dr. Kleinman to force the Court's hand by having him question Trooper 1 about every last detail of her medical and personal history. Unless the Court either bars or at least reasonably defines the scope of a Rule 35 examination, medical discovery in this case will never end.

1

Dr. Kleinman states that he must examine "the presence, nature, and impact of alternative or additional sources of distress Plaintiff has reported or has been described as experiencing." Kleinman Decl. at ¶ 11(a).  He also insists that he must undertake a thorough review of "medical problems whose symptoms overlap with or resemble those also produced by psychiatric conditions; . . . the presence of medical problems which secondarily induce distress as a function of knowledge of infliction with them; and . . . The receipt of treatment for medical problems which may produce or produces effects that resemble those produced by psychiatric conditions." Id. at ¶ 14(b).  Dr. Kleinman further states that he will gather "[a] trauma history, including investigation of exposure to and the impact of known and suggested traumas which an evaluee has experienced, and of exposure to and the impact of traumas which commonly occur during childhood and adulthood; . . . [and] An investigation of exposure to and the impact of contemporary stressors other than alleged conduct which is a component of the litigation" Id. at ¶¶ 14(c),(g).

As an analogy to illustrate the need for his examination, Dr. Kleinman explains,

> Preventing, for example, a cardiologist from asking about such symptoms as jaw pain and stomach queasiness would potentially significantly interfere with her or his detection of the presence or appreciation of the nature of an individual's cardiac dysfunction. Preventing, for example, a neurologist from asking about such seemingly non-relevant phenomena as eye tearing and muscle weakness would potentially significantly interfere with her or his ability to correctly diagnose an individual's headaches. Similarly, preventing a forensic psychiatrist from: (i) taking a complete trauma history, including investigating exposure to all commonly occurring types of trauma and any types of trauma and any types of trauma an evaluee suffered during her or his earlier years, (ii) exploring manifestations of disturbances of mood and/or anxiety throughout an evaluee's life, or (iii) investigating the presence and impact of contemporary life stressors other than alleged conduct which is a subject of an evaluee's litigation, would potentially produce substantial misunderstanding of the nature and/or origins of an evaluee's distress. Investigating these aspects of an evaluee's

2

> life constitutes standard and centrally important elements of psychiatric and forensic psychiatric evaluation.

Id. at ¶ 16. But these are all brand new topics for fact discovery, and whether any of them will matter to an Other Stressors theory is speculative because Cuomo failed to ask Trooper 1 any questions about these topics during two depositions.[1] There is no doubt that Cuomo is both trying "to start over with regard to medical discovery," Dec. 5, 2025 Tr. at 135:14-15, and trying to obtain every last piece of evidence that might show Trooper 1 was ever in a "bad mood," id. at at 81:24-82:3, exactly as the Court instructed him not to do.

Moreover, it is abundantly clear that the examination is a Trojan Horse for further discovery. Dr. Kleinman will question Trooper 1 about every shred of her entire lifelong medical history. He will then tell the Court that his examination gave him interesting leads, but that he does not have enough documentation to draw conclusions about Other Stressors, and so there must be further document discovery followed by a further examination. The Court can see through this transparent end run.

The Court should end Cuomo's belated attempt to rerun discovery and deny the Rule 35 examination. At a minimum, it should curtail its length to four hours, to force Dr. Kleinman to address Trooper 1's PTSD diagnosis rather than expand discovery into new areas.

## **CONCLUSION**

For the foregoing reasons, the Court should protect the integrity of its prior discovery rulings and deny Cuomo's attempt to restart discovery through the backdoor of a Rule 35 examination.

---

[1] The likely reason for this oversight is that Cuomo's pet defense theory at Trooper 1's depositions was the Praetorian Conspiracy of New York State Police troopers against him. His Other Stressors theory only became important as the final deadline for discovery once more loomed, at which time he began casting about for an argument that would allow him to draw out discovery even further.

Dated: February 25, 2026
New York, New York

**WIGDOR LLP**

By: _____
     Valdi Licul
     John S. Crain
     Katherine Vask

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
vlicul@wigdorlaw.com
jcrain@wigdorlaw.com
kvask@wigdorlaw.com

*Counsel for Plaintiff Trooper 1*

## CERTIFICATE OF COMPLIANCE

I Valdi Licul, an attorney duly admitted to practice law before the Eastern District of New York, hereby certify that this document, the memorandum of law, complies with the word count limit set forth in Local Civil Rule 7.1(c) because it contains 1,018 words, excluding the parts of the memorandum of law exempted by the rule. In preparing this certification, I have relied on the word count of the word-processing system used to prepare this memorandum of law.

Dated: February 25, 2026
New York, New York

_____
Valdi Licul