UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------X

TROOPER 1,

                Plaintiff,

        -against-

NEW YORK STATE POLICE and
ANDREW CUOMO,

                Defendants.
--------------------------------------------------------X

**MEMORANDUM
AND ORDER**
22-CV-893 (LDH) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

On December 8, 2025, this Court issued an order granting in part and denying in

part Defendant Cuomo's motions for leave to file documents under seal, filed at ECF

453, 455, and 456. *See* Dec. 8, 2025 ECF Order (the "Sealing Order"). On December 16,

2025, Plaintiff filed a motion for reconsideration of the Sealing Order, requesting that

the Court approve Plaintiff's proposed redactions in full. *See* Pl. Mot. for Recons., ECF

497; Pl. Mem. in Supp. of Recons. ("Mem."), ECF 498. The disputed documents that are

the subject of the instant motion include Defendant Cuomo's appeal and motion for

reconsideration of the Court's October 17, 2025 Order deeming discovery effectively

closed (the "Discovery Order"),[1] as well as a supporting exhibit. *See* Mots. for Leave to

File Under Seal, ECF 453, 455; Appeal of Disc. Order ("Appeal"), ECF 453-1; Mem. in

Supp. of Recons., ECF 455-1; Kleinman Decl., ECF 456-2; *see generally Trooper 1 v. New*

---

[1] The Discovery Order left discovery open as to certain narrow exceptions, and a later
ruling temporarily extended fact discovery as to certain other outstanding issues. *See Trooper 1
v. New York State Police*, No. 22-CV-893 (LDH) (TAM), 2025 WL 2959061 (E.D.N.Y. Oct. 17, 2025);
*see also* Dec. 5, 2025 ECF Min. Entry & Order.

*York State Police*, No. 22-CV-893 (LDH) (TAM), 2025 WL 2959061 (E.D.N.Y. Oct. 17, 2025).

For the reasons set forth below, the Court grants Plaintiff's motion in part and denies it in part.

**DISCUSSION**

To prevail on a motion for reconsideration, the moving party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation marks omitted).

Plaintiff argues, first, that the Court overlooked the fact that the motion practice that Defendant Cuomo sought to file under seal was related to a discovery dispute, and thus erroneously classified those motions as "judicial documents." Mem., ECF 498, at 1, 2. Second, Plaintiff argues that the Court overlooked precedent "holding that documents do not deserve a presumption of judicial access where they are irrelevant to the adjudication in question." *Id.* at 2 (citing *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 621 F. Supp. 2d 55, 71 (S.D.N.Y. 2007)).

When reviewing a motion to seal, courts consider three factors: (1) whether the document is a "judicial document"; (2) "the weight of the presumption of access to that document"; and (3) whether "the factors that legitimately counsel against disclosure of the judicial document" outweigh the presumption of access. *Mirlis v. Greer*, 952 F.3d 51,

59 (2d Cir. 2020) (quotation marks omitted). Whether a filing is a judicial document depends "on whether it could have a tendency to influence the court in the exercise of its Article III powers." *Giuffre v. Maxwell*, 146 F.4th 165, 178 (2d Cir. 2025). Unlike the question of whether a document is a judicial document, which is a "binary decision," *id.*, the weight accorded to the presumption of access falls along a continuum, depending on the document's "role in 'determining litigants' substantive rights,'" *Mirlis*, 952 F.3d at 60 (quoting *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1049 (2d Cir. 1995)). The presumption does not apply to "[d]ocuments that play no role in the performance of Article III functions, such as those passed between the parties in discovery," in contrast to "a motion filed by a party seeking action by the court." *Amodeo II*, 71 F.3d at 1050 (quotation marks omitted). As relevant here, factors that "counsel against disclosure of the judicial document" include whether the document contains sensitive medical information that might implicate a party's privacy interest. *Mirlis*, 952 F.3d at 59; *see Robinson v. De Niro*, No. 19-CV-9156 (LJL) (KHP), 2022 WL 2712827, at *2 (S.D.N.Y. July 13, 2022). However, a plaintiff who brings a lawsuit where her medical history is at issue has a diminished privacy interest in records relevant to the resolution of her claims. *See Crawford v. Manion*, No. 96-CV-1236 (MBM), 1997 WL 148066, at *2 (S.D.N.Y. Mar. 31, 1997) (collecting cases).

Here, the Court properly found that the documents at issue were judicial documents. The filings sought a determination of the parties' substantive rights: namely, whether the Discovery Order was wrong. *See Giuffre*, 146 F.4th at 178. These were not documents "passed between the parties in discovery" that "play[ed] no role in the performance of Article III functions." *Amodeo II*, 71 F.3d at 1050. Rather, they "reasonably [had] the tendency to influence a district court's ruling on a motion or in

the exercise of its supervisory powers."[2] *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (emphasis omitted); *see, e.g., Oakley v. MSG Networks, Inc.*, No. 17-CV-6903 (RJS), 2024 WL 4859024, at *2, *6 (S.D.N.Y. Nov. 21, 2024) (finding that exhibits in support of a motion for reconsideration on an order permitting a deposition were judicial documents). The proposed redactions the Court did not order sealed in Defendant's appeal, reconsideration motion, and supporting declaration are relevant to the judicial function because they elaborate the basis for Defendant Cuomo's position that discovery should be reopened.[3] This argument is plainly relevant to the Court's determination of whether reconsideration was warranted, even though the Court ultimately found that it was not; the Court also anticipates that the redactions in these documents could "reasonably have the tendency to influence" the Honorable LaShann DeArcy Hall's determination of Defendant Cuomo's appeal, regardless of whether they

---

[2] Plaintiff's argument that these documents were not relevant to Defendant Cuomo's failed arguments because the Court's December 8, 2025 order denied reconsideration on procedural grounds is misplaced. *See* Mem., ECF 498, at 2 (arguing that "the Court overlooked Second Circuit law holding that documents do not deserve a presumption of judicial access where they are irrelevant to the adjudication in question"). In evaluating the public right of access, it is irrelevant on what grounds the Court ultimately decided the reconsideration motion; filings are judicial documents when they "reasonably have the *tendency* to influence a district court's ruling . . . without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (emphasis in original).

[3] *See, e.g.*, Appeal, ECF 453-1, at 1, 2–3 (arguing that the "extraordinary nature" of Plaintiff's claimed symptoms constitutes "good cause" to reopen discovery to depose two independent medical examiners and Plaintiff's mother); Mem. in Supp. of Recons., ECF 455-1, at 2 (arguing that the availability of new evidence — treatment records produced by the New York State Insurance Fund — warrants reconsideration), 6–7 (arguing that the Court's determination that deposing the additional examiners would be cumulative overlooked the fact that their reports come to different conclusions regarding Plaintiff's mental health), 8–9 (arguing that a deposition of Plaintiff's mother would be relevant to whether Plaintiff had alternative sources of emotional distress).

"ultimately in fact influence[] the court's decision." *Brown*, 929 F.3d at 49 (emphasis omitted).

The Court also properly balanced the weight of the presumption against countervailing factors that favor sealing. Most of Plaintiff's proposed redactions encompass truly sensitive medical information, which were not essential to the judicial function and which courts routinely file under seal. *Robinson*, 2022 WL 2712827, at *2; *see Amodeo II*, 71 F.3d at 1050 (noting that documents that "play only a negligible role in the performance of Article III duties" are entitled to "little more than a prediction of public access").

Some of Plaintiff's proposed redactions, however, bear more directly on the judicial function in that they go to the heart of the issues in dispute — *e.g.*, Defendant Cuomo's arguments that because the three independent medical examiners ("IMEs") came to different conclusions, depositions of the IMEs would not be "needlessly cumulative," and that a deposition of Plaintiff's mother is warranted because "Plaintiff is not a reliable narrator" of her emotional state. Mem. in Supp. of Recons., ECF 455-1, at 6–7, 8. In deciding Defendant's motion for reconsideration of the Discovery Order, the Court had to assess whether these arguments, and their supporting facts, had merit. Accordingly, because this information played a significant role in the judicial function, the presumption of public access to it was given greater weight. The Court also considered and rejected the argument that these redactions covered truly sensitive medical information, such that countervailing factors outweighed the presumption of access. For example, as to the IME issue, the proposed redactions reveal no specific details about Plaintiff's medical history. *See* Appeal, 453-1, at 2; Mem. in Supp. of Recons., ECF 455-1, at 6–7. Likewise, while the Court is sympathetic to Plaintiff's privacy interest in her intimate relationships, because Plaintiff has put her emotional

5

wellbeing at issue in this case, her privacy interest in information that could bear upon her claims — which includes potential alternative sources of stress — is diminished. *Crawford*, 1997 WL 148066, at *2 (collecting cases). Plaintiff has not demonstrated that these proposed redactions, specifically, are "essential" to preserve her privacy interests and are "narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quotation marks omitted).

Inasmuch as Plaintiff has not demonstrated that the Court overlooked "controlling decisions or data" that "might reasonably be expected to alter" its conclusion, Plaintiff's motion for reconsideration is denied. *Shrader*, 70 F.3d at 257. However, to the extent that the text of the Sealing Order is inconsistent with the above analysis, or could be interpreted ambiguously, Plaintiff's motion for reconsideration is granted to clarify what may be sealed, in order to avoid any error. *See Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255. The Court directs Plaintiff to re-file the public, redacted documents at ECF 453, 455, and 456-2 in accordance with the determinations below:

In Defendants' Appeal, ECF 453-1, and corresponding Motion to Seal, ECF 453:

- All of the proposed redactions on page 1 of ECF 453-1, and the corresponding text in ECF 453, are **approved** because they contain sensitive medical information of the kind commonly filed under seal; and
- The proposed redactions on page 2 of ECF 453-1, and the corresponding text in ECF 453, are **approved only** as to words indicating sensitive medical information. That is, Plaintiff may redact the **two words** following the clause "regarding her claims of . . ." in the first proposed redaction on that page, and the **last three words** of the sentence beginning, "These three independent medical examiners . . . ." The remainder of the proposed redactions are **denied** because they do not relay any sensitive medical information. Plaintiff may not redact the remainder of the sentence beginning, "These three independent medical examiners . . . ," or any portion of the paragraph on page 2 beginning, "Second, Judge Merkl erred . . . ."

In Defendant's Memorandum in Support of Reconsideration, ECF 455-1, and corresponding Motion to Seal, ECF 455:

- The proposed redactions on page 2 of ECF 455-1 are **approved** because they contain sensitive medical information of the kind commonly filed under seal;
- The proposed redactions on pages 6–7 of ECF 455-1 are **approved only** as to words indicating sensitive medical information. That is, Plaintiff may redact the **thirtieth, thirty-first, and thirty-third words** in the sentence beginning, "That conclusion, however . . . ," as well as the **third word** in the parenthetical clause at the end of that sentence; and
- The proposed redactions on pages 8–9 of ECF 455-1 are **approved only** as to words indicating sensitive medical information; *i.e.*, the **two words** before "based on a workplace incident" may be sealed.

In the Kleinman Declaration, ECF 456-2:

- The proposed redactions in paragraphs 14 and 15(a) are **approved** because they contain sensitive medical information of the kind commonly filed under seal;
- The proposed redactions in the first and second subparagraphs of paragraph 15(b) are **denied**, as these redactions do not reveal any confidential medical information of any person;
- The proposed redactions in the third subparagraph of paragraph 15(b) are **approved** as sensitive medical information;
- The proposed redactions in the bolded subheading and first and second subparagraphs of paragraph 15(d) are **approved** as sensitive medical information;
- The first proposed redaction in the third subparagraph of paragraph 15(d) (in the sentence beginning, "The records I have . . .") is **approved** as sensitive medical information. The second proposed redaction in this same subparagraph (in the sentence beginning, "I do not . . .") is **denied** because it does not reveal any confidential medical information; and
- In paragraph 15(e), the proposed redactions are **approved**, **except** as to the **third sentence** of paragraph 15(e), which does not reveal any confidential medical information.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration is granted in part and denied in part.[4] The parties are directed to publicly file Defendant Cuomo's Motion to Seal, ECF 453; Appeal, ECF 453-1; Motion to Seal, ECF 455; Memorandum in Support of Reconsideration, ECF 455-1; and Kleinman Declaration, ECF 456-2, with the redactions approved above. <u>Counsel should not re-file the documents that have already been filed under seal.</u> To aid the parties and the Court, when filing the unsealed, redacted versions of the documents, the parties are directed to make clear in the docket text which publicly filed, redacted document relates to which sealed document, and the original ECF number for the sealed document when it was first filed. When filing exhibits, counsel must indicate the original ECF number in the description of the document.

**SO ORDERED.**

Dated:  Brooklyn, New York
         May 19, 2026

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

---

[4] To the extent that Plaintiff's motion requested a temporary stay of the Sealing Order to allow the Court to adjudicate this issue, that aspect of the motion is granted, *nunc pro tunc*. *See* Mem., ECF 498, at 4.